UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>      Defendants. | Case No. 1:22-cv-00187 |

**DEFENDANTS ROBERT ALIN PILKINGTON AND MISOOK KIM'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IMPROPER VENUE OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE TO THE <u>CENTRAL DISTRICT OF CALIFORNIA</u>[1]**

                LOCKE LORD LLP
                Joseph N. Froehlich
                Brookfield Place,
                200 Vesey Street, 20th Floor
                New York, NY  10281-2101
                212-415-8600

                Mitchell J. Popham (admitted *pro hac vice*)
                Rory S. Miller (admitted *pro hac vice*)
                William C. Mullen (admitted *pro hac vice*)
                300 S. Grand Ave., Suite 2600
                Los Angeles, CA 90071
                213-485-1500

                *Attorneys for Defendants*
                *Alin Pilkington and Misook Kim*

---

[1] Mr. Pilkington and Ms. Kim hereby join and adopt the arguments made by Skyryse in its own motion to dismiss, or alternatively, to transfer venue, based on lack of personal jurisdiction and improper venue.

1

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ……………………………………………………………… 1

II. THIS COURT LACKS PERSONAL JURIDICTION OVER THE
INDIVIDUAL DEFENDANTS …………………………………………………….. 2

III. THE WESTERN DISTRICT OF NEW YORK IS AN IMPROPER VENUE
FOR THIS ACTION ……………………………………………………………… 6

    A. This Case Could (and Should) Have been Brought in the Central
District of California ……………………………………………………….6

    B. Venue is Improper in the Western District of New York ………………….7

    C. Dismissal or Transfer for Improper Venue is Mandatory ………………….8

    D. Even Were This Court a Proper Venue, the Case Should Still Be
Transferred for the Convenience of the Parties …………………………….10

IV. CONCLUSION ……………………………………………………………. 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Asahi Metal Indus. Co. v. Sup. Ct.*,
   480 U.S. 102 (1987)...................................................................................................4

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)...................................................................................................4

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018).........................................................................................2

*Chloe v. Queen Bee of Beverly Hills, LLC*,
   616 F.3d 158 (2d. Cir. 2010)......................................................................................2

*City of Long Beach v. Total Gas & Power N. Am., Inc.*,
   465 F. Supp. 3d 416 (S.D.N.Y. 2020)........................................................................2

*Dubin v. United States*,
   380 F.2d 813 (5th Cir. 1967) .....................................................................................9

*FS Photo, Inc. v. PictureVision, Inc.*,
   48 F. Supp. 2d 442 (D. Del. 1999).............................................................................6

*Gulf Ins. Co. v. Glasbrenner*,
   417 F.3d 353 (2d Cir. 2005).......................................................................................8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)...................................................................................................3

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)...................................................................................................3

*Leroy v. Great Western United Corp.*,
   443 U.S. 173 (1979)...................................................................................................6

*MacDermid, Inc. v. Deiter*,
   702 F.3d 725 (2d Cir. 2012).......................................................................................2

*Minnette v. Time Warner*,
   997 F.2d 1023 (2d Cir. 1993).....................................................................................9

*Nichols v. G.D. Searle & Co.*,
   991 F.2d 1195 (4th Cir. 1993) ...................................................................................9

*Spar, Inc. v. Information Resources, Inc.*,
 956 F.2d 392 (2d. Cir. 1992)..................................................................................................9

*Stanifer v. Brannan*,
 564 F.3d 455 (6th Cir. 2009) ...........................................................................................9, 10

*Sunward Elecs., Inc. v. McDonald*,
 362 F.3d 17 (2d Cir. 2004).......................................................................................................2

*United States ex rel. Rudick v. Laird*,
 412 F.2d 16 (2d Cir. 1969).......................................................................................................6

**State Statutes**

Cal. Lab. Code §§ 432 & 1198.5 ...............................................................................................1

**Federal Statutes**

28 U.S.C. § 1391(b)(1) ...............................................................................................................6

28 U.S.C. § 1391(b)(2) ...............................................................................................................7

28 U.S.C. § 1391(b)(3) ...............................................................................................................7

28 U.S.C. § 1391(c)(1)................................................................................................................6

28 U.S.C. § 1391(c)(2)................................................................................................................7

28 U.S.C. § 1404(a) ..................................................................................................................10

28 U.S.C. § 1406(a) ..........................................................................................................8, 9, 10

## I. INTRODUCTION

Moog filed this suit in the Western District of New York, against Skyryse, a company headquartered in and operating out of Southern California, as well as against Alin Pilkington and Misook Kim, two former Moog employees who not only are longstanding residents in Southern California, but whose entire affiliation with Moog was in Moog's Southern California facilities. By Moog's own allegations in the Complaint, each and every supposed act by Skyryse, Mr. Pilkington, or Ms. Kim occurred in Southern California.

Moog should *never* have brought its claims before this Court. The Complaint's allegations regarding personal jurisdiction (Dkt. No. 1 at ¶ 18) and venue (Dkt. No. 1 at ¶ 19) are so vague and non-specific that it appears that Moog itself knows that it has selected this Court not out of any actual belief that it has personal jurisdiction over any of the defendants (and not, especially, over either Mr. Pilkington or Ms. Kim), or that venue is actually proper in the Western District of New York, but simply out of a desire to burden a competitor and individual defendants with litigation on the far side of the country while forum-shopping for an advantage as Moog is headquartered just outside Buffalo, New York, where this Court sits.

The Court should not indulge Moog's litigation tactics, nor should it violate fundamental fairness and due process rights of the defendants by permitting this action to proceed in the Western District of New York—a court that lacks personal jurisdiction over both Mr. Pilkington and Ms. Kim, and in which venue for this dispute is utterly inappropriate. The Court should dismiss Moog's complaint or, at a minimum, order the entirety of the matter transferred to the United States District Court for the Central District of California.[2]

---

[2] Mr. Pilkington and Ms. Kim note that, as of the date of this filing, Moog has not yet turned over their employee files, including any employment agreements ever entered into by either individual with Moog—information that they are statutorily entitled to receive under Cal. Lab. Code §§ 432 & 1198.5. As such, neither Mr. Pilkington nor Ms. Kim are aware whether there

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER THE INDIVIDUAL DEFENDANTS

Moog bears the burden of demonstrating that this Court has personal jurisdiction over both Mr. Pilkington and Ms. Kim. *See, e.g., MacDermid, Inc. v. Deiter,* 702 F.3d 725, 727-28 (2d Cir. 2012). Moreover, Moog "must establish the court's jurisdiction with respect to ***each*** claim asserted." *Sunward Elecs., Inc. v. McDonald,* 362 F.3d 17, 24 (2d Cir. 2004) (emphasis in original).

The personal jurisdiction inquiry then consists of two steps: (1) that the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) that the exercise of the court's jurisdiction comports with the U.S. Constitution's Due Process Clause. *See, e.g., Chloe v. Queen Bee of Beverly Hills, LLC,* 616 F.3d 158, 163-64 (2d. Cir. 2010). Unless Moog establishes both of these steps independently as to each defendant and as to each of Moog's claims, the claim must be dismissed. *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 432-39 (S.D.N.Y. 2020) (motion to dismiss by two of the defendants granted because the District Court lacked personal jurisdiction with respect to each of the claims alleged against them); *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 83-84 (2d Cir. 2018) (personal jurisdiction did not lie against any defendant with respect to plaintiff's fraud claims premised on false submissions in London because they did not constitute contacts with California).

In order to prove that this Court has personal jurisdiction over Mr. Pilkington and Ms. Kim, Moog must demonstrate that the exercise of the Court's power over the defendants comports with the Due Process Clause. This analysis also has two parts: (1) an inquiry as to

---

are any arbitration agreements that might cover this dispute. Assertions that venue is proper in the Central District of California are not a concession that this matter properly belongs in a court as opposed to arbitration.

2

whether there are "sufficient minimum contacts" and (2) whether the exercise of jurisdiction would be reasonable and "comport[] with traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Under the "minimum contacts" inquiry, personal jurisdiction can be either "specific" or "general." Specific personal jurisdiction is where "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum," while general personal jurisdiction exists where a defendant's contacts with the forum state are so pervasive as to allow even suits unrelated to the contacts themselves to be brought in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8-9 (1984).

Moog does not assert that this Court has general personal jurisdiction over Mr. Pilkington or Ms. Kim, only that it has specific personal jurisdiction. *See* Dkt. No. 1 at ¶ 18 (alleging personal jurisdiction stemming from the complained-of conduct in or affecting New York state).

The alleged conduct underlying Moog's claims is the supposed misappropriation of trade secrets by Mr. Pilkington and Ms. Kim and the supposed transfer of that information to Skyryse. That supposed misappropriation underlies each and every cause of action alleged against the individual defendants.[3]

What are the material allegations in furtherance of those claims? That Ms. Kim "downloaded Moog data from her home" (Dkt. No. 1 at ¶ 114) in California. That Ms. Kim used a hard drive, located in California and returned to Moog in California, in the process of allegedly copying Moog's trade secrets. Dkt. No. 4-23 at ¶ 5. That, according to Moog's "information and belief," Ms. Kim did all of this "under [Mr.] Pilkington's instruction" and that Mr. Pilkington, himself located in California, delivered this information to Skyryse, also located in

---

[3] Counts V and VII of the Complaint are alleged against Skyryse only.

California. Dkt. No. 1 at ¶ 172; *see also, e.g.,* ¶¶ 189, 198, 204. And, last but not least, that Mr. Pilkington and Ms. Kim breached the Moog employee handbook governing their conduct at Moog's California facility and which was signed by them in California. Mr. Pilkington Declaration, ¶ 5; Ms. Kim Declaration, ¶ 5.[4]

Nothing in these allegations establishes *any* contacts with New York State, let alone sufficient minimum contacts to establish personal jurisdiction, by either Mr. Pilkington or Ms. Kim.

Just as it fails the "sufficient minimum contacts" analysis, Moog's suit fails the "reasonableness" test, which looks to factors such as (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining effective relief; (4) the judicial system's interest in efficient resolution of the controversy; and (5) the shared interests of the states in furthering substantive social policies. *Asahi Metal Indus. Co. v. Sup. Ct.,* 480 U.S. 102, 113-14 (1987). Even where a plaintiff has demonstrated sufficient minimum contacts, personal jurisdiction remains inappropriate where there is "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985).

Here, the burden of litigating in the Western District of New York falls heavily on both Mr. Pilkington and Ms. Kim. Both are individuals and California residents (Mr. Pilkington Declaration, ¶ 2; Ms. Kim Declaration, ¶ 2); any travel to New York for litigation purposes

---

[4] Moog also asserts a breach of contract against Ms. Kim in connection with an exit interview form (*see* Dkt. No. 1 at ¶¶ 236-238). Setting aside that the exit form is ***not*** a contract as there is no consideration by Moog, as with the Moog employee handbook, Ms. Kim signed the document in California regarding her work at Moog's California facility. Ms. Kim Declaration, ¶ 6.

4

would necessarily consume nearly a full day of travel time and expenses including airfare, lodging, and the like. Witnesses and evidence, almost all located in California, would need to be transported across the continent for trial, to the extent that the Court even has the authority to compel California-resident witnesses to appear at trial. Even if the Court ultimately could, the complexities required to do so are far less efficient than they would be had Moog brought suit in a court that actually had personal jurisdiction over Mr. Pilkington and Ms. Kim.

Nor can Moog claim that its interests in obtaining effective relief somehow justify its suit before this Court; any remedies Moog could seek from Mr. Pilkington and Ms. Kim are equally available to it from courts that actually have personal jurisdiction over both of them—the Central District of California, for example, is a fellow United States District Court, with coextensive powers and authorities to impose remedies as this Court. If anything, Moog would receive ***more effective*** relief from that other court—as discussed below in connection with venue, litigation in the Central District of California is far superior in terms of access to witnesses and evidence.

The other two factors—the degree of interest the forum state has in adjudicating the outcome and the extent to which the exercise of jurisdiction advance substantive social policies—are, even when viewed in the light most favorable to Moog, not sufficient to overcome the massive and unfair burden that forcing two California residents to litigate in the Western District of New York poses. Indeed, it is unclear what special interest New York state has in having Moog's trade secrets claims adjudicated in a federal court within its borders, given that Moog's alleged trade secrets are equally protected under the federal Defend Trade Secrets Act and appear, based on the allegations in the Complaint, to have been developed in whole or large part not in New York, but rather in California.

5

### III. THE WESTERN DISTRICT OF NEW YORK IS AN IMPROPER VENUE FOR THIS ACTION

Venue is a separate and independent requirement from personal jurisdiction and the failure of either requirement precludes a court from hearing a case. *See, e.g., United States ex rel. Rudick v. Laird,* 412 F.2d 16, 20 (2d Cir. 1969) ("The concepts of personal jurisdiction and venue are closely related but nonetheless distinct"); *FS Photo, Inc. v. PictureVision, Inc.,* 48 F. Supp. 2d 442, 444 (D. Del. 1999). Of these two independent requirements, courts are generally to resolve questions regarding personal jurisdiction ***before*** addressing whether a plaintiff has brought suit in the proper venue. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."). Thus, if the Court concludes that it lacks personal jurisdiction over Mr. Pilkington and Ms. Kim, it need not proceed to a venue analysis.

Should the Court wish to conduct such an analysis, however, it will end at the same conclusion: Moog's action is not proper in this Court and should be dismissed or transferred.

### A. This Case Could (and Should) Have been Brought in the Central District of California

Venue is so natural in the Central District of California that it does not require the convoluted and vague allegations that Moog's complaint attempts to rely upon. 28 U.S.C. § 1391(b)(1) provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." This is easily met here: Both Mr. Pilkington and Ms. Kim are not only California residents, but both reside within the Central District of California under the definition in 28 U.S.C. § 1391(c)(1). Mr. Pilkington Declaration, ¶ 2; Ms. Kim Declaration, ¶ 2; *see also* Dkt. No. 1 at ¶¶ 12-13. Skyryse is also a resident of the Central District of California for venue purposes, as it maintains its principal

6

place of business within that District and is otherwise subject to the personal jurisdiction of the Central District of California. 28 U.S.C. § 1391(c)(2); *see also* Dkt. No. 1 at ¶ 11.

The Court need not delve into any § 1391(b)(2) questions regarding whether a "substantial part of the events or omissions giving rise to the claim occurred," although that, again, indisputably establishes venue in the Central District of California—at all times alleged in the Complaint, both Mr. Pilkington and Ms. Kim were located and acting within the Central District of California. Mr. Pilkington Declaration, ¶ 3; Ms. Kim Declaration, ¶ 3.

**B.      Venue is Improper in the Western District of New York**

To establish venue, Moog's Complaint relies upon 28 U.S.C. § 1391(b)(2), which permits a civil action to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Unhelpfully, however, the Complaint fails to explain this position, stating only that "as alleged below, a substantial part of the events giving rise to Moog's claims occurred in this district and/or the Defendants are subject to the Court's personal jurisdiction in this district with respect to this action." Dkt. No. 1 at ¶ 19.

The second half of Moog's assertion is simply wrong: Personal jurisdiction does ***not*** confer venue ***unless*** "there is no district in which an action may otherwise be brought," 28 U.S.C. § 1391(b)(3), and, as explained in the prior section, there is at least one such district: the Central District of California.

Nor do the unidentified and unspecified "events giving rise to Moog's claims" demonstrate any nexus to the Western District of New York. The Second Circuit has warned district courts "to take seriously the adjective 'substantial'" and to "construe the venue statute strictly." *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005) (citing *Olberding v. Illinois Cent. R.R.,* 346 U.S. 338, 340 (1953)). In making this warning, the Second Circuit

7

further explained that "for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question. . . It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." *Gulf Ins. Co.,* 417 F.3d at 357 (emphasis in original).

Turning to Moog's claims against Mr. Pilkington and Ms. Kim, it is clear that Moog cannot identify *significant* events *material* to its claims that transpired in the Western District of New York. As the Second Circuit noted in *Gulf Insurance*, the required contacts with the venue are greater than the minimum contacts required for personal jurisdiction, and, as described above, Moog has failed to make even that lesser showing.

Worse, even were the Court to credit Moog's vague allegations regarding Mr. Pilkington or Ms. Kim's contacts with New York state generally, venue requires that those contacts occur within the specific judicial district where suit is brought. ***Nothing*** in Moog's Complaint demonstrates ***any*** conduct, material or otherwise, by either Mr. Pilkington or Ms. Kim that occurred within the Western District of New York; all of Moog's allegations regarding activities in New York focus on ***Moog's*** activities, rather than on any acts taken by either Mr. Pilkington or Ms. Kim. Moog has woefully failed to carry its burden of demonstrating that venue is proper before this Court. The reason is simple: venue is not proper in the Western District of New York.

C.     **Dismissal or Transfer for Improper Venue is Mandatory**

28 U.S.C. § 1406(a) is clear: where venue is defective, an action ***must*** be dismissed unless it is "in the interest of justice" to transfer the case to an appropriate District Court.

Although, as a general matter, courts will find that the "interests of justice" recommend transfer over dismissal, *Minnette v. Time Warner,* 997 F.2d 1023, 1026-27 (2d Cir. 1993), the

8

"interests of justice" does not extend so far as to be a mere convenience to a plaintiff, even if a dismissal rather than transfer would result in the plaintiff's claims being time-barred. *Spar, Inc. v. Information Resources, Inc.,* 956 F.2d 392, 394-95 (2d. Cir. 1992) (refusing transfer of a case where statute of limitations had run).

This is especially true where the plaintiff bears some culpability, such as delay in bringing a claim as in *Spar,* or where the plaintiff "knowingly files a case in the wrong district." *Dubin v. United States,* 380 F.2d 813, 816 n. 5 (5th Cir. 1967) (quoted with approval at *Spar,* 956 F.2d at 394). This is because "[t]he interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing . . . in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system" to obtain a transfer. *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir. 1993); *see also, e.g., Stanifer v. Brannan,* 564 F.3d 455, 460 (6th Cir. 2009) ("[D]istrict courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and [the court decides] that similar conduct should be discouraged." (quoting Wright & Miller, *Federal Practice and Procedure* (3d ed. 1998) § 3827) (alterations in *Stanifer*).

Moog's litigation conduct is ***exactly*** the sort of conduct that should not be rewarded with a transfer, as opposed to a dismissal. As described above, venue is so plainly improper in the Western District of New York, and so plainly proper in the Central District of California, that Moog's forum shopping forced the individual defendants to spend the time, money and effort to prepare this motion, as well as burdened the Court with addressing these same issues. As the *Stanifer* court observed, these venue problems "reasonably could have [been] foreseen" and the

9

costs associated with correcting them avoided. Moog chose otherwise; it should not benefit from the Court's indulgence with a transfer rather than a dismissal under 28 U.S.C. § 1406(a).

### D. Even Were This Court a Proper Venue, the Case Should Still Be Transferred for the Convenience of the Parties

Beyond the mandatory dismissal for improper venue under § 1406(a), this Court also has the discretion to order a change of venue "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). The Court should do exactly that with this case, even if it concludes that Moog has somehow adequately demonstrated that the matter could be venued in the Western District of New York. All, or nearly all, of the relevant witnesses (both party and non-party) are in the Central District of California. All, or nearly all, of the evidence is in the Central District of California. All, or nearly all, of the relevant conduct occurred in the Central District of California. All parties reside in or maintain a substantial business presence in the Central District of California. Forcing all of these individuals and materials to cross the continent to litigate in the Western District of New York is neither convenient nor in the interests of justice.

## IV. CONCLUSION

Moog should never have attempted to sue Mr. Pilkington or Ms. Kim before this Court. Not only does the Court lack personal jurisdiction over both of these individuals, but the venue is so obviously inappropriate for the claims Moog has made as to belie any claim that the case was brought in the Western District of New York in good faith. The convenience of the parties, the interests of justice, the United States Code, and, indeed, the Due Process Clause of the United States all point to the impropriety of this Court as a forum for the present dispute.

The Court should dismiss the action for lack of personal jurisdiction. Failing that, the Court should order the matter transferred to the Central District of California—where both Moog

and Skyryse conduct business, where both Mr. Pilkington and Ms. Kim live and have lived and worked both before and throughout their employment with Moog, and where all of the acts alleged in Moog's complaint actually took place.

Dated:   New York, New York
         March 29, 2022

                                          /s/ *Joseph N. Froehlich*

                                          Joseph N. Froehlich
                                          LOCKE LORD LLP
                                          Attorneys for Defendants
                                          Brookfield Place, 200 Vesey Street
                                          20th Floor
                                          New York, NY  10281-2101
                                          212-415-8600

                                          Mitchell J. Popham (admitted *pro hac vice*)
                                          Rory S. Miller (admitted *pro hac vice*)
                                          William C. Mullen (admitted *pro hac vice*)
                                          LOCKE LORD LLP
                                          Attorneys for Defendants
                                          300 S. Grand Ave., Suite 2600
                                          Los Angeles, CA 90071
                                          213-485-1500