# EXHIBIT K

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOOG INC.,

                            Plaintiff,

v.

SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,

                            Defendants.

Case No.: 1:22-cv-00187

---

## MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO SKYRYSE, INC.

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the March 17, 2022 Stipulation and Order Re: Expedited Discovery (ECF 33), plaintiff Moog Inc. ("Moog") requests that defendant Skyryse, Inc. ("Skyryse") serve a written response to these requests on Moog's attorneys and produce the following documents and things, in accordance with the following definitions and instructions, at the offices of Sheppard, Mullin, Richter & Hampton LLP, 30 Rockefeller Plaza New York, New York 10112, within twenty-one days of service of these requests.

### Definitions

1. "Communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. "Document" or "documents" is defined to encompass at least the scope of Federal Rule of Civil Procedure 34(a), and includes, without limitation, electronic or computerized data compilations and original and non-identical copies of any correspondence,

SMRH:4855-0958-3382.4
-1-

letters, memoranda, electronic messages, emails, phone messages, text messages, social media messages, reports, diagrams, schematics, petitions, applications, notices, logs, notes, minutes of conversations of meetings, agreements, calendars, date books, diaries, schedules, itineraries, bills, electronic media, Source Code, and electronic, paper, visual, and audio files of any sort. A draft or non-identical copy is a separate document within the meaning of this term.

3. "Source Code" means computer code, scripts, assembly, binaries, object code, firmware files, software design and requirements files, build/link files, configuration control files, quality assurance (QA) and test documentation, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip. For the avoidance of doubt, "Source Code" or "source code" also encompasses all other material within a source code file, such as comments embedded within the file.

4. "Parties." The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5. "Concerning" means relating to, referring to, describing, evidencing or constituting.

6. All/Each. The terms "all" and "each" shall be construed as all and each.

7. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. Number. The use of the singular form of any word includes the plural and vice versa.

9. "Complaint" means the Complaint filed in this action by Moog on March 7, 2022 (ECF 1).

10. "Moog" means plaintiff Moog Inc.

11. "Kim" means defendant Misook Kim.

12. "Pilkington" means defendant Robert Alin Pilkington.

13. "Rey" means Skyryse officer Gonzalo Rey.

14. "Baptist" means Skyryse officer Tim Baptist.

15. "Skyryse" means defendant Skyryse, Inc., including its former and current owners, officers, directors, employees, partners, representatives, contractors, agents, corporate parent, subsidiaries, or affiliates.

16. "Former Moog Employee" means any employee of Skyryse who previously worked for Moog.

17. "Moog Confidential Information" means any of Moog's non-public information, documents, records, files, or data, including any of its proprietary, confidential, or trade secret information (including but not limited to its Source Code).

18. "Western Digital Hard Drive" means the external hard drive with the following specifications: Western Digital My Passport; Model WDBYFT0030BBL-WESN; Serial Number: WX310DB63ED85; Capacity: 3 TB. The Western Digital Hard Drive is discussed in further detail in the Declaration of Ian Bagnald (ECF 4-18).

19. "Samsung Hard Drive" means the external hard drive with the following specifications: SAMSUNG PSSD T7 SCSI Disk Device; Model MU-PC1T0H; PSID: S9D10DUTM3SS76AGF4193P37BD4NA660; SN: S5SXNS0R702326Z. The Samsung Hard Drive is discussed in further detail in the Declaration of Ian Bagnald (ECF 4-18).

20. "Buffalo Hard Drive" means the external hard drive with the following specifications: 1 TB Hard Drive, USB Serial Number AFDD0200107304.

21. "Samsung Thumb Drive" means the external hard drive with the following specifications: Samsung T7 Thumb Drive, Serial Number S5SCNS0R700159M.

### Instructions

1. The documents sought under these requests shall in no way impact, limit, or otherwise alter Defendants' obligations under the March 11, 2022 Stipulation and Order (ECF Nos. 25, 28).

2. If any responsive document is being withheld on the basis of any privilege or other protection, Skyryse shall:

(A) identify the nature of the privilege (including work product) being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(B) provide the following information, unless to divulge such information would cause disclosure of the allegedly privileged information:

    i. for documents: (a) the type of document, *e.g.*, letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

    ii. for oral communications: (a) the name(s) of the person making the communication and the person(s) present while the communication was made and, where not apparent, the relationship of the person making the communication to the person(s) present; (b) the date and place of communication; and (c) its general subject matter.

3. Electronically stored information shall be produced in its native format with a production number either (i) affixed to the media holding the native file formats or (ii) appended to the original name of the file.

4. All documents shall be produced as they are kept in the usual course of business or you shall organize and label them to correspond with the categories in the request. In this connection, and for purposes of illustration, all documents should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found. If Skyryse chooses to produce the document request corresponding with the categories in the Requests, Skyryse shall identify the file folders, drawer or cartons in which the documents were originally maintained and the person or persons in whose custody or control such files are or were maintained.

5. If any document which is the subject of these Requests was at one time inexistence, but was subsequently lost, discarded, or destroyed, identify such document as completely as possible, including the following information: (a) type of document, (b) date of document, (c) date when the document became lost, discarded or destroyed, (d) circumstances under which the document was lost, discarded or destroyed, and (e) identity of all persons having knowledge of the contents of the document.

6. If any of the documents cannot be produced in full, produce them to the extent possible, stating the reasons for your inability to produce the remainder, stating whatever information, knowledge, or belief you have concerning the unproduced portion.

7. These document requests are propounded in accordance with Federal Rules of Civil Procedure 26 and 34 and the Local Rules of Civil Procedure for the Western District of New York.

8. These requests are directed to all documents in Skyryse's possession, custody, or control, wherever located, including but not limited to, any such documents in the possession, custody, or control of Skyryse's agents, employees, contractors, representatives, and attorneys, and any person or entity acting on behalf of any of it.

9. Where any copy or copies of any document whose production is sought, whether a draft or final version, is or are not identical to any copy or copies thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

10. These document requests are of a continuing character. If additional information within the scope of any request becomes available to Skyryse after they it serves responses to these document requests, Skyryse shall furnish such information by way of supplemental responses.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications related to Skyryse's access, use, or disclosure of any Moog Confidential Information, including but not limited to any Moog Confidential Information that was copied by Kim or Pilkington prior to becoming employed by Skyryse.

2. A complete forensic image of all electronic devices Kim and Pilkington have used in the course of working at Skyryse, including but not limited to desktop computers, laptop computers, cell phones, mobile devices, tablet devices, USB devices, or external hard drives.

3. All Documents and Communications showing the tasks performed and job responsibilities of Kim and Pilkington while working at Skyryse.

4. All Documents and Communications between Skyryse and any Former Moog Employee, before such employee began employment at Skyryse, or any current Moog employee.

5. All Documents and Communications Concerning Moog, including but not limited to: 1) all Documents and Communications between Skyryse, on the one hand, and Kim or Pilkington, on the other hand, Concerning Moog; 2) all Documents and Communications Concerning Moog Confidential Information; or 3) all Documents and Communications Concerning the actual or potential hiring of Moog employees.

6. All Documents and Communications Concerning the Western Digital Hard Drive, the Samsung Hard Drive, the Buffalo Hard Drive, the Samsung Thumb Drive, Kim's Moog-issued work laptops, or Pilkington's Moog-issued work laptops.

7.  All Documents and Communications Concerning the hiring of Pilkington, Kim, or any other Former Moog Employee, including but not limited to all HR files, personnel files, and contracts signed.

8.  Documents sufficient to show the structure of Skyryse's shared networks, software databases, internal data servers, and the access of Former Moog Employees thereto.

9.  All Documents and Communications, from January 1, 2021 to present, Concerning the development, testing, or certification of Skyryse's flight control software including, but not limited to, Source Code, software planning Documents, software testing or certification Documents, test equipment and simulations, and software quality control Documents.

10. All deletion logs and versioning logs from Skyryse's software versioning and revision control systems, test tools, and software function names used in connection with its flight control software.

11. All Documents and Communications between Skyryse and any third party, including actual or prospective investors, Concerning Moog.

Dated: March 21, 2022

        **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Plaintiff Moog Inc.*

By  /s/ Rena Andoh
     Rena Andoh
     Travis Anderson (pro hac vice)
     Kazim A. Naqvi (pro hac vice)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700

**HODGSON RUSS LLP**
*Attorneys for Plaintiff Moog Inc.*

By /s/ Robert J. Fluskey Jr.
        Robert J. Fluskey Jr.
        Melissa N. Subjeck
        Pauline T. Muto
The Guaranty Building
140 Pearl Street
Buffalo, New York 14202
Telephone: (716) 856-4000

## PROOF OF SERVICE

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On March 21, 2022, I served true copies of the following document(s) described as **MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO SKYRYSE, INC.**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address knaqvi@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 21, 2022, at Los Angeles, California.

                                                        /s/ Kazim A. Naqvi
                                                    Kazim A. Naqvi

## SERVICE LIST

| | |
|---|---|
| HARRIS BEACH PLLC<br>Terrance P. Flynn<br>726 Exchange Street, Suite 1000<br>Buffalo, New York 14210<br>(716) 200-5050<br>tflynn@harrisbeach.com | Attorneys for Defendant<br>SKYRYSE, INC. |
| GIBSON, DUNN & CRUTCHER LLP<br>Josh Krevitt, Esq.<br>Kate Dominguez, Esq.<br>Angelique Kaounis, Esq.<br>Justine Goeke<br>200 Park Avenue<br>New York, NY 10166<br>(212) 351-2338<br>JKrevitt@gibsondunn.com<br>KDominguez@gibsondunn.com<br>AKaounis@gibsondunn.com<br>JGoeke@gibsondunn.com<br>Skyryse-TradeSecretsLitigation@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |
| LOCKE LORD<br>Rory S. Miller, Esq.<br>Mitchell Popham, Esq.<br>Mitchell Popham, Esq.<br>Will Mullen, Esq.<br>Joseph Froehlich, Esq.<br>300. S. Grand Avenue, Suite 2600<br>Los Angeles, CA 90071<br>(213) 485-1500<br>Rory.Miller@lockelord.com<br>MPopham@lockelord.com<br>William.Mullen@lockelord.com<br>JFroehlich@lockelord.com | Attorneys for Defendants<br>ROBERT ALIN PILKINGTON and<br>MISOOK KIM |