UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOOG INC.,

         Plaintiff,

v.

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and
DOES NOS. 1–50.

         Defendants.

**DECISION AND ORDER
[FILED UNDER SEAL]**

1:22-CV-187-LJV-JJM

---

    The parties' familiarity with the relevant facts is presumed. Before the court are competing motions by plaintiff Moog Inc. and defendant Skyryse, Inc. for adoption of their proposed Inspection Protocols [96, 99].[1] Since this issue has already been the subject of informal correspondence and discussion with the court on May 5, 2022 [104], the parties have agreed that no further briefing or argument is required.

## DISCUSSION

    By letter dated April 25, 2022, counsel for Skryryse notified me that "Skyryse is in possession of certain nonpublic information potentially originating from [Moog] and that certain Skyryse employees deleted potentially relevant data that may not all be recoverable. The investigation of these issues is ongoing". During a videoconference on April 26, 2022 [95], counsel for Skyryse stated that they "have discovered certain things that caused us real concern. It tripped, for me and my colleagues, wires beyond the normal, well, we found

---

[1]  Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

some stuff and we shouldn't have found it and let's go ahead and return it . . . we believed we owed an immediate obligation to Moog and to this Court to provide a disclosure. I confess, I've been doing this a long time. I've never done this before. I've never had to do this before. So, it's serious . . . . [W]e do not have all the information. We don't have anywhere near all the information. We are frantically working to uncover it." Id. at 6, 7.

While I applaud Skyryse for its candor in disclosing this information, under the unique circumstances of this case that disclosure is among the factors leading me to conclude that Moog's proposed Inspection Protocol should be adopted. As detailed in Moog's Memorandum of Law [96-13, 105], Moog's Protocol (which, although opposed by Skyryse, is not opposed by codefendants Pilkington and Kim) gives Moog the best opportunity to discover what information was taken from Moog and/or spoliated by defendants.

Although I recognize Skyryse's concerns regarding potential disclosure of its own privileged and/or confidential information, I believe that the measures which Moog proposes (*see* Moog's Memorandum of Law [96-13] at 12-14) adequately address those concerns.

## CONCLUSION

"Rulings on discovery motions are matters committed to the trial court's discretion", United States v. Kahl, 583 F.2d 1351, 1354 (5th Cir. 1978), and "generally are considered nondispositive of the litigation". Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). For the foregoing reasons, and in the exercise of my discretion, Moog's motion [96] is granted, and Skyryse's motion [99] is denied. A videoconference to discuss further proceedings will be held on May 17, 2022 at 2:00 p.m., or at such other date and time as the parties and court may agree.

**SO ORDERED.**

-3-

Dated: May 13, 2022

                                                                                 <u>/s/ Jeremiah J. McCarthy</u>
                                                                                 JEREMIAH J. MCCARTHY
                                                                                 United States Magistrate Judge