UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

                         Plaintiff,

    v.

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES NOS.
1-50,

                       Defendants.

Case No.: No. 22-cv-00187

## <u>NOTICE OF MOTION FOR SCHEDULING ORDERS</u>

**PLEASE TAKE NOTICE THAT**, upon the accompanying Memorandum of Law, Motion to Compel Disclosures, Declaration of Rena Andoh, together with all exhibits to those declarations and affidavits, and upon the Complaint and all proceedings had herein, Plaintiff Moog Inc. ("Moog") by and through their undersigned counsel, Sheppard, Mullin, Richter & Hampton, LLP, and Hodgson Russ LLP, and pursuant to the issues addressed with the Court during the May 17 Conference and ensuing text order (ECF 116), hereby move this Court for an order to:

1.     Adopt Moog's proposed revised schedule for expedited discovery, attached to the concurrently filed Declaration of Rena Andoh as **Exhibit A**;

2.     By May 26, require Skyryse to (a) complete its privilege review of the forensic images of its 5 devices currently in iDS's possession such that the remainder of the forensic images (not containing privileged material) is made available for inspection to Moog's experts and outside counsel on a rolling basis; and (b) provide a log regarding any excised material to Moog's outside counsel.

3.   By June 2, require the Individual Defendants to (a) complete privilege and privacy review of the forensic images of the 23 devices currently in the neutral vendor's possession, such that the remainder of the forensic images (not containing privileged and personally private material) is made available for inspection to Moog's experts and outside counsel on a rolling basis; and (2) provide a log regarding any excised material to Moog's outside counsel.

4.   By June 2, require Skyryse to, on a rolling basis, (a) turnover to iDS all Moog non-public information, including electronic devices, if the information "necessarily contains" Skyryse information; (b) turnover to iDS all electronic devices which were involved in deletion of data (whether recoverable or not), including those identified by Skyryse at the April 26 Conference, and in Skyryse's May 4 Letter to Moog's counsel (ECF 96, Ex. H); (c) complete privilege review and provide privilege logs for the foregoing devices; and (d) produce directly to Moog all Moog non-public information, including electronic devices, if the information does not "necessarily contain[]" Skyryse information.

Dated:  New York, New York
        May 23, 2022

**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
*Attorneys for Moog Inc.*

By: s/ Rena Andoh
   Rena Andoh
   Travis J. Anderson (*pro hac vice*)
   Tyler E. Baker (*pro hac vice*)
   Kazim A. Naqvi (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212).653.8700

**HODGSON RUSS LLP**
*Attorneys for Moog Inc.*

By: s/Melissa N. Subjeck
   Robert J. Fluskey, Jr.
   Melissa N. Subjeck
   Reetuparna Dutta
   Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
Telephone:  (716).856.4000