# EXHIBIT D

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
www.sheppardmullin.com

212.634.3092 direct
randoh@sheppardmullin.com
File Number:  02HL-350124

April 27, 2022

**VIA E-MAIL ONLY**

Josh Krevitt, Esq.                                    jkrevitt@gibsondunn.com
Kate Dominguez, Esq.                          kdominguez@gibsondunn.com
Ilissa Samplin, Esq.                               isamplin@gibsondunn.com
Angelique Kaounis, Esq.                      akaounis@gibsondunn.com
Michael M. Polka, Esq.                         mpolka@gibsondunn.com
Justine Goeke, Esq.                              jgoeke@gibsondunn.com
GIBSON, DUNN, & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193

Re:   *Moog Inc. v. Skyryse, Inc., et al.*
      U.S. District Court, Western District of New York – Case No. 1:22-cv-00187
      <u>Follow-Up Questions Regarding Skyryse Investigation and Disclosures</u>

Dear Counsel:

This letter follows up from our conference call on Monday and yesterday's teleconference with Judge McCarthy regarding Skyryse's ongoing investigation and disclosure process with respect to the discovery of Moog data located within Skyryse's systems and devices, as well as the spoliation of evidence by Skyryse employees.  We appreciate Skyryse's communications and disclosures to date. At Skyryse's invitation, the purpose of this letter is to gain further information regarding Skyryse's discoveries, investigation, and remediation steps, as well as addressing next steps regarding various issues pending before the Court.  We hope that the parties can engage in a constructive and fulsome disclosure process that will provide Moog with the critical information that it needs.

<u>**Moog's Understanding of Skyryse's Disclosures To Date**</u>

In order for Moog to constructively communicate with Skyryse on these issues, the parties must be on the same page as to the underlying discoveries and facts. Below is a high level summary of Moog's understanding of the disclosures Skyryse has made to Moog and the Court to date. If any statement below is incorrect, please promptly advise us.

**Moog Data in Skyryse's Possession:**

- Skyryse has discovered Moog data that "appears to be non-public" inside Skyryse beyond Pilkington and Kim's work-issued laptops. Moog understands this to mean that Moog data

# SheppardMullin

Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 27, 2022
Page 2

- has been located on work-issued laptops of employees other than Pilkington and Kim, as well as Skyryse's networks.[1]

- The discovered Moog data "primarily relates" to Pilkington and Kim and the projects they worked on.

- The search terms run by Skyryse to date are: (1) the file names and hash values provided by Moog in connection with the Misook Kim downloads; (2) the name "Moog" as a complete word with no wildcard; and (3) the 32 search terms provided by counsel for Moog on April 12.  The volume of hits based on these search criteria is large and "concerning." These hits have been found outside of Pilkington and Kim's work-issued laptops.

- Skyryse has not yet run any searches across any Skyryse devices for the file names and/or hash values of the 1.2 million files that Pilkington downloaded from Moog prior to his departure.

- Robert Alin Pilkington's original Skyryse work-issued laptop, which is the device that had 11,093 hits when the file names and hash values provided by Moog in connection with the Misook Kim downloads were run, is currently in the custody of Skyryse's vendor FTI. It has not been turned over to iDS.

**Spoliation of Evidence:**

- After this lawsuit was filed on March 7, 2022, and after entry of the stipulated order on March 11, 2022, Gibson Dunn confirmed that certain Skyryse employees deleted data on company laptops. The identities of these employees have not been disclosed.

- Skyryse stated it does not yet know the extent to which there is a correlation between Moog information and deleted information, and does not yet have specific information as to what was deleted, the volume, or if any of the deleted data is recoverable.

- Skyryse is using the forensic firm FTI to determine what was deleted, the volume of deleted data, and if any data belongs to Moog.

- The employees involved in the data deletion are individuals other than Pilkington and Kim. They include individuals who worked on Pilkington and Kim's team, as well as other Skyryse employees.

- There are certain Skyryse employees who have both had hits on search terms for Moog information, and also who deleted information from their work-issued laptops.

---

[1] Based on prior communications with Gibson Dunn, our understanding is that "Skyryse's networks" consist of computers and other devices issued to employees (such as smartphones and external hard drives), as well as Skyryse servers that contain documents and data. If this is not correct, please clarify.

# SheppardMullin

Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 27, 2022
Page 3

**Termination and Administrative Leave of Skyryse Employees:**

- Kim and Pilkington have been terminated within the last few days.

    o Kim was placed on administrative leave immediately after the lawsuit was filed, and her work-issued laptop was taken and isolated. During the entire period of her administrative leave, Kim did not have access to Skyryse's offices, systems, or data.

    o Pilkington was not immediately placed on full administrative leave upon the filing of this lawsuit. He had access to and came into the Skyryse office on multiple occasions, and spoke with other Skyryse employees. Pilkington's work-issued laptop was taken and isolated when the lawsuit was filed, but he was provided another Skyryse-issued laptop after the lawsuit was filed that he used to perform the work functions described above. He was then placed on full administrative leave at some later date. He was on full administrative leave when he was terminated.

- Within the past few days, 15 other Skyryse employees have been placed on administrative leave, meaning they have no access to Skyryse's offices, systems, or data. The identities of these employees have not been disclosed.

    o These individuals were placed on leave based on having hits on searches for Moog information, deletion of data, or both.

- Skyryse via FTI has imaged the laptops of every former Moog employee at Skyryse, as well as every employee who reported to Pilkington, and certain other management. A total of 37 laptops have been imaged. These images have not yet been turned over to Moog or iDS.

**Moog's Additional Questions Regarding Skyryse's Discoveries, Investigations, and Remediation Efforts**

During our conference call on Monday, as well as during yesterday's teleconference with Judge McCarthy, Skyryse stated that it understood that Moog would have additional questions regarding the recent disclosures and would provide information to the extent it is available. While we appreciate that Skyryse's investigation is ongoing, based on Skyryse's disclosures to date, there is critical information that has already been confirmed by Gibson Dunn that we believe needs to be provided to Moog immediately. Below is a list of questions that Moog understands can be answered by Skyryse now. We intend to ask further questions as additional information is disclosed by Skyryse. Given that Magistrate Judge McCarthy has requested letter submissions from the parties by May 4, 2022, we request that answers to the below questions be provided by Skyryse in writing on or before 5:00 PM EST on Monday, May 2, 2022. We also remain available for any further disclosures of information or updates you can provide.

# SheppardMullin

Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 27, 2022
Page 4

**Moog Data in Skyryse's Possession:**

- Which Skyryse electronic devices were searched using the search terms? To be clear, when we use the term "search terms", we mean file names, hash values, the name "Moog" and/or the 32 search terms that we provided to you. Please specifically identify them (including by USB serial number if available, and owner if applicable).

- Which specific Skyryse electronic devices (individuals' devices and servers) have had search term hits to date? Please specifically identify them (including by USB serial number if available).

    - Who are the Skyryse employees that had search term hits on their electronic devices?

        - Of these employees, which ones worked on Pilkington's and Kim's team?

    - What are the search terms that hit on each device?

    - How many hits for each search term on each device?

- Are there other Skyryse locations where Moog data has been located? If yes, what are those locations? Please specifically identify them.

- Has Skyryse determined if any of the hits using search criteria provided by Moog constitute complete or partial portions of Moog source code? If so, what are the file names, hash values, and/or other identifiers for such data?

- Skyryse previously advised us that it ran a search for the word "Moog" across the 11,093 files from Pilkington's work-issued laptop previously turned over to iDS, and that this resulted in approximately 100 hits. What are the file names, hash values, and/or other identifiers for each of these approximately 100 files?

- Skyryse has indicated that it has imaged 37 Skyryse-issued electronic devices to date. For each such device, please identify the device (including by USB serial number), which Skyryse employee the device belonged to, and the date that the device was imaged.

- Gibson Dunn stated during the conference with Judge McCarthy that the discovered Moog data "primarily relates" to Pilkington and Kim and the projects they worked on. Please identify with specificity any discovered data or materials that were located on Skyryse's systems that does not relate to Pilkington and Kim, and the Skyryse employee(s) whose devices the data and/or materials were discovered on.

**Spoliation of Evidence:**

- Which specific Skyryse electronic devices (individuals' devices and servers) that contain evidence of data or materials being deleted after the filing of this lawsuit? Please specifically identify each of them.

# SheppardMullin

Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 27, 2022
Page 5

- Which Skyryse employees' work-issued laptops contain evidence of data or materials being deleted after the filing of this lawsuit?

- Which of these Skyryse employees worked on Pilkington's and Kim's team?

- When did the confirmed deletions of data or materials by Skyryse employees occur? For each Skyryse employee involved, please identify all dates when data and/or materials were deleted.

    o Please identify any specific items (files, documents, data, etc.) that Gibson Dunn has confirmed were deleted, which device such items were deleted from, the size/volume of the deletion, and the date on which such items were deleted.

    o If Gibson Dunn has confirmed that any source code files (partial or complete) were deleted, please identify which of the deleted items described above contained source code.

- Who at Skyryse, if anyone, received a litigation hold or document preservation notice in connection with this case, and when?

- Does Skyryse have any automatic deletion system with respect to e-mail or other data files?

    o If so, what is the timing of such auto deletions? To the extent auto deletions vary based on file type (i.e., e-mail, word document, source code) or employee, please describe.

    o Was the auto deletion system altered or suspended at any time during this litigation? If so, for which employees' files or Skyryse systems or servers was the auto deletion system altered or suspended? When was any auto deletion system altered or suspended? If any auto deletion system was altered, please describe how it was altered.

**Termination and Administrative Leave of Skyryse Employees:**

- When were Pilkington and Kim terminated?

- Which Skyryse employees have been placed on administrative leave in connection with this case?

    o Which of these employees was placed on administrative leave due to search term hits on electronic devices?

    o Which of these employees was placed on administrative leave due to data deletion?

**SheppardMullin**

Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 27, 2022
Page 6

- o Which of these employees were placed on leave due to both search term hits and data deletion?

- o If any employee was placed on administrative leave for any other reason in connection with this litigation, please identify the employee and the reason for placing that employee on leave.

- For the Skyryse employees placed on administrative leave in connection with this case, have all of their electronic devices that were used by them in the course of their employment by Skyryse been isolated and imaged?

## Skyryse's Commitment and Obligation to Correcting Prior False Statements

Skyryse has stated to Moog and the Court that it will correct and otherwise supplement the discovery responses it served on April 13, 2022. While we appreciate that Skyryse's investigation is ongoing, please provide a date certain when the supplemental responses will be provided. Please also identify by 5:00 PM EST on May 2, 2022 specifically which of Skyryse's discovery responses it intends to supplement. As you know, Moog served a detailed meet and confer letter on April 19, 2022 regarding nearly all of Skyryse's discovery responses.

It is evident from Skyryse's recent disclosures that Skyryse has made false statements or material misrepresentations to both the Court and Moog in various filings and written correspondence to date, including but not limited to Skyryse's Motion to Dismiss for Failure to State a Claim (ECF 48) and Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue (ECF 49). While we appreciate that Skyryse has withdrawn its Motion to Dismiss for Failure to State a Claim, defendants Kim and Pilkington filed a joinder to that motion that has not been withdrawn. As a result, Skyryse's filed motion arguably remains active and before the Court in this case. Moreover, it remains publicly filed on the docket. The Motion to Dismiss for Failure to State a Claim therefore needs to be corrected notwithstanding the withdrawal of the motion by Skyryse. Please confirm you will be correcting both sets of motion papers..

We additionally believe based on our review that there are false statements and/or material misrepresentations contained in other prior submissions to the Court, including but not limited to the currently-pending submissions before Judge McCarthy. Please confirm you will correct these as well.

## Outstanding Issues Before Judge McCarthy

As you are aware, on April 19, 2022 the parties submitted letters to Magistrate Judge McCarthy regarding outstanding disputes, including the AEO provision of the proposed stipulated protective order and the proposed inspection protocol. (ECF 73, 74, 76). During yesterday's teleconference with Magistrate Judge McCarthy, Moog advised that in light of the concerning recent events and disclosures by Skyryse, its positions with respect to the proposed stipulated protective order and neutral forensic firm protocol may change.

Regarding the proposed stipulated protective order, Moog's revised position is simple: the AEO provision must be revised to reflect a true AEO provision whereby any materials designated

# SheppardMullin

Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 27, 2022
Page 7

AEO cannot be shown to any Skyryse employees under any circumstances (other than designated in-house counsel). Such materials can only be disclosed to Skyryse's designated in-house counsel, outside counsel and retained expert witnesses. The reason for this required modification is self-evident given the gravity of Skyryse's discoveries and disclosures. Please confirm, on or before 5:00 PM EST on May 2, 2022, Skyryse's agreement to this revised AEO provision and we will provide a revised draft protective order for your approval.

Regarding the proposed inspection protocol, especially given the gravity of Skyryse's discoveries and the spoliation that has occurred, Moog stands by its position that its previously proposed protocol as addressed in its April 19, 2022 submission is the necessary and appropriate protocol in this case. Moog's outside counsel and expert witnesses need to directly review forensic images of the devices, including those that have been spoliated. As we explained in our papers to the Court, our proposed protocol is eminently reasonable, especially given that, among other things: (1) the forensic images by default receive "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL & EXPERTS' EYES ONLY" protection (i.e., would not be shared with in-house counsel or other employees at Moog); (2) Moog's outside counsel and experts do not receive physical possession of the forensic images—instead, only iDS has physical possession, and Moog's outside counsel and experts must log on to iDS's virtual machine to inspect the forensic images; and (3) Moog's outside counsel and experts can only inspect the forensic images while being monitored by iDS (including by videorecording the reviewer as s/he is conducting the inspection). Any refusal to agree to this eminently reasonable protocol—especially in light of the spoliation and use that has been recently disclosed—can only be reasonably interpreted as an effort to prevent Moog from discovering the full extent of such spoliation and use. As we stated in our submission, using iDS to erect a wall between us and evidence of use (and spoliation) would be improper. Please confirm, on or before 5:00 PM EST on May 2, 2022, Skyryse's agreement to Moog's previously proposed inspection protocol.

Very truly yours,

Rena Andoh
for SHEPPARD MULLIN RICHTER & HAMPTON LLP

cc: Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
William Mullen, Esq.
Joseph N. Froelich, Esq.
Travis Anderson, Esq.
Lai L. Yip, Esq.

# SheppardMullin

Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 27, 2022
Page 8

        Kazim A. Naqvi, Esq.
        Robert J. Fluskey, Jr., Esq.
        Melissa N. Subjeck, Esq.