# EXHIBIT J

**From:** Kazim Naqvi
**Sent:** Wednesday, March 23, 2022 5:02 PM
**To:** 'Goeke, Justine' <JGoeke@gibsondunn.com>; 'Dominguez, Kate' <KDominguez@gibsondunn.com>; 'Miller, Rory' <Rory.Miller@lockelord.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; 'Fluskey Jr., Robert J.' <RFluskey@hodgsonruss.com>; 'Subjeck, Melissa N.' <MSubjeck@hodgsonruss.com>; 'Muto, Pauline T.' <pmuto@hodgsonruss.com>; 'Popham, Mitchell' <MPopham@lockelord.com>; 'Kaounis, Angelique' <AKaounis@gibsondunn.com>; 'tflynn@harrisbeach.com' <tflynn@harrisbeach.com>; 'Krevitt, Josh' <JKrevitt@gibsondunn.com>; Lai Yip <LYip@sheppardmullin.com>
**Subject:** RE: Moog v. Skyryse (22-cv-187) - Forensics Firm

Justine—

I am following up on my e-mail below regarding Skyryse's request that Moog provide hash values for "each file Plaintiff alleges Defendants wrongfully acquired."

As a threshold matter, defendant Misook Kim herself accessed, copied, and stored the data at issue onto at least two external hard drives, of which one has never been provided to Moog and the other has been formatted and therefore wiped. The party who is most likely to have the information you are seeking is Misook Kim, not Moog. Therefore, her counsel would be the best source from which to obtain hash values or other unique identifiers for the Moog data she took upon departure. We suggest you request such information directly from Locke Lord.

Second, as set forth in detail in Moog's Complaint, Motion for Preliminary Injunction, and accompanying papers, Ms. Kim manipulated, altered, and/or deleted the Moog data at issue. This conduct included intentionally formatting and wiping at least the Samsung Hard Drive onto which she copied 136,994 of Moog's files. As a result, Moog does not have these 136,994 files that Ms. Kim copied onto the Samsung Hard Drive (again, because she wiped those files from the drive) and therefore Moog does not have such files from which to create the hash values you request.

In a good faith effort to work with you on providing what you requested, however, we have searched for the 136,994 files on Ms. Kim's Moog-issued laptop computers using file name and partial file path. We were able to find what may be corresponding files for approximately 62,000 of the 136,994 files that were not deleted and subsequently overwritten. (Ms. Kim apparently deleted the remainder of the 136,994 files on her Moog-issued laptop after she copied them and those deleted files were subsequently overwritten and are therefore not recoverable.) We generated hash values for these approximately 62,000 files, which are in the attached Excel spreadsheet. The password will be sent separately. To be clear, we made a good faith effort to find corresponding files that were intact and could be hashed, but cannot guarantee that they are an exact match to what Ms. Kim actually took.

However, we note that even if the approximately 62,000 files were the same as what Ms. Kim actually took, the attached hash values would still be of limited probative value at this stage. After Ms. Kim improperly copied all the data onto the Samsung Hard Drive, she may have edited any of these approximately 62,000 files on her laptop. As you probably know, a difference of even a single character in any file changes the hash value of that file. Therefore, the hash value of a file on her laptop may not match the hash value of the corresponding file she copied onto the Samsung Hard Drive. Moreover, if she edited any of the files on the Samsung Hard Drive after copying, those files would likewise generate a different hash value than the corresponding files she originally took from Moog.

In summary, as set forth below, Moog provided Skyryse on March 8, 2022 with, among other things, file names, file path, and file size of each of the 136,994 Moog files referenced in the Complaint. And, it has now provided hash values for over 62,000 of the corresponding files from Ms. Kim's Moog-issued laptop (subject to the caveats regarding usability or lack thereof identified above). As noted previously, Skyryse has more than enough information to satisfy its compliance obligations under the March 11, 2022 stipulated order.

Thank you,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Kazim Naqvi
**Sent:** Thursday, March 17, 2022 7:43 PM
**To:** 'Goeke, Justine' <JGoeke@gibsondunn.com>; Dominguez, Kate <KDominguez@gibsondunn.com>; Miller, Rory <Rory.Miller@lockelord.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; Muto, Pauline T. <pmuto@hodgsonruss.com>; Popham, Mitchell <MPopham@lockelord.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; tflynn@harrisbeach.com; Krevitt, Josh <JKrevitt@gibsondunn.com>
**Subject:** RE: Moog v. Skyryse (22-cv-187) - Forensics Firm

Hi Justine—

We are not agreeable to using Stroz as the third-party forensics firm. We are fine with iDiscovery Solutions. Please confirm your agreement to moving forward with iDiscovery Solutions.

Regarding your second request, Skyryse was served with the information you requested on March 8, 2022 along with the Complaint and other filings. Specifically, Ex. A to the Declaration of Ian Bagnald contains a file log for the data at issue in the Complaint which, among other things, provides the file names (column J), file path (column K), and file size (column L). This log was provided on a thumb drive that was served on all Defendants. This information is sufficient for Defendants to comply with the March 11, 2022 stipulated order. As a courtesy, we will also work to get you the hash values for the files.

Thank you,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Thursday, March 17, 2022 2:04 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Dominguez, Kate <KDominguez@gibsondunn.com>; Miller, Rory <Rory.Miller@lockelord.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Fluskey Jr., Robert J.

<RFluskey@hodgsonruss.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; Muto, Pauline T. <pmuto@hodgsonruss.com>; Popham, Mitchell <MPopham@lockelord.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; tflynn@harrisbeach.com; Krevitt, Josh <JKrevitt@gibsondunn.com>
**Subject:** Moog v. Skyryse (22-cv-187) - Forensics Firm

Kazim, Rena:

In follow-up to our discussion during Tuesday's meet-and-confer, we propose Stroz for the third-party forensics firm described in the March 11, 2022 stipulation. Of the three forensics firms Plaintiff proposed, we would be willing to consider iDiscovery Solutions, but believe Stroz is best situated.

To facilitate the procedures contemplated by the March 11, 2022 stipulation, we ask that Plaintiff promptly provide us with hash values, all file names, and any unique identifiers for each file Plaintiff alleges Defendants wrongfully acquired.

Please let us know if it would be helpful to discuss.

Regards,

Justine

**Justine Goeke**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.5372 • Fax +1 212.817.9472
JGoeke@gibsondunn.com • www.gibsondunn.com