UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOOG INC.,

                      Plaintiff,

   v.                                                 Case No.: No. 22-cv-00187

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES NOS.
1-50,

                      Defendants.

---

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR SCHEDULING ORDERS

 

**SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP**
*Attorneys for Moog Inc.*
Rena Andoh
Travis J. Anderson (*pro hac vice*)
Tyler E. Baker (*pro hac vice*)
Kazim A. Naqvi (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
212.653.8700

**HODGSON RUSS LLP**
*Attorneys for Moog Inc.*
Robert J. Fluskey, Jr.
Melissa N. Subjeck
Reetuparna Dutta
Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
716.856.4000

## **TABLE OF CONTENTS**

                                                                                                                                                            **Page**

I.      INTRODUCTION ............................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND............................................2

        A.     The March 11 Order and March 17 Stipulation Re: Expedited Discovery ...............................................................................................2

        B.     Skyryse's Disclosures Regarding Possession of Non-Public Moog Data and Spoliation of Evidence.................................................3

        C.     Skyryse Refuses to Answer Moog's Questions For Additional Information .........................................................................5

        D.     Skyryse's Turnover of Additional Devices and Data to iDS After April 1 ......................................................................................5

III.    AN EXPEDITED DISCOVERY SCHEDULE WITH HARD DATES IS NECESSARY ................................................................................................6

IV.   DEFENDANTS' PRIVILEGE AND PRIVACY REVIEW SHOULD BE COMPLETED BY JUNE 2 ................................................................................8

V.    SKYRYSE'S TURNOVER OF ALL MOOG NON-PUBLIC INFORMATION AND ELECTRONIC DEVICES INVOLVED IN DATA DELETION SHOULD BE COMPLETED BY JUNE 2 .............................9

VI.   REQUESTED RELIEF..................................................................................11

I.  **INTRODUCTION**

Moog needs urgent relief in this case. On April 26, Skyryse disclosed to the Court that: 1) it has found a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (ECF 95 at 18:12-13, 19:4-5). None of the electronic devices involved in deletion of data have been turned over to the neutral forensics firm, iDS. Skyryse still has not completed its obligations under the March 11 Order (ECF 25) to return Moog's non-public information, which was due by April 1. The hearing date on Moog's Preliminary Injunction Motion has been pushed from May 9, to July 6, to now mid-October. Court intervention is required to implement a schedule with hard dates to ensure Moog has the evidence it needs to timely complete expedited discovery and obtain injunctive relief.

The Parties have reached agreement in principle on a schedule for expedited discovery, including a June 2 deadline to produce documents in response to written discovery and an August 25 deadline to complete expedited discovery (including depositions). Defendants seek to have these two dates merely require "substantial" completion, whereas Moog seeks hard deadlines. Defendants' proposal should be rejected because: 1) the parties previously stipulated to a hard April 27 document production deadline, and Moog's revised proposal remains consistent; 2) "substantial" completion is an amorphous standard that is difficult (if not impossible) to enforce, especially in an expedited schedule, will only invite further delay, and will create disputes between the parties as to whether "substantial" completion was met; and 3) Moog's proposal allows a party to seek modification of the discovery deadlines upon a showing of good cause, thereby allowing a party to make supplemental productions or conduct discovery beyond the hard deadlines if justified. Moog's redlined proposed schedule is attached to the concurrently filed Declaration of Rena Andoh as **Exhibit A**.

Defendants to date have turned over 28 devices to iDS (5 from Skyryse, 23 from Kim and Pilkington). Moog requests that the Court require Skyryse to complete their privilege review of the 5 devices by May 26, and for the Individual Defendants to complete their privilege/privacy review of the 23 devices by June 2. This proposal is reasonable and necessary given that 25 of the devices were turned over to iDS on April 1. Defendants should have started their review on April 1 or, at latest, on May 13 when the Court adopted Moog's Inspection Protocol.

Finally, Moog respectfully requests that by June 2, Skyryse complete its obligations under the March 11 Order (in producing all Moog non-public information to Moog or iDS, including the turnover of all electronic devices containing Moog non-public information, which should have been complete over 7 weeks ago), and to turn over all electronic devices involved in the ▮▮▮▮▮▮ to iDS. It has been 5 weeks since Skyryse's disclosures, and Skyryse still has provided no information regarding the scope and manner of data deletion. Moog requires assurance that it will have access to all the evidence it is entitled to by June 2. This provides Moog just over 7 weeks to review potentially 60 devices and tens of millions of files, digest such information, and conduct what will be a minimum of five depositions. Any deadline beyond June 2 would unduly prejudice Moog in timely completing expedited discovery.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The March 11 Order and March 17 Stipulation Re: Expedited Discovery

The relevant provisions of the March 11 Order are as follows:

- Defendants must "refrain from using, accessing, disclosing, copying, or transmitting" any Moog non-public information (ECF 25, § 1);

- By April 1, 2022, each Defendant must deliver to Moog all Moog non-public information in each Defendant's possession, custody or control or, if such information has been

integrated or used by any Defendant in such a manner that such delivery "necessarily includes property of any Defendant," then "such information shall be given to a third-party forensics firm . . . for forensic imaging in lieu of providing such information directly to Plaintiff" (*Id.*, § 2);

- Skyryse "shall preserve and not otherwise tamper with or modify" its email, network drives, desktop computers, laptops, or other electronic devices (*Id.*, § 5); and
- "Each party shall preserve all evidence in that party's possession, custody, or control relevant to any party's claim or defense in this action, including electronically stored information" (*Id.*, § 9);
- The hearing date on Moog's Motion for Preliminary Injunction is May 9. (*Id.*, § 10).

On March 17, the Parties filed a Stipulation Regarding Expedited Discovery (the "March 17 Order"). (ECF 33). In Section 6, the Parties' "deadline to produce documents responsive to written discovery is April 27, 2022." (*Id.*, § 6). This was a hard deadline with no "substantially complete" language. The hearing date on Moog's Motion for Preliminary Injunction was tentatively scheduled for July 6. (*Id.*).

On April 1, 2022, pursuant to Section 2 of the March 11 Order, Kim and Pilkington turned over a total of 23 electronic devices to iDS, and Skyryse turned over Kim's Skyryse-issued laptop device, along with a hard drive containing 11,093 files pulled from Pilkington's Skyryse-issued laptop. (Andoh Dec., Exs. B, C).

  **B.** **Skyryse's Disclosures Regarding Possession of Non-Public Moog Data and Spoliation of Evidence**

During an April 8, 2022 Conference, Skyryse represented to the Court: "we're happy to be transparent about what we're doing because we feel that strongly that we don't want the [Moog]

material . . . " (ECF 71 at 14:4-8). Skyryse's conduct and correspondence with Moog has shown, unfortunately, that it has been anything but transparent in this case.

On April 25 and 26, Skyryse made several disclosures to Moog and the Court regarding Skyryse's possession of Moog data, deletion of data by Moog employees, and Skyryse's placement of 15 employees on administrative leave. In an April 26, 2022 Conference with the Court, Skyryse's counsel disclosed the following regarding Skyryse's possession of Moog data:

Regarding deletion of data, Skyryse's counsel disclosed the following:



SMRH:4879-2309-9168.3

-4-

### C.     Skyryse Refuses to Answer Moog's Questions For Additional Information

████████████████████████████████████████

████████████████████████████████████████

██████████████████████ At Skyryse's invitation, on April 27, 2022, Moog sent a letter to Skyryse with a list of questions regarding Skyryse's disclosures specifically targeted to pieces of information that Skyryse already had. (Andoh Dec., Ex. D at pp. 3-6).

On May 4 at 1:29 a.m., by its former counsel Gibson Dunn, Skyryse served a response letter that provided limited information in response to Moog's questions. (Andoh Dec., Ex. E). Skyryse answered just a few of Moog's questions. Skyryse failed to indicate when its investigation and disclosures would be complete, or when the additional imaged devices would be turned over to iDS. Skyryse failed to provide any information regarding the admitted ███████████ ███████ such as which employees were found to have deleted data, which electronic devices were involved, or the nature and scope of such deletions. (*Id.*). Later that same day, Gibson Dunn informed the Court of its intent to withdraw as counsel and be replaced by Latham & Watkins. Neither Gibson nor Latham has provided any additional information since the limited and inadequate disclosures transmitted early on May 4.

### D.     Skyryse's Turnover of Additional Devices and Data to iDS After April 1

On April 29, Skyryse turned over to iDS Pilkington's two Skyryse-issued laptops and a thumb drive containing 568 additional files. (Andoh Dec., Ex. F). On May 5, Skyryse turned over additional files to iDS. (Andoh Dec., Ex. G). All these materials were required to be turned over to iDS by April 1.

To date Skyryse has not turned over to iDS any of the 37 additional devices it has imaged or any of the devices implicated in the ████████████████████ And, Skyryse has indicated

that its turnover of Moog non-public information pursuant to the March 11 Order is not complete and that it intends to make "supplemental productions" by May 26. (Andoh Dec., Ex. H).

## III. AN EXPEDITED DISCOVERY SCHEDULE WITH HARD DATES IS NECESSARY

The Parties have reached agreement in principle on the key dates for expedited discovery and the briefing/hearing on Moog's Motion for Preliminary Injunction, including:

- June 2 – deadline to produce documents in response to expedited discovery requests.
- August 25 – deadline to complete expedited discovery, including all depositions.

The remaining dispute is that Defendants want the above deadlines to require "substantial completion" as opposed to hard deadlines requiring actual completion. Moog's proposed schedule, redlined against Defendants' proposed schedule, is attached to the Andoh Dec. as **Exhibit A**.

Moog's proposed schedule with hard completion dates is reasonable and required in this case for several reasons. First, the briefing/hearing schedule on Moog's Motion for Preliminary Injunction has already been pushed back twice now—from May 9 in the March 11 Order to July 6 in the March 17 Order to now October 17. An order that requires only "substantial completion" of discovery obligations will only lead to additional delay. Moog wants to avoid the scenario where Defendants produce relevant and critical information well past the June 2 production deadline and impair Moog's ability to complete discovery by the August 25 deadline. Moog cannot afford to have the Preliminary Injunction hearing date pushed back yet again. Given the concerning disclosures from Skyryse, Moog's need for immediate injunctive relief is heightened.

Second, the deadline in the March 17 Order to produce documents in response to written discovery (April 27) was a hard deadline and did not contemplate "substantial" completion. Defendants previously stipulated to a hard deadline. Because of Defendants' delays and disputes regarding the stipulated protective order, the prior hard production date has been delayed and no

documents have been produced in response to written discovery (even though such requests were propounded March 23). Moog's current proposed schedule is consistent with the language in the March 17 Order. If there have been prior substantial delays with firm deadlines, there will almost certainly be significantly more delays with soft deadlines.

Third, a schedule requiring only "substantial" completion is difficult, if not impossible, for this Court to enforce. Such an amorphous standard will likely be exploited by Defendants to further delay these supposedly "expedited" proceedings. And, this will only invite further dispute and motion practice between the Parties regarding whether the "substantial" compliance standard has been met.

Finally, and perhaps most importantly, Moog's proposal acknowledges that there may be a need to produce documents after the June 2 deadline or conduct discovery after the August 25 deadline (whether via supplementation through FRCP 26(E) or otherwise). Accordingly, Moog's proposal incorporates the language from Section 8 of the March 17 Order, which allows any party to file a status report with the Court to seek modification of the schedule upon a showing of good cause. For example, if Skyryse discovers and produces relevant evidence after June 2, it merely needs to demonstrate good cause to the Court for why such a production was not made earlier. Moog's proposal strikes the appropriate balance between having hard deadlines to hold all parties accountable and keep this case on track but, at the same time, allowing modification of the discovery deadlines upon a showing of good cause. Defendants have not and cannot explain why the good cause procedure from the March 17 Order does not address their concerns.

Moog respectfully requests that the Court enter Moog's proposed scheduling order, attached to the Andoh Dec. as **Exhibit A**.

## IV. DEFENDANTS' PRIVILEGE AND PRIVACY REVIEW SHOULD BE COMPLETED BY JUNE 2

Moog's Motion for Adoption of Inspection Protocol (ECF 96), which was granted by the Court (ECF 106), proposed the following schedule for privilege/privacy review:

- May 19 – deadline for Skyryse to: (1) complete its privilege review of the forensic images of its 5 devices currently in the neutral vendor's possession (which were turned over to iDS on April 1, April 29, and May 5, respectively), such that the remainder of the forensic images (not containing privileged material) is made available for inspection to Moog's experts and outside counsel; and (2) provide a log regarding any excised material to Moog's outside counsel. (*See* ECF 96-13, p. 23).

- June 2 – deadline for Individual Defendants to: (1) complete privilege and privacy review of the forensic images of the 23 devices currently in the neutral vendor's possession (which were turned over to iDS on April 1), such that the remainder of the forensic images (not containing privileged and personally private material) is made available for inspection to Moog's experts and outside counsel; and (2) provide a log regarding any excised material to Moog's outside counsel. (*See* ECF 96-13, pp. 23–24).

Moog first proposed a schedule very similar to the above as early as May 4, in its letter submission to the Court (see Exhibit 4, para. II.A.5). At no point did Defendants object to any of these dates or propose their own dates. **Moog current proposal is that the schedule described above be adopted, with the sole modification being that the May 19 deadline be replaced with May 26**.

Moog's proposed schedule for privilege/privacy review of the 28 devices already in iDS's possession is reasonable and necessary. 25 out of the 28 devices at issue were produced to iDS on April 1. Thus, Defendants' privilege and privacy review should have been initiated more than 7 weeks ago when the devices were first turned over on April 1, and certainly no later than May 13

(when the Court granted Moog's Motion for Adoption of Inspection Protocol). In order to meet the Parties' agreed-upon August 25 discovery cut-off deadline, Moog requires access to these 28 devices no later than June 2. This would provide Moog and its expert just seven weeks to review these images, the potentially millions of files contained therein, and take depositions after digesting such evidence. Any shorter amount of time would unduly prejudice Moog's ability to complete discovery and prove its claims for the Preliminary Injunction hearing.

V.  **SKYRYSE'S TURNOVER OF ALL MOOG NON-PUBLIC INFORMATION AND ELECTRONIC DEVICES INVOLVED IN DATA DELETION SHOULD BE COMPLETED BY JUNE 2**

The March 11 Order required Defendants to turn over all Moog non-public data to either Moog or iDS by April 1. There is no dispute that Skyryse turned over devices and information well after that date, in violation of the March 11 Order, and it appears there will be further supplemental productions around May 26. In order to keep the proposed revised expedited discovery schedule on track, Moog requires a date certain by which Skyryse will complete its obligations under the March 11 Order and cease its violation of same. Moog also requires a date certain by which all electronic devices that were involved in the ▮▮▮▮▮▮ identified by Skyryse's counsel during the April 26 Conference will be turned over to iDS. As the Court stated in its May 13 Order, part of the purpose of entering Moog's inspection protocol is to ▮▮▮▮▮▮ (ECF 109, p. 2). Yet Skyryse has turned over no additional devices in nearly 3 weeks. Moog has also not received any specific information regarding the "alarming series of deletions" by Skyryse employees. None of the additional 37 devices imaged by Skyryse (the existence of which was disclosed to both the Court and Moog on April 26) have been turned over to iDS. Consistent with the foregoing, **Moog also proposes June 2 as the deadline for**:

- Turnover to iDS on a rolling basis of all Moog non-public information, including electronic devices, if the information "necessarily contains" Skyryse information;

- Turnover to iDS on a rolling basis of all electronic devices which were involved in deletion of data (whether recoverable or not), including those identified by Skyryse at the April 26 Conference, and in Skyryse's May 4 Letter to Moog's counsel, and after excising privilege materials consistent with Section IV above; and

- Production directly to Moog of all Moog non-public information, including electronic devices, if the information does not "necessarily contain[]" Skyryse information.

A June 2 deadline is reasonable and necessary for the same reasons identified above. Skyryse was required to turn over Moog non-public information by April 1, so a June 2 deadline (more than two months after the deadline ordered by the Court) to meet these obligations cannot be objectionable. Further, a June 2 deadline to turn over devices involved in deletion of data is reasonable given that Skyryse first disclosed the "alarming series of deletions" to Moog on April 24, and to the Court on April 26. 5 weeks is more than enough time for Skyryse to evaluate and turn over the devices involved in spoliation. Moog requires a date certain by which it knows it will receive all of the evidence involved in Skyryse's possession of Moog data and deletion of data so that, in a span of 7 short weeks, it can digest such information (including review of potentially 60 electronic devices and tens of millions of files) and complete expedited discovery.

When Moog proposed this deadline during meet and confer, Skyryse ran completely silent on its deletion of data and had no timetable for when the devices involved therein would be produced to iDS. (Andoh Dec., Ex. I). Regarding turnover of Moog non-public data under the March 11 Order, Skyryse stated it is "unable to identify a date certain by which this investigation will be complete." (*Id*.). As it has done for months, Skyryse argued the "lists of filenames and hash

values which Moog has provided purportedly to assist in required discovery are excessive" and these "overbroad lists have encumbered and slowed Skyryse's good-faith efforts to identify the existence of any alleged Moog confidential information." (*Id*.).

Skyryse has continually attempted to shift its burden under the March 11 Order to Moog. Skyryse agreed in the March 11 Order to turnover Moog's non-public information by April 1, irrespective of any information it received from Moog. It is not Moog's obligation to comply with those provisions of the March 11 Order. Notwithstanding that the turnover obligations are Skyryse's alone, Moog has provided in good faith the information it could generate regarding the 136,994 files copied and deleted by Misook Kim, including all file names and over 62,000 generated hash values. As far back as May 23, Moog explained in detail why the hash log has limited probative value, and that the file and hash logs constituted all the information Moog could provide—not that they are the beginning and end of what Skyryse should search for. (Andoh Dec., Ex. J). Moog is not responsible for conducting Skyryse's investigation.

Skyryse's purported investigation cannot be indefinite and open ended. Moog requires a date certain by which its non-public information must be turned over. Skyryse previously promised to do that by April 1, and now it cannot commit to any date. June 2 is the latest workable date within the Parties' agreed-upon schedule.

## VI.  REQUESTED RELIEF

Moog respectfully requests that the Court:

1. Adopt Moog's proposed revised schedule for expedited discovery, attached to the Andoh Dec. as **Exhibit A**;

2. By May 26, require Skyryse to (a) complete its privilege review of the forensic images of its 5 devices currently in iDS's possession such that the remainder of the

        forensic images (not containing privileged material) is made available for inspection to Moog's experts and outside counsel on a rolling basis; and (b) provide a log regarding any excised material to Moog's outside counsel.

3. By June 2, require the Individual Defendants to (a) complete privilege and privacy review of the forensic images of the 23 devices currently in the neutral vendor's possession, such that the remainder of the forensic images (not containing privileged and personally private material) is made available for inspection to Moog's experts and outside counsel on a rolling basis; and (2) provide a log regarding any excised material to Moog's outside counsel.

4. By June 2, require Skyryse to, on a rolling basis, (a) turnover to iDS all Moog non-public information, including electronic devices, if the information "necessarily contains" Skyryse information; (b) turnover to iDS all electronic devices which were involved in deletion of data (whether recoverable or not), including those identified by Skyryse at the April 26 Conference, and in Skyryse's May 4 Letter to Moog's counsel (ECF 96, Ex. H); (c) complete privilege review and provide privilege logs for the foregoing devices; and (d) produce directly to Moog all Moog non-public information, including electronic devices, if the information does not "necessarily contain[]" Skyryse information.

Dated: New York, New York
         May 23, 2022

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Moog Inc.*

By: s/ Rena Andoh
    Rena Andoh
    Travis J. Anderson (*pro hac vice*)
    Tyler E. Baker (*pro hac vice*)
    Kazim A. Naqvi (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212).653.8700

**HODGSON RUSS LLP**
*Attorneys for Moog Inc.*

By: s/Melissa N. Subjeck
    Robert J. Fluskey, Jr.
    Melissa N. Subjeck
    Reetuparna Dutta
    Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
Telephone: (716).856.4000