**Rob Fluskey**
Partner
Direct Dial: 716.848.1688
Direct Facsimile: 716.819.4718
*rfluskey@hodgsonruss.com*



May 24, 2022

*<u>Via ECF</u>*

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

Dear Judge McCarthy:

Re:   *<u>Moog Inc. v. Skyryse, Inc., et al.</u>* (Case No. 1:22-cv-00187)

Hodgson Russ LLP and Sheppard Mullin represent plaintiff Moog Inc. On May 17, 2022, the Court ordered each party to identify: (1) the Court filings that should remain under seal; and (2) the Court filings that should be unsealed. Dkt. 116. I write in response to that Order.

Moog requests that the Court maintain the seal over the documents and information identified in Moog's Motions to Seal filed on March 7, 2022 (Dkt. 7) and April 19, 2022 (Dkt. 75). The Court should unseal all other filings, including: the April 26, 2022 conference transcript (Dkt. 95); the May 5, 2022 conference transcript (Dkt. 104); Exhibit H to Rena Andoh's Declaration filed in support of Moog's Motion for Adoption of Inspection Protocol (Dkt. 96-9); the Court's May 13, 2022 order granting Moog's Motion for Adoption of Inspection Protocol (Dkt. 109); Exhibit E to Rena Andoh's Declaration filed in support of Moog's Motion for Scheduling Orders (Dkt. 118-6); and the Memorandum of Law submitted in support of that Motion (Dkt. 118-12).

### Legal Standard

"Accessibility of judicial documents and proceedings to the public is a centuries-old component of our legal system." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 610 (S.D.N.Y. 1998). There is a presumption of public access to judicial documents and this presumption "can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

The Court "must balance competing considerations" against the presumption of access and "[s]uch countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch,* 435 F.3d 110 at 120 (2d Cir. 2006) (internal quotation marks omitted). "[E]ven if



May 24, 2022
Page 2

material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

## Material to Remain Sealed

The documents and information identified in Moog's Motions to Seal filed on March 7, 2022 (Dkt. 7) and April 19, 2022 (Dkt. 75) encompass Moog's proprietary, confidential, and trade secret software and related data, including software programs developed under government contracts for military use, and should remain sealed.

Data and information security is of paramount concern in the aviation industry, including to the government, and public access to Moog's proprietary, confidential, and trade secret material would raise significant security concerns. The same is true of public access to Moog's Acceptable Use Policy (Dkt. 74-4), which contains detailed information about the structure of Moog's data and the manner in which it may be stored.

As set forth in Moog's Motions to Seal, Moog takes great efforts to protect the secrecy of this information, as disclosure would undoubtedly provide considerable competitive advantage to Moog's competitors and harm to Moog. There is no discernable public interest in access to the documents sealed pursuant to these Motions, which were intended exclusively for internal use. The injury and irreparable harm that would result from disclosure of this material substantially outweighs the public's interest—if any—in access to these documents.

## Material to Unseal

Given the presumption of public access to judicial documents and the standard applied to requests to seal, Moog submits that all other material should be unsealed.

The bulk of the material presently sealed in this action references: (1) Skyryse's May 4, 2022 letter to this Court (the "Letter"); or (2) transcripts of the April 26 and May 5 Court conferences. Skyryse's Letter provided limited information in response to Moog's questions regarding Skyryse's disclosures. Skyryse designated the Letter as "ATTORNEYS' EYES ONLY," even though it does not discuss any proprietary or trade secret information. On May 5, 2022, the individual defendants requested that Skyryse de-designate the Letter, along with all other submissions or correspondence regarding Skyryse's disclosures. Moog joined in that request. While Skyryse indicated that it would evaluate that request and report back to the parties, it has yet to do so. Moog maintains its position that there is no need for the Letter to remain under seal.



May 24, 2022
Page 3

      The April 26 and May 5 transcripts should likewise be unsealed. As this Court previously acknowledged, no technical, proprietary, or trade secret information was discussed during the conferences. Skyryse has not met its "heavy burden" to justify the sealing of these transcripts, and it has made no showing of good cause at all.

      To the extent that Skyryse claims reputational harm to itself or its employees as a justification for sealing these transcripts, such an argument fails. The Second Circuit is unambiguous that "[t]he potential for a negative impact on a party's future business or social status does not outweigh the presumption of access." *Saadeh v. Kagan*, No. 20-CV-1945, *2 (PAE)(SN), 2021 WL 965334 (S.D.N.Y. Mar. 15, 2021) (refusing to seal complaint and collecting cases); *Doe v. City of New York*, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("[n]either the possibility of some harm to Defendant's [ ] reputation nor to his employment prospects is a 'higher value' sufficient to overcome the strong presumption in favor of access" (quoting *Lugosch*, 435 F.3d at 125)); *Alexandria Real Estate Equities, Inc. v. Fair*, 2011 WL 60156 46, at *3 (S.D.N.Y. Nov. 30, 2011) (the possibility of a future adverse impact on plaintiff's employment is not sufficient to outweigh the presumption of access); *Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand)*, 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) ("Delta's primary concern appears to be that the documents contain information damaging to its reputation, a concern that, without more, does not warrant judicial protection."); *Zabolotsky v. Experian*, No. 19-CV-11832 (GHW), 2021 WL 106416, at *3 (S.D.N.Y. Jan. 12, 2021) (denying motion to seal case file "for the sake of [plaintiff's] livelihood and professional and personal reputation" because "[i]t is well-settled that neither generalized concerns of adverse publicity nor the possibility of future adverse impact on employment outweigh the presumption of public access") (internal quotations omitted); *Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VB), 2018 WL 6411275, at *2 (S.D.N.Y. Dec. 6, 2018) (refusing to seal case records, finding plaintiff's "interest in privacy, professional reputation, and earning capacity" did not "outweigh the interest in public access to the record").

      If the existence of wrongful conduct, potential liability, or reputational harm could serve as a basis to seal, virtually any defendant would have a presumptive right to sealing. That is not the law. The Court should unseal Dkt. Nos. 95; 104; 96-9; 109; 118-6; and 118-12.

                              Respectfully submitted,

                              s/Rob Fluskey

                              Rob Fluskey

cc:    All Counsel of Record