**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X
MOOG INC.,

                         Plaintiff,                        Case No.: 22-cv-187-LJV-JJM

      vs.

SKYRYSE, INC. ROBERT ALIN PILKINGTON, MISOOK
KIM, and DOES NOS. 1-50

                        Defendants.
-----------------------------------------------------------------------------X

**ROBERT ALIN PILKINGTON AND MISOOK KIM'S**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR Fed. R. Civ. P. 12(b)(6)**
**<u>MOTION TO DISMISS THE COMPLAINT'S SIXTH, NINTH, AND TENTH COUNTS</u>**

 

**WINGET, SPADAFORA &**
**SCHWARTZBERG, LLP**
45 Broadway, 32nd Floor
New York, NY 10006
(p): (212) 221-6900
(f): (212) 221-6989

*Attorneys for Robert Alin Pilkington*
*and Misook Kim*

Of Counsel:   Anthony D. Green, Esq.
                    Alexander A. Truitt, Esq.

Dated:       May 31, 2022
               New York, New York

# **TABLE OF CONTENTS**

**Page No.**

PRELIMINARY STATEMENT ..............................................................................................1

PROCEDURAL BACKGROUND .........................................................................................1

RELEVANT BACKGROUND ...............................................................................................1

ARGUMENT ...........................................................................................................................3

    I.     Legal Standard ..................................................................................................3

    II.    Plaintiff's Conspiracy Claim Must Be Dismissed ...........................................4

    III.   Plaintiff Fails To State a Claim For Unjust Enrichment..................................5

    IV.   California Law Should Apply To Plaintiff's Tortious Interference Claim..............6

    V.    The Complaint Fails To State A Claim For Tortious Interference
With Prospective Economic Advantage ..........................................................7

CONCLUSION......................................................................................................................10

## **TABLE OF AUTHORITIES**

## **CASES**

*Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006)..................4

*Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463 (N.D. Cal. 2020) ................9

*Apace Commc'ns, Ltd. v. Burke*, 17 F. Supp. 3d 238 (W.D.N.Y. 2014) ........................4

*Appalachian Enter., Inc. v. ePayment Sols.*, Ltd.,
    2004 WL 2813121, (S.D.N.Y. Dec. 8, 2004) ......................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................4, 5

*Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496 (S.D.N.Y. 2018)............................5

*Commerce Point Capital, Inc. v. First Data Corp.*,
    19-CV-556-W (LL), 2019 WL 7020057, (S.D. Cal. Dec. 20, 2019)...............4, 5

*Corning Inc. v. Shenzhen Xinhao Photoelectric Tech. Co., Ltd.*,
    546 F. Supp. 3d 204, 215 (W.D.N.Y. 2021) ....................................................6, 8

*Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (2012) ................................................... 5

*Curley v. AMR Corp.*, 153 F.3d 5 (2d Cir. 1998) ...........................................................7

*Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386 (2d Cir. 2001) ...............................6

*Fin. One Pub. Co. Ltd. v.. Lehman Bros. Special Fin., Inc.*, 414 F3d 325 (2d Cir. 2005) .............6

*Hatteras Enterprises Inc. v. Forsythe Cosmetic Group, Ltd.*,
    215-cv-05887, 2018 WL 1935984, at *6 (E.D.N.Y. Apr. 23, 2018) ................ 6

*Hughes v. Ester C Co.,* 330 F. Supp. 3d 862 (E.D.N.Y. 2018)....................................... 5

*Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134 (Cal. 2003) .............. 6-8

*Licci ex rel. Licci v. Lebanese Can. Bank, SAL*, 739 F.3d 45 (2d Cir. 2013) ................7

*Medtech Prod. Inc. v. Ranir, LLC,* 596 F. Supp. 2d 778 (S.D.N.Y. 2008) ....................................5

*Neitzke v. Williams,* 490 U.S. 319 (1989) ..................................................................................3

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
    2012 WL 6082387(S.D.N.Y. Dec. 3, 2012) ......................................................................5

*R.R. Donnelley & Sons Co. v. Marino,* 505 F. Supp. 3d 194 (W.D.N.Y. 2020) ...........................6

*Rickards v. Canine Eye Registration Found., Inc.*, 704 F.2d 1449 (9th Cir. 1983) ........................9

*Ruston v. Town Board for the Town of Skaneateles*, 610 F.3d 55 (2d Cir. 2010) ..........................4

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
    983 F. Supp. 1303(N.D. Cal. 1997) ..................................................................................9

*Soil Retention Prod. Inc. v. Brentwood Indus. Inc.*,
    No. 20-cv-2453, 2021WL 689914, (S.D. Cal. Feb. 23, 2021) .........................................8, 9

*Sunpower Corp. v. Sunpower California, LLC*,
    21-CV-375-CAB-MSB, 2021 WL 8322269, (S.D. Cal. Nov. 5, 2021) ...............................8

*Youst v. Longo*, 43 Cal. 3d 64, 71, 729 P.2d 728 (Cal. 1987) .......................................................8

## STATUTES AND RULES

18 U.S.C. § 1836 .........................................................................................................................1

28 U.S.C. § 1332 .........................................................................................................................6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................1, 3

Cal. Civ. Code § 3426.7 ......................................................................................................6, 7, 9

## PRELIMINARY STATEMENT

Defendants Robert Alin Pilkington ("Pilkington") and Misook Kim ("Kim" and collectively, the "Individual Defendants") respectfully submit this memorandum of law in support of their Fed. R. Civ. P. 12(b)(6) motion to dismiss the Sixth, Ninth, and Tenth Counts alleged in Plaintiff Moog, Inc.'s ("Plaintiff") complaint ("Complaint"), together with such other and further relief as the Court deems equitable, just and proper ("Motion to Dismiss").

## PROCEDURAL BACKGROUND

Plaintiff commenced this action through filing the Complaint on March 7, 2022. *See* Dkt. 1. The Complaint alleges eleven Counts: (1) violation of 18 U.S.C. § 1836; (2) misappropriation of trade secrets; (3) breach of fiduciary duty; (4) aiding and abetting breach of fiduciary duty; (5) unfair competition; (6) conspiracy; (7) breach of contract; (8) breach of contract (against the Individual Defendants); (9) tortious interference with prospective economic advantage; (10) unjust enrichment; and (11) constructive trust. By text order dated May 17, 2022, the Court granted the Individual Defendants leave to file this limited brief in support of their Motion to Dismiss.

## RELEVANT BACKGROUND[1]

The Individual Defendants' Motion to Dismiss is limited to Plaintiff's Sixth (conspiracy), Ninth (tortious interference with prospective economic advantage); and Tenth (unjust enrichment) Counts. As such, this brief will be limited to the allegations relevant to those claims.

The Individual Defendants are former employees of Plaintiff, who joined Skyryse, Inc. ("Skyryse") in the Winter of 2021. *See* Dkt. 1, ¶¶ 12-13. Mr. Pilkington left Plaintiff on November 11, 2021, and Ms. Kim on December 18, 2021. *See id.,* ¶¶ 101, 104. Plaintiff alleges that, in

---

[1] The allegations set forth in this section are drawn from the Complaint and intended for this purpose of this Motion to Dismiss only. This Motion to Dismiss should not be viewed as a waiver or any defense, including the jurisdictional defenses raised in the Individual Defendants' earlier motion papers.

1

November 2021, Ms. Kim misappropriated "Moog's confidential, proprietary, and trade secret data and program files" upon Mr. Pilkington's and/or Skyryse's instruction. *See id.,* ¶ 6.[2] In doing so, Plaintiff alleges the Individual Defendants breached several contracts including the Moog employee handbook and an exit form signed by Ms. Kim. *See id.*, ¶¶ 231-239.

While the Complaint sets forth details concerning the purported misappropriation, the allegations concerning Plaintiff's Sixth, Ninth, and Tenth Counts, are threadbare, conclusory and otherwise deficient. For example, the sole allegation substantiating Plaintiff's claim that the Individual Defendants conspired with Skyryse, states as follows:

> On information and belief, each of the Defendants reached an agreement to commit the above alleged tort. This agreement is indicated by their collaboration and cooperation to use Moog's trade secret, confidential and proprietary information in and for Skyryse's business.

*See id.,* ¶ 219.

In other words, Plaintiff proclaims all defendants committed the alleged tort and, on that basis alone, concludes that all defendants reached a conspiratorial agreement to commit the alleged tort. The Complaint does not set forth any detail concerning such agreement or how it was reached. Here, Plaintiff's allegations are the classic exemplar of a conclusory allegation that cannot sustain Plaintiff's claim. Instead of setting forth well-plead facts to plausibly establish the Individual

---

[2] While Plaintiff's allegations against the Individual Defendants are incendiary, they only form part of the broader dispute between Plaintiff and Skyryse. Plaintiff alleges its relationship with Skyryse began in or around 2018, with the two companies discussing the development of helicopters implemented with unmanned, automated flight systems. *See id.,* ¶¶ 57-63. This relationship progressed amicably until December 2019, when Skyrse announced that it obtained $13 million in financing and would now offer "an autonomous flight system as part of a flight control operating system." *See id.,* ¶¶ 64-77.

The Complaint suggests that Plaintiff viewed Skyryse's new business line as competition and by September 2020, the relationship between the two companies was largely concluded. *See id.,* 78-86, 88. Shortly thereafter, Plaintiff alleges that Skyryse began systematically hiring Plaintiff's employees, including the Individual Defendants. *See id,* 88-105. As a result of Skyryse's alleged "all-out raid," Plaintiff claims to have lost more than 50% of their California-based software development employees. *See id.* 106-108.

2

Defendants reached a conspiratorial agreement with Skyryse, Plaintiff improperly relies on group pleading, which is insufficient.

Plaintiff's unjust enrichment claim fails as a matter of law. Plaintiff's theory of liability is founded on Ms. Kim's alleged retention of Plaintiff's trade secrets after her employment concluded. *See id.,* 251-255. These allegations are insufficient as they merely duplicate Plaintiff's trade secrets and breach of contract claims.

Finally, Plaintiff's tortious interference with prospective economic advantage claim is also deficient. Here, Plaintiff does not specifically identify a prospective business opportunity the Individual Defendants tortiously interfered with. *See id.,* ¶ 248-249. Instead, the Complaint cites Plaintiff's current projects with certain unnamed U.S. Government entities. *Id.* Likewise, Plaintiff does not concretely allege such relationship is harmed; Plaintiff merely speculates that its reputation is damaged, which may lead to harm at some future point. *Id.* The basis of Plaintiff's alleged reputational harm, however, is simply that that Plaintiff must fulfill otherwise existing reporting obligations to said unnamed U.S. Government entities. *Id.* With respect to the tortious interference with prospective economic advantage cause of action, there are no allegations establishing actual economic harm to Plaintiff.

For the reasons set forth herein at length, the Individual Defendants respectfully request this Court grant their Motion to Dismiss in full and dismiss the Complaint's Sixth, Ninth and Tenth Counts, with prejudice.

## ARGUMENT

### I.    Legal Standard

The purpose of a Fed. R. Civ. P. 12(b)(6) motion to dismiss is to "streamline litigation by dispensing with needless discovery and factfinding." *See Neitzke v. Williams*, 490 U.S. 319, 319

(1989). To withstand such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citation omitted). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-679.

By contrast, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" will not sustain the claim. *Iqbal*, 556 U.S. at 678-79 (citation omitted); *see also Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006); *Ruston v. Town Board for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). There must be more than a "sheer possibility that a defendant has acted unlawfully" and alleged facts that are "'merely consistent with' a defendant's liability" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. Plaintiff's Conspiracy Claim Must Be Dismissed

There is no independent tort of civil conspiracy under either New York or California law. *Commerce Point Capital, Inc. v. First Data Corp.*, 19-CV-556-W (LL), 2019 WL 7020057, at *7 (S.D. Cal. Dec. 20, 2019). Where Courts have recognized conspiracy as a legal doctrine to impose liability on persons who did not commit the actual tort but shared a common plan or design with its perpetration, the Court looks for an agreement (among other things) between the alleged conspirators. *See Apace Commc'ns, Ltd. v. Burke*, 17 F. Supp. 3d 238, 246 (W.D.N.Y. 2014).

Here, the only allegations setting forth an agreement between the Individual Defendants and Skyryse are conclusory and must be disregarded by this Court. *See* Dkt. 1, ¶ 219. It is well-established that allegations stating the defendants committed the tort and, therefore, they all

4

conspired to commit the tort, are inadequate as a matter of law and cannot survive a motion to dismiss. *See Twombly*, 550 U.S. 556 (2007); *see also Medtech Prod. Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 794–95 (S.D.N.Y. 2008) (dismissing civil conspiracy to misappropriate trade secrets founded on conclusory allegations). Likewise, Plaintiff cannot imply the specter of a civil conspiracy through improper group pleading; Plaintiff must provide a plausible factual basis to find that each of the Individual Defendants reached an agreement with Skyryse to commit the alleged wrongful acts. *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496, 513 (S.D.N.Y. 2018); *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012); *Appalachian Enter., Inc. v. ePayment Sols., Ltd.*, 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004).

As the Complaint lacks well-plead factual matter plausibly establishing a civil conspiracy, the Individual Defendants respectfully request this Court dismiss the Sixth Count, with prejudice.

### III.   Plaintiff Fails To State A Claim For Unjust Enrichment

It is well-established under either New York and California law, that an unjust enrichment claim must be dismissed where it merely duplicates tort and contract claims. *See Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 876 (E.D.N.Y. 2018) (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)); *Commerce Point Capital, Inc.*, 19-CV-556-W (LL), 2019 WL 7020057, at *6 (S.D. Cal. Dec. 20, 2019). Here, the allegations supporting Plaintiff's unjust enrichment cause of action are the same that support its trade secret and breach of contract claims. *See* Dkt. 1, ¶¶ 160-179; 231-239; 251-255. Likewise, there are no allegations establishing how the Individual Defendants (rather than Skyryse) were allegedly enriched. As Plaintiff's unjust enrichment claim is duplicative of its tort and breach of contract claims, the Tenth Count must be

dismissed, with prejudice. *See Hughes*, 330 F. Supp. 3d at 876; *see also R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194 (W.D.N.Y. 2020).

### IV. California Law Should Apply To Plaintiff's Tortious Interference Claim

A conflict exists between New York and California concerning Plaintiff's tortious interference with prospective economic advantage claim.[3] As Plaintiff alleges this Court has jurisdiction over its Ninth Count pursuant to 28 U.S.C. § 1332, this Court must apply New York's choice-of-law rules to determine the state law governing this dispute. *See Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F3d 325, 331 (2d Cir. 2005); *see also* Dkt. No. 1, ¶ 16.

The first step requires determining if a conflict exists, such that "the applicable law from each jurisdiction provides differing rules that have the potential to affect the outcome of the case significantly." *Hatteras Enterprises Inc. v. Forsythe Cosmetic Group, Ltd.*, 215-cv-05887, 2018 WL 1935984, at *6 (E.D.N.Y. Apr. 23, 2018); *see also Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). Here, there is no question that a conflict exists, since the five elements of the claim under California law are distinct from the four elements of the claim under New York law. *Compare Korea Supply Co.*, 29 Cal.4th, at 131, 63 P.3d, at 950 with *Corning Inc.*, 546 F. Supp. 3d, at 215. Moreover, such claims may be preempted under California law if they

---

[3] Under California Law, the cause of action has five elements: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937, 950 (Cal. 2003).

New York requires four, different elements: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Corning Inc. v. Shenzhen Xinhao Photoelectric Tech. Co., Ltd.*, 546 F. Supp. 3d 204, 215 (W.D.N.Y. 2021).

Critically, California requires actual disruption of the relationship and economic harm proximately caused by the defendant, while New York only requires injury to the relationship. Furthermore, common law tort claims arising from the same nucleus of fact as a misappropriation of trade secrets claim are preempted under the California Uniform Trade Secrets Act. *See* Cal. Civ. Code § 3426.7.

6

arise out of the same facts as a misappropriation of trade secrets claim. *See* Cal. Civ. Code § 3426.7.

The next step requires applying an "interest analysis," and because the claim is "conduct-regulating," the Court will apply the state law where the alleged wrongful conduct occurred. *See Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998) (citations omitted). Here, California law applies, as: (1) Ms. Kim allegedly accessed, misappropriated and retained Plaintiff's trade secrets while in California; and (2) both Skyryse and Mr. Pilkington were in California during all times relevant to the Complaint. While Plaintiff may argue that certain data was maintained on New York servers, that fact is not controlling nor is New York the locus of the injury claimed. *See Licci ex rel. Licci v. Lebanese Can. Bank, SAL*, 739 F.3d 45, 50-51 (2d Cir. 2013) ("the place of the allegedly wrongful conduct that generally has superior 'interests in protecting the reasonable expectations of the parties who relied on [the laws of that place] to govern their primary conduct and in the admonitory effect that applying its law will have on similar conduct in the future'").

As such, the Individual Defendants respectfully submit that California Law should apply to Plaintiff's tortious interference with prospective economic advantage claim.

**V.    The Complaint Fails To State A Claim For Tortious Interference With Prospective Economic Advantage**

The Individual Defendants respectfully request that this Court dismiss Plaintiff's Ninth Count for failure to state a claim upon which relief may be granted. Under California Law, the elements to a tortious interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the

7

relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co.*, 29 Cal. 4th 1134.

It is well-established that California law precludes recovery for overly speculative claims by requiring "proof that it is reasonably probable that the lost economic advantage would have been realized but for the defendant's interference." *Youst v. Longo*, 43 Cal. 3d 64, 71, 729 P.2d 728, 733 (Cal. 1987); *Sunpower Corp. v. Sunpower California*, LLC, 21-CV-375-CAB-MSB, 2021 WL 8322269, at *2 (S.D. Cal. Nov. 5, 2021) (dismissing claim where there are no allegations establishing present negotiations for future projects); *Soil Retention Prod. Inc. v. Brentwood Indus. Inc.*, No. 20-cv-2453, 2021 WL 689914, at *19 (S.D. Cal. Feb. 23, 2021) (dismissal warranted where there allegations setting forth the prospective economic interest at issue or the harm proximately caused by defendant's interference).

Here, Plaintiff does not specifically identify any lost *prospective* economic advantage. *See* Dkt. 1, ¶ 248-249. Instead, Plaintiff's cites current projects with unnamed U.S. Government entities (that do not appear to be disrupted), which are not sufficient. *Id.* Because Plaintiff has never identified a specific prospective economic interest, the claim also fails to state that the alleged tortious acts were aimed towards inferring with that relationship. *See, e.g., Korea Supply Co.*, 29 Cal. 4th at 1163 ("[t]he most numerous of the tortious interference cases are those in which the disruption is caused by an act directed not at the plaintiff, but at a third person").[4] On this point, Plaintiff's theory appears duplicative of its unfair competition claim by arguing that if Skyryse retains the benefit of Plaintiff's alleged trade secrets, Skyryse could gain an advantage in

---

[4] Likewise, failure to set forth such allegations with specificity is fatal to such claim under New York law. *See Corning Inc.*, 546 F. Supp. 3d at 215 (The plaintiff must also allege it would have entered an economic relationship but for the defendant's wrongful "conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship") (citations omitted).

8

securing hypothetical, future business over Plaintiff. However, that claim is directed towards Skyryse and not the Individual Defendants. *Compare, e.g.,* Dkt. 1, ¶¶ 207-216, with ¶ 249.

Likewise, Plaintiff does not allege an actual disruption of the relationship, merely the fact it must fulfill otherwise existing reporting obligations to unnamed customers. *See* Dkt. 1, ¶ 248. Furthermore, there are no allegations establishing actual economic harm arising from the Individual Defendant's alleged interference with prospective business relations. Each of these deficiencies are fatal to Plaintiff's claim. *See Rickards v. Canine Eye Registration Found., Inc.*, 704 F.2d 1449, 1457 (9th Cir. 1983); *Soil Retention Products, Inc.*, 521 F. Supp. 3d at 961; *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1311 (N.D. Cal. 1997).

Finally, the California Uniform Trade Secrets Act ("CUTSA") preempts common law claims based on the same nucleus of fact as a trade secrets misappropriation claim. *See* Cal. Civ. Code § 3426.7. CUTSA preemption extends to tortious interference with prospective economic advantage claims. *See Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463, 483 (N.D. Cal. 2020). While the Complaint does not specifically reference CUTSA, applying California law to Plaintiff's second cause of action reaches this result as CUTSA is the exclusive civil remedy for conduct falling within its scope. *Id.,* at 474-475; *see also* Dkt. No. 1, ¶¶ 180-192.

Based on the foregoing, the Individual Defendants respectfully request this Court dismiss the Ninth Count, with prejudice.

*Continued Through the Following Page*

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request this Court dismiss Plaintiff's Sixth, Ninth and Tenth Counts, with prejudice.

Dated: New York, New York  **WINGET, SPADAFORA &**
      May 31, 2022  **SCHWARTZBERG, LLP**

By: */s/* <u>Anthony D. Green</u>
Anthony D. Green, Esq.
Alexander A. Truitt, Esq.
45 Broadway – 32nd Floor
New York, NY 10006
P: (212) 221-6900
F: (212) 221-6989
Green.A@wssllp.com
Truitt.A@wssllp.com

*Attorneys for Defendants Robert Alin Pilkington and Misook Kim*