UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOOG INC.,

                            Plaintiff,

          v.                                            Case No. 1:22-cv-00187

SKYRYSE, INC., ROBERT ALIN PILKINGTON,
MISOOK KIM, and DOES NOS. 1-50,

                            Defendants.

---

# MEMORANDUM OF LAW IN FURTHER OPPOSITION TO SKYRYSE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Moog Inc.*
Rena Andoh
Travis J. Anderson (*pro hac vice*)
Tyler E. Baker (*pro hac vice*)
Kazim A. Naqvi (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
212.653.8700

**HODGSON RUSS LLP**
*Attorneys for Moog Inc.*
Robert J. Fluskey, Jr.
Melissa N. Subjeck
Reetuparna Dutta
Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
716.856.4000

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY ...........................1

SKYRYSE'S RECENT ADMISSIONS FURTHER WEIGH AGAINST TRANSFER ...............5

CONCLUSION..............................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

**Federal Cases**

*United States ex rel. Bassan v. Omnicare, Inc.*,
  2022 WL 72300 (S.D.N.Y. Jan. 7, 2022) ...........................................................5, 7

*Capitol Records, LLC v. BlueBeat, Inc.*,
  2010 WL 11549413 (C.D. Cal. Mar. 16, 2010) ........................................................5

*Foxworthy v. Custom Tees, Inc.*,
  879 F. Supp. 1200 (N.D. Ga. 1995) ........................................................................6

*Liberty Mut. Ins. Co. v. Fairbanks Co.*,
  17 F. Supp. 3d 385 (S.D.N.Y. May 5, 2014) ...........................................................5

*Micron Tech., Inc. v. Rambus Inc.*,
  645 F.3d 1311 (Fed. Cir. 2011)..............................................................................7

*Silverlit Toys Manufactory, Ltd. v. Absolute Toy Marketing, Inc.*,
  2007 WL 521239 (N.D. Cal. Feb. 15, 2007) ...........................................................6

*Taberna Capital Mgmt., LLC v. Dunmore*,
  2008 WL 2139135 (S.D.N.Y. May 20, 2008) ..........................................................5

**Federal Statutes**

28 U.S.C. §1404(a) ...................................................................................................5

## PRELIMINARY STATEMENT

Skyryse's arguments regarding the need for a discretionary transfer of venue were deficient when first filed.  But this deficiency has been magnified by facts that have come to light since that time.  Skyryse's recent disclosures, including its retention of non-public Moog information past the deadline set forth in this Court's Orders, as well as the possibility of spoliation that will affect Moog's ability to prosecute its claims, counsel in favor of denying transfer.  The massive amount of knowledge gained by this Court thus far (which will continue to grow, particularly in the context of a motion to compel or for sanctions) would be wasted in the event of transfer, and effort unnecessarily duplicated.  Nor should Skyryse's conduct be rewarded by transfer to a "clean slate" jurisdiction of its choosing.  Skyryse's motion to transfer should be denied.

## FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY

On March 11, 2022, Moog, Skyryse, and the individual Defendants, Robert Pilkington and Misook Kim, entered into a Stipulation and Order resolving Moog's motion for a temporary restraining order.  Dkt. 25 (the "March 11 Order").  The March 11 Order required the return of non-public information belonging to Moog (and provided to Defendants by Moog or copied from Moog), either to Moog or to a third-party forensics firm within 21 days of the Order.  *Id*. ¶¶ 2-3.  It also required Defendants to "preserve" and not otherwise "tamper with or modify in any way" email, shared network drives, and desktop computers and further provided that "[e]ach party shall preserve all evidence in that party's possession, custody, or control relevant to any party's claim or defense in this action, including electronically stored information."  *Id*. ¶¶ 5-6, 9. On March 17, the parties entered into another Stipulated Order, reiterating the 21-day deadline to return Moog's information.  Dkt. 33 (the "March 17 Order") ¶ 1.

On March 29, Skyryse filed a motion to dismiss for lack of jurisdiction and improper venue or, alternatively, to transfer venue.  Dkt. 48.  On April 1, the deadline to return all non-public Moog information, Kim and Pilkington turned over 23 devices to the neutral vendor, and Skyryse turned over Kim's Skyryse-issued laptop device, along with a hard drive containing 11,093 files pulled from Pilkington's Skyryse-issued laptop.  (*See* Declaration of Rena Andoh, dated May 11, 2022, Dkt. 96-1 ("Andoh Decl."), Exs. D, E (Dkts. 96-5, 96-6)).  On April 12, 2022, Moog filed its opposition to Skyryse's motion to dismiss or transfer, and Skyryse filed its reply on April 22.  Dkts. 62, 78.

On April 26, Magistrate Judge McCarthy convened a conference on an emergency basis at the request of Skyryse's then counsel, Gibson Dunn.  During that conference, Gibson Dunn affirmatively disclosed Skyryse's current possession of Moog information and potential spoliation by Skyryse employees:



April 26, 2022 Transcript of Telephonic Discovery Conference before the Hon. Jeremiah J. McCarthy, United States Magistrate Judge. Dkt. 95 ("April 26 Tr."), at 17-18; *see also id.* at 19



█████████████████████████████).  Counsel for Skyryse also acknowledged that certain of Moog's allegations in its Complaint regarding the theft of Moog information were accurate:



April 26 Tr., at 6-7 (emphasis added).

On April 29, ***over four weeks after the deadline in the March 11 and March 17 Orders for return of Moog's information***, Skyryse made a production that confirmed the company's continuing possession of non-public Moog information.  (Andoh Decl., Ex. G (Dkt. 96-8)).  Skyryse turned over to the neutral vendor two additional laptops that were issued to Pilkington, and a thumb drive containing 568 additional files.  *Id*.  On May 5, Skyryse turned over additional files to the neutral vendor.  (*Id*., Ex. I (Dkt. 96-10)).  As evidenced by Skyryse's own admissions to the Court and letters to counsel, Skyryse possessed Moog's non-public information after the deadline in the March 11 and March 17 Orders, and it may also have spoliated information in violation of those Orders.  ***Skyryse still has not confirmed that it has returned all non-public Moog information.***

Given the speed at which this proceeding has moved, this Court has been actively involved with the parties and issues in the case.  After the April 26 Conference, the parties again appeared before Magistrate Judge McCarthy on May 5 (Dkt. 88) and May 17 (Dkt. 115).  At the May 17 conference, Magistrate Judge McCarthy and the parties agreed to hold "monthly

conferences in this case to keep a[] handle on things." Dkts. 115, 116.  The parties also appeared before Magistrate Judge McCarthy on June 1 for oral argument on Moog's motion for a scheduling order.  Dkt. 130.  The Court scheduled another discovery conference for June 16. Dkt. 116.

   In addition, the volume of materials submitted to this Court—and with which the Court has become familiar—is extraordinary.  This information is not limited to non-substantive scheduling or procedural matters, but to issues that are foundational to the merits.  For example, on April 19, Moog submitted a letter brief regarding Defendants' non-compliance with the March 11 Order, the inspection protocol, and the scope of the protective order.  This letter brief included as an exhibit Defendant Kim's responses to requests for admission in which she admitted that she and Defendant Pilkington possessed Moog's confidential information when they began their employment at Skyryse.  Dkt. 74-6.  Similarly, on that same date, Skyryse submitted a letter brief in which it attached communications between counsel, including letters describing Moog's alleged failure to identify its purported trade secrets.  Dkt. 76-7.  Magistrate Judge McCarthy has also decided Moog's and Skyryse's motions for adoption and entry of their proposed inspection protocols (Dkt. 109) and will decide Moog's motion relating to discovery deadlines (Dkt. 118).

   On May 10, the parties appeared before Judge Vilardo (Dkt. 101), who allowed Skyryse the opportunity to file an amended brief in support of its motion to dismiss or change venue on May 20, and granted Moog the opportunity to file a response or sur-reply on June 3. Skyryse filed an amended brief on May 20, containing no substantive changes.  Dkt. 117.

## SKYRYSE'S RECENT ADMISSIONS FURTHER WEIGH AGAINST TRANSFER

Under 28 U.S.C. §1404(a), this Court should consider whether transfer would enhance or detract from trial efficiency and whether the "interests of justice" support transfer.  In some cases, these factors are determinative.  *See United States ex rel. Bassan v. Omnicare, Inc.,* 2022 WL 72300, at *4 (S.D.N.Y. Jan. 7, 2022) ("trial efficiency" and "interests of justice" were determinative in denial of motion to transfer); *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 397 (S.D.N.Y. May 5, 2014).  For the reasons discussed in Moog's opposition to Skyryse's motion to dismiss (*see* Dkt. 62), as well as Skyryse's recent admissions regarding its retention of Moog's non-public information and potential spoliation, both factors weigh strongly against transfer.

*First*, transferring this case would result in a significant waste of already-expended judicial resources, given the Court's involvement and familiarity with the parties and issues—particularly recently.  *See Taberna Capital Mgmt., LLC v. Dunmore,* 2008 WL 2139135, at *3 (S.D.N.Y. May 20, 2008) ("strong interest in preserving scarce judicial resources" weighed against transfer where parties already agreed to discovery schedule and post-discovery motion schedule, discovery had commenced, and court set a ready-for-trial date); *see also Capitol Records, LLC v. BlueBeat, Inc.,* 2010 WL 11549413, at *3 (C.D. Cal. Mar. 16, 2010) (denying transfer in part because court "presided over this action for four months, already issued a Temporary Restraining Order and Preliminary Injunction, set a trial date, and entered a detailed Scheduling and Case Management Order, and, that transfer would thus waste judicial resources.") (citations omitted).  This Court So-Ordered (and has jurisdiction over) the March 11 and March 17 Orders, participated in real-time in the Skyryse disclosures which evidence potential violations of those Orders, and has already used this foundation of knowledge in

furtherance of the parties' motion practice.  *See* Dkt. 109 (Decision and Order, Filed Under

Seal).  The information this Court has gleaned by these disclosures go directly to the merits of

the case; indeed, Skyryse's counsel has acknowledged this.  April 26 Tr., at 6-7 (███████████

███████████████████████████████████████████████████).

Transferring the case would lead to unnecessary duplication of efforts already expended, and

would place a California court—with no background or familiarity with the litigation—in the

position of enforcing this Court's Orders and in the middle of an expedited proceeding well on

its way to a preliminary injunction hearing.  *See Silverlit Toys Manufactory, Ltd. v. Absolute Toy

Marketing, Inc.,* 2007 WL 521239, at *12 (N.D. Cal. Feb. 15, 2007) (interests of justice and

efficiency weighed against transfer; "Defendants' blatant copying has required this Court to

familiarize itself early with the case on motion for preliminary injunction" and "[i]t would be

inefficient to require a judge in Utah to duplicate this effort").

      Moreover, as raised in Moog's initial opposition, Moog has asked for injunctive

relief to ensure that Defendants do not continue to misappropriate its trade secrets, and transfer

will only delay this relief.  Dkt. 1 (Complaint).  This concern is even more significant given the

events of the past month, which validate Moog's allegations.  And in furtherance of the

requested relief, Moog has asked for a preliminary injunction hearing in October—only

approximately 4 months away.  Dkt. 101.  Transferring to another court will almost certainly

delay this hearing to Moog's detriment.  *See Foxworthy v. Custom Tees, Inc.,* 879 F. Supp. 1200,

1208-09 (N.D. Ga. 1995) ("where the only concern is one of convenience, the interests of justice

surely would be disserved by forcing a plaintiff to await ruling on a motion for preliminary

injunction until a more convenient court has time to receive, apprehend and consider the

motion").

*Second*, the interests of justice surely do not favor transfer.  The evidence suggests that Skyryse has violated the March 11 and March 17 Orders and that there is a high probability that it has misappropriated Moog's trade secrets and spoliated evidence.  *See* April 26 Tr., at 17-18, 19.  The "interests of justice" are not served by allowing Skyryse a fresh start before a new court, unfamiliar with its actions or the voluminous record established here.  *Cf. Micron Tech., Inc. v. Rambus Inc*., 645 F.3d 1311, 1331-32 (Fed. Cir. 2011) (affirming denial of motion to transfer in part because defendant filed the motion a month after receiving a favorable ruling in proposed transferee court, suggesting forum shopping).  Nor are the interests of justice served by having a new judge, unfamiliar with the issues or Skyryse's conduct, put in charge of monitoring compliance with the March 11 and March 17 Orders (which Skyryse **still** has not achieved) or other Decisions and Orders that this Court has (*see* Dkt. 109) or will issue.[1]  This Court is in the best position to enforce its Orders, as the efforts of this Court to learn the issues, engage with the litigants, and actively monitor discovery cannot be understated—and will only continue to grow as Moog further investigates Skyryse's conduct.  *See Omnicare, Inc*., 2022 WL 72300, at *4 ("I am not at all inclined to give away a case into which I have invested so much time").  Skyryse should be held to account here.

---

[1]     Skyryse consented to this Court's jurisdiction for purposes of the March 11 and March 17 Orders.  March 11 Order, ¶ 11; March 17 Order, ¶ 14.  Any Decisions or Orders issued by this Court relating to these Orders (for example, a motion for sanctions for violating these Orders) fall within Skyryse's consent to this Court's jurisdiction.

**CONCLUSION**

Skyryse's wrongful conduct does not justify a transfer to its venue of choice.

This matter is appropriately heard here, and this Court's expenditure of significant judicial

resources further counsels against transfer.

Dated: June 3, 2022

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Moog Inc.*

By: s/ Rena Andoh_____

     Rena Andoh
     Travis J. Anderson (*pro hac vice*)
     Tyler E. Baker (*pro hac vice*)
     Kazim A. Naqvi (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
(212) 653.8700

**HODGSON RUSS LLP**
*Attorneys for Moog Inc.*

By: s/Robert J. Fluskey, Jr._____

     Robert J. Fluskey, Jr.
     Melissa N. Subjeck
     Reetuparna Dutta
     Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
(716) 856.4000