UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

Plaintiff,

v.

SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,

Defendants.

Case No. 1:22-cv-00187-LJV-JJM

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS ROBERT ALIN PILKINGTON'S AND MISOOK KIM'S MOTION TO DISMISS COUNTS VI, IX, AND X OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................ 1

II. RELEVANT BACKGROUND ........................................................................ 1

III. LEGAL STANDARD ....................................................................................... 2

IV. ARGUMENT ................................................................................................. 3

A. Under *Twombly*, Moog Has Plausibly Pleaded a Claim for Conspiracy Against the Individual Defendants ............................................................ 3

B. New York Law Applies to the Claim For Tortious Interference With Prospective Economic Advantage, and Moog Has Sufficiently Pleaded Such Cause of Action ............................................................................ 5

1. No Choice of Law Analysis Is Necessary, So New York Law Applies ........................................................................................ 5

2. Even Were There a Conflict (There Is Not), New York Law Applies ........................................................................................ 6

C. Moog Has Stated A Claim For Unjust Enrichment Against Pilkington and Kim. ............................................................................................ 8

D. In the Event the Court Finds Any Causes of Action Insufficiently Pleaded, Moog Respectfully Requests Leave to Amend the Complaint ................................ 9

V. CONCLUSION ............................................................................................ 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Appalachian Enter., Inc. v. ePayment Sols., Ltd.*
2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ....................5

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)....................2

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)....................2, 3, 4, 5

*Bytemark, Inc. v. Xerox Corp.*
342 F. Supp. 3d 496 (S.D.N.Y. 2018)....................5

*Cline v. Reetz-Laiolo*
329 F. Supp. 3d 1000 (N.D. Cal. 2018) ....................6

*Foman v. Davis*
371 U.S. 178 (1962)....................9

*Gutride Safier LLP v. Reese*
No. C-13-1062 EMC, 2013 WL 4104462 (N.D. Cal. Aug. 9, 2013)....................6

*Haraden Motorcar Corp. v. Bonarrigo*
No. 119CV01079BKSDJS, 2020 WL 1915125 (N.D.N.Y. Apr. 20, 2020) ....................8

*Installed Bldg. Prod., LLC v. Cottrell*
No. 13-CV-1112-ASC, 2014 WL 3729369 (W.D.N.Y. July 25, 2014) ....................3

*Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*
363 F.3d 137 (2d Cir. 2004)....................6

*Interstate Foods, Inc. v. Lehmann*
No. 06 CIV. 13469(JGK), 2008 WL 4443850 (S.D.N.Y. Sept. 30, 2008) ....................8

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003) ....................6

*Lopez v. BigCommerce, Inc.*
No. 16-CV-8970 (JPO), 2017 WL 3278932 (S.D.N.Y. Aug. 1, 2017) ....................5

*Manchanda v. Navient Student Loans*
No. 19CV5121, 2020 WL 5802238 (S.D.N.Y. Sept. 29, 2020) ....................5

*Medtech Prods. Inc v. Ranir LLC*
596 F. Supp. 2d 778 (S.D.N.Y. 2008)....................4

*Moore v. City of New York*
No. 15CV6600GBDJLC, 2017 WL 35450 (S.D.N.Y. Jan. 3, 2017)........................................1

*Nadel v. Play–By–Play Toys & Novelties, Inc.*
208 F.3d 368 (2d Cir. 2000)..............................................................................................6

*New York Life Ins. Co. v. United States*
724 F.3d 256 (2d Cir. 2013)..............................................................................................3

*Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*
No. 12 CIV. 2837 KBF, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)....................................5

*PharmacyChecker.com, LLC v. National Assn. of Boards of Pharmacy*
530 F. Supp. 3d 301 (S.D.N.Y. 2021)................................................................................4

*PRCM Advisers LLC v. Two Harbors Inv. Corp.*
2021 WL 2582132 (S.D.N.Y. Jun. 23, 2021) .....................................................................9

*Reading Intern., Inc. v. Oaktree Capital Mgmt. LLC*
317 F. Supp. 2d 301 (S.D.N.Y. 2003)................................................................................4

*Six Dimensions, Inc. v. Perficient, Inc.*
No. 15 CIV. 8309 (PGG), 2017 WL 10676897 (S.D.N.Y. Mar. 28, 2017)..............................6

*Sondik v. Kimmel*
131 A.D.3d 1041 (2d Dep't 2015) .....................................................................................7

*Soo Park v. Thompson*
851 F.3d 910 (9th Cir. 2017) ............................................................................................4

*State v. Panex Indus., Inc.*
No. 94-CV-0400E(H), 1997 WL 128369 (W.D.N.Y. Mar. 14, 1997) .....................................9

*Tocker v. Philip Morris Co., Inc.*
470 F.3d 481 (2d Cir. 2006)..............................................................................................9

*Travelsavers Enters., Inc. v. Analog Analytics, Inc.*
149 A.D.3d 1003 (2d Dep't 2017) .....................................................................................7

*Tronlone v. Lac d'Amiante Du Quebec, Ltee*
297 A.D.2d 528 (1st Dep't 2002), *aff'd*, 99 N.Y.2d 647 (2003)...............................................6

*Uni-World Cap., L.P. v. Preferred Fragrance, Inc.*
43 F. Supp. 3d 236 (S.D.N.Y. 2014)..................................................................................10

*United Rentals, Inc. v. Price*
473 F. Supp. 2d 342 (D. Conn. 2007)................................................................................8

*Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.*
2015 WL 4040882 (S.D.N.Y. July 2, 2015) ....................5

*White Plains Coat & Apron Co. v. Cintas Corp.*
460 F.3d 281 (2d Cir. 2006)....................7

*Yahoo! Inc. v. XYZ Cos.*
872 F. Supp. 2d 300 (S.D.N.Y. 2011)....................4

**Statutes**

California Uniform Trade Secrets Act....................5, 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................1, 2

Fed. R. Civ. P. 15(a) ....................9

## I.     INTRODUCTION

Defendants Robert Alan Pilkington's and Misook Kim's (collectively, the "Individual Defendants") motion to dismiss Counts VI, IX, and X of Plaintiff Moog Inc.'s ("Moog") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") [ECF No. 131][1] is properly denied as the Complaint contains sufficient allegations to satisfy *Twombly*'s pleading requirements. The Motion ignores material portions of the Complaint which satisfy the requisite pleading standard at this procedural stage, and also ignores the requirement under Rule 12(b)(6) that the allegations in the Complaint must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. The Motion should therefore be denied in full.[2]

## II.    RELEVANT BACKGROUND

The Court is now familiar with the pertinent facts of this case, a full recitation of which can be found in Moog's Complaint (ECF No. 1) and memorandum of law in opposition to Skyryse's initial motion to dismiss under Rule 12(b)(6) (*see* ECF No. 61). Moog initiated this action on March 7, 2022, seeking a temporary restraining order/preliminary injunction based in part on Defendants' coordinated (i) theft of an enormous amount of Moog's proprietary, confidential, and trade secret information and files, and (ii) raiding of Moog's employees. *See* ECF Nos. 1, 4. Moog's allegations have proven to be well-founded through the disclosures and limited discovery conducted to date. For example, on April 1, 2022: (1) Kim and Pilkington turned over a total of 23 electronic devices to a forensics firm; (2) Skyryse turned over Kim and Pilkington's Skyryse-issued laptop devices; (3) Skyryse admitted it found 11,093 files on

---

[1] The Motion does not seek dismissal of Counts I, II, III, IV, VIII, and XI against the Individual Defendants, and so those claims should proceed regardless of the outcome of the Motion. *Moore v. City of New York*, No. 15CV6600GBDJLC, 2017 WL 35450, at *9 (S.D.N.Y. Jan. 3, 2017).
[2] To the extent the Court finds any cause of action insufficiently pleaded, leave to amend is properly granted to conform the pleading to the factual record developed. *See* Section IV.D.

Pilkington's Skyryse device that matched the file names of those Kim took from Moog; and (4) Skyryse admitted that Kim's Skyryse-issued laptop received data from the devices she used to copy Moog's data. *See* ECF No. 61-2 (Moog's Apr. 7, 2022 letter submission) at 6. To date, both Skyryse and the Individual Defendants have had counsel withdraw from their representation, with Skyryse's initial counsel explaining to the Court on April 26, 2022 that (i) [REDACTED] *See* ECF 95 (Apr. 26, 2022 Tr.) at 15:4; 17:24-18:3; 18:12-18; 19:4-11; 19:17-24; 20:5-12; 21:7-18. Once the parties complete forensic analysis of the devices and files that have been turned over in discovery, and further document and electronic file production is progressed, the full details of the conspiracy between Skyryse, Pilkington, and Kim to misappropriate Moog's proprietary information and raid Moog employees, which has tortiously interfered with Moog's business and unjustly enriched the Defendants, will be exposed. In the meantime, the factual allegations in the Complaint, which wholly align with what has been learned to date, are sufficient to state actionable claims for conspiracy, tortious interference, and unjust enrichment against the Individual Defendants.

## III. LEGAL STANDARD

A complaint survives a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief through "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). On a motion to dismiss, "the Court must 'accept[ ] as true the complaint's factual allegations and draw [ ] all

reasonable inferences in the plaintiff's favor.'" *Installed Bldg. Prod., LLC v. Cottrell*, No. 13-CV-1112-ASC, 2014 WL 3729369, at *1 (W.D.N.Y. July 25, 2014) (quoting *New York Life Ins. Co. v. United States*, 724 F.3d 256 (2d Cir. 2013)). It is not necessary for the complaint to assert "detailed factual allegations," but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.*

## IV. ARGUMENT

### A. Under *Twombly*, Moog Has Plausibly Pleaded a Claim for Conspiracy Against the Individual Defendants

While the Motion baldly argues that Moog's allegations regarding conspiracy are "conclusory," the face of the Complaint says otherwise. First, Moog has clearly pleaded an underlying tort for misappropriation of trade secrets to state a claim for conspiracy, which the Motion does not challenge (and indeed, the Individual Defendants do not move to dismiss the underlying misappropriation claims for failure to state that underlying tort). Second, the Motion cites to but a single paragraph of Moog's Complaint (*see* Mot. Br. at 4 (citing only "Dkt. 1, ¶ 219")) for its argument on the sufficiency of conspiracy claim, while purposely ignoring the ample paragraphs elsewhere in the Complaint which allege the additional elements required to state a conspiracy claim. For example, the Complaint alleges:

i. an agreement between two or more parties (as indicated by Skyryse's, Pilkington's, and Kim's cooperation and coordination in taking Moog's trade secret and proprietary information) (*e.g.*, ECF No. 1 (Compl.) ¶¶ 4, 6, 9, 94, 219);

ii. an overt act in furtherance of the agreement (the raiding of Moog's employees and the taking of Moog's data and delivery of the same to Skyryse, including through Kim's use of Pilkington's branch) (*id.* ¶¶ 6, 89, 90-129, 134-141, 220);

iii. the parties' intentional participation in the furtherance of a plan or purpose (each of Skyryse, Pilkington, and Kim played one or more active roles in the scheme) (*id.* ¶¶ 6, 89, 90-129, 134-141, 220); and

iv. resulting damage or injury (robbing Moog of its years and millions of dollars of investments to be market first-mover, crippling Moog's software engineering workforce,

harm to Moog's reputation, goodwill, and security) (*id.* ¶¶ 142-159, 221-22). The Individual Defendants' election to ignore material portions of the Complaint does not render the allegations legally insufficient.

Third, given the nature of a conspiracy, Moog of course lacks detail and documentation on precisely what was said between Skyryse, Pilkington, and Kim (as document discovery has only just commenced). But Moog nevertheless has pleaded sufficient circumstantial facts to reasonably infer a conspiracy, which case law makes clear is entirely permissible in circumstances where (as here) actual evidence of agreement is within the unique knowledge of the defendants. *See Yahoo! Inc. v. XYZ Cos.*, 872 F. Supp. 2d 300, 305 (S.D.N.Y. 2011) ("Agreements in civil conspiracies may be inferred from circumstantial evidence, as they are often difficult to prove through direct evidence.");[3] *cf. Soo Park v. Thompson*, 851 F.3d 910, 928-29 (9th Cir. 2017) (where "complaint alleged facts that are 'suggestive' of an agreement to engage in 'illegal conduct'" and "entire factual context is considered," *Twombly* standard was met to state civil conspiracy claim).[4]

Fourth, the Motion's passing argument regarding "group pleading" is misguided in view of the plain text of the Complaint which, while alleging that the Defendants engaged in some collective activity (for example, the agreement to misappropriate Moog's proprietary

---

[3] *See also PharmacyChecker.com, LLC v. National Assn. of Boards of Pharmacy*, 530 F. Supp. 3d 301, 337 (S.D.N.Y. 2021) (plaintiff's "allegations are sufficient circumstantial evidence of a conspiracy."); *Reading Intern., Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 319 n.10 (S.D.N.Y. 2003) (denying motion to dismiss civil conspiracy claim because "plaintiffs 'have identified the co-conspirators and described the nature and effect of the alleged conspiracy,' which is sufficient to withstand a motion to dismiss.").

[4] The Individual Defendants' reliance on *Medtech Prods. Inc v. Ranir LLC*, 596 F. Supp. 2d 778 (S.D.N.Y. 2008), is misplaced. There, the plaintiff alleged in a single sentence that defendants "conspired, agreed, and planned to use Medtech's confidential and proprietary information." *Id.* at 795. As shown above, however, Moog has alleged many facts comprising circumstantial evidence of a conspiracy.

information), also sets forth numerous allegations (*e.g.*, ECF No 1 ¶¶ 6, 89, 94, 95-100, 102-106, 121-124, 125) identifying which particular defendant engaged in particular conduct and indicating coordination between them, all which is permissible to satisfy *Twombly*. *See Manchanda v. Navient Student Loans*, No. 19CV5121, 2020 WL 5802238, at *2 (S.D.N.Y. Sept. 29, 2020); *Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.*, 2015 WL 4040882, at *4 (S.D.N.Y. July 2, 2015). In other words, "the Complaint attributes some specific conduct to each Defendant" or pleads "against both [Skyryse] and [the Individual Defendants]—acting either individually or jointly" (*Manchanda*, 2020 WL 5802238, at *2–3), and "provide[s] a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*, No. 12 CIV. 2837 KBF, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012); *see Lopez v. BigCommerce, Inc.*, No. 16-CV-8970 (JPO), 2017 WL 3278932, at *2 (S.D.N.Y. Aug. 1, 2017).[5] The Complaint thus plausibly states a claim for conspiracy.

## B. New York Law Applies to the Claim For Tortious Interference With Prospective Economic Advantage, and Moog Has Sufficiently Pleaded Such Cause of Action.

### 1. No Choice of Law Analysis Is Necessary, So New York Law Applies

In a tortured and transparent effort to eventually advance a California Uniform Trade Secrets Act (CUTSA) pre-emption argument, the Individual Defendants argue that the laws of New York and California are in conflict as to tortious interference with prospective economic

[5] The Motion improperly relies on *Appalachian Enter., Inc. v. ePayment Sols., Ltd.*, 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004), wherein the court observed that "[t]he complaint merely refers to the culpable acts committed by all seventeen defendants, without any attempt to differentiate which act was taken by which party, or how the parties are interrelated." *Id.* at *7. By contrast, Moog's Complaint provides factual allegations regarding each of the defendants' wrongdoings. Likewise, the Motion's reliance on *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496 (S.D.N.Y. 2018), is misguided, as in that case, the plaintiff only alleged wrongdoing with respect to the "Xerox Entities," yet tried, by group pleading of "Defendants" to ascribe that conduct to defendants Conduent and NJ Transit. Moog has alleged both distinct and collective actions for each of Skyryse, Pilkington, and Kim, and has not relied on pure group pleading to implicate the Individual Defendants.

advantage, and California law should apply. Mot. Br. at 6-7. However, the Second Circuit has made clear that: (1) choice of law does not matter unless the laws of the competing jurisdictions are actually in conflict; (2) in the absence of a substantive difference, a New York court will dispense with choice of law analysis; and (3) if New York law is among the relevant choices, New York courts are free to apply it. *Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004); *Tronlone v. Lac d'Amiante Du Quebec, Ltee*, 297 A.D.2d 528, 528 (1st Dep't 2002), *aff'd*, 99 N.Y.2d 647 (2003) (if no conflict exists, the law of the forum is applied). Tellingly, the Individual Defendants fail to cite any authority actually holding that a conflict of law exists between New York and California, and in fact, the case law has held the opposite. Indeed, courts both in and beyond the Second Circuit have found that the elements of tortious interference with prospective economic advantage under New York law and California law "are essentially the same," and thus, the Court should "apply New York law." *E.g.*, *Six Dimensions, Inc. v. Perficient, Inc.*, No. 15 CIV. 8309 (PGG), 2017 WL 10676897, at *5 n.3 (S.D.N.Y. Mar. 28, 2017).[6] The Individual Defendants' choice of law argument is thus without merit and the analysis need go no further. *Int'l Bus. Machines Corp.*, 363 F.3d at 143.[7]

**2. Even Were There a Conflict (There Is Not), New York Law Applies**

[6] *Cf. Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1033 n.18 (N.D. Cal. 2018) (finding that for tortious interference with prospective economic advantage claim, New York and California "have the same elements" so the court "need not engage in a choice-of-law analysis.").

[7] The Individual Defendants further erroneously argue that there is a conflict because "California requires actual disruption of the relationship and economic harm proximately caused by the defendant, while New York only requires injury to the relationship." Mot. Br. at 6 n.3. However, this is a distinction without a substantive difference, and federal courts have held to the contrary, finding that "no choice of law analysis is necessary . . . because, whether California or New York applies, there must be an actual injury resulting from the interference," and citing to equivalence between California's element of "economic harm to the plaintiff proximately caused by the acts of the defendant" and New York's "injury to the business relationship." *Gutride Safier LLP v. Reese*, No. C-13-1062 EMC, 2013 WL 4104462, at *9 (N.D. Cal. Aug. 9, 2013) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) and *Nadel v. Play–By–Play Toys & Novelties, Inc.*, 208 F.3d 368, 382 (2d Cir. 2000)).

Even if the Court were to identify a sufficient substantive difference between the law of New York and California for tortious interference with prospective economic advantage (but as explained, there is not), New York law should apply here.  New York appellate cases that post-date the Individual Defendants' cited authority make clear that "[w]here the plaintiff and defendant are domiciled in different states, the applicable law in an action where civil remedies are sought for tortious conduct is that of *the situs of the injury*," which here is New York.  *Sondik v. Kimmel*, 131 A.D.3d 1041, 1041 (2d Dep't 2015) (emphasis added) (finding that "[a]lthough the alleged tortious conduct, the editing of the video clip, occurred in California, the plaintiff's alleged injury occurred in New York, where he is domiciled and resides. Moreover, New York is the state with the greater interest in protecting the plaintiff, its citizen and resident."); *Travelsavers Enters., Inc. v. Analog Analytics, Inc.*, 149 A.D.3d 1003, 1008 (2d Dep't 2017) ("New York law [on tortious interference claim] applies in this case because the plaintiff is located in New York and the alleged injury occurred in New York").  New York is not only where Moog is incorporated and headquartered, but it is also the place where the last event necessary for liability occurred, namely, harm.  *White Plains Coat & Apron Co. v. Cintas Corp.*, 460 F.3d 281, 285 (2d Cir. 2006) (in reviewing tortious interference claim, stating that New York has the most significant interest and its laws apply "where negligent conduct occurs in one jurisdiction but the plaintiff's injuries are suffered in another, the situs of the tort is where the last event necessary for liability occurred" and finding that the damages were suffered at the plaintiff's New York headquarters); *see also* ECF. No. 1 (Compl.) ¶ 250 (explaining harm to Moog from tortious interference).

Further, as all of the data copied by Kim is located on Moog's internal servers in East Aurora, New York (ECF No. 4-2 (Hunter Dec. ¶ 25)), New York is where the underlying

conduct significantly occurred (the actual taking from Moog's servers), notwithstanding that Pilkington and Kim might be located in California. *See Interstate Foods, Inc. v. Lehmann*, No. 06 CIV. 13469(JGK), 2008 WL 4443850, at *2 (S.D.N.Y. Sept. 30, 2008) (applying New York law where "the plaintiff, a New York corporation, suffer[ed] the injury" in New York and "New York [was] also the location of the critical fact giving rise to the dispute," i.e. the place where fraudulent checks were delivered, notwithstanding that defendant was resident of New Jersey and the fraudulent checks were prepared in New Jersey).

Thus, because New York law governs under either analysis above, the Motion's argument that the claim has not been pleaded under California law can be disregarded.[8] The argument that the Complaint does not identify prospective economic advantage is belied by the face of the Complaint itself. *See* ECF No. 1 ¶¶ 6, 145, 158-59, 241, 248-50 (addressing interference with and injury to Moog's "ongoing business relationship with the US Government" and Moog's "ability to obtain future contracts with the US Government[.]"). Such allegations are sufficient to state a viable claim for tortious interference with prospective economic advantage. *United Rentals, Inc. v. Price*, 473 F. Supp. 2d 342, 347 (D. Conn. 2007).

**C. <u>Moog Has Stated A Claim For Unjust Enrichment Against Pilkington and Kim.</u>**

Moog's unjust enrichment claim is not merely duplicative of, nor dependent on, Moog's misappropriation and breach of contract claims because if Moog is found not to have trade secrets or that the contracts weren't technically breached, those "claims could fail while [Moog] still recovers for unjust enrichment" based on Kim and Pilkington's (and Skyryse's) unfair gains. *Haraden Motorcar Corp. v. Bonarrigo*, No. 119CV01079BKSDJS, 2020 WL 1915125, at *10

---

[8] And for that reason, the Court need not entertain the argument that the CUTSA preempts the tortious interference claim. Tellingly, the Individual Plaintiffs have not argued that California law should apply to any other claim in this case, only the one where they believe there is California statutory preemption argument. Such convenient cherry-picking is improper.

(N.D.N.Y. Apr. 20, 2020). Moog is entitled to plead unjust enrichment as an *alternative* means of recovery, if the other claims fail or have different scope. *See, e.g., PRCM Advisers LLC v. Two Harbors Inv. Corp*., 2021 WL 2582132, at *18 (S.D.N.Y. Jun. 23, 2021). Further, the Complaint contains allegations (which are entitled to all reasonable inferences at this procedural stage) that Kim and Pilkington would benefit in their job performance from use of Moog information while working at Skyryse (and Kim would remain in Pilkington's good graces by stealing such data), which is distinct, as the Complaint notes, from the benefit Skyryse received from Kim and Pilkington providing the data to Skyryse, or Pilkington's recruiting of Moog employees (ECF No. 1 ¶ 253 ("to the benefit of Skyryse's business ***and*** the advantage of Pilkington and Kim) (emphasis added), and different from the harm suffered by Moog from such actions. *Compare id.* ¶¶ 6, 54 *with id.* ¶¶ 94, 102, 147. Accordingly, Moog has pleaded a viable unjust enrichment claim against Pilkington and Kim.

### D. <u>In the Event the Court Finds Any Causes of Action Insufficiently Pleaded, Moog Respectfully Requests Leave to Amend the Complaint</u>

If for some reason the Court finds any cause of action challenged in the Motion to be insufficiently pleaded, Moog respectfully requests leave to amend the Complaint. Under Fed. R. Civ. P. 15(a), leave to amend to cure any deficiencies should be "freely given when justice so requires." *Tocker v. Philip Morris Co., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006). Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see State v. Panex Indus., Inc.*, No. 94-CV-0400E(H), 1997 WL 128369, at *2 (W.D.N.Y. Mar. 14, 1997) ("The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial.").

Here, there is no undue delay (Moog is promptly requesting leave to amend in light of a motion to dismiss), no bad faith, no undue prejudice to the Individual Defendants (the Individual Defendants would have the opportunity to challenge any amended pleading, and discovery is in its early stages), amendment is not futile (the Individual Defendants' arguments on pleading deficiencies go to factual specificity, not legal impossibility), and there have been no prior amendments. This request makes additional sense in light of the circumstances presented here, where certain facts lie uniquely within the Defendants' control, and the parties are presently conducting expedited discovery in connection with Moog's motion for a preliminary injunction.

Further, amendment is particularly appropriate here, where there is indisputable evidence of (a) theft of over 136,000 of Moog's files by Kim from Pilkington's branch, (b) Pilkington's download of 1.2 million Moog files, and (iii) 11,000 Moog files on Pilkington's Skyryse-issued computer. And, Skyryse's counsel has admitted that (i) [REDACTED] *See* ECF 95 (Apr. 26, 2022 Tr.) at 15:4; 17:24-18:3; 18:12-18; 19:4-11; 19:17-24; 20:5-12; 21:7-18. In light of the same, Moog should be permitted to amend the Complaint to conform the pleading to the facts discovered thus far. *See Uni-World Cap., L.P. v. Preferred Fragrance, Inc.*, 43 F. Supp. 3d 236, 253 n.9 (S.D.N.Y. 2014) (granting motion to amend complaint while motion for preliminary injunction was pending where motion to amend was prompted by evidence obtained during expedited discovery).

## V. CONCLUSION

For the foregoing reasons, Moog respectfully requests the Motion be denied.

Dated: New York, New York
June 13, 2022

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: *__/s/ Rena Andoh__*
Rena Andoh
Travis J. Anderson (*pro hac vice*)
Tyler E. Baker (*pro hac vice*)
Kazim A. Naqvi (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700

and

**HODGSON RUSS LLP**

By: *__/s/ Robert J. Fluskey, Jr.__*
Robert J. Fluskey, Jr.
Melissa N. Subjeck
Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000

*Attorneys for Plaintiff Moog Inc.*