UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

                          Plaintiff,

         v.                                              Case No. 1:22-cv-00187

SKYRYSE, INC., ROBERT ALIN PILKINGTON,
MISOOK KIM, and DOES NOS. 1-50,

                          Defendants.

# MOOG'S SUPPLEMENTAL BRIEF IN OPPOSITION TO SKYRYSE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Moog Inc.*
Rena Andoh
Travis J. Anderson (*pro hac vice*)
Lai Yip (*pro hac vice*)
Tyler E. Baker (*pro hac vice*)
Kazim A. Naqvi (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
212.653.8700

**HODGSON RUSS LLP**
*Attorneys for Moog Inc.*
Robert J. Fluskey, Jr.
Melissa N. Subjeck
Reetuparna Dutta
Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
716.856.4000

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ..........................................................................................................2

THE RECENT DEVELOPMENTS DO NOT AFFECT THE PROPRIETY OF
PERSONAL JURISDICTION AND VENUE HERE ..................................................2

    A.    Skyryse's supplemental motion contains incomplete statements. ..........................2

    B.    The parties have agreed (and the Court has ordered) that personal
        jurisdiction and venue are proper here through the preliminary injunction
        hearing..............................................................................................................3

    C.    The Recent Developments cited by Skyryse occurred *after* commencement
        of this action.  Thus, they are legally irrelevant to the questions of personal
        jurisdiction and venue. ......................................................................................6

    D.    In any event, the Recent Developments do not affect personal jurisdiction
        or venue in this Court..........................................................................................8

    E.    The Recent Developments do not weigh strongly in favor of transfer (with
        respect to post-preliminary injunction proceedings) under § 1404(a). .................10

CONCLUSION......................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page**

**Federal Cases**

*Argent Funds Grp., LLC v. Schutt*,
   2006 WL 2349464 (D. Conn. Jun. 27, 2006)........................................................................9

*Capitol Records, LLC v. BlueBeat, Inc.*,
   2010 WL 11549413 (C.D. Cal. Mar. 16, 2010)............................................................13, 14

*Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*,
   2012 WL 12932049, at *15 (S.D.N.Y. Jul. 17, 2012), *report and
   recommendation adopted*, 896 F. Supp. 2d 320 (S.D.N.Y. 2012)...........................................6

*Concord Labs, Inc., v. Ballard Med. Prods.*,
   701 F. Supp. 272 (D.N.H. 1988)........................................................................................7

*Dolgow v. Anderson*,
   45 F.R.D. 470 (E.D.N.Y. 1968)........................................................................................7

*EasyWeb Innovations, LLC v. Facebook, Inc.*,
   888 F. Supp. 2d 342 (E.D.N.Y. 2012) ........................................................................14, 15

*Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*,
   2008 WL 465169 (S.D.N.Y. Feb. 6, 2008), *aff'd* 347 F. App'x 672 (2d Cir.
   2009) ........................................................................................................................5

*Exxon Corp. v. F.T.C.*,
   588 F.2d 895 (3d Cir. 1978) ...........................................................................................7

*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*,
   907 F.2d 911 (9th Cir. 1990) ..........................................................................................7

*Farouki v. Petra Int'l Banking, Corp.*,
   683 F. Supp. 2d 23 (D.D.C. 2010) ..................................................................................8

*Flowers Indus. v. F.T.C.*,
   835 F.2d 775 (11th Cir. 1987) .........................................................................................7

*Gitlow v. U.S.*,
   319 F. Supp. 2d 478 (S.D.N.Y. 2004)...............................................................................5

*Gross v. BBC*,
   386 F.3d 224 (2nd Cir. 2004)........................................................................................11

*Guzzardi v. Affordable Hosp. Assocs., L.P.*,
   2007 WL 9817916 (S.D.N.Y. Jun. 21, 2007) .....................................................................7

*Hill v. Equitable Trust Co.*,
562 F. Supp. 1324 (D. Del. 1983)................................................................7

*Holmes v. Energy Catering Servs., L.L.C.*,
270 F. Supp. 2d 882 (S.D. Tex. 2003)..........................................................7

*Houlihan Lokey Howard & Zukin Cap., Inc. v. Protective Grp, Inc.*,
2005 WL 3367044 (S.D.N.Y. Dec. 12, 2005) ..................................9, 10

*Ikon Office Sols. Inc. v. Rezente*,
2010 WL 395955 (E.D. Pa. Feb. 3, 2010) ...................................................10

*JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*,
960 F. Supp. 2d 383 (E.D.N.Y. 2013) ........................................................13

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
Amministrazione Straordinaria*,
937 F.2d 44 (2nd Cir. 1991)..........................................................................6

*Mayatextil, S.A. v. Liztex U.S.A., Inc.*,
1995 WL 131774 (S.D.N.Y. Mar. 23, 1995) ...............................................7

*Monroe v. N.Y. State Dep't of Corr. & Cmty. Supervision*,
2019 WL 4688665 (S.D.N.Y. Sep. 25, 2019)..............................................13

*Multiform Desiccants, Inc.*,
1996 WL 685744 (W.D.N.Y. Nov. 26, 1996) .............................................11

*N-N v. Mayorkas*,
540 F. Supp. 3d 240 (E.D.N.Y. May 18, 2021) ............................................7

*N.Y. Packaging II LLC v. Mustang Mktg. Grp. LLC*,
2022 WL 604136 (E.D.N.Y. Mar. 1, 2022)...................................................9

*Nathanson v. Simpson*,
1989 WL 76470 (N.D. Ill. Jul. 5, 1989)......................................................12

*Nelly de Vuyst, USA, Inc. v. Eur. Cosmetiques, Inc.*,
2012 WL 246673 (S.D.N.Y. Jan. 6, 2012) ...............................................6, 7

*Nexus Display Techs. LLC v. Dell, Inc.*,
2015 WL 5043069 (E.D. Tex. Aug. 25, 2015) ...........................................14

*Orchid Biosciences, Inc. v St. Louis Univ.*,
198 F.R.D. 670 (S.D. Cal. 2001) ..................................................................8

*Pacnet Services Ltd. v. Office of Foreign Assets Control of U.S. Dept. of the
Treasury*,
521 F. Supp. 3d 181 (E.D.N.Y. 2021) ........................................................12

*Pampillonia v. RJR Nabisco, Inc.*,
  138 F.3d 459 (2nd Cir. 1998) ............................................................................ 5

*Raffoler, Ltd. v. Peabody Wright*,
  671 F. Supp. 947 (E.D.N.Y. 1987) .................................................................... 5, 6

*Richard v. Inland Dredging Co. LLC*,
  2015 WL 4601126 (W.D. La. Jul. 28, 2015) ...................................................... 14

*S.E.C. v. Lefkowitz*,
  2013 WL 12170295 (M.D. Fla. Sep. 17, 2013) .................................................. 12

*S.E.C. v. Rajatnam*,
  622 F.3d 159 (2nd Cir. 2010) ............................................................................ 12

*S.E.C. v. Roberts*,
  2007 WL 2007504 (D.D.C. Jul. 10, 2007) ......................................................... 11

*Sepanski v. Janiking, Inc.*,
  822 F. Supp. 2d 309 (W.D.N.Y.) ....................................................................... 10

*Sinicropi v. Milone*,
  915 F.2d 66 (2nd Cir. 1990) ................................................................................ 6

*irth Sols., LLC v. Apex Data Sols. & Servs., LLC*,
  2019 WL 283831 (W.D.N.Y. Jan. 22, 2019) ........................................................ 9

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
  2015 WL 5579872 (E.D.N.Y. Sep. 22, 2015) ..................................................... 13

*Taberna Capital Mgmt., LLC v. Dunmore*,
  2008 WL 2139135 (S.D.N.Y. May 20, 2008) ........................................... 12, 13, 14

*Tenefrancia v. Robinson Export & Import Corp.*,
  921 F.2d 556 (4th Cir. 1990) .............................................................................. 7

*TouchTunes Music Corp. v. Rowe Int'l Corp.*,
  676 F. Supp. 2d 169 (S.D.N.Y. 2009) ................................................................ 10

*U.S. Commodity Future Trading Comm'n. v. A.S. Templeton Grp, Inc.*,
  297 F. Supp. 2d 531 (E.D.N.Y. 2003) ................................................................ 11

**Federal Statutes**

28 U.S.C. § 1391(b)(2) ............................................................................................. 9

28 U.S.C. § 1404 ..................................................................................................... 10

## PRELIMINARY STATEMENT

In its supplemental submission, Skyryse argues that certain alleged "recent developments" further "confirm" that personal jurisdiction and venue are lacking in this Court, namely:  (i) a criminal investigation commenced by the Department of Justice in California, purportedly based on a "secret referral" from Moog, (ii) discovery relating to computer devices belonging to individuals in California and subpoenas to individuals located in California, and (iii) statements made by Moog that Skyryse mistakenly thinks undermine Moog's position that the data stolen by Defendants was located in New York (collectively, the "Recent Developments").  Skyryse's Supplemental Brief in Support of Motion to Dismiss or, Alternatively, to Transfer Venue, Dkt. 224 ("Skyryse's Supp. Brief"), at 1, 3-4.  Skyryse is incorrect.

As an initial matter, Skyryse's recitation of the Recent Developments leaves out key factual context, and Skyryse fails to note that it has already consented to personal jurisdiction and venue here through the preliminary injunction hearing.  Thus, any arguments about personal jurisdiction, venue, and transfer are only applicable to post-injunction proceedings.  Moreover, the propriety of personal jurisdiction and venue are determined upon the filing the complaint; "Recent Developments" occurring after the filing are legally irrelevant to the personal jurisdiction and venue analysis.  Regardless, even if it were appropriate to consider them, none of the Recent Developments has any bearing on personal jurisdiction, venue, or transfer.  Moreover, as already briefed, Skyryse's original arguments on jurisdiction and venue lack merit.  Accordingly, Skyryse's motion to dismiss or transfer should be denied.

## ARGUMENT

## THE RECENT DEVELOPMENTS DO NOT AFFECT THE PROPRIETY OF PERSONAL JURISDICTION AND VENUE HERE

**A.      Skyryse's supplemental motion contains incomplete statements.**

The statements below made in Skyryse's memorandum of law in further support of its motion to dismiss based on personal jurisdiction and venue are incomplete and require additional context:

- Skyryse notes that Moog recently issued subpoenas to thirteen non-parties in the Los Angeles area.  Skyryse's Supp. Brief, at 1.  These subpoenas were issued to ten current Skyryse employees and three former Skyryse employees. But Moog only subpoenaed these individuals because Skyryse has taken the position that it does not have possession, custody, or control over its employees' personal devices.  *See* ECF 190, 12-14.  These subpoenas are simply an attempt to identify the extent of Skyryse's theft of Moog data and not evidence of any additional ties to California beyond it being Skyryse's location and where Moog's trade secrets were improperly used.

- Skyryse claims that Moog has "disclaimed" reliance on the location of its servers in New York as supporting jurisdiction and venue here.  Skyryse Supp. Brief, at 3-4.  But Moog has done no such thing.  As Moog has discussed with the Court, "given the volume of trade secrets that were copied by Defendants (over 1.4 million files), Moog needs to tailor its trade secret identification to emphasize the trade secrets that have been directly accessed and used by Skyryse."  ECF 226-1 at 6.  That Pilkington copied Moog files from his Moog-issued laptop (located in California) to his personal USB drive

(also located in California) does not mean that Moog has somehow "disclaimed" reliance on the location of its servers in New York as supporting jurisdiction and venue here. The fact remains that Moog's servers are located in New York, and Pilkington and Kim intentionally targeted New York to access this data by remoting into Moog's New York servers. *See* Declaration of Michael Hunter, dated Feb. 28, 2022, Dkt. 4-2, ¶¶ 25, 45 (Platform data copied by Kim located on Moog's internal servers in East Aurora, New York); Declaration of Michael Hunter, dated April 8, 2022, Dkt. 63-1, ¶ 7 (common knowledge among Moog software team that source code and related data for Moog's flight control software was located in New York).

**B.    The parties have agreed (and the Court has ordered) that personal jurisdiction and venue are proper here through the preliminary injunction hearing.**

Skyryse's supplemental opposition ignores the fact that the parties have agreed (and the Court has ordered) that personal jurisdiction and venue are proper here at least through the preliminary injunction hearing. At most, defenses based on personal jurisdiction or venue are therefore pertinent only to post-preliminary injunction proceedings.

The Stipulated Orders, entered by the Court on March 11 and March 17, 2022, reflect the parties' agreement that the preliminary injunction hearing take place in the Western District of New York. Specifically, paragraphs 10-12 of the March 11 Order provide that:

> 10. The March 11, 2022 hearing on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO") is taken off calendar. Regarding the Plaintiff's Motion for a Preliminary Injunction (ECF 4, and accompanying documents) and Plaintiff's Motion for Expedited Discovery, filed on March 7, 2022 (ECF 6, 6-1, 6-2), the parties will meet and confer no later than March 16, 2022, to negotiate an agreed framework and schedule for reciprocal discovery relating to Plaintiff's Motion for Preliminary

Injunction and a briefing schedule for Plaintiff's Motion for Preliminary Injunction. No later than March 16, 2022, the parties shall file with the Court their agreed stipulation and proposed order concerning discovery and briefing relating to Plaintiff's Motion for Preliminary Injunction ("Stipulation and Proposed Order Regarding Expedited PI Discovery and Briefing"). If the parties cannot agree on a Stipulation and Proposed Order Regarding Expedited PI Discovery and Briefing by March 16, 2022, Defendants shall file their oppositions to Plaintiff's Motion for Expedited Discovery on or before March 18, 2022. Plaintiff's Motion for Expedited Discovery, filed on March 7, 2022 (ECF 6, 6-1, 6-2) remains on calendar and shall be scheduled for hearing on March 20, 2022 or at the next available date and time for the Court. In any event, the parties agree that the briefing and hearing dates for Plaintiff's Motion for Preliminary Injunction shall be no earlier than the following:

- Defendants' Opposition: April 18, 2022;

- Plaintiff's Reply: May 2, 2022;

- Hearing: on or after May 9, 2022 at a date and time of the Court's choosing, or 7 days after Plaintiff's Reply is filed, whichever is later: _____.

Defendants' Opposition and Plaintiff's Reply may incorporate any documents, information, or testimony revealed during expedited discovery. Any party may submit a status report to the Court seeking a modification to the proposed briefing and hearing schedule on Plaintiff's Motion for Preliminary Injunction upon good cause.

***11. By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of this Court for purposes of this stipulated Order only and for no other purpose.***

***12. This Stipulated Order shall remain in effect until a hearing on Plaintiff's Motion for Preliminary Injunction takes place and a final ruling on the merits is issued***.

(Emphasis added); *See also* ECF 33, ¶ 14 ("By agreeing to this Stipulated Order, Defendants consent to the jurisdiction and venue for purposes of this Stipulated Order").[1]

The language of the Orders is unambiguous: Skyryse has consented to (and this Court has ordered) jurisdiction and venue here through the preliminary injunction hearing.  In addition to the clear language consenting to jurisdiction, Skyryse consented to various briefing and hearing schedules on Moog's Motion for Preliminary Injunction in this Court.  Any dispute regarding personal jurisdiction and venue thus applies only to proceedings after the preliminary injunction hearing.  *Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 2008 WL 465169, at *3 (S.D.N.Y. Feb. 6, 2008) (where language is "clear and unambiguous," party can waive defenses), *aff'd* 347 F. App'x 672 (2d Cir. 2009); *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2nd Cir. 1998) (a release that is "clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced.").  Nor is there any reason not to enforce the Stipulation.  Skyryse was well aware of what it was waiving when it entered into the Stipulations; as Skyryse notes, the March 17 Order states that: "[b]y agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of the Court for purposes of the stipulated Order and for no other purpose.  Any and all other challenges to jurisdiction and venue in the Western District of New York are explicitly preserved."  ECF 33, ¶ 14.  *Gitlow v. U.S.*, 319 F. Supp. 2d 478, 480 (S.D.N.Y. 2004) (defendant not entitled to rescind the stipulation where he was "well aware" of the circumstances surrounding it, including that depositions had not been taken and discovery was ongoing and he "elected not to avail himself of available means of gathering evidence"); *Raffoler, Ltd. v. Peabody Wright*, 671 F. Supp. 947, 950

---

[1]  These Stipulations and Proposed Orders were entered as Text Orders by the Court on March 11 and March 18, respectively.  ECF Nos. 28, 36.

- 5 -

(E.D.N.Y. 1987) (rejecting defendants' motion to dismiss for insufficient service where defendants entered into a stipulation stating that they would accept service of process; "[t]he parties are bound by the stipulation and may not contradict its terms").

Moreover, Moog justifiably relied on these stipulations when it took its motion for a temporary restraining order off calendar and agreed to an ESI protocol entered by the Court (ECF 109), which allowed Defendants to produce certain devices to a third-party vendor. Since then, Moog has spent months litigating and resolving discovery disputes pursuant to the Stipulated Orders. *See e.g.*, ECF 135, 164, 201, 206. *See Sinicropi v. Milone*, 915 F.2d 66 (2nd Cir. 1990) (district court erred in not enforcing stipulation waiving appellees' defenses of res judicata and collateral estoppel; rejecting appellees' argument that it would be manifestly unjust to enforce the stipulation where there was no indication that appellees did not knowingly and voluntarily enter into the Stipulation and appellant relied on the Stipulation to her detriment). In short, personal jurisdiction and venue have already been determined to be proper here at least through the Preliminary Injunction hearing.

**C.    The Recent Developments cited by Skyryse occurred *after* commencement of this action. Thus, they are legally irrelevant to the questions of personal jurisdiction and venue.**

None of Skyryse's purported Recent Developments provide any basis to dismiss this case on jurisdictional grounds because "personal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed"—not afterward. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2nd Cir. 1991) (citations omitted); *see also Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, 2012 WL 12932049, at *15 (S.D.N.Y. Jul. 17, 2012), *report and recommendation adopted*, 896 F. Supp. 2d 320 (S.D.N.Y. 2012); *Nelly de Vuyst, USA, Inc. v.*

*Eur. Cosmetiques, Inc.*, 2012 WL 246673, at *5 (S.D.N.Y. Jan. 6, 2012); *Guzzardi v. Affordable Hosp. Assocs., L.P.*, 2007 WL 9817916, at *2 (S.D.N.Y. Jun. 21, 2007).[2]  By law, factual developments occurring after the filing of the complaint have no effect on the Court's personal jurisdiction analysis.  *See, e.g.*, *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) ("The district court properly placed little weight on post-accident communications.  Only contacts occurring prior to the event causing the litigation may be considered.") (citation omitted).

Likewise, the Recent Developments cannot be considered for purposes of an improper venue challenge because "contacts which occur after the complaint is filed are not relevant for purposes of determining venue[.]"  *Dolgow v. Anderson*, 45 F.R.D. 470, 473 (E.D.N.Y. 1968) ("Like jurisdiction, venue once properly established, [is] unaffected by the change in parties, since it relates to the institution of the suit.") (internal quotations and citations omitted).  Instead, courts in the Second Circuit have found that "venue is determined on the facts at the time a complaint is filed."  *See, e.g.*, *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 253 (E.D.N.Y. May 18, 2021) (collecting and citing cases).[3]

---

[2]   While courts sometimes have considered contacts that occurred at some time *before* the filing of the complaint, those contacts are generally considered only to establish the pattern of contacts that existed at the moment the complaint was filed.  *See, e.g., Mayatextil, S.A. v. Liztex U.S.A., Inc.*, 1995 WL 131774, at *2 n.1 (S.D.N.Y. Mar. 23, 1995).  But courts do not consider events or contacts that occurred *after* the filing of the complaint in a personal jurisdiction analysis.

[3]   The majority of federal courts across the country are in accord.  *See, e.g., Flowers Indus. v. F.T.C.*, 835 F.2d 775, 776 n. 1 (11th Cir. 1987); *Tenefrancia v. Robinson Export & Import Corp.*, 921 F.2d 556, 559 (4th Cir. 1990); *Exxon Corp. v. F.T.C.*, 588 F.2d 895, 899 (3d Cir. 1978) (overruled on other grounds); *Holmes v. Energy Catering Servs., L.L.C.*, 270 F. Supp. 2d 882, 885 (S.D. Tex. 2003); *Concord Labs, Inc., v. Ballard Med. Prods.*, 701 F. Supp. 272, 277 (D.N.H. 1988); *Hill v. Equitable Trust Co.*, 562 F. Supp. 1324, 1332 (D. Del. 1983).

In short, the Recent Developments are legally irrelevant to personal jurisdiction and venue analysis and should not be considered.

**D.     In any event, the Recent Developments do not affect personal jurisdiction or venue in this Court.**

Personal jurisdiction is not concerned with the location of government investigations commenced after the filing of related civil litigation or the location of discovery. Instead, the focus is on defendants' purposeful availment of this forum.  As Moog has argued, Skyryse "availed itself" of this forum by establishing a multi-year relationship with Moog's Growth and Innovation Group based in New York, leading to the execution of NDAs containing a New York choice of law clause; poaching and attempting to poach New York-based employees; and misappropriating data located in New York.  *See* Moog's Memorandum of Law in Opposition to Skyryse's Motion to Dismiss or, Alternatively, to Transfer Venue, Dkt. 62, at 8-11.

Contrary to Skyryse's argument, the location where a related criminal investigation commenced months after this civil action was filed and the location where some discovery is taking place do not nullify personal jurisdiction here, as exemplified by courts that have rejected merits-based discovery in connection with a jurisdictional inquiry.  *See, e.g., Farouki v. Petra Int'l Banking, Corp.*, 683 F. Supp. 2d 23, 28 (D.D.C. 2010) (denying motion to compel documents relating to the merits of the case where the requests could be "more effectively resolved, after all threshold jurisdictional issues have been resolved[.]"); *Orchid Biosciences, Inc. v St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) ("[s]ince there is a motion to dismiss for lack of personal jurisdiction pending, any discovery which seeks to reach the merits of this case would be unnecessary, costly and burdensome at this time.").

Likewise, venue is proper here because this is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). That Skyryse may also have committed wrongful acts in California is irrelevant, and Skyryse cites no authority to the contrary. The fact that Moog has issued subpoenas to Skyryse's California-based current and former employees does not change the locus of the case from New York to California. Skyryse affirmatively established a relationship with Moog in New York, poached New York-based employees, and stole New York-based trade secrets. Moog's discovery is directed to identifying the persons at Skyryse who were involved in these acts. It does not make venue improper here. *See Argent Funds Grp., LLC v. Schutt,* 2006 WL 2349464, at *2 (D. Conn. Jun. 27, 2006) (substantial events material to misappropriation claim occurred in Connecticut where non-Connecticut defendant accessed a Connecticut server to steal confidential information).

Further, as discussed above, Moog has *not* disclaimed reliance on the location of its servers in New York as supporting jurisdiction and venue here. Moog's trade secrets at issue in this case were stored on servers located here, and this case belongs here. *N.Y. Packaging II LLC v. Mustang Mktg. Grp. LLC*, 2022 WL 604136, at *4 (E.D.N.Y. Mar. 1, 2022) ("acquiring trade secrets by accessing a server in New York can be a significant event for venue purposes."); *irth Sols., LLC v. Apex Data Sols. & Servs., LLC*, 2019 WL 283831, at *4 (W.D.N.Y. Jan. 22, 2019) (finding venue proper based on the "presence of Plaintiff's servers in Rochester" from where defendant's alleged misappropriation occurred).[4]

---

[4]   Skyryse's citations to *Ikon Office Sols. Inc. v. Rezente*, 2010 WL 395955 (E.D. Pa. Feb. 3, 2010) and *Houlihan Lokey Howard & Zukin Cap., Inc. v. Protective Grp, Inc*., 2005 WL 3367044 (S.D.N.Y. Dec. 12, 2005), are unavailing. *Ikon* conflicts with in-circuit precedent and also did not involve the solicitation of in-forum employees, as is the case here. And the *Houlihan* court made the observation about the "virtual data room" in the context of a motion

In short, whatever has transpired in discovery the past few months does not nullify personal jurisdiction and venue here.

**E.     The Recent Developments do not weigh strongly in favor of transfer (with respect to post-preliminary injunction proceedings) under § 1404(a).**

In determining whether to grant a motion to transfer, the Court should consider: "(1) the convenience of witnesses; (2) the convenience of parties; (3) the location of the relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative financial means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight afforded plaintiff's choice of forum; and (9) judicial economy and the interests of justice." *Sepanski v. Janiking, Inc.*, 822 F. Supp. 2d 309, 317-18 (W.D.N.Y.).  Not surprisingly, Skyryse ignores several of these factors in its supplemental brief—particularly the fact that this case will remain here until (at least) the preliminary injunction hearing, which has not yet even been scheduled.  Thus, the dispute between the parties is whether the case should be transferred after the preliminary injunction hearing.

None of the alleged Recent Developments changes the fact that Moog's choice of forum is entitled to great deference, especially when (as here) "the chosen forum is also [Moog's] home district[,] . . . [and] its principal place of business." *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 173 (S.D.N.Y. 2009).  "Unless the balance is strongly in

---

to transfer, noting that "the physical location of the documents at any given moment is of little importance." *Id*. at *5.  This actually support's Moog's argument against transfer.

favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gross v. BBC*, 386 F.3d 224, 230 (2nd Cir. 2004).

Skyryse argues that the convenience of witnesses (factor #2), the location of relevant documents (factor #3) and the efficient use of judicial resources (factor #9) favor transfer to the Central District of California because the United States Attorney's Office in that district is conducting a criminal investigation there. That is incorrect. To start, there is no criminal case in the Central District of California and no indictments have been issued. The alleged convenience and location of witnesses, documents, and efficiency gains are thus wholly speculative and hypothetical, just as requests to stay civil litigation matters pending the outcome of speculative criminal proceedings are disfavored. *Cf. U.S. Commodity Future Trading Comm'n. v. A.S. Templeton Grp, Inc.*, 297 F. Supp. 2d 531, 534-35 (E.D.N.Y. 2003) ("[p]re-indictment requests for a stay of civil proceedings are generally denied" when "any parallel criminal proceeding [was] purely speculative.").[5]

Skyryse argues that transfer will result in efficiency gains because the same resources will be employed in adjudicating both the civil and potential criminal cases, but that is incorrect. The location where a related criminal investigation is taking place is not dispositive of

---

[5] Skyryse's reliance on *S.E.C. v. Roberts*, 2007 WL 2007504 (D.D.C. Jul. 10, 2007) and *Multiform Desiccants, Inc*., 1996 WL 685744 (W.D.N.Y. Nov. 26, 1996) is misplaced. In *Roberts*, "there [was] no substantial connection between this case and this forum" and the "only connection between the facts of this case and this district is that the SEC filings are formally filed in Washington, D.C." *Id*. at *3. Here, Moog resides in this forum, and defendants accessed and stole those trade secrets from this forum, causing injury to Moog in this forum. In *Multiform*, the Court transferred the case to the Central District of California because Multiform (the same plaintiff) had commenced a "closely related litigation action" against substantially the same parties "arising from many of the same facts and involving common questions of law." *Multiform*, 1996 WL 685744, at *1. No substantially similar civil action has been brought in the Central District of California here.

a transfer motion. *See Nathanson v. Simpson*, 1989 WL 76470, at *1 (N.D. Ill. Jul. 5, 1989) (denying transfer despite pending criminal investigation in another district; noting that "the difficulties plaintiffs may experience in obtaining documents is not a reason to grant defendant's motion to transfer"); *see also S.E.C. v. Lefkowitz*, 2013 WL 12170295, at *4 (M.D. Fla. Sep. 17, 2013) (rejecting defendant's argument that convenience of the parties weighed in favor of transfer due to co-defendant's criminal proceeding in another district based on same underlying conduct; allegations against defendants included that they "availed themselves of the jurisdiction" of a court located in the instant district in furtherance of their wrongful conduct and could not now complain of inconvenience). Moreover, civil and criminal cases cannot be consolidated. *S.E.C. v. Rajatnam*, 622 F.3d 159, 166 (2nd Cir. 2010) (noting that "Appellants' civil and criminal cases are proceeding before different judges"); *Pacnet Services Ltd. v. Office of Foreign Assets Control of U.S. Dept. of the Treasury*, 521 F. Supp. 3d 181, 187 (E.D.N.Y. 2021) (noting that while they were "related," the criminal and civil cases "have not been consolidated."). Therefore, this civil case and any criminal case will likely have different judges, involve different substantive laws, and be on different tracks. No efficiency gains will result from transfer nor does Skyryse identify any.

To the contrary, transfer will waste enormous resources because this Court has already expended significant time and resources familiarizing itself with the complex factual and legal issues in this case, and will continue to expend time and resources through the preliminary injunction hearing. If transferred, all of this effort will need to be duplicated by the Central District of California, which would be a significant waste of judicial resources. *See Taberna Capital Mgmt., LLC v. Dunmore*, 2008 WL 2139135, at *3 (S.D.N.Y. May 20, 2008) ("strong interest in preserving scarce judicial resources" weighed against transfer when parties already

agreed to discovery schedule and post-discovery motion schedule, and discovery had commenced); *see also Capitol Records, LLC v. BlueBeat, Inc.*, 2010 WL 11549413, at *3 (C.D. Cal. Mar. 16, 2010) (denying transfer in part because the court "presided over this action for four months, already issued a Temporary Restraining Order and Preliminary Injunction, set a trial date, and entered a detailed Scheduling and Case Management Order, and that transfer would thus waste judicial resources.").

Next, Skyryse argues that the location of relevant documents and relative ease of access to sources of proof (factor #3) weigh in favor of transfer because (1) Moog has demanded that Skyryse image and search 37 devices, all located in California and belonging to current and former Skyryse employees located in California; and (2) Moog has issued subpoenas to thirteen non-parties in the Los Angeles area.  Neither point supports transfer.  First, Skyryse stole Moog's New York-based data.  The fact that Moog now has to search for and identify its stolen data does not make litigating in California more convenient.  For its part, Skyryse would have to undertake the same steps regardless of where the litigation was venued and, with electronic documents and search capabilities, there is no difference in burden based on the location of relevant documents. *See Monroe v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 2019 WL 4688665, at *13 (S.D.N.Y. Sep. 25, 2019) ("[T]he location of documents does not generally weigh in favor of transfer, even if many of them are outside this District.").[6]

---

[6]    Skyryse also argues that the location where one of Moog's experts resides (Bruce Pixley in California) somehow weighs in favor of transfer, but that is incorrect.  "The convenience of expert witnesses is of little to no relevance in deciding whether to transfer venue." *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *7 (E.D.N.Y. Sep. 22, 2015) (citing *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 398 (E.D.N.Y. 2013)).

Second, the issuance of thirteen subpoenas to current and former Skyryse employees in California (only three of which Skyryse claims not to be within its control) does not transform the locus of this case from New York to California.  It is common in litigation to issue subpoenas in other jurisdictions for documents or testimony and, to the extent witnesses are beyond the subpoena power of this Court for trial purposes, they can be deposed via video. *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 354 (E.D.N.Y. 2012) (Rule 45 subpoenas were a neutral factor in motion to transfer venue); *Richard v. Inland Dredging Co. LLC*, 2015 WL 4601126, at *4 (W.D. La. Jul. 28, 2015) ("live testimony by remote means is available to make testimony from another location much easier"); *Nexus Display Techs. LLC v. Dell, Inc.*, 2015 WL 5043069, at *4 (E.D. Tex. Aug. 25, 2015) ("While there is some benefit to providing live witnesses at trial, the Court is not convinced that using the non-party witnesses' deposition as opposed to live testimony at trial would seriously inconvenience [the parties]") (citation omitted).

Finally, without citing a single case, Skyryse argues that dismissal or transfer to the Central District of California will not prejudice or materially inconvenience Moog because Moog has a significant presence in California and because Moog is cooperating with the USAO in California and will undoubtedly be participating in fact-finding for the USAO in California. But Moog will be prejudiced by any transfer.  As a practical matter, Moog will lose the benefit of the significant familiarity with the facts and issues this Court has gained thus far, whereas a California court will have to start over from scratch with an enormous docket of over 220 entries generated in just five months. *See Taberna*, 2008 WL 2139135, at *3; *Capitol Records*, 2010 WL 11549413, at *3.

- 14

Moreover, Moog's key witnesses are in New York and, to the extent there is inconvenience in having witnesses travel for litigation, it will inconvenience Moog's witnesses to travel to California. *See EasyWeb Innovations, LLC*, 888 F. Supp. 2d at 352 ("[w]here transfer would merely shift the inconvenience from one party to the other, the Court should leave plaintiff's choice of venue undisturbed.") (internal quotations and citation omitted). Moog is not a party to any criminal proceeding nor would it have any input or right to direct its course by, for example, participating in "witness testimony" other than its own (should a proceeding be commenced). Therefore, it is speculative and incorrect for Skyryse to suggest that Moog will necessarily be involved in potential criminal litigation in California.

## CONCLUSION

For the foregoing reasons, and for all the reasons previously briefed by Moog in opposition to Skyryse's motion to dismiss or transfer, Skyryse's motion should be denied. Alternatively, it should be held in abeyance (or denied without prejudice) until after the preliminary injunction hearing.

Dated:  August 17, 2022

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Plaintiff Moog Inc.*

By:  ___s/Rena Andoh_____
   Rena Andoh
   Travis J. Anderson (admitted *pro hac vice*)
   Tyler E. Baker (admitted *pro hac vice*)
   Kazim A. Naqvi (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700

and

**HODGSON RUSS LLP**

By:  ___s/Robert J. Fluskey, Jr._____
   Robert J. Fluskey, Jr.
   Melissa N. Subjeck
   Reetuparna Dutta
   Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000