**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------------X
MOOG INC.,

                                   Plaintiff,                  Case No.: 22-cv-187-LJV-JJM

             vs.

SKYRYSE, INC. ROBERT ALIN PILKINGTON, MISOOK
KIM, and DOES NOS. 1-50

                                Defendants.
----------------------------------------------------------------------------X

**ROBERT ALIN PILKINGTON AND MISOOK KIM'S MEMORANDUM**
**OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**
**DISCOVERRY NECESSARY FOR FURTHER TRADE SECRET IDENTIFICATION**

 

**WINGET, SPADAFORA &**
**SCHWARTZBERG, LLP**
45 Broadway, 32nd Floor
New York, NY 10006
(p): (212) 221-6900
(f): (212) 221-6989

*Attorneys for Robert Alin Pilkington*
*and Misook Kim*

Of Counsel:    Anthony D. Green, Esq.
                      Alexander A. Truitt, Esq.
                      M. Annabel Mireles, Esq.

Dated:          August 17, 2022
                 New York, New York

## TABLE OF CONTENTS

                                     **Page No.**

PRELIMINARY STATEMENT ..................................................................................1

RELEVANT BACKGROUND ...................................................................................2

ARGUMENT ..............................................................................................................6

   I.  This Motion Should Be Deferred Until The Court Rules On The
      Pending Motion To stay And Motion To Claw Back Material ...............6

   II.  This Dispute Is Not Ripe For Adjudication Because Plaintiff
      Refused To Meet And Confer In Good Faith  ......................................... 7

   III.  The Individual Defendants Properly Asserted Their Personally
      Private Objection As To Pre-2021 Communications............................. 8

   IV.  Plaintiff Can Identify Its Trade Secrets  ............................................... 10

CONCLUSION..........................................................................................................11

Case 2:22-cv-09094-GW-MAR   Document 244   Filed 08/17/22   Page 3 of 14   Page ID #:5424

## **TABLE OF AUTHORITIES**

### **CASES**

*Black Love Resists In the Rust by & through Soto v. City of Buffalo, N.Y.,*
334 F.R.D. 23, 28 (W.D.N.Y. 2019) ................................................................................9

*Calyon v. Mizuho Sec. USA Inc.*, No. 07CIV02241RODF,
2007 WL 1468889 (S.D.N.Y. May 18, 2007) ................................................................9

*Denniston v. Abiomed, Inc.*,
No. 19-MC-6010-FPG, 2019 WL 6827487 (W.D.N.Y. Dec. 13, 2019) ........................9

*EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ............................9

### **RULES AND STATUTES**

Local Rules of Civil Procedure for the Western District of New York, Rule 26(f) .......7

Fed.R.Civ.P. 26(a) ........................................................................................................7

Fed.R.Civ.P. 26(b)(1)..................................................................................................8, 9

Fed.R.Civ.P. 26(f) .........................................................................................................7

L.R.Civ.P. 16(a)(1) ........................................................................................................7

L.R.Civ.P. 16(a)(3) ........................................................................................................5

Individual defendants Robert Alin Pilkington and Misook Kim (collectively, the "Individual Defendants") respectfully submit this memorandum of law in partial opposition to plaintiff Moog, Inc.'s ("Plaintiff") motion to compel discovery necessary for further trade secret identification ("Motion"). *See* Dkt. 210, *et seq.* As set forth herein, the Individual Defendants respectfully request this Court defer and deny, Plaintiff's Motion.

## **PRELIMINARY STATEMENT**

As against the Individual Defendants, Plaintiff's Motion seeks the release of certain pre-2021 communications located on electronic devices currently in the custody of iDiscovery Solutions ("iDS"). The issue of access to the Individual Defendants' devices is presently before this Court through the Individual Defendants' Motion to Stay ("Motion to Stay") and Motion to Claw Back Materials Provided Under the Protective Order ("Motion to Claw Back Materials"). *See* Dkt. Nos. 214, 229. As this threshold issue is already before the Court, the Individual Defendants respectfully submit that any resolution of the instant Motion should be deferred until the Court decides the pending Motion to Stay and Motion to Claw Back Materials.

Should the Court consider the merits of Plaintiff's Motion, it must be denied. The Local Rules of this Court required Plaintiff to meet and confer, in good faith, prior to bringing this Motion. Rather than respond to the Individual Defendants' legitimate inquiries, Plaintiff has rushed to Court to avoid providing any information concerning the trade secrets and classified information at issue in this Action. Without this information, there is simply no basis to find that any pre-2021 communication (stored on the Individual Defendants' personal devices) should be viewed as anything other than private—and properly excised under the Protective Order. Conversely, requiring the Individual Defendants to review hundreds of thousands of

1

communications without information that Plaintiff has already been ordered to produce represents an immensely disproportionate and undue burden.

## RELEVANT BACKGROUND

On March 7, 2022, Plaintiff commenced this Action and moved for: (1) a temporary restraining order and a preliminary injunction against all Defendants; (2) an expedited hearing on the temporary restraining order and preliminary injunction; and (3) expedited discovery. *See* Dkt. Nos. 1; 4; 5; 6. On March 11, 2022, the Court So-Ordered a stipulation requiring that certain electronic devices owned by the Individual Defendants be turned over to iDs, within 21 days. *See* Dkt. No. 25. The Individual Defendants were not represented by counsel at the time of the So-Ordered Stipulation. *Id.* As set forth in the Individual Defendants Motion to Stay and Motion to Claw Back Materials, the Individual Defendants believe they were improperly induced into this discovery protocol by Plaintiff, who concealed the fact they were acting in an agency capacity with the Government to secure a criminal indictment naming the Individual Defendants.

On May 6, 2022, the parties entered into a stipulated Protective Order and an Inspection Protocol (as well as addendum thereto), which was So-Ordered on May 13, 2022. *See* Dkt. Nos. 89, 96, 109. Pursuant to an addendum to the Protective Order, the Individual Defendants were permitted to identify which files from the devices maintained by iDS would be made available for the other parties' review, as well as what files were to be withheld on claims of privilege and privacy. *See* Dkt. No. 96-2, § III(A)(5).

On June 24, 2022, Counsel for the Individual Defendants wrote to all parties concerning the pending review of additional devices not yet accessible to the Individual Defendants. *See* Declaration of Anthony D. Green ("Green Decl."), Ex. A. Counsel informed the parties that some of the devices contained vast caches of irrelevant and private messages dating back over two

2

decades. *Id.* Counsel further stated that a comprehensive review of all communications would impose a disproportionate burden in cost and time to all parties while unnecessarily delaying iDS in making the relevant content from the parties' devices available through the inspection laptops. *Id.* As a solution, Counsel proposed that iDS excise all pre-January 1, 2021 messages from these devices until a need to review such communications became apparent as the communications were presumptively private and unlikely to have any bearing on this dispute. *Id.*

Plaintiff did not immediately respond or object. On June 29, 2022, after receiving no response or objection for five days, the Individual Defendants supplemented their list of documents to excise from the following personal devices: iPhone XS [E0003] [1], iPad A1652 [E0022], iPhone 13 [E0020], and MacBook Pro A1502 [E0004]. *Id.* Counsel again instructed iDS to excise all pre-2021 communications as the communications are presumptively personally private. *Id.* Additionally, the Individual Defendants clarified that the pre-2021 communications would be excised from the above four devices in addition to the iPad A1459 [E0021] and MacBook Pro A19990 [E0014]. *Id.*

Plaintiff's belated objection came June 30, 2022. *Id.* Without any basis or support under the Protective Order, Plaintiff declared that a Court order was required to excise private communications. *Id.* This is not true as Section III(A)5 of the addendum to the Protective Order expressly permits excising personally private information. *See* Dkt. No. 96-2, § III(A)(5).

The Individual Defendants agreed to meet and confer with Plaintiff, in good faith, to determine whether any middle ground could be reached. *See* Green Decl., Ex. A. At the onset, the Individual Defendants noted that the Complaint did not allege any wrongful conduct for any period outside of Fall/Winter 2021. *See* Dkt. 1. Likewise, Plaintiff's document requests only

---

[1] Numbers in brackets refers to iDS Device Numbers.

3

sought communications from January 2021, onward. *See* Green Decl. Ex. B. Given the temporal limitations that Plaintiff established, the Individual Defendants sought information concerning the basis by which Plaintiff believed any pre-2021 period could be relevant. Plaintiff has not provided this information.

To further illustrate the reason why the Individual Defendants' excision of such information is proper, the Individual Defendants provided Plaintiff with the breakdown of the following devices and communications:

- iPad A1652 [E0022] contains 230,213 iMessage/text message dating back to 2012;

- iPhone [E0020] contains 33,259 iMessage/text message dating back to 2015;

- MacBook Pro A1502 [E0004] contains 2,466 iMessage/text message dating back to 2019, and 10,270 email attachments and 83,392 emails dating back to 1992;

- iPad A1459 [E0021] contains 299,129 iMessage/text message dating back to 2007;

- MacBook Pro A19990 [E0014] contains 12,153 emails dating back to 1994.

*See* Green Aff., Ex. A.

In total, the devices contain approximately 670,888 communications. *Id.* Because of the way these communications are stored, it is difficult to determine who the sender or recipient(s) are, which adds an additional hurdle to reviewing these communications. Likewise, questions relating to relevance and/or Fifth Amendment privilege cannot be determined without Plaintiff first identifying the trade secrets and classified information at issue. As such, Plaintiff's request seeks to impose an immensely asymmetrical burden on the Defendants, without making any showing of relevance—let alone proportionality. Put another way, Plaintiff's discovery dispute appears motivated by nothing more than a vexatious desire to increase burden and defense costs.

On July 1, 2022, Plaintiff demanded that, at a minimum, the Individual Defendants produce all communications dating back to 2013. *Id.* As an alternative, Plaintiff requested that the

Individual Defendants "certify, without equivocation, that there exists no Plaintiff non-public information on any communication prior to 2021.[2]" Plaintiff's reasoning is that the Individual Defendants joined Plaintiff in or around 2013. Plaintiff, however, did not provide an explanation why 2013 bears any relationship to its claim.

Seeking clarification from Plaintiff, the Individual Defendants requested that Plaintiff identify the date "when each of Alin Pilkington and Misook Kim began working on the specific project from which purported trade secrets were allegedly misappropriated." *See id.* By operation of logic, if the trade secrets and confidential information allegedly misappropriated did not exist prior to 2021, there is no possibility that the Individual Defendants would have discussed them through communications stored on their personal devices. As such, the communications stored on their private devices would be necessarily private, and/or the Individual Defendants could provide the certification Plaintiff seeks.[3]

Plaintiff refused to provide any response to the Individual Defendants' reasonable requests for information necessary to resolve a discovery dispute Plaintiff raised. Instead, Plaintiff declared the parties at an impasse and sought Court intervention. *See* Green Decl., Ex. C. The Individual Defendants do not believe they are they party responsible for such impasse. The Individual Defendants believe that a reasonable compromise could be reached if Plaintiff would identify the

---

[2] The Individual Defendants cannot make this certification as Plaintiff has refused to identify the alleged trade secrets and classified information with particularity. Much of this dispute could be resolved, or at least narrowed, if Plaintiff would simply identify the trade secrets and classified information with particularity.

[3] The Individual Defendants also requested the names, phone numbers and email addresses of any current or former employees from the period determined by Plaintiff. Plaintiff's identification of the persons it believes the Individual Defendants communicated with concerning the trade secrets and classified information at issue would certainly expedite the review process of the hundreds of thousands of communications.

5

trade secrets and classified information at issue and provide further information explaining why a pre-2021 period is relevant to this dispute. As with all other discovery matters before this Court, Plaintiff refuses to identify its trade secrets and uses its trade secrets as both a sword and shield to gain an improper advantage. However, for this dispute, Plaintiff's bad faith is the very reason why its Motion must be denied as against the Individual Defendants.

While Plaintiff's Motion fashions the relief it seeks as necessary to the identification of the trade secrets at issue, that statement is belied by the Motion itself. Indeed, Plaintiff's Motion is replete with examples where Plaintiff conflates identification of its trade secrets with establishing alleged misappropriation by Skyryse. If Plaintiff believes, as its Motion implies, that the Moog Desktop Test Environment ("MDTE") and certain checklists are the trade secrets at issue, it must properly identify its trade secrets. Absent such identification, there is no basis to consider Plaintiff's dispute.

As against the Individual Defendants, Plaintiff's Motion seeks an order compelling the Individual Defendants to release forensic images of certain devices [E003, E004, E0014, E0021 and E0022, the "Outstanding Devices"]. *See* Dkt. No. 210, pp. 6-7. The Outstanding Devices are subject to the Individual Defendants' Fifth Amendment objection. In addition, Plaintiff's Motion seeks an order that the Individual Defendants are not permitted to excise any communications occurring after January 1, 2013, other than for privilege and personal privacy. *See id.* pp. 10-12. As set forth herein, both of Plaintiff's requests should be denied.

## ARGUMENT

### I.   This Motion Should Be Deferred Until The Court Rules On The Pending Motion To Stay And Motion To Claw Back Material

Plaintiff's Motion acknowledges that questions concerning access to the Individual Defendants' devices are already before this Court through the pending Motion to Stay and Motion

to Claw Back Materials. *See* Dkt. Nos. 214, 228, 229. The Individual Defendants have asserted the same broad Fifth Amendment privilege over the Outstanding Devices at issue in this Motion. Likewise, the Motion to Stay seeks Plaintiff's immediate identification of the alleged trade secrets and classified information, with particularity. Resolving the pending Motion to Stay and Motion to Claw Back Materials may resolve the impasse that Plaintiff created through its dilatory conduct. As such, the Individual Defendants respectfully request this Court defer its decision on this Motion until after the Motion to Stay and Motion to Claw Back Materials are decided.

## II. This Dispute Is Not Ripe For Adjudication Because Plaintiff Refused To Meet And Confer In Good Faith

The Individual Defendants respectfully submit that Plaintiff has sought leave of the Court for the improper purpose of frustrating the discovery process while needlessly driving up defense costs. Rule 26(a) of the Local Rules of Civil Procedure for the Western District of New York ("Local Rules") prohibits Plaintiff's improper conduct by requiring that "[t]he parties shall confer about all of the matters contemplated by Fed.R.Civ.P. 26(f) and L.R.Civ.P. 16(a)(3), unless the case is excepted from this requirement by L.R.Civ.P. 16(a)(1)." *See* Local Rule 26(a).[4] As Plaintiff has failed to meet and confer in good faith, its Motion must be denied.

The record before this Court establishes the Individual Defendants have made repeated good faith attempts to work with Plaintiff to obtain the necessary information to assess whether any of the pre-2021 communications would not be considered personally private, yet Plaintiff has refused to cooperate. *See* Green Aff., Ex. 1. There is no impasse on behalf of the Individual Defendants. Instead, Plaintiff improperly seeks Court relief to avoid identifying its trade secrets and classified information with particularity.

---

[4] This case is not exempt from this requirement.

7

Nonetheless, Plaintiff's Motion establishes that Plaintiff can identify its trade secrets. If Plaintiff properly identifies the MDTE as its trade secret and establishes the files allegedly misappropriated existed prior to 2021, the Individual Defendants will concede that pre-2021 communications on their personal devices may not all be personal and proceed under the mechanism established through the Protective Order. However, Plaintiffs' reference to Winter 2021 communications with defendant Skyryse, Inc. employees does not establish that any pre-2021 period has any bearing on this dispute. If anything, Plaintiff's purported evidence only confirms that the relevant period is limited to 2021—the same timeframe set forth in the Complaint and as established by Plaintiff's discovery requests. *See* Ex. B.

As Plaintiff did not show good faith prior to seeking Court intervention, its Motion must be denied. This Court should order Plaintiff to identify its trade secrets and classified information, with particularity, and continue to meet and confer with the Individual Defendants over the substance of this dispute.

### III. The Individual Defendants Properly Asserted Their Personally Private Objection As To Pre-2021 Communications

The Individual Defendants properly objected to the production of all pre-2021 communications contained on the Individual Defendants' personal devices as they are personally private communications. *See* Dkt. No. 96-2, § III(A)(5). Plaintiff's Motion misrepresents the Individual Defendants' objection as a relevance objection; however, that is only part of the analysis. There is no denying that Plaintiff has not alleged any fact establishing pre-2021 wrongful conduct. As such, Plaintiff has not established that any pre-2021 communications could be relevant. By operation of logic, any pre-2021 communication found on the Individual Defendants' personal devices must, necessarily, be private. While the Court has not ruled on this, the Court

8

previously recognized the practicality of the Individual Defendants' position during the July 27, 2022 conference.

On this point, the Individual Defendants stress that the Protective Order does not remove this discovery dispute from the foundational principles established through the Federal Rules of Civil Procedure. Simply put, the scope of discovery is not limitless. Fed. R. Civ. P. 26(b)(1) only permits discovery of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" *See* Fed. R. Civ. P. 26(b)(1); *see also EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (the "district court has broad discretion to limit discovery in a prudential and proportionate way."). In all circumstances, the "party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden [or] expense ... bears the burden of proving the discovery is in fact ... unduly burdensome and/or expensive." *Black Love Resists In the Rust by & through Soto v. City of Buffalo, N.Y.,* 334 F.R.D. 23, 28 (W.D.N.Y. 2019) (internal citations omitted). While the Court may apply further limits, the Federal Rules of Civil Procedure do not require disclosure of non-relevant material where the burden of production is vastly disproportionate to its potential probative value. *See Denniston v. Abiomed, Inc.*, No. 19-MC-6010-FPG, 2019 WL 6827487, at *1 (W.D.N.Y. Dec. 13, 2019); *Calyon v. Mizuho Sec. USA Inc.*, No. 07CIV02241RODF, 2007 WL 1468889, at *3 (S.D.N.Y. May 18, 2007).

Here, Plaintiff refuses to make its required threshold showing of relevance because it refuses to identify its trade secrets and classified information, or otherwise respond to the Individual Defendants' legitimate inquiries. There is no doubt that reviewing hundreds of thousands of communications will impose an immense burden on the parties. That burden is compounded since many of the communications at issue are stored without any named contact

9

aside from the phone number or email address at issue. For some of the messages, the content of the communication does not provide any identifiable information of the sender/recipient. Furthermore, any Fifth Amendment review of such communications is impossible without Plaintiff identifying its trade secrets and classified information with particularity.

When weighed against this immense burden, the fact that Plaintiff refuses to provide any information establishing the relevance of a pre-2021 period conclusively establishes that Plaintiff's Motion must be denied.

### IV. Plaintiff Can Identify Its Trade Secrets

Identifying the alleged trade secrets in Skyryse's possession is not a necessary pre-condition to Plaintiff identifying its trade secrets. By Plaintiff's own admission, this Motion seeks "full access to the devices turned over to iDS" to "understand with certainty *which* of its trade secrets were misappropriated and used by Defendants." *See* Dkt. 210, p. 12 (emphasis added). Necessary to this analysis is Plaintiff's understanding of its trade secrets prior to such review.

Here, Plaintiff's Motion improperly conflates (1) identifying the trade secrets, classified and other protectable information allegedly downloaded by the Individual Defendants and further explaining why that information is protectable as a trade secret or on any other cognizable theory, with (2) Plaintiff's purported inability to determine which files (not even necessarily trade secrets) remain in the possession of and/or are being used by any of the Defendants. While Plaintiff previously argued that it cannot identify its trade secrets because the files have changed since the alleged misappropriation, Plaintiff utilizes source control and version control software that permits Plaintiff to track and log any changes to its source code. If Plaintiff is utilizing its source control and version control software properly, Plaintiff should be able to review the precise version of the

files allegedly misappropriated. As such, Plaintiff's previous representations to this Court were either false, non-responsive, or incomplete.

Indeed, Plaintiff admits that it can identify its trade secrets but it only "intends to tailor its trade secret identification…to Plaintiff's trade secrets used by Skyryse (as opposed to generally everything that was copied)." *See* Dkt. No. 210, p. 14. Plaintiff's proposal is not sufficient unless Plaintiff also releases any claim concerning materials allegedly downloaded by the Individual Defendants, that are not within Skyryse's possession. Like Skyryse, the Individual Defendants are entitled to identification of the trade secrets and classified information they are accused of misappropriating, with particularity.

Furthermore, Plaintiff's Motion appears to identify its trade secrets. If Plaintiff believes, as its Motion implies, that the Moog Desktop Test Environment and certain checklists are the trade secrets at issue, it must properly identify these trade secrets. Plaintiff cannot be permitted to use its trade secret identification as both a sword and a shield.

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request this Court deny Plaintiff's Motion in its entirety.

Dated: New York, New York  
August 17, 2022

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

By: *Anthony D. Green*  
Anthony D. Green, Esq.  
Alexander A. Truitt, Esq.  
M. Annabel Mireles, Esq.  
45 Broadway – 32nd Floor  
New York, NY 10006

*Attorneys for Defendants Robert Alin Pilkington and Misook Kim*