a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

Plaintiff,

v.                                                          Case No.: 1:22-cv-00187

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES NOS.
1-50,

Defendants.

## MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO ROBERT ALIN PILKINGTON AND MISOOK KIM

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the March 17, 2022 Stipulation and Order Re: Expedited Discovery (ECF 33), plaintiff Moog Inc. ("Moog") requests that defendants Robert Alin Pilkington and Misook Kim ("Defendants") serve a written response to these requests on Moog's attorneys and produce the following documents and things, in accordance with the following definitions and instructions, at the offices of Sheppard, Mullin, Richter & Hampton LLP, 30 Rockefeller Plaza New York, New York 10112, within twenty-one days of service of these requests.

## Definitions

1.      "Communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.      "Document" or "documents" is defined to encompass at least the scope of Federal Rule of Civil Procedure 34(a), and includes, without limitation, electronic or

computerized data compilations and original and non-identical copies of any correspondence, letters, memoranda, electronic messages, emails, phone messages, text messages, social media messages, reports, diagrams, schematics, petitions, applications, notices, logs, notes, minutes of conversations of meetings, agreements, calendars, date books, diaries, schedules, itineraries, bills, electronic media, Source Code, and electronic, paper, visual, and audio files of any sort.  A draft or non-identical copy is a separate document within the meaning of this term.

3.     "Source Code" means computer code, scripts, assembly, binaries, object code, firmware files, software design and requirements files, build/link files, configuration control files, quality assurance (QA) and test documentation, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.  For the avoidance of doubt, "Source Code" or "source code" also encompasses all other material within a source code file, such as comments embedded within the file.

4.     "Parties."  The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.     All/Each.  The terms "all" and "each" shall be construed as all and each.

7.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.     Number.  The use of the singular form of any word includes the plural and vice versa.

9.     "Moog" means plaintiff Moog Inc.

10.    "Kim" means defendant Misook Kim.

11.    "Pilkington" means defendant Robert Ali Pilkington.

12.    "Moog Confidential Information" means any of Moog's non-public information, documents, records, files, or data, including any of its proprietary, confidential, or trade secret information (including but not limited to its Source Code).

## **Instructions**

1.     The documents sought under these requests shall in no way impact, limit, or otherwise alter Defendants' obligations under the March 11, 2022 Stipulation and Order (ECF Nos. 25, 28).

2.     If any responsive document is being withheld on the basis of any privilege or other protection, Defendants shall:

(A)     identify the nature of the privilege (including work product) being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(B)     provide the following information, unless to divulge such information would cause disclosure of the allegedly privileged information:

i.      for documents:  (a) the type of document, *e.g.*, letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

ii.     for oral communications:  (a) the name(s) of the person making the communication and the person(s) present while the communication was made and, where not apparent, the relationship of the person making the communication to the person(s) present; (b) the date and place of communication; and (c) its general subject matter.

3.      Electronically stored information shall be produced in its native format with a production number either (i) affixed to the media holding the native file formats or (ii) appended to the original name of the file.

4. All documents shall be produced as they are kept in the usual course of business or you shall organize and label them to correspond with the categories in the request. In this connection, and for purposes of illustration, all documents should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found. If Defendants choose to produce the document request corresponding with the categories in the Requests, Defendants shall identify the file folders, drawer or cartons in which the documents were originally maintained and the person or persons in whose custody or control such files are or were maintained.

5. If any document which is the subject of these Requests was at one time inexistence, but was subsequently lost, discarded, or destroyed, identify such document as completely as possible, including the following information: (a) type of document, (b) date of document, (c) date when the document became lost, discarded or destroyed, (d) circumstances under which the document was lost, discarded or destroyed, and (e) identity of all persons having knowledge of the contents of the document.

6. If any of the documents cannot be produced in full, produce them to the extent possible, stating the reasons for your inability to produce the remainder, stating whatever information, knowledge, or belief you have concerning the unproduced portion.

7. These document requests are propounded in accordance with Federal Rules of Civil Procedure 26 and 34 and the Local Rules of Civil Procedure for the Western District of New York.

8.      These requests are directed to all documents in Defendants' possession, custody, or control, wherever located, including but not limited to, any such documents in the possession, custody, or control of Defendants' agents, contractors, representatives, and attorneys, and any person or entity acting on behalf of, or custodian for, any of them.

9.      Where any copy or copies of any document whose production is sought, whether a draft or final version, is or are not identical to any copy or copies thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

10.     These document requests are of a continuing character.  If additional information within the scope of any request becomes available to Defendants after they serve responses to these document requests, Defendants shall furnish such information by way of supplemental responses.

## REQUESTS FOR PRODUCTION

1.      All Documents and Communications between Kim and Pilkington, from January 1, 2021 until present, Concerning Moog, including but not limited to any Moog Confidential Information.

2.      All Documents and Communications between Kim and Pilkington, through the date Kim started employment at Skyryse, Concerning Skyryse.

3.      All Documents and Communications to or from Kim or Pilkington, from September 1, 2021 to present, Concerning any electronic device that was connected to a Moog system, network, or computer, including but not limited to any desktop computer, laptop computer, external hard drive, USB drive, or thumb drive.

4.      Documents sufficient to show the timing and duration of all phone calls between Kim and Pilkington from January 1, 2021 until present, including but not limited to phone logs and phone bills.


Dated:  March 21, 2022


                              **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
                              *Attorneys for Plaintiff Moog Inc.*


                              By _____
                                    Rena Andoh
                                    Travis Anderson (pro hac vice)
                                    Kazim A. Naqvi  (pro hac vice)
                              30 Rockefeller Plaza
                              New York, New York 10112
                              Telephone:  (212) 653-8700

**HODGSON RUSS LLP**
*Attorneys for Plaintiff Moog Inc.*


By _____
       Robert J. Fluskey Jr.
       Melissa N. Subjeck
       Pauline T. Muto
The Guaranty Building
140 Pearl Street
Buffalo, New York  14202
Telephone:  (716) 856-4000

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On March 21, 2022, I served true copies of the following document(s) described as **MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO ROBERT ALIN PILKINGTON AND MISOOK KIM**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address knaqvi@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 21, 2022, at Los Angeles, California.

_____/s/ Kazim A. Naqvi_____
Kazim A. Naqvi

## SERVICE LIST

HARRIS BEACH PLLC                          Attorneys for Defendant SKYRYSE, INC.
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050
tflynn@harrisbeach.com


GIBSON, DUNN & CRUTCHER LLP                Attorneys for Defendant SKYRYSE, INC.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
Angelique Kaounis, Esq.
Justine Goeke
200 Park Avenue
New York, NY 10166
(212) 351-2338
JKrevitt@gibsondunn.com
KDominguez@gibsondunn.com
AKaounis@gibsondunn.com
JGoeke@gibsondunn.com
Skyryse-TradeSecretsLitigation@gibsondunn.com


LOCKE LORD                                 Attorneys for Defendants
Rory S. Miller, Esq.                       ROBERT ALIN PILKINGTON and
Mitchell Popham, Esq.                      MISOOK KIM
Will Mullen, Esq.
Joseph Froehlich, Esq.
300. S. Grand Avenue, Suite 2600
Los Angeles, CA  90071
(213) 485-1500
Rory.Miller@lockelord.com
MPopham@lockelord.com
William.Mullen@lockelord.com
JFroehlich@lockelord.com