# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG, INC., <br><br>                Plaintiff, <br><br>    v. <br><br> SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, <br><br>                Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM <br><br> **SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANT SKYRYSE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE** |

**TABLE OF CONTENTS**

**CONTENTS**

I.      INTRODUCTION ...............................................................................................1

II.     THE PARTIES NEVER STIPULATED THAT JURISDICTION AND VENUE
        ARE PROPER IN THIS DISTRICT FOR PURPOSES OF THE PRELIMINARY
        INJUNCTION MOTION...................................................................................1

        A.      Moog argues express waiver for the first time now, without any support in
                the record or case law. ............................................................................1

        B.      Skyryse expressly preserved its jurisdiction and venue challenges in the
                procedural stipulations. ..........................................................................3

        C.      The Parties discussed this point when drafting the stipulations, and
                Skyryse refused to waive its objections to jurisdiction and venue. ........4

        D.      Moog will suffer no undue prejudice if the case is dismissed or transferred
                while its preliminary injunction motion is pending. ................................6

III.    CONCLUSION.................................................................................................7

I.      **INTRODUCTION**

Since the start of this case, Skyryse has made clear that it does not believe this Court is the proper venue for this matter, and Skyryse filed a timely motion to dismiss or alternatively, to transfer venue. Nevertheless, early in the case, because of the seriousness of Moog's accusations and the urgency with which it claimed to need relief, Skyryse worked in good faith with Moog and stipulated to certain procedures to provide Moog with the relief it claimed it needed. Every step of the way, Skyryse was explicit that it did not agree that *any* of Moog's claims or substantive motions should be resolved in this District.

Moog now attempts to use Skyryse's good faith efforts against it. Moog claims Skyryse "agreed" that personal jurisdiction and venue are proper in this Court for purposes of resolving Moog's motion for a preliminary injunction, and claims the Parties expressed that intent in two procedural stipulations entered shortly after the case commenced. (Moog's Supplemental Opposition, ECF 239 at 3.) This argument – which Moog did not make until after the Court stated that it intended to prioritize resolving Skyryse's motion to dismiss or transfer, and which is inconsistent with Moog's own earlier positions on this issue – lacks merit. It distorts and misreads the plain language of the procedural stipulations, and disregards the negotiations behind those stipulations and Skyryse's clear and repeated reservation of its rights. Moog's argument should be rejected and the case dismissed or transferred without delay.

II.     **THE PARTIES NEVER STIPULATED THAT JURISDICTION AND VENUE ARE PROPER IN THIS DISTRICT FOR PURPOSES OF THE PRELIMINARY INJUNCTION MOTION.**

A.      **Moog argues express waiver for the first time now, without any support in the record or case law.**

Moog made its waiver argument for the first time only very recently, and only after the

1

Court set a date to hear and resolve Skyryse's jurisdiction and venue challenge. Moog's new argument is inconsistent with its own prior position in opposing Skyryse's Motion to Dismiss or Transfer. Fully recognizing that the Court might transfer this action to California while Moog's preliminary injunction motion was still pending, Moog argued (wrongly) that doing so would cause undue delay—not that Skyryse had waived its jurisdictional and venue challenges. (*See* Moog Memorandum of Law in Further Opposition, ECF 133, at 6 ("Moog has asked for a preliminary injunction hearing in October – only approximately 4 months away. Transferring to another court will almost certainly delay this hearing to Moog's detriment.").)

Moog's argument is also unsupported by the case law. Moog cites *Gitlow v. U.S.* for the proposition that a defendant is "not entitled to rescind the stipulation where he was 'well aware' of the circumstances surrounding it." 319 F. Supp. 2d 478, 480 (S.D.N.Y. 2004). Skyryse is not attempting to rescind either of the procedural stipulations it entered. (ECF 25, 33.) Rather, Skyryse is responding to Moog's new and incorrect interpretation of those stipulations. Moog also cites *Raffoler, Ltd. v. Peabody Wright*, which held that a party was "bound by [a] stipulation" it had entered and "may not contradict its terms." 671 F. Supp. 947, 950 (E.D.N.Y. 1987). Again, Skyryse is not "contradict[ing] [the] terms" of the parties' stipulations, which expressly reserve Skyryse's objection to jurisdiction and venue in the Western District of New York. Finally, Moog cites *Sinicropi v. Milone*, 915 F.2d 66 (2nd Cir. 1990). In that case, the court of appeals held that the district court should have enforced a stipulation in which defendants agreed to waive several affirmative defenses, over defendants' argument that "it would have been manifestly unjust for the district court to enforce the Stipulation." *Id*. at 68.  Here, Skyryse is not asking for any relief from the stipulations and continues to abide by them. The express terms of the stipulations contradict the argument Moog now makes.

**B.** **Skyryse expressly preserved its jurisdiction and venue challenges in the procedural stipulations.**

Moog's argument that Skyryse waived its right to challenge jurisdiction and venue until after a hearing on Moog's preliminary injunction motion is contradicted by the express language of the Parties' stipulations. In both procedural stipulations – the first entered on March 11 in order to provide Moog with the preliminary relief it had requested (ECF 25), and the second entered on March 17 to set a proposed schedule for expedited discovery (ECF 33) – Skyryse explicitly preserved its jurisdiction and venue challenges. "By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of the Court for purposes of this stipulated Order only *and for no other purpose*." (ECF 33, ¶ 14; ECF 25, ¶ 11) (emphasis added). In stipulating to engage in the expedited discovery Moog demanded, Skyryse also "explicitly preserved" "[a]ny and all" other challenges to jurisdiction and venue, including for the resolution of the preliminary injunction motion. (ECF 33, ¶ 14.)

This language is clear on its face. Skyryse consented to jurisdiction and venue only for the limited purposes of the stipulations themselves—i.e., scheduling, preservation and return of certain information, and a schedule and process for discovery and briefing relating to Moog's preliminary injunction motion. Skyryse consented "for no other purpose," including resolving any claims on their merits. The stipulations do not purport to dictate the order or timing in which the Court should resolve the defendants' Rule 12 or transfer motions, and there is no stipulation that the Court should resolve the preliminary injunction motion before resolving the threshold disputes over jurisdiction and venue. Skyryse consented to jurisdiction and venue in this Court *only* for purposes of administering these stipulations while Skyryse's motion to dismiss or transfer remained pend-

3

ing. If that motion is resolved promptly and in Skyryse's favor, then any further proceedings, including on Moog's preliminary injunction motion, would be heard by a court in the Central District of California.

Nothing in the stipulations contemplates the alternative that Moog now advances, that this Court will exercise jurisdiction specifically for purposes of Moog's Preliminary Injunction Motion, regardless of when or how it rules on Skyryse's Motion to Dismiss or Transfer. Moog claims that because the Parties stipulated that the March 11 procedural order would "remain in effect until a hearing on Plaintiff's Motion for Preliminary Injunction takes place and a final ruling on the merits is issued" (ECF 25, ¶ 12), they also "agreed" that personal jurisdiction and venue are proper here at least through the preliminary injunction hearing. (Ex. 1, R. Andoh Email to the Court; Supplemental Opp. at 3-4.) Not so. The stipulation ensured that Defendants would remain bound to provide Moog the relief they voluntarily agreed to provide until any court (not necessarily this one), could formally resolve Moog's preliminary injunction motion. And this provision, like every other provision in the March 11 stipulation, was subject to Skyryse's express reservation of its challenge to personal jurisdiction and venue. (ECF 25, ¶ 11.)

### C. The Parties discussed this point when drafting the stipulations, and Skyryse refused to waive its objections to jurisdiction and venue.

Moog's argument that "the parties have agreed (and the Court has ordered) that personal jurisdiction and venue are proper here at least through the preliminary injunction hearing" (Supp. Opp. at 3) is not just unsupported by the text of the procedural stipulations, it also contradicts the Parties' understanding as reflected in their well-documented negotiations over the stipulations. During negotiations, Skyryse's prior counsel of record, along with its general counsel, consented to jurisdiction and venue *only* for purposes of preserving relevant documents, returning certain information to Moog, and commencing discovery. (*See* Declaration of Jeri Rouse Looney ¶¶ 5-6.)

4

At all times, Skyryse made explicit its reservation of and refusal to waive its right to challenge jurisdiction or venue. (*Id.*)

Moog's suggestion that Skyryse's former counsel knowingly waived Skyryse's rights on this issue, so Skyryse should live with the consequences, is plainly wrong. (*See* Ex. 1, August 12 email from Moog to Court ("While Latham was not counsel of record at the time that the March 11 Order was negotiated, they are equally as bound by it as their predecessor counsel Gibson Dunn.").) To the contrary, "Skyryse and its outside counsel, from both firms, have uniformly understood that Skyryse never waived its right to challenge jurisdiction and venue for any purpose other than administering the procedural stipulations, and they have acted accordingly." (*See* Declaration of Jeri Rouse Looney ¶ 14.)

In fact, Skyryse's counsel rejected language Moog had proposed that would have waived and delayed any resolution of Skyryse's jurisdictional challenge "until after the hearing on Plaintiff's Motion for Preliminary Injunction takes place and after a final ruling is issued by the Court." (Ex. 2, March 10, 2022 Draft of the March 11 Stipulation (ECF 25) circulated by counsel for Moog (showing, redlined in ¶ 11, the language that Moog proposed to explicitly delay resolution of Skyryse's jurisdiction and venue challenge until after the preliminary injunction hearing); Ex. 3, Subsequent March 10, 2022 Draft circulated by counsel for Skyryse (striking Moog's proposed language in ¶ 11.).) In rejecting this language, Skyryse explained that it would *not* agree to waive its personal jurisdiction and venue challenge through the preliminary injunction hearing. (*See* Declaration of Jeri Rouse Looney ¶¶ 9-11.) For Moog to now suggest otherwise – and falsely attribute a state of mind to Skyryse that it never had (*see* Supplemental Opp., ECF 239, at 5 (claiming "Skyryse was well aware of what it was waiving when it entered into the Stipulations.")) – misrepresents the Parties' negotiations.

5

After these negotiations, too, Skyryse reminded Moog and the Court that the early pro-

ceedings in this action were subject to Skyryse's express reservation of rights regarding its juris-

diction and venue challenges. For example, Skyryse agreed to push forward a prompt investigation

into the preservation of discoverable information – but again, only subject to its challenge to juris-

diction and venue. (*See* ECF 95, April 26 Tr. at 23:15-24:5 ("[W]e think [Skyryse's Motion to

Dismiss or Transfer] is a good motion. By good, *we think we're right, and are not today in a*

*position to waive personal jurisdiction problems*, but we are perfectly happy however Your Honor

thinks the best way to proceed to put that motion on ice, put it in abeyance and to not, in any way,

challenge Your Honor's jurisdiction or this court's jurisdiction with respect to resolving, address-

ing, sorting through all of these issues *so long, of course, as it doesn't constitute a waiver of juris-*

*dictional challenge*.") (emphasis added.))

A few weeks later, in a letter to Moog's counsel on May 4, Skyryse's counsel again con-

firmed that its "ongoing investigation has no bearing on its requested relief in its Motion to Dismiss

for Lack of Jurisdiction and/or Improper Venue—the Western District of New York lacks personal

jurisdiction over Skyryse, is an improper venue, and this case should be transferred to California."

(*See* ECF 142-5, May 4 Letter from counsel for Skyryse, at 10.) Moog never argued, either at the

April 26 hearing or in response to Skyryse's May 4 letter that Skyryse had waived an objection to

this Court being the proper forum for resolving Moog's preliminary injunction motion.

### D.      Moog will suffer no undue prejudice if the case is dismissed or transferred while its preliminary injunction motion is pending.

If the Court decides to grant Skyryse's Motion to Dismiss or Transfer Venue before resolv-

ing Moog's preliminary injunction motion, Moog will not be materially inconvenienced or preju-

diced. Moog agreed to take the hearing for its motion for a temporary restraining order off of the

calendar because defendants Skyryse, Kim, and Pilkington stipulated to the preliminary relief

6

Moog had requested, eliminating any purported urgency. (*See* ECF No. 104, May 5, 2022 Hearing Tr. at 17:23-18:7; ECF 25, 33.) Moog has not requested, much less shown any need for, any additional preliminary relief.

Moog also has no basis for assuming that a court in the Central District of California could not resolve its preliminary injunction motion as efficiently as this Court – particularly given that Moog has suggested on several occasions that it would seek to postpone the preliminary injunction hearing from its expected date in October, but has yet to do so. (*See, e.g.*, ECF 214-3, July 15 Hearing Tr. at 5:13-20.) The schedule to which the Parties agreed has since been modified multiple times, was further upended when Moog claimed to need additional time and discovery before identifying its trade secrets (ECF 210), and is not currently in effect at all, having been vacated by the Court pending resolution of the individual defendants' motion to stay (ECF 216.) Any potential further delay in resolution of Moog's motion for a preliminary injunction will therefore not unfairly prejudice Moog, which again, received by stipulation the preliminary relief it claims to need. On the other hand, protracted litigation in the Western District of New York – as Moog continues to request that the Court defer the preliminary injunction hearing – does prejudice Defendants, who bear additional burden and expense with each day the action remains in this district.

III.     **CONCLUSION**

For the foregoing reasons, Skyryse respectfully requests that Moog's Complaint be dismissed, or that the Court transfer this action to the United States District Court for the Central District of California, immediately, rather than waiting to first resolve Moog's preliminary injunction motion.

Dated: August 23, 2022

*/s/ Gabriel S. Gross*

**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: doug.lumish@lw.com
        gabe.gross@lw.com
        arman.zahoory@lw.com
        ryan.banks@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne C. Osborne (Admitted *Pro Hac Vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Defendant Skyryse, Inc.

US-DOCS\134559949.3

8