UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

Plaintiff,

v.

Case No.: 1:22-cv-00187

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES NOS.
1-50,

Defendants.

## MOOG INC.'S MEMORANDUM OF LAW  IN OPPOSITION TO SKYRYSE'S MOTION TO STAY

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT ...............................................................................................................4

    I.     A Stay is Not Warranted Here ...................................................................4

          A.    Motions for Stay Are Generally To Be Denied Pre-Indictment .................................................................................5

               1.    None of the Authority Cited by Skyryse Supports its Request for a Pre-Indictment Stay .......................................7

          B.    There is No Known "Overlap" of Criminal and Civil Proceedings ...................................................................9

          C.    A Stay is Not Warranted Based on Skyryse's Private Interests ...................................................................10

               1.    Skyryse's Purported "Interests" are Based on Hypothetical Events and Speculation ................................10

               2.    Skyryse Can Defend this Action if the Individual Defendants Invoke the Fifth Amendment .........................12

               3.    Skyryse is Not Unduly Prejudiced if The Individual Defendants Assert the Fifth Amendment .........................13

               4.    Skyryse is Not Unduly Prejudiced if an Adverse Interest is Drawn Against the Individual Defendants ........15

          D.    The Interests of Moog, the Court, and the Public Weigh in Favor of Denying a Stay and Proceeding Expeditiously ...............17

               1.    The Interests of Plaintiff Moog ...........................17

               2.    The Interests of the Court .................................21

               3.    The Interests of the Public .................................22

          E.    The Stay Should Be Denied as to All Defendants, but a Stay as to the Individual Defendants Should Not Extend to Defendant Skyryse ...................................................................22

CONCLUSION .............................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

<u>Federal Cases</u>

*Abraham v. Aquilone*
  No. 11 CIV. 5947 KBF, 2012 WL 1820869 (S.D.N.Y. May 15, 2012).....................16

*Arden Way Assocs. v. Boesky*
  660 F. Supp. 1494 (S.D.N.Y. 1987)..............................................................................8

*Arden Way Assocs. v. Boesky*
  660 F. Supp. 1494 (S.D.N.Y. 1987)............................................................................21

*Bernard v. Lombardo*
  No. 16 CV. 863, 2017 WL 2984022 (S.D.N.Y. June 9, 2017)................................9, 21

*Citibank, N.A. v. Hakim*
  No. 92 CIV. 6233 (MBM), 1993 WL 481335 (S.D.N.Y. Nov. 18, 1993)..............6, 21

*Citibank, N.A. v. Super Sayin' Pub., LLC*
  86 F. Supp. 3d 244 (S.D.N.Y. 2015).........................................................................5, 9

*Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*
  No. CIV.A. 11-00785 CCCC, 2011 WL 5416058, at *3 (D.N.J. Nov. 4, 2011)...........7

*Corcoran L. Grp., L.L.C. v. Posner*
  No. 09 CIV. 1861 (WHP), 2009 WL 1739702 (S.D.N.Y. June 10, 2009) ....................7

*E.I. du Pont de Nemours & Co. v. Hou*
  No. CV 17-224-RGA, 2017 WL 2531940 (D. Del. June 9, 2017) ..............................20

*Gellis v. Casey*
  338 F. Supp. 651 (S.D.N.Y. 1972) .............................................................................11

*Genentech, Inc. v. JHL Biotech, Inc.*
  No. C 18-06582 WHA, 2019 WL 1045911 (N.D. Cal. Mar. 5, 2019) .................14, 20

*Gen. Elec. Co. v. Liang*
  No. CV 13-08670 DDP VBKX, 2014 WL 1089264
  (C.D. Cal. Mar. 19, 2014) ....................................................................................19, 20

*Gran Sabana Corp. N.V. v. Kossoff*
  No. 21-CV-3154 (RA), 2021 WL 3666116 (S.D.N.Y. Aug. 17, 2021)..................9, 22

*Gustave v. City of N.Y.*
  No. 10-CV-3314, 2010 WL 3943428 (E.D.N.Y. Oct. 6, 2010)....................................7

*Hix Corp. v. Nat'l Screen Printing Equip.*
  Inc., No. 00-2111-KHV, 2000 WL 1026351
  at *3 (D. Kan. July 6, 2000) ........................................................................19, 20

*In U.S. S.E.C. v. First Jersey Sec., Inc.*
  No. 85 CIV. 8585 (RO), 1987 WL 8655 (S.D.N.Y. Mar. 26, 1987) ....................15, 16

*Ironbridge Corp. v. Comm'r*
  528 F. App'x 43 (2d Cir. 2013) ................................................................................13

*Javier H. v. Garcia-Botello*
  218 F.R.D. 72 (W.D.N.Y. 2003) ................................................................................7

*JHW Greentree Cap., L.P. v. Whittier Tr. Co.*
  No. 05 CIV. 2985 (HB),
  2005 WL 1705244 (S.D.N.Y. July 22, 2005) ................................................6, 9, 21, 22

*Keating v. Off. of Thrift Supervision*
  45 F.3d 322 (9th Cir. 1995) ................................................................................6, 11

*Kelley v. Domingue*
  No. CV 20-1496, 2021 WL 878510 (E.D. La. Mar. 9, 2021) ................................7, 10

*Landis v. N. Am. Co.*
  299 U.S. 248 (1936) ................................................................................................21

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*
  676 F.3d 83 (2d Cir. 2012) ................................................................................6, 21

*In re Mid-Atl. Toyota Antitrust Litig.*
  92 F.R.D. 358 (D. Md. 1981) ....................................................................................6

*In re Par Pharm., Inc. Sec. Litig.*
  133 F.R.D. 12 (S.D.N.Y. 1990) ..............................................................................4, 5

*Parker v. Dawson*
  No. 06-CV-6191 JFB WDW, 2007 WL 2462677
  (E.D.N.Y. Aug. 27, 2007) ..........................................................................................7

*Patrick v. Apple*
  No. 920CV0047LEKDJS, 2020 WL 4816015
  (N.D.N.Y. Aug. 19, 2020) ........................................................................5, 6, 17, 21

*Pearson Educ., Inc. v. Kumar*
  No. 1:07-CV-9399 (CSH), 2010 WL 2230574 (S.D.N.Y. May 27, 2010),
  *judgment vacated on other grounds*,
  523 F. App'x. 16 (2d Cir. 2013) ........................................................................18, 19, 20

*Rex & Roberta Ling Living Tr. u/a Dec. 6, 1990 v. B Commc'ns Ltd.*
346 F. Supp. 3d 389 (S.D.N.Y. 2018)........................................................................10

*Roche Diagnostics Corp. v. Priority Healthcare Corp.*
No. 218CV01479KOBHNJ, 2019 WL 8014315 (N.D. Ala. Oct. 30, 2019)..............14

*S.E.C. v. Alexander*
No. 10-CV-04535-LHK, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2010) .....................7

*S.E.C. v. Musella*
38 Fed. R. Serv. 2d 426 (S.D.N.Y. 1983) ....................................................................6

*S.E.C. v. Wheeler*
No. 11-CV-6169-CJS, 2011 WL 4745048 (W.D.N.Y. Oct. 7, 2011)...........................4

*Scottsdale Ins. Co. v. Above Call Sec. & Investigations, Inc.*
No. 21CV1418NGGPK, 2022 WL 125801 (E.D.N.Y. Jan. 13, 2022) .........................7

*S.E.C. v. Downe*
No. 92 CIV. 4092 (PKL), 1993 WL 22126 at *12-13
(S.D.N.Y. Jan. 26, 1993)...............................................................................7, 8, 13

*Sec. & Exch. Comm'n v. Abraaj Inv. Mgmt. Ltd.*
No. 19-CV-3244 (AJN), 2019 WL 6498282 (S.D.N.Y. Dec. 3, 2019) ........................7

*Sec. & Exch. Comm'n v. LaGuardia*
435 F. Supp. 3d 616 (S.D.N.Y. 2020)...........................................................................7

*Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*
No. 16CV6848DLIVMS, 2017 WL 2915365 (E.D.N.Y. July 7, 2017) .......................7

*Sec. & Exch. Comm'n v. Plus Money, Inc.*
No. 08CV0764 MMA (NLS), 2008 WL 11338383 (S.D. Cal. Dec. 1, 2008).............11

*Stamile v. Cnty. of Nassau*
No. CV 10-2632 SJF AKT, 2011 WL 1754125
(E.D.N.Y. Jan. 31, 2011) ................................................................................7, 10, 15

*State Farm Mut. Auto. Ins. Co. v. Mittal*
No. 16CV4948FBSMG, 2018 WL 3127155 (E.D.N.Y. June 25, 2018) ......................5

*U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp., Inc.*
297 F. Supp. 2d 531 (E.D.N.Y. 2003) ..........................................................................8

*U.S. Legal Support, Inc. v. Hofioni*
No. 2:13-CV-01770-MCE-AC, 2016 WL 615620 (E.D. Cal. Feb. 16, 2016).............20

*United States v. Fridman*
    337 F. Supp. 3d 259 (S.D.N.Y. 2018), *aff'd*, 974 F.3d 163 (2d Cir. 2020) .................11

*United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*
    811 F. Supp. 802 (E.D.N.Y. 1992) ......................................................................5, 6, 21

*Volmar Distribs., Inc. v. New York Post Co.*
    152 F.R.D. 36 (S.D.N.Y. 1993) ......................................................................7, 12, 13

*Williams v. Swack*
    No. 13-CV-00974 S M, 2015 WL 2237216 (W.D.N.Y. May 12, 2015) ..................4, 5

<u>Federal: Statutes, Rules, Regulations, Constitutional Provisions</u>

Fifth Amendment ........................................................................................... *passim*

## PRELIMINARY STATEMENT

Plaintiff Moog, Inc. ("Moog"), by and through its undersigned counsel, hereby submits this memorandum of law in opposition to defendant Skyryse, Inc.'s ("Skyryse") motion to stay this action (the "Mot."). (ECF 241.)

The relief sought by Skyryse in its Motion is just its latest attempt to shut down Moog's access to the devices and documents hosted by iDS. Skyryse's actual intent is to prevent Moog from being able to develop the full scope of its case against the defendants – access that the defendants have continually attempted to block for months through motion practice (*see, e.g.*, ECF 210, 213, 225) and self-help (*see, e.g.* ECF 226, 229).

Indeed, though Skyryse requests the Court stay inspection of already produced devices— which are necessary for Moog to identify the trade secrets at issue in this case—Skyryse's purported concern is not about the devices, but rather whether the individual defendants may, at a later time, assert a Fifth Amendment privilege at deposition or cross-examination. But counsel for the Individual Defendants claims they need Moog to fully identify the trade secrets at issue in order to determine whether to assert the Fifth Amendment, which is something that can only be done after Moog has completed inspection of the necessary devices. Thus, if Skyryse genuinely wants to know whether the Individual Defendants intend to assert the Fifth Amendment in a future proceeding, it should join Moog in opposing a stay of the case at this time. That Skyryse instead joins the Individual Defendants in seeking a global stay, thereby depriving Moog, the Court, and the parties of which trade secrets are in dispute, demonstrates Skyryse's true goal of interminable delay and obstruction.

From a pure legal standpoint, Skyryse's Motion ignores the most important factor to be considered in the Court's analysis, namely, that the Individual Defendants *have not* been indicted. Case law makes clear that where, as here, there is only a criminal investigation, but no

indictment, a stay should not be granted and in fact can be denied on this ground alone. Moreover, without an indictment, the factor regarding overlap of the actions also weighs against a stay because the actual scope of any eventual criminal indictment (which is a necessary precursor to any criminal court case) remains hypothetical.  There is no justification for the premature prophylactic grant of a stay now when such events have not occurred.

Indeed, the purported risk of prejudice on which Skyryse's Motion is entirely premised relies on the hypothetical circumstance of the Individual Defendants asserting Fifth Amendment rights, *which has not happened*, but which Skyryse nevertheless presumes and argues *will impede* its ability to defend this action.  Again, this argument is based only on the potential occurrence of an event and Skyryse's own prediction about what the Individual Defendants "are likely" to do. (Mot.. at 1) ("Pilkington and Kim are ***likely*** to assert the Fifth Amendment"') (emphasis added); *see id.* at 3 (the Individual Defendants "may invoke" Fifth Amendment rights).  It is undisputed that: (i) the Individual Defendants have not invoked any Fifth Amendment rights to date in connection with this action; (ii) Skyryse cannot invoke any Fifth Amendment privilege because it is not a natural person; and (iii) Skyryse has no standing to make a Fifth Amendment assertion on behalf of the Individual Defendants.  Consequently, it is not Skyryse's place to be arguing for a stay on behalf of the Individual Defendants, and Skyryse cannot justify a stay for itself premised on a criminal indictment which has not occurred or the Individual Defendants' hypothetical invocation of rights.

Further, the prejudice to Moog if a stay were entered would be substantial because it would adversely affect Moog and its ability to prosecute its long-pending request for preliminary relief to prevent irreparable harm.  A stay would cause Moog to be indefinitely prevented from: 1) identifying the full nature and scope of misappropriation and use of trade secrets by

defendants and third parties through the ongoing expedited discovery process; 2) proceeding

with the scheduled Preliminary Injunction hearing; and 3) and obtaining injunctive relief

necessary to prevent further irreparable harm stemming from the Defendants' undisputed theft of

1.4 million files containing Moog's proprietary information.  Federal courts are clear this is

substantial prejudice. Skyryse claims that Moog  will not be prejudiced by any delay because

"Defendants have already stipulated to the entirety of the preliminary relief Moog requested."

(Mot. at 7).  However, since the filing of the Complaint, Moog has discovered substantially more

wrongdoing by Defendants (including the later discovery of Pilkington's theft of over one

million Moog files) and third parties. Moog will likely require more tailored injunctive relief

now that it has had the benefit of certain discovery. Regardless, federal courts are unambiguous

that the existence of temporary or injunctive relief does not diminish prejudice to the plaintiff,

especially in trade secret cases where the plaintiff has a heightened interest in understanding the

full scope of wrongdoing. The same courts also show that a stay would prevent Moog from

conducting discovery to ensure compliance with existing temporary/injunctive relief, or from

having any judicial oversight in the event there are any violations thereof.

      Skyryse next complains it will be prejudiced if the Individual Defendants invoke the Fifth

Amendment because it cannot cross-examine them and any adverse inference will be unfairly

imputed to Skyryse. First, this argument is based on a hypothetical invocation of the Fifth

Amendment and the issuance of adverse inferences, none of which have occurred. Second,

Skyryse can fully defend the action regardless of the Individual Defendants' potential

indictments or Fifth Amendment invocations; it has sufficient documents and devices in its

possession or at its disposal to defend itself and fully participate in discovery.  Skyryse has not

demonstrated it cannot rely on other witnesses. Third, federal courts provide that a corporate

defendant's inability to depose affiliated defendants is not undue prejudice sufficient to stay an action. Fourth, the Individual Defendants were former Skyryse employees and committed wrongdoing while employed by Skyryse. As much as it may like to distance itself from the Individual Defendants, Skyryse must be held accountable for its employees' actions. Skyryse cannot benefit from a stay because its former employees' conduct was so egregious that there are now potential criminal implications. The Court's and the public's interest likewise both favor expeditious resolution of this matter.  Because all of the factors weigh against a stay, the Motion is properly denied.[1]

## ARGUMENT

### I.    A Stay is Not Warranted Here

Courts in this Circuit generally consider six factors when determining whether to stay civil proceedings in view of parallel criminal proceedings: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Williams v. Swack*, No. 13-CV-00974 S M, 2015 WL 2237216, at *2 (W.D.N.Y. May 12, 2015) (denying motion for stay).  A stay of a civil case is an "extraordinary remedy," and one which the case law makes clear is not warranted under the present circumstances.  *In re Par Pharm., Inc. Sec. Litig*., 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("A total stay of civil discovery pending the outcome of related criminal proceedings . . . is an extraordinary remedy."); *S.E.C. v.*

---

[1] Moog refers the Court to the factual background included in Moog's Opposition to the Individual Defendants' motion to stay (ECF 240 at 3), and incorporates it herein by reference.

*Wheeler*, No. 11-CV-6169-CJS, 2011 WL 4745048, at \*3 (W.D.N.Y. Oct. 7, 2011) (stating same and denying application for a stay where no defendant in civil action had been indicted).

### A.      Motions for Stay Are Generally To Be Denied Pre-Indictment

Skyryse's Motion expressly requests a "complete stay of this action pending the resolution of the criminal *investigation*" of Kim and Pilkington.  (Mot. at 2) (emphasis added). That position finds no support in the law.  Instead, "[t]he weight of authority in this Circuit" makes clear that requests for stays of a civil proceeding are routinely denied "where no indictment has issued."  *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. at 14; *see United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805-06 (E.D.N.Y. 1992) ("Pre-indictment requests for a stay of civil proceedings are generally denied."); *see also, e.g.*, *Williams*, 2015 WL 2237216, at \*2; *Patrick v. Apple*, No. 920CV0047LEKDJS, 2020 WL 4816015, at \*3 (N.D.N.Y. Aug. 19, 2020) ("[w]hether the defendant has been indicted has been described as 'the most important factor' to be considered in the balance of factors."). Courts "have generally agreed that a stay is not appropriate absent an indictment or special circumstances." *Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 247-48 (S.D.N.Y. 2015).  "'Special circumstances' include government concerns about harm to ongoing investigations, special concerns related to bankruptcy cases, and cases where one defendant was indicted, but another was not." *State Farm Mut. Auto. Ins. Co. v. Mittal*, No. 16CV4948FBSMG, 2018 WL 3127155, at \*2 (E.D.N.Y. June 25, 2018). None of these circumstances exist here.

Skyryse's position is that: (i) the Individual Defendants are the subject of a criminal *investigation*; (ii) the Individual Defendants "may" need to invoke their Fifth Amendment rights in this civil action; and so (iii) in order to safeguard the Individual Defendants' rights and protect Skyryse's ability to defend in the civil action, a stay is warranted.  This position is not supported by the law and improperly conflates and mistakes several legal principles.  Tellingly, Skyryse's

Motion makes *no mention of the concept of indictment* at all, and instead, relies wholly on the existence of a pending *investigation* of other parties in the action.  But the law is clear that where there is only an investigation, but no claim of an indictment, a "pre-indictment motion to stay can be denied *on this ground alone*."  *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233 (MBM), 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993) (emphasis added).[2]  Here, there is only an investigation, and whether any indictments or prosecution of the Individual Defendants will ever occur is, at this point, purely a matter of speculation.  *See, e.g.*, *Patrick*, 2020 WL 4816015 at *3 (noting that pre-indictment "the court cannot know…whether [an investigation] will result in charges…").[3]  The weight of authority thus holds that no stay is warranted.  *See, e.g.*, *JHW Greentree Cap., L.P. v. Whittier Tr. Co.*, No. 05 CIV. 2985 (HB), 2005 WL 1705244, at *1 (S.D.N.Y. July 22, 2005) ("the difference between being a 'target' of an investigation and indicted weighs significantly against the granting of a stay.").[4]

---

[2] *See also, e.g.*, *Priv. Sanitation Indus. Ass'n.*, 811 F. Supp. at 805 ("since [defendant] has yet to be indicted by any grand jury, his motion to stay may be denied on that ground alone."); *S.E.C. v. Musella*, 38 Fed. R. Serv. 2d 426 at *1-2 (S.D.N.Y. 1983) (where "a grand jury in this district is considering the matter" and defendants "are targets of that inquiry," but "[n]o indictment has been returned as yet," denying a motion to stay as "contrary to established authority.").

[3] *See id.* (noting that "[p]re-indictment stays are relatively unusual," that "a post-indictment procedural posture appears in practice to be almost a prerequisite to a stay of related civil proceedings," and explaining how pre-indictment posture affects other factors).

[4] Note that, should an indictment be granted in the future, the imposition of a stay is not automatic and may still be inappropriate.  While status of the criminal case is a substantial factor in a courts' analysis, a post-indictment stay may also be denied upon a court's consideration of the circumstances of the case and other factors.  *See, e.g.*, *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104 (2d Cir. 2012) (finding no abuse of discretion where post-indictment motion for stay was denied); *Keating*, 45 F.3d at 325 (same).  An additional consideration against a stay is when the party seeking the stay has no fifth amendment rights and is not themselves the party that is indicted. *See In re Mid-Atl. Toyota Antitrust Litig.*, 92 F.R.D. 358, 360 (D. Md. 1981) (denying motion to stay brought by corporate defendants, and finding that lack of fifth amendment protections for corporate defendant weighed against stay). In the event

1.      **None of the Authority Cited by Skyryse Supports its Request for a Pre-Indictment Stay**

Every case but one cited by Skyryse is a case in which the defendant was already indicted or the equivalent.  As explained above, this is a significant factor in the analysis of whether a stay is granted, and courts in this Circuit routinely deny motions for stay that are brought before an indictment.  *See* Section I.A, *supra*.  Thus, almost every case relied on by Skyryse concerned a very different set of facts and different analysis than what the Court must utilize here.[5]

The *only* decision cited by Skyryse in which a stay was granted pre-indictment is *S.E.C. v. Downe*, in which there were significant distinguishable and special circumstances at play.  No. 92 CIV. 4092 (PKL), 1993 WL 22126 at *12-13 (S.D.N.Y. Jan. 26, 1993).  In *Downe*, a stay was

---

that an indictment does actually issue against the Individual Defendants in the future, Moog reserves the right to oppose any new application for a stay based on the circumstances presented at that point in time.

[5] *See Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. CIV.A. 11-00785 CCCC, 2011 WL 5416058, at *3 (D.N.J. Nov. 4, 2011) (defendant had been indicted); *Parker v. Dawson*, No. 06-CV-6191 JFB WDW, 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (felony complaint had been filed, and holding that for purposes of "status of case" factor, felony complaint is equivalent to indictment)l *Corcoran L. Grp., L.L.C. v. Posner*, No. 09 CIV. 1861 (WHP), 2009 WL 1739702, at *2 (S.D.N.Y. June 10, 2009) (felony complaint had been filed); *Gustave v. City of N.Y.*, No. 10-CV-3314, 2010 WL 3943428, at *3 (E.D.N.Y. Oct. 6, 2010) (plaintiff had already been charged and criminal case was underway); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 73 (W.D.N.Y. 2003) (indictment issued before civil complaint); *Kelley v. Domingue*, No. CV 20-1496, 2021 WL 878510, at *5 (E.D. La. Mar. 9, 2021) (defendant had already been charged and criminal trial was already scheduled); *Scottsdale Ins. Co. v. Above Call Sec. & Investigations, Inc.*, No. 21CV1418NGGPK, 2022 WL 125801, at *2 (E.D.N.Y. Jan. 13, 2022): *Sec. & Exch. Comm'n v. Abraaj Inv. Mgmt. Ltd.*, No. 19-CV-3244 (AJN), 2019 WL 6498282, at *2 (S.D.N.Y. Dec. 3, 2019) (defendant had been indicted); *S.E.C. v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010) (defendants had been indicted); *Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d 616, 621 (S.D.N.Y. 2020) (defendant had been indicted); *Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*, No. 16CV6848DLIVMS, 2017 WL 2915365, at *4 (E.D.N.Y. July 7, 2017) (individual defendants had been indicted); *Stamile v. Cnty. of Nassau*, No. CV 10-2632 SJF AKT, 2011 WL 1754125, at *5 (E.D.N.Y. Jan. 31, 2011) (felony complaint had been filed); *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (all of the defendants moving for a stay had already been indicted).

not granted because of Fifth Amendment concerns; indeed, in that case, the defendant at the center of the stay had *already pled guilty* to criminal charges and was assisting the USAO with prosecutions against others. *Id*. at *13. The stay was not sought by any defendant, but rather by the USAO, which intervened in the action for the purpose of seeking a stay. *Id*. at *12. While a second defendant opposed the USAO's motion for a stay, the court granted the stay because the first defendant was "presently providing information against others" and the USAO had contended that "the Grand Jury investigation would be irreparably harmed if such testimony and document production with respect to [the cooperating defendant] were permitted to proceed at this time." *Id*. at *12-13. *Downe* thus does not present a procedural or factual scenario at all similar to that before the Court in the instant action.

In contrast with *Downe*, here, there is no indication that this civil action poses any threat to an ongoing investigation by the government, and there has been no intervention by the USAO or any governmental institution in this action. Where "Government agencies have not sought to intervene… it must be assumed that they consider that a threat to the public interest has not yet ripened…." *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1499–500 (S.D.N.Y. 1987). The grounds for the pre-indictment stay in *Downe* do not exist here, and *Downe* has no applicability to the instant case. In fact, *Downe* was distinguished by the E.D.N.Y. in a later case where the defendant sought a pre-indictment stay; the court noted there that, as here, *Downe* was distinguishable in that the *government* had sought the stay for reasons unrelated to the Fifth Amendment. *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp., Inc.*, 297 F. Supp. 2d 531, 535 (E.D.N.Y. 2003) (denying pre-indictment motion for stay). Thus, *Downe* is inapposite.

Skyryse's Motion simply does not offer any applicable authority, let alone persuasive authority, demonstrating that a stay is warranted for the factual situation now before the Court. Therefore, its request for a stay should be denied.

**B.      There is No Known "Overlap" of Criminal and Civil  Proceedings**

Skyryse argues that that the "pending criminal investigation involves the same underlying issues and facts" as the civil case before the Court.  (Mot. at 5).  However, where, as here, there is no indictment, any assertion about the extent of the overlap between the criminal proceeding and the civil proceedings is speculative, and therefore this factor weighs against a stay.  *JHW Greentree Cap., L.P.*, 2005 WL 1705244 at *1.  "Absent indictment . . . . this Court cannot determine the extent to which an indefinite criminal case overlaps with a pending civil action." *Id*. (holding that the "overlapping issues" factor advocated against a stay); *see also Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 247 (S.D.N.Y. 2015) ("the fact that [an individual defendant] has not been indicted…mitigates the concerns associated with the factual overlap between the civil and criminal cases."); *Gran Sabana Corp. N.V. v. Kossoff*, No. 21-CV-3154 (RA), 2021 WL 3666116, at *3 (S.D.N.Y. Aug. 17, 2021) (noting that, even if the defendant's attorney represents that an investigation is related to the civil matter, "where a criminal has not been indicted, it is difficult for a court to assess precisely the extent to which the criminal and civil matters overlap," and that even if there is "apparent overlap," "the Court does not place especially great weight on this factor pre-indictment"); *Bernard v. Lombardo*, No. 16 CV. 863 (RMB), 2017 WL 2984022, at *2-4 (S.D.N.Y. June 9, 2017) (denying motion for stay where plaintiff argued that the scope of a criminal case was indefinite prior to indictment).  In sum, Skyryse's prognostications aside, none of the parties to this action know the full scope of the USAO investigation or what, if any, charges may ultimately be brought, and this factor therefore weighs against a stay.  *JHW Greentree Cap., L.P.*, 2005 WL 1705244 at *1.

C.     A Stay is Not Warranted Based on Skyryse's Private Interests

1.     Skyryse's Purported "Interests" are Based on Hypothetical Events and Speculation

The only interest Skyryse raises on its own behalf is its speculative fear that the Individual Defendants *might* invoke the Fifth Amendment, which *might* deprive Skyryse of helpful evidence.  Case law makes clear that this concern about what *may* occur is not enough to justify grinding this civil action to a complete halt.  *See, e.g.*, *Rex & Roberta Ling Living Tr. u/a Dec. 6, 1990 v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389, 412 (S.D.N.Y. 2018).  In *Rex & Roberta Ling Living Tr.*, the defendant's only claim of prejudice "rest[ed] on its fear that the inability of *other* witnesses to testify will hamper its ability to prove its case."  *Id.*  However, because no defendants had actually invoked the Fifth Amendment at that time, the court found the prejudice was "speculative" and appropriately denied the motion to stay.  *Id.*

The cases on which Skyryse focuses to support its position do not warrant a different result.  Importantly, in the cases Skyryse describes (as in most of the cases cited by Skyryse) there was no prejudice to the plaintiff in granting a stay and the analysis of all factors was weighted by the occurrence of an indictment.  *See Kelley v. Domingue*, No. CV 20-1496, 2021 WL 878510, at *5 (E.D. La. Mar. 9, 2021) (indictment filed and plaintiff supported the stay); *Stamile v. Cnty. of Nassau*, No. CV 10-2632 SJF AKT, 2011 WL 1754125, at *5-6 (E.D.N.Y. Jan. 31, 2011) (felony complaint filed and "very little prejudice, if any, accrues to Plaintiffs").  As explained below, here, there is significant prejudice to Moog if a stay is granted beyond delay or inconvenience (which are also prejudicial and given more weight pre-indictment).

Separately, and even more importantly, in each of those cases the moving defendant actually demonstrated that it would "not have access to all the discovery necessary to defend against the allegations in this action."  *Stamile*, 2011 WL 1754125 at *6; *Kelley*, 2021 WL

-10-

878510 at *6 (the defendants had "show[n] that they plan to rely on a defense that centers around the alleged fault of" the indicted defendant).  Here, beyond conclusory assertions, Skyryse has not identified in any concrete detail why it would be unable to defend this action were Kim and Pilkington to exercise their Fifth Amendment rights in regard to certain deposition questions.

It is important to note that while Skyryse purportedly fears that the Individual Defendants will invoke "a very broad Fifth Amendment privilege against providing responses to any discovery requests," no such invocation has occurred and such an invocation would, in any event, be completely improper.  *See, e.g.*, *United States v. Fridman*, 337 F. Supp. 3d 259, 267 (S.D.N.Y. 2018), *aff'd*, 974 F.3d 163 (2d Cir. 2020) (noting that the Court held a "blanket invocation of the Fifth Amendment" to be "insufficient to establish" protection).[6]  In fact, this Court has now ruled that such a blanket assertion by the Individual Defendants would be improper and inapplicable, and that they also have waived any invokable Fifth Amendment privilege with respect to all of the materials they have turned over to date.  (ECF 253 at pp. 4-10). However, even *assuming arguendo* that the Fifth Amendment privilege could potentially apply, case law is legion in explaining that the mere fact that a defendant ***may, one day, decide*** to assert their Fifth Amendment privilege in a civil case does not necessarily support a stay.  *See, e.g.*, *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995); *Gellis v. Casey*, 338 F. Supp. 651, 653 (S.D.N.Y. 1972).

---

[6] *See also Sec. & Exch. Comm'n v. Plus Money, Inc.*, No. 08CV0764 MMA (NLS), 2008 WL 11338383, at *3 (S.D. Cal. Dec. 1, 2008) (noting that "blanket refusal to answer any question is unacceptable" under the Fifth Amendment and finding it inappropriate to stay proceedings "based on a blanket assertion of Fifth Amendment implications").

### 2. Skyryse Can Defend this Action if the Individual Defendants Invoke the Fifth Amendment

Even if the Individual Defendants properly invoked the Fifth Amendment with regard to specific questions or discovery requests, Skyryse has not shown why it would not be able to defend the action on its own behalf.  It is undisputed that Kim and Pilkington took over one million files from Moog upon their departure.  The outstanding legal questions at issue in the civil litigation, including whether the stolen files contained trade secrets and whether those trade secrets have been misappropriated by Skyryse, can be investigated and argued by the parties even if the Individual Defendants invoke their Fifth Amendment privilege.  Skyryse clearly has access to its own files – including those materials that were created or modified by the Individual Defendants on Skyryse devices while employed by Skyryse – where Moog's trade secrets would be used, and has no Fifth Amendment basis for refusing to produce the same.  And, Skyryse should have access to all 23 of the electronic devices turned over by the Individual Defendants to iDS – assuming that those devices do not continue to be unilaterally restrained by the Individual Defendants. Furthermore, there is no reason that Skyryse and Moog cannot produce other witnesses to provide testimony on these issues.

This case is therefore also unlike the cases Skyryse cites for its argument that any stay should be applied to all defendants.  (*See* Mot. at 9-10).  For example, *Volmar Distribs., Inc. v. New York Post Co.*, aside from being a post-indictment decision and having distinguishable interests to be balanced, involved the Fifth Amendment privilege of "central figures" without whom discovery could not proceed.  *See*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993) (the "central issue" was "whether these two men engineered a conspiracy," and two men involved were indicted and would invoke Fifth Amendment).  *Downe*, which, as noted above, is highly distinguishable, also involved a "central figure" whose deposition was "critical" for the other defendants; specifically,

the "central figure" was the sole person to whom nonpublic insider trading information was conveyed by another defendant – without their testimony, there would be no one to confirm or deny what was conveyed.  1993 WL 22126 at *1, 14.

While Moog and Skyryse both want to depose Kim and Pilkington, they are not "central" to all the issues before the Court in the way the defendants in *Volmar* and *Downe* were – there is other available evidence of misappropriation that the parties can rely upon and that can be authenticated through other witnesses.  For example, Moog has already shown this Court chat messages between Pilkington and Lori Bird discussing stealing Moog data, and these communications can be authenticated by Ms. Bird. (ECF 210 at p. 9). As another example, the presence of Moog data on Skyryse systems, including ensuing use and misappropriation by Skyryse, can be addressed by a person most qualified from Skyryse, and the many other Skyryse employees who received Moog data from Pilkington and Kim. (ECF 210 at pp. 7-10; ECF 249 at pp. 6-9). Where other witnesses or documentary evidence are available to support parties' cases, a stay is not warranted.  *See, e.g.*, *Ironbridge Corp. v. Comm'r*, 528 F. App'x 43, 47 (2d Cir. 2013) (affirming a lower court's decision to deny a stay where the movant could still support its case through testimony of other witnesses and through various other documents).  Skyryse's own interests do not warrant a stay as to Skyryse.

### 3. Skyryse is Not Unduly Prejudiced if The Individual Defendants Assert the Fifth Amendment

In its Motion and during the August 25 hearing, Skyryse complains that it would be prejudiced if the Individual Defendants assert the Fifth Amendment because it would be unable to depose them on potentially incriminating documents. (Mot. at pp. 2-4) (8/25/22 Hrg. Tr. at pp. 54-55). This argument, however, lacks legal authority. And, of course, any prejudice faced by Skyryse from being unable to depose the Individual Defendants would also apply to Moog.

-13-

Federal courts around the country hold that in similar circumstances before this court, a corporate defendant's inability to elicit testimony from affiliated defendants does not justify a stay. In *Genentech, Inc. v. JHL Biotech, Inc.*, No. C 18-06582 WHA, 2019 WL 1045911, at *25 (N.D. Cal. Mar. 5, 2019), the court held that a corporate defendant's argument that "it would be hampered in defending itself in the action because it would not be able to rely on key witnesses" did not warrant a stay as to the corporate defendant, even where discovery was stayed as to individual defendants.  The court noted that "the same would be true for Genentech, who would be similarly unable to build its case without these key witnesses," and also that "[m]oreover, [the corporate defendant] has not shown that it cannot rely on any other witness of substance…." *Id*. Importantly, the court noted that a complete stay would hinder the plaintiff's "ability to perform third-party discovery," noting that "there is a risk that [plaintiff's] trade secrets have already been disclosed to others. This risk cannot be mitigated by provisional relief." *Id*.

Similarly, in *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 218CV01479KOBHNJ, 2019 WL 8014315, at *8 (N.D. Ala. Oct. 30, 2019), corporate defendants argued that "a partial stay would impair their ability to mount adequate defenses . . . given their affiliation with [individual defendants who received a stay]."  The court disagreed, noting that the corporate defendants had already been participating in discovery of their own materials. *Id*.  Further, the court rejected an argument that the corporate defendants would be harmed by adverse inferences, noting that a stay as to individual defendants "eliminates the prospect of adverse inferences as to the Corporate Defendants." *Id*. at *9.[7]

---

[7] While the Roche case involved individual defendants being granted a stay pre-indictment, it is distinguishable because the court noted that the "filings and representations to the court demonstrate imminent criminal charges."  *Id*. at *5. The Individual Defendants have not provided any evidence to this court demonstrating that criminal charges are imminent.

-14-

Thus, the mere fact that Skyryse may be prevented from cross-examining the Individual

Defendants (if the Fifth Amendment is asserted, which it has not been) is not sufficient grounds

to stay this action. Moog would face the same prejudice as Skyryse. To the extent Skyryse

wishes to prove its defenses, it has provided no evidence that it cannot rely on other key

witnesses, including its executives and management.

### 4. Skyryse is Not Unduly Prejudiced if an Adverse Interest is Drawn Against the Individual Defendants

During the August 25 hearing, Skyryse argued that it would be unfairly prejudiced

because any adverse inference drawn against the Individual Defendants' by invoking the Fifth

Amendment would be imputed against Skyryse, and Skyryse would not have an opportunity to

cross-examine the Individual Defendants during deposition or trial. (8/25/22 Hrg. Tr. at pp. 54-

55). However, federal courts in this district are unambiguous that this argument lacks merit and

is not a basis to stay proceedings and prevent the plaintiff from pursuing its claims.[8]

In *U.S. S.E.C. v. First Jersey Sec., Inc.*, No. 85 CIV. 8585 (RO), 1987 WL 8655, at \*2

(S.D.N.Y. Mar. 26, 1987), a parallel criminal investigation was ongoing involving the employees

of the corporate defendant.  The corporate defendant argued that a stay should be granted

because the employees might invoke the privilege in civil discovery leading to an adverse

inference against the corporate defendant.  *Id.* However, the Court denied the motion to stay and

held: "It is true that the invocation of the Fifth Amendment privilege by First Jersey employees

in this civil proceeding may be admissible against First Jersey . . . However, staying discovery to

---

[8] In *Stamile v. Cnty. of Nassau*, No. CV 10-2632 SJF AKT, 2011 WL 1754125, at \*3 (E.D.N.Y. Jan. 31, 2011), which is relied heavily on by Skyryse, the court found an imputation of the adverse inference was prejudicial enough to tip the balance towards a stay for the other defendants. However, the key distinguishing factor is that in this case, the court found "very little prejudice, if any, accru[ing] to Plaintiffs by staying this action." *Id.* at \*6.  As demonstrated further below, a stay would tremendously prejudice Moog in this case.

save the corporation from the adverse inference of a nonparty employee's assertion of the Fifth Amendment would be tantamount to permitting the employee to invoke the privilege on behalf of the corporation." *Id*. at *5. The Court also noted that the corporate defendant "lacks standing to assert the privilege on behalf of its officers, directors, and agents." *Id*.; *see also Abraham v. Aquilone*, No. 11 CIV. 5947 KBF, 2012 WL 1820869, at *1 (S.D.N.Y. May 15, 2012) (denying a motion for stay and holding: "[t]hat a defendant might have to exercise his Fifth Amendment right against self-incrimination does not, alone, cause such 'substantial prejudice' where any adverse inference drawn would be 'one of a number of factors the factfinder [would] consider' and would 'not automatically result in [the defendant] forfeiting the outcome of [his] civil proceeding.'").

As a threshold matter, the concept of an adverse inference being drawn against the Individual Defendants based on a hypothetical invocation of the Fifth Amendment is purely speculation and cannot be a reason to institute a stay. None of these events have occurred. Regardless, just as in *First Jersey*, staying discovery to save Skyryse from its former employees' conduct is improper and would constitute an invocation of the Fifth Amendment on behalf of Skyryse. While Skyryse attempts to distance themselves from Kim and Pilkington as much as possible, it must be emphasized that they were former Skyryse employees who committed many wrongful acts while being employed by Skyryse. It would be unfair to Moog for Skyryse to benefit from a stay because its former employees committed such egregious conduct that a potential Fifth Amendment assertion is at play.

Further, while Skyryse spends significant portions of its Motion attempting to argue the interests of the Individual Defendants, Moog has already briefed for the Court why the Individual Defendants' interests do not warrant a stay, and Skyryse does not address Moog's

arguments or add additional facts that would support the arguments of the Individual Defendants. As noted in Moog's Opposition to the Individual Defendants' motion to stay (ECF 240 at 14-15), the Individual Defendants offer nothing but a "generalized concern, *present in every instance* of parallel civil and criminal proceedings," which "in the abstract, absent any evidence of unique or unusual burdens on the defendant, will not alone justify a stay of civil discovery." *Patrick*, 2020 WL 4816015, at *6 (emphasis added). The Individual Defendants' interests likewise do not outweigh other interests to justify a stay.

### D.   The Interests of Moog, the Court, and the Public Weigh in Favor of Denying a Stay and Proceeding Expeditiously

The remaining three factors are the interests of plaintiff Moog, the interests of the Court, and the public interest. For similar reasons, each of these three factors weighs heavily in favor of denial of the stay request.

#### 1.   The Interests of Plaintiff Moog

Skyryse contends that the only prejudice to Plaintiff Moog would be delay, and cites only cases in which there was little or no prejudice to the plaintiff. Unlike in the cases cited by Skyryse, here Moog would be extremely prejudiced by the imposition of a stay. First, because this is a pre-indictment motion for stay, if a stay were granted "the delay imposed on the plaintiff is potentially indefinite." *Patrick*, 2020 WL 4816015 at *3 (internal quotation marks omitted). Indeed, "the court cannot know how complicated the government's investigation may be, whether the allegations of the particular civil plaintiff are merely the tip of an iceberg that will result in a lengthy and open-ended investigation, what priority the government assigns to the investigation, whether it will result in charges that will have to be litigated, or how time-consuming the resulting criminal case will be." *Id.* Consequently, granting a stay at this

-17-

juncture would indefinitely prevent Moog from obtaining relief, which is even more prejudicial than delay in a post-indictment case (and post-indictment cases are all that is cited by Skyryse).

An indefinite stay of discovery here would be especially prejudicial because there is a pending motion for preliminary relief based on the irreparable harm that Moog faces from the Individual Defendants' undisputed theft of Moog files, including those containing proprietary, confidential, and/or trade secret information.  Indeed, where an injunction is required to prevent continued misuse of stolen intellectual property, a delay in the entry of an injunction will prejudice the plaintiff.  *See Pearson Educ., Inc. v. Kumar*, No. 1:07-CV-9399 (CSH), 2010 WL 2230574, at *2 (S.D.N.Y. May 27, 2010), *judgment vacated on other grounds*, 523 F. App'x.  16 (2d Cir. 2013).  None of the cases cited by Skyrise contemplate a situation where, as here, a Plaintiff is seeking preliminary relief for the continued misuse of stolen intellectual property.

Further, the Preliminary Injunctive relief sought by Moog is absolutely necessary even in light of the existing TRO, as discovery has only revealed additional misappropriation of Moog's trade secrets that was not addressed in the TRO.  Since the filing of the Complaint in this action and through the start of discovery, Moog has discovered that Defendant Pilkington stole over one million additional files (as compared to what Moog originally believed had been stolen), that other Moog employees were involved in the misappropriation, and that other third parties are involved in the misappropriation.  The TRO was not tailored to focus on relief from any of this later discovered conduct.  Because Skyryse does not have any product on the market, the only way for Moog to fully ascertain the extent of use of Moog's materials is through the currently active expedited discovery process being housed at iDS.  Thus, any argument by Skyryse that the existing stipulated relief prevents any further risk or harm to Moog is flawed.

-18-

Federal courts around the country have determined that, under similar circumstances before this Court, the prejudice to the plaintiff was substantial and denied a stay of proceedings. In *Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP VBKX, 2014 WL 1089264 (C.D. Cal. Mar. 19, 2014), which is on all fours with this case, the court denied a motion for stay of a civil action and an alternative request to stay discovery for a specified period. There, just like here, the plaintiff argued that "a stay of the civil action would prevent it from obtaining the discovery required to secure full preliminary injunctive relief and thereby subject it to potential further irreparable harm arising from the dissemination of its trade secrets to third parties." *Id*. at *4. The Court agreed that "[plaintiff's] interests in proceeding with its civil action are substantial," holding that "[plaintiff] has significant interests in determining whether, and if so to whom, its trade secrets may have been disclosed so that it can seek any necessary further preliminary injunctive relief." *Id*.  Regarding the entry of injunctive relief, the court held: "[t]he Preliminary Injunction does not obviate [plaintiff's] interests, both because disclosure could have occurred prior to the injunction's issuance and because the existence of an injunction does not guarantee compliance with its terms, particularly if there is no means to verify compliance, as would appear to be the case here absent discovery." *Id*.

Similarly, in *Hix Corp. v. Nat'l Screen Printing Equip.*, Inc., No. 00-2111-KHV, 2000 WL 1026351, at *3 (D. Kan. July 6, 2000), the Court held that a stay would risk prejudice to plaintiff's interests because the "p]laintiffs ha[d] yet to identify the…extent of the leak of their confidential trade secrets" and a stay "may impair Plaintiff's ability to determine the nature and extent of its damages…."  There was also a temporary restraining order granted in that case, but that did not prevent the Court from finding possible prejudice to Plaintiff if a stay were entered.

*Id*. at *1.  In *Hix*, as here, all that was at issue was an FBI investigation, rather than any indictment.  *Id*. at *2.

*Liang* and *Hix* are directly on point. A stay in this case would prevent Moog from determining the full extent of misappropriation and use of its trade secrets so that it can seek the appropriate injunctive relief after the benefit of discovery. *See U.S. Legal Support, Inc. v. Hofioni*, No. 2:13-CV-01770-MCE-AC, 2016 WL 615620, at *2 (E.D. Cal. Feb. 16, 2016) (denying motion to stay and holding a stay would cause Plaintiff to be "limited in its ability to determine the scope of Defendants' misappropriation and consequent liability.").   Further, as noted in *Liang*, even though the March 11 Order has been issued, there is no way for Moog to determine whether Defendants have complied with that order if a stay is issued and Moog is prevented from conducting discovery into possession and use of Moog trade secrets. *See E.I. du Pont de Nemours & Co. v. Hou*, No. CV 17-224-RGA, 2017 WL 2531940, at *2 (D. Del. June 9, 2017), (holding prejudice to plaintiff "heavily favors denying the stay" where it has a "clear interest in having discovery occur, for it is essential for [plaintiff] to determine the magnitude and extent of [the] theft, including what [defendant Hou] did with [plaintiff's] trade secrets."); *Genentech, Inc.*, 2019 WL 1045911, at *25 (holding a complete stay would hinder the plaintiff's "ability to perform third-party discovery," and that "there is a risk that [plaintiff's] trade secrets have already been disclosed to others. This risk cannot be mitigated by provisional relief."). A stay would also leave Moog with no recourse or judicial oversight if it discovers violations of the March 11 Order (which have already occurred in spades). Thus, given the nature and scope of trade secret misappropriation at issue here, the prejudice to Moog is heightened by a stay at this juncture in the proceedings. Consequently, this factor weighs heavily against a stay.

-20-

### 2.      The Interests of the Court

The "Court's interest is in managing its cases and docket efficiently and resolving this litigation." *JHW Greentree Cap., L.P.*, 2005 WL 1705244 at \*2; *see also Bernard*, 2017 WL 2984022 at \*4.  Indeed, "convenience of the courts is best served when motions to stay proceedings are discouraged. Courts must be mindful that 'a policy of issuing stays solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration.'" *Priv. Sanitation Indus. Ass'n*, 811 F. Supp. at 808 (quoting *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) (finding that stay of civil case was not warranted on theory that assertion of Fifth Amendment privilege, because of pending criminal proceeding, would hamper effective response to suits)).  Indeed, the Second Circuit has made clear that a district court has "reason to proceed forthwith based on its own well-recognized interest in disposing 'of the causes on its docket with economy of time and effort for itself . . . .'")).  *Louis Vuitton Malletier S.A.*, 676 F.3d at 104 (affirming denial of stay after indictment and quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Skyryse's argument that judicial efficiency would be served by a stay ignores the pre-indictment nature of the instant motion for stay and the fact that the Court would be staying the action indefinitely (indeed, all of the cases cited by Skyryse in its efficiency argument were post-indictment cases).  The interest of the Court weighs even more forcefully against a stay where, as here, there is no indictment: "[I]t is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by [defendant]." *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233 (MBM), 1993 WL 481335, at \*2 (S.D.N.Y. Nov. 18, 1993); *see also Patrick*, 2020 WL 4816015 at \*3 (finding this factor weighed against a stay where granting a stay "would entail putting this case on hold for an indeterminate period of time").  Indeed, even where there is potential overlap between the

criminal and civil proceedings, the Court's interest weighs against a stay "particularly in the absence of an indictment." *Gran Sabana Corp. N.V.*, 2021 WL 3666116 at *3. Consequently, the Court's interests weigh against a stay.

### 3.    The Interests of the Public

Skyryse notably does not address the interest of the public in its filing. However, the interests of the public, like the interests of the Court, are "in the administration of justice" and are best "served by preventing an indefinite delay of this civil proceeding." *JHW Greentree Cap., L.P.*, 2005 WL 1705244 at *2. Moog addresses this factor more fully in its opposition to the Individual Defendants' motion to stay and the same analysis and conclusion apply here (ECF 240 at 18-19); the public interest favors denial of the stay.

### E.    The Stay Should Be Denied as to All Defendants, but a Stay as to the Individual Defendants Should Not Extend to Defendant Skyryse

As explained above and in Moog's opposition to the Individual Defendants' Motion, (ECF 240), all of the Defendants' arguments for imposing a stay at this juncture lack grounding in law, and it would be improper to delay these proceedings based on nothing more than a criminal indictment that may or may not occur. Further, even if a stay were granted as to the Individual Defendants, as explained above, Skyryse has not articulated anything beyond conclusory statements to show why it could not proceed with the action on its own behalf. *See* Section I.C, *supra*. Any stay should not extend to parties that have not asserted and cannot assert any Fifth Amendment privilege, and are continuing to participate in discovery day after day. In sum, every factor to be considered by the Court weighs against the imposition of a stay at this juncture, and Skyryse's requested relief should be denied.

### CONCLUSION

Moog requests that the Court disregard Skyryse's Motion in its entirety.

Dated:  New York, New York
September 2, 2022


**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Plaintiff Moog Inc.*


By: ___s/Rena Andoh___
      Rena Andoh
      Travis J. Anderson (admitted *pro hac vice*)
      Lai Yip (admitted *pro hac vice*)
      Tyler E. Baker (admitted *pro hac vice*)
      Kazim A. Naqvi (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700


and

**HODGSON RUSS LLP**

By: ___s/Robert J. Fluskey, Jr.___
      Robert J. Fluskey, Jr.
      Melissa N. Subjeck
      Reetuparna Dutta
      Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000