UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

                              Plaintiff,

        v.                                              Case No.: 1:22-cv-00187

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES NOS.
1-50,

                              Defendants.

<u>**MOOG'S MEMORANDUM OF LAW IN OPPOSITION TO**
**THE INDIVIDUAL DEFENDANTS' OBJECTIONS TO THE AUGUST 29, 2022**
**REPORT, RECOMMENDATION AND ORDER (ECF 264) REGARDING**
**JURISDICTION AND VENUE**</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL BACKGROUND ....................................................................................3

    I.     The Complaint and Initial Filings ............................................................3

    II.    The March 11 Order.................................................................................4

    III.   The March 17 Order.................................................................................5

    IV.   Defendants' Motions to Dismiss and Moog's Oppositions Thereto.......7

    V.    Individual Defendants and Skyryse Change Legal Counsel....................8

    VI.   The Parties' E-mail Correspondence with Magistrate Judge McCarthy ...............8

    VII.  The RRO ...............................................................................................10

LEGAL STANDARD ............................................................................................11

    I.     Motions to Transfer Venue are Non-Dispositive By Law .....................11

    II.    The RRO is a Non-Dispositive Ruling .................................................12

    III.   A Clearly Erroneous/Contrary to Law Standard Applies ......................14

ARGUMENT ........................................................................................................14

    I.     Magistrate Judge McCarthy Did Not "Reconstruct" the Motion to Dismiss and Merely Deferred a Final Ruling Until After the Preliminary Injunction Hearing.................................................................15

          A.    Magistrate Judge McCarthy Properly Deferred Ruling on the Balance of the Motions to Dismiss ...........................................15

          B.    The Individual Defendants' Cited Authority is Not Applicable and Distinguishable ...........................................................16

    II.    Moog Properly Raised its Arguments Regarding Jurisdiction and Venue in the WDNY For the Preliminary Injunction Hearing.................................18

          A.    Moog Raised the March 11 and 17 Orders in its Initial Oppositions ........19

          B.    Many Circumstances Changed Since the March 11 and 17 Orders...........19

          C.    Moog's Arguments Regarding Jurisdiction/Venue Are Part of the Formal Record ...........................................................20

    III.   Defendants' Reservation of Rights Remain Intact and Preserved, and the RRO Did Not Determine there was any Waiver of Such Rights for the Case as a Whole ...........................................................22

          A.    The RRO Confirms Defendants' Reservation of Rights Remain Intact and Have Not Been Waived...........................................22

## <u>TABLE OF CONTENTS</u>

**Page**

B.     Defendants Unambiguously Consented to Jurisdiction and Venue for the Purposes of the March 11 Order, Which Contained a Detailed Hearing and Briefing Schedule on Moog's Motion for a Preliminary Injunction ................................................................23

CONCLUSION ...............................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Am. Rock Salt Co., LLC v. Norfolk S. Corp.*
371 F. Supp. 2d 358 (W.D.N.Y. 2005) .................................................................14

*Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*
No. 03-CV-0306A(F), 2004 WL 2491641 (W.D.N.Y. Nov. 3, 2004) ....................12

*Bagley v. Yale University*
No. 3:13-CV-1890 CSH, 2014 WL 7370021 (D. Conn. Dec. 29, 2014)...........16, 17

*Brown Publ'g Co. v. Brown*
No. 15-MC-0531(JS), 2017 WL 455418 (E.D.N.Y. Feb. 1, 2017) .........................22

*Chen-Oster v. Goldman, Sachs & Co.*
No. 10CIV6950ATJCF, 2016 WL 11645644 (S.D.N.Y. June 6, 2016)...................12

*City of New York v. A-1 Jewelry & Pawn, Inc.*
No. 06-CV-2233(JBW), 2007 WL 914290 (E.D.N.Y. Mar. 23, 2007) ...................21

*CleanSpark, Inc. v. Discover Growth Fund, LLC*
485 F. Supp. 3d 494 (S.D.N.Y. 2020), appeal withdrawn, No. 20-3213, 2020 WL
8922906 (2d Cir. Nov. 13, 2020).....................................................................17, 18

*Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*
341 F. App'x 722 (2d Cir. 2009)...........................................................................21

*CSI Entertainment, Inc. v. Anthem Media Group, Inc.*
15-cv-03508 (AMD) (RER), 2017 WL 2778466 (E.D.N.Y. June 27, 2017) ..........21

*D'Amato v. ECHL, Inc.*
No. 13CV646S, 2015 WL 2151825 (W.D.N.Y. May 7, 2015) ...............................11

*Hashmi v. Etihad Airways P.J.S.C.*
16-CV-04566 (PKC), 2016 WL 6916942 (E.D.N.Y. Nov. 21, 2016)....................14

*InterDigital Commc'ns Corp. v. Nokia Corp.*
407 F.Supp.2d 522 (S.D.N.Y.2005).......................................................................25

*Jones v. Invasix Inc.*
No. 3:19-CV-0860, 2020 WL 2542603 (M.D. Tenn. May 19, 2020) ....................16

*Khatabi v. Bonura*
No. 10 CIV. 1168 (ER), 2017 WL 10621191 (S.D.N.Y. Apr. 21, 2017)...............12

**Page(s)**

<u>Cases</u>

*Kumaran v. Nat'l Futures Ass'n, LLC*
   2021 WL 2660441 (S.D.N.Y. June 29, 2022) ........................................................................15

*In re Lipper Holdings, LLC*
   766 N.Y.S.2d 561 (N.Y.App.Div.2003) ...............................................................................25

*Marotte v. City of New York*
   2017 U.S. Dist. LEXIS 166680 (S.D.N.Y. Oct. 6, 2017) .......................................................15

*Miller v. Metro. Life Ins. Co.*
   979 F.3d 118 (2d Cir. 2020).................................................................................................13

*Palmieri v. Allstate Ins. Co.*
   445 F.3d 179 (2d Cir. 2006).................................................................................................24

*PDK Labs. Inc. v. U.S. D.E.A.*
   362 F.3d 786, 799 (D.C. Cir. 2004) .....................................................................................14

*Pegaso Dev. v. Moriah Educ. Mgmt*
   19 Civ. 7787 (AT), 2022 WL 1306571 (S.D.N.Y. May 2, 2022).............................................12

*Roy v. Buffalo Philharmonic Orchestra Soc'y, Inc.*
   161 F. Supp. 3d 187 (W.D.N.Y. 2016), *aff'd*, 682 F. App'x 42 (2d Cir. 2017) ......................14

*Salgado v. NYS Dep't of Corr.*
   13-CV-01108-RJA-MJR, 2018 WL 1663255 (W.D.N.Y. April 6, 2018)........................12, 13

*Smart Study Co. v. TC Toy City Store*
   No. 1:21-CV-9602-MKV, 2021 WL 5987737 (S.D.N.Y. Dec. 17, 2021) .............................17

*Snyman v. W.A. Baum Co.*
   360 F. App'x 251 (2d Cir. 2010) ..........................................................................................14

*Thompson v. Gjivoje*
   896 F.2d 716, 721 (2d Cir. 1990)..........................................................................................24

*Thurmond v. Bowman*
   199 F. Supp. 3d 686 (W.D.N.Y. 2016)..................................................................................14

*United States v. Debeers Indus. Diamond Div. (Ireland) Ltd.*
   No. 74 CIV. 5389 LPG, 1976 WL 1399 (S.D.N.Y. Dec. 8, 1976).........................................16

**Page(s)**

Statutes

28 U.S.C. § 636(b)(1) ........................................................................................................8


Other Authorities

Fed. R. Civ. P. 72...............................................................................................................14

Pursuant to the Court's September 13, 2022 minute order (ECF 265), Plaintiff Moog, Inc. ("Moog"), by and through its undersigned counsel, hereby submits this memorandum of law in opposition to defendants Robert Alin Pilkington and Misook Kim's (the "Individual Defendants") Objections (the "Objections") to the August 29 Report, Recommendation and Order (the "RRO") (ECF 264) regarding jurisdiction and venue.

## PRELIMINARY STATEMENT

At the outset of this case, the Individual Defendants signed two stipulated orders containing detailed provisions regarding expedited discovery procedures, a discovery dispute procedure before Magistrate Judge McCarthy, and multiple briefing and hearing schedules on Moog's pending Motion for Preliminary Injunction (the "PI Motion"). (ECF 25, 33). Those stipulated orders contained provisions stating that the Individual Defendants consented to jurisdiction and venue for the purposes of those orders, and that such orders would remain in place until Moog's PI Motion is adjudicated. In light of these unambiguous provisions, Magistrate Judge McCarthy correctly determined that the Individual Defendants consented to jurisdiction and venue in the WDNY for the purposes of Moog's PI Motion, and deferred ruling on the jurisdictional/venue challenges for the remainder of the case at a later date.

Now, the Individual Defendants, represented by new counsel who had no involvement in the negotiation of the two stipulated orders at issue, are trying to completely re-write them. The Individual Defendants claim that Magistrate Judge McCarthy's rulings were improper for three reasons: 1) he improperly "reconstructed" the Individual Defendants' Motion to Dismiss (ECF 48) by treating separately jurisdiction/venue for Moog's PI Motion versus the rest of the case; 2) he improperly considered evidence and argument that Moog allegedly first raised *via* informal e-

mail correspondence; and 3) the RRO disregards the Individual Defendants' express reservation of rights to challenge jurisdiction and venue. All three arguments lack legal and factual basis.

First, as a threshold matter, the Individual Defendants apply the wrong standard of review. The *De Novo* standard of review does not apply here because, while the Individual Defendants' Motion to Dismiss is (in part) a dispositive motion, the RRO was not a dispositive ruling. The RRO only determined that the Individual Defendants consented to personal jurisdiction and venue in the WDNY through adjudication of Moog's PI Motion, and expressly deferred ruling on such challenges for the remainder of the case until after that ruling was issued. Because the RRO reflects a non-dispositive ruling, the Individual Defendants fall well short of their burden to show the RRO is "clearly erroneous or contrary to law." But, even if a *De Novo* standard applied (which it does not), the Individual Defendants' objections would still lack merit for the reasons described below.

Second, the Court did not improperly "reconstruct" the Individual Defendants' Motion to Dismiss. The Individual Defendants moved to dismiss the entire case for lack of personal jurisdiction or, alternatively, to transfer venue. When the Motion to Dismiss was filed, the Individual Defendants did not seek to expedite dismissal or transfer so that a determination was made before the preliminary injunction hearing and, in fact, did not specify at all the timing of the proposed transfer of venue. That is because it was understood and agreed by all parties (including the Individual Defendants' prior counsel) that the preliminary injunction hearing would take place in WDNY. The Individual Defendants cite no applicable legal authority to the contrary.

Third, the Individual Defendants' complaint that Moog failed to raise the jurisdiction/venue consent issues in its opposition to its Motion to Dismiss is simply not true. In

opposition to that Motion, Moog expressly cited and analyzed the two stipulated orders at issue to state that the Individual Defendants forfeited such jurisdiction/venue challenges. And the claim that Moog improperly raised its consent argument by e-mailing the Court completely ignores the context in which such communications occurred.  Moog made this argument on the record, and Magistrate Judge McCarthy was entitled to consider it.

Finally, the Individual Defendants misread the RRO when they argue it improperly overruled their reservation of rights to challenge jurisdiction and venue in the stipulated orders. In fact, Magistrate Judge McCarthy expressly cited to, and acknowledged, the Individual Defendants' reservation of rights, and stated that, as a result, he is deferring ruling on those issues for the remainder of the case until after the hearing on the PI Motion takes place.

In sum, the Individual Defendants cannot meet their heavy burden to show that the RRO is "clearly erroneous or contrary to law"  and their objections should be denied. The Individual Defendants' Objections should also be overruled if the Court determines that a *De Novo* standard of review applies.

## **FACTUAL BACKGROUND**

## I.      **The Complaint and Initial Filings**

On March 7, 2022, Moog filed its Complaint against Skyryse and the Individual Defendants, alleging that Defendants had engaged in the theft of hundreds of thousands of files containing Moog's most sensitive and proprietary data.  (ECF 1).  The Complaint alleges, in relevant part, that the Individual Defendants stole over 136,000 files of Moog's most sensitive and proprietary data related to over a dozen flight control programs (including many sensitive government programs) before joining Skyryse, Moog's direct competitor. (*Id*., ¶ 1). The Complaint also alleges that the Individual Defendants attempted to cover up their actions by intentionally deleting hard drives and other devices that were used to steal and misappropriate

Moog's data. (*Id.*, ¶ 2). Moog also moved for a Preliminary Injunction the day the Complaint was filed. (ECF 4-1). After the filing of the Complaint, Moog discovered that another approximately 1.3 million Moog files had been copied by defendant Pilkington upon his departure from Moog and joining Skyryse. (ECF 63-03, pp. 11-12).

## II.    The March 11 Order

On March 11, 2022, in exchange for not proceeding with a public hearing on the merits regarding Moog's Motion for Temporary Restraining Order and Preliminary Injunction, Defendants stipulated to a temporary restraining order (the "March 11 Order" or the "TRO"). (ECF 25).  Skyryse was represented by Gibson, Dunn & Crutcher LLP. The March 11 Order, among other things, enjoins Defendants from using, accessing, disclosing, or transmitting any Moog non-public information. (*Id.*, ¶ 1). It also directed the Defendants to produce, on or before April 1, 2022, all Moog "non-public information" in each "Defendant's possession, custody or control." (*Id.*, ¶ 2).  Defendants were required to turn over to a neutral third-party forensics vendor any Moog "non-public information" only "if any such non-public information . . . has been integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant." (*Id.*).   The Individual Defendants were also required to produce to the neutral forensics vendor all personal devices they had used within the last twelve months. (*Id.*, ¶ 4).  The March 11 Order also contains other preservation requirements. (*Id.*, ¶¶ 6, 9).

The March 11 Order also contains detailed provisions regarding a briefing and hearing schedule on Moog's Motion for Preliminary Injunction. In Paragraph 10, the Parties agreed to meet and confer to "negotiate an agreed framework and schedule for reciprocal discovery relating to Plaintiff's Motion for Preliminary Injunction and a briefing schedule for Plaintiff's

Motion for Preliminary Injunction." (*Id*., ¶ 10). The Parties agreed that the briefing and hearing dates for Plaintiff's Motion for Preliminary Injunction would be no earlier than:

- Defendants' Opposition: April 18, 2022

- Plaintiff's Reply: May 2, 2022

- Hearing: on or after May 9, 2022 at a date and time of the Court's choosing, or 7 days after Plaintiff's Reply is filed, whichever is later.

(*Id*.). The parties were further allowed to ask "the Court" for a modification to the proposed briefing and hearing schedule on Moog's PI Motion . (*Id*.).  Paragraph 11 of the March 11 Order states in its entirety: "By agreeing to this stipulated Order, ***Defendants consent to the jurisdiction and venue of this Court for purposes of this stipulated Order*** only and for no other purpose." (*Id*., ¶ 10, emphasis added). In a similar and related provision, Defendants agreed that: "***This stipulated Order shall remain in effect until a hearing on Plaintiff's Motion for Preliminary Injunction takes place and a final ruling on the merits is issued***." (*Id*., ¶ 11, emphasis added).

### III.   The March 17 Order

On March 17, 2022, all Parties through their legal counsel entered into a stipulated order regarding expedited discovery procedures and deadlines, as well as a hearing and briefing schedule on Moog's Motion for Preliminary Injunction (the "March 17 Order"). (ECF 33). By this point, the Individual Defendants were represented by Locke Lord LLP.

Paragraph 1 of the March 17 Order expressly referenced and incorporated Defendants' obligations under the March 11 Order: "The Parties shall comply with all of the obligations and requirements set  forth in the Parties' Stipulation and Court's Order dated March 11, 2022 (ECF Nos. 25,  28), including but not limited to the 21-day deadline to return certain of Moog's

information (if any) as further set forth in the March 11, 2022 Stipulation and Order." (*Id*., ¶ 1). The March 17 Order also contains detailed provisions regarding a limit on number of discovery requests and depositions. (*Id*., ¶ 5). In Paragraph 6, the Parties stipulated to a detailed expedited discovery schedule, as well as a specific briefing and hearing schedule on Moog's PI Motion (modified from the March 11 Order) as follows:

- Defendants' Opposition: May 27, 2022, or 14 days after the final deposition concludes, whichever is later;

- Plaintiff's Reply: June 17, 2022, or 21 days after Defendants' Oppositions are filed, whichever is later; and

- Hearing: July 6, 2022, or 14 days after Moog's Reply is filed, whichever is later, "subject to the Court's availability."[1]

(*Id*., ¶ 6). Once again, the parties agreed to a process to submit a status report "to the Court" to seek modification of the briefing and hearing schedule for Moog's PI Motion.  (*Id*., ¶ 8).  In Paragraph 9, the Parties stipulated to a discovery dispute procedure to be used throughout expedited discovery, involving submitting discovery disputes to Magistrate Judge McCarthy for resolution. (*Id*., ¶ 9). The parties also agreed that the procedures and agreement set forth in the stipulated order did not apply "to discovery conducted following the hearing" on Moog's PI motion. (*Id*., ¶ 13).

Paragraph 14 contains a similar consent to jurisdiction and venue as contained in the March 11 Order: "By agreeing to this stipulated Order, Defendants consent to the jurisdiction

---

[1] On June 7, 2022, the Parties stipulated to a further delayed briefing/hearing schedule on Moog's PI Motion, with the hearing scheduled for October 17, 2022. (ECF 137).

and venue of the Court for purposes of this stipulated Order only and for no other purpose." (*Id.*, ¶ 14). The March 17 Order was the result of negotiation between parties represented at that time by sophisticated legal counsel.  At the end of Paragraph 14, Defendants did reserve their right to challenge jurisdiction and venue for purposes not related to the March 11 and March 17 Orders: "Any and all ***other*** challenges to jurisdiction and venue in the Western District of New York are explicitly reserved." (*Id.*, emphasis added). The use of the word "other" is critical, and confirms that Defendants consented to jurisdiction and venue in the WDNY for the hearing on Moog's PI Motion, but preserved all "other" challenges to jurisdiction and venue, *i.e.*, for the remainder of the case after the preliminary injunction hearing.

## IV.    Defendants' Motions to Dismiss and Moog's Oppositions Thereto

On March 29, 2022, well after the March 11 and March 17 Orders were stipulated to and entered by the Court, Defendants filed two separate motions to dismiss for lack of jurisdiction or, alternatively, to transfer venue. (ECF 47, 48). These motions were filed by Skyryse's prior counsel (Gibson Dunn) and the Individual Defendants' prior counsel (Locke Lord). Notably, both motions sought to dismiss the entire action based on lack of personal jurisdiction or, alternatively, to transfer venue to the Central District of California. (*Id.*). Neither motion sought expedited consideration such that it would be determined prior to the hearing on Moog's PI Motion. (*Id.*).

In opposition to both of these motions, Moog expressly referenced and discussed the March 11 and 17 Orders to show that Defendants had forfeited any jurisdictional/venue arguments. (ECF 62 at pp. 20-22; ECF 63 at pp. 19-21). Indeed, in both Oppositions, Moog argued that Defendants: "entered into two stipulations before this Court, essentially agreeing to Moog's request for temporary relief, and setting forth a comprehensive framework for document production, depositions, and briefing ***in connection with Moog's motion for a preliminary***

*injunction*. (See Dkts. 25, 33)." (ECF 62 at p. 20; ECF 63 at p. 19) (emphasis added).  Moog

further argued that Defendants "participated in an April 8, 2022 conference with Magistrate

Judge McCarthy to address compliance with the Court's orders and related matters; notably,

counsel did not suggest that they were limiting their litigation activity in this Court given their

objections based on jurisdiction." (ECF 62 at p. 21; ECF 63 at p. 20).

## V.   Individual Defendants and Skyryse Change Legal Counsel

On May 13, 2022, well after the March 11 and 17 Orders were negotiated, executed by

the parties, and entered by the Court, and after Defendants' Motions to Dismiss briefing was

fully submitted, Individual Defendants and Skyryse both changed counsel. Latham & Watkins

LLP substituted in as counsel for Skyryse (ECF 107, 108), and Winget, Spadafora &

Schwartzberg LLP substituted in as counsel for the Individual Defendants (ECF 110, 112).

## VI.   The Parties' E-mail Correspondence with Magistrate Judge McCarthy

On August 9, 2022, the Court issued a dispositive referral order, stating that, pursuant to

28 U.S.C. § 636(b)(1), all pre-trial matters are referred to Magistrate Judge McCarthy including

hearing and disposition on all non-dispositive motions. (ECF 221). That same day, Skyryse filed

a Motion for Leave to file a supplemental brief in support of its Motion to Dismiss, to make

additional arguments supporting a transfer of venue regarding the post-filing criminal

investigation involved in this case as well as a number of discovery developments. (ECF 222).

On August 10, 2022, the Court issued a text order granting Skyryse's Motion for Leave to File a

Supplemental Brief, ordering Moog to file a response by August 17, and setting the hearing on

Defendants' Motions to Dismiss on August 25, 2022. (ECF 223). Moog filed its supplemental

opposition brief on August 17, 2022. (ECF 239).

Around this same time period in August, a separate dispute arose between Moog and

Skyryse. In short, Moog requested the production of certain documents from Skyryse's devices

produced to the neutral forensic vendor ("iDS") pursuant to Section IV of the Inspection Protocol (ECF 96-02). But Skyryse did not agree to produce such documents, and took the position that the Court's then-current stay of "pending discovery deadlines" until the pending motions to stay (ECF 216) were adjudicated included production of documents under the Inspection Protocol. Moog required the production of documents from iDS devices in connection with Moog's forthcoming further trade secret identification to demonstrate direct use and misappropriation of Moog's trade secrets by Skyryse.

Because of the time-sensitive nature of this issue, Moog filed a motion seeking clarification of the Court's prior order staying discovery deadlines (ECF 228), and concurrently e-mailed Magistrate Judge McCarthy, requesting that the matter be heard on an expedited basis on August 25, 2022, the same date as when Defendants' Motions to Dismiss would be heard. (ECF 264-3). Moog reminded the Court and all Parties that, even if the Court granted Defendants' Motions to Dismiss on August 25, Defendants had already consented to jurisdiction and venue in the WDNY until Moog's Motion for Preliminary Injunction had been adjudicated. (*Id*.). Thus, Moog wanted to ensure that the fact that Defendants' Motions to Dismiss would be heard and ruled on did not impact or derail all the other pending discovery disputes given that Moog's PI Motion would proceed in this Court anyway.

After counsel for Skyryse and Moog provided separate e-mail responses further articulating their positions regarding whether Defendants had consented to jurisdiction and venue in the WDNY through the hearing on Moog's PI Motion, Magistrate Judge McCarthy sent an e-mail stating, in relevant part:

> "With regard to the dismissal/venue motions, while I will keep an open mind, as I sit here today I am having difficulty in seeing how the Stipulations [25, 33] could reasonably be interpreted to contemplate the preliminary injunction hearing taking place in a court other than the WDNY – irrespective of where the remainder of the

case will proceed. Therefore, any filings which I have already directed to be made will not be deferred." (*Id*.).

After this directive from Magistrate Judge McCarthy, Skyryse filed a Motion for Leave to file a supplemental reply brief, seeking to introduce parol evidence regarding the Parties negotiation of the March 11 and 17 Orders. (ECF 247).[2] Notably, the Individual Defendants never sought leave to file any supplemental brief.

## VII. The RRO

Defendants' Motions to Dismiss were heard on August 25, and the Court issued the RRO on August 29. The RRO evaluated the question of "which court should handle proceedings up to and including a decision on Moog's preliminary injunction motion." (RRO, p. 1). It did not rule on the entirety of the Motions to Dismiss, and expressly deferred those rulings.

The RRO determined that the sole question before it regarding personal jurisdiction and venue is "clearly answered" by the March 17 Order because "defendants, all of whom were represented by counsel," "consent to the jurisdiction and venue of the Court for purposes of this stipulated Order." (*Id*., p. 2). Magistrate Judge McCarthy explained that the March 17 Order established "procedures regarding expedited discovery, and briefing and hearing schedule on Moog's Motion for Preliminary Injunction," "provided a mechanism for my resolving discovery disputes," and "scheduled the preliminary injunction hearing for July 6, 2022, or 14 days after Moog's Reply in Support of its Motion for Preliminary Injunction is filed, whichever is later, subject to the Court's availability." (*Id*., internal citations omitted). The RRO cogently explains

---

[2] Moog disagrees with Skyryse's purported recitation of events and negotiations leading up to the execution and filing of the March 11 and 17 Orders. Regardless, as the RRO properly found, Skyryse's purported parol evidence is irrelevant and unnecessary given the unambiguous language in the March 11 and 17 Orders.  To the extent the Court believes consideration of parol evidence is appropriate, Moog respectfully requests the opportunity to respond to Skyryse's supplemental reply brief.

that "there would be no point to scheduling a hearing 'subject to the Court's availability' if the hearing was not to be held here." (*Id*.). Magistrate Judge McCarthy also cited comments from Skyryse's counsel during a July 15 hearing which expressly discuss being "in front of Judge Vilardo" on Moog's PI Motion, comments which the Individual Defendants did not object to or dispute. (*Id*.).

The RRO cites substantial legal authority regarding parties consenting to jurisdiction and venue based on stipulation or contract. (*Id*., pp. 2-4). Regarding Skyryse's Motion for Leave to file a supplemental reply brief (ECF 247), which sought to introduce parol evidence regarding the Parties' negotiations of the March 11 and 17 Orders, Magistrate Judge McCarthy determined that there was "no ambiguity in the language of the Stipulated Order" and thus such parol evidence need not be considered. (*Id*., p. 3). The RRO concludes: "Having consented to litigate Moog's preliminary injunction motion in this court, defendants cannot now be heard to argue that it should be determined by a different court." (*Id*.).

## LEGAL STANDARD

The Individual Defendants argue that the RRO is a dispositive ruling and, therefore, that a *De Novo* standard of review applies. (Obj., pp. 14-15).  This is incorrect because Defendants' request for transfer is non-dispositive and the relief provided in the RRO—even though partially in response to a motion to dismiss for personal jurisdiction—is similarly non-dispositive.

## I.      Motions to Transfer Venue are Non-Dispositive By Law

First, there can be no dispute that a motion to transfer venue is non-dispositive. *See D'Amato v. ECHL, Inc.*, No. 13CV646S, 2015 WL 2151825, at *3 (W.D.N.Y. May 7, 2015) ("this Court will adhere to its more recent practice and consider the motion to change venue as non-dispositive"). Indeed, Skyryse admits this in its separately filed objections to the RRO. (ECF

260, p. 10). Thus, while a motion to dismiss may be a dispositive motion, the WDNY is unambiguous that a motion to transfer venue is a non-dispositive motion.

## II.      The RRO is a Non-Dispositive Ruling

Regardless, in determining which standard of review applies, ***the key issue is whether the determination reflected in the RRO is dispositive or non-dispositive***, instead of whether the filed motions which led to the RRO were dispositive or non-dispositive. And, the fact that Magistrate Judge McCarthy issued his ruling as a "Report, Recommendation, and Order" is not determinative.  Indeed, a Court may issue a non-dispositive order in response to a dispositive motion, which is exactly what occurred here. *See Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*, No. 03-CV-0306A(F), 2004 WL 2491641, at *1 n. 1 (W.D.N.Y. Nov. 3, 2004) (in response to a motion for dismissal for personal jurisdiction or improper venue, magistrate judge issued a non-dispositive pretrial determination to transfer venue in a decision and order); *Khatabi v. Bonura*, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *3 (S.D.N.Y. Apr. 21, 2017) (in determining whether a magistrate judge's sanction order was dispositive or non-dispositive, the court determined that the "the critical factor is what sanction the magistrate judge actually imposes").

In order to determine if a ruling on a motion is dispositive, "the Court looks to the practical effect of the challenged action on the instant litigation."  *Chen-Oster v. Goldman, Sachs & Co.*, No. 10CIV6950ATJCF, 2016 WL 11645644, at *1 (S.D.N.Y. June 6, 2016) (internal quotation marks omitted); *Pegaso Dev. v. Moriah Educ. Mgmt*, 19 Civ. 7787 (AT), 2022 WL 1306571, at *2 (S.D.N.Y. May 2, 2022); *Salgado v. NYS Dep't of Corr.*, 13-CV-01108-RJA-MJR, 2018 WL 1663255, at *2 (W.D.N.Y. April 6, 2018) (order granting a motion for severance and transfer is "not dispositive because it will not prelude or end any of plaintiff's […] claims").

-12-

Here, while Defendants moved to dismiss the case for lack of personal jurisdiction, the Court deferred ruling on those issues for the case as a whole. In other words, the Motion to Dismiss is still pending, and has not been decided.  The RRO itself indicates the limited relief addressed.  (RRO, p. 10). Indeed, Magistrate Judge McCarthy expressly acknowledged Defendants' reservation of rights to challenge personal jurisdiction and venue in the March 17 Order, and determined that "the question of jurisdiction and venue for the remainder of the case will be decided once Moog's preliminary injunction motion is resolved." (*Id*., p. 4). Regarding jurisdiction and venue, Magistrate Judge McCarthy's final ruling is as follows: "I recommend that defendants' motions seeking dismissal of the Complaint for lack of personal jurisdiction and/or improper venue [47, 48] be denied to the extent they seek to prevent this court's conducting a hearing and determining Moog's preliminary injunction motion, ***but otherwise deferred for consideration until the preliminary injunction motion is decided***." (*Id*., emphasis added). Thus, Magistrate Judge McCarthy did not rule on the dispositive nature of the Motions to Dismiss, and instead deferred their resolution to a later date after the Preliminary Injunction hearing.

The practical effect of the RRO is that it is a non-dispositive ruling. The RRO cannot be dispositive because it does not issue a final ruling on the dispositive nature of Defendants' Motions to Dismiss—it did not decide whether or not the case would be dismissed for lack of personal jurisdiction. Rather, the RRO is limited to determining that Defendants consented to jurisdiction and venue in this Court for the purposes of Moog's PI Motion only. A Court does not need to decide all issues presented to it on a motion, and is certainly authorized to defer certain issues for later determination. *See Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 124 (2d Cir. 2020) (where there is "a sufficient ground for deciding this case," "the cardinal principle of

judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further.") (quoting *PDK Labs. Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring)); *Snyman v. W.A. Baum Co.*, 360 F. App'x 251, 254 (2d Cir. 2010) (refusing to reach broader issues once sufficient holding was reached); *Roy v. Buffalo Philharmonic Orchestra Soc'y, Inc.*, 161 F. Supp. 3d 187, 193 n.3 (W.D.N.Y. 2016), *aff'd*, 682 F. App'x 42 (2d Cir. 2017) (court did not need not reach two issues presented where motion was decided on other grounds). Because the RRO is a non-dispositive ruling and only ruled on a non-dispositive portion of the Motions to Dismiss, a *De Novo* standard of review does not apply.

## III.    A Clearly Erroneous/Contrary to Law Standard Applies

A district judge may only set aside a non-dispositive order if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72.  "The clearly erroneous/contrary to law standard of review is highly deferential and a district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Thurmond v. Bowman*, 199 F. Supp. 3d 686, 689 (W.D.N.Y. 2016) (internal quotation marks omitted). "The party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters." *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005). A party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed to take a second bite at the apple by simply relitigating a prior argument." *Hashmi v. Etihad Airways P.J.S.C.*, 16-CV-04566 (PKC), 2016 WL 6916942, at *3 (E.D.N.Y. Nov. 21, 2016) (internal quotation marks and citation omitted).

## **ARGUMENT**

I. **Magistrate Judge McCarthy Did Not "Reconstruct" the Motion to Dismiss and Merely Deferred a Final Ruling Until After the Preliminary Injunction Hearing**

The Individual Defendants first argue that "Magistrate Judge McCarthy placed the cart far ahead of the horse" because their "Motion to Dismiss sought dismissal or transfer of the entire action, without exception for any individual proceedings therein." (ECF 264, pp. 15-16). They further claim that "nowhere in the Individual Defendants' Motion to Dismiss did they argue for a piecemeal dismissal or transfer of venue" and that "there must be a dismissal or transfer of this case in its entirety." (*Id*., p. 21). Essentially, the Individual Defendants claim that Magistrate Judge McCarthy's ruling on the Motions to Dismiss as they relate to Moog's PI Motion only, while deferring ruling as to the balance of the case afterwards, is improper. (*Id*.).

A. **Magistrate Judge McCarthy Properly Deferred Ruling on the Balance of the Motions to Dismiss**

There was nothing improper about Magistrate Judge McCarthy's ruling and deferral. Magistrate Judges, upon referral from a District Judge, retain wide discretion to handle case management and scheduling issues. *See Kumaran v. Nat'l Futures Ass'n, LLC*, 2021 WL 2660441, at *3 (S.D.N.Y. June 29, 2022) ("Magistrate judges are afforded broad discretion in resolving non-dispositive disputes, including matters of scheduling"); *Marotte v. City of New York*, No. 1:16-CV-8953-GHW, 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) (same). In any event, the referral to Magistrate Judge McCarthy was broader and involved control over all pre-trial matters and dispositive motions, including the Motions to Dismiss. (ECF 221). Having correctly concluded that Defendants consented to jurisdiction and venue for the purposes of Moog's Preliminary Injunction Motion (which has not yet even been scheduled), there is simply no need for the Court to rule on the Motions to Dismiss as for the remainder of the case at this time. Moog's Motion for Preliminary Injunction will not be heard for several more months. As such, this Court is properly adjudicating issues through the hearing on Moog's PI Motion based

on limited consent jurisdiction over Defendants. *See, e.g.*, *Jones v. Invasix Inc.*, No. 3:19-CV-0860, 2020 WL 2542603, at *8 (M.D. Tenn. May 19, 2020) (treating parties as "having consented to the court's exercise of jurisdiction for the limited purpose of resolving [] issues raised by [] pending motions"); *United States v. Debeers Indus. Diamond Div. (Ireland) Ltd.*, No. 74 CIV. 5389 LPG, 1976 WL 1399, at *1 (S.D.N.Y. Dec. 8, 1976) (a party consented to waive on limited basis its rights to contest jurisdiction of the Court over its person). Further, the factual posture as related to jurisdiction and venue for the case as a whole may change such that consideration now would be premature. For example, information related to pre-filing jurisdiction obtained through discovery, or practical/logistical issues relevant to transfer, may develop over the next several months.

### B.     The Individual Defendants' Cited Authority is Not Applicable and Distinguishable

The Individual Defendants cite three cases in support of their argument that before a court "issues injunctive relief against a defendant, the Court must have personal jurisdiction over that defendant." (ECF 264, p. 15). As a threshold matter, this argument falls flat because here, ***the Court has determined that it has jurisdiction over Defendants*** through adjudication of Moog's Motion for Preliminary Injunction (due to the language in the March 11 and March 17 Orders and other conduct of Defendants). Thus, there is no danger that the Court is proceeding with ruling on a PI Motion without having jurisdiction over Defendants. Regardless, none of the cases cited by Individual Defendants apply to the scenario here.

*Bagley v. Yale University*, No. 3:13-CV-1890 CSH, 2014 WL 7370021 (D. Conn. Dec. 29, 2014) is irrelevant. There, the main issue before the court (as relevant to the Individual Defendants) was whether "Defendants' assertion that Plaintiff's delay in moving for a preliminary injunction precludes the granting of the motion." *Id*. at *2. The defendants' filed a

motion to dismiss for failure to state a claim and, thereafter, the plaintiff filed a motion for a preliminary injunction. *Id*. at **2-3. The court, in rejecting defendants' argument on delay, noted that the advantage of determining the motion to dismiss prior to the motion for a preliminary injunction was that, if the claims against defendant were not viable as a matter of law, the motion for a preliminary injunction would necessarily become moot.. *Id*. at *3. But this has no applicability here as Moog filed its PI Motion the same date it filed the Complaint and, again, Defendants have consented to jurisdiction and venue for purposes of the PI Motion such that any determination on their motions will not affect the PI Motion. (ECF 4). *Bagley* did not involve jurisdictional or venue issues and certainly did not involve multiple stipulations where the defendants had consented to jurisdiction and venue for the purposes of a preliminary injunction hearing.

In *Smart Study Co. v. TC Toy City Store*, No. 1:21-CV-9602-MKV, 2021 WL 5987737 (S.D.N.Y. Dec. 17, 2021), the court denied a motion for a preliminary injunction finding a lack of personal jurisdiction because "the Court cannot find that Defendants have transacted business in New York." *Id*. at *2. The alleged basis of jurisdiction involved "only a single purchase by the Plaintiff of each Defendants' product." *Id*. *Smart Study* is not applicable. The Individual Defendants' ties to New York are well documented. (*See generally* ECF 63). Regardless, here, the basis for conferring jurisdiction and venue is multiple stipulated orders between the parties— expressly consenting to jurisdiction—as opposed to a consumer's purchase of products under a stream of commerce theory.

In *CleanSpark, Inc. v. Discover Growth Fund, LLC*, 485 F. Supp. 3d 494 (S.D.N.Y. 2020), appeal withdrawn, No. 20-3213, 2020 WL 8922906 (2d Cir. Nov. 13, 2020), in ruling on the plaintiff's motion for a preliminary injunction, the court was "[f]aced with two contractual

provisions - one establishing personal jurisdiction in this Court and another requiring arbitration elsewhere - the Court must determine which applies to the instant dispute." *Id*. at 503. The court denied the motion because it determined that the forum selection clause at issue was ambiguous and did not apply. *Id*. *CleanSpark* is inapposite because here: 1) there is no arbitration clause at issue; and 2) the basis for jurisdiction for Moog's PI Motion as relevant to this issue is a stipulated order between counsel for all parties, as opposed to a forum selection clause in a commercial contract between the parties.

The Individual Defendants do not and cannot cite a single case with the facts that are before this Court—where Defendants consented by stipulation to jurisdiction and venue for expedited discovery procedures and briefing and hearing on a preliminary injunction motion. Thus, they cannot demonstrate that the RRO is "clearly erroneous or contrary to law" in finding limited consent to jurisdiction and venue.

## II.    Moog Properly Raised its Arguments Regarding Jurisdiction and Venue in the WDNY For the Preliminary Injunction Hearing

With no case law to support their legal arguments, the Individual Defendants resort to procedural challenges. They argue that Moog "submitted an improper email to the Court raising, for the first time" the argument that the March 11 and 17 Orders conferred jurisdiction on this Court for the purposes of Moog's PI Motion. (Obj., pp. 16-17). The Individual Defendants further conclude: "It is not proper for Plaintiff to test out their new arguments by emailing the Magistrate Judge for preliminary review of such arguments." (*Id*.). They also contend: "The RRO erroneously ignores the fact that Plaintiff's supplemental reply improperly raised new arguments for the first time, which could have been raised in its April 12, 2022 opposition to the Individual Defendants' Motion to Dismiss, but were not." (*Id*.). These arguments are all incorrect.

A. **Moog Raised the March 11 and 17 Orders in its Initial Oppositions**

As a threshold argument, Moog argued in detail in opposition to both the Individual Defendants' and Skyryse's Motions to Dismiss that the March 11 and 17 Orders forfeited any jurisdictional and venue challenges.  (ECF 62 at pp. 20-22; ECF 63 at pp. 19-21). Moog specifically mentioned how Defendants "entered into two stipulations before this Court, essentially agreeing to Moog's request for temporary relief, and setting forth a comprehensive framework for document production, depositions, and briefing *in connection with Moog's motion for a preliminary injunction*. (See Dkts. 25, 33)." (ECF 62 at p. 20; ECF 63 at p. 19) (emphasis added).  In reply, the Individual Defendants did not dispute that the preliminary injunction would take place in WDNY in conformity with the March 11 and March 17 stipulations.  So, the argument that Moog did not previously cite to the March 11 and 17 orders as a basis to confer jurisdiction and venue in this Court is incorrect.

The Individual Defendants' citation to certain statements in Moog's Opposition to the Motion to Dismiss (ECF 63) regarding delay in obtaining injunctive relief being "irreparably harmful" does not change the fact that Moog directly cited to, addressed, and explained how the Individual Defendants forfeited their challenge to jurisdiction and venue because of the March 11 and 17 Orders.  Nor does it change the fact that the Individual Defendants never took issue with the PI Motion being heard in the WDNY until October 17, 2022 (and instead stipulated to that date) or sought to expedite their motion to dismiss to ensure consideration before the PI Motion. (Dkts. 137, 138).

B. **Many Circumstances Have Changed Since the March 11 and 17 Orders**

Further, there are several reasons *why both Defendants and Moog* specifically did not reference personal jurisdiction and venue through adjudication of Moog's PI Motion versus the remainder of the case in the initial briefing on the Motions to Dismiss. First, when the March 17

Order was stipulated and entered into, Individual Defendants and Skyryse were both represented by prior counsel who were directly involved in negotiating those stipulations (and Skyryse's prior counsel was involved in negotiating the March 11 Order). Because of the unambiguous language in both those orders discussed above, it was understood amongst all parties that the hearing on Moog's PI Motion would take place in the WDNY—in the very near future. Indeed, agreeing to the March 11 and 17 Orders was part of the benefit of the bargain received by Defendants, in lieu of facing a public TRO hearing and expedited briefing and a hearing on the motion for expedited discovery that was also filed by Moog in connection with the Complaint in this action. Now, the Individual Defendants' new counsel is attempting to re-write the language and purpose of the March 11 and 17 Orders—even though they had no involvement in, or knowledge of, the negotiations around those orders. That is improper.

Second, when the March 17 Order was entered into, the contemplated hearing date on Moog's Motion for Preliminary Injunction was July 6. (ECF 33, ¶ 6). When Moog filed its oppositions to the Motions to Dismiss on April 12, it was expressly understood by all Parties and the Court that the hearing on Moog's Motion for Preliminary Injunction would proceed approximately three months later on July 6. While Moog addressed the March 11 and 17 Orders in detail in its initial opposition, it also endeavored to make all appropriate arguments in its opposition to Defendants' motions—including in response to Defendants' motion to transfer. But, at that juncture, it appeared likely that the preliminary injunction hearing would occur prior to final disposition of the Defendants' Motions to Dismiss.

### C. Moog's Arguments Regarding Jurisdiction/Venue Are Part of the Formal Record

Finally, there was nothing improper about Moog first raising this specific issue with the Court *via* e-mail given the circumstances described above. Moog sought expedited briefing on a

separate discovery dispute with Skyryse, and wanted to ensure that the hearings on Defendants'

Motions to Dismiss would not derail many of the other pending discovery disputes before the

Court.  And, throughout this case, Magistrate Judge McCarthy has authorized e-mail requests

and submissions for time-sensitive matters, and has frequently communicated with the Parties

via e-mail.

Regardless, all of Moog's arguments regarding why Defendants consented to jurisdiction

and venue in WDNY through the ruling on Moog's Motion for Preliminary Injunction were

addressed in Moog's supplemental opposition (ECF 239, pp. 8-11) and, as a result, were

appropriately raised for consideration and are now part of the formal record, appropriately

presented for Magistrate Judge McCarthy's consideration.  There is no basis to overrule the RRO

when it has been issued after thorough consideration of the parties' arguments and written

submissions on the record. *See, e.g., City of New York v. A-1 Jewelry & Pawn, Inc.*, No. 06-CV-

2233(JBW), 2007 WL 914290, at *2 (E.D.N.Y. Mar. 23, 2007) ("The Magistrate Judge

thoroughly considered the arguments presented and issued well-reasoned opinions.  There is no

basis for a reversal."); CSI *Entertainment, Inc. v. Anthem Media Group, Inc.*, 15-cv-03508

(AMD) (RER), 2017 WL 2778466, at *3 (E.D.N.Y. June 27, 2017) ("[The Magistrate Judge]

thoughtfully analyzed the evidence from the four-day hearing, and based his conclusions on that

evidence.  The plaintiff does not put forth any compelling legal authority or additional evidence

to substantiate its objections.").

Even if it was the case that Moog first raised arguments related to consent to jurisdiction

and venue for purposes of the PI Motion in its supplemental opposition brief, a court has

discretion to hear arguments raised for the first time in reply or supplemental briefing. *See*

*Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x

722, 724 (2d Cir. 2009) (citations omitted) (finding "[a] district court enjoys broad discretion ... to consider arguments made for the first time in a reply brief [and] ... to rely on evidence submitted with the reply papers"); *Brown Publ'g Co. v. Brown*, No. 15-MC-0531(JS), 2017 WL 455418, at *3 (E.D.N.Y. Feb. 1, 2017) (A court "has wide discretion to consider arguments raised for the first time on reply."). Magistrate Judge McCarthy was well within his discretion to consider any and all arguments raised in supplemental briefing.

The Individual Defendants' claim that "Skyryse sought leave to respond to Plaintiff's newly-raised arguments, but was denied that opportunity" is a mischaracterization. (Obj., p. 22). Magistrate Judge McCarthy did not prevent Skyryse from filing a response, but instead determined that he need not consider it to render his order because he "f[ound] no ambiguity in the language of the Stipulated Order." (RRO, p. 3). Moreover, the Individual Defendants did not seek leave to file any additional materials, and therefore any issue involving Skyryse's motion is irrelevant to the instant objection with respect to the Individual Defendants' Motion to Dismiss. Thus, the Individual Defendants cannot demonstrate that the RRO is "clearly erroneous or contrary to law" by considering Moog's arguments found in ECF 239.

III.     **Defendants' Reservation of Rights Remain Intact and Preserved, and the RRO Did Not Determine there was any Waiver of Such Rights for the Case as a Whole**

A.     **The RRO Confirms Defendants' Reservation of Rights Remain Intact and Have Not Been Waived**

The Individual Defendants cite to the provisions of the March 11 and 17 Orders containing reservations of rights to challenge jurisdiction and venue (ECF 25, ¶ 11; ECF 33, ¶ 14), and contend that "[a]ny argument for estoppel fails because of the express reservation of rights in the Stipulated Order." (Obj., p. 18).

However, the Individual Defendants misconstrue the language and scope of the RRO. Magistrate Judge McCarthy expressly acknowledged and cited to the reservation of rights to

challenge jurisdiction and venue as to the remainder of the case and therefore determined that "the question of jurisdiction and venue for the remainder of the case will be decided once Moog's preliminary injunction motion is resolved." (RRO, p. 4). Thus, the RRO never determined that the Individual Defendants' reservation of rights was improper or has been waived. To the contrary, it expressly acknowledged that such objections and challenges remain intact and will be decided at a later date along with the Individual Defendants' Motion to Dismiss. So, the argument that the RRO incorrectly determined there was a waiver or estoppel is not accurate or congruent with the language of the RRO.

**B.    Defendants Unambiguously Consented to Jurisdiction and Venue for the Purposes of the March 11 Order, Which Contained a Detailed Hearing and Briefing Schedule on Moog's Motion for a Preliminary Injunction**

The Individual Defendants also claim the "RRO incorrectly reasons that agreeing to the deadlines in the Stipulated Order would be meaningless if the parties did not consent to jurisdiction of the Court for the preliminary injunction hearing." (Obj., p. 19). Instead, the Individual Defendants argue that "setting a schedule laying out the groundwork leading up to the hearing was not meaningless; it allowed the case to proceed while awaiting the determination from the Court on the threshold issue of jurisdiction." (*Id*.). This argument is nonsensical.

Paragraph 11 of the March 11 Order states: "By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of this Court for purposes of this stipulated Order only and for no other purpose." (ECF 25, ¶ 11). Similar language appears in the March 17 Order. (ECF 33, ¶ 14). And, Paragraph 12 of the March 11 Order states: "This Stipulated Order shall remain in effect until a hearing on Plaintiff's Motion for Preliminary Injunction takes place and a final ruling on the merits is issued." (ECF 25, ¶ 12). Thus, because both the March 11 and 17 Orders contained detailed provisions regarding Moog's PI Motion (including a specific

briefing and hearing schedule dependent on "the Court's" availability), it is clear that a fundamental purpose of such orders was the adjudication of Moog's PI Motion in this Court. *See Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006) (quoting *Thompson v. Gjivoje*, 896 F.2d 716, 721 (2d Cir. 1990)) ("a court should accord [the contract] language its plain meaning giving due consideration to the surrounding circumstances and apparent purpose which the parties sought to accomplish."). Otherwise, what would be the purpose of selecting a hearing date at "the [WDNY] Court's choosing" (ECF 25, ¶ 10) or "subject to the Court's availability" (ECF 33, ¶ 6) or allowing any party to ask "the [WDNY] Court" to modify the briefing and hearing schedule?  (ECF 25, ¶ 10; ECF 33, ¶ 8).  And, because the Individual Defendants consented to jurisdiction and venue for purposes of Moog's PI Motion, and the March 11 Order remains in effect until Moog's PI Motion is ruled upon, it is also clear that jurisdiction and venue in this Court continues until that adjudication takes place.  Indeed, the March 17 Order made clear that the procedures and agreements set forth in that order did not apply to "discovery conducted ***following the hearing*** on Moog's Motion for Preliminary Injunction."  (ECF 33, ¶ 13) (emphasis added).  Defendants use of the phrase "Any and all other challenges to jurisdiction and venue . . . are explicitly reserved" in Paragraph 14 of the March 17 Order (ECF 33, ¶ 14) again confirms that Defendants consented to jurisdiction and venue in the WDNY for the hearing on Moog's PI Motion, but preserved all "other" challenges to jurisdiction and venue, *i.e.*, for the remainder of the case after the preliminary injunction hearing.

The Individual Defendants claim that they only consented to jurisdiction and venue for the logistical purpose of the actual filing and entry of the March 11 and 17 Orders, without regard for the very detailed and serious provisions therein. They suggest that the WDNY was merely a vehicle to file the initial stipulated orders and set briefing/hearing schedules on Moog's

PI Motion, but that the case could be transferred to another jurisdiction at any time. This makes no sense, and is directly contrary to the express terms of the March 11 and 17 Orders. *See InterDigital Commc'ns Corp. v. Nokia Corp.*, 407 F.Supp.2d 522, 530 (S.D.N.Y.2005) (citing *In re Lipper Holdings, LLC*, 766 N.Y.S.2d 561 (N.Y.App.Div.2003) (a "contract should be interpreted so as not to render its terms nonsensical."). The Individual Defendants did not merely consent to "allow[ing] the case to proceed while awaiting determination from the Court on the threshold issue of jurisdiction" as they incorrectly contend. They instead consented to a detailed set of expedited discovery procedures, discovery dispute resolutions in this Court, and multiple briefing and hearing schedules for Moog's Motion for Preliminary Injunction in this Court. As the RRO properly found: "Having consented to litigate Moog's preliminary injunction motion in this court, defendants cannot now be heard to argue that it should be determined by a different court." (RRO, p. 3). Thus, the Individual Defendants cannot demonstrate that the RRO is "clearly erroneous or contrary to law."

## CONCLUSION

Moog requests that the Court deny the Individual Defendants' Objections to the RRO regarding personal jurisdiction and venue in their entirety.

Dated:   New York, New York
        September 27, 2022

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Plaintiff Moog Inc.*


By:   s/Rena Andoh
     Rena Andoh
     Travis J. Anderson (admitted *pro hac vice*)
     Lai Yip (admitted *pro hac vice*)
     Tyler E. Baker (admitted *pro hac vice*)
     Kazim A. Naqvi (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700

and

**HODGSON RUSS LLP**

By:   s/Robert J. Fluskey, Jr.
     Robert J. Fluskey, Jr.
     Melissa N. Subjeck
     Reetuparna Dutta
     Pauline T. Muto
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000