| | |
|---|---|
| 1 | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| 2 | Rena Andoh (admitted *pro hac vice*)<br>30 Rockefeller Plaza<br>New York, NY 10112 |
| 3 | Telephone: (212) 653-8700 |
| 4 | Lai L. Yip (SBN 258029) |
| 5 | Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 434-9100 |
| 6 | |
| 7 | Travis J. Anderson (SBN 265540)<br>12275 El Camino Real, Suite 100 |
| 8 | San Diego, CA 92130<br>Telephone: (858) 720-8900 |
| 9 | Kazim A. Naqvi (SBN 300438) |
| 10 | 1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067<br>Telephone: (310) 228-3700 |
| 11 | |
| 12 | Email:  randoh@sheppardmullin.com.com<br>           lyip@sheppardmullin.com |
| 13 |            tanderson@sheppardmullin.com<br>           knaqvi@sheppardmullin.com |
| 14 | |
| 15 | *Attorney for Plaintiff and Counter-Defendant Moog Inc.* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOOG INC., | Case No. 2:22-cv-09094-GW-MAR |
| Plaintiff, | **ASSIGNED TO HON. GEORGE H. WU** |
| vs. | **DECLARATION OF KAZIM NAQVI IN RESPONSE TO SKYRYSE'S APPLICATION TO FILE UNDER SEAL (DKT. 348)** |
| SKYRYSE, INC. ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, | |
| Defendants. | |
| SKYRYSE, INC., | **FILED UNDER SEAL PURSUANT TO L.R. 79-5.2.2(b)(i)** |
| Counterclaimant,<br>vs. | |
| MOOG INC., | |
| Counter-Defendant. | |

## DECLARATION OF KAZIM NAQVI

I, Kazim A. Naqvi , declare as follows:

1. I am an Associate at Sheppard, Mullin, Richter & Hampton LLP, and counsel of record for Plaintiff and Counter-Defendant Moog, Inc. ("Moog") in this matter.

2. I have personal knowledge of the following facts, an if called as a witness, I could and would testify competently to these facts under oath.

3. I submit this declaration pursuant to Local Rule 79-5.2.2(b)(i), and the Protective Order entered in this action (Dkt. 89), to establish that the following excerpts and documents from Defendant and Counterclaimant Skyryse Inc.'s ("Skyryse") Answer, Defenses, and Counterclaims (Dkt. 350), conditionally lodged under seal as containing information identified by Moog as Protected Material under the Protective Order (the "Designated Materials"), and as set forth in Skyryse's Application to File Under Seal (Dkts. 348, 349) ("Application"), are properly sealable:

| Designated Materials from Dkt. 350 | Information Sought to be Redacted |
|---|---|
| Highlighted portions in the unredacted version at pages 12:17-18; 38:25- 27; 39:3-16; 39:18-27; 40:13-14; 51:8-10; 52:3- 7; 52:9-12; 52:23-25; 52:27; 53:1-2; 53:16; 53:24-28; 54:1-3; 54:5; 54:7-13; 54:17-20; 54:27-28; 55:1; 55:3-5; 62:25. | These excerpts reference or quote from documents which contain Moog's confidential and proprietary intellectual property, internal technical information, materials, and processes; marketing and business information; and/or financial information, including revenue and sales data, which were designated by Moog as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY" pursuant to the Protective Order (Dkt. 89). <br><br> These excerpts reference or quote from |

| Designated Materials from Dkt. 350 | Information Sought to be Redacted |
|---|---|
|  | the following documents produced by Moog in this litigation which have been designated as Protected Materials under the Protective Order:<br><br>MOOG0019624<br>MOOG0029888<br>MOOG0029908<br>MOOG0029952<br>MOOG0029959<br>MOOG0010796<br>MOOG0020503<br>MOOG0020513<br>MOOG0020552<br>MOOG0020523<br>MOOG0020524<br>MOOG0020555 |

4. The Ninth Circuit has held that the "common law right of access [to court records] is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). One factor a court should consider is whether disclosure of the materials at issue could result in "infringement upon trade secrets." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Another relevant factor is whether a party reasonably relied on a protective order in allowing discovery into the materials at issue. *Id.* at 1137-38 (citing several authorities, including *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992)). The rationale is "[a]mong the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery," so "[w]here that has happened, changing the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery." *Id*. at 1137.

5. Here, the two above-noted factors are sufficiently compelling reasons to seal Skyryse's Designated Materials. Public disclosure of this information would cause Moog competitive harm. The Designated Materials contain Moog's confidential and proprietary intellectual property, technical information, internal information, materials, and processes; marketing and business information; and/or financial information, which Moog designated as Protected Material pursuant to the Protective Order. Further, the Designated Materials should be sealed because it contains Moog's private communications, and business plans. If this information were to be made available to the public, Moog's competitors would be given deep insight into Moog's technical capabilities and business plans, and could gain an unfair competitive advantage. Moreover, Moog's suppliers and partners would have access to Moog's confidential contract terms and be able to unfairly negotiate against Moog in current and future contract negotiations. Accordingly there is compelling reason to seal Moog's confidential information referenced or quoted from in Dkt. 350 because its disclosure would irreparably harm Moog's competitive standing if it were to be made public. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on February 8, 2023 at Los Angeles, California.

By: _____
Kazim A. Naqvi