**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Rena Andoh (admitted *pro hac vice*)
  randoh@sheppardmullin.com.com
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

Lai L. Yip (SBN 258029)
  lyip@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Travis J. Anderson (SBN 265540)
  tanderson@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Kazim A. Naqvi (SBN 300438)
  knaqvi@sheppardmullin.com
1901 Avenue of the Stars
Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

*Attorney for Plaintiff and Counter-Defendant Moog Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOOG INC,, <br><br> Plaintiff, <br><br> v. <br><br> SKYRYSE, INC. ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, <br><br> Defendants. | Case No. 2:22-cv-09094-GW-MAR <br><br> **PLAINTIFF AND COUNTER-DEFENDANT MOOG INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DESIGNATED MATERIALS FROM ITS MOTION TO DISMISS DEFENDANT AND COUNTERCLAIMAINT SKYRYSE INC.'S COUNTERCLAIMS PURSUANT TO FED R. CIV. P. 12(b)(2), (3), and (6)** |

| | |
|---|---|
| 1  SKYRYSE, INC., | Judge: Hon. George H. Wu |
| 2             Counterclaimant, | |
| 3       vs. | |
| 4  MOOG INC., | |
| 5             Counter-Defendant. | |

**TO THE ABOVE CAPTIONED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 79-5 *et seq.*, Plaintiff and Counter-Defendant Moog Inc. ("Moog") hereby submits this application for an order permitting it to file under seal certain excerpts and documents (the "Designated Materials") from Moog's Motion to Dismiss Defendant and Counterclaimant Skyryse Inc.'s ("Skyryse") Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6) ("Motion to Dismiss").

Moog submits that compelling reasons exist to permit the Designated Materials to be filed under seal. The Designated Materials include documents that have been identified as Protected Material pursuant to the Protective Order entered in this action on May 6, 2022 (the "Protective Order") (Dkt. 89) and excerpts from Moog's Motion to Dismiss that reference, describe, or cite to those documents. The material that Moog requests to file under seal is the type of information that Moog does not make public, does not share with competitors, and keeps confidential in its business. If disclosed publicly, it could be used by Moog's competitors to secure unfair competitive advantage and cause irreparable business harm. Specifically, Moog seeks to file the following Designated Materials under seal: (1) highlighted portions of Moog's Memorandum of Points and Authorities in Support of its Motion to Dismiss at pages 15:11-13, 16:6-15, 16:17-23, 17:1-2, 17:4-11, 17:14-16, 21:12-18, 23:3-5, 23:11-12; and (2) Exhibits A, N, O, P, and Q to the Declaration of Kazim A. Naqvi in Support of Moog's Motion to Dismiss.

Moog also seeks to provisionally lodge under seal the following Designated Materials, which refer to, describe, or quote documents that Skyryse has identified as Protected Material under the Protective Order, or which Moog believes that Skyryse may consider to be Skyryse's own confidential information: (1) highlighted portions of Moog's Memorandum of Points and Authorities in Support of its Motion to Dismiss at pages 15:17-22, 15:21, 18:11, 19:4-5, 19:13-15, 19:17-18, 20:1-6,

1  20:12-13, 20:25, 21:1-2. 21:4-8, 21:20, 21:22, 22:7-10; and (2) Exhibits B, C, D, E,
2  F, G, H, I, J, K, L and M to the Declaration of Kazim A. Naqvi in Support of
3  Moog's Motion to Dismiss.  Accordingly, pursuant to paragraph 12.1 of the
4  Protective Order, Moog seeks to provisionally lodge these documents under seal
5  until such time as Skyryse withdraws its confidentiality designations or the Court
6  rules on a forthcoming application from Skyryse to justify that these documents, or
7  portions of thereof, remain under seal.
8      This application is further based upon the accompanying Declaration of
9  Kazim Naqvi in Support of this Application; any pleadings, files, and records in this
10 action; and any further evidence or argument as this Court may consider.
11     Moog's counsel conferred with Skyryse's counsel in the morning on February
12 21, 2023 and informed Skyryse of Moog's intention to file under seal documents
13 Skyryse has identified as Protected Material under the Protective Order (Dkt. No.
14 89). In that communication, Moog identified the relevant documents that it intended
15 to file and asked Skyryse to confirm whether Skyryse does not believe that any of
16 those documents constitute Skyryse confidential information so that they may be
17 publicly filed on the docket. In response, counsel for Skyryse advised that they did
18 not have sufficient time to provide Skyryse's positions regarding the documents that
19 Skyryse had identified in its email to Skyryse that morning. Skyryse's counsel
20 further advised that with respect to today's filing of the Motion to Dismiss and
21 related documents, it "does not object to Moog publicly quoting the text from these
22 documents that was already publicly filed by Skyryse in this case; to the extent the
23 documents contain additional information beyond what has been publicly filed by
24 Skyryse, the documents themselves should be lodged under seal." Moog's counsel is
25 complying with this direction from Skyryse's counsel, and will continue to confer
26 with Skyryse's counsel regarding the proposed sealing of documents that Skyryse
27 had designated as Protected Material under the Protective Order.
28

Dated: February 21, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Kazim A. Naqvi*
    Kazim A. Naqvi

Attorney for Plaintiff and Counter-Defendant
MOOG INC.