Douglas E. Lumish (SBN 183863)
  doug.lumish@lw.com
Gabriel S. Gross (SBN 254672)
  gabe.gross@lw.com
Arman Zahoory (SBN 306421)
  arman.zahoory@lw.com
Ryan T. Banks (SBN 318171)
  ryan.banks@lw.com
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendant Skyryse, Inc.

Anthony D. Green
  Green.A@wsllp.com
Alexander A. Truitt
  Truitt.A@wsllp.com
**WINGET, SPADAFORA & SCHWARTZBERG, LLP**
45 Broadway – 32nd Floor
New York, NY 10006
Telephone: (212) 221-6900
Facsimile: (212) 221-6989

Attorneys for Defendants Misook Kim and Robert Alin Pilkington

Rena Andoh (*admitted pro hac vice*)
  randoh@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

Lai L. Yip (SBN 258029)
  lyip@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100

Travis J. Anderson (SBN 265540)
  tanderson@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Kazim A. Naqvi (SBN 300438)
  knaqvi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700

Robert J. Fluskey (*pro hac vice* forthcoming)
  rfluskey@hodgsonruss.com
**HODGSON RUSS LLP**
140 Pearl Street, Suite 100
Buffalo, NY 14202
Telephone: (716) 856-4000
Facsimile: (716) 819-4718

Attorneys for Plaintiff Moog Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS.1-50,<br><br>     Defendants. | Civil Action No. 2:22-cv-09094-GW-MAR<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's minute order dated January 23, 2023 (Dkt. 343), Plaintiff Moog, Inc. ("Moog") and Defendants Skyryse, Inc. ("Skyryse"), Robert Alin Pilkington, and Misook Kim (collectively, the "Individual Defendants") hereby respectfully submit this joint status report regarding the scheduling of pending motions, forthcoming motions, and trial dates. The Parties telephonically met and conferred on February 22, 2023 regarding the issues addressed herein.

## I. PENDING MOTIONS

### A. MOOG'S POSITION[1]

The following motions remain pending and fully briefed:

- Moog's Motion to Compel (Dkt. 176);
- Skyryse's Motion to Compel (Dkt. 179);
- Individual Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. 131).

Moog respectfully proposes that any hearings on these motions be scheduled for hearing concurrently with the hearing on Moog's Motion to Dismiss Skyryse's Counterclaims pursuant to Rules 12(b)(2), (3), and (6) scheduled for April 13,

---

[1] During a meet and confer on February 22, 2023, the Parties agreed that their portions for this joint report would not exceed 3 pages in aggregate, and that the Parties would circulate their initial portions on Friday, February 24, then have an opportunity to edit their initial draft based on the other parties' drafts. Final submissions would then be circulated at 10 AM on February 27 in order for Moog to consolidate the portions and meet the Court's noon filing deadline. Skyryse's initial portion circulated on February 24 was 3.5 pages. While Moog was prepared to accommodate this slight overage, Skyryse's final submitted portions provided at 10 AM this morning are nearly 6 full pages – double the agreed-to limit. When Moog asked Skyryse to reduce its final portion to 4 pages, close to the Parties' prior agreement, Skyryse refused via email received by Moog at 11:02am. Moog had a similar issue in the prior joint submission to the Court, where the Parties previously agreed that their portions would not exceed 10 pages per party. Skyryse's proposed final submission was 12 pages. Upon demand, Skyryse reduced its portion to 10 pages, later claiming its overage was inadvertent.

In the less than one hour available to Moog to address this situation, Moog chose to reinsert a little over one page of argument that it had edited out of its draft in order to meet the Parties' supposed page agreement. However, it was certainly unable to avail itself of any additional length in any meaningful way. Moog continues to believe that page limits avoid burdening the Court with lengthy submissions, but it is also unfair for Moog to be disadvantaged by Skyryse's disregard for agreements made between the parties. Moog therefore respectfully requests that the Court impose page limits for any future joint submissions to ensure that Skyryse complies with the rules.

2023. (Dkts. 363, 364). Additionally, to the extent that the Court would find it helpful, the motions to compel were both previously argued before Magistrate Judge McCarthy on July 15 and 27, 2022 in the Western District of New York, and those transcripts are available at Docket Numbers 204, 205, and 209.

Moog's Motion for Preliminary Injunction (Dkt. 4), filed when this action was commenced on March 7, 2022, remains pending. No opposition has yet been filed because no hearing has been scheduled. Through discovery, Moog has obtained substantial additional evidence of misappropriation, including by Skyryse, with the extensive involvement of third parties. Moog respectfully requests that the Court schedule Moog's Motion for Preliminary Injunction for hearing in September 2023, and that Moog first be permitted to file a supplemental brief that includes and highlights the discovery gathered to date in this case and amends the relief sought to address the discovery. To potentially obviate the need for a hearing and additional briefing on the motion, Moog intends to circulate to Skyryse before the March 2, 2023 status conference a proposed stipulated injunction.

**B.  SKYRYSE'S POSITION**

Skyryse proposes that the Court set a single hearing date for all currently pending motions, including Individual Defendants' Motion to Dismiss (Dkt. 131); Moog's Motion to Compel (Dkt. 176); Skyryse's Motion to Compel (Dkt. 179); and Moog's Motion to Dismiss (Dkt. 358). Skyryse proposes that the Court hold such a hearing on April 13, 2023, or at the Court's convenience thereafter.

**C.  INDIVIDUAL DEFENDANTS' POSITION**

The Individual Defendants join Skyryse's proposal that the Court set a single hearing date for all currently pending motions, including the Individual Defendants' Motion to Dismiss (Dkt. 131); Moog's Motion to Compel (Dkt. 176); Skyryse's Motion to Compel (Dkt. 179); and Moog's Motion to Dismiss (Dkt.

358). The Individual Defendants join Skyryse's proposal that the Court hold such a hearing on April 13, 2023, or at the Court's convenience thereafter.

## II.     FORTHCOMING MOTIONS

### A.     MOOG'S POSITION

#### 1.     Discovery Motions

On February 21, 2023, Moog served its fulsome, multi-hundred page trade secret identification to Defendants pursuant to the Court's order at Dkt. 343. As a result, under the WDNY's prior rulings, expedited discovery that was ongoing in relation to Moog's Motion for Preliminary Injunction pursuant to the March 17, 2022 Stipulated Order governing expedited discovery (Dkt. 33) – but stayed pending the provision of the trade secret identification – is now open again (Dkt. 209, p. 5). In connection with the expedited discovery process, Moog intends to file the following discovery-related motions:

- Moog's motion to enforce compliance with the Court's November 2022 order (Dkt. 292) compelling the Individual Defendants to produce all communications from five electronic devices produced to iDS from March 7, 2019 through December 31, 2020.
- Moog's motion regarding ESI protocol.

Skyryse identifies the following discovery-related motions that it intends to file:

- Motion to Enforce Court's Order on Trade Secret Identification
- Motion to Enforce Source Code Order
- Motion to Serve Additional Expedited Discovery
- Motion to Compel Interrogatory Responses
- Motion to Compel Production of Documents Relating to Moog's Investigation Into Alleged Misappropriation
- Potential Motion to Compel Information Regarding Moog's Failure to Preserve Relevant Evidence

- Motion Regarding Moog's Confidentiality Designations

Because these are all discovery-related motions, Magistrate Judge Rocconi's procedures first require an extensive meet and confer amongst counsel followed by a pre-motion telephonic conference with the Court before any motion is filed. Regardless, Skyryse requests motion filing dates of March 30 and April 14, 2023 for the above-referenced motions. To the extent Skyryse claims any of these motions are not discovery-related, the last five Skyryse potential motions listed above are obviously discovery-related.

Skyryse's Motion to Enforce Court's Order on Trade Secret Identification is discovery related because the prior motion and order regarding trade secret identification was in response to Skyryse's motion to compel further responses to its Special Interrogatory No. 1. (Dkt. 205). Whether Moog's several-hundred page trade secret identification is sufficient is a discovery issue. Further, the Parties have not yet met and conferred on this dispute. Substantively, as the Court will see in due course, Skyryse's characterizations of Moog's trade secret identification are all false. Moog's obligation at this stage in the case is to place Skyryse on notice of what it has misappropriated. Skyryse's complaints about the volume of files at issue highlight the massive and egregious theft that took place here with Skyryse's former employees taking approximately 1.4 million Moog files. Skyryse is using the massive scope of Moog materials at issue in the case as a sword, claiming that Moog must make its identification more detailed. Skyryse attempting to benefit from the scope of its wrongdoing speaks for itself.

Skyryse's Motion to Enforce Source Code Order is also discovery related. Skyryse's request to inspect Moog's source code (which has been fully available to Skyryse for over 7 months) is related to certain of its requests for production of documents, and it has never previously moved to compel on this issue. The underlying order that Skyryse mischaracterizes and quotes from is a source code protocol entered by the Court, not an order compelling the production of source

code. (Dkt. 284-6 (source code protocol)). Moog further addressed why Skyryse's positions lack merit in the prior joint report with the Court. (Dkt. 341, p. 18).

Skyryse's Motion to Serve Additional Expedited Discovery is improper in that it contravenes the March 17, 2022 Stipulated Order governing expedited discovery. (Dkt. 33). Skyryse has never previously raised this issue and the Parties have not met and conferred. At the outset of this case, the Parties agreed to a number of procedures and protocols for expedited discovery, including the number of written discovery requests and depositions. Moog's fulsome trade secret identification cannot be a basis to expand the prior stipulated order governing expedited discovery. Skyryse claims it needs additional discovery because Moog's trade secret identification "purports to describe trade secrets that differ from what it described in its complaint or preliminary injunction motion." This makes no sense because Skyryse's Interrogatory No. 1 (which was the basis to require Moog to fully identify its trade secrets), merely asks Moog to identify the trade secrets that it contends have been misappropriated in the case. The discovery was not targeted to a subset of Moog's claims of misappropriation. Thus, no additional discovery is proper or necessary. To the extent any additional expedited discovery is permitted, it must be reciprocal for all Parties.

Skyryse's Motion to Compel Interrogatory Responses is likewise premature in that the Parties have not met and conferred on this issue.

Moog proposes that, for the potential motions listed above where a proper meet and confer has occurred, the Parties promptly reach out to Judge Rocconi's Courtroom Deputy to seek one or more telephonic conferences in March.

### 2.   Non-Discovery Motions

There are two other motions that the Parties intend to file. Moog intends to file a motion to enforce compliance with the March 11, 2022 stipulated temporary restraining order (Dkts. 25, 33) (the "Stipulated TRO"), and for potential monetary and/or other sanctions. This relates to Skyryse's still ongoing violations of the

Stipulated TRO for, among other things, failure to produce all Moog non-public information in its possession, custody or control on or before April 1, 2022, and continued use of Moog non-public information after April 1, 2022. By way of example, Skyryse produced **on February 17, 2023, almost three thousand documents** from one of its current or former personnel's e-mail accounts showing pervasive possession, use, and transfer of Moog non-public information, including with third parties. Throughout this case, Skyryse has produced large volumes of Moog non-public information from its systems well after the April 1, 2022 turnover deadline, and there is also substantial evidence of use of Moog's non-public information prior to April 1, 2022. On February 21, 2023, Moog served a 25-page letter to Skyryse detailing the violations of the Stipulated TRO that Moog is currently aware of. While Skyryse evidently seeks to drag out the filing of this Motion, Moog is eager to get relief for violations of the Stipulated TRO that have been ongoing for nearly one year—these are not new issues and Moog has repeatedly demanded compliance throughout this case.

  Skyryse intends to file a motion for stay of the civil action, and is attempting to leapfrog Moog's first-filed motion to dismiss Skyryse's counterclaims, even though nothing has occurred that would warrant modification of WDNY Magistrate Judge McCarthy's September 2022 decision denying Skyryse's (and the Individual Defendants') prior motion to stay the action (Dkt. 259). No indictments have been issued, which was the primary reason why the WDNY denied the prior motion to stay. Further, Skyryse filing nine counterclaims four months after Magistrate Judge McCarthy's denial of its prior motion to stay the action, and then seeking a stay as soon as Moog moved to dismiss the counterclaims three weeks later speaks volumes about its true intentions. Moog respectfully requests that the Parties file these non-discovery motions on March 13, 2023, with oppositions due on March 27, 2023, and replies due on April 3, 2023, and that hearing on these two motions be scheduled for April 17, 2023, or the next date available to the Court.

**B.     SKYRYSE'S POSITION**

Moog and Skyryse plan to file the motions described below.

1. <u>Skyryse's Motion to Enforce Court's Order Compelling Particularized Trade Secret Identification</u>

The transferor court granted Skyryse's earlier motion to compel ordering "Moog to 'answer in full Skyryse's Interrogatory No. 1 calling for Moog to identify with particularity every alleged trade secret it intends to assert in this action including through a narrative response and not solely by invoking Rule 33(d).'" (Dkt. 205.) Moog has failed to comply with this order. It served a trade secret disclosure on February 21, 2023 that, among other failures, refers without specificity to more than 100,000 documents allegedly "reflecting" trade secrets, and contains other vague, unparticularized descriptions. Moog has not sufficiently identified its trade secrets with particularity, and has failed to establish that it owns, much less possesses protectable rights in 100,000 purported trade secrets, and cannot possibly expect to present to the Court or a jury evidence of 100,000 purported trade secrets. Moog's disclosure fails to comply with the order compelling it to provide a particularized, narrative trade secret identification, fails to identify how the alleged trade secrets are different from general knowledge in the field, fails to put Skyryse on full and fair notice of Moog's claims, and does not fairly permit Skyryse to take reasonably targeted discovery, conduct a public domain search, or prepare its defenses. Skyryse intends to move to enforce the transferor court's order and proposes filing its opening brief on **March 30, 2023**.

2. <u>Skyryse's Motion to Enforce Source Code Order</u>

On November 10, 2022, the transferor court issued an order requiring that "[a]ny Source Code produced in discovery shall be made available for inspection . . . at an office of the Producing Party's Outside Counsel." (Dkt. 284 at § 4.2.) Moog has refused to follow this order and make its own source code available for inspection as Skyryse has requested. Skyryse intends to move to enforce the order on source code discovery and proposes filing its opening brief on **March 30, 2023**.

### 3. Skyryse's Motion to Stay the Civil Action

Skyryse intends to file a motion to stay the civil action pending the resolution of the parallel criminal investigation by the United States Attorney's Office. Skyryse previously filed such a motion in the Western District of New York, which was denied without prejudice. (Dkt. No. 259.) Skyryse believes the posture of this case has sufficiently evolved so that a stay is currently appropriate. Skyryse proposes filing its opening brief on **March 30, 2023**.

### 4. Skyryse's Motion to Serve Additional Expedited Discovery

Skyryse intends to request leave to serve additional expedited discovery. The parties previously agreed to serve limited expedited discovery related to Moog's motion for preliminary injunction. (*See* Dkt. 33.) Moog then requested and received leave to obtain significant additional discovery from Skyryse that Moog claimed was necessary to identify its own trade secrets. (Dkt. 210.) Since receiving that discovery, Moog has served a trade secret identification that purports to describe trade secrets that differ from what it described in its complaint or preliminary injunction motion. Skyryse intends to request leave to seek discovery into these new issues, of which it did not previously have notice, and proposes filing its opening brief on **April 14, 2023**.

### 5. Skyryse's Motion to Compel Interrogatory Responses

Moog served a trade secret identification on February 21, 2023. That disclosure, and recent communications from Moog's counsel, confirm that Moog has failed to supplement its interrogatory responses as required. This includes specifically Moog's failure to supplement its responses to Interrogatory Nos. 2-9, which request basic information related to the alleged trade secrets Moog has identified in response to Interrogatory No. 1. Skyryse intends to move to compel this discovery and proposes filing its opening brief on **April 14, 2023**.

### 6. Skyryse's Motion to Compel Production of Documents Relating to Moog's Investigation

As part of expedited discovery Skyryse served a request for "[a]ll Communications and Documents relating to any investigation undertaken into any allegedly misappropriated Trade Secrets." Moog did not serve a reciprocal request on Skyryse. Moog at first refused to produce responsive documents reflecting its communications with the United States Attorney's Office. The parties met and conferred regarding Moog's failure prior to the parties' June 30, 2022 deadline to move to compel expedited discovery, and to avoid a motion to compel, Moog agreed that it would produce "all communications with the FBI/USAO related to this case." (June 22, 2022 K. Naqvi email.) Nevertheless, Moog has withheld these communications and has failed to produce them. Skyryse intends to move to compel this discovery and proposes filing its opening brief on **April 14, 2023**.

7.  Skyryse's Motion Regarding Moog's Confidentiality Designations

Skyryse intends to file a motion regarding improper confidentiality designations Moog has applied to certain documents it has produced in this case, which will impact what information the Court permits the parties to file under seal. Skyryse has met and conferred with Moog regarding these issues and the parties are at an impasse. Moog has maintained many improper and unjustified confidentiality designations. (*See* Dkt. No. 355.) Skyryse intends to challenge Moog's confidentiality designations and corresponding requests to keep certain information in the parties' filings out of the public record. Skyryse proposes filing its opening brief on **April 14, 2023**.

8.  Potential Motion by Skyryse to Compel Information Regarding Moog's Failure to Preserve Relevant Evidence

Moog previously represented that it cannot produce relevant discovery to Skyryse, including certain source code files it alleges were misappropriated by Defendants. Moog's initial explanation was that it is no longer in possession of the original files because these documents "continue to be updated and they continue to be modified as time goes on." (July 15 Tr. At 39:19-23.) Skyryse has met and

conferred with Moog regarding this issue, during which Skyryse expressed its concern that Moog has failed to preserve relevant evidence. Moog declined to answer basic questions regarding what files have been modified and the extent of those modifications. Skyryse anticipates filing a motion on this issue to the extent further discovery and other information from Moog does not resolve these concerns.

9. <u>Moog's Anticipated Motions for Preliminary Injunction and to Enforce the March 11, 2022 Stipulation</u>

Over the last year Moog has received nearly unlimited discovery into Skyryse's business, its files, and its computer systems, and has taken third-party discovery from over a dozen different sources. Skyryse, on the other hand, has received only a minimal amount discovery from Moog about Moog's allegations and liability theories, and no third-party discovery. This is because Moog claimed it needed more time to take one-sided discovery purportedly necessary to identifying its own trade secrets, which the transferor court permitted before it would allow the defendants to proceed with further discovery, which has yet to occur.

Moog now claims to have "obtained substantial evidence of misappropriation of its trade secrets," asserts that it "requires additional injunctive relief not initially sought in its moving papers" and asks that the Court permit to "file an opening supplemental brief" to request this additional relief. Moog also claims that it "intends to file a motion to enforce compliance with the March 11, 2022 stipulated temporary restraining order" and "for potential monetary and/or other sanctions," and requests that it be permitted to file that motion on March 13, 2023 with Skyryse's opposition brief due on March 27, 2023. Moog wants to file these motions in short order to leverage and exacerbate the unfair discovery advantage it has at this moment, since the transferor court allowed it to take nearly a year's worth of "expedited" discovery before identifying its own trade secrets, and before Skyryse could proceed with discovery of its own.

Skyryse will oppose Moog's motions, but at this stage while Moog is the only party that has enjoyed the benefit of thorough discovery, those motions are unjustified and premature. The one-sided nature of discovery to date, combined with Moog's failure to sufficiently identify its own trade secrets as described above, has left Skyryse in the dark about Moog's claims. For example, Skyryse still does not know what it is accused of misappropriating (what alleged trade secrets are "reflected" in Moog's 100,000 files and how?), has received next to no discovery about the development of Moog's purported trade secrets, any measures Moog purportedly takes or has failed to take to protect its trade secrets, or Moog's disclosure of its purportedly trade secret information to third parties. Any proceedings on a preliminary injunction motion would be inappropriate, unfair, and premature until Skyryse has received the same opportunity to take discovery into such critical issues as Moog has enjoyed over the past year.

Moog claims that it intends to circulate to Skyryse before the March 2 status conference a proposed stipulated injunction. Skyryse will consider any such proposal in good faith. Skyryse may not be in a position to fairly and fully consider and respond to Moog's proposed stipulation, however, until Moog has sufficiently identified its trade secrets.

Moog asks the Court to schedule a hearing on its forthcoming request for additional preliminary injunctive relief for September 2023. Lead counsel for Skyryse is scheduled to be in trial in Boston in September 2023. Regardless, that will be more than a year-and-a-half after Moog filed this lawsuit claiming to need emergency preliminary relief, which Moog received within mere days by stipulation of the parties. There is no urgency here or any need for preliminary relief. Moog has yet to even tell Skyryse what "additional relief" it seeks much less request it from the Court, and has yet to sufficiently identify its trade secrets.

As to Moog's threatened motion to enforce the March 11, 2022 stipulation (a stipulation that relates generally to the preservation and production of discoverable

information), this too is premature. Rather than meeting and conferring with Skyryse about any legitimate document preservation or discovery issues, Moog last week sent a 44-page letter purporting to itemize discovery disputes it had not previously raised with Skyryse. Skyryse is investigating these issues and will respond in due course. While Moog apparently is intent on forcing motion practice over these issues as early as March 13, it should not be permitted to do so until Skyryse has had an opportunity to finish its investigation, respond to Moog's letter, and counsel have met and conferred in good faith in an effort to eliminate or narrow any legitimate disputes.

## C.  INDIVIDUAL DEFENDANTS' POSITION

The Individual Defendants expect to join each of Skyryse's anticipated motions. The Individual Defendants do not waive and expressly reserve their right to bring any other motion that may become necessary.

### III.  TRIAL DATES

## A.  MOOG'S POSITION

Moog proposes a trial date in August 2024. Defendants propose a trial date in January 2025. As a compromise, Moog is agreeable to a trial date in October 2024, subject to the Court's schedule and availability.

## B.  SKYRYSE'S POSITION

Skyryse attempted repeatedly to schedule and hold a Rule 26(f) conference with Moog to discuss case scheduling and discovery issues, but Moog refused to participate. Skyryse attempted to discuss such issues during the parties' February 22 videoconference, which Moog repeatedly contended was not a Rule 26(f) conference and instead was more limited. Skyryse finds it difficult to meaningfully plan for a trial date without first discussing with Moog the scope of and plan for discovery and other important case scheduling issues, as contemplated by Rule 26(f). Nonetheless, given the number of parties, claims, and defenses in this action, Skyryse proposes that trial be scheduled for January 2025.

## C. INDIVIDUAL DEFENDANTS' POSITION

The Individual Defendants join Skyryse's proposal that trial be scheduled for January 2025, to the extent that this Action is not stayed pending the resolution of the parallel criminal investigation by the United States Attorney's Office.

Dated: February 27, 2023

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: */s/ Kazim A. Naqvi*
Counsel for Plaintiff Moog Inc.

**LATHAM & WATKINS LLP**

By: */s/ Gabriel S. Gross*
Counsel for Defendant Skyryse, Inc.

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

By: */s/ Alexander A. Truitt*
Counsel for Defendant
Robert Alin Pilkington
**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

By: */s/ Alexander A. Truitt*
Counsel for Defendant
Misook Kim

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4, I, Kazim A. Naqvi, attest that concurrence in the filing of this document has been obtained by all its signatories.

Dated: February 27, 2023                                   /s/   *Kazim A. Naqvi*