# Exhibit B

```
14:29:33   1                    UNITED STATES DISTRICT COURT

           2                    WESTERN DISTRICT OF NEW YORK

           3

           4   - - - - - - - - - - - - - - - X
               MOOG INC.,                    )     22-CV-187
                              Plaintiff      )
           5   vs.
                                                   Buffalo, New York
           6   SKYRYSE, INC., et al          )     November 10, 2022
                              Defendant.           3:00 p.m.
           7   - - - - - - - - - - - - - - - X
               ORAL ARGUMENT
           8   Proceeding held via Zoom for Government Platform
               All parties appeared remotely.
           9
                                  TRANSCRIPT OF PROCEEDINGS
          10           BEFORE THE HONORABLE JEREMIAH J. MCCARTHY
                              UNITED STATES MAGISTRATE JUDGE
          11

          12   FOR PLAINTIFF: SHEPPHARD MULLIN RICHETER & HAMPTON, LLP
                              BY: RENA ANDOH, ESQ.
          13                       TRAVIS ANDERSON, ESQ.
                                   KAZIM A. NAQVI, ESQ.
          14

          15   FOR DEFENDANT:   LATHAM & WATKINS, LLP
                                BY: GABRIEL S. GROSS, ESQ.
          16                         JOSEPH LEE, ESQ.
                                     ARMAN ZAHOORY, ESQ.
          17                          -and-
                                     TERRANCE FLYNN, ESQ.
          18                    HARRIS BEACH, LLP

          19   FOR DEFENDANT
               PILKINGTON/KIM: WINGET, SPADAFORA & SCHWARTZBERG, LLP
          20                   BY: ALEXANDER ASHER TRUITT, ESQ.
                                    ANTHONY D. GREEN, ESQ.
          21                        ANNABEL MIRELES, ESQ.

          22

          23

          24

          25   COURT REPORTER: Karen J. Clark, Official Court Reporter
                               Karenclark1013@AOL.com
```

```
15:29:59    1            MOOG INC VS. SYRYSE, INC, ET AL
            2    these three laptops be produced, correct?
15:30:04    3            MR. NAQVI:  That's correct, your Honor.
15:30:05    4            MAGISTRATE JUDGE MCCARTHY:  All right.  I
15:30:06    5    know that Moog's initial request was for many more
15:30:12    6    laptops to be imaged and produced.  It was my
15:30:16    7    suggestion, and, granted, I did say on October 20th that
15:30:22    8    it was just a suggestion, and I would consider things
15:30:26    9    further, but I continue to believe that a narrowing it
15:30:32   10    to three laptops is a reasonable accommodation and I
15:30:37   11    think that a sufficient showing has been made as to
15:30:39   12    these three laptops, mainly Achar, Chung and Dao, that
15:30:46   13    those imaged versions should be produced to Moog.  So, I
15:30:51   14    will order that.
15:30:53   15            Now, let's move onto the issue of the other
15:30:56   16    laptops.
15:30:59   17            MR. NAQVI:  Thank you, your Honor.  I'll --
15:31:01   18    this is a much briefer issue, as your Honor may
15:31:04   19    appreciate it.
15:31:05   20            So, for these five other laptops that have
15:31:08   21    been imaged, but not yet been produced, Skyryse does not
15:31:12   22    agree to provide anything, and, instead, is saying, we
15:31:15   23    will provide a file listing for the USB device that
15:31:19   24    these laptops were connected to.  And, Moog, you can
15:31:22   25    review the file listing for the USB device, but not the
```

```
                1              MOOG INC VS. SYRYSE, INC, ET AL
15:39:30        2    of violations of that order.  And we've done anything we
15:39:34        3    can to get anything that hints of Moog out of the
15:39:35        4    company's system.  Skyryse never wanted it.  It never
15:39:40        5    wanted it.  To get Moog it back.  I can't prove the
15:39:43        6    negative, as Mr. Naqvi challenged me to do, I can say
15:39:48        7    that my client has done everything in its power to
15:39:51        8    comply with the order.
15:39:52        9              MAGISTRATE JUDGE MCCARTHY:  What I'm going
15:39:54       10    to direct that as to the Brenes laptop, that you produce
15:39:58       11    the file listings for Moog.  And then we'll see where we
15:40:04       12    go from there.  And on the USB device, you're going to
15:40:10       13    produce a connection logs, is that right?
15:40:13       14              MR. GROSS:  We've offered to produce the
15:40:15       15    file listings, your Honor.  We thought the connection --
15:40:19       16              MAGISTRATE JUDGE MCCARTHY:  File listing on
15:40:21       17    the USB device.  Okay.  And then depending on what is
15:40:25       18    shown or what is shown on the review of the mirror
15:40:29       19    images of the three laptops that I've already directed
15:40:31       20    you to produce, I may reconsider that ruling and extend
15:40:37       21    it as to other laptops.  But for now we're going to
15:40:41       22    leave it at that.
15:40:43       23              MR. NAQVI:  Your Honor, maybe, I appreciate
15:40:47       24    where your Honor is landing on this.  I do just want to
15:40:49       25    discuss the connection log, because I do think that is
```

```
            1          MOOG INC VS. SYRYSE, INC, ET AL
18:09:32    2          MAGISTRATE JUDGE MCCARTHY:  Okay.  But so
18:09:33    3   everybody understands, first of all, this is a motion
18:09:37    4   for clarification.  Nobody has formally responded.
18:09:42    5   While we're all together, I guess, I'll hear briefly
18:09:44    6   from you.  But if the question is is Moog allowed to
18:09:55    7   serve third-party subpoenas in order to identify the
18:10:01    8   trade secrets that it claims to have been
18:10:04    9   misappropriated, I guess my answer to that, and I think
18:10:09   10   I alluded to that at our last conference, would be yes.
18:10:13   11   But I am concerned that we not end up going down a whole
18:10:18   12   different series of alleyways on this because, at some
18:10:24   13   point, we have to bring the curtain down on
18:10:26   14   identification trade secrets with the caveat that, as
18:10:32   15   we've said from the get go, at some point you identify
18:10:38   16   the trade secrets that you claim to have been
18:10:40   17   misappropriated.  If, thereafter, you find that there
18:10:44   18   are other trade secrets, you can identify those for, you
18:10:47   19   know, on a showing of good cause, which I think would
18:10:50   20   be, you know, Judge Vilardo or I would be relatively
18:10:56   21   open to.  But, we're now, and it's not anybody's fault,
18:11:00   22   but it is what it is.  This action was commenced in
18:11:03   23   March, I believe, and we're now in November, and we have
18:11:08   24   no preliminary injunction hearing scheduled.  I guess it
18:11:14   25   remains an open issue of whether that hearing will be
```

```
              1         MOOG INC VS. SYRYSE, INC, ET AL
18:21:32      2    right.  And, again, obviously, if Judge Vilardo would
18:21:38      3    send this case elsewhere in the interim, I'll take it
18:21:41      4    out.  But I have no indication from him one way or the
18:21:46      5    other what he plans to do.
18:21:49      6              So, all right, folks, I do appreciate that
18:21:53      7    you disagree on issues, but you've done a good job on
18:21:57      8    working through a lot of issues with each other and I
18:22:02      9    encourage you to continue doing so.  So, thank you all.
18:22:07     10              MR. GROSS:  All right.  Thank you, your
18:22:08     11    Honor.
18:22:08     12              MS. ANDOH:  Thank you, your Honor.
18:22:09     13              MR. TRUITT:  Thank you, your Honor.
18:22:11     14              MAGISTRATE JUDGE MCCARTHY:  Take care.
             15                          *    *    *
             16              CERTIFICATE OF REPORTER
             17
             18      I certify that the foregoing is a correct transcript
             19    of the record to the best of my ability of proceedings
             20    transcribed from the audio in the above-entitled matter.
             21
             22    S/ Karen J. Clark,  RPR
             23    Official Court Reporter
             24
             25
```