# Exhibit C

| | |
|---|---|
| **From:** | Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com> |
| **Sent:** | Wednesday, August 24, 2022 8:41 AM |
| **To:** | Jeremiah McCarthy; NYWDml_McCarthy PpO |
| **Cc:** | Travis Anderson; Lai Yip; Tyler Baker; Kazim Naqvi; Subjeck, Melissa N.; Dutta, Reetuparna; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Storey, Kelley (DC); Zahoory, Arman (Bay Area); 'truitt.a@wssllp.com'; 'green.a@wssllp.com'; William Hayes; Dutta, Reetuparna; Muto, Pauline T.; Rena Andoh; Gross, Gabriel (Bay Area) |
| **Subject:** | RE: Moog/Skyryse - 22-cv-187 |

Dear Judge McCarthy:

In your August 17 email (below), you posed three questions to the parties:

1. Did Moog first contact the USAO regarding the alleged theft, or did the USAO first contact Moog?

2. On what dates did Pilkington and Kim receive subpoenas from the USAO? On what dates did they retain criminal defense counsel?

3. On June 29 Pilkington and Kim consented to Moog receiving access to 17 of the 23 devices which they had turned over to iDS. Why not the other 6? I believe the reason was that privilege review had not been completed. Please confirm.

Moog provides the following responses to questions 1 and 3:

**Question 1**

The short answer to this question is no, Moog did not first contact the USAO.  The USAO initiated outreach to Moog on April 27, 2022.  Moog did, however, contact certain other government agencies prior to the USAO getting involved.  Specifically, Moog first reached out informally to a local FBI contact by phone on February 10, 2022, once Moog became aware that at least some Moog data had been stolen (including data related to sensitive government programs).  The FBI then followed up with Moog, as demonstrated in the communications with the FBI produced to the defendants in this case.  Further, and as required by certain of its contracts related to government programs, Moog provided notification to the Department of Defense on February 18, 2022 regarding theft of Moog's data. Similarly, Moog was required to notify the Defense Counterintelligence Security Agency of the breach and theft of Moog's data because certain of the individuals involved in the theft of Moog's data held security clearances, and so Moog provided that notice on February 18, 2022.  The Individual Defendants would have been aware of Moog's contractual reporting obligations to the Department of Defense at an absolute minimum, having worked on several of those programs for many years.

**Question 3**

Regarding four of the six devices referenced in Your Honor's email (E0005, E0018, E0019, E0023), on June 24, 2022, the Individual Defendants sent correspondence to the parties stating they were withholding access to the devices from Moog on the grounds that they potentially contained Skyryse privileged information. Skyryse's counsel subsequently confirmed that they wished to review those devices for privileged materials. However, as Moog learned for the first time during the July 27, 2022 hearing with the Court, the Individual Defendants have refused to provide access to those four devices to Skyryse for any privilege review.

The fifth device (E0025) originally could not be opened by iDS due to a device "reading" error, which iDS eventually resolved on or about July 21, 2022. iDS then asked the defendants "whether or not [this device] has any privilege documents to remove," and the defendants have not responded.

The sixth device (E0010) is Misook Kim's device. It cannot be accessed because the password is unavailable. The Individual Defendants have represented that they do not have the password.

Respectfully,

Rob Fluskey

**Robert J. Fluskey**
Partner
Hodgson Russ LLP

Tel:        716.848.1688
Mobile:  914.523.9966
Fax:       716.819.4718

The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo, NY 14202
Tel: 716.856.4000 | map

website | vCard | bio | email

---

**From:** Jeremiah McCarthy <Jeremiah_McCarthy@nywd.uscourts.gov>
**Sent:** Wednesday, August 17, 2022 10:14 AM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Gabe.Gross@lw.com; NYWDml_McCarthy PpO <mccarthy@nywd.uscourts.gov>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; Dutta, Reetuparna <RDutta@hodgsonruss.com>; Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Kelley.Storey@lw.com; Arman.Zahoory@lw.com; 'truitt.a@wsllp.com'; 'green.a@wsllp.com'; William Hayes <William_Hayes@nywd.uscourts.gov>
**Subject:** RE: Moog/Skyryse - 22-cv-187

<div style="border:2px solid navy; background:red; text-align:center; font-weight:bold;">External Email - Use Caution</div>

Good morning Counselors: At or prior to next Thursday's oral argument, please answer the following questions (I may have more later, and do not read anything in to these questions as suggesting which way I am leaning):

1 - Did Moog first contact the USAO regarding the alleged theft, or did the USAO first contact Moog?

2 – On what dates did Pilkington and Kim receive subpoenas from the USAO? On what dates did they retain criminal defense counsel?

Exhibit C, page 016

3 – On June 29 Pilkington and Kim consented to Moog receiving access to 17 of the 23 devices which they had turned over to iDS. Why not the other 6? I believe the reason was      that privilege review had not been completed. Please confirm.



Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202
TEL: (716) 551-1880
FAX: (716) 551-1885

---

**From:** Jeremiah McCarthy <Jeremiah_McCarthy@nywd.uscourts.gov>
**Sent:** Friday, August 12, 2022 9:28 AM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Gabe.Gross@lw.com; NYWDml_McCarthy PpO <mccarthy@nywd.uscourts.gov>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; MSubjeck@hodgsonruss.com; rdutta_hodgsonruss.com <rdutta@hodgsonruss.com>; RFluskey@hodgsonruss.com; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Kelley.Storey@lw.com; Arman.Zahoory@lw.com; 'truitt.a@wssllp.com'; 'green.a@wssllp.com'; William Hayes <William_Hayes@nywd.uscourts.gov>
**Subject:** RE: Moog/Skyryse - 22-cv-187

Folks - All of you need to ease up on the e-mails, because there's a limit to what I (or my law clerks) can process at one time. Plus, anything that could underlie any decisions which I make should be part of the formal record. On August 25, we will argue motions [47, 48, 226, 228 and 229].

With regard to the dismissal/venue motions, while I will keep an open mind, as I sit here today I am having difficulty in seeing how the Stipulations [25, 33] could *reasonably* be interpreted to contemplate the preliminary injunction hearing taking place in a court other than the WDNY – irrespective of where the remainder of the case will proceed. Therefore, any filings which I have already directed to be made will not be deferred. A Text Order will follow.

By the way, it is my understanding that if the preliminary injunction hearing is held in this court, it will be held before Judge Vilardo, notwithstanding his dispositive referral to me.



Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202
TEL: (716) 551-1880
FAX: (716) 551-1885

---

**From:** Rena Andoh <RAndoh@sheppardmullin.com>
**Sent:** Friday, August 12, 2022 8:50 AM
**To:** Gabe.Gross@lw.com; NYWDml_McCarthy PpO <mccarthy@nywd.uscourts.gov>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker

Exhibit C, page 017