RACHEL L. FISET (SBN 240828)
SCOTT D. TENLEY (SBN 298911)
**ZWEIBACK, FISET & ZALDUENDO LLP**
315 W. 9thStreet, Suite 1200
Los Angeles, California 90015
Telephone: (213) 266-5170
Facsimile: (213) 289-4025
Email: rachel.fiset@zfzlaw.com
Email: scott.tenley@zfzlaw.com

Attorneys for Defendant
ALIN PILKINGTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC., | CASE NO. 2:22-cv-09094-GW-MAR |
| Plaintiff, | **DECLARATION OF RACHEL FISET IN SUPPORT OF DEFENDANTS MISOOK KIM AND ALIN PILKINGTON'S JOINDER IN SKYRYSE, INC.'S MOTION TO STAY** |
| v. | |
| SKYRYSE, INC., et al., | |
| Defendants. | |

DECLARATION OF RACHEL FISET IN SUPPORT OF DEFENDANTS'
JOINDER TO MOTION TO STAY

## DECLARATION OF RACHEL FISET

I, Rachel Fiset, hereby declare:

1.      I am an attorney at law duly authorized to practice before the United States District Court, Central District of California, and the Courts of the State of California.  I am a Partner with the law firm of Zweiback, Fiset & Zalduendo, LLP, counsel for Defendant Alin Pilkington in this action.  I have personal knowledge of the facts stated herein, and if called as a witness I could and would competently testify thereto.

2.      I submit this declaration in support of Defendants Misook Kim and Alin Pilkington's (collectively "Individual Defendants") Notice of Joinder and Joinder in Defendant Skyryse, Inc.'s ("Skyryse") Motion to Stay.

3.      On or around June 10, 2022, Mr. Pilkington was served with a Grand Jury subpoena dated June 10, 2022 seeking documents from Mr. Pilkington.  A true and correct copy of the the June 10, 2022 Grand Jury subpoena to Mr. Pilkington is attached hereto as **Exhibit 1**.

4.      On July 8, 2022, I sent an email to Assistant United States Attorney ("AUSA") Reema El-Amamy informing her that Mr. Pilkington was invoking his Fifth Amendment Rights.  A true and correct copy of my July 8, 2022 email to AUSA El-Amamy is attached hereto as **Exhibit 2**, with the remainder of the chain redacted.

5.      On November 7, 2022, I received an email from AUSA El-Amamy in which she stated: "I've produced to you some pre-indictment discovery so that you can get a sense of the government's criminal investigation.  This pre-indictment discovery, combined with the civil litigation in WDNY, should give you a good sense of the government's investigation and potential charges."  A true and correct copy of AUSA El-Amamy's November 7, 2022 email is attached hereto as **Exhibit 3**, with the portion of the chain pre-dating November 7 redacted.  On that same email chain, I received a second email from AUSA El-Amamy with a Word document attachment.  The attached document appeared to have been drafted by the FBI and/or the US Attorney's Office based on documents received from Moog and other sources.

2

6.     On November 22, 2023, I participated in a telephone call with AUSA El-Amamy during which she confirmed that the scope of the government's criminal investigation was very similar to the civil complaint in this case.

7.     On March 7, 2023, the FBI Special Agent ("SA") Mae Jacobe sent me an email transmitting the government's "Request for Preservation of Records (Robert Alin Pilkington)."  In the body of the email, SA Jacobe wrote that the attached preservation request was "related to the Moog v. Skyryse suit."  A true and correct copy of SA Jacobe's March 7, 2023 email to me is attached hereto as **Exhibit 4** with the remainder of the chain redacted.   Based on my side-by-side review of the (a) Request For Preservation of Records (Robert Alin Pilkington), and (b) the Stipulation re Production of Information, Data Preservation and Forensic Searches (ECF 25), it appears the two documents cover the same electronic devices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on March 16, 2023.

_Rachel L. Fiset_

_____
RACHEL FISET

DECLARATION OF RACHEL FISET IN SUPPORT OF DEFENDANTS'
JOINDER TO MOTION TO STAY

# Exhibit 1



## United States Department of Justice

### United States Attorney's Office
### Central District of California

*Reema M. El-Amamy*
*Phone: (213) 894-0552*
*E-mail: Reema.El-Amamy@usdoj.gov*

*1500 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

June 10, 2022

Robert Alin Pilkington

  Re:  <u>Federal Grand Jury Subpoena</u>

Dear Sir or Madam:

   The enclosed subpoena has been issued in connection with an official criminal investigation being conducted by the Federal Bureau of Investigation. The subpoena requires that a custodian of records from your business appear before the grand jury and produce the records described in the subpoena on the date and at the time specified on the subpoena.

   As a convenience to you, you can produce the demanded documents by mail or in person to Special Agent Robert Shaw of the Federal Bureau of Investigation, who will deliver the requested documents to the grand jury. If you would like to do so in order to avoid a personal appearance, you must (a) deliver or mail the documents so that they are received in advance of the date specified on the subpoena; and (b) have an appropriate custodian of records from your business fill in the declaration enclosed with this letter. Unless you comply with both of those requirements, a custodian of records must appear in person to produce the documents. If you choose to mail the records, please send them to the following address:

     Special Agent Robert Shaw
     Federal Bureau of Investigation
     11000 Wilshire Blvd., Ste. 1700
     Los Angeles, CA 90024

   Please ensure that any electronically stored information complies with the production specifications in the attached document. Please do not deliver or mail any of the subpoenaed documents to the United States Attorney's Office.

   In any correspondence with our Office regarding production of materials or reimbursement of costs, it is important that you include the unique subpoena identifying number. That number is listed as either the Call Number, found on the bottom right of the subpoena, or the Tracking Number, found on the top left of the OBD- 211 invoice.

   Because this subpoena relates to an ongoing criminal investigation, we request that you not disclose the existence of or compliance with the subpoena. Premature disclosure could

Robert Alin Pilkington
RE:  Federal Grand Jury Subpoena
June 10, 2022
Page 2

impede the investigation.  We request that you give us advance notice if you plan to disclose the existence of or compliance with the subpoena.

      If you have any other questions regarding compliance with this subpoena, please call me at (213) 894-0552 or Special Agent Robert Shaw at (310) 996-5108.

Very truly yours,

Reema M. El-Amamy
Assistant United States Attorney

Enc.

AO 110 (Rev. 06/09)  Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the
## CENTRAL DISTRICT OF CALIFORNIA

TO:   Robert Alin Pilkington

**SUBPOENA TO TESTIFY
BEFORE A GRAND JURY**

SUBPOENA FOR:
☐ **Person**          ☒ **Document(s) or Object(s)**

   **YOU ARE COMMANDED** to appear in this United States District Court at the time, date, and place shown below to testify before the Court's Grand Jury.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| PLACE: | COURTROOM: |
|---|---|
| **ROYBAL FEDERAL BUILDING**<br>**255 EAST TEMPLE STREET**<br>**LOS ANGELES, CALIFORNIA 90012** | **Room 650, 6th Floor** |
| | DATE AND TIME:<br>**June 24, 2022** at **9:00 AM** |

☒ You must also bring with you the following documents, electronically stored information, or objects:

See Attachment

| CLERK OF COURT: | DATE: |
|---|---|
| *Kiry K. Gray* (signature)<br>By Kiry K. Gray, Clerk of the Court | June 10, 2022 |
| This subpoena is issued on application of the United States of America<br><br>TRACY L. WILKISON<br>United States Attorney | Reema M. El-Amamy<br>Assistant United States Attorney<br>1500 United States Courthouse<br>312 North Spring Street<br>Los Angeles, California 90012<br>Telephone: (213) 894-0552     Call# R 22 09335 |

Special Agent: Robert Shaw
Telephone: (310) 996-5108
rshaw3@fbi.gov

Note: An agent of the Federal Bureau of Investigation will deliver the above-mentioned document(s) or object(s) to the Grand Jury should you desire to volunteer them to the Grand Jury in advance of the date indicated above.

## <u>ATTACHMENT TO GRAND JURY SUBPOENA</u>

1. Any records, documents, or materials related to your employment with SKYRYSE, including communications (exchanges kept in any form, whether written, electronic, e-mail, text, WhatsApp message, Signal message, telephone, or other) to and from SKYRYSE regarding your employment, any and all available personnel records such as employment and/or contractor applications, training, security compliance, performance records, non-disclosure agreements, instruction for work to be performed, and any and all supporting documents for payments, including contracts, check information, wire transfer records, instructions for payment, and communications to and from SKYRYSE regarding payment information;

2. Any records, documents, or materials related to MOOG INC projects and communications (exchanges kept in any form, whether written, electronic, e-mail, text, WhatsApp message, Signal message, telephone, or other) about MOOG INC projects, including, but not limited to the following MOOG INC projects: PLATFORM, ERTOS, AMP, BOOTLOADER, MDTE, DAKOTA, RAVEN, MDTE, NEO, and V280;

3. Any records, documents, or materials related to communications (exchanges kept in any form, whether written, electronic, e-mail, text, WhatsApp message, Signal message, telephone, or other) with current and former SKYRYSE employees, including, but not limited to: MISOOK KIM, SATHYA ACHAR, JEFF BECKER, DEBRA MORISIE, ERIC CHUNG, LAWRENCE CHOW, GONZALO REY, TIM BAPTIST, MARK GRODEN, LIISA BISHOP, DAVID TEARSE, AND REID REITHEL.

**PRIVILEGES**

If a document demanded by this subpoena is withheld under a claim of privilege, or is otherwise withheld, provide the following information regarding the record: (1) its date; (2) the name and title of its author(s); (3) the name and title of each person to whom it was addressed, distributed and disclosed; (4) the number of pages; (5) an identification of any attachments or appendices; (6) a description of its subject matter; (7)its present location and the name of its present custodian; (8) the paragraph of this subpoena to which it is responsive; and (9) the nature of the claimed privilege or other reason the document is withheld.

**Please direct all inquiries regarding this subpoena to:**

**SA Robert Shaw**
**Federal Bureau of Investigation**
**11000 Wilshire Boulevard, Suite 1700**
**Los Angeles, CA 90024**
**Telephone: 310-996-5108**
**Email: rshaw3@fbi.gov**

1        <u>DECLARATION OF CUSTODIAN CERTIFYING BUSINESS RECORD</u>

2     I, _____, hereby declare as follows:
                (name)

3     1.   I am a duly authorized custodian of records for

4

5  _____ (the "Business Entity").  In that capacity, I am
   (name of business entity)

6  knowledgeable about the matters set forth herein and I am qualified

7  and authorized to make this declaration.

8        a.   My job title/position is:

9        b.   I have been employed in this capacity for

10 _____ and by the Business Entity for _____.
        (duration)                                              (duration)

11       c.   My job duties are:

12

13

14

15       d.   I am knowledgeable about the matters set forth herein

16 and the relevant record-keeping practices of the Business Entity

17 based upon (check all that apply):

18    [ ] Training.

19    [ ] Familiarity with relevant policy/policies.

20    [ ] Hands-on experience.

21    [ ] Supervision of one or more others with hands-on experience.

22    [ ] Other.  Describe:

23

24

25    2.   Attached hereto or enclosed herewith are *originals/true and*

26 *correct duplicates* of a record or records of a regularly conducted

27 activity of the Business Entity named above.

28

(Circle either "originals" or "true and correct duplicates" and
strike out the other term.)

    3.    I certify that the attached record(s):

        a.   was/were made at or near the time of the occurrence of
the matters set forth therein,

        b.   was/were made by, or from information transmitted by,
a person with knowledge of those matters;

        c.   was/were kept in the course of the regularly conducted
activity of the Business Entity;

        d.   was/were made by and in the course of the regularly
conducted activity as a regular practice;

        e.   if not original records, are exact duplicates of
original records.

    I declare under penalty of perjury that the foregoing is true
and correct.  This declaration is executed at _____,
                                          (place document was signed)
on _____.
    (date document was signed)

                              _____
                              (signature)

                              _____
                              (typed or printed name)

## Specifications for Production of ESI and Digitized Images

This document describes the technical requirements for the collection and production of paper and electronically stored information ("ESI"). Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1. **Specification Modifications**
   Any modifications or deviations from these Specifications may be done only with the express permission of the subpoena issuer. Any responsive data or documents that exist in locations or native forms not discussed in these Specifications remain responsive and, therefore, arrangements should be made with the subpoena issuer to facilitate their production.

2. **Production Format of ESI and Imaged Hard Copy**
   Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9-19, shall be rendered to type TIFF image format and accompanied by a document review platform cross reference file as set forth in section 2(b) below. All applicable metadata (see section 3 below) shall be extracted and provided in a standard document review platform load file format as set forth in section 2(c) below.

   a. **Image File Format**: All images, paper documents scanned to images, or rendered ESI shall be produced as fully searchable 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
      - All TIFF file names shall include the unique Bates number burned into the image.
      - Each Bates number shall be a standard length of eight or more digits, include leading zeros in the number, and be unique for each produced page.
      - All TIFF image files shall be stored with the "*.TIF" extension.
      - Images shall be OCRed using a standard COTS products.
      - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
      - No image folder shall contain more than 10,000 images.
      - The entire file path, including the complete file name, shall not exceed 175 characters.

   b. **Document Review Platform Cross Reference file:** Images should be accompanied by an Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page. Image Cross Reference Sample Format:

      IM,ABC00000001,D,0,@VOL_001;IMAGES\00\001; ABC00000001.tif;2,0
      IM,ABC00000001,D,0,@VOL_001;IMAGES\00\001; ABC00000001.tif;2,0
      IM,ABC00000001,C,0,@VOL_001;IMAGES\00\001; ABC00000001.tif;2,0
      IM,ABC00000001, ,0,@VOL_001;IMAGES\00\001; ABC00000001.tif;2,0
      IM,ABC00000001, ,0,@VOL_001;IMAGES\00\001; ABC00000001.tif;2,0
      IM,ABC00000001,D,0,@VOL_001;IMAGES\00\001; ABC00000001.tif;2,0

   c. **Document Review Platform Load File**: Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.
      - ASCII text delimited load files are defined using the following delimiters:

        | | | |
        |---|---|---|
        | *Field Separator* | ¶ | *or Code 020* |
        | *Text Qualifier* | þ | *or Code 254* |
        | *Substitute Carriage Return or New Line* | ® | *or Code174* |

      - The text file should also contain hyperlinks to applicable native files, such as Excel, PowerPoint, audio, or video files.
      - There should be one line for every record in a collection.
      - The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

þBEGDOCþþENDDOCþþDOCIDþþDOCDATEþþFILENAMEþþTITLEþ

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the *.TXT extension.
- Text files shall not be provided in the same folder as the TIFF images.

### 3. Required Metadata/Database Fields

The metadata of ESI should be extracted and provided in a *.DAT file using the field definitions and formatting described below:

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-e-mail or hard copy documents, including but not limited to data discussed in sections 6-9 and 12-19 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) [Format: Last, First or ABC Dept.] | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates number or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi-Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates of last attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| PROPERTIES | Privilege notations (e.g., Redacted, Document Withheld Based on Privilege) | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author [Format: Last name, First name] | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient [Format: Last name, First name] | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients [Format: Last name, First name] | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients [Format: Last name, First name] | Multi-Entry | Unlimited | | ✓ | ✓ |

Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Note Text | Unlimited | | ✓ | |
| DOCDATE | Document Date/Date Sent [Format: YYYY/MM/DD] | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g., Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILE EXTENSION | Extension for the file (e.g., *.DOCX; *.XLS) | Note Text | 10 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g., Inbox\Active) or Hard Copy container information (e.g., Folder or binder name) | Full Text | Unlimited | ✓ | ✓ | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| MESSAGEHEADER | E-mail header.  Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an e-mail | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

**4.     De-duplication, Near-Duplicate Identification, E-mail Conversation Threading, and Other Culling Procedures**
De-duplication of exact copies within a custodian's data may be done, but all "filepaths" must be provided for each duplicate document.  The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate

3

## Specifications for Production of ESI and Digitized Images

(i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the subpoena issuer. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the subpoena issuer as additional metadata fields.

5. **Hidden Text**

    All hidden text (e.g., track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. For files that cannot be expanded the native files shall be produced with the image file.

6. **Embedded Files**

    All non-graphic embedded objects (e.g., Word documents, Excel spreadsheets, *.WAV files) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7. **Image-Only Files**

    All image-only files (i.e., non-searchable PDFs, multi-page TIFFs, Snipping Tool and other screenshots, as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8. **Hard Copy Records**

    a.  All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle (e.g., staples, paper clips, rubber bands, folders, or tabs in a binder). The first document in the collection represents the parent document and all other documents represent the children.

    b.  All documents shall be produced in black and white TIFF format unless the image requires color. An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

    c.  All objective coding (e.g., document date or document author) should be discussed and produced to the subpoena issuer as additional metadata/database fields.

9. **Production of Spreadsheets and Presentation Files**

    All spreadsheet and presentation files (e.g., Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). See section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10. **Production of E-mail Repositories**

    E-mail repositories, also known as e-mail databases (e.g., Outlook *.PST, Lotus *.NSF), can contain a variety of items, including: messages, calendars, contacts, tasks. For purposes of production, responsive items shall include the "E-mail" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to e-mail or other items) with the parent/child relationship preserved. E-mail databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the subpoena issuer about the format for the production of such databases.

11. **Production of Items Originally Generated in E-Mail Repositories But Found and Collected Outside of E-mail Repositories, i.e., "Stand-alone" Items**

    Any parent e-mail or other parent items (e.g., calendar, contacts, tasks, notes) found and collected outside of e-mail repositories (e.g., items having extensions like *.MSG, *.HTM, *.MHT), shall be produced items with the "E-mail" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

**12.    Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g., GoTo Meeting, WebEx), and related/similar technologies.  However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the subpoena issuer about the format for the production of such data.

**13.    Social Media**
Prior to any production of responsive data from social media (e.g., Twitter, Facebook, Google+, LinkedIn)the producing party shall first discuss with the subpoena issuer the potential export formats before collecting the information.

**14.    Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database.  The list of reports shall be provided in native Excel (*.XLS) format.

**15.    Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint) the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database.  The list of reports shall be produced in native Excel (*.XLS) format.

**16.    Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page JPEG files with a resolution equivalent to the original image as it was captured/created.  All JPEG files shall have extracted metadata/database fields provided in a standard document review platform load file format as outlined in section 3 for "Other ESI."

**17.    Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images.  The report shall include the electronic Bates, Document ID or Bates number(s) corresponding to each such image.

**18.    Format of ESI from Non-PC or Non-Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, UNIX machines), the ESI shall be produced after discussion with and written consent of the subpoena issuer about the format for the production of such data.

**19.    Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files as called for in these Specifications shall have extracted metadata/database fields provided in the standard document review platform load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

ESI shall be produced in a manner which is functionally useable by the subpoena issuer.    The following are examples:

- AutoCAD data (e.g., *.DWG, *.DXF) shall be processed/converted and produced as single-page *.JPG image files and accompanied by a standard document review platform formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
- GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
- Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

                                                                                          Rev. 09/2015

## Specifications for Production of ESI and Digitized Images

20. **Bates Number Convention**

All images should be assigned Bates numbers before production to the subpoena issuer. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single Bates number for the entire file. The Bates number shall not exceed 30 characters in length and include an 8-digit number that includes leading zeros. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the subpoena issuer agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. However, it is highly recommended that an underscore be used between any prefix and the digits of a Bates number. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

PREFIX_00000001
PREFIX_00000001.001
PREFIX_00000001.002

PREFIX_00000003
PREFIX_00000003.001
PREFIX_00000003.002

21. **Media Formats for Storage and Delivery of Production Data**

Electronic documents and data shall be delivered on any of the following media:

a. CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
b. External hard drives (USB 2.0 (or better) or eSATA, formatted to NTFS format specifications) or flash drives.
c. Storage media used to deliver ESI shall be appropriate to the size of the data in the production.
d. Media should be labeled with the case name, production date, Bates range, and producing party.

22. **Virus Protection and Security for Delivery of Production Data**

Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the subpoena issuer. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the prior written consent of the subpoena issuer.

23. **Compliance and Adherence to Generally Accepted Technical Standards**

Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. subpoena issuer or professional organizations.

24. **ReadMe Text File**

All deliverables shall include a readme text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The readme file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

25. **Exception Log**

An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document ID or control numbering) assigned during the collection, processing and production phases.

Rev. 09/2015

Exhibit 2

| | |
|---|---|
| **From:** | Rachel Fiset |
| **To:** | "El-Amamy, Reema (USACAC)" |
| **Cc:** | "Shaw, Robert (LA) (FBI)"; Ben Heller; Michael Zweiback |
| **Subject:** | RE: [EXTERNAL] Fwd: Pilkingtonn and Kim Subpoenas |
| **Date:** | Friday, July 8, 2022 11:54:31 AM |
| **Importance:** | High |

Reema – I hope you are well.  I write pursuant to today's production date for our client Alin Pilkington.  We are still reviewing information and trying to get up to speed.  As you know, this is an active civil matter and there are several competing interests involved.  At this point, based on an abundance of caution and advice of counsel, Mr. Pilkington is asserting his constitutional rights and will not make a production today.

We are continuing to work diligently and this position is subject to change.  We hope to start an active dialogue with you soon as it relates to Mr. Pilkington and any documents he may have had in his possession, if any, from his time at Moog.  We look forward to discussing this with you soon.  In the meantime, if I can be of any assistance, please let me know.

Best,
Rachel Fiset
**ZWEIBACK, FISET & COLEMAN LLP**
523 W. 6th Street, Suite 516
Los Angeles, CA 90014
rachel.fiset@zfclaw.com
www.zfclaw.com
o: (213) 266-5172
c: (310) 721-4177

# Exhibit 3

| | |
|---|---|
| **From:** | El-Amamy, Reema (USACAC) |
| **To:** | Michael Zweiback |
| **Cc:** | Rachel Fiset; O'Neal, Stephanie O. (LA) (FBI); Jacobe, Maetha (LA) (FBI); Ben Heller |
| **Subject:** | RE: [EXTERNAL] Fwd: Pilkingtonn and Kim Subpoenas |
| **Date:** | Monday, November 7, 2022 7:54:59 AM |
| **Attachments:** | image001.png |
| | Communication Summary 1.docx |
| | 00048605.txt |

I have added Ben to the folder.  Also, please find two attachments that will help you somewhat quickly get up to speed and also demonstrate that your client and Kim were not the only two individuals involved in the criminal conspiracy.

---

**From:** Michael Zweiback <Michael.Zweiback@zfzlaw.com>
**Sent:** Monday, November 7, 2022 7:14 AM
**To:** El-Amamy, Reema (USACAC) <rel-amamy@usa.doj.gov>
**Cc:** Rachel Fiset <Rachel.Fiset@zfzlaw.com>; O'Neal, Stephanie O. (LA) (FBI) <sooneal@fbi.gov>; Jacobe, Maetha (LA) (FBI) <MJACOBE@fbi.gov>; Ben Heller <Ben.Heller@zfzlaw.com>
**Subject:** Re: [EXTERNAL] Fwd: Pilkingtonn and Kim Subpoenas

Thank you Reema.  Perhaps we should take a look at this material and then schedule a call for later next week.

Also, can you send a link to our associate Ben please?  He is copied on this email.

Thank you.

Get Outlook for iOS

---

**From:** El-Amamy, Reema (USACAC) <Reema.El-Amamy@usdoj.gov>
**Sent:** Monday, November 7, 2022 4:50:06 AM
**To:** Michael Zweiback <Michael.Zweiback@zfzlaw.com>
**Cc:** Rachel Fiset <Rachel.Fiset@zfzlaw.com>; Michael Zweiback <Michael.Zweiback@zfzlaw.com>; Rachel Fiset <Rachel.Fiset@zfzlaw.com>; O'Neal, Stephanie O. (LA) (FBI) <sooneal@fbi.gov>; Jacobe, Maetha (LA) (FBI) <MJACOBE@fbi.gov>
**Subject:** RE: [EXTERNAL] Fwd: Pilkingtonn and Kim Subpoenas

Good morning:

I've produced to you some pre-indictment discovery so that you can get a sense of the government's criminal investigation.  This pre-indictment discovery, combined with the civil litigation in WDNY, should give you a good sense of the government's investigation and potential charges.  I anticipate obtaining more information regarding the trade secrets that were stolen, their valuation, as well as any classified information that was stolen and/or mishandled in the next two weeks.  I'll begin working on drafting criminal charges in the next month or so.

I am interested in your client's cooperation against other individuals who participated in the scheme

to steal trade secrets.  After reviewing this information, please let me know if you would be prepared to give me an attorney proffer regarding any information your client would be willing and able to provide.

**Reema M. El-Amamy | Assistant United States Attorney**
**Terrorism and Export Crimes Section, National Security Division**
1500 United States Courthouse| 312 N. Spring St. | Los Angeles, California 90012
T: 213.894.0552| F: 213.894.0142 | reema.el-amamy@usdoj.gov



Exhibit 4



**From:** Maetha Jacobe <MJACOBE@fbi.gov>
**Sent:** Tuesday, March 7, 2023 10:53 AM
**To:** Rachel Fiset <Rachel.Fiset@zfzlaw.com>; Michael Zweiback <Michael.Zweiback@zfzlaw.com>
**Subject:** Moog v. Skyryse - Service Request


Ms. Fiset,

Please advise whether you will accept service of documents related to the Moog v. Skyryse suit on
behalf of your client Robert Alin Pilkington.

Thank you,
Mae Jacobe

Special Agent Maetha Jacobe
FBI Los Angeles Field Office | CI-7
Desk (310)996-5111
Cell (703)609-2536