**LATHAM & WATKINS LLP**
  Douglas E. Lumish (SBN 183863)
  *doug.lumish@lw.com*
  Gabriel S. Gross (SBN 254672)
  *gabe.gross@lw.com*
  Arman Zahoory (SBN 306421)
  *arman.zahoory@lw.com*
  Ryan T. Banks (SBN 318171)
  *ryan.banks@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

*Attorneys for Defendant and Counterclaimant Skyryse, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC., <br><br>  Plaintiff, <br><br> v <br><br> SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, <br><br>  Defendants. <br><br> SKYRYSE, INC., <br><br>  Counterclaimant, <br><br> v <br><br> MOOG INC., <br><br>  Counterclaim-Defendant.. | CASE NO. 2:22-cv-09094-GW-MAR <br><br> **DEFENDANT AND COUNTERCLAIMANT SKYRYSE, INC.'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING HEARING ON MOOG's MOTION TO ENFORCE COMPLIANCE WITH MARCH 11, 2022 STIPULATED TRO AND FOR MONETARY AND ADVERSE INFERENCE SANCTIONS** <br><br> Judge: Hon. George H. Wu <br> Crtrm: 9D |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant and Counterclaimant Skyryse, Inc. hereby submits this application to the Court *ex parte* for an order continuing the hearing on Plaintiff and Counter-Defendant Moog's Motion to Enforce Compliance with the March 11, 2022 Stipulated TRO, and for Monetary and Adverse Inference Sanctions for Contempt and Spoliation (the "Motion") (Dkt. 400), currently scheduled to be heard on April 13, 2023 at 8:30 a.m., to May 15, 2023 at 8:30 a.m. or the Court's earliest convenience thereafter.

Pursuant to Local Rule 7-19, the undersigned counsel advised counsel for Moog that such an *ex parte* application will be made to this Court if Moog did not agree to the requested extension, and the parties met and conferred regarding the issue via teleconference on March 21, 2023. (*See* Decl. of A. Zahoory.)

As required by Local Rule 7-19, opposing counsel's name, email address, address, and telephone number are as follows:

    Rena Andoh (admitted *pro hac vice*)

    randoh@sheppardmullin.com

    Sheppard Mullin

    30 Rockefeller Plaza

    New York, NY 10112

    Telephone: (212) 653-8700

The continuance is necessary for compelling reasons. First, Moog has filed a complex motion for sanctions and contempt accompanied by two lengthy expert declarations and more than four thousand pages of purported evidence. Many of the documents cited in Moog's motion, including documents that are hundreds of pages long, are its own internal documents that Moog did not identify or directly produce

to Skyryse in discovery until the very day it filed its motion,[1] and it had never before disclosed its expert opinions. Rather, Moog concealed the identity of those documents and noticed a hearing date that would provide Skyryse only one week to prepare its response. This schedule is not reasonable and would be highly prejudicial to Skyryse given the scope and number of issues and documents covered in Moog's motion that require Skyryse's investigation.

Second, Moog's expert relies on forensic information that still has not been produced to Skyryse. As one example, Moog's expert, Bruce Pixley, claims to have analyzed "Tri Dao's Moog laptop and the Ivanti log associated with his USB activity" (Dkt. 400-1 at ¶¶ 20-21), which evidence he claims shows that Mr. Dao copied nearly 40,000 files onto a USB hard drive, which he allegedly did not return to Moog. (*Id*.) Moog, however, has not produced Mr. Dao's "Moog laptop" or the Ivanti log purportedly analyzed by Mr. Pixley. Moog is also likely in possession of additional information that is relevant to the issues raised in its motion, such as information about the files on which Moog is basing its spoliation allegations, including but not limited to copies of the files themselves. Skyryse will, of course, need to obtain this information, and should be permitted a reasonable time to analyze and respond to it.

Third, Moog raises issues for the first time in its motion without previous notice and without meeting and conferring with Skyryse, further impeding Skyryse's ability to fully investigate them. As an example, Moog raises new allegations implicating certain Skyryse employees and specific computers it had not previously raised with Skyryse. (*See*, *e.g.*, Dkt. 400 at 16:20-17:5.)

Fourth, Skyryse will need the opportunity to depose Moog's expert

---

[1] Many of these documents come from a Moog laptop computer allegedly used by Defendant Alin Pilkington when employed at Moog. Moog provided this laptop to the neutral discovery vendor, iDS, months ago (along with gigabytes of other data), but failed to identify these documents from the Moog laptop until it filed this motion.

witnesses—who have not provided expert reports or otherwise disclosed their opinions previously—regarding the opinions and conclusions reflected in their declarations. And Skyryse will need to work with its own expert witnesses in preparing its opposition, which cannot reasonably be done in the week permitted by the current schedule.

Fifth, the Defendants have filed a motion to temporarily stay this action while a parallel investigation by the United States Attorney's Office for the Central District of California proceeds, which motion is pending before the Court. (Dkt. 392.) If the Court enters a stay it would obviate the need to proceed on Moog's motion for the time being.

Skyryse is without fault and good cause exists for *ex parte* relief. The requested continuance will not prejudice Moog as the motion will be heard within a reasonable amount of time and there is no urgency. Skyryse, however, would suffer irreparable and severe harm should it not be allowed to adequate time to fully respond to Moog's motion. Moog seeks monetary sanctions and an adverse jury instruction against Skyryse, which could be dispositive of certain claims. The Court and Skyryse will benefit from fulsome briefing regarding these issues and a complete record.

### **Memorandum of Points and Authorities**

### I.  BACKGROUND

This is a trade secret case that Plaintiff Moog initiated over a year ago in Buffalo, New York against California-based Defendants Skyryse and two former Moog employees, Alin Pilkington and Misook Kim. No trial date has been set and no Rule 26(f) conference has occurred, but over the past year Moog has received extensive, one-sided discovery from all three Defendants and numerous third parties. The court in New York transferred the action to this Court in December 2022, and in the first status conference here, the Court ordered Moog to disclose and identify its trade secrets to Defendants. (Dkt. 343.)

Since then, Skyryse has answered Moog's complaint, denying its core allegations, and filed counterclaims against Moog including for fraud, trade secret misappropriation, and breach of contract arising out of the two companies' prior business relationship. (Dkt. 348.) Moog also has served its trade secret identification, though the parties have a dispute over whether it violates the order to identify the alleged trade secrets with particularity, not generically, and not by mere references to documents. (Dkt. 365 at 8.) Skyryse and the other defendants also have moved the Court for a temporary stay of this action while a parallel government investigation into the same facts underlying Moog's claims proceeds, given the Fifth Amendment concerns at play. (Dkts. 392, 393.) Moog told the Court and Defendants that it intends to file a new motion for a preliminary injunction, but has yet to do so.

This is the backdrop against which Moog, on March 16, 2023, filed a motion for sanctions for Skyryse's alleged violations of a stipulation governing the "Production of Information, Data Preservation and Forensic Searches." (Dkts. 25, 400.) Moog's motion is accompanied by two lengthy expert declarations and nearly four thousand pages of documentary evidence purportedly supporting Moog's claims, and it raises issues over which the parties did not meet and confer, and which Skyryse could not have investigated earlier. Indeed, the declarations raise issues Skyryse still cannot investigate because of Moog's failure to produce relevant information, including the forensic information purportedly analyzed by its experts. Moog also cites many of its own internal business records that Moog never identified to Skyryse until the day it filed its motion, despite having provided an entire laptop containing the files to the neutral discovery vendor, iDS, months earlier. Knowing it would make such a voluminous filing, Moog noticed an April 13, 2023 hearing which would provide Skyryse only seven days to complete its investigation into all the issues raised in Moog's motion and prepare its opposition.

Once it reviewed Moog's motion, Skyryse explained to Moog that it needs sufficient time, and more than seven days, to investigate these complex and serious

issues and prepare its opposition and requested that Moog stipulate to a thirty-day continuance. Moog responded that it was conditionally willing to agree to extend the time for briefing somewhat, but only if Skyryse agreed to (1) put the hearing for Defendants' separate pending motion to stay on the same schedule, (2) agree to a (shorter) extension of the time for Moog to respond to Defendants' motion; and (3) extend the word limit for Moog's opposition to the stay motion by one thousand words.

     Skyryse agreed to accommodate Moog's request to extend its word limit in opposing Defendants' stay motion. (Dkt. 414.) But as Skyryse explained, there is no reason to bind that motion together with Moog's motion for sanctions so they are heard at the same time, especially since Moog is not asking for the same briefing schedule. The motions deal with factually and legally disparate issues, and the stay motion could obviate the sanctions motion, at least for now. Moog conceded that it is "fully prepared to file its opposition [to the stay motion] on Thursday under the current schedule," and thus does not need more time for its briefing or a hearing on Defendants' motion for a stay. (*See* Ex. A (Mar. 20, 2023 K. Naqvi email).) In fact, Moog never suggested it wanted more time to brief that motion until Skyryse requested additional time to prepare its opposition to Moog's lengthy motion for sanctions. Moog's rigid condition that Skyryse reschedule the stay motion to be heard together with the sanctions motion makes no sense in this light, and is premised only on Moog's tactical preference and not a legitimate need or scheduling conflict. Skyryse thus rejected this one-sided condition.

     The parties met and conferred again on March 21, 2023 via teleconference. During that call Moog confirmed that it would not agree to any form of extension for Skyryse to respond to Moog's motion unless Skyryse would agree that Moog's motion would be heard on the same day as Skyryse's stay motion.

## II. GOOD CAUSE EXISTS FOR THE COURT TO GRANT *EX PARTE* RELIEF TO CONTINUE THE HEARING DATE.

The Court has discretion under Federal Rule of Civil Procedure 6(b)(1) to extend the time for Skyryse to respond to Moog's motion for good cause, with or without motion or notice, if requested before the original time for its opposition expires. A party moving for *ex parte* relief must show that it will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures. *Carbajal v. OMNI Hotels Mgmt. Corp.*, No. EDCV 20-2485-JWH-KKx, 2021 WL 6618602, at *2 (C.D. Cal. Nov. 1, 2021). Further, "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief or that the crisis occurred as a result of excusable neglect." *Id.* at 492. *Ex parte* relief is proper where the moving party will suffer immediate and irreparable harm or "seeks routine procedural order" (e.g., adjustment of deadlines). *Ward v. Crow Vote LLC*, 8:21-cv-01110-FWS-DFM, 2022 WL 16895114, at *1 (C.D. Cal. Aug. 9, 2022).

Skyryse respectfully requests that the Court exercise its discretion to continue the hearing on Moog's motion because good cause has been shown justifying an extension of thirty days. Moog's motion seeks severe and extraordinary relief, and is based on expert declarations, and thousands of pages of supporting papers. A week is grossly insufficient for Skyryse to analyze Moog's filing and prepare its opposition. This is especially true given that the motion raises new issues never raised by Moog in prior meet and confer efforts. *See BYLT, LLC v. B.Y.L.T. Performance, LLC*, No. 8:18-cv-02194-JVS-KESx, 2019 WL 6330695, at *2 (C.D. Cal. Aug. 12, 2019) (denying Plaintiff's request for sanctions because Plaintiff "filed the motion before exhausting the meet and confer process"). And Moog has filed its motion at the earliest stages of the case, when no trial date has been set, the parties have not held a Rule 26(f) conference, and no witnesses have been deposed—so there is no urgent need to hold a hearing on Moog's motion on April 13 as noticed.

The exigency is no fault of Skyryse. It made a timely and reasonable request for more time to investigate Moog's claims and new documents, depose the expert witnesses, prepare its own expert opinions, and prepare an opposition to Moog's motion. Skyryse tried to avoid bringing this *ex parte* application by requesting that Moog stipulate to the requested extension, but Moog declined unless Skyryse acceded to Moog's unreasonable demand for a "reciprocal" continuance of Defendants' stay motion hearing. But Moog concedes it does not need that continuance and is "fully prepared" to proceed on the current schedule.

Moog will suffer no prejudice by the granting of this application. Moog has shown no urgency throughout these proceedings, having (1) obtained the preliminary relief it claimed to need over a year ago by stipulation (Dkt. 33); (2) delayed identifying its own purported trade secrets until this Court ordered it to do so over a year into this lawsuit (Dkt. 343); and (3) still having failed to file a motion for a preliminary injunction despite threatening to do so for over a year. (Dkt. 365 at 3:5-7.)

### III.  CONCLUSION

Respectfully, the Court should grant Skyryse's request for *ex parte* relief and continue the hearing on Moog's motion until May 15, 2023.

Dated: March 21, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Gabriel S. Gross*

    Douglas E. Lumish (SBN 183863)
    Gabriel S. Gross (SBN 254672)
    Arman Zahoory (SBN 306421)
    Ryan Banks (SBN 318171)
    Menlo Park, California 94025
    Telephone: (650) 328-4600
    Facsimile: (650) 463-2600
    Email: doug.lumish@lw.com
    gabe.gross@lw.com

arman.zahoory@lw.com
ryan.banks@lw.com

*Attorneys for Defendant and Counterclaimant, Skyryse, Inc.*