**LATHAM & WATKINS LLP**
   Douglas E. Lumish (SBN 183863)
   *doug.lumish@lw.com*
   Gabriel S. Gross (SBN 254672)
   *gabe.gross@lw.com*
   Arman Zahoory (SBN 306421)
   *arman.zahoory@lw.com*
   Ryan T. Banks (SBN 318171)
   *ryan.banks@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

*Attorneys for Defendant and Counterclaimant Skyryse, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC., <br><br> Plaintiff, <br><br> v <br><br> SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, <br><br> Defendants. <br><br> SKYRYSE, INC., <br><br> Counterclaimant, <br><br> v <br><br> MOOG INC., <br><br> Counterclaim-Defendant.. | CASE NO. 2:22-cv-09094-GW-MAR <br><br> **DECLARATION OF ARMAN ZAHOORY IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT SKYRYSE, INC.'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING HEARING ON MOOG'S MOTION TO ENFORCE COMPLIANCE WITH THE MARCH 11 STIPULATED TRO AND FOR MONETARY AND ADVERSE INFERENCE SANCTIONS FOR CONTEMPT AND SPOLIATION** <br><br> Judge: Hon. George H. Wu <br> Crtrm: 9D |

# DECLARATION

I, Arman Zahoory, hereby declare and state as follows:

1. I am an attorney at the law firm of Latham & Watkins LLP, counsel of record for Defendant and Counterclaimant Skyryse, Inc. in the above captioned case.

2. I submit this declaration in support of Skyryse's *Ex Parte* Application For an Order Continuing Hearing on Moog's Motion to Enforce Compliance With the March 11, 2022 Stipulated TRO and for Monetary and Adverse Inference Sanctions for Contempt and Spoliation (the "Motion").

3. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify thereto.

4. Counsel for Skyryse has had multiple communications with counsel for Moog related to potential resolution of their dispute over Skyryse's request to continue of the hearing on the Motion, including via email on March 17 and 20, 2023 and phone on March 21, 2023. Skyryse asked Moog to stipulate to a reasonable continuance of the hearing to allow Skyryse sufficient time to investigate the issues raised in the Motion and its accompanying expert declarations and more than 4,000 pages of documentary exhibits and prepare its opposition.

5. Moog responded to Skyryse that it would agree to an extension for Skyryse to file its opposition brief, but only on the condition that Skyryse agree to also extend the hearing date on Skyryse's separate and unrelated motion to temporarily stay the action, so that both motions would be heard together. Moog conceded it was "fully prepared to file its opposition [to Defendants' stay motion] on Thursday" and thus had no need for additional time to oppose the stay motion or delay its hearing. (*See* Mar. 20, 2023 K. Naqvi email, a true and correct copy of which is attached hereto as Exhibit A.) Skyryse declined to accept Moog's condition.

6. Because the parties had reached an impasse, Skyryse advised Moog it intended to seek *ex parte* relief from the Court.

7. The parties have previously agreed to two extensions of time which were both granted by the Court. (Dkts. 322, 364.) The first extension of time was for Skyryse's response to Moog's Initial Complaint and the second extension of time agreed to was for Skyryse's Opposition, Moog's Reply, and a continuance of the hearing on Moog's Motion to Dismiss.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on March 21, 2023, in Menlo Park, California

_____
Arman Zahoory

# EXHIBIT A

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Monday, March 20, 2023 4:57 PM
**To:** Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Storey, Kelley (DC) <Kelley.Storey@lw.com>; Solimano, Alexa (Bay Area) <Alexa.Solimano@lw.com>; rachel.fiset@zfzlaw.com; ben.heller@zfzlaw.com; scott.tenley@zfzlaw.com; grant.gelberg@halpernmay.com; alyssa.titche@halpernmay.com; catherine.thompson@halpernmay.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Takuma Nishimura <tnishimura@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>; rfluskey@hodgsonruss.com
**Subject:** RE: Moog/Skyryse - Unredacted Filings

Counsel:

We disagree with your e-mail below for the same reasons set forth in my prior e-mail. Skyryse was made aware in detail of the matters and documents addressed in Moog's Motion to Enforce one month ago, at the latest. Moog also disagrees that there is any basis or need to depose Moog's experts who filed declarations in support of the Motion to Enforce.

The basis to have briefing and hearing on Moog's Motion to Enforce and Moog's opposition to Skyryse's Motion to Stay run in parallel is apparent. Moog is fully prepared to file its opposition on Thursday under the current schedule. But, Skyryse has asked for a 30 day extension to oppose Moog's motion, which was filed one day after Skyryse's Motion. Skyryse's motion also includes a joinder filed by the Individual Defendants with 8 additional pages of argument and legal authority. There is no reason why Skyryse is entitled to a lengthy, 30-day extension but Moog (essentially opposing two motions) should have to file its opposition within one week. Moog is merely requesting reciprocity, and we are trying to work with you on a reciprocal extension to avoid burdening the Court with this issue. Given Skyryse's refusal, it is evident that Skyryse wants to delay adjudication of Moog's Motion to Enforce such that its Motion to Stay is heard first, and therefore the case is potentially stayed before Skyryse's serial and flagrant violations of the Stipulated TRO are adjudicated by the Court and sanctions may be imposed. We are not prepared to accommodate such gamesmanship, especially when both motions were noticed for the same hearing date.

We renew our proposal of a reciprocal, 21-day extension. We also renew our request that, given Skyryse's refusal to accept such an extension, the Parties meet and confer telephonically in good faith (as required by the Court) to see if a mutually agreeable resolution can be reached without burdening the Court with an *ex parte* application. As you know, Judge Wu's standing order cautions that "[e]x parte applications are for extraordinary relief" and "[s]anctions may be imposed for misuse of ex parte applications."

Thank you,
Kazim


**Kazim A. Naqvi**
+1 424-288-5336 | direct

KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Monday, March 20, 2023 3:18 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; SKYRYSEMOOG.LWTEAM@lw.com; Gabe.Gross@lw.com; Kelley.Storey@lw.com; Alexa.Solimano@lw.com; rachel.fiset@zfzlaw.com; ben.heller@zfzlaw.com; scott.tenley@zfzlaw.com; grant.gelberg@halpernmay.com; alyssa.titche@halpernmay.com; catherine.thompson@halpernmay.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Takuma Nishimura <tnishimura@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>; rfluskey@hodgsonruss.com
**Subject:** RE: Moog/Skyryse - Unredacted Filings

Counsel:

We disagree with your email below. Moog's motion for sanctions includes two lengthy expert declarations, more than four thousand pages of exhibits, and raises new issues over which we did not meet and confer. Skyryse needs an opportunity to investigate all the issues, and likely will need to build in time to depose Moog's experts regarding their declarations and work with Skyryse's own experts to prepare responses. It is not reasonable to expect Skyryse to do all of this in seven days, and we are confident the Court will agree.

As for Skyryse's motion to stay, Skyryse will stipulate to extend Moog's word limit for its opposition to 8,000 words, as you requested. Please prepare a stipulation to that effect for us to review.

We do not see any basis, however, to link the briefing and hearing of these two motions together, and in fact you had not even raised changing the schedule for the proceedings on the stay motion until we requested a necessary extension of time to oppose Moog's sanctions motion.

Please let us know by close of business if we have a stipulation to extend Skyryse's response by 30 days. Otherwise, Skyryse will be left with no choice but to seek *ex parte* relief.

Best,
Arman

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Monday, March 20, 2023 10:12 AM
**To:** Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Storey, Kelley (DC) <Kelley.Storey@lw.com>; Solimano, Alexa (Bay Area) <Alexa.Solimano@lw.com>; rachel.fiset@zfzlaw.com; ben.heller@zfzlaw.com; scott.tenley@zfzlaw.com; grant.gelberg@halpernmay.com; alyssa.titche@halpernmay.com;

catherine.thompson@halpernmay.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Takuma Nishimura <tnishimura@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>; rfluskey@hodgsonruss.com
**Subject:** RE: Moog/Skyryse - Unredacted Filings

Counsel:

We disagree that Moog's filings raise any issues that the Parties did not meet and confer about. Indeed, during our meet and confer on March 9, I expressly walked through in detail the grounds of the motion and described all the relief that Moog seeks in its motion. Moog first raised these issues with Skyryse via a detailed 26-page letter on February 21, 2023. Skyryse cannot rely on an open ended and indefinite "investigation" as a basis to delay adjudication of its ongoing violations of the Stipulated TRO. Moog has raised Skyryse's violations of the TRO repeatedly over the past year, and it requires relief now. On the other hand, while the Parties briefly discussed Skyryse's contemplated Motion to Stay, there was no formal meet and confer pursuant to L.R. 7-3, and Skyryse provided far less detail about its contemplated Motion to Stay compared to Moog's Motion to Enforce. For example, Skyryse never previously advised us that it seeks a 6 month stay of the case.

Regardless, we are prepared to provide a reasonable extension for Skyryse's opposition, on the condition that the hearing and briefing on Moog's Motion to Enforce run simultaneously with the hearing on Skyryse's Motion to Stay. We are not prepared to have Skyryse's Motion to Stay heard before Moog's Motion to Enforce is heard. Both motions were essentially filed at the same time and both have been properly noticed for hearing on April 13, when all counsel have stated they are available. Further, given the Individual Defendants' 8-page joinder to the Motion To Stay filed yesterday (Dkt. 393), Moog must now essentially oppose two motions during the same timeframe that Skyryse is required to oppose one motion. Both motions are also within the 7,000 word page limit. Moog is required to oppose more motion material than Skyryse is required to, within the same schedule. Skyryse's alleged burden based on "more than four thousand pages of exhibits" lacks merit because Skyryse has had possession of or access to all these documents for several months, and the vast majority of the exhibits at issue were expressly referenced by Bates number in Moog's February 21 letter. These are not new issues.

Per L.R. 7-9, Skyryse's opposition to Moog's Motion to Enforce and Moog's opposition to Skyryse's Motion to Stay are both currently due March 23 (not March 30 as you suggest). We are prepared to provide a 21-day extension (until April 13) for Skyryse to file its opposition, on condition that Moog's opposition to Skyryse's Motion to Stay also be due on April 13. This would give Skyryse 28 days to oppose Moog's Motion to Enforce, which is more than reasonable. The hearing on both motions would then be May 4, subject to the Court's availability. To the extent Skyryse is not prepared to accept this proposal, or has a different reciprocal proposal, we are prepared to further discuss and request a telephonic meet and confer so the Parties can work in good faith and hopefully avoid burdening the Court with routine scheduling issues.

Moog also requests that, for the reasons articulated above, Defendants stipulate that Moog may have an additional 1,000 words to simultaneously oppose Skyryse Motion to Stay and the Individual Defendants' joinder thereto (for a total of 8,000 words in opposition). Please confirm.

Thank you,

Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Friday, March 17, 2023 5:23 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; SKYRYSEMOOG.LWTEAM@lw.com; Gabe.Gross@lw.com; Kelley.Storey@lw.com; Alexa.Solimano@lw.com; rachel.fiset@zfzlaw.com; ben.heller@zfzlaw.com; scott.tenley@zfzlaw.com; grant.gelberg@halpernmay.com; alyssa.titche@halpernmay.com; catherine.thompson@halpernmay.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Takuma Nishimura <tnishimura@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>; rfluskey@hodgsonruss.com; Aloma Harris <AiHarris@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Unredacted Filings

Counsel:

We write regarding Moog's motion to enforce, which includes lengthy expert declarations and more than four thousand pages of exhibits compiled into unusable documents that Moog failed to file in compliance with L.R. 5-4.6.1.  Moog's filings raise numerous issues without prior notice and cover subjects over which the parties have not yet met and conferred, and Skyryse has not had the opportunity to investigate.  Skyryse cannot reasonably be expected to complete its investigation and prepare its response in just two weeks as the current schedule would require.

Please confirm by Monday morning that Moog will agree to a 30 day extension, until April 30, 2023, for Skyryse to file its response. To the extent Moog is unwilling to agree to this reasonable extension, Skyryse will raise the issue with the Court *ex parte*.

Best,
Arman


**Arman Zahoory**

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Thursday, March 16, 2023 10:08 PM

**To:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Storey, Kelley (DC) <Kelley.Storey@lw.com>; Solimano, Alexa (Bay Area) <Alexa.Solimano@lw.com>; rachel.fiset <rachel.fiset@zfzlaw.com>; Ben Heller <ben.heller@zfzlaw.com>; scott.tenley@zfzlaw.com; Grant Gelberg <grant.gelberg@halpernmay.com>; Alyssa Titche <alyssa.titche@halpernmay.com>; Catherine Thompson <catherine.thompson@halpernmay.com>
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Takuma Nishimura <tnishimura@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>; rfluskey@hodgsonruss.com; Aloma Harris <AiHarris@sheppardmullin.com>
**Subject:** Moog/Skyryse - Unredacted Filings

Counsel:

Please find below for service a OneDrive link to the unredacted documents filed today in connection with Moog's Motion to Enforce Compliance with the March 11, 2022 Stipulated TRO (Dkt. 25) and for Monetary and Adverse Inference Sanctions for Contempt and Spoliation.

📁 Moog's - Motion 3.16.2023

We were unable to complete filing under seal with the Court Exhibits A-1 to H-1 to the Crozier Declaration and A-P of the Pixley Declaration due technical errors that we were unable to resolve after many attempts. The exhibits are quite large and many contain hyperlinks (which may be the source of the issue). Those sealed exhibits are still being served to counsel of record now, and we intend to resolve the technical errors with the Court tomorrow morning.

You may have already also separately received e-mails providing access to the OneDrive folder. The password to open the materials is the following:

[REDACTED]

Thanks,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

    Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy