1    Rena Andoh (*admitted pro hac vice*)
     randoh@sheppardmullin.com
2    **SHEPPARD, MULLIN, RICHTER**
     **& HAMPTON LLP**
3    30 Rockefeller Plaza
     New York, NY 10112
4    Telephone: (212) 653-8700
     Facsimile: (212) 653-8701
5
   Lai L. Yip (SBN 258029)
6    lyip@sheppardmullin.com
     Four Embarcadero Center, 17th Floor
7    San Francisco, CA 94111
     Telephone: (415) 434-9100
8    Facsimile: (415) 434-3947

9    Travis J. Anderson (SBN 265540)
     tanderson@sheppardmullin.com
10   12275 El Camino Real, Suite 100
     San Diego, CA 92130
11   Telephone: (858) 720-8900
     Facsimile: (858) 509-3691
12
   Kazim A. Naqvi (SBN 300438)
13   knaqvi@sheppardmullin.com
     1901 Avenue of the Stars, Suite 1600
14   Los Angeles, CA 90067
     Telephone: (310) 228-3700
15   Facsimile: (310) 228-3701

16   Robert J. Fluskey (*pro hac vice*
     forthcoming)
17   rfluskey@hodgsonruss.com
     **HODGSON RUSS LLP**
18   140 Pearl Street, Suite 100
     Buffalo, NY 14202
19   Telephone: (716) 856-4000
     Facsimile: (716) 819-4718
20
   Attorneys for Plaintiff and
21   Counterdefendant Moog Inc.

Douglas E. Lumish (SBN 183863)
   doug.lumish@lw.com
Gabriel S. Gross (SBN 254672)
   gabe.gross@lw.com
Arman Zahoory (SBN 306421)
   arman.zahoory@lw.com
Ryan T. Banks (SBN 318171)
   ryan.banks@lw.com
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendant and
Counterclaimant Skyryse, Inc.

Rachel L. Fiset (SBN 240828)
   rachel.Fiset@zfzlaw.com
Scott D. Tenley (SBN 298911)
   scott.Tenley@zfzlaw.com
**ZWEIBACK FISET &**
**ZALDUENDO LLP**
315 W. 9th Street, Suite 1200
Los Angeles, California 90015
Telephone: (213) 266-5170

Attorneys for Defendant ROBERT
ALIN PILKINGTON

Grant B. Gelberg (SBN 229454)
   grant.Gelberg@halpernmay.com
Kevin H. Scott (SBN 274605)
   kevin.Scott@halpernmay.com
Alyssa L. Titche (SBN 313296)
   alyssa.Titche@halpernmay.com
Catherine Thompson (SBN 313391)
   catherine.Thompson@halpernmay.com
**HALPERN MAY YBARRA &**
**GELBERG LLP**
550 South Hope Street, Suite 2330
Los Angeles, California 90071
Telephone: (213) 402-1900

Attorneys for Defendant MISOOK KIM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC., | Case No. 2:22-cv-09094-GW-MAR |
| Plaintiff, | *Hon. George H. Wu* |
| v. | |
| SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS.1-50, | **JOINT RULE 26(f) REPORT** |
| Defendants. | |
| SKYRYSE, INC., | |
| Counterclaimant, | |
| v. | |
| MOOG INC., | |
| Counterdefendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff and Counterdefendant Moog, Inc. ("Moog"), Defendant and Counterclaimant Skyryse, Inc. ("Skyryse"), and Defendants Robert Alin Pilkington ("Pilkington"), and Misook Kim ("Kim," or collectively with Pilkington, the "Individual Defendants") (Skyryse and the Individual Defendants are collectively referred to as "Defendants") (Moog, Skyryse, and the Individual Defendants are collectively referred to as the "Parties") respectfully submit this joint report. The Parties conducted their Rule 26(f) conference on March 24, 2023 regarding the issues addressed herein.  During the telephonic meeting, counsel discussed the matters set forth in Rule 26 and this Court's Civil Local Rules.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     NATURE AND BASIS OF CLAIMS AND DEFENSES

**MOOG'S STATEMENT:**

Plaintiff Moog Inc. filed a Complaint against Defendants seeking damages and injunctive relief based on causes of action for: (1) violation of the Defend Trade Secrets Act; (2) misappropriation of trade secrets; (3) breach of fiduciary duty and duty of loyalty; (4) aiding and abetting breach of fiduciary duty; (5) unfair competition;  (6) conspiracy; (7) breach of contract; (8) tortious interference with prospective economic advantage; (9) unjust enrichment; and (10) imposition of constructive trust.  Moog's claims arise from the Individual Defendants taking approximately 1.4 million files, a large volume of which comprises proprietary and trade secret information, from Moog to use at Skyryse. Moog's claims also arise from Skyryse's strategic plundering of Moog's proprietary and trade secret information and raiding of Moog's software engineer team.

On January 30, 2023 Skyryse filed its answer and counterclaims.  Moog denies Skyryse is entitled to any relief that Skyryse seeks as a matter of law and fact.   On February 21, 2023, Moog filed a motion to dismiss all of Skyryse's Counterclaims (Dkt. 360).  On April 17, 2023, the Court issued a final ruling granting-in-part Moog's motion to dismiss (Dkt. 439).

**SKYRYSE'S STATEMENT:**

On March 7, 2022, Plaintiff Moog filed its complaint for (1) violation of the Defend Trade Secrets Act ("DTSA"), (2) misappropriation of trade secrets, (3) breach of fiduciary duty and duty of loyalty (against Pilkington and Kim), (4) aiding and abetting breach of fiduciary duty (against Pilkington), (5) unfair competition (against Skyryse), (6) conspiracy, (7) breach of contract, (8) tortious interference with prospective economic advantage, (9) unjust enrichment, and (10) imposition of constructive trust in the Western District of New York.

JOINT RULE 26(F) REPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On March 7, 2022, Moog filed a motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"). On March 11, 2022, the parties stipulated to the preliminary relief sought by Moog in its TRO/PI Motion. The parties also stipulated to the parameters for Expedited Discovery.

On May 31, 2022, the Individual Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 131). On April 12, 2023, the Court issued a tentative ruling on Individual Defendants' motion, which tentatively granted the motion as to Moog's claim for tortious interference with prospective economic advantage and unjust enrichment, and denied it as to Moog's conspiracy claim.

On December 15, 2022, the Western District of New York granted the Defendants' motions to transfer the case to the Central District of California.

On January 30, 2023 Skyryse filed its answer and counterclaims. Skyryse denies Moog is entitled to any of the relief Moog seeks. Skyryse's answer includes certain defenses, and Skyryse asserts counterclaims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of implied contract, (4) trade secret misappropriation pursuant to the DTSA, (5) fraud, (6) tortious interference with contractual relationship, (7) intentional interference with existing business relationships, (8) intentional interference with prospective business advantage, and (9) unfair business practices, including in violation of California Business or Professions Code § 17200 et seq.  On February 21, 2023, Moog filed a motion to dismiss all of Skyryse's Counterclaims (Dkt. 360).  On April 12, 2023, the Court issued a tentative ruling denying Moog's motion as to Skyryse's cause of action for trade secret misappropriation, and portions of Skyryse's fraud, unfair competition, implied covenant, and breach of contract claims, while granting the motion with leave to amend as to the remaining causes of action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KIM'S STATEMENT:**

Moog's Complaint brings five causes of action against Ms. Kim: (1) violation of the Defend Trade Secrets Act; (2) misappropriation of trade secrets; (3) breach of fiduciary duty and duty of loyalty; (6) conspiracy; (8) tortious interference with prospective economic advantage; and (10) imposition of constructive trust.  Ms. Kim and Mr. Pilkington currently have a pending Motion to Dismiss before the Court and have yet to Answer Moog's Complaint.  These claims purportedly arise out of the alleged theft of information from Moog.

On April 13, 2023, the Court disclosed a tentative order dismissing with leave to amend Moog's claims for tortious interference with prospective economic advantage and unjust leave to amend.   Ms. Kim will answer or otherwise respond to Moog's amended complaint and assert all applicable affirmative defenses at the appropriate time.

**PILKINGTON'S STATEMENT:**

Plaintiff Moog has filed a complaint alleging the following causes of action against Mr. Pilkington: (1) violation of the Defend Trade Secrets Act; (2) misappropriation of trade secrets; (3) breach of fiduciary duty and duty of loyalty; (4) aiding and abetting breach of fiduciary duty; (5) conspiracy; (6) breach of contract; (7) tortious interference with prospective economic advantage; (8) unjust enrichment; and (9) imposition of constructive trust.  These claims purportedly arise out of the alleged theft of information from Moog.

On April 13, 2023, the Court disclosed a tentative order dismissing with leave to amend Moog's claims for tortious interference with prospective economic advantage and unjust leave to amend.  Mr. Pilkington will answer or otherwise respond to Moog's amended complaint and assert all applicable affirmative defenses at the appropriate time.

## II.   DISCOVERY PLAN

### A.   Initial Disclosures

The Parties do not believe any changes need to be made in the form or requirement for disclosures required under Rule 26(a).  The Parties stipulated to serve initial disclosures on April 27, 2023.

### B.   Subjects On Which Discovery May Be Needed

**MOOG'S POSITION:**

Moog intends to seek discovery regarding at least the following:

1) the nature and extent of Defendants' misappropriation of Moog's trade secrets and theft, possession, and taking or use of Moog's non-public information;

2) Defendants' violations of the Court's Temporary Restraining Order (Dkt. 25) restraining ongoing taking and use of Moog's non-public information;

3) the nature and extent of Skyryse's unfair competition;

4) the nature and extent of Defendants' conspiracy to misappropriate Moog's trade secrets, including the involvement of non-parties in Defendants' conspiracy;

5) the nature and extent of Pilkington's aiding and abetting Kim's breach of fiduciary duty, and vice versa;

6) the nature and extent of Skyryse's breaches of its 2018 and 2019 Non-Disclosure Agreements with Moog;

7) the nature and extent of the Individual Defendants' breach of Moog's Employee Handbook policies and Exit Forms and other confidentiality and security rules and restrictions;

8) the nature and extent of Defendants' interference with Moog's reasonable expectation of entering into valid business relationships;

9)   the nature and extent of Defendants' unjust enrichment of benefits based on Moog's efforts and investments and to the detriment of Moog;

10)  any other facts supporting each of the counts of Moog's Complaint;

11)  damages, both monetary and non-monetary, attributable to Defendants' misconduct;

12)  third-party discovery showing the nature and extent of Defendants' misconduct, including subpoenas directed to former Moog employees and current and former Skyryse employees;

13)  facts tending to support Moog's defenses to Skyryse's Counterclaims;

14)  facts tending to undermine Skyryse's Counterclaims and claims for relief;

15)  facts related to Skyryse's development, testing, and certification of its flight control software;

16)  Skyryse's solicitation and hiring of former Moog personnel;

17)  documents and communications between Skyryse and Hummingbird Aero, LLC;

18)  party and third-party depositions; and

19)  expert depositions.

Moog reserves its right to conduct discovery on additional topics as necessary.

**SKYRYSE'S POSITION:**

Skyryse's position is that each party may seek discovery related to any claim or defense asserted or raised by the pleadings, including relevant expert and third-party discovery. Specifically, Skyryse intends to seek discovery regarding at least the following:

1)     Moog's breach of contractual obligations owed to Skyryse, including its breaches of duties of confidentiality;

2)     Moog's misappropriation of Skyryse's trade secret technologies and business information and misuse of Skyryse's confidential information;

3)     Moog's fraud, deceit, and bad faith over the course of its dealings with Skyryse;

4)     Moog's interference with Skyryse's contractual relationship with Robinson Helicopter and interference with business relationships with companies including Robinson Helicopter;

5)     Moog's unfair business practices, including interfering with Skyryse's lawful hiring of California-based employees, engaging in deceptive trade practices, and interference with Skyryse's business relationships;

6)     Moog's alleged trade secrets and allegedly confidential information;

7)     The extent to which Moog's alleged trade secrets and allegedly confidential information, in whole or in part, are publicly available, generally known, readily ascertainable, and have been disclosed to others;

8)     The extent to which Moog's alleged trade secrets and allegedly confidential information do not derive independent value from their purported secrecy;

9)     The extent to which Moog's alleged trade secrets and allegedly confidential information were not the subject of reasonable measures to maintain their purported secrecy;

10)     The development and certification of various technologies by Moog, including automated flight technologies and related technologies developed by Moog;

11) The development of various technologies by Skyryse, including automated flight technologies and related technologies developed by Skyryse;

12) Skyryse's relationship with Moog, including, but not limited to, the negotiation of the parties' non-disclosure agreements, statements of work, purchase order, and other express and implied contracts entered into between the parties;

13) The damages suffered by Skyryse as a result of Moog's unlawful conduct;

14) The unjust enrichment enjoyed by Moog as a result of its unlawful conduct;

15) The continuing and irreparable harm caused to Skyryse by Moog's conduct;

16) Party and third-party depositions; and

17) Expert depositions.

Skyryse reserves its right to conduct discovery on additional topics as necessary.

**KIM'S POSITION:**

Ms. Kim intends to seek discovery regarding at least the following topics:

1) the nature of Moog's "trade secret" information allegedly misappropriated by Ms. Kim;

2) the nature of Moog's confidential information allegedly misappropriated by Ms. Kim;

3) the nature of Moog's proprietary information allegedly misappropriated by Ms. Kim;

4) facts tending to support Ms. Kim's affirmative defenses raised in an Answer to Moog's Complaint, if and when, Ms. Kim files an Answer;

5) facts surrounding Moog's claim that Ms. Kim violated the Defend Trade Secrets Act, including any facts refuting such remedy;

6) facts surrounding Moog's claim that Ms. Kim allegedly misappropriated trade secrets, including any facts refuting such remedy;

7) facts surrounding Moog's policies, procedures, and training regarding Moog's alleged trade secrets and purported confidential information;

8) facts surrounding Moog's claim that Ms. Kim allegedly breached her fiduciary duty and duty of loyalty to Moog, including any facts refuting such remedy;

9) facts surrounding Moog's claim that Ms. Kim participated in the conspiracy described in Moog's Complaint, including any facts refuting such remedy;

10) facts surrounding Moog's claim that Ms. Kim allegedly tortiously interfered with Moog's prospective economic advantage, including any facts refuting such remedy;

11) facts surrounding Moog's request for the imposition of a constructive trust, including any facts refuting such remedy;

12) facts surrounding the cooperation of Moog and its agents with the Department of Justice, Federal Bureau of Investigation, and U.S. Attorney's Office for the Central District of California

13) party and third-party depositions; and

14) expert depositions.

Ms. Kim reserves her right to conduct discovery on additional topics as required.

**PILKINGTON'S POSITION:**

Mr. Pilkington's position is that each party may seek discovery related to any claim or defense asserted or raised by the pleadings, including relevant expert

-10-

and third-party discovery.  Mr. Pilkington intends to seek discovery on at least the following topics :

1) the nature of the information allegedly misappropriated by Mr. Pilkington that Moog contends is a "trade secret";

2) the nature of Moog's confidential information allegedly misappropriated by Mr. Pilkington;

3) the nature of Moog's proprietary information allegedly misappropriated by Mr. Pilkington;

4) facts tending to support affirmative defenses identified in Mr. Pilkington's answer, when and to the extent such answer is filed;

5) facts surrounding Moog's claim that Mr. Pilkington violated the Defend Trade Secrets Act, including any facts refuting such claim;

6) facts surrounding Moog's claim that Mr. Pilkington allegedly misappropriated trade secrets, including any facts refuting such claim;

7) facts surrounding Moog's claim that Mr. Pilkington allegedly breached her fiduciary duty and duty of loyalty to Moog, including any facts refuting such claim;

8) facts surrounding Moog's claim that Mr. Pilkington allegedly aided and abetted a breach of a fiduciary duty, including any facts refuting such claim;

9) facts surrounding Moog's claim that Mr. Pilkington participated in the conspiracy described in Moog's Complaint, including any facts refuting such claim;

10) facts surrounding Moog's claim that Mr. Pilkington allegedly tortiously interfered with Moog's prospective economic advantage, including any facts refuting such claim;

11)   facts surrounding Moog's request for the imposition of a constructive trust, including any facts refuting such remedy;

12)   facts surrounding the cooperation of Moog and its agents with the Department of Justice, Federal Bureau of Investigation, and U.S. Attorney's Office for the Central District of California

13)   party and third-party depositions; and

14)   expert depositions.

Mr. Pilkington reserves his right to conduct discovery on additional topics as required.

### C.   Electronically Stored Information

**MOOG'S POSITION:**

Moog and Skyryse currently have disputes regarding the form and content of an ESI Protocol to govern the production of documents and data in the case. The Parties are continuing to meet and confer but, if no resolution is reached in short order, Moog anticipates commencing a discovery conference under Magistrate Judge Rocconi's discovery procedures.

**SKYRYSE'S POSITION:**

The parties have taken steps to preserve relevant discovery, including electronically stored information ("ESI"). The parties have also been conferring regarding a protocol for the collection and production of ESI and disagree as to the specific types of ESI that should be produced in their native format. The parties may require Court intervention to the extent they cannot resolve their disputes over the collection and production of ESI.

**KIM'S POSITION:**

Moog and Ms. Kim do not currently have any disputes regarding the form and content of an ESI Protocol to govern the production of documents and data in

-12-

this case.  Should any disagreements arise, Ms. Kim will participate in a discovery conference with Moog under Magistrate Judge Rocconi's discovery procedures.

**PILKINGTON'S POSITION:**

Moog and Mr. Pilkington do not currently have any disputes regarding the form and content of an ESI Protocol to govern the production of documents and data in this case.  Should any disagreements arise, Mr. Pilkington will participate in a discovery conference with Moog under Magistrate Judge Rocconi's discovery procedures.

### D. Privilege and Protection of Trial-Preparation Materials
**MOOG'S POSITION:**

Moog does not foresee any remaining issues regarding privilege or the protection of trial-preparation materials based on the Protective Order already entered into this case (Dkt. 89).

**SKYRYSE'S POSITION:**

Skyryse also does not foresee any remaining issues regarding privilege or the protection of trial-preparation materials based on the Protective Order already entered into this case (Dkt. 89).

**KIM'S POSITION:**

Ms. Kim asserted and continues to assert her Fifth Amendment privileges in this case as well as the parallel federal criminal investigation.  Ms. Kim and Moog currently have ongoing discovery disputes regarding the production of documents and Moog's access to devices in the possession and control of discovery vendor iDiscovery Solutions ("iDS") over which Ms. Kim continues to assert her Fifth Amendment privilege.  Consistent with her rights under the U.S. Constitution and applicable laws, Ms. Kim will continue to assert her Fifth Amendment privilege whenever it applies.  Accordingly, Ms. Kim foresees the invocation of her Fifth Amendment privileges to be an ongoing source of contention if the criminal

investigation continues to run concurrent with and overlapping to this matter.  The Protective Order entered in this case does not sufficiently protect Ms. Kim's interests or constitutional rights.

**PILKINGTON'S POSITION:**

Mr. Pilkington has asserted and will continue to assert his Fifth Amendment privilege in this case and the parallel federal criminal investigation to the fullest extent permitted by the U.S. Constitution and applicable law.  Presently, Mr. Pilkington and Moog are engaged in a discovery disputes regarding Moog's access to devices in the possession and control of discovery vendor iDiscovery Solutions ("iDS") over which Mr. Pilkington has asserted his Fifth Amendment privilege. Mr. Pilkington anticipates further disputes will arise between the parties regarding whether and to what extent Mr. Pilkington may assert his Fifth Amendment privilege.  The Protective Order entered in this case does not sufficiently protect Mr. Pilkington's interests or constitutional rights.  Accordingly, Mr. Pilkington will continue to assert his Fifth Amendment privilege whenever it applies.

### E.    Discovery Procedure and Limitations
**MOOG'S POSITION:**

Moog proposes the below limitations or modifications on discovery imposed under the Federal Rules.  Moog's proposal endeavors to provide Moog and Defendants with relatively even discovery obligations in aggregate, recognizing that Defendants will have largely overlapping, but occasionally independent, discovery needs.

**Interrogatories.** Moog may serve 25 collective interrogatories on Defendants.  Skyryse may serve 25 interrogatories on Moog.  Kim may serve 10 interrogatories on Moog.  Pilkington may serve 10 interrogatories on Moog.

**Requests for Production.**  Moog may serve 100 collective requests for production on Defendants.  Skyryse may serve 100 requests for production on

Moog.  Kim may serve 20 requests for production on Moog.  Pilkington may serve 20 requests for production on Moog.

**Requests for Admission.**  Moog believes the default of no limit on the number of Requests for Admission under the Federal Rules of Civil Procedure should be used in this case.  The present case can be dramatically streamlined at trial by the use of requests for admission, which can be used to, among other things, establish the authenticity of Moog documents in possession by Defendants.

**Depositions.**  Moog may take 100 deposition hours for all party and non-party fact witnesses.  Skyryse may take 100 deposition hours for all party and non-party fact witnesses.  Kim may take 25 deposition hours for all party and non-party fact witnesses.  Pilkington may take 25 deposition hours for all party and non-party fact witnesses.

Moog objects to the Defendants' discovery limits proposed below, which would allow for Defendants to collectively serve approximately double the discovery than Moog can.  Specifically, Defendants propose serving: 90 vs 40 interrogatories, 160 vs 100 requests for production, 100 vs. 50 requests for admission, and 200 vs 100 deposition hours.  Defendants' defenses are largely overlapping.  As this Court noted during the recent hearing on April 13, 2023, Skyryse's counsel is handling a large volume of work in this case to the benefit of the Individual Defendants. It would be unduly burdensome for Defendants to take more than double the discovery Moog is able to take.

**SKYRYSE'S POSITION:**

Skyryse proposes the below limitations or modifications on discovery imposed under the Federal Rules. Skyryse's proposal recognizes and accommodates that both Moog and Skyryse have a series of complex claims against one another and that each defendant, including individual defendants Ms. Kim and Mr. Pilkington, should be afforded sufficient opportunity to take separate discovery,

while certain limits are needed to avoid the potential for excessive discovery and abuse. Further, Skyryse's proposed limits are separate from and in addition to the limits on any discovery already agreed to by the parties. In addition, Moog's claim that "Skyryse's counsel is handling a large volume of work in this case to the benefit of Individual Defendants," is false and mischaracterizes the Court's statements at the April 13 hearing.

**Interrogatories.** Moog may serve 40 interrogatories on Defendants collectively. Skyryse may serve 40 interrogatories on Moog. Pilkington may serve 25 interrogatories on Moog. Kim may serve 25 interrogatories on Moog.

**Requests for Production.** Moog may serve 100 collective requests for production on Defendants. Skyryse may serve 100 requests for production on Moog. Pilkington may serve 30 requests for production on Moog. Kim may serve 30 requests for production on Moog.

**Requests for Admission.** There are no restrictions on the number of requests for admission the parties serve for purposes of evidence authentication. As to factual topics, Moog may serve 50 requests for admission on Defendants collectively. Skyryse may serve 50 requests for admission on Moog. Pilkington may serve 25 requests for admission on Moog. Kim may serve 25 requests for admission on Moog.

**Depositions.** Moog may take 100 hours of depositions for all party and non-party fact witnesses. Skyryse may take 100 hours of depositions for all party and non-party fact witnesses. Pilkington may take 50 hours of depositions for all party and non-party fact witnesses. Kim may take 50 hours of depositions for all party and non-party fact witnesses.

**INDIVIDUAL DEFENDANTS' POSITION:**

Individual Defendants propose the below limitations or modifications on discovery imposed under the Federal Rules. This proposal recognizes and

accommodates that both Moog and Skyryse have a series of complex claims against one another and that each defendant, including individual defendants Ms. Kim and Mr. Pilkington, should be afforded sufficient opportunity to take separate discovery, while certain limits are needed to avoid the potential for excessive discovery and abuse.   Individual Defendants object to Moog's characterization of the Court's comments at page 17, lines 18-20, as inaccurate and irrelevant.   Skyryse's counsel is not seeking discovery on Individual Defendants' behalf.   Although some discovery sought by Skyryse may be relevant to Individual Defendants, Individual Defendants are named in claims that Skyryse is not and will likely assert independent and unique defenses that Skyryse may not raise.   Further, these proposed limits are separate from and in addition to the limits on any discovery already agreed to by the parties.

**Interrogatories.** Moog may serve 40 interrogatories on Defendants collectively.  Skyryse may serve 40 interrogatories on Moog.  Pilkington may serve 25 interrogatories on Moog.  Kim may serve 25 interrogatories on Moog.

**Requests for Production.**  Moog may serve 100 collective requests for production on Defendants.  Skyryse may serve 100 requests for production on Moog.  Pilkington may serve 30 requests for production on Moog.  Kim may serve 30 requests for production on Moog.

**Requests for Admission.**  There are no restrictions on the number of requests for admission the parties serve for purposes of evidence authentication. As to factual topics, Moog may serve 50 requests for admission on Defendants collectively.  Skyryse may serve 50 requests for admission on Moog.  Pilkington may serve 25 requests for admission on Moog.  Kim may serve 25 requests for admission on Moog.

**Depositions.**  Moog may take 100 hours of depositions for all party and non-party fact witnesses.  Skyryse may take 100 hours of depositions for all party and

non-party fact witnesses.  Pilkington may take 50 hours of depositions for all party and non-party fact witnesses.  Kim may take 50 hours of depositions for all party and non-party fact witnesses.

### F.     Complex Case

The parties agree that none of the procedures of the Manual For Complex Litigation should be utilized.

### G.     Proposed Case, Motion, Expert, and Trial Schedule

**THE PARTIES' POSITIONS:**

The parties propose the Court adopt the following case schedule:

| Event | Moog's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Deadline for amended pleadings or joinder of parties | October 6, 2023 | August 15, 2023 |
| Close of fact discovery | January 31, 2024 | December 1, 2023 |
| Expert disclosure deadline | Disclosure of experts will occur when reports are served, according to the below deadlines. | Disclosure of experts will occur when reports are served, according to the below deadlines. |
| Deadline to serve opening expert reports (on issues for which a party bears the burden) | February 8, 2024 | January 15, 2024 |
| Deadline to serve rebuttal expert reports (on issues for which a | March 21, 2024 | February 26, 2024 |

| party does not bear the burden) | | |
| --- | --- | --- |
| Close of expert discovery | April 30, 2024 | March 15, 2024 |
| Dispositive motion deadline | May 31, 2024 | May 15, 2024 |
| Oppositions to dispositive motions | June 21, 2024 | June 5, 2024 |
| Replies to dispositive motions | July 8, 2024 | June 19, 2024 |
| Hearing on dispositive motions | July 22, 2024 or at the discretion and convenience of the court | July 1, 2024 or at the discretion and convenience of the court |
| Deadline to submit motions in limine which will be heard at pre-trial conference | September 20, 2024 | October 24, 2024 |
| Pre-trial Conference | Early October 2024 | December 2024 |
| Trial | Late October-November 2024 or at the discretion and convenience of the Court (estimated 4 week trial) | January 2025 or at the discretion and convenience of the Court (estimated 3 week trial) |

Moog also plans to file a Supplemental Motion for a Preliminary Injunction in July or August 2023, with a hearing scheduled in October 2023, depending on the adjudication of Moog's separate and pending Motions to Enforce and for Sanctions

-19-

against Skyryse (Dkt. 400) and the Individual Defendants (Dkt. 432),and any compliance required afterward.

### H.    Alternative Dispute Resolution

**MOOG'S POSITION:**

Moog believes ADR Procedure No. 3, private mediation, would be the most beneficial for the parties.  Moog believes mediation may be most productive after the filing of Moog's Supplemental Motion for a Preliminary Injunction.  Moog is open to considering ADR Procedure No. 2 (appointed neutral from Mediation Manel) prior to engaging in private mediation.

**SKYRYSE AND INDIVIDUAL DEFENDANTS' POSITION:**

Skyryse and the Individual Defendants believe ADR Procedure No. 1, a conference before the District Judge or Magistrate Judge, is the best procedure at the current junction, but will remain open to other ADR options that may become more suitable at later stages of the case.

### I.    Additional Parties

**MOOG'S POSITION:**

Moog is continuing to evaluate whether additional parties need to be added to this case, including, but not limited to, Hummingbird Aero LLC.

**SKYRYSE'S POSITION:**

Skyryse is continuing to evaluate whether additional parties will be added, including in connection with the adjudication of Skyryse's counterclaims.

**INDIVIDUAL DEFENDANTS' POSITION:**

Individual Defendants do not currently intend to add additional parties to the case.

Dated: April 17, 2023

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: */s/ Kazim A. Naqvi*
Counsel for Plaintiff and
Counterdefendant Moog Inc.

**LATHAM & WATKINS LLP**

By: */s/ Gabriel S. Gross*
Counsel for Defendant and
Counterclaimant Skyryse, Inc.

**ZWEIBACK FISET & ZALDUENDO LLP**

By: */s/ Scott D. Tenley*
     Scott D. Tenley
     Counsel for Defendant Robert Alin
     Pilkington

**HALPERN MAY YBARRA & GELBERG LLP**

By: */s/ Grant B. Gelberg*
     Grant B. Gelberg
Counsel for Defendant Misook Kim

-21-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT RULE 26(F) REPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4, I, Kazim A. Naqvi, attest that

concurrence in the filing of this document has been obtained by all its signatories.


Dated: April 17, 2023                          **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: */s/ Kazim A. Naqvi*
Counsel for Plaintiff and
Counterdefendant Moog Inc.

-23-