Rachel L. Fiset (Cal. Bar No. 240828)
Scott D. Tenley (Cal. Bar No. 298911)
Ben Heller (Cal. Bar No. 320277)
**ZWEIBACK, FISET & ZALDUENDO, LLP**
315 W. 9th Street, Suite 1200
Los Angeles, California 90015
Telephone: (213) 266-5170
rachel.fiset@zfzlaw.com
scott.tenley@zfzlaw.com
ben.heller@zfzlaw.com

Attorneys for Defendant
ROBERT ALIN PILKINGTON

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG, INC., <br><br> Plaintiff, <br><br> v. <br><br> SKYRYSE, INC., et al, <br><br> Defendants. | No. 2:22-cv-09094-GW-MAR <br><br> **DECLARATION OF SCOTT D. TENLEY IN SUPPORT OF JOINT OPPOSITION TO MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S ORDERS, AND FOR MONETARY SANCTIONS FOR CONTEMPT** |

DECLARATION OF SCOTT D. TENLEY

# DECLARATION OF SCOTT D. TENLEY

I, Scott D. Tenley, hereby declare:

1. I am a partner of the law firm Zweiback, Fiset & Zalduendo LLP, counsel for Defendant Robert Alin Pilkington in this action. I have sufficient personal knowledge of the facts set forth herein that if called as a witness I could and would testify competently to those facts under oath. I submit this declaration in support of Individual Defendant's Joint Opposition to Plaintiff Moog, Inc.'s Motion to Enforce Compliance With the Court's Orders, and For Monetary Sanctions for Contempt.

2. On March 7, 2023, I received via email a letter from FBI Supervisory Special Agent Jonathan Dean with the subject line "RE: Request for Preservation of Records (Robert Alin Pilkington)" directed to counsel for Mr. Pilkington. In the letter, the FBI requested, among other things, that counsel "confirm possession" of certain digital devices.

3. Attached hereto as Exhibit A is a true and correct copy of a letter written in response to Special Agent Dean's March 7, 2023 letter.

4. On March 10, 2023, I conferred by telephone with AUSA Mark Takla regarding Individual Defendants' assertion of a Fifth Amendment privilege over certain information sought by the federal grand jury subpoena to iDiscovery Solutions. While AUSA Takla did not confirm or deny the existence of a grand jury subpoena, AUSA Takla requested authority for the proposition that information communicated to a third party can be protected from disclosure by a party's Fifth Amendment privilege. On March 17, 2023, I sent a joint letter to AUSA Takla providing the requested authority. On April 3, 2023, I provided additional pertinent information to AUSA Takla. As of the date of this declaration, the USAO has not responded to Individual Defendants' assertion of privilege nor moved to compel the production of information withheld from production by iDS on the basis of Individual Defendants' Fifth Amendment privilege.

5. I participated in a meet and confer on March 21, 2023 to discuss a discovery dispute raised by Moog, namely, the production of certain communications from five digital devices for the period March 3, 2019 to December 31, 2020. During the conference,

my partner, Rachel Fiset, informed Moog that Individual Defendants intended to assert their Fifth Amendment privilege over the document production. I never understood the conference to pertain to a motion for contempt, nor do I recall any participant in the call using the word "contempt." While Moog disclosed its intent to seek sanctions as general matter, we did not discuss the legal basis for, or defenses to, a civil contempt proceeding. Moog did not argue that the documents at issue were required to be produced under the TRO. Moog also did not argue that the documents at issue were required to be produced under the Inspection Protocol.

6. Attached hereto as Exhibit B is a true and correct copy of an email I received from Valerie Velasco, Magistrate Judge Courtroom Deputy, dated March 28, 2023. To my knowledge, since this email message, Judge Rocconi has not convened an informal discovery conference in this matter or ruled on any pending discovery disputes, including the dispute identified in Skyryse's March 27, 2023 email message that prompted Ms. Velasco's email.

7. Attached hereto as Exhibit C is a true, correct, and partially redacted copy of email correspondence between counsel for Moog and counsel for Individual Defendants.

8. In late March 2023 through early April 2023, iDS made the unilateral decision to temporary stop processing new digital devices provided to it by the parties. During that period, Moog provided images of two digital devices to iDS for processing and eventual review by Defendants.

9. In that same period, iDS continued to facilitate the parties' review of digital devices that had already been proceeds. For instance, on March 29, 2023, Skyryse delivered instructions to authorize a new reviewer. On March 30, 2023, iDS confirmed an inspection for that same day and the following day. On April 4, 2023, iDS confirmed an inspection for the following day.

10. On March 30, 2023, iDS provided to Individual Defendants, for the first time, a complete Supplemental Statement of Work with all necessary exhibits. Thereafter, Individual Defendants' counsel negotiated the terms of the agreement with counsel to iDS.

1  The final Supplemental Statement of Work was executed by the parties on April 7, 2023,
2  a period of eight days from receipt to execution.
3      I declare under penalty of perjury under the laws of the United States that the
4  foregoing is true and correct.
5      Executed at Irvine, California, on April 19, 2023.

/s/ *Scott D. Tenley*
SCOTT D. TENLEY

# Exhibit A



# Zweiback Fiset & Zalduendo LLP

March 9, 2023

**VIA EMAIL**

Special Agent Maetha Jacobe
Federal Bureau of Investigation
11000 Wilshire Boulevard, Suite 1700
Los Angeles, California 90024
Email: mjacobe@FBI.gov

Re: *Request for Preservation of Records (Robert Alin Pilkington)*

Dear Special Agent Jacobe,

We are counsel to Robert Alin Pilkington and write in response to Supervisory Special Agent Jonathan Dean's March 7, 2023 letter regarding certain digital devices and digital media.

We are not aware of any legal basis for the government to request or require a citizen and/or his counsel to "preserve and confirm possession" of evidence of any kind, including digital devices and digital media, nor does your letter identify such authority. Likewise, we are not aware of any legal basis for the government to demand or require that such a request be maintained under confidence. Without legal basis, SSA Dean's request, however formal it may be, is invalid and does not create any legal, preservation, or confidentiality obligation on Mr. Pilkington or his counsel beyond those obligations that exist under federal law, as a result of pending civil litigation, or pursuant to counsel's ethical obligations.

This letter does not confirm the existence, possession, or authenticity of any digital device identified in SSA Dean's preservation letter or the accuracy of any information contained therein.

All rights are expressly reserved.

Sincerely,

Scott D. Tenley

cc: Rachel Fiset, Esq.
    Michael Zweiback, Esq.

315 W. 9th Street, Suite 1200, Los Angeles, CA 90015 ▪ 213.266.5170 ▪ zfzlaw.com

# Exhibit B

| | |
|---|---|
| From: | Valerie Velasco |
| To: | Kelley.Storey@lw.com |
| Cc: | RAndoh@sheppardmullin.com; TAnderson@sheppardmullin.com; LYip@sheppardmullin.com; KNaqvi@sheppardmullin.com; RFluskey@hodgsonruss.com; Rachel Fiset; Scott Tenley; Ben Heller; catherine.thompson@halpernmay.com; grant.gelberg@halpernmay.com |
| Subject: | FW: Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR |
| Date: | Tuesday, March 28, 2023 4:07:13 PM |
| Attachments: | image002.png |

iRONSCALES couldn't recognize this email as this is the first time you received an email from this sender valerie_velasco@cacd.uscourts.gov

Good afternoon,

Per the Court:

After a thorough review of the docket, it appears that the Court cannot rule on the outstanding Motions to Compel, Dkts. 176 and 179, until Plaintiff Moog Inc. has complied with the transferor court's order to identify trade secrets, Dkt. 205. The parties appear to dispute whether Plaintiff has complied with this order, and the Court is unable to determine whether Plaintiff has complied based on the limited information before it.

Therefore, if Defendants still contend Plaintiff has failed to comply with the prior court's order, Defendants may file an appropriate Motion without a telephonic conference, but only after both parties have replied to this email acknowledging they have read and understood the following:

Though a pre-motion telephonic conference is not required, parties must still comply with all the requirements of Local Rule 37 and Fed. R. of Civ. P. 37 in filing their motion. The parties are encouraged to promptly agree to some type of resolution of the dispute before filing motions. Note that, going forward, if any dispute between the parties proceeds to motion practice, the Court will be required to consider the application of the fee-shifting provisions of Federal Rule of Civil Procedure 37(a)(5). That rule generally requires the Court to assess fees

against a losing party in a discovery motion unless that side's conduct was substantially justified or circumstances would make a fee-shift unjust. The fees can be imposed against the losing party's attorney, the party itself, or both. Also, moving forward, all hearings will be in-person; requests for zoom or telephonic appearances must be made at least five days in advance of the hearing, and will only be granted upon a showing of good cause.

If the parties have since reached an agreement that the court's prior order has been complied with, both parties must confirm this agreement in an email; the Court will then respond with next steps on how to proceed with the pending Motions to Compel.

Please confirm receipt of this email. Thank you.



**VALERIE VELASCO**
MAGISTRATE JUDGE COURTROOM DEPUTY
UNITED STATES DISTRICT COURT
CALIFORNIA CENTRAL DISTRICT COURT
255 East Temple Street
Los Angeles, CA 90012
Office: (213) 894-3589
Email: valerie_velasco@cacd.uscourts.gov

---

**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Monday, March 27, 2023 3:08 PM
**To:** Erica Bustos <erica_bustos@cacd.uscourts.gov>
**Cc:** RAndoh@sheppardmullin.com; TAnderson@sheppardmullin.com; LYip@sheppardmullin.com; KNaqvi@sheppardmullin.com; RFluskey@hodgsonruss.com; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; Ben.Heller@zfzlaw.com; catherine.thompson@halpernmay.com; grant.gelberg@halpernmay.com
**Subject:** Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR

**CAUTION - EXTERNAL:**

Dear Ms. Bustos,

We represent Defendant and Counterclaimant Skyryse, Inc. in the above-captioned matter and write pursuant to Judge Rocconi's discovery procedures to seek a telephone conference with the Court to discuss the below discovery issues for which the parties are at an impasse. As described in Skyryse's March 8th email to the Court, Skyryse contends that "all discovery demands and motions except those related to Skyryse's interrogatory 1" are, by order, deferred until Moog sufficiently identifies its trade secrets but in compliance with Judge Rocconi's rules we are submitting the four disputes below for a telephone conference with the Court.

The parties have agreed upon the following three proposed times for a telephone conference: April 5 from 11 am-3 pm, April 6 from 9-11 am and after 1:30 pm, and April 7 from 10 am-12 pm.

The issues Skyryse intends to discuss during the conference are:

1. **Whether the Court should grant Skyryse's motion to compel at Dkt. No. 179 regarding Requests for Production Nos. 5, 11, and 15.** The parties are at impasse: Skyryse contends that Moog has failed to produce documents responsive to these requests. Moog claims that it has already produced documents responsive to these requests and/or that producing documents would be overly burdensome.

2. **Whether the Court should order Moog to comply with the Transferor Court's source code order.** (Nov. 10, 2022 Hrg. Tr. at 64:16-65:21, adopting the Source Code Order on file at Dkt. No. 284-6). The parties are at impasse: Skyryse contends that Moog is in ongoing violation of this order and should be ordered to make its source code available for inspection following the protocol adopted by the Court. Moog contends that the Source Code Order (Dkt. No. 284-6) does not apply to it because all relevant source code is contained on the Individual Defendants' Moog devices produced to third-party neutral iDS.

3. **Whether the Court should compel Moog to produce documents responsive to Skyryse's Request for Production No. 9, which requests "[a]ll Communications and Documents relating to any investigation undertaken into any allegedly misappropriated Trade Secrets."** The parties are at impasse: Skyryse contends that Moog should have produced all communications with the FBI or U.S. Attorney's Office related to this case, and that Moog has withheld these responsive communications. Moog disagrees and asserts that any additional communications or productions between Moog and the FBI, other than what has been produced to date, are not responsive to Skyryse's RFP No. 9, despite previously confirming

that it would produce all communications between Moog and the FBI.

4. **Whether Moog has improperly designated certain discovery documents as confidential under the stipulated protective order to keep them out of the public record.** The parties are at impasse: Skyryse asserts that Moog has maintained many improper confidentiality designations over materials that do not qualify for confidential treatment under the stipulated protective order (Dkt. No. 89, addendum at 96-2) and do not merit being kept out of the public record in court filings. Moog asserts that its confidentiality designations are appropriate.

Best,

Kelley


**Kelley Storey**

Pronouns: she/her/hers


**LATHAM & WATKINS** LLP

555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304

D: +1.202.637.2317

_____


This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit C

**Scott Tenley**

| | |
|---|---|
| From: | Kazim Naqvi <KNaqvi@sheppardmullin.com> |
| Sent: | Wednesday, April 5, 2023 3:04 PM |
| To: | Scott Tenley; grant.gelberg@halpernmay.com; Rachel Fiset; Ben Heller; Alyssa Titche |
| Cc: | Rena Andoh; Travis Anderson; Lai Yip; Michael Heins; Tyler Baker |
| Subject: | RE: Moog/Skyryse - Delivery of USB Device |
| Attachments: | RE: Moog/Skyryse - Meet and Confer; FW: Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR |

Scott:

Your e-mail contains many misrepresentations, as confirmed by the e-mail correspondence between the Parties.

During the March 21 telephonic meet and confer pursuant to L.R. 7-3, Ms. Fiset (who was the only lawyer who spoke on behalf of the Individual Defendants) advised for the first time that the Individual Defendants would not produce Court-ordered communications from iDS Device Nos. E0003, E0004, E0014, E0021, E0022 from March 7, 2019 to December 31, 2020, based on potential Fifth Amendment concerns. I expressly advised Ms. Fiset, and all other participants on the call, that the Court had already ruled on, and rejected, the Individual Defendants' Fifth Amendment assertion over the iDS electronic devices in multiple court orders. I even walked through the reasoning of the Court's prior orders, including that the Fifth Amendment did not apply to the iDS electronic devices and, even if it did, it had been waived. I advised Ms. Fiset that the "Individual Defendants are in contempt of multiple Court orders" and that Moog would move to enforce such Court orders and potentially seek sanctions. I expressly used the word "contempt" and identified certain of the Court orders that were being violated.

Indeed, this is all confirmed by my March 21 e-mail immediately after our meet and confer (attached). Therein, I specifically identified certain of the orders that the Individual Defendants are flagrantly and intentionally violating, including multiple non-discovery orders (Dkts. 253, 272). I then expressly advised what Moog intended to do: "After waiting more than five months for these communications to be produced, we are now forced to move the Court to enforce such orders and reserve the right to seek monetary and other sanctions." That is consistent with the exact relief that Moog seeks in connection with its Motion to Enforce—it has asked the Court to enforce multiple Court orders and to award monetary sanctions. This clearly meets the requirements of L.R. 7-3 which requires a conferral regarding the "substance of the contemplated motion." The Individual Defendants were placed on notice about the exact relief Moog would seek more than two weeks ago. Notably, the Individual Defendants never responded to my March 21 e-mail or attempted to advance a contrary position.

As you note, my e-mail below sent on March 29, consistent with the March 21 meet and confer and my March 21 e-mail, expressly states that Moog would be filing a "Motion for Contempt." It is telling that the Individual Defendants did not respond to my March 29 e-mail, or attempt to point out any purported lack of meet and confer, until after Moog filed its Motion five days later on April 3. If the Individual Defendants genuinely believed there was no proper meet and confer (which is false and contradicted by the e-mail correspondence), they would have immediately responded and provided their position. Instead, it is evident that the Individual Defendants are simply trying to manufacture misleading procedural arguments to try to avoid the consequences for their actions.

The statement about the Court's March 28 e-mail (attached) is both baseless and irrelevant. First, the Court never indicated that "Judge Rocconi would not hear further discovery-related motions until Moog complied with the 'transferor court's order to identity trade secrets,'" as your e-mail misrepresents. The Court merely indicated that it "cannot rule on the outstanding Motions to Compel, Dkts. 176 and 179" until Moog "has complied with the transferor court's order to identify trade secrets" and that Skyryse would need to file a motion to determine whether Moog had complied with that order. The Court's directive was limited to two, fully-briefed and pending motions to compel, and did

1

not bar any and all "discovery-related motions." Even if the Court did bar any discovery-related motions (which it did not), it would not bar Moog's Motion to Enforce and for Contempt against the Individual Defendants because it seeks to enforce compliance with several non-discovery orders, including but not limited to Dkts. 253 and 272 which were expressly discussed during the March 21 meet and confer and my March 21 e-mail.

Finally, Moog did not make any "misleading statements" "regarding the status of iDS's work" as your e-mail misrepresents. Moog attached to its Motion the relevant e-mail correspondence so there could be no ambiguity or misrepresentation, and Moog stated in the Motion that "the Individual Defendants contend they are working on this issue and there is a possibility it is resolved by the time this Motion is heard." (Mot., p. 22). Consistent with that statement, we expect the Individual Defendants to promptly resolve the engagement/retainer issues with iDS so discovery can proceed as required.

Moog will not withdraw its Motion. The Individual Defendants are free to make their arguments in Opposition.

Thank you,
Kazim


Kazim A. Naqvi
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Scott Tenley <scott.tenley@zfzlaw.com>
**Sent:** Tuesday, April 4, 2023 8:42 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; grant.gelberg@halpernmay.com; Rachel Fiset <Rachel.Fiset@zfzlaw.com>; Ben Heller <Ben.Heller@zfzlaw.com>; Alyssa Titche <alyssa.titche@halpernmay.com>
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Delivery of USB Device

Counsel,

We have reviewed Moog's Motion to Enforce Compliance With the Court's Orders and for Monetary Sanctions for Contempt filed on April 3, 2023, wherein Moog asserts that the parties met and conferred as to the substance of the motion. That is untrue. During the meet and confer that occurred on March 21, the parties never discussed a contempt motion (or even said the word "contempt" in any context, to our recollection). To the contrary, the parties conferred with the understanding that Moog was raising a discovery dispute and that the sanctions threatened were discovery-related. A week later, on March 28, Moog was effectively precluded from raising a discovery dispute with the Court because Judge Rocconi's chambers informed the parties that Judge Rocconi would not hear further discovery-related motions until Moog complied with the "transferor court's order to identity trade secrets." Barred from filing a discovery motion, Moog elected to seek relief through a motion for contempt but did not first engage in a pre-motion conference as required by the Local Rules. Mr. Naqvi's message below, suggesting the parties met and conferred about Moog's "forthcoming Motion for Contempt" is an attempt to circumvent the pre-motion conference requirement by rewriting the record as to the subject of the March 21 conference. We reject it.

2

In order to comply with the local rules, Moog must withdraw its motion and engage in a meaningful meet and confer as contemplated by the Local Rules. During that conference, we also intend to address the misleading statements made in the motion regarding the status of iDS's work which, as reflected in today's email traffic, remains ongoing.

Regards,
Scott Tenley

Scott D. Tenley
ZWEIBACK, FISET & ZALDUENDO LLP
Office: (213) 266-5174
Mobile: (949) 302-6570

---

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Wednesday, March 29, 2023 8:04 PM
**To:** grant.gelberg@halpernmay.com; Rachel Fiset <Rachel.Fiset@zfzlaw.com>; Ben Heller <Ben.Heller@zfzlaw.com>; Alyssa Titche <alyssa.titche@halpernmay.com>; Scott Tenley <scott.tenley@zfzlaw.com>
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** FW: Moog/Skyryse - Delivery of USB Device

Counsel:

Per the attached e-mail thread, iDS has been contacting Individual Defendants' counsel about payment and supplemental agreements since March 15. Mr. Tenley has replied twice saying he is looking into the issues and would revert promptly, but that has not occurred. And, as set forth in Jim's e-mail below, the entire iDS process cannot continue until the Individual Defendants sign the supplemental agreements and confirm the payment structure with iDS. Moog is producing time sensitive materials to iDS, and now they are being held up because of the Individual Defendants' inexcusable delay, which is in violation of at least the Stipulated TRO (Dkt. 25) and the Inspection Protocol (Dkt. 96-02).

We demand that the Individual Defendants immediately sign the supplemental agreements circulated by iDS, so that the discovery procedures set forth in the TRO and Inspection Protocol can proceed. If the Individual Defendants do not provide signed agreements by the end of the week, we will add these additional violations to our forthcoming Motion for Contempt for which we met and conferred about last week.

Thank you,
Kazim

Kazim A. Naqvi
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jim Vaughn <JVaughn@idsinc.com>
**Sent:** Wednesday, March 29, 2023 6:12 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>;

Scott Tenley <scott.tenley@zfzlaw.com>; Grant Gelberg <grant.gelberg@halpernmay.com>; Rachel Fiset <Rachel.Fiset@zfzlaw.com>; Takuma Nishimura <tnishimura@sheppardmullin.com>; Daniel Watson <dwatson@idsinc.com>; Waqas Anis <wanis@idsinc.com>; Jonathan Karchmer <JKarchmer@idsinc.com>; Nitin Khanna <nkhanna@idsinc.com>; Ben Heller <Ben.Heller@zfzlaw.com>; Catherine Thompson <catherine.thompson@halpernmay.com>; Alyssa Titche <alyssa.titche@halpernmay.com>
**Subject:** Re: Moog/Skyryse - Delivery of USB Device

Hello Kazim,

We are in a bit of an awkward position at this moment. Right now, our retention is supposed to be by all parties. If you've noticed the exchanges back and forth, there has been a change of counsel from one firm for the IDs, to two firms, one for each ID. The payment responsibility was also divided 50/25/25, but with the defendants now being individually represented, that would go to 50% Moog, 25% Skyryse, and 12.5 per individual defendant. We sent a change in counsel supplemental agreement out on Friday to Mr. Tenley and Mr. Gelberg. This agreement has not been executed, so we are in a holding pattern until we get retained. We will continue to provide privilege work product to the requesting party (e.g., like I did for Takuma today), but I do not believe we can do additional and/or new work on behalf of the individual defendants as we do not currently have permission to do so. If we cannot do this for them, it will affect all parties as they must take financial responsibility, as well as agree to the T&Cs of our agreement. I realize the inconvenience of the situation, but we cannot assume any potential liability for doing work on their behalf without being formally retained. I would be happy to have a call with one representative from each party, to discuss alternative approaches to us being able to continue if Mr. Tenley and Mr. Gelberg are not inclined to continue using iDS for their services. Please let me know next steps, I'm here to help the parties move this forward.

----
Jim Vaughn, GCFE, EnCE
**Managing Director**
535 Anton Blvd., Suite 860 | Costa Mesa, CA. 92626
Direct: 714.261.0348 | jvaughn@idsinc.com
iDSinc.com

---

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Date:** Wednesday, March 29, 2023 at 2:18 PM
**To:** Jim Vaughn <JVaughn@idsinc.com>
**Cc:** "SKYRYSEMOOG.LWTEAM@lw.com" <SKYRYSEMOOG.LWTEAM@lw.com>, Rena Andoh <RAndoh@sheppardmullin.com>, Travis Anderson <TAnderson@sheppardmullin.com>, Kazim Naqvi <KNaqvi@sheppardmullin.com>, Tyler Baker <TBaker@sheppardmullin.com>, Lai Yip <LYip@sheppardmullin.com>, Scott Tenley <scott.tenley@zfzlaw.com>, Grant Gelberg <grant.gelberg@halpernmay.com>, Rachel Fiset <Rachel.Fiset@zfzlaw.com>, Takuma Nishimura <tnishimura@sheppardmullin.com>, Daniel Watson <dwatson@idsinc.com>, Waqas Anis <wanis@idsinc.com>, Jonathan Karchmer <JKarchmer@idsinc.com>, Nitin Khanna <nkhanna@idsinc.com>, Ben Heller <Ben.Heller@zfzlaw.com>, Catherine Thompson <catherine.thompson@halpernmay.com>, Alyssa Titche <alyssa.titche@halpernmay.com>
**Subject:** Moog/Skyryse - Delivery of USB Device

[EXTERNAL SENDER]
Dear Jim:

Moog is sending to iDS (for delivery tomorrow) an encrypted USB drive containing: 1) Ivanti Log for Tri Dao; and 2) a logical evidence file that contains certain Windows files associated with USB drive connection from Mr. Dao's Moog laptop.

The tracking number for the drive is: 1za2v1660189883033

The password to access the drive is ▮▮▮▮▮▮▮▮

Please confirm receipt of the drive tomorrow and please promptly make its contents available for the other parties' review.

Thank you,
Kazim

Kazim A. Naqvi
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.