Rachel L. Fiset (Cal. Bar No. 240828)
Scott D. Tenley (Cal. Bar No. 298911)
Ben Heller (Cal. Bar No. 320277)
**ZWEIBACK, FISET & ZALDUENDO, LLP**
315 W. 9th Street, Suite 1200
Los Angeles, California 90015
Telephone: (213) 266-5170
rachel.fiset@zfzlaw.com
scott.tenley@zfzlaw.com
ben.heller@zfzlaw.com

Attorneys for Defendant
ROBERT ALIN PILKINGTON

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG, INC., <br><br> Plaintiff, <br><br> v. <br><br> SKYRYSE, INC., et al, <br><br> Defendants. | No. 2:22-cv-09094-GW-MAR <br><br> **DECLARATION OF RACHEL L. FISET IN SUPPORT OF JOINT OPPOSITION TO MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S ORDERS, AND FOR MONETARY SANCTIONS FOR CONTEMPT** |

## DECLARATION OF RACHEL L. FISET

I, Rachel L. Fiset, hereby declare:

1. I am a partner of the law firm Zweiback, Fiset & Zalduendo LLP, counsel for Defendant Robert Alin Pilkington in this action. I have sufficient personal knowledge of the facts set forth herein that if called as a witness I could and would testify competently to those facts under oath. I submit this declaration in support of Individual Defendants' Joint Opposition to Plaintiff Moog, Inc.'s Motion to Enforce Compliance With the Court's Orders, and For Monetary Sanctions for Contempt.

2. On March 21, 2023, I participated in a meet and confer scheduled in response to email correspondence with Moog regarding a matter that Moog's counsel referred to as a "discovery dispute." My partner Scott Tenley also participated in the conference on behalf of Mr. Pilkington. Catherine Thompson and Alyssa Titche participated in the conference on behalf of Ms. Kim.

3. I presented the joint position of both Mr. Pilkington and Ms. Kim (the "Individual Defendants"). I first advised Moog, as discussed in our email correspondence leading up to the meet and confer, that as new counsel to the Individual Defendants, we did not yet have full access to our clients' documents and communications nor had we had an opportunity to conduct any meaningful review of those materials. I again requested the professional courtesy of additional time so that we would not need to burden the Court with unnecessary litigation. I also advised Moog that, in the absence of additional time to fully understand our client's documents, the Individual Defendants would not disclose the documents sought by Moog on Fifth Amendment grounds, including because of the factual developments referenced in the then-pending motion to stay. Moog's counsel advised us of his position that the documents were ordered to be produced and that our Fifth Amendment position was foreclosed by prior orders of Judge McCarthy and Judge Villardo. Moog's counsel also disclosed his intent to seek sanctions against Individual Defendants.

4. The parties did not discuss a civil contempt proceeding, nor did Moog's attorneys reference contempt throughout the conference to the best of my recollection.

1  Moog did not discuss many of the factual and legal arguments that are asserted in the
2  motion for contempt including Moog's position that the TRO and Inspection Protocol
3  required Individual Defendants to produce the requested documents. Furthermore, we
4  never discussed Individual Defendants' responses and defenses to a contempt proceeding
5  because we never understood the conference to pertain to such a motion.

6       5.    Attached hereto as Exhibit A is a true and correct copy of email
7  correspondence between and among counsel of record for Moog and the Individual
8  Defendants dated April 19, 2023.

9      I declare under penalty of perjury under the laws of the United States that the
10  foregoing is true and correct.

11      Executed at Los Angeles, California, on April 19, 2023.

                           /s/ *Rachel L. Fiset*
                           RACHEL L. FISET

# Exhibit A

| | |
|---|---|
| From: | Kazim Naqvi |
| To: | Rachel Fiset; Scott Tenley; Rena Andoh; Travis Anderson; Lai Yip |
| Cc: | Ben Heller; Grant Gelberg; Catherine Thompson; Alyssa Titche |
| Subject: | RE: Moog/Skyryse - Meet and Confer |
| Date: | Wednesday, April 19, 2023 2:59:43 PM |
| Attachments: | image001.png |

Hi Rachel:

There are several inaccuracies and misrepresentations in your e-mail below.

First, the issue of your client's failure to comply with the Court's November 10, 2022 long precedes your appearance in this case on behalf of the Individual Defendants. It is a long-standing delinquency and violation about which we had been in regular communication with your predecessors for months. The substitution of counsel that occurred in early March 2023 has nothing to do with the underlying problem, although it has, by your own admission, further extended your clients' violations of the Court's orders. This is not some situation of Moog being unreasonable in its demands; your clients have been in violation of the Court's simple orders since November of last year, and Moog has repeatedly asked since that time when they will comply. We have never received a definite answer. Nevertheless, after your firm substituted into the case, and at your request, we provided several weeks for your firm to get up to speed, including us sending you the relevant transcripts and orders that are relevant to this issue. It has been more than 5 months since the Court's November 10, 2022 order, and a further extension of time to comply with orders that should have been complied with 5 months ago is unreasonable. Your e-mail cites no legal authority that a change in counsel excuses violations of numerous court orders for months on end, and you have been provided ample time and resources to comply. That this is only an urgent concern for you now is not the fault of Moog, and your attempt to mischaracterize Moog's Motion as some drastic and unforeseen filing is belied by the record and your clients' well-document non-compliance with these orders since last Fall.

Second, your e-mail states that "we are deciding if there is even an assertion of Fifth Amendment privilege to be made on the documents regardless of the prior orders over any of the devices." This statement demonstrates that the Individual Defendants are continuing to disregard the Court's prior orders, and continue to engage in unilateral acts of self-help. We are at a loss for why you claim to require additional time to determine any assertion of a Fifth Amendment privilege. As described in detail in our Motion, the Court ruled in multiple prior orders that the Individual Defendants have no Fifth Amendment Privilege to assert over any of the electronic devices they produced to iDS. (Dkts. 253, 272). The communications that the Court ordered for production on November 10, 2022 are from within the Individual Defendants' iDS devices. And as the Court already explicitly ruled, "*the contents of the devices 'are not covered by the Fifth Amendment privilege.'*" (Dkt. 272 at 7) (emphasis added). There is no Fifth Amendment privilege applicable to the devices or the contents on the devices, so any claim for additional time to perform any such review to determine if a Fifth Amendment privilege applies is improper, unnecessary, and in continued violation of the Court's prior orders.

Finally, and given the foregoing, we are not prepared to continue the hearing any further. We have been waiting for these documents to be produced for over 5 months, and the Individual Defendants

have demonstrated no good cause why any further delay is required. With that being said, we are prepared to take the hearing on Moog's Motion scheduled for May 10 off calendar if, by May 5, 2023, the Individual Defendants: 1) produce to Moog all communications ordered by the Court for production on November 10, 2022; and 2) pay Moog the monetary sanctions requested in the Motion in the amount of $9,350. As described in the Motion, Moog is entitled to monetary sanctions because of the Individual Defendants' contempt and violation of multiple Court orders (including, but not limited to, Dkts 253, 272, and 292), and for the attorneys' fees incurred by Moog to file the Motion, after waiting several months and attempting to resolve this issue without motion practice with both the Individual Defendants' prior and current counsel.

Thank you,
Kazim


**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Rachel Fiset <Rachel.Fiset@zfzlaw.com>
**Sent:** Wednesday, April 19, 2023 9:30 AM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Scott Tenley <scott.tenley@zfzlaw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>
**Cc:** Ben Heller <Ben.Heller@zfzlaw.com>; Grant Gelberg <grant.gelberg@halpernmay.com>; Catherine Thompson <catherine.thompson@halpernmay.com>; Alyssa Titche <alyssa.titche@halpernmay.com>
**Subject:** RE: Moog/Skyryse - Meet and Confer

Kazim,

I am writing regarding your pending "motion for contempt," which is currently set for hearing on May 8, 2023 before Judge Rocconi. As we told you on the meet and confer call (for a motion to compel) we did not have access to the documents and were unable to make any decisions at that time relating to privilege and production. As you know, we had just come into the civil case and as of yet were unable to review any of the documents that were the subject of the call because we had not yet been given access to them. We expressly asked for this review to take place so we could get our arms around our clients' documents and devices and the prior orders issued by the judge that you claim compels us to produce despite an active criminal investigation that your client appears to have helped initiate against our individual former employee clients. As I expressed to you on the phone, productions in a coordinated civil matter when serious criminal consequences lurk in the

background must be evaluated and as new counsel we were not able to do so at the time of our call. Nevertheless, you immediately proceeded with an unannounced "motion for contempt" in an effort to bully us into forgoing our clients' constitutional rights due to your own created exigency in production.

In what can only be described as an unnecessary fire drill that continues to drain our clients of precious little resources, we have now had the opportunity to review most of the communications on the devices allegedly at issue, which are thousands and thousands. Based on our review we are deciding if there is even an assertion of Fifth Amendment privilege to be made on the documents regardless of the prior orders over any of the devices. If there is no assertion, we will produce forthwith, however, we need another week to make that determination. In an effort to settle this motion short of more litigation, we are hopeful you will continue your "motion for contempt" for another week while we complete this review and prepare it according to the terms of the stipulation. We believe we can let you know if there will be any privilege assertion by April 26th as we are still gaining access to the documents on a couple of the devices (we have reviewed what we have and are waiting to get the rest, which should happen today). In other words, if you could provide the professional courtesy of a week, we can likely resolve this short of litigation and may be able to provide you with a production before you would have one if you continue with your current hearing date on your "motion for contempt". We are hopeful you will do so.

Please confirm by noon that you will afford our clients this courtesy and continue the hearing for one week. Otherwise, as you know we will have to file an opposition to your motion today necessitating a further (mis)use of client resources and potentially further delaying any review that must be done prior to a production. Obviously, nothing herein is an admission as to the validity of any privilege claim or any allegation as to our clients' non-compliance with a prior court order.

Thank you.

Best,
Rachel Fiset
ZWEIBACK FISET & ZALDUENDO LLP
315 W. 9th Street, Suite 950
Los Angeles, CA 90015
rachel.fiset@zfzlaw.com
www.zfzlaw.com
o: (213) 266-5172
c: (310) 721-4177



Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.