**LATHAM & WATKINS LLP**
   Douglas E. Lumish (SBN 183863)
   *doug.lumish@lw.com*
   Gabriel S. Gross (SBN 254672)
   *gabe.gross@lw.com*
   Arman Zahoory (SBN 306421)
   *arman.zahoory@lw.com*
   Rachel S. Horn (SBN 335737)
   *rachel.horn@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

*Attorneys for Defendant and*
*Counterclaimant Skyryse, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC., | CASE NO. 2:22-cv-09094-GW-MAR |
| Plaintiff, | **DEFENDANT-COUNTERCLAIMANT** |
| v | **SKYRYSE, INC.'S APPLICATION FOR LEAVE TO LODGE UNDER** |
| SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, | **SEAL CERTAIN PORTIONS OF SKYRYSE, INC.'S OPPOSITION TO MOOG'S MOTION TO ENFORCE COMPLIANCE WITH THE** |
| Defendants. | **MARCH 11, 2022 STIPULATED TRO (DKT. 25), AND FOR MONETARY** |
| SKYRYSE, INC., | **AND ADVERSE INFERENCE SANCTIONS FOR CONTEMPT AND** |
| Counterclaimant, | **SPOLIATION AND ACCOMPANYING DECLARATIONS** |
| v | **AND EXHIBITS** |
| MOOG INC., | |
| Counterclaim-Defendant. | Judge: Hon. George H. Wu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Local Rule 79-5.2.2, Defendant and Counterclaimant Skyryse, Inc. ("Skyryse") hereby applies for an order permitting the following documents filed in connection with Skyryse's Opposition to Moog's Motion to Enforce Compliance with the March 11, 2022 Stipulated TRO, and for Monetary and Adverse Inference Sanctions for Contempt and Spoliation ("Opposition") to be lodged under seal with the Court.

| Document | Designating Party | Text to be Filed/Lodged under Seal |
|---|---|---|
| Skyryse's Opposition to Moog's Motion to Enforce Compliance with the March 11, 2022 Stipulated TRO, and for Monetary and Adverse Inference Sanctions | Moog | Highlighted portions in the unredacted version at pages: 9:12-23; 10:9-10; 16:8-12; 20:4-9; 20:14-17; 20:25; 23:12-15; 24:24, 25:1; 25:17-18, 25:23-24, 26:5. |
| Exhibits to Declaration of A. Solimano | Moog | Ex. A1, A9, and A10 in their entirety. |
| Declaration of N. Baer | Moog | Portions highlighted in yellow in the unredacted version at pages: 2:24-27; 4:5; 5:6-8; 13:13-15; 13:18-20; 14:12-14; 15:4-14; 15:24; 17:1-2; 17:4-6: 17:9; 18:1-28; 20:20-22; 21:1-14; 22:2-4; 22:14-15; 23:1-21; 25:12-13; 25:23; 26:1; 26:3-20; 28:18-19; 29:1-19; 30:10-11; 30:12-13; 30:19; 30:25; 31:2; 31:15-17; 32:1-8; 33:2-3; |

| Document | Designating Party | Text to be Filed/Lodged under Seal |
|---|---|---|
| | | 33:6-25; 35:2-3; 35:5-14; 36:3-4; 36:7-19; 37:12-13; 37:22; 38:6-7; 40:7-8; 41:9-10; 41:13; 41:15; 42:18-24; 43:1-28; 44:1-28; 45:1-28; 46:1-28; 47:1-28; 48:1-28; 49:1-28; 50:1-28; 51:1-28; 52:6-7; 52:13; 52:15-17; 52:26; 53:212 53:25; 54:8-9; 54:13-14; 54:15; 55:11-15; 55:23-25; 56:20; 56:25-27; 57:5; 57: 10; 57:11-12; 59:18-19; 62:4-5; 62:8-10; 65:1-9; 65:11-12; 65:15-18; 65:19-20; 65:21; 65:27-28; 66:1-8; 70:1-4; 70:11-14; 71:1-10; 71:18-27; 72:22-23; 73:3-4; 73:5. |
| Declaration of N. Baer | A. Pilkington | Portions highlighted in blue in the unredacted version at: 30:5; 30:6-8; 30:9; 30:11-12; 37:18-21; 37:28; 39:15; 39:16-17; 39:18-19; 40:24-28; 41:1-4; 41:6; 42:18-24; 43:1-28; 44:1-28; 45:1-28; 46:1-28; 47:1-28; 48:1-28; 49:1-28; 50:1-28; 51:1-28. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

APPL. TO LODGE UNDER SEAL CERTAIN PORTIONS OF
SKYRYSE'S OPPOSITION TO MOOG'S MOTION
TO ENFORCE AND FOR SANCTIONS

| Document | Designating Party | Text to be Filed/Lodged under Seal |
|---|---|---|
| Exhibits to Declaration of N. Baer | A. Pilkington | Ex. B8 and B14 in their entirety. |
| Declaration of M. Dreikorn | Moog | Highlighted portions in the unredacted version at pages 3:18-22; 4:1; 4:20-26; 24:23-25; 25:1-8; 25:10-13; 25:17-21; 25:23-24; 26:1-6; 27:6-9; 30:4-21; 33:1-18; 36:4; 37:5-21; 45:3-19; 50:1-17; 54:3-22; 58:5-16; 60:1-12; 64:1-24. |

Skyryse has provisionally lodged under seal certain portions of its Opposition and accompanying documents that refer to, describe, or quote documents that Plaintiff and Counterclaim-Defendant Moog, Inc. has designated as Protected Material under the Protective Order entered in this action, dated May 6, 2022 (Dkt. 89), or that Skyryse believes may be considered confidential information by Moog. Accordingly, pursuant to paragraph 12.1 of the Protective Order, Skyryse seeks to provisionally lodge these materials under seal until such time as Moog withdraws its confidentiality designations or the Court rules on a forthcoming application from Moog to justify that these documents, or portions of thereof, remain under seal.

Skyryse also has provisionally lodged under seal certain portions of its Opposition and accompanying documents that refer to, describe, or quote documents that Defendant Pilkington has designated as Protected Material under the Protective Order entered in this action, dated May 6, 2022 (Dkt. 89). Accordingly, pursuant to paragraph 12.1 of the Protective Order, Skyryse seeks to provisionally lodge these materials under seal until such time as Mr. Pilkington withdraws his confidentiality

1   designations or the Court rules on a forthcoming application from Pilkington to

2   justify that these documents, or portions of thereof, remain under seal.

3          This application is further based upon the accompanying Declaration of Alexa

4   Solimano in Support of this Application; any pleadings, files, and records in this

5   action; and any further evidence or argument as this Court may consider.

6          On April 22, 2023, counsel for Skyryse conferred via email with counsel for

7   Moog regarding this Application and stated that Skyryse proposed to file under seal

8   portions of documents that Moog had previously requested to be sealed in

9   connection with Moog's Motion. (Dkt. 400.) On April 24, 2023, and pursuant to

10  Moog's request, Skyryse followed up via email to identify the materials it planned

11  to lodge under seal and stated that those materials would be provisionally lodged

12  under seal subject to Moog's identification of any information that it no longer

13  believed should be filed under seal.  Moog did not respond.

14         On April 24, 2023 counsel for Skyryse conferred via telephone with counsel

15  for Alin Pilkington regarding this Application, and identified the documents Skyryse

16  had proposed to file under seal, in whole or in part.  Mr. Pilkington's counsel

17  confirmed that these documents should be provisionally lodged under seal.

18

19

20  Dated:  April 24, 2023              Respectfully submitted,

21                                     LATHAM & WATKINS LLP

22                                     By:  */s/ Gabriel S. Gross*

23                                         Douglas E. Lumish (SBN 183863)
                                           Gabriel S. Gross (SBN 254672)
24                                         Arman Zahoory (SBN 306421)
                                           Rachel S. Horn (SBN 335737)
25                                         Menlo Park, California 94025
                                           Telephone: (650) 328-4600
26                                         Facsimile: (650) 463-2600
                                           Email: doug.lumish@lw.com
27                                         gabe.gross@lw.com
                                           arman.zahoory@lw.com
28                                         rachel.horn@lw.com

Joseph H. Lee (SBN 248046)
Ryan Banks (SBN 318171)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Russell Mangas (*Pro Hac Vice*
application pending)
330 North Wabash Avenue, Suite
28000
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: russell.mangas@lw.com

Julianne C. Osborne (SBN 342870)
Alexa Solimano (SBN 335740)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com
alexa.solimano@lw.com

*Attorneys for Defendant and
Counterclaimant, Skyryse, Inc.*