# EXHIBIT A2

CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>　　　　　　　　　Defendants. | Case No. 1:22-cv-00187-LVJ-JJM |

**SKYRYSE INC.'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MOOG INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, and the March 17, 2022 Stipulation and Proposed Order re Expedited Discovery Procedures and Briefing Schedule for Preliminary Injunction Motion ("Expedited Discovery Order"), Dkt. 33, Defendant Skyryse Inc. ("Skyryse"), by and through its attorneys, provides the following Third Supplemental Responses and Objections to the First Set of Interrogatories propounded by Plaintiff Moog Inc. ("Moog"), dated March 21, 2022 (together, the "Interrogatories," and each an "Interrogatory") as follows:

### PRELIMINARY STATEMENT

1.　　　Skyryse's investigation and discovery of facts is continuing. Accordingly, the following supplemental responses are given without prejudice to Skyryse's right to produce evidence of any subsequently discovered facts. Skyryse expressly reserves the right to change, modify, amend, or supplement these supplemental responses as additional facts are discovered. Skyryse reserves the right to introduce at trial or deposition, or in opposition to any motion or proceeding, any and all facts heretofore or hereafter produced by the parties in this action or by third parties. Skyryse's supplemental responses are without prejudice to its right to establish at a later date any additional or contrary facts that may be contained within or discovered as a result

CONFIDENTIAL

INTERROGATORY NO. 9: Identify all electronic devices Used by Kim and Pilkington while working at Skyryse, including but not limited to all desktop computers, laptop computers, USB drives, external hard drives, flash drives, mobile devices, and thumb drives.

RESPONSE TO INTERROGATORY NO. 9 (April 13, 2022):

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions. Skyryse objects to this Interrogatory to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law. Skyryse further objects to this Interrogatory as vague as to time. Skyryse further objects to this Interrogatory as vague, ambiguous, and overbroad to the extent that it seeks information about all devices the individual defendants may have used during the period of their employment at Skyryse, including personal devices, devices used outside of the scope of their employment, and/or devices used off of Skyryse property. Information regarding those devices would be less burdensome to obtain directly from the individual defendants. Skyryse will interpret this Interrogatory as requesting information regarding devices known to Skyryse. Skyryse further objects to this Interrogatory on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse objects to this Interrogatory to the extent that it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others. Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc. Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any

-31-

CONFIDENTIAL

Interrogatory should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse. Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington. Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Skyryse objects to this Interrogatory to the extent that it incorporates a definition of "Used" that is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "held," "deployed," "employed," "adopted," and "applied." Skyryse's response to any Interrogatory should not be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington. Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Subject to and without waiving any of the foregoing objections, and based upon Skyryse's reasonable investigation to date, Skyryse responds as follows: As of the date of the filing of this action, Ms. Kim possessed a Skyryse issued Dell Latitude 9520 laptop with service tag 684LDK3, and Mr. Pilkington possessed a Skyryse issued Dell Latitude 9520 laptop with service tag CXQV5J3.

Skyryse reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

CORRECTED FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9 (June 24, 2022):

Subject to and without waiving any of the foregoing objections, and based upon Skyryse's reasonable investigation to date, Skyryse responds as follows: As of the date of the filing of this action, Ms. Kim possessed a Skyryse issued Dell Latitude 9520 laptop with service tag 684LDK3, and Mr. Pilkington possessed a Skyryse issued Dell Latitude 9520 laptop with service tag CXQV5J3 and an Apple Macbook Pro with a service tag J09VPJ6WDF.

CONFIDENTIAL

Ms. Kim and Mr. Pilkington also each had temporary possession of a Skyryse-issued Dell Latitude 9520. These laptops were used for only a short period of time at Skyryse before they were returned to the manufacturer in late 2021. All data on these laptops was removed before they were sent back to the manufacturer. These machines are not in Skyryse's possession, custody, or control.

Mr. Pilkington was temporarily in possession of a Skyryse-issued Apple Macbook Pro with service tag C02YJ5BFJGH6 for a short period of time around the end of 2021. Prior to the commencement of this lawsuit, all data on this computer was removed in connection with the computer being repurposed for use by others at Skyryse.

Ms. Kim was temporarily in possession of a Skyryse-issued Apple Macbook Pro with service tag F1Q929M2RF for a short period of time around the end of 2021 to February 2022. Prior to the commencement of this lawsuit, all data on this computer was removed in connection with the computer being repurposed for use by others at Skyryse.

Discovery and Skyryse's investigation are ongoing, and Skyryse reserves the right to supplement and/or amend its response to this Interrogatory as it continues its investigation and as discovery progresses.

INTERROGATORY NO. 10: Identify all Skyryse employees who have worked on the development, testing, or certification of Skyryse's flight control software.

RESPONSE TO INTERROGATORY NO. 10 (April 13, 2022):

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions. Skyryse objects to this Interrogatory to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.

CONFIDENTIAL

PROOF OF SERVICE

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in San Mateo County, State of California. My business address is 140 Scott Drive, Menlo Park, California 94025.

On June 24, 2022, I served true copies of the following document(s) described as **SKYRYSE, INC.'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MOOG INC.'S FIRST SET OF INTERROGATORIES**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address cassandra.baloga@lw.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2022, at Sunnyvale, California.

        */s/ Arman Zahoory*
        Arman Zahoory

CONFIDENTIAL

## SERVICE LIST

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Kazim A. Naqvi, Esq.<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071<br>(313) 228-3700<br>KNaqvi@sheppardmullin.com<br><br>Lai Lam Yip, Esq.<br>4 Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br>(415) 434-9100<br>LYip@sheppardmullin.com<br><br>Travis J. Anderson, Esq.<br>12275 El Camino Real, Suite 200<br>San Diego, CA 92130<br>(858) 720-8900<br>TAnderson@sheppardmullin.com<br><br>Rena Andoh, Esq.<br>Tyler Enright Baker, Esq.<br>30 Rockefeller Plaza<br>New York, New York 10112<br>(212) 653-8700<br>RAndoh@sheppardmullin.com<br>TBaker@sheppardmullin.com | Attorneys for Plaintiff MOOG, INC. |
| HODGSON RUSS LLP<br>Robert J. Fluskey Jr., Esq.<br>Melissa Noel Subjeck, Esq.<br>Pauline Thecla Muto, Esq.<br>Reetuparna Dutta, Esq.<br>The Guaranty Building 140 Pearl Street<br>Buffalo, New York 14202<br>(716) 856-4000<br>RFluskey@hodgsonruss.com<br>MSubjeck@hodgsonruss.com<br>pmuto@hodgsonruss.com<br>rdutta@hodgsonruss.com | Attorneys for Plaintiff MOOG, INC. |
| WINGET SPADAFORA & SCHWARTZBERG, LLP<br>Alexander Asher Truitt, Esq.<br>Anthony D. Green, Esq.<br>45 Broadway, 32nd Floor | Attorneys for Defendants<br>ROBERT ALIN PILKINGTON and<br>MISOOK KIM |

-37-

CONFIDENTIAL

New York, NY 10006
(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com

-38-