# EXHIBIT A4

```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF NEW YORK


MOOG, INC.,                      )
                                 ) Case No. 1:22-CV-00187
                                 )          (LJV)(JJM)
              Plaintiff,         )
                                 )
vs.                              ) April 26th, 2022
                                 )
SKYRYSE, INC.,                   )
ROBERT ALIN PILKINGTON,          )
MISOOK KIM,                      )
                                 )
              Defendants.        )


         TRANSCRIPT OF TELEPHONIC DISCOVERY CONFERENCE
           BEFORE THE HONORABLE JEREMIAH J. MCCARTHY
                UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For the Plaintiff:    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                      BY:  TRAVIS J. ANDERSON, ESQ.
                      12275 El Camino Real, Suite 200
                      San Diego, CA 92130
                           RENA ANDOH, ESQ.
                      30 Rockefeller Plaza
                      New York, NY 10112
                           KAZIM A. NAQVI, ESQ.
                      333 South Hope Street, 43rd Floor
                      Los Angeles, CA 90071
                           LAI LAM YIP, ESQ.
                      4 Embarcadero Center, 17th Floor
                      San Francisco, CA 94111

                      HODGSON RUSS, LLP
                      BY:  ROBERT J. FLUSKEY, JR.
                      The Guaranty Building
                      140 Pearl Street, Suite 100
                      Buffalo, NY 14202
```

```
 1   APPEARANCES CONTINUED:

 2   For the Defendant      GIBSON, DUNN & CRUTCHER, LLP (PARK AVE)
     MOOG:                  BY:   JOSH KREVITT, ESQ.
 3                                KATHERINE DOMINGUEZ, ESQ.
                            200 Park Avenue
 4                          New York, NY 10166-0193
                                  JUSTINE M. GOEKE, ESQ.
 5                          Jamboree Center
                            4 Park Plaza
 6                          Irvine, CA 92614

 7                          HARRIS BEACH LLP
                            BY:   TERRANCE P. FLYNN, ESQ.
 8                          Larkin at Exchange
                            726 Exchange Street, Suite 1000
 9                          Buffalo, NY 14210

10   For the Defendants     LOCKE LORD LLP (CA)
     Pilkington and Kim:    BY:   RORY MILLER, ESQ.
11                          300 S. Grand Avenue, Suite 2600
                            Los Angeles, CA 90071
12
     Audio Recorder:        ERIC GLYNN
13
     Transcriber:           MEGAN E. PELKA, RPR
14                          Robert H. Jackson US Courthouse
                            2 Niagara Square
15                          Buffalo, NY 14202
                            (716) 364-6449
16
             Proceedings recorded with electronic sound recording,
17   transcript prepared with computer-aided transcription.

18

19

20

21

22

23

24

25
```

1  felt it important not to wait.
2      And maybe just one more point in that regard, Your Honor,
3  by way of table setting, this is early days.  We -- if -- for
4  us; meaning, we do not have all the information.  We don't
5  have anywhere near all the information.  We are frantically
6  working to uncover it.  We have a forensic firm, FTI, one of
7  the largest and most reputable in the country that has an army
8  of people working on this issue and we -- I'm sorry.  I
9  thought I heard something.
10          THE COURT:  That was just a -- when I get an email,
11 it rings in on my laptop.  So, it doesn't relate to this case.
12          MR. KREVITT:  Got it.
13          THE COURT:  I won't read it while you're talking.
14          MR. KREVITT:  Got it.  Thank you.  I was trained that
15 when the Judge speaks, you stop talking, and even when the
16 Judge beeps or buzzes, so --
17          THE COURT:  Okay.
18          MR. KREVITT:  So we really don't have, as I said,
19 anywhere near complete information.  But we felt -- and when I
20 say we, and I won't repeat this every time, I very much mean
21 all of my colleagues at Gibson Dunn and Mr. Flynn.  We all
22 felt very seriously about our obligation not to delay.  So, as
23 I said to counsel for Moog yesterday, we are happy to hear any
24 questions.  We're happy to answer all questions to the extent
25 we can, but it very well may be and, in fact, yesterday, it

MOOG v SKYRYSE -- 04/26/2022 -- DISCOVERY CONFERENCE ***SEALED*** 6

```
 1  was the case, that questions are going to be asked and we just
 2  don't have the information yet.
 3      And so, this will be an iterative process in which one of
 4  the things we talked with counsel for Moog about yesterday,
 5  and I'll repeat now, is we want to develop a mechanism whereby
 6  we are getting the information to Moog as we're getting it,
 7  that Moog would be comfortable and confident in the process of
 8  where we are now and where we're going.  And so, that's
 9  something we just didn't complete yesterday, but we'll be
10  actively working with counsel for Moog in that.
11      The only thing I would say, then I'll get into the more
12  specifics, is this doesn't go to the merits, and I know
13  nobody's intending to talk about the merits, but we want to be
14  clear.  I don't want to make repetitious -- it has nothing to
15  do with the merits, because I don't know that, but what I have
16  seen so far was just, to me, that it doesn't go to the merits
17  of the case.
18      For the most part, the vast most part, this relates to
19  information taken over by -- and I want to be careful -- at
20  least in the possession of R. Alin Pilkington, who is a named
21  defendant represented by counsel, who is on this call, and a
22  woman by the name of Misook Kim.  Those two people worked at
23  Moog until some months ago.  They came to work at Skyryse.
24      The gravamen of the complaint in this case is that Moog
25  did some forensic analysis and discovered that those two
```

1  discovered that there is not -- that there is likely, and I
2  have to use those modifiers potentially, likely, non-public
3  Moog information at Skyryse.  Now, that alone would not have
4  triggered me to ask for this conference and, in fact, the
5  March 11th order that Judge Vilardo signed required the return
6  of Moog's non-public information.  So it contemplated that we
7  night have some.  It provided a mechanism for its return.
8       But we have found enough, or indicia of enough, and the
9  vast, vast -- I want to emphasize is -- relates to this
10 Pilkington and Misook Kim, the people that came over in the
11 last few months, the people about whom Moog focused in its
12 complaint, but we have found enough that it does -- it causes
13 us concern, and we felt it important to identify that to Moog.
14 So, that's one category.  We have -- we appear to have non-
15 public Moog information at Skyryse.
16      The second issue, the more, from my perspective,
17 addressing issue, is that we have discovered forensically that
18 since the complaint was filed certain information had been
19 deleted.  And for me and for Your Honor, I'm sure that's, you
20 know, a third rail, and that's what tripped all the wires from
21 our perspective.
22      I want to be clear though, and this is why it's -- I don't
23 know if premature is the right word -- but we don't have the
24 information.  We don't know the correlation between what was
25 deleted and whether it was Moog information.  It very well may

1  be that all of the information that was deleted was not Moog
2  information, or rather none of the information was Moog
3  information, we just don't know.
4      What we have seen is -- to us, is an alarming series of
5  deletions.  And it also is the case that some of the
6  information deleted may not be recoverable.  I know I keep
7  saying this.  I don't know.  We are working frantically, but
8  that is a fact on the ground as we sit here today,
9  unfortunately, that the information was deleted after the
10 complaint was filed.  We do not have clarity as to what it is
11 yet, and we do not have certainty that it will be recoverable.
12     Oh, I'm sorry.  I thought I heard something.
13         THE COURT:  Again, it's just an email.
14         MR. KREVITT:  Got it.  Got it.  Okay.
15     The -- maybe a small point, and I don't mean it's small to
16 Moog, but in the grand scheme of things, I guess we'll mention
17 it, Moog provides us with a list of file names and hash
18 values.  I think, chiefly stemming from what Mr. Pilkington or
19 Ms. Kim may have taken or may have appeared to have taken,
20 they're broad in some respects.
21     When we ran them, they generate some public information.
22 So, just the fact that you have a hit alone doesn't mean that
23 it's Moog information.  But when we ran them, we found a
24 significant number of hits.  And that, coupled with all else,
25 also causes us concern, and we want to reveal that to the

43

1 <u>CERTIFICATE OF TRANSCRIBER</u>

2

3     In accordance with 28, U.S.C., 753(b), I certify that
4 this is a true and correct record of the proceedings held in
5 the United States District Court for the Western District of
6 New York before Honorable Magistrate Judge Jeremiah J.
7 McCarthy on April 26th, 2022.

8

9

10     <u>s/ Megan E. Pelka, RPR</u>
11     Megan E. Pelka, RPR
12     Transcriber