# EXHIBIT A5

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
www.sheppardmullin.com

212.634.3092 direct
randoh@sheppardmullin.com
File Number: 02HL-350124

May 4, 2022

**SENT VIA E-MAIL**

Hon. Jeremiah J. McCarthy            mccarthy@nywd.uscourts.gov
Deputy Clerk: Eric Glynn
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

      Re:    *Moog Inc. v. Skyryse, Inc., et al.*
             U.S. D.C., Western District of New York – Case No. 1:22-cv-00187

Dear Honorable Judge McCarthy:

      We are counsel for plaintiff Moog Inc. ("Moog") in the above-referenced matter. Pursuant to the Court's directives following the April 26, 2022 Conference (ECF 82, 83), Moog hereby submits[1] its letter brief regarding three outstanding issues that have not been resolved with Defendants after additional meet and confer correspondence. Two of these issues were addressed in Moog's April 19, 2022 letter submission to the Court. (ECF 74).

1. Skyryse's prior and ongoing violations and contempt of the Court's March 11 Order (ECF 25) and failure to honor its commitments to providing transparency and answering Moog's basic questions in response to Skyryse's disclosures (regarding possession of large volumes of Moog data and spoliation of data by numerous Skyryse employees), and the need for a formal disclosure process and schedule;

2. The scope of disclosure of materials designated "Attorneys' Eyes Only" ("AEO") under the stipulated protective order being negotiated by the parties.

3. The framework for a protocol that will govern inspection of materials turned over to neutral forensic vendor iDiscovery Solutions ("iDS") (hereafter, the "Inspection Protocol").

Additionally, the current discovery schedule has been derailed by, among other things, Skyryse's prior and ongoing violations and contempt of the Court's March 11 Order, and its efforts to block the Inspection Protocol and thereby prevent Moog's reasonable and fair access to the evidence of Skyryse's prior and ongoing misconduct. Moog believes that new deadlines must be imposed

---

[1] Moog does not consent to Skyryse's request for blanket sealing of the parties' submitted letters, or the transcripts of the April 26, 2022 and May 5, 2022 Court conferences. Skyryse's generalized disclosure that it possesses non-public Moog information and its employees have spoliated data, and Skyryse's admissions regarding prior incorrect statements and failures to comply with the Court's March 11 Order (discussed further below), are not subject to confidential treatment under applicable law.

SMRH:4867-7863-3502

**SheppardMullin**

Honorable Judge McCarthy
May 4, 2022
Page 2

by the Court now to ensure that the expedited discovery process continues apace so that Moog is able to obtain its preliminary injunction.

I. **Skyryse's Failure to Answer Basic Questions Regarding its Recent Disclosures**

　　A.　　**Relevant Procedural History**

On March 11, 2022, this Court entered a Stipulated Order (ECF 25, 28) (the "March 11 Order"), which, among other things, directed the Defendants to deliver to Moog by April 1, 2022 all non-public Moog information and to preserve all potentially relevant documents and data. (*See* ECF 25, ¶¶ 2-6). During an April 8, 2022 hearing with Your Honor, Skyryse made the following representations to the Court:

- "We don't want any Moog information . . . if somehow some Moog confidential information found its way to Skyryse, and that happens, we will return it. If we can find it, we will return it immediately. We don't want it." (4/8/22 Transcript, 13:24-14:4);

- "we're happy to be transparent about what we're doing because we feel that strongly that we don't want the material . . . " (*Id*. at 14:4-8).

Between April 25 and 29, Skyryse made several disclosures to Moog and the Court. In summary, Skyryse disclosed, among other things:

- Moog non-public and confidential data, including source code, has been located on Skyryse's computers and systems, and not all of that data has been returned to Moog;

- The volume of search hits for Moog data is large and "concerning";

- Multiple Skyryse employees spoliated data after the filing of this lawsuit;

- Skyryse will need to amend/correct prior discovery responses, including sworn interrogatory responses;

- Former Moog employees and defendants Misook Kim and Robert Alin Pilkington have recently been terminated from Skyryse;

- At least 15 other Skyryse employees have been placed on administrative leave; and

- Skyryse has imaged 37 Skyryse-issued electronic devices involved in these events.

These events demonstrate Skyryse's ongoing violations and contempt of the March 11 Order (ECF 25, 28), including: a) Skyryse's possession and use of Moog's non-public information after March 11; b) Skyryse's admitted failure to preserve evidence and spoliation of data after March 11; c) Skyryse's failure to return Moog's non-public information to Moog on or before April 1 (as evidenced most recently by Skyryse's production of Moog source code files to Moog on April 29); d) Skyryse's failure to turn over to iDS all electronic devices containing Moog non-public information on or before April 1 (as evidenced most recently by Skyryse's turnover of Pilkington's

**SheppardMullin**

Honorable Judge McCarthy
May 4, 2022
Page 3

two Skyryse-issued laptops on April 29, and failure to turn over the 37 imaged devices to iDS by April 1); and e) Skyryse's provision of segregated Moog non-public information to iDS instead of directly to Moog (as discussed further in Exhibit 3).

Skyryse's ongoing disclosures are merely an attempt for Skyryse and its counsel to rectify the numerous and ongoing violations and contempt of the March 11 Order. During the April 26 conference, Skyryse stated to Moog and the Court that while its investigation remains ongoing, it understood Moog would have follow up questions and would provide answers to the extent responsive information became available. Skyryse also committed to correcting and supplementing its discovery responses served on April 13, 2022 (some of which were verified).

At Skyryse's invitation, on April 27, 2022, Moog sent a letter to Skyryse with a list of questions regarding Skyryse's disclosures specifically targeted to pieces of information that Skyryse already had in its possession, custody or control. (*See* Exhibit 1 at pp. 3-6). Moog requested that Skyryse provide answers to these and other questions by 5:00 p.m. EST on May 2. Moog also requested that Skyryse provide a date certain when it would correct its prior discovery responses. (*Id*. at p. 6). Finally, Moog requested that Skyryse provide a date certain when it would correct the false statements and misrepresentations made in various filings and submissions to the Court, including Skyryse's two motions to dismiss (ECF 48, 49). (*Id*.).

On May 4 at 1:29 a.m., well after Moog's requested response deadline, Skyryse served a response letter that provided limited information in response to Moog's questions. (*See* Exhibit 2). Skyryse answered a few of Moog's questions in full, including: a) an identification of the 37 devices that Skyryse imaged (but has yet to turn over to iDS); b) the search terms used by Skyryse to look for Moog data; c) which Skyryse employees received a litigation hold notice and when; and d) an identification of 103 file hits using a "Moog" search term from the 11,093 files from Pilkington's Skyryse-issued laptop. Skyryse also failed to indicate when its investigation and disclosures would be complete, corrected discovery responses would be served, corrected filings would be made, and the 37 imaged devices would be turned over. Notably, Skyryse did not answer fully or at all each of the following questions in Moog's April 27 letter:

- Which specific Skyryse electronic devices (individuals' devices and servers) have had search term hits to date? Please specifically identify them (including by USB serial number if available).
    - Who are the Skyryse employees that had search term hits on their electronic devices?
        - Of these employees, which ones worked on Pilkington's and Kim's team?
    - What are the search terms that hit on each device?
    - How many hits for each search term on each device?
- Has Skyryse determined if any of the hits using search criteria provided by Moog constitute complete or partial portions of Moog source code? If so, what are the file names, hash values, and/or other identifiers for such data?

SMRH:4867-7863-3502

**SheppardMullin**

Honorable Judge McCarthy
May 4, 2022
Page 4

- Gibson Dunn stated during the conference with Judge McCarthy that the discovered Moog data "primarily relates" to Pilkington and Kim and the projects they worked on. Please identify with specificity any discovered data or materials that were located on Skyryse's systems that does not relate to Pilkington and Kim, and the Skyryse employee(s) whose devices the data and/or materials were discovered on.

- Which specific Skyryse electronic devices (individuals' devices and servers) that contain evidence of data or materials being deleted after the filing of this lawsuit? Please specifically identify each of them.

- Which Skyryse employees' work-issued laptops contain evidence of data or materials being deleted after the filing of this lawsuit?

- Which of these Skyryse employees worked on Pilkington's and Kim's team?

- When did the confirmed deletions of data or materials by Skyryse employees occur? For each Skyryse employee involved, please identify all dates when data and/or materials were deleted.

    - Please identify any specific items (files, documents, data, etc.) that Gibson Dunn has confirmed were deleted, which device such items were deleted from, the size/volume of the deletion, and the date on which such items were deleted.

    - If Gibson Dunn has confirmed that any source code files (partial or complete) were deleted, please identify which of the deleted items described above contained source code.

- Which Skyryse employees have been placed on administrative leave in connection with this case?

    - Which employees were placed on administrative leave due to search term hits on electronic devices?

    - Which employees were placed on administrative leave due to data deletion?

    - Which employees were placed on leave due to both search term hits and data deletion?

    - If any employee was placed on administrative leave for any other reason in connection with this litigation, please identify the employee and the reason for placing that employee on leave.

- For the Skyryse employees placed on administrative leave in connection with this case, have all of their electronic devices that were used by them in the course of their employment by Skyryse been isolated and imaged?

SMRH:4867-7863-3502

**SheppardMullin**

Honorable Judge McCarthy
May 4, 2022
Page 5

Also, Skyryse did not answer questions about Moog data on smartphones, instead stating that "Skyryse does not issue smartphones to its employees." (Ex. 2, p. 1). However, Skyryse may permit its employees, either implicitly or explicitly, to use personal smartphones for work purposes, and if so, Moog is entitled to know whether its data is on these devices (and whether spoliation thereof has occurred on these devices).

      **B.    A Formal Disclosure Process is Required**

Skyryse's refusal to provide information responsive to the vast majority of Moog's questions is striking. Skyryse has located "concerning" volumes of Moog data on its systems and its employees have spoliated relevant data, and yet Skyryse is continuing to rely on an "ongoing investigation" to prevent Moog from understanding the scope and extent of Skyryse's misappropriation and spoliation. There is no additional investigation required for Skyryse to, for example, identify which of its employees have been placed on administrative leave, or which employees' devices were found to have spoliated data. Moog did not ask for a full identification of its files on Skyryse's systems or of all the data that was spoliated and when. Moog understands that may take additional time to investigate. But, given the gravity of Skyryse's disclosures, there is no justification for Skyryse to refuse to provide any responsive information.

It is evident that a more formal, written disclosure process and schedule is required that involves the Court. Absent such a process, Skyryse has shown it will continue to delay and rely on an "ongoing investigation" to shield Moog from understanding what has happened with its own confidential information and source code. Given the gravity of Skyryse's disclosures, and their direct impact on the merits of this case and Moog's need for injunctive relief, Skyryse cannot be rewarded for its conduct by further and open-ended delay.

Moog respectfully requests the following relief:

1. Skyryse be ordered to file with the Court two written disclosure updates. Skyryse's first written filing must answer in full all of Moog's unanswered questions in its April 27 letter (itemized above) and be provided on or before May 12, 2022, and Skyryse's second and final written filing must provide all additional information and complete its disclosure obligations on or before May 19, 2022;

2. Skyryse produce to Moog or iDS (if the information necessarily contains Skyryse information pursuant to the March 11 Order) all non-public Moog information in its possession, custody or control by May 12, 2022 (as it was required to do by April 1 under the March 11 Order);

3. Skyryse turn over to iDS the 37 imaged electronic devices on or before May 12, 2022 (as it was required to do by April 1 under the March 11 Order);

4. Skyryse serve its supplemental discovery responses on or before May 12, 2022;

**SheppardMullin**

Honorable Judge McCarthy
May 4, 2022
Page 6

    5.  Skyryse file corrections to any prior incorrect statements or misrepresentations in Court filings or submissions on or before May 12, 2022.[2]

**II.**    **Dispute Regarding AEO Provisions**

The legal and factual bases for Moog's proposed AEO provisions as to Skyryse and the Individual Defendants are set forth in its April 19 letter to the Court. (ECF 74). During the April 26 hearing, Moog advised the Court that in light of the concerning recent events and disclosures by Skyryse, its positions with respect to the proposed stipulated protective order and inspection protocol may change.

In its April 27 letter to Skyryse, Moog advised Skyryse that its revised position regarding the protective order is simple: the AEO provision must be revised to reflect a true AEO provision whereby any materials designated AEO cannot be shown to any Skyryse employees under any circumstances (other than designated in-house counsel). (Ex. 1 at pp. 6-7). The reason for this required modification is self-evident given the gravity of Skyryse's discoveries and disclosures. It is wholly improper and patently unfair to Moog to allow Skyryse employees (and former Moog employees) access to Moog's AEO materials and source code given that large volumes of Moog data have been located at Skyryse and Skyryse employees have spoliated data. Skyryse employees have lost any privilege to view the most sensitive information of its direct competitor and former employer. Moog is prepared to still allow defendants Kim and Pilkington to view AEO materials where Kim and Pilkington are identified as the author, sender, or recipient, and subject to additional protections that the parties have already agreed upon.

At Skyryse's request, Moog sent Skyryse a redlined draft of the stipulated protective order on May 2. (See Exhibit 3, Ex. A). On May 3, Skyryse stated via e-mail that it maintaining its position regarding the AEO provisions and objects to Moog's proposed draft.

Moog respectfully requests that the Court adopt Moog's proposed stipulated protective order enclosed as Exhibit 3-A filed concurrently herewith.

**III.**    **The Parties' Ongoing Dispute Regarding Inspection Protocol**

The legal and factual bases for Moog's proposed Inspection Protocol are set forth in detail its April 19 letter to the Court. (ECF 74). In its April 27 letter to Skyryse, Moog advised Skyryse that given the gravity of Skyryse's discoveries and the spoliation that has occurred, Moog stood by its position that its previously proposed protocol is the necessary and appropriate protocol in this case. (Ex. 1 at p. 7). Moog's outside counsel and expert witnesses need to directly review forensic images of the devices, including those that have been spoliated. Moog's proposed protocol is eminently reasonable, especially given that, among other things: (1) the forensic images by default receive "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL & EXPERTS' EYES

---

[2] Skyryse's May 4 letter refuses to file a correction for its Rule 12(b)(6) Motion to Dismiss because Skyryse is allegedly not "aware of any filed joinder to Skyryse's Rule 12(b)(6) Motion" by Pilkington and Kim and the "Motion has been properly withdrawn." (Ex. 3 at pp. 9-10). However, Kim and Pilkington's Notice of Motion clearly states they "join in the motion to dismiss Counts VI, IX and X of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) that was submitted by co-defendant Skyryse" and the title of the Notice of Motion reflects the same. (ECF 47). Skyryse's Rule 12(b)(6) Motion must also be corrected.

SMRH:4867-7863-3502

**SheppardMullin**

Honorable Judge McCarthy
May 4, 2022
Page 7

ONLY" protection (i.e., would not be shared with in-house counsel or other employees at Moog); (2) Moog's outside counsel and experts do not receive physical possession of the forensic images—instead, only iDS has physical possession, and Moog's outside counsel and experts must log on to iDS's virtual machine to inspect the forensic images; (3) Moog's outside counsel and experts can only inspect the forensic images while being monitored by iDS (including by videorecording the reviewer as s/he is conducting the inspection); and (4) the producing party will have an opportunity to review the forensic images for privileged material and have those excised before Moog's outside counsel and experts can inspect the forensic images. Skyryse's use of iDS to erect a wall between Moog and evidence of misappropriation and spoliation would be improper. On April 27, Moog requested Skyryse's confirmation on or before May 2 that it would agree to Moog's proposed Inspection Protocol. (Ex. 1 at p. 7). On May 4, Skyryse stated that it maintaining its position regarding the Inspection Protocol and objects to Moog's proposed draft.

To accommodate privacy concerns raised by defendants Kim and Pilkington, Moog has further revised its proposed Inspection Protocol to allow a screen for personally private information (such as personal banking information, medical information, and personal photographs) from personal electronic devices only, at the same time that the privilege screen is conducted. (*See* Exhibit 4).

Moog respectfully requests that the Court adopt Moog's proposed Inspection Protocol, of which a redlined copy (showing changes from the Inspection Protocol submitted by Moog on April 19 to address the privacy issue and proposed schedule below) is attached hereto as Exhibit 4.

### IV.   New Expedited Discovery Schedule

The current expedited schedule for the preliminary injunction hearing is keyed off of the parties' completion of discovery. (*See* ECF 33, ¶ 6 ("[Bullet] Defendants' deadline to file their Oppositions to Moog's Motion for Preliminary Injunction is May 27, 2022, *or 14 days after the final deposition concludes, whichever is later;* [Bullet] Moog's deadline to file its Reply in Support of its Motion for Preliminary Injunction is June 17, 2022, *or 21 days after Defendants' Oppositions are filed, whichever is later*; [Bullet] The hearing on Moog's Motion for Preliminary Injunction shall be scheduled for July 6, 2022, *or 14 days after Moog's Reply in Support of its Motion for Preliminary Injunction is filed, whichever is later*") (emphasis added).) However, discovery has been completely derailed by Skyryse's prior and ongoing violations and contempt of the Court's March 11 Order, untimely disclosure of the existence and integration of Moog data into Skyryse's systems and devices, spoliation of evidence, and efforts to block an inspection protocol that would permit reasonable and fair access to the evidence of Skyryse's prior and ongoing misconduct. It is clear now that the expedited schedule cannot be keyed to the completion of discovery, because Skyryse has engaged in a pattern of obstructing and delaying discovery. Instead, in order for this case to advance with the urgency that is required, particularly in light of Skyryse's spoliation and other litigation misconduct, the parties and the Court need a schedule with "hard" deadlines. Moog therefore asks that the Court reset the deadlines for expedited discovery and preliminary injunction hearing as follows:

**SheppardMullin**

Honorable Judge McCarthy
May 4, 2022
Page 8

May 19:
- Completion of document productions in response to expedited discovery requests.
- Completion of privilege review of Skyryse devices already in iDS custody as of today.

May 26:
- Deadline for parties to submit written discovery disputes to the Court for resolution.

June 2:
- Completion of privilege and privacy review of all remaining devices in iDS custody (to be provided to Moog on a rolling basis in the interim).

August 25:
- Completion of expedited discovery, including all depositions.

September 8:
- Opposition to PI motion due (which is 14 days after close of expedited discovery).

September 29:
- Reply to PI motion due (which is 21 days after opposition brief).

October 13:
- Presumptive PI hearing start date (which is 14 days after reply).

Moog circulated this proposed schedule to Defendants on May 3 but did not receive a response.

Very truly yours,

Rena Andoh
for SHEPPARD MULLIN RICHTER & HAMPTON LLP


cc: All counsel of record

SMRH:4867-7863-3502

Exhibit A5, page 43