# EXHIBIT A7

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
310.228.3700 main
www.sheppardmullin.com

424.288.3700 direct
knaqvi@sheppardmullin.com
File Number: 02HL-350124

June 30, 2022

**VIA E-MAIL ONLY**

Douglas E. Lumish — Doug.lumish@lw.com
Gabriel S. Gross — Gabe.gross@lw.com
Joseph H. Lee — Joseph.Lee@lw.com
Cassandra Baloga — Cassandra.Baloga@lw.com
Kelley Storey — Kelley.Storey@lw.com
Julianne Osborne — Julianne.osborne@lw.com
Arman Zahoory — Arman.zahoory@lw.com
Ryan Banks — Ryan.banks@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025

Re:   *Moog Inc. v. Skyryse, Inc., et al.*
      U.S. District Court, Western District of New York – Case No. 1:22-cv-00187
      Skyryse's June 27, 2022 Letter

Dear Counsel:

This responds to Skyryse's June 27, 2022 letter ("Letter") regarding the conversation between counsel that took place on May 18, 2022.

We first note that the Letter is not designated as a settlement communication pursuant to Evid. Code Section 1152, even though Skyryse's counsel attempted to designate the entire May 18 conversation as being confidential and privileged due to purportedly conveying settlement communications. Thus, we assume that Skyryse does not intend to assert any potential settlement privilege regarding the contents of the Letter and, relatedly, the statements made during the May 18 phone call. Unless instructed otherwise, we will treat any potential settlement privilege regarding the Letter and May 18 phone call as waived.

We appreciate that Skyryse contends that it is taking efforts to identify and return all Moog confidential information in its possession, custody or control. Indeed, this is required under the law and under the March 11 Order. However, we take issue with the notion that you did not hear back from us on these issues. On the contrary, we emphasized during the May 18 meeting that in order for Moog to meaningfully participate or advise on Skyryse's purported remediation process, Skyryse would need to be both transparent and honest as to its data systems, flight control software, and conduct of its employees. Yet to date, now almost four months into this case, Skyryse has yet to provide meaningful disclosures in this regard despite its repeated commitments of transparency to the Court and Moog.

**SheppardMullin**

Douglas E. Lumish
Gabriel S. Gross
June 30, 2022
Page 2

By way of example:

1. Skyryse has refused to answer basic questions from Moog regarding its April 26 disclosures regarding possession of Moog data and deletion of data by Skyryse employees, even though it invited questions from Moog and the Court ordered Skyryse to answer the remaining questions on June 16.

2. Skyryse has refused to identify the 15 employees it placed on administrative leave as a result of the April 26 disclosures, despite being ordered to do so by the Court on June 16.

3. Skyryse has refused to provide visibility into the search terms that hit on Moog files.

4. Skyryse has refused to produce several categories of responsive documents or provide information related to: a) the structure of its systems, networks, and servers; b) the development of its flight control software; and c) Skyryse's versioning and deletion logs for its flight control software.

5. Skyryse has refused to produce source code responsive to Moog's written discovery requests, even though its production was to be made by June 2.

6. Skyryse has refused to produce certain Moog files located on the personal devices of its employees.

7. Notwithstanding the foregoing, Skyryse claims it does not control the personal devices of its employees despite the Court's directives to the contrary on June 16.

These are just a handful of examples, and there are many others. In short, the assertion that Skyryse is "disappointed" by a lack of participation from Moog is not well-taken given Skyryse's litigation conduct throughout this case. In addition, we are disappointed that Skyryse's counsel has also contravened agreements reached by the parties and/or otherwise exhibited improper litigation conduct, such as most recently agreeing to a mutual exchange of positions on a sealing submission only to make substantive edits after receiving Moog's portion.

      This type of conduct continues to concern Moog, does not help the professional relationship amongst counsel, and provides Moog no comfort that Skyryse would ever be transparent as part of a joint-remediation effort. Skyryse's conduct is not consistent with a party that is genuinely forthright and earnest regarding not wanting or using Moog's confidential information. Given the conduct of Skyryse thus far, we have serious concerns that any participation by Moog into Skyryse's purported remediation efforts—without the necessary transparency and honesty from Skyryse—will be used against Moog in this litigation to further impair Moog's ability in discovery to determine what Skyryse has done and what Moog information it has possessed, destroyed, and otherwise misused.

**SheppardMullin**

Douglas E. Lumish
Gabriel S. Gross
June 30, 2022
Page 3

      Moog cannot consider participating in a joint-remediation effort until Skyryse provides full transparency about what has transpired and its remediation efforts. As always, we remain open to participating in this process should Skyryse be willing to do so.

Very truly yours,

*[signature]*

Kazim Naqvi
for SHEPPARD MULLIN RICHTER & HAMPTON LLP

SMRH:4863-0391-7862.2

cc:    All counsel of record