# EXHIBIT A8

| | |
|---|---|
| **From:** | Kazim Naqvi <KNaqvi@sheppardmullin.com> |
| **Sent:** | Wednesday, March 29, 2023 2:25 PM |
| **To:** | Solimano, Alexa (Bay Area); Lai Yip; Rena Andoh; Travis Anderson |
| **Cc:** | #C-M SKYRYSE - MOOG - LW TEAM; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; grant.gelberg@halpernmay.com; Michael Heins |
| **Subject:** | RE: Moog v. Skyryse (2:22-cv-09094-GW-MAR) - 30(b)(1) Notice of Deposition |

Counsel:

We object to the noticed depositions and contend they are unnecessary and improper for several reasons.

First, we are not aware of legal authority, nor has Skyryse provided any, that Skyryse is entitled to depose declarants as a matter of right simply because they included declarations in connection with a Motion to Enforce and for Contempt. Indeed, the Motion to Enforce is not a dispositive hearing, nor is it an evidentiary hearing. It is evident that Skyryse is merely seeking to delay adjudication of its violations of the TRO. To the extent Skyryse contends it is entitled to depose Messrs. Pixley and Crozier any time they submit a declaration, that would lead to the unreasonable and improper result that they would each be deposed several times.

Second, there is no good cause or need to depose Messrs. Pixley and Crozier. Their declarations merely cite to and summarize documents and data that have been produced and available to Skyryse for several months (except for the Tri Dao materials, which are being immediately produced to iDS, per our e-mail from earlier today). The conclusions of Messrs. Pixley and Crozier are clear based on the documents and data they reviewed, and Skyryse is free to submit its own opposing expert declarations. Any deposition of Messrs. Pixley and Crozier will merely require them to repeat what is already set forth in their declarations.

Third, Skyryse did not seek any deposition of Moog's experts when they previously submitted similar declarations in connection with non-dispositive motion practice. Indeed, on August 3, 2022, Mr. Crozier submitted a declaration in support of Moog's Motion to Compel Discovery Necessary for Further Trade Secret Identification. (Dkt. 210-01). In that declaration, Mr. Crozier expressly discussed and analyzed Skyryse's unlawful misappropriation and copying of Moog's MDTE, as well as Moog's software process checklist templates. These are similar issues that Mr. Crozier addresses in his recent declaration.  Skyryse never sought to depose Mr. Crozier regarding his prior declaration and, instead, submitted an opposing declaration from its own expert C. Douglass Locke which disputed the contents of Mr. Crozier's declaration. (Dkt. 242-3). There is no reason why Skyryse and its experts cannot do the same now in connection with Moog's Motion to Enforce.

Regardless, without waiving any rights, and to ensure that Skyryse does not further delay adjudication of Moog's Motion to Enforce, we are prepared to make Messrs. Pixley and Crozier available for deposition on the following conditions:

- Messrs. Pixley and Crozier are available for virtual deposition via Zoom any day/time between April 3-7. Due to family and health-related issues, Messrs. Pixley and Crozier are unable to travel during the week of April 3-7.
- The depositions of Messrs. Pixley and Crozier will be limited to 2 hours each, and this amount will be deducted from the 7 hour limit to depose these individuals in connection with any future depositions of them.
- The depositions of Messrs. Pixley and Crozier will be limited to the contents set forth in their declarations in support of Moog's Motion to Enforce. Further, Skyryse will be precluded from later deposing Messrs. Pixley and Crozier on the same subject matter covered during these depositions.
- In order to provide Moog with the opportunity to depose Skyryse's experts to the extent they provide any declarations in connection with Skyryse's opposition, while still maintaining the current hearing date, Skyryse's

opposition brief must be filed on April 17 (instead of April 24). This would still provide Skyryse more than one month to oppose Moog's Motion to Enforce.

- Moog will depose Skyryse's experts (who submit declarations in connection with Skyryse's opposition) via Zoom between April 19-25, also limited to two hours each. We request that Skyryse provide their experts' availability for deposition during this window no later than April 5, so that we can coordinate the depositions.

Please confirm your agreement to the foregoing.

Thanks,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

## SheppardMullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Alexa.Solimano@lw.com <Alexa.Solimano@lw.com>
**Sent:** Tuesday, March 28, 2023 4:33 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; rfluskey@hodgsonruss.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; grant.gelberg@halpernmay.com
**Subject:** Moog v. Skyryse (2:22-cv-09094-GW-MAR) - 30(b)(1) Notice of Deposition

Counsel:

Attached for service please find deposition notices for Moog's experts, Bruce Pixley and Kevin Crozier, for April 17, 2023 at Latham's offices in Menlo Park, California. We selected this date since time is of the essence in view of the May 15, 2023 hearing, but we will work with you to make other reasonable arrangements if the noticed date presents a conflict. To that end, please confirm the date and time in each deposition notice, or if there is a conflict, propose a couple reasonable alternative dates and times to Skyryse no later than March 31, 2023.

Best,
Alexa

**Alexa Lee Solimano**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8810
Email: alexa.solimano@lw.com
https://www.lw.com

_____

2

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.


Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.
Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.