**LATHAM & WATKINS LLP**
Douglas E. Lumish (SBN 183863)
doug.lumish@lw.com
Gabriel S. Gross (SBN 254672)
gabe.gross@lw.com
Arman Zahoory (SBN 306421)
arman.zahoory@lw.com
Rachel S. Horn (SBN 335737)
rachel.horn@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

*Attorneys for Defendant and Counterclaimant Skyryse, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC., <br><br> Plaintiff, <br><br> v <br><br> SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, <br><br> Defendants. <br><br> SKYRYSE, INC., <br><br> Counterclaimant, <br><br> v <br><br> MOOG INC., <br><br> Counterclaim-Defendant. | CASE NO. 2:22-cv-09094-GW-MAR <br><br> **DECLARATION OF STEPHEN KOO IN SUPPORT OF SKYRYSE'S OPPOSITION TO PLAINTIFF MOOG INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH THE MARCH 11, 2022 STIPULATED TRO (DKT. 25), AND FOR MONETARY AND ADVERSE INFERENCE SANCTIONS FOR CONTEMPT AND SPOLIATION** <br><br> Judge: Hon. George H. Wu <br> Crtrm: 9D |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

DECLARATION OF STEVEN KOO ISO SKYRYSE'S
OPP. TO MOOG'S MOT. TO ENFORCE COMPLIANCE WITH
MARCH 11 STIP. TRO AND SANCTIONS

I, Stephen Koo, declare as follows:

1. I am over the age of eighteen and competent to make this Declaration. The facts stated in this Declaration are within my personal knowledge or based on my personal investigation, and they are true and correct. If called to testify as a witness, I could testify to these facts truthfully.

2. I am the Chief Financial Officer of Skyryse, Inc. and work in El Segundo, California.

3. Alin Pilkington started as a Software Engineering Manager at Skyryse on or around November 15, 2021 and Skyryse terminated his employment on or around April 25, 2022.

4. Misook Kim started as a Software Design Engineer at Skyryse on or around December 20, 2021 and Skyryse terminated her employment on or around April 25, 2022.

5. Chi Hsin ("Alex") Wang started as a Systems and Electronics Testing Lead at Skyryse on or around February 10, 2022, Skyryse put him on administrative leave on or around April 6, 2022, and Skyryse terminated his employment on or around June 14, 2022.

6. Without revealing privileged contents of any confidential communications, I can confirm that on March 9, 2022, Skyryse issued a litigation hold notice relating to this action to 34 Skyryse employees including Mr. Wang. On March 10, 2022, Mr. Wang acknowledged that he had received and read the notice and understood his obligations.

7. Promptly upon learning of Moog's claims, Skyryse confirmed it had technological measures in place to ensure that all documents contained in Skyryse's cloud-based workspace platform, including emails and other electronic information, were preserved, and Skyryse has kept those measures in place throughout the pendency of this lawsuit.

8. At the outset of this case, Skyryse engaged a global e-discovery and forensics vendor, FTI Consulting, to assist Skyryse and its counsel with data preservation. This has been a significant undertaking. I understand that to date, FTI has worked with Skyryse to preserve over 20 terabytes of data from more than 200 sources, including over 100 devices.

9. On April 21, 2022, Skyryse issued a litigation hold to all remaining Skyryse employees who had not previously received one, which was an additional 40 employees.

10. On or around April 5, 2022, Skyryse's former outside counsel at Gibson Dunn scheduled an in-person meeting with Mr. Wang and met with him the following day.

11. On or around April 25, 2022, Skyryse learned that Mr. Wang had deleted files from his laptop on or around April 5 and 6, 2022. Skyryse did not know about, authorize, or condone Mr. Wang deleting any files potentially relevant to this action. On behalf of Skyryse, its counsel promptly contacted Moog's counsel to inform them of what they had learned. Skyryse promptly set about investigating and attempting to recover any potentially deleted files. That investigation has involved engaging two qualified forensics firms, FTI Consulting and Berkeley Research Group.

12. Out of an abundance of caution, Skyryse put numerous employees who had previously worked at Moog on administrative leave while it continued its investigation into Mr. Wang's files and Moog's accusations. As I mention above, Skyryse also terminated Mr. Wang's employment on or around June 14, 2022.

13. On or around August 3, 2022, Skyryse learned through Moog's publicly filed motion that Moog was alleging that a third-party contractor named Lori Bird, who worked remotely from out-of-state, had been utilizing checklists and development plan templates she had either obtained from her time at Moog or from Alin Pilkington. Skyryse was not aware of these accusations or alleged activities until it

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

DECLARATION OF STEVEN KOO ISO SKYRYSE'S
OPP. TO MOOG'S MOT. TO ENFORCE COMPLIANCE WITH
MARCH 11 STIP. TRO AND SANCTIONS

learned about them through Moog's filing. Skyryse terminated its relationship with Ms. Bird on or around August 28, 2022 after asking her to cooperate with Skyryse and its e-discovery vendor to image her relevant devices for preservation purposes related to this litigation.

14. Skyryse has also taken steps to ensure that its personnel cannot use without authorization information that could arguably constitute Moog's proprietary, confidential, or non-public information,.

15. I understand that Moog alleges in its sanctions motion that Skyryse has impermissibly made "continued use of Moog's MDTE software test framework after March 11, 2022," for what Moog describes as "Skyryse's copycat SDTE test framework." But, as part of its ongoing investigation and related efforts, by no later than July 6, 2022, out of an abundance of caution Skyryse had taken steps at the direction of management to ensure that the source code for its SDTE, or desktop test environment, was entirely removed from its source code repository. I understand that code is no longer there, and cannot be used by Skyryse personnel, contrary to Moog's suggestion.

16. I understand that Moog also alleges that Skyryse has impermissibly made continued use of Skyryse's SRTOS program after March 11, 2002, which Moog alleges is "essentially identical to Moog's eRTOS program." But, as part of its ongoing investigation and related efforts, by no later than July 6, 2022, out of an abundance of caution Skyryse had taken steps at the direction of management to examine the directories and files of source code for SRTOS, and to remove from its source code repository any files or directories that arguably constitute Moog's proprietary, confidential, or non-public information, and that Skyryse was unable to confirm were based only on internal Skyryse information or information generally known in the industry. I understand those directories and files are no longer there, and cannot be used by Skyryse personnel, contrary to Moog's suggestion.

17.     I understand that Moog also alleges that Skyryse has impermissibly made continued use of software development checklists that it contends are Moog's non-public information. But Skyryse has been diligently investigating Moog's accusations, including the accusations Moog made related to checklists on or around August 3, 2022. By no later than October 2022, out of an abundance of caution Skyryse had taken steps at the direction of management to replace all of its software checklists with new checklists provided by a third party called ConsuNova. I understand Skyryse personnel are no longer using software checklists other than those acquired from ConsuNova, contrary to Moog's suggestion.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and my investigation to date.

Dated: April 24, 2023

_____
Stephen Koo

US-DOCS\140989641.1