| | |
|---|---|
| Rena Andoh (admitted *pro hac vice*)<br>  randoh@sheppardmullin.com.com<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 653-8700<br><br>Lai L. Yip (SBN 258029)<br>  lyip@sheppardmullin.com<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 434-9100<br><br>Travis J. Anderson (SBN 265540)<br>  tanderson@sheppardmullin.com<br>12275 El Camino Real, Suite 100<br>San Diego, CA 92130<br>Telephone: (858) 720-8900<br><br>Kazim A. Naqvi (SBN 300438)<br>  knaqvi@sheppardmullin.com<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067<br>Telephone: (310) 228-3700<br><br>Attorneys for Plaintiff and Counterdefendant MOOG INC.<br><br>Rachel L. Fiset (SBN 240828)<br>  rachel.Fiset@zfzlaw.com<br>Scott D. Tenley (SBN 298911)<br>  scott.Tenley@zfzlaw.com<br>**ZWEIBACK FISET & ZALDUENDO LLP**<br>315 W. 9th Street, Suite 1200<br>Los Angeles, California 90015<br>Telephone: (213) 266-5170<br><br>Attorneys for Defendant ROBERT ALIN PILKINGTON | Douglas E. Lumish (SBN 183863)<br>  doug.lumish@lw.com<br>Gabriel S. Gross (SBN 254672)<br>  gabe.gross@lw.com<br>Arman Zahoory (SBN 306421)<br>  arman.zahoory@lw.com<br>Ryan T. Banks (SBN 318171)<br>  ryan.banks@lw.com<br>**LATHAM & WATKINS LLP**<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br><br>Attorneys for Defendant and Counterclaimant SKYRYSE, INC.<br><br>Grant B. Gelberg (SBN 229454)<br>  grant.Gelberg@halpernmay.com<br>Kevin H. Scott (SBN 274605)<br>  kevin.Scott@halpernmay.com<br>Alyssa L. Titche (SBN 313296)<br>  alyssa.Titche@halpernmay.com<br>Catherine Thompson (SBN 313391)<br>  catherine.Thompson@halpernmay.com<br>**HALPERN MAY YBARRA & GELBERG LLP**<br>550 South Hope Street, Suite 2330<br>Los Angeles, California 90071<br>Telephone: (213) 402-1900<br><br>Attorneys for Defendant MISOOK KIM |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS.1-50,<br><br>　　　　Defendants. | Case No. 2:22-cv-09094-GW-MAR<br><br>*Hon. George H. Wu*<br><br>**JOINT STIPULATION REGARDING DEADLINE FOR MOOG'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, AND DEFENDANTS' RESPONSES THERETO**<br><br>Complaint Filed:　　March 7, 2022<br>Counterclaims Filed:　January 30, 2023 |

IT IS HEREBY STIPULATED by and between Plaintiff and Counterdefendant Moog Inc. ("Moog"), Defendant and Counterclaimant Skyryse, Inc. ("Skyryse"), Defendant Robert Alin Pilkington ("Pilkington"), and Defendant Misook Kim ("Kim") (Kim and Pilkington are collectively referred to as the "Individual Defendants") (Moog, Skyryse, and the Individual Defendants are collectively referred to as the "Parties") through their respective attorneys of record, as follows:

WHEREAS, on March 7, 2022, Moog commenced this action with the filing of its Complaint (Dkt. 1);

WHEREAS, on May 31, 2022, the Individual Defendants filed a Motion to Dismiss Moog's Complaint under Rule 12(b)(6), seeking dismissal of Moog's causes of action for Tortious Interference with Prospective Economic Advantage, Unjust Enrichment, and Civil Conspiracy;

WHEREAS, on January 30, 2023, Skyryse served its Answer to Moog's Complaint, along with Affirmative Defenses and Counterclaims (Dkt. 348);

WHEREAS, on February 21, 2023, Moog filed a Motion to Dismiss all nine of Skyryse's Counterclaims under Rule 12(b)(2), (3) and (6) (Dkt. 360);

WHEREAS, on April 13, 2023, the hearing took place on the Individual Defendants' Motion to Dismiss portions of Moog's Complaint and Moog's Motion to Dismiss Skyryse's Counterclaims in their entirety;

WHEREAS, on April 14, 2023, the Court issued its final ruling regarding the Individual Defendants' Motion to Dismiss portions of Moog's Complaint and Moog's Motion to Dismiss Skyryse's Counterclaims in their entirety (Dkt. 439) (the "MTD Order"). Therein, the Court granted-in-part and denied-in-part the Individual Defendants' Motion to Dismiss Moog's Complaint, dismissing Moog's causes of action against the Individual Defendants for Tortious Interference with Prospective Economic Advantage and Unjust Enrichment, with leave to amend. The Court

granted-in-part and denied-in-part Moog's Motion to Dismiss Skyryse's Counterclaims, dismissing all or portions of Skyryse's counterclaims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Implied Contract, Fraud/Misrepresentation, Tortious Interference with Contractual Relationship, Intentional Interference with Existing Business Relationships, Intentional Interference with Prospective Business Advantage, and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200, with leave to amend;

WHEREAS, the Rule 26 Scheduling Conference was scheduled for April 20, 2023 at 8:30 a.m., and the Parties filed their Joint Rule 26(f) Report on April 17, 2023 (Dkt. 441);

WHEREAS, on April 19, 2023, the Court issued a Scheduling Order and took the Rule 26 Scheduling Conference off calendar (Dkt. 446). The Scheduling Order provides, in relevant part: "Given the Court's ruling on Defendants' motion to dismiss, the plaintiff is given until May 10, 2023 to file an amended pleading and Defendants shall respond by May 31, 2023. Thereafter, any further amendments must be made by motion under Rule 16";

WHEREAS, Moog planned to advise the Court during the Rule 26 Scheduling Conference that it intends to amend its Complaint beyond the limited scope of the Court's MTD Order, including to potentially add new claims and/or parties to the case, and to conform to the facts and evidenced obtained since the filing of Moog's initial Complaint more than one year ago;

WHEREAS, to promote judicial economy for the Court and all Parties, Moog desires to file a single Amended Complaint, rather than filing an Amended Complaint solely in response to the limited leave granted in the Court's MTD Order, and then simultaneously or subsequently filing a Motion for Leave to File an Amended Complaint afterwards;

WHEREAS, because it intends to amend its Complaint beyond the limited scope of the Court's MTD Order, Moog desires an additional 10 days from the deadline in the Court's Scheduling Order to file its Motion for Leave to File an Amended Complaint;

WHEREAS, in connection with any forthcoming Motion for Leave to File an Amended Complaint, Moog would meet and confer with Defendants as required under the Local Rules to determine if any resolution can be reached;

WHEREAS, the Parties agree that Defendants would have 21 days to respond to any Amended Complaint filed by Moog, including any amended counterclaims responsive to the Court's MTD Order, with the 21 day period commencing upon the later of: 1) the Court's ruling on Moog's forthcoming Motion for Leave to File an Amended Complaint; or 2) the entry of any Amended Complaint filed by Moog.[1]

NOW THEREFORE, subject to the Court's approval, the Parties stipulate and agree as follows:

1. In lieu of an Amended Complaint filed by May 10, 2023 solely in response to the limited leave granted in the Court's MTD Order, Moog may file on or before May 20, 2023 a Motion for Leave to File an Amended Complaint by which Moog can seek to add additional claims or parties to this lawsuit, unless the Parties stipulate (subject to the Court's approval) on or prior to that date that Moog may file the Amended Complaint, in which case Moog would file an Amended Complaint instead of a Motion for Leave to Amend;

2. Defendants may oppose Moog's forthcoming Motion for Leave to File an Amended Complaint in the ordinary course and under the procedures set forth under the Local Rules;

3. Defendants' deadline to respond to any Amended Complaint filed by

---

[1] This stipulation is made without prejudice to Defendants' ability to seek leave for additional time to respond to Moog's Amended Complaint.

Moog (including Skyryse's deadline to file any Amended Counterclaims), is 21 days from the later of: a) the Court's ruling on Moog's forthcoming Motion for Leave to File an Amended Complaint; or b) the entry of any Amended Complaint filed by Moog.

**IT IS SO STIPULATED.**

Dated: April 27, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Kazim A. Naqvi
  Kazim A. Naqvi
  Counsel for Plaintiff and Counterdefendant Moog Inc.

LATHAM & WATKINS LLP

By: /s/ Gabriel S. Gross
  Gabriel S. Gross
  Counsel for Defendant and Counterclaimant Skyryse, Inc.

ZWEIBACK FISET & ZALDUENDO LLP

By: /s/ Scott D. Tenley
  Scott D. Tenley
  Counsel for Defendant Robert Alin Pilkington

HALPERN MAY YBARRA & GELBERG LLP

By: /s/ Grant B. Gelberg
  Grant B. Gelberg
  Counsel for Defendant Misook Kim

# **ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4, I, Kazim A. Naqvi, attest that concurrence in the filing of this document has been obtained by all its signatories.

Dated: April 27, 2023                    /s/  *Kazim A. Naqvi*