Rachel L. Fiset (Cal. Bar No. 240828)
Scott D. Tenley (Cal. Bar No. 298911)
**ZWEIBACK, FISET & ZALDUENDO, LLP**
315 W. 9th Street, Suite 1200
Los Angeles, California 90015
Telephone: (213) 266-5170
rachel.fiset@zfzlaw.com
scott.tenley@zfzlaw.com

Attorneys for Defendant
ROBERT ALIN PILKINGTON

Grant B. Gelberg (Cal. Bar No. 229454)
Kevin H. Scott (Cal. Bar No. 274605)
Alyssa L. Titche (Cal. Bar No. 313296)
Catherine Thompson (Cal. Bar No. 313391)
**HALPERN MAY YBARRA & GELBERG LLP**
550 South Hope Street, Suite 2330
Los Angeles, California 90071
Telephone: (213) 402-1900
Grant.Gelberg@halpernmay.com
Kevin.Scott@halpernmay.com
Alyssa.Titche@halpernmay.com
Catherine.Thompson@halpernmay.com

Attorneys for Defendant
MISOOK KIM

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>SKYRYSE, INC., et al,<br><br>     Defendants. | No. 2:22-cv-09094-GW-MAR<br><br>**STATEMENT OF DEFENDANTS ROBERT ALIN PILKINGTON AND MISOOK KIM REGARDING PLAINTIFF MOOG, INC.'S MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S ORDERS AND FOR MONETARY SANCTIONS FOR CONTEMPT**<br><br>Hearing Date: May 10, 2023<br>Hearing Time: 11:00 a.m.<br>Hearing Loc.: Courtroom 790 |

# STATEMENT

Defendants Robert Alin Pilkington and Misook Kim (collectively, "Individual Defendants") respectfully submit this Statement regarding Plaintiff Moog Inc.'s pending "Motion to Enforce Compliance with the Court's Orders and for Monetary Sanctions for Contempt" (Dkt. 432) which is currently set for hearing on May 10, 2023 at 11:00 a.m., in Courtroom 790, before the Honorable Margo A. Rocconi, United States Magistrate Judge.

On May 4, 2023, counsel to Individual Defendants authorized third-party forensic vendor iDiscovery Solutions, Inc. ("iDS") to release for review by all parties, including Moog, the communications at issue in Judge McCarthy's November 10, 2022 Order (Dkt. 293, Hearing Tr., at 35-46), which are the subject of Moog's pending motion (*see* Dkt. 432 at 3). (Declaration of Catherine H. Thompson ("Thompson Decl.") ¶ 2.) Specifically, counsel authorized iDS to release all communications for the period March 7, 2019 to December 31, 2020 found on the following devices: E0003, E0004, E0014, E0021, and E0022. (*Id.*) Counsel simultaneously provided to iDS reports identifying specific communications to be withheld from release based on assertions of privilege and personal privacy, as permitted under the Court-ordered inspection protocol (Dkt. 96-02 at § III.5). (Thompson Decl. ¶ 3.) No communications were to be excised from release on the basis of a Fifth Amendment privilege claim. (*Id.* at ¶ 4.)

As of May 5, 2023, iDS is processing the list of communications to be excised on privilege and privacy grounds. (*Id.* at ¶ 5.) iDS has not provided an estimate of when the communications will be released to Moog and all other parties for review. (*Id.*) Individual Defendants, however, have fully authorized the release of the communications described in the November 10 Order and are assisting iDS with any requests to facilitate that process.

As this discussion indicates, Individual Defendants – now having had sufficient time to review the communications at issue and evaluate whether there is an ongoing need to assert their Fifth Amendment privileges over the act of production implicated by the November 10 Order – have determined that the continued assertion of a Fifth Amendment

privilege is not necessary. As such, Individual Defendants respectfully advise the Court, in the interest of preserving judicial resources, that the Court's consideration of certain Fifth Amendment-related issues and arguments within Individual Defendant's opposition brief (*see, e.g.*, Dkt. 449 at 16-18) has been mooted because Individual Defendants no longer assert that privilege.

Although Individual Defendants requested that Moog takes its motion off calendar, Moog refused to do so unless Individual Defendants paid money to Moog. (Thompson Decl. Ex. 1.) For the reasons set forth in Individual Defendants' opposition brief (Dkt. 449 at 19-20), Individual Defendants maintain that monetary sanctions are inappropriate and have refused to pay the money demanded by Moog, especially under the unique and challenging circumstances presented here.

Respectfully Submitted,

DATED: May 5, 2023  ZWEIBACK, FISET & ZALDUENDO LLP

By: /s/ *Scott D. Tenley*
SCOTT D. TENLEY

Attorneys for Defendant
ROBERT ALIN PILKINGTON

DATED: May 5, 2023  HALPERN MAY YBARRA & GELBERG LLP

By: /s/ *Grant B. Gelberg*
GRANT B. GELBERG

Attorneys for Defendant
MISOOK KIM

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4, I, Scott D. Tenley, attest that concurrence in the filing of this document has been obtained by all its signatories.

DATED: May 5, 2023               ZWEIBACK, FISET & ZALDUENDO LLP

                                 By:   /s/ *Scott D. Tenley*
                                       SCOTT D. TENLEY

                                 Attorneys for Defendant
                                 ROBERT ALIN PILKINGTON

1