| | |
|---|---|
| 1 | Rena Andoh (admitted *pro hac vice*) |
| 2 | randoh@sheppardmullin.com.com<br>**SHEPPARD, MULLIN, RICHTER &** |
| 3 | **HAMPTON LLP**<br>30 Rockefeller Plaza |
| 4 | New York, NY 10112<br>Telephone: (212) 653-8700 |
| 5 | Facsimile: (212) 653-8701 |
| 6 | Lai L. Yip (SBN 258029)<br>lyip@sheppardmullin.com |
| 7 | Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111 |
| 8 | Telephone: (415) 434-9100<br>Facsimile: (415) 434-3947 |
| 9 | Travis J. Anderson (SBN 265540) |
| 10 | tanderson@sheppardmullin.com<br>12275 El Camino Real, Suite 100 |
| 11 | San Diego, CA 92130<br>Telephone: (858) 720-8900 |
| 12 | Facsimile: (858) 509-3691 |
| 13 | Kazim A. Naqvi (SBN 300438)<br>knaqvi@sheppardmullin.com |
| 14 | 1901 Avenue of the Stars, Suite 1600 |
| 15 | Los Angeles, CA 90067<br>Telephone: (310) 228-3700 |
| 16 | Facsimile: (310) 228-3701 |
| 17 | Attorneys for Plaintiff and<br>Counterdefendant Moog Inc. |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 20 | MOOG INC., | Case No. 2:22-cv-09094-GW-MAR |
| 21 | Plaintiff, | *Hon. Margo A. Rocconi* |
| 22 | v. | **PLAINTIFF AND COUNTER-DEFENDANT MOOG INC.'S** |
| 23 | SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS.1-50, | **RESPONSE TO INDIVIDUAL DEFENDANTS' STATEMENT REGARDING MOOG'S MOTION TO ENFORCE AND FOR SANCTIONS** |
| 24 | | |
| 25 | Defendants. | |
| 26 | | Date: May 10, 2023<br>Time: 11:00 a.m. |
| 27 | SKYRYSE, INC., | Place: Courtroom 790 |
| 28 | Counterclaimant, | |

SMRH:4893-2289-7762

MOOG'S RESP TO INDIV. DEFS' STMT RE MOOG'S MTN TO ENFORCE

| | | |
|---|---|---|
| 1 | vs. | Complaint Filed:   March 7, 2022 |
| 2 | MOOG INC., | Counterclaims Filed: January 30, 2023 |
| 3 | Counterdefendant. | |

Plaintiff and Counterdefendant Moog, Inc. hereby provides a brief response to the unauthorized "Statement" filed by defendants Misook Kim and Robert Alin Pilkington (collectively, the "Individual Defendants") on May 5, 2023 (Dkt. 469).

As a threshold matter, the Individual Defendants' Statement should be disregarded and stricken in its entirety as an unauthorized and improper sur-reply. Local Rule 7-10 provides: "Absent prior written order of the Court, the opposing party shall not file a response to the reply." The Statement is a response to Moog's Reply filed on April 26, 2023 (Dkt. 458), in support of its Motion to Enforce, and the Individual Defendants' never sought the Court's approval to file such a response.

Regardless, there is no basis to take the hearing on Moog's Motion to Enforce off-calendar. The disputes that are the subject of that Motion have not been resolved. While the Individual Defendants have only just now made efforts to produce the Court-ordered communications—almost seven months after the underlying November 10, 2022 order—such severely untimely actions do not absolve their prior improper and sanctionable conduct.[1] Because of the Individual Defendants' outright refusal to comply with the Court's many orders for several months, Moog was forced to expend considerable resources in filing a Motion and Reply. The Individual Defendants' "Statement" attempts to persuade the Court to ignore the Individual Defendants' unreasonable delay, obstruction, and frivolous Fifth Amendment assertions over the course of several months. But, the law is clear that compliance with discovery requests or court orders, only after a party was forced to file a motion, is nevertheless grounds for mandatory sanctions. Rule 37(a)(5)(A), cited in Moog's reply brief, expressly provides: "If the motion is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court **must**, after giving an opportunity to be heard, require the

---

[1] The Individual Defendants only produced such communications to iDS, and the communications have still not yet been made available for Moog's review.

party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both ***to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees***." (Emphasis added.) Moog is properly compensated for its reasonable expenses incurred in connection with its Motion to Enforce. Moog expressly advised the Individual Defendants that it would agree to take the Motion off-calendar if it received before the hearing a reduced sanctions amount ($7,650 instead of the $9,350 requested). (Dkt. 469-1, pp. 6-7.) This is entirely reasonable given that it was the Individual Defendants' deliberate conduct and delay that forced Moog to incur such fees to bring the Motion. Yet, the Individual Defendants have refused this reasonable request.

The hearing on Moog's Motion to Enforce must proceed, as outstanding issues related to whether the Individual Defendants are in contempt of the Court's orders, and an award of monetary sanctions, remain outstanding.

Dated: May 8, 2023    SHEPPARD MULLIN RICHTER & HAMPTON LLP

By    */s/ Rena Andoh*
Rena Andoh

Attorney for Plaintiff and Counterdefendant
MOOG INC.