# Exhibit B

```
 1                  UNITED STATES DISTRICT COURT

 2                 WESTERN DISTRICT OF NEW YORK

 3
     - - - - - - - - - - - - - - X
 4   MOOG INC.,                   )     22-CV-187
                   Plaintiff  )
 5   vs.
                                        Buffalo, New York
 6   SKYRYSE, INC., et al        )     July 15, 2022
                   Defendant.
 7   - - - - - - - - - - - - - - X
     ORAL ARGUMENT
 8   Proceeding held via Zoom for Government Platform
     All parties appeared remotely.
 9   Transcribed from audio of Zoom for Government Platform

10                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JEREMIAH J. MCCARTHY
11                UNITED STATES MAGISTRATE JUDGE

12
     FOR PLAINTIFF: SHEPPHARD MULLIN RICHETER & HAMPTON, LLP
13                  BY: RENA ANDOH, ESQ.
                        LAI YIP, ESQ.
14                      KAZIM A. NAQVI, ESQ.
                           -and-
15                  HODGSON RUSS, LLP
                    BY: ROBERT J. FLUSKEY, JR, ESQ.
16                      PAULINE MUTO, ESQ.

17   FOR DEFENDANT:    LATHAM & WATKINS, LLP
                       BY: DOUGLAS E. LUMISH, ESQ.
18                         GABRIEL S. GROSS, ESQ.
                           KELLEY STOREY, ESQ.
19                         ARMAN ZAHOORY, ESQ.
                           RYAN BANKS, ESQ.

20

21   FOR DEFENDANT
     PILKINGTON/KIM: WINGET, SPADAFORA & SCHWARTZBERG, LLP
22                  BY: ALEXANDER ASHER TRUITT, ESQ.
                        ANTHONY D. GREEN, ESQ.

23

24   COURT REPORTER: Karen J. Clark, Official Court Reporter
                     Karenclark1013@AOL.com
25                   100 State Street
                     Rochester, New York 14614
```

Case 2:22-cv-09094-GW-MAR Document 475-3 Filed 05/09/23 Page 3 of 4 Page ID #:11908
Case 1:22-cv-00187-LJV-JJM Document 204 Filed 07/21/22 Page 26 of 57

26

```
                1         MOOG, INC. VS. SKYRYSE, INC.
13:38:30        2    just so that they can get some kind of a response to
13:38:35        3    their interrogatory now that we're then going to have to
13:38:38        4    continue to modify four or five or six times as we
13:38:41        5    continue to get access to these files and we continue to
13:38:44        6    identify these lists.  So, I think our original proposal
13:38:48        7    would have been to say, when we renew our motion for
13:38:56        8    preliminary injunction, which we're going to do at the
13:39:00        9    close of fact discovery, that, at that point in time, we
13:39:06       10    include the full identification of trade secrets so that
13:39:09       11    they have plenty of time to oppose that identity of
13:39:15       12    trade secrets in their motion and that they have plenty
13:39:29       13    of opportunity to prepare for the hearing before Judge
13:41:13       14    Vilardo, and so that the entire briefing before Judge
13:41:17       15    Vilardo is consistent with what we're actually claiming
13:41:19       16    for purposes of the preliminary injunction hearing.  I
13:41:23       17    think that, again, no one is saying that we're not going
13:41:25       18    to do it.  And, your Honor, we also, I almost feel
13:41:29       19    sheepish saying this, but, you know, this is not because
13:41:32       20    of a lack of effort on our part or because of lack of
13:41:35       21    organization or because, you know, we're hiding the ball
13:41:37       22    or intentionally trying to put them at a disadvantage in
13:41:40       23    the discovery process.  The whole reason we asked for
13:41:43       24    expedited discovery in the first place is so that we
13:41:49       25    could perform this identification before we got to the
```

Case 2:22-cv-09094-GW-MAR   Document 475-3   Filed 05/09/23   Page 4 of 4   Page ID #:11909
Case 1:22-cv-00187-LJV-JJM   Document 204   Filed 07/21/22   Page 43 of 57

43

```
                1              MOOG, INC. VS. SKYRYSE, INC.
14:34:17        2    identified what it is that is on the devices that have
14:34:21        3    been produced over to IDS with any specificity.
14:34:24        4              Ultimately, your Honor, I think you, know
14:34:26        5    notwithstanding the fact that I've kind of gone on a
14:34:30        6    little bit of a diatribe here, we're in 100 percent
14:34:34        7    agreement with your Honor to the extent that we are
14:34:36        8    entirely committing to giving an identification of trade
14:34:40        9    secrets if we are just given the access we've been
14:34:45       10    trying to get for four months now to these images at IDS
14:34:49       11    and we get a reasonable amount of time to review them so
14:34:55       12    that we can compile a list that is actually going to be
14:34:58       13    meaningful.  And I'll also say, in response to their
14:35:02       14    suggestion that we continue to update or we continue to
14:35:11       15    supplement, if we have to continue to supplement with
14:35:15       16    given the volume that is involved here, we're talking
14:35:18       17    about potentially hundreds of thousands of individual
14:35:21       18    identifications.  If we have to continue to do this over
14:35:24       19    and over again, it's going to become a full-time job for
14:35:27       20    us to just supplement.  It makes infinite sense what
14:35:33       21    your Honor is proposing that if they are to have an
14:35:36       22    identification of trade secrets prior to depositions
14:35:41       23    commencing, that we do this once we turn it over to them
14:35:44       24    and then depositions commence.
14:35:46       25              MAGISTRATE JUDGE MCCARTHY:  Now, let me ask,
```