# Exhibit F

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
310.228.3700 main
www.sheppardmullin.com

424.288.3700 direct
knaqvi@sheppardmullin.com

March 24, 2023

**VIA E-MAIL ONLY**

| | |
|---|---|
| Douglas E. Lumish | Doug.lumish@lw.com |
| Gabriel S. Gross | Gabe.gross@lw.com |
| Joseph H. Lee | Joseph.Lee@lw.com |
| Cassandra Baloga | Cassandra.Baloga@lw.com |
| Kelley Storey | Kelley.Storey@lw.com |
| Julianne Osborne | Julianne.osborne@lw.com |
| Arman Zahoory | Arman.zahoory@lw.com |
| Ryan Banks | Ryan.banks@lw.com |

LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025

Re:   *Moog Inc. v. Skyryse, Inc., et al.*
      U.S. District Court, Western District of New York – Case No. 1:22-cv-00187
      <u>March 17, 2023 Meet and Confer Re: ITAR Issues</u>

Dear Counsel:

This letter follows up from our March 17, 2023 telephonic meet and confer regarding ITAR issues.

First, I expressly asked Skyryse's counsel to certify that all historical and current members of the skyrysemoog.lwteam@lw.com listserv e-mail address are U.S. Citizens, as they are required to be to access AEO designated materials under the Protective Order. (Dkt. 89, § 6.5). Skyryse's counsel refused to answer the question or provide any such certification. Skyryse's repeated refusal to provide this certification is extremely concerning to Moog, and supports our suspicion that there have been violations of the Protective Order in disclosing AEO-designated materials to non-U.S. citizens. We intend to raise this issue with the Court.

Second, regarding Skyryse's claims that Moog has over-designated ITAR materials, I advised that Skyryse has not provided any legal authority that would support a position that Moog is required to alter its designations or update markings on specific materials that may be controlled under ITAR. Skyryse did not raise any such legal authority during our call and has not provided any to us.

Third, as we had done multiple times before, I asked Skyryse's counsel to identify any specific prejudice that it is allegedly suffering due to Moog's ITAR-designations. The one example you provided was that certain Latham case team members may travel internationally and may be unable to access Moog's trade secret disclosure involving sensitive government programs. This is not a legitimate basis of burden, and I suggest you again check with members of your firm regarding the ability to access ITAR-designated materials internationally. Skyryse has still not identified any specific or legitimate burden that it contends it is facing.

**SheppardMullin**

Douglas E. Lumish, Esq.
Gabriel S. Gross, Esq.
March 24, 2023
Page 2

      Fourth, you brought up questions regarding logistics regarding how the Parties would file Moog's trade secret disclosure with the Court. This is not a complicated issue. Our position is that Moog's trade secret disclosure would be filed under seal in its entirety with the Court in the normal course, and as set forth in the Protective Order and the Court's local rules. If Skyryse chooses to file the document, it would conditionally lodge such materials under seal, and Moog would then file a response declaration setting forth the grounds to seal the documents in their entirety.

      Finally, we note that in Section 1.5 of the Protective Order (Dkt. 89), Skyryse's designated in-house counsel authorized to view AEO materials is listed as Jeri Rouse Looney. We understand that Ms. Looney has not been employed by Skyryse for several months. Skyryse has never requested any amendment to the Protective Order for a replacement to Ms. Looney. Thus, since Ms. Looney's departure, nobody at Skyryse has been permitted to view AEO materials. We ask Skyryse to confirm that since Ms. Looney's departure, nobody at Skyryse has received AEO materials designated by Moog.

      All rights are expressly reserved.

Very truly yours,

*[signature]*

Kazim Naqvi
for SHEPPARD MULLIN RICHTER & HAMPTON LLP