UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-09094-GW (MAR) | Date: May 16, 2023 |
| Title: _Moog Inc. v. Skyryse, Inc. et al._ | |

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: MOTION TO ENFORCE COURT ORDER AND IMPOSE CONTEMPT SANCTIONS OR COSTS, DKT. 432**

On April 4, 2023, Plaintiff, Moog Inc. ("Moog") filed a Motion to Enforce ("Motion") a Court Order and requested contempt sanctions and/or costs incurred for bringing the Motion. ECF Docket Nos. ("Dkt.") 432. For the reasons set forth below, Moog's Motion to Enforce and request for contempt sanctions or costs is **DENIED**, without prejudice.

### I.
### BACKGROUND

Plaintiff Moog is an aerospace and defense company. Dkt. 1 at 4. "The company's largest business segment is aircraft controls, which generates revenues from military and commercial aircraft in addition to aftermarket support." Id.

Moog alleges as follows:

Around 2021, Defendant Skyryse Inc. ("Skyryse"), a competing company, hired twenty (20) Moog employees, including individual Defendants Misook Kim and Alin Pilkington (collectively, "individual Defendants"). Id. at 24–25. In January 2022, Moog investigated whether any individuals who had left Moog for Skyryse had taken or copied files from Moog. Id. at 28–29. That investigation "revealed that, while still a Moog employee, on November 19, 2021, Defendant Kim copied [a] significant volume of data from Moog's internal servers to an external hard drive, amounting to greater than 136,000 files." Id. at 29. While Kim had access to these files on her own, she specifically used the file path of Defendant Pilkington—Kim's former direct supervisor—to retrieve the files. Id. at 32. Additionally, many of the stolen files were deleted, making it difficult for Moog to identify with particularity which trade secrets were stolen. Dkt. 205 at 3. The briefing in the case indicates that there were about 1.4 million files stolen. Dkt. 432 at 29–30. Moog had to comb through every file (some of which have been destroyed) before they could identify the stolen trade secrets. Id. The Court ordered certain discovery to enable Moog to identify the stolen trade secrets; this is the order that forms the basis of the instant Motion. Id. However, Moog submitted their trade secret identification in February 2023. Dkt. 365.
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:22-cv-09094-GW (MAR)                                           Date:  May 16, 2023

Title:  *Moog Inc. v. Skyryse, Inc. et al.*

## II.
## PROCEDURAL HISTORY

The instant action has a lengthy and complex procedural history.  Accordingly, the Court sets out relevant events in a table, below:

| Date | Event |
| --- | --- |
| 3/8/22 | Individual Defendants were served with the Complaint, which included a claim for trade secret misappropriation under the DTSA, which carries criminal penalties.  Dkt. 1. |
| 3/11/2022 | A stipulated TRO was filed and entered requiring the individual Defendants to produce all Moog non-public information and all electronic devices used in the last 12 months to a neutral forensic vendor, iDiscovery Solutions ("iDS").  Dkts. 25, 28. |
| 4/1/2022 | In compliance with the TRO, the Individual Defendants produced twenty-three (23) electronic devices to iDS (the "iDS Electronic Devices").  Dkt. 432 at 10. |
| 4/11/2022 | Moog's counsel e-mailed the court, copying all counsel, advising that the FBI would like certain transcripts unsealed because of an ongoing criminal investigation.  Dkt. 228-04. |
| 6/13/2022 | Counsel for the individual Defendants provided e-mail consent for the unsealing of transcripts for FBI purposes, and the court granted Moog's unopposed Motion to Unseal. Dkts. 152, 228-05. |
| 6/16/2022 | Defendant Pilkington retained criminal defense counsel.  Dkt. 229-1 at 10. |
| 6/29/2022 | Moog was given access to the independent Defendants' iDS Electronic Devices.  All counsel were copied on this email, and the individual Defendants' counsel did not object. Dkt. 228-08. |
| 7/5/2022 | Defendant Kim retained criminal defense counsel.  Dkt. 229-1 at 10. |
| 7/27/2022 | Individual Defendants raised their intention to seek a stay of this action based on potential Fifth Amendment concerns.  Dkts. 206, 228-10. |
| 7/29/2022 | Individual Defendants unilaterally revoked Moog's access to the iDS Electronic Devices. Dkt. 228-10. |
| 8/3/2022 | Defendants filed Motion for a stay based on the pending parallel criminal investigation. Dkt. 214. |
| 8/11/2022 | Moog filed a Motion to restore access to the iDS electronic devices.  Dkt. 228. |
| 8/29/22 | Magistrate Judge McCarthy granted Moog's Motion to restore access, and denied the individual Defendants' Motion to claw back the iDS electronic devices.  Dkt. 253.<br><br>The judge found:<br>　　1) the iDS devices were not subject to a Fifth Amendment privilege;<br>　　2) the production of such devices was not compelled or testimonial; and<br>　　3) if any Fifth Amendment privilege existed, it had been waived when the individual Defendants voluntarily submitted their devices to iDS.  Id. at 4–10. |
| 10/4/2022 | District Judge Vilardo affirmed Judge McCarthy's August 29, 2022 order.  Dkt. 272. |
| 11/10/2022 | Judge McCarthy ordered the individual Defendants to produce all communications between March 7, 2019 and December 31, 2020 from five specific iDS devices.  Dkts. 292; 293 at 35–46. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-09094-GW (MAR)                                                          Date:  May 16, 2023

Title:     *Moog Inc. v. Skyryse, Inc. et al.*

| | |
|---|---|
| 12/7/2022 | Individual Defendants' prior counsel agreed to produce the court ordered communications from the five iDS devices by the end of the following week.  Dkt. 432-1 at 7. |
| 12/15/2022 | The case was transferred to C.D. Cal.  Dkt. 297. |
| 1/13/2023 | Moog reached out to individual Defendants' counsel to ask when the discovery would be provided.  Dkt. 432-1 at 7. |
| 2/21/2023 | Plaintiff Moog identified the trade secrets.  Dkt. 365 at 8. |
| 3/7/2023 | Counsel for individual Defendants withdrew and new counsel substituted in.  Dkts. 377, 378, 379. |
| 3/09/2023 | Individual Defendants' new counsel refused to meet and confer or produce the court ordered communications stating they had not had time to review the case.  Dkt. 432-1 at 20. |
| 3/16/2023 | All Defendants filed Motion to stay case.  Dkts. 292, 293. |
| 4/3/2023 | Plaintiff Moog filed Motion to Enforce Court Order and Request contempt sanctions or costs.  Dkt. 432. |
| 4/19/2023 | Individual Defendant's filed an opposition.  Dkt. 449. |
| 4/26/2023 | Moog filed a reply.  Dkt. 458. |
| 5/5/2023 | Individual Defendants filed a statement saying they have complied with the court order and the Motion is moot, but also noted that Moog did not believe the Motion was moot because they had asked the Court to award costs.  Dkt. 469. |
| 5/5/2023 | Moog filed a response to Defendants' Statement stating that their Motion was not moot because they were still seeking fees.  Dkt. 470. |

### III.
### DISCUSSION

**A.      MOTION TO ENFORCE**

The Court finds that Moog's request for an order compelling Defendants to comply with Judge McCarthy's November 10, 2022 order is now moot.  Moog argues that, despite Defendants' apparent authorization, they still do not have actual possession of the files.  Dkt. 470.  However, it is clear from the transcript of the November 10, 2022 hearing that Moog requested that the information on the five (5) iDS electronic devices be made available to them through iDS.  Dkt. 293 at 44.  Defendants have apparently now authorized iDS to give Plaintiff Moog access to the iDS electronic devices at issue.  This satisfies Defendants' obligation with respect to the November 10, 2022 order.  Therefore, Moog's request to compel Defendants' compliance with the order is moot because there is no further action the Court can currently order Defendants to take.

However, this issue could become live again in the future if Defendants take actions that would stall or obstruct iDS's efforts to provide the devices to Moog.  Defendants have apparently attempted to claw back the devices in the past; should Defendants engage in any gamesmanship or attempt to prevent Moog from obtaining the discovery without first seeking relief from the Court, the response of this Court will not be gracious.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-09094-GW (MAR)                                                    Date:  May 16, 2023

Title:  *Moog Inc. v. Skyryse, Inc. et al.*

**B.     REQUEST FOR SANCTIONS**

Even though Moog's request to compel Defendants' compliance appears moot, this does not necessarily moot Moog's request for sanctions.  However, the Court declines to award costs at this time.  As noted above, Defendants have authorized iDS to release the information sought by Moog; if, however, Defendants rescind Moog's access in anyway, Moog is free to renew its motion for the costs undertaken by this Motion and any subsequent motions necessary to secure this discovery.

   **1.     Contempt**

      **a.     Law**

With the exception of circumstances not relevant here, Rule 37 authorizes a court to "treat[] as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(vii).  Civil contempt is designed to compel a party's obedience to a specific and definite court order after that party has failed to take all reasonable steps to comply, and to deter litigants from engaging in untoward litigation tactics.  See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006); accord NHL v. Metro. Hockey Club, 427 U.S. 639, 643 (1976).  The burden of showing by clear and convincing evidence that the offending party violated a specific and definite order of the court falls upon the moving party.  FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999).

However, absent consent by the parties, magistrate judges lack contempt authority except in limited circumstances, none of which are applicable here.  See 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656–57 (9th Cir. 1996). Absent consent, a magistrate judge may only investigate whether further contempt proceedings are warranted and, if so, "certify" such facts to a district judge.  28 U.S.C. § 636(e)(6); see also C.D. Cal. Gen. Order 05-07; Aguilar v. City of Azusa, No. CV14-9183-GW (JPRX), 2016 WL 11755112 (C.D. Cal. Jan. 5, 2016).

   28 U.S.C. § 636(e)(6) states:

   the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-09094-GW (MAR)                                                    Date:  May 16, 2023

Title:     *Moog Inc. v. Skyryse, Inc. et al.*

Id.  Essentially, the magistrate judge's role is to determine whether Plaintiff has established a prima facie case of contempt—i.e., whether Plaintiff has shown by clear and convincing evidence that Defendant violated a court order.  See Aguilar, 2016 WL 11755112 at *2; In re Dyer, 322 F.3d 1178, 1190–91 (9th Cir. 2003) (noting that, to find a party in civil contempt, the moving party must show "by clear and convincing evidence that the contemnors violated a specific and definite order of the court.").

Specifically, to establish civil contempt, the moving party must demonstrate "(1) that [the disobeying party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010) (quoting Labor/Cmty. Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009)).  Once the moving party makes this showing, the burden shifts to the disobeying party to demonstrate it "took all reasonable steps within [its] power to insure compliance" with the court's order.  Hook v. Ariz. Dep't of Corr., 107 F.3d 1397, 1403 (9th Cir. 1997) (citation and quotation marks omitted).  In the Ninth Circuit, a court may impose a civil contempt fine where the court finds that there was "willful disobedience of a court order . . . or where the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2015) (quoting Fink v. Gomez, 239 F.3d 989, 991–93 (9th Cir. 2001)); see also Fuentes v. Maxim Healthcare Servs., No. 2:17-cv-0102-AB (Ex), 2019 WL 1751822, at *3 (applying Evon to motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii)).  "Any doubts as to whether these requirements have been met in a particular case must be resolved in favor of the party accused of the civil contempt." O'M & Assocs., LLC v. Ozanne, No. 10cv2130 AJB(RBB), 2011 WL 2160938, at *4 (C.D. Cal. June 1, 2011) (quoting 7 Moore's Federal Practice § 37.51[7][b]).

  b.  Analysis

Here, the Court finds that Moog has failed to establish a prima facie case of contempt. Although Moog convincingly argues that the individual Defendants were, at the time of filing, in violation of a clear discovery order, Moog has not met its burden to establish by clear and convincing evidence that any violation of the Order was contemptuous.  See Bright, 596 F.3d at 694. Notably, the November 10, 2022 order did not establish a firm deadline for compliance; accordingly, Moog's argument that Defendants have taken too long to comply does not, on its own, demonstrate bad faith, vexatious, wanton, or oppressive conduct meriting the civil contempt sanction.  See Evon, 688 F.3d at 1035.

On the contrary, Defendants' delay is not entirely unreasonable.  It is true that Defendants have taken six (6) months to comply with a court order, where, apparently, all the order actually required was a simple email authorizing iDS to release the devices.  Yet, current counsel for the individual Defendants cannot be held wholly accountable for this delay, as they were only retained as of March 7, 2023—a full four (4) months after the relevant order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-09094-GW (MAR)                                            Date:  May 16, 2023

Title:   *Moog Inc. v. Skyryse, Inc. et al.*

      Furthermore, it is not clear that Moog brings the instant request entirely in good faith. Moog reached out to Defendants' newly appointed counsel to demand the discovery at issue on March 9, 2023, just two (2) days after they were retained, despite not having reached out to prior counsel since January 2023.  Dkt. 432-1 at 7, 20.  Additionally, Moog originally argued that this discovery was necessary to facilitate Moog's identification of trade secrets; however, as of February 2023, Moog has submitted the identification of those trade secrets.  Dkt. 365 at 8.  Therefore, the sudden urgency of Moog's March 9, 2023 request is suspect.  Understandably, on March 9, 2023, counsel for Defendants, having been on the case for less than a week, asked Moog for more time to get a better grip on all the issues presented in this case.  Notably, in Moog's own Motion, Moog attached emails from iDS showing that, as late as March 29, 2023, iDS had not been yet authorized to work on behalf of the newly-retained counsel for individual Defendants.  Dkt. 432-1 at 35.  Even still, Moog was not amenable to giving Defendants more time.  Though Defendants dispute whether Moog attempted to meet and confer in good faith, Moog apparently made some effort to meet and confer, including by requesting an informal discovery conference from this Court.  However, Moog did not comply with Local Rule 37-2, which requires that all discovery motions be brought via Joint Stipulation, nor did Moog explain to the Court why they should be excused from such compliance. See L.Rs. 37-2, 37-2.4.

      This is not to say that the individual Defendants' conduct has been ideal.  The individual Defendants largely admit they had failed to comply with the November 10, 2022 order, primarily because the individual Defendants were reasserting their Fifth Amendment rights with respect to the requested discovery.  Dkt. 449 at 20–22.  However, Judge McCarthy from the Western District of New York already substantively ruled on this issue in an August 29, 2022 order, which was affirmed by District Judge Vilardo.  Dkts. 253, 272.  Despite alleging that new facts warranted reassertion of Fifth Amendment privilege, Defendants did not ask the Court to reconsider either of these orders, or Judge McCarthy's November 10, 2022 order.

      Then, on May 8, 2023, after this Court had already spent considerable time on this Motion and just two (2) days before the scheduled hearing on the matter, the individual Defendants filed a statement with the Court that they have now complied with the November 10, 2022 order by authorizing Moog's access to the discovery at issue.  Dkt. 469.  Moog then filed a Response accusing Defendants of not complying with Local Rule 7-10[1] by not asking leave of Court to file a sur-reply, and maintaining that the Motion was not mooted because Moog was still seeking costs.  Dkt. 470.

      Still, the fact that the individual Defendants have now authorized the sought disclosure—albeit after Moog's filing of the Motion—makes it difficult for Moog to show that a contempt order is justified.  Given that: (1) there was no deadline for compliance with the November 10, 2022 order; (2) the individual Defendants retained new counsel since the November 10, 2022 order; and (3)

---

[1] The Court reiterates that the filing of discovery motions is typically governed by Local Rule 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-09094-GW (MAR)                                                       Date:  May 16, 2023

Title:     *Moog Inc. v. Skyryse, Inc. et al.*

Defendants have now apparently complied with the November 10, 2022 order, Moog has not established that the individual Defendants have violated the November 10, 2022 order in bad faith or "beyond substantial compliance."  Bright, 596 F.3d 694.

Accordingly, the Court declines to exercise its discretion to entertain the imposition of a sanction of civil contempt at this time.  See O'Connell v. Fernandez-Pol, 542 F. App'x 546, 547–48 (9th Cir. 2013) (acknowledging imposition of Rule 37(b)(2) sanctions are "left to the sound discretion of the trial judge").  Therefore, the Court **DENIES** Moog's request for a finding of contempt and declines to certify the facts and order the individual Defendants to appear before District Judge George H. Wu to show cause why it should not be adjudged in contempt.

   2.   **Fees under Fed. R. of Civ. P. 37**

        a.   **Law**

Federal Rule of Civil Procedure 37(b)(2)(C) ("Rule 37") provides that, if a party fails to obey a court order to provide discovery, the court may order the disobedient party, the attorney advising that party, or both to pay reasonable expenses and attorney's fees unless the failure was substantially justified, or other circumstances make an award of expenses unjust.

        b.   **Analysis**

As discussed above, Moog's request to enforce the November 10, 2022 order is moot because Defendants are now apparently in compliance with the November 10, 2022 order.  However, Rule 37 generally indicates that an award of expenses may still be justified where a party takes action only in response to the filing of a motion.  See Fed. R. Civ. P. 37(a)(5)(A) (requiring an award of expenses for motions to compel "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed," subject to similar exceptions listed in Rule 37(b)(2)(C)).  Though Moog cites Rule 37(a) in their Reply and Supplemental Reply, Moog sought expenses under Rule 37(b) in their Motion.  Dkts. 432 at 30–31; 458 at 24.  Since the instant Motion is a motion for sanctions for failure to comply with a court order, not a motion to compel, Rule 37(b) controls.  See id.  However, Rule 37(a)'s logic applies with equal force here—if there is a chance the filing of the motion prompted Defendants' compliance, they should not necessarily be exempted from paying expenses merely because they have complied.  See, e.g., Varney v. California Highway Patrol, No. C11-4193 TEH JSC, 2013 WL 2299544, at *3 (N.D. Cal. May 24, 2013) (imposing sanctions pursuant to Rule 37(b) where the plaintiff failed to comply with a court order and only did so after defendants filed motion for sanctions).

Still, to the extent Defendants could still be found liable for Moog's expenses in bringing the instant Motion, the Court finds that the circumstances make an award of expenses unjust.  Moog suddenly demanded compliance from newly retained counsel for Defendants, days after they were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:22-cv-09094-GW (MAR)                                         Date:  May 16, 2023

Title:       <u>Moog Inc. v. Skyryse, Inc. et al.</u>

brought into the case, and before counsel even had access to the iDS system.  This demand came after months of no discussions on the issue, and after Moog had already filed the motion they argued required the discovery at issue.  Defendants' counsel asked for more time to become familiar with the issues of this complex case, and asked Moog to explain the urgency of their request.  However, Moog did not justify the urgency, and, instead of working with opposing counsel, immediately requested that this Court hold Defendants in contempt.  Indeed, it is possible that, had Moog granted Defendants' counsel their reasonably-requested extension, this Motion would not have been necessary.  As such, this Court does not believe Moog made a good faith effort to meet and confer before seeking a finding of contempt.  Moog's inadequate attempts to avoid judicial intervention is underscored by the fact that they apparently failed to attempt to compile a Joint Stipulation with counsel for Defendants as required by Local Rule 37-2, and have not alleged that Defendants failed to cooperate in filing the stipulation.  Ultimately, Moog is not entitled to expenses because it is not clear that they did all they could to reasonably attempt to resolve the instant dispute without court intervention, nor is it clear that the instant Motion was necessary to force Defendants' compliance.

However, in reviewing the filings and emails submitted to the Court as exhibits, the Court notes that both parties have contributed to the breakdown in fruitful communication.  With that in mind, both parties are cautioned to remember that while no one expects discovery "to be a non-stop exchange of pleasantries," <u>Freeman v. Schointuck</u>, 192 F.R.D. 187, 189 (D. Md. 2000), both parties have a general responsibility to approach the discovery process in good faith and avoid unnecessary court intervention, <u>see</u> Rule 37(a)(1) (requiring parties to make a good faith effort to resolve discovery disputes without court action).

The Court will not treat either party as graciously should these matters come before it a second time.  Accordingly, both parties are admonished to work together in good faith to complete their discovery obligations and reach agreements on future discovery disputes.

## IV.
## ORDER

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Moog's Motion to Enforce is **DENIED without prejudice**.
(2) Moog's Motion for contempt sanctions is **DENIED**.
(3) Moog's request for payment of reasonable expenses incurred in making the Motion is **DENIED**.

**IT IS SO ORDERED.**

**Initials of Preparer**   :  vv