Rena Andoh (admitted *pro hac vice*)
 randoh@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

Lai L. Yip (SBN 258029)
 lyip@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Travis J. Anderson (SBN 265540)
 tanderson@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Kazim A. Naqvi (SBN 300438)
 knaqvi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

Attorneys for Plaintiff and
Counterdefendant Moog Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC., | Case No. 2:22-cv-09094-GW-MAR |
| Plaintiff, | *Hon. George H. Wu* |
| v. | |
| SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS.1-50, | **PLAINTIFF AND COUNTERDEFENDANT MOOG INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE AMENDED COMPLAINT** |
| Defendants. | Date:   June 19, 2023 |
| | Time:  8:30 a.m. |
| | Ctrm.:  9-D |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[*Filed concurrently with Declaration of Kazim A. Naqvi and [Proposed] Order*]

Complaint Filed:       March 7, 2022
Counterclaims Filed:  January 30, 2023

1    TO THE ABOVE CAPTIONED COURT, AND TO ALL PARTIES AND
2    THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that at 8:30 a.m. on Monday, June 19, 2023, or as
4    soon thereafter as this matter may be heard in Courtroom 9D of the above-
5    captioned Court, located at the United States Courthouse, 350 West 1st Street, Los
6    Angeles, CA, 90012, the Honorable George H. Wu presiding, Plaintiff and
7    Counterdefendant Moog Inc. ("Moog") will, and hereby does, move for an order
8    pursuant to Rule 15 granting it leave to file an Amended Complaint.

9    This motion is made on the grounds that Moog's proposed amendments
10   merely seek to conform its pleading to the facts and evidence adduced in the case.
11   There is no prejudice to Defendants. Through its proposed amendment, Moog
12   seeks to drop two causes of action, add two causes of action, and modify two
13   existing causes of action. All of Moog's proposed amendments relate to the same
14   nucleus of facts that the Defendants have been aware of and the parties have
15   litigated throughout this case. With almost one year remaining before the fact
16   discovery cut-off, Defendants have ample time to conduct any additional discovery
17   needed related to the additional claims or allegations. There is also no bad faith, or
18   undue delay, and the proposed amendments are not futile. This is also Moog's first
19   proposed amendment. A copy of the proposed Amended Complaint is attached as
20   Exhibit 1 to the concurrently-filed Declaration of Kazim A. Naqvi. A copy of a
21   redline showing the changes made compared to the original Complaint is attached
22   as Exhibit 2 to the Naqvi Declaration.

23   This motion is made following the conference of counsel pursuant to C.D.
24   Cal. Local Rule 7-3 that took place on May 15, 2023 at 2:00 p.m. Further, and
25   without any obligation to do so, on May 19, 2023, Moog's counsel circulated a
26   draft of the Proposed Amended Complaint, and a redline of the Proposed Amended
27   Complaint compared to the Original Complaint, to counsel for all Defendants.

28

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Kazim A. Naqvi, all pleadings, papers and other documentary materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters as this Court may consider in connection with the hearing on this matter.

Dated:  May 22, 2023          SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
          */s/ Rena Andoh*
             Rena Andoh

Attorney for Plaintiff and Counterdefendant
MOOG INC.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND .................................. 2

    A.      The Complaint ............................................................... 2

    B.      The TRO and Expedited Discovery Order ............................ 2

    C.      Skyryse's Admission of Possession of Moog Non-Public
        Information and Spoliation of Evidence ............................... 3

    D.      Defendants' Violations of the TRO ..................................... 4

    E.      Moog Has Been Forced to File Several Motions to Obtain
        Discovery and Compliance with the TRO ............................. 6

    F.      Additional Evidence of Misappropriation Discovered Since
        Filing the Complaint ....................................................... 7

        1.      Substantial Theft of Moog Data by Alin Pilkington ................. 7

        2.      Theft of Moog Data by Reid Raithel and other Skyryse
            personnel ............................................................... 7

        3.      Skyryse's Possession, Use, and Disclosure of Moog's
            Trade Secrets and Non-Public Information .......................... 8

    G.      The Court Grants Moog Leave to Amend its Complaint ............. 8

    H.      The Court's Scheduling Order ........................................... 8

    I.      Moog's Proposed Amended Complaint .................................. 9

III.    LEGAL STANDARDS ................................................................... 11

IV.     ARGUMENT .............................................................................. 12

    A.      There is no Prejudice to Defendants .................................. 12

    B.      There is No Bad Faith ................................................... 15

    C.      There is No Undue Delay ............................................... 15

    D.      The Proposed Amendments are Not Futile ........................... 17

    E.      This is Moog's First Proposed Amendment ........................... 18

V.      CONCLUSION ........................................................................... 18

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Bell v. Allstate Life Ins. Co.*
   160 F3d 452 (8th Cir. 1998) ............................................................................ 12

*Bowles v. Reade*
   198 F.3d 752 (9th Cir. 1999) ........................................................................... 16

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*
   654 F.3d 975 (9th Cir. 2011) cert. denied, 132 S. Ct. 1566, 182 L. Ed. 2d
   168 (U.S. 2012) ................................................................................................ 13

*California ex rel. California Dep't of Toxic Substances Control v. Neville
   Chem. Co.*
   358 F.3d 661 (9th Cir. 2004) ........................................................................... 17

*DCD Programs, Ltd. v. Leighton*
   833 F.2d 183 (9th Cir. 1987) ........................................................................... 11

*Dixon v. Magna-RX, Inc.*
   2016 WL1397584 (C.D. Cal., Mar. 31, 2016) ................................................. 16

*Eminence Capital, LLC, v. Aspeon, Inc.*
   316 F.3d 1048 (9th Cir. 2003) .................................................................... 11, 12

*Foman v. Davis*
   371 U.S. 178 (1962) ....................................................................... 1, 11, 12, 13

*Harrison v. Rubin*
   174 F.3d 249 (D.C. Cir. 1999) ......................................................................... 14

*Heyl & Patterson Int'l. Inc. v. F.D. Rich Housing of Virgin Islands, Inc*.
   663 F.2d 419 (3rd Cir. 1981) ........................................................................... 12

*Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of
   So. Calif.*
   648 F.2d 1252 (9th Cir. 1981) .................................................................. 11, 12, 14

*Knudsen v. City and County of San Francisco*
   2013 WL 6235507 (N.D. Cal. 2013) ................................................................ 14

*Luma Pictures, Inc. v. Betuel*
  No. CV 16-2625-GW(PLAX), 2016 WL 11519331 (C.D. Cal. Sept. 29, 2016).................................................................................................12, 13, 15

*M.H. v. County of Alameda*
  2012 WL 5835732 (N.D. Cal. Nov. 16, 2012)....................................12

*Miramontes v. Mills*
  2015 WL13609449 (C.D. Cal. May, 18, 2015)...................................17

*Missouri ex rel. Koster v. Harris*
  2017 WL 361934 (9th Cir. Jan. 17, 2017) ........................................17

*Morongo Band of Mission Indians v. Rose*
  893 F.2d at 1079 ....................................................................................16

*Netbula, LLC v. Distinct Corp.*
  212 F.R.D. 534 (N.D. Cal. 2003) ........................................................17

*SAES Getters S.p.A. v. Aeronex, Inc.*
  219 F. Supp. 2d 1081 (S.D. Cal. 2002) ..............................................17

*Scott v. Family Dollar Stores, Inc.*
  733 F.3d 105 (4th Cir. 2013) ...............................................................16

*Sonoma County Ass'n of Retired Employees v. Sonoma County*
  708 F.3d 1109 (9th Cir. 2013)........................................................11, 12

*Teamsters Pension Trust Fund of Philadelphia and Vicinity v. CBS Records, a Div. of CBS, Inc.*
  103 F.R.D. 83 (E.D. Pa. 1984) ............................................................14

*Texaco, Inc. v. Ponsoldt*
  939 F.2d 794 (9th Cir. 1991) ...............................................................14

*U.S. v. Corinthian Colleges*
  655 F.3d 984 (9th Cir. 2011) ...............................................................11

Statutes

California's Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*).........10

Other Authorities

Federal Rule of Civil Procedure 15(a).......................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rule 12(b)(6) ................................................................................................. 2, 8

Rule 15's ...................................................................................................... 11

Rule 16 .......................................................................................................... 9

Rule 26 ......................................................................................................... 14

Rule 26(f) ....................................................................................................... 8

SMRH:4889-5778-3139

## I.     **INTRODUCTION**

When Moog filed its initial Complaint on March 7, 2022, and with its investigation ongoing, it was only aware that defendant Misook Kim had stolen and misappropriated over 136,000 Moog files on her way out the door and upon starting employment at Skyryse. Since the initial filing, Moog has unfortunately learned that the scope of theft and misappropriation is much bigger, such that the volume of stolen data ***exceeds 1.4 million files related to at least 20 Moog flight control programs (including several sensitive government programs).*** These additional acts of theft and misappropriation were committed by defendant Robert Alin Pilkington (collectively with Kim, the "Individual Defendants"), and several other Skyryse personnel. Moog has also discovered that Skyryse personnel possessed, used, and disclosed Moog's trade secrets and other non-public information to a massive extent. With the fact discovery cut-off nearly one year away, Moog seeks to amend its Complaint for the first time at this early stage in the case to conform to the facts and evidence adduced in the case.

Analysis of all five of the *Foman* factors shows that Moog's proposed amendment is proper in light of the strong, liberal policy favoring amendment. There is no prejudice to Defendants. Through its proposed amendment, Moog seeks to drop two causes of action, add two causes of action, and modify two existing causes of action. All of Moog's proposed amendments relate to the same nucleus of facts that the Defendants have been aware of and litigated since the inception of this case. The proposed amendments do not change the scope of discovery or the trajectory of this case. And, with almost one year remaining before the fact discovery cut-off, Defendants have ample time to conduct any additional discovery needed related to the additional claims or allegations.

There is also no bad faith or undue delay. Moog is not seeking to delay proceedings or skirt the Court's jurisdiction. Moog is seeking amendment at an early and reasonable time, especially since much of the evidence underlying the

1   proposed amendments was not made available to Moog until just a few months

2   ago. Moog has also sought amendment for the first time and in conjunction with

3   the Court's recent order granting the Individual Defendants' Rule 12(b)(6) motion

4   to dismiss, by which it granted Moog leave to amend two causes of action. Rather

5   than amending solely in response to the Court's order and then seeking broader

6   amendment again later, Moog is seeking to amend its pleading once in omnibus

7   fashion as agreed to by stipulation of the Parties. Moog's proposed amendment

8   furthers judicial economy.

9          Finally, the proposed amendments are not futile. The added claims relate to

10  pre-existing claims which were not challenged at the pleading stage. The additional

11  allegations make clear they are plausible and support a basis for relief. This is

12  Moog's first proposed amendment, and given the facts and circumstances of this

13  case, the Court should grant Moog's Motion and enter the Proposed Amended

14  Complaint attached as Exhibit 1 to the concurrently-filed Declaration of Kazim A.

15  Naqvi.

16  **II.   FACTUAL AND PROCEDURAL BACKGROUND**

17         **A.   The Complaint**

18         On March 7, 2022, Moog filed its Complaint, alleging that Defendants had

19  engaged in the theft of Moog's most sensitive and proprietary data. (Dkt. 1). Moog

20  concurrently filed a Motion for Temporary Restraining Order/Preliminary

21  Injunction (the "PI Motion"). (Dkt. 4.) At the time the Complaint was filed, Moog

22  had discovered that prior to leaving Moog to join Skyryse, Kim had stolen over

23  136,000 files of Moog's most sensitive and proprietary data relating to its flight

24  control software (including over 43,000 source code files) that took over 15 years

25  to develop. (Dkt. 1, ¶ 1).

26         **B.   The TRO and Expedited Discovery Order**

27         On March 11, 2022, all Defendants stipulated to a temporary restraining

28  order (the "TRO"), and it was entered by then-presiding Article III District Judge

Lawrence J. Vilardo as a Court order.  (Dkts. 25, 28.)  It provides, in relevant part:

- By April 1, 2022, each Defendant must deliver to Moog all Moog non-public information in each Defendant's possession, custody or control or, if such information has been integrated or used by any Defendant in such a manner that such delivery "necessarily includes property of any Defendant," then "such information shall be given to a third-party forensics firm [iDiscovery Solutions ("iDS")] . . . for forensic imaging in lieu of providing such information directly to Plaintiff" (*id.*, § 2);

- Individual Defendants shall produce to iDS all "electronic devices used in the last twelve months." (*id.*, § 4); and

- "Any of Plaintiff's non-public information, documents, records, files, or data in any Defendant's possession, custody, or control (if any) shall not be used or reviewed by Defendants" (*id.*, § 7).

The TRO also contemplated a May 9, 2022 hearing date on Moog's PI Motion (*id.*, § 10).

On March 17, 2022, the Parties stipulated to certain expedited discovery procedures for written discovery and depositions. (Dkts. 33, 36.) Therein, the Parties stipulated to a July 6, 2022 hearing date on Moog's PI Motion. (*Id.*, § 6.)

On April 1, 2022, Kim and Pilkington produced 23 electronic devices to iDS, and Skyryse turned over Kim's Skyryse-issued laptop device, along with a hard drive containing 11,093 files pulled from Pilkington's Skyryse-issued laptop. (Dkt. 142-2.)

## C.   Skyryse's Admission of Possession of Moog Non-Public Information and Spoliation of Evidence

In an April 26, 2022 Conference with the Court, Skyryse's counsel disclosed the following regarding Skyryse's possession of Moog non-public information:

- "We have discovered that there is . . . likely, [Moog] non-public information at Skyryse" (4/26/22 Transcript (Dkt. 95), 17:24-18:3);

Case 2:22-cv-09094-GW-MAR   Document 490   Filed 05/22/23   Page 12 of 27   Page ID
#:15339

- "we have found enough [Moog non-public information] that it does – it causes us concern" (*Id.*, 18:12-13);
- Skyryse found a "significant number of hits" from the "list of file names and hash values" provided by Moog. (*Id.*, 19:17-24);

Regarding deletion of data, Skyryse's counsel disclosed the following:

- "since the complaint was filed certain information has been deleted." (*Id.* at 18:17-18);
- "an alarming series of deletions" (*Id.* at 19:4-5);
- "some of the information deleted may not be recoverable" (*Id.* at 19:5-6.)

Skyryse's counsel further disclosed that Kim and Pilkington had been terminated from Skyryse, and that 15 Skyryse employees had been placed on administrative leave. (*Id.* at 15:4, 20:5-12, 21:1-2.)

### D.    Defendants' Violations of the TRO

Skyryse stipulated to a Court order to turn over all Moog non-public information on or before April 1, 2022. Unfortunately, throughout the pendency of this case, Skyryse has continued to produce Moog non-public information only upon demand by Moog, and often only after protracted motion practice. Moog was also forced to subpoena multiple third parties, who produced a substantial volume of Moog non-public information within the last few months. This caused the scheduled hearing date on Moog's PI Motion to be delayed multiple times, and ultimately vacated.

The productions made after April 1, 2022 which are relevant to Moog's trade secret misappropriation and other claims include:

- On April 29, 2022, Skyryse turned over to iDS Pilkington's two Skyryse-issued laptops and a thumb drive containing 568 additional files. (Dkt. 142-6).  Skyryse also made a document production directly to Moog of data that "ostensibly or potentially contains Moog non-public information," including 10 Moog source code files. (*Id.*)

- On May 5, 2022, Skyryse turned over additional files from "Skyryse's Gitlab source code repository" which were identical hits on the search terms provided by Moog on April 12, 2022. (Dkt. 142-7.)

- On December 2, 2022, Skyryse produced to iDS images of three Skyryse-issued laptops belonging to employees Sathya Achar, Eric Chung, and Tri Dao, all of which were laden with Moog data. (Dkt. 400-3, ¶¶ 8-21.)

- On November 17, 2022, Skyryse third party Lori Bird produced 90 documents in response to Moog's subpoena, which confirmed that Bird frequently possessed, received, accessed, transmitted, and used Moog non-public information (including proprietary source code documents and software development checklists and templates) during her tenure at Skyryse, including using her Skyryse e-mail account and Skyryse laptop. (Dkt. 400-3, ¶¶ 40-42; Dkt. 400-5, ¶¶ 39-46.)

- On January 17, 2023, third party Hummingbird Aero produced 120 documents in response to Moog's subpoena, which is littered with evidence of Skyryse employees (using Skyryse e-mail accounts and devices) possessing, disclosing to third parties, accessing, and using Moog non-public information. (Dkt. 400-3, ¶¶ 22-33; Dkt. 400-5, ¶¶ 19-38.)

- On February 6, 2023, third party Rex Hyde produced 198 documents in response to Moog's subpoena, which is littered with numerous examples of Skyryse employees (using Skyryse e-mail accounts and devices) possessing, disclosing to third parties, accessing, and using Moog non-public information. (Dkt. 400-3, ¶¶ 22-33; Dkt. 400-5, ¶¶ 19-38.)

- On February 17, 2023, Skyryse produced 2,920 documents from Lori Bird. All but two of these e-mails were from Bird's Skyryse e-mail account and the production contains substantial evidence of Skyryse

1    employees (using Skyryse e-mail accounts and devices) possessing,

2    disclosing to third parties, accessing, and using Moog non-public

3    information. (Dkt. 400-3, ¶¶ 44-45; Dkt. 400-5, ¶¶ 47-87.)

4  The severely untimely nature of Skyryse's productions are addressed in further

5  detail in Moog's pending Motion to Enforce Compliance with the March 11, 2022

6  TRO and for Sanctions (Dkt. 400) (the "Motion to Enforce"), scheduled for

7  hearing on June 8, 2023.

8    **E.    Moog Has Been Forced to File Several Motions to Obtain**

9    **Discovery and Compliance with the TRO**

10    Because of Defendants' obstruction, failure to comply with discovery

11  obligations, and failure to comply with the TRO, Moog has been forced to file at

12  least the following motions:

13    • 5/10/22 – Motion for Entry of Proposed Inspection Protocol (Dkt. 96);

14    • 5/23/22 – Motion for Scheduling Orders (non-compliance of the March

15    11 Order) (Dkt. 118);

16    • 6/8/22 – Motion to Compel Disclosures (relating to April 26 Disclosures)

17    (Dkt. 142);

18    • 6/30/22 – Motion to Compel Discovery Responses and Production of

19    Documents (Dkt. 176);

20    • 8/3/22 – Motion to Compel Discovery Necessary for Trade Secret

21    Identification (Dkt. 210);

22    • 8/11/22 – Emergency Clarification of Court's Order at Dkt. 216 (Dkt.

23    226);

24    • 8/11/22 – Motion to Restore Access to Individual Defendants' Devices

25    (Dkt. 228);

26    • 11/7/22 – Motion for Clarification of Order Regarding Third Party

27    Discovery (Dkt. 283);

28

1       •   3/16/22 – Motion to Enforce Compliance with the March 11, 2022 TRO

2           and for Contempt and Adverse Inference Sanctions (Dkt. 400);

3       •   4/3/22 – Motion to Enforce Compliance with the Court's Orders (Dkts.

4           25, 109, 253, 272, 292) and for Monetary Sanctions for Contempt (Dkt.

5           432).

6     **F.**     **Additional Evidence of Misappropriation Discovered Since Filing**

7          **the Complaint**

8        **1.**     **Substantial Theft of Moog Data by Alin Pilkington**

9       Since the filing of the Complaint, and in connection with the discovery

10 obtained throughout this case, Moog has discovered additional acts of

11 misappropriation by current and former Skyryse personnel. This includes a

12 massive theft of files by former Pilkington such that the volume of stolen data

13 *exceeds 1.4 million files related to at least 20 Moog flight control programs*

14 *(including several sensitive government programs)*. (Dkt. 180, pp. 6-8; Dkts. 180-

15 001 to 180-004).  The Individual Defendants' theft of Moog data is undisputed,

16 and they have confirmed as much in written discovery responses. (Dkts. 180-009,

17 180-110.)

18        **2.**     **Theft of Moog Data by Reid Raithel and other Skyryse**

19           **personnel**

20       As described further in Moog's Motion to Enforce against Skyryse, Moog

21 has discovered additional acts of theft and misappropriation by other third party

22 Skyryse personnel. This includes: 1) a theft of approximately 27,000 Moog files by

23 Reid Raithel; 2) possession of at least 81 Moog documents on Sathya Achar's

24 Skyryse laptop; 3) possession of at least 100 Moog spreadsheets on Eric Chung's

25 Skyryse laptop; and 4) theft of tens of thousands of Moog documents by Tri Dao.

26 (Dkt. 400-3, ¶¶ 8-21, 46-49.)

27

28

### 3. Skyryse's Possession, Use, and Disclosure of Moog's Trade Secrets and Non-Public Information

As also described further in Moog's Motion to Enforce against Skyryse, Moog has discovered substantial evidence of Skyryse using, referencing, and disclosing to third parties Moog's trade secrets and other non-public information. This includes:

- A substantial volume of correspondence between Skyryse and Hummingbird personnel which contain Moog non-public documents and data;
- Skyryse's use of and reference to Moog non-public software checklists and templates;
- Skyryse's use of and reference to Moog's non-public software certification, quality assurance, configuration management, and development plans in developing Skyryse's own software plans. (Dkt. 400-5, ¶¶ 47-87.)

### G. The Court Grants Moog Leave to Amend its Complaint

On May 31, 2022, the Individual Defendants filed a Rule 12(b)(6) Motion to Dismiss Counts Six (Conspiracy), Nine (Tortious Interference with Prospective Economic Advantage), and Ten (Unjust Enrichment) of Moog's Complaint. (Dkt. 131.)[1] The hearing on that motion did not occur until April 13, 2023. On April 14, 2023, the Court issued its final order, whereby it granted the Individual Defendants' motion as to Counts Nine and Ten, with leave to amend, and denied the motion as to Count Six (the "MTD Order"). (Dkt. 439.)

### H. The Court's Scheduling Order

The Parties' Rule 26(f) report was filed on April 17, 2023. (Dkt. 441.) The Court issued its scheduling order on April 19, 2023 (the "Scheduling Order").

---

[1] Skyryse filed a Rule 12(b)(6) Motion to Dismiss on March 29, 2022 (Dkt. 49), but subsequently withdrew that motion (Dkt. 79).

1   (Dkt. 446.) Therein, the Court set the following dates:

2   • 5/10/23 – deadline for Moog to amend its Complaint (the Parties later

3     stipulated that Moog may have until May 22, 2023 to file a Motion for

4     Leave to file an Amended Pleading (Dkt. 461)), and any "further

5     amendments must be made by motion under Rule 16";

6   • 5/9/24 – post-mediation status conference;

7   • 4/12/24 – deadline to complete fact discovery;

8   • 5/31/24 – deadline to complete expert discovery;

9   • 7/8/24 – last day to hear any motions;

10  • 8/12/24 – pre-trial conference; and

11  • 8/27/24 – jury trial date.

12  On April 27, 2023, the Parties filed a joint stipulation, which was entered by the

13  Court, whereby the Parties agreed that instead of Moog filing an amended pleading

14  solely in response to the leave granted by the Court in its MTD Order, Moog could

15  file a more comprehensive Motion for Leave to Amend which responded to the

16  Court's MTD Order but also included additional amendments sought by Moog.

17  (Dkt. 461.)

18      **I.    Moog's Proposed Amended Complaint**

19      Moog's Proposed Amended Complaint is attached to the concurrently-filed

20  Naqvi Declaration as Exhibit 1. A redline showing the changes compared to the

21  Original Complaint is attached to the Naqvi Declaration as Exhibit 2. On May 19,

22  2023, Moog's counsel circulated to counsel for all Defendants the draft Proposed

23  Amended Complaint and a redline. (Naqvi Dec., ¶ 3).

24      In terms of substantive allegations, the Proposed Amended Complaint

25  provides the following primary amendments to conform to the facts and evidenced

26  adduced since the filing of the Original Complaint:

27  • Amending the Moog trade secrets at issue in this litigation to conform to

28    the trade secrets identified in Moog's Trade Secret Identification, served

1     on February 21, 2023 (the "TSID"), and now filed with the Court (Dkts.

2     473-2, 473-3, 474-4);

3     • Adding or otherwise modifying allegations that directly intersect with or

4     relate to Skyryse's Counterclaims (Dkt. 348);

5     • Adding allegations regarding the theft and misappropriation of Moog

6     data by current or former Skyryse personnel Pilkington, Reid Raithel,

7     Eric Chung, Tri Dao, and Sathya Achar, as such facts were not available

8     or known to Moog when the original Complaint was filed; and

9     • Adding allegations about Skyryse's possession, use, and disclosure of

10    Moog trade secrets and other non-public information, including in

11    connection with third party Hummingbird Aero, LLC, as such facts were

12    not available or known to Moog when the original Complaint was filed.

13    In terms of amendments to the causes of action asserted by Moog, the

14  Proposed Amended Complaint provides the following amendments:

15    • Removing the causes of action for Misappropriation of Trade Secrets

16    (Common Law) (previously Count 2 in the original Complaint), and

17    Tortious Interference with Prospective Economic Advantage (previously

18    Count 9);

19    • Adding Kim as a defendant to the existing cause of action for Aiding and

20    Abetting Breach of Fiduciary Duty;

21    • Conforming Moog's existing cause of action for Unfair Competition such

22    that it is asserted under California's Unfair Competition Law (Bus. &

23    Prof. Code §§ 17200 *et seq.*); and

24    • Adding a cause of action for Conversion against all Defendants and

25    adding a cause of action for Breach of the Implied Covenant of Good

26    Faith and Fair Dealing against Skyryse only based on the 2018 and 2019

27    NDAs executed between the Parties.

28

1   Moog is not seeking to add any substantial factual allegations that are new or
2   unknown to Defendants. All of the factual allegations that are proposed to be
3   added have already been heavily litigated in this case, disclosed to Defendants, or
4   based on discovery produced by Defendants, including in connection with Moog's
5   TSID and its Motion to Enforce.

6   **III.   <u>LEGAL STANDARDS</u>**

7          Federal Rule of Civil Procedure 15(a) sets forth the standard for granting
8   leave to amend.  It provides that: "leave shall be freely given when justice so
9   requires."  Fed. R. Civ. P. 15(a).  The Supreme Court has made clear that there is a
10  strong federal policy favoring determination of cases on the merits and, as a result,
11  leave to amend should be granted unless the party opposing the amendment can
12  demonstrate substantial prejudice or a bad faith or dilatory motive by the moving
13  party.  *Foman v. Davis,* 371 U.S. 178, 181-82 (1962).  The Ninth Circuit has
14  repeatedly followed the Supreme Court's lead.  Where there is a "lack of prejudice
15  to the opposing party and the amended complaint is obviously not frivolous or
16  made as a dilatory maneuver in bad faith, it is an ***abuse of discretion*** to deny such
17  a motion."  *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping*
18  *Industry of So. Calif.*, 648 F.2d 1252, 1254-1255 (9th Cir. 1981) (emphasis added).
19  *See also Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d
20  1109, 1117 (9th Cir. 2013) (noting that the policy to grant leave is applied with
21  "extreme liberality"); *Eminence Capital, LLC, v. Aspeon, Inc.,* 316 F.3d 1048,
22  1051-52 (9th Cir. 2003) (leave is granted with "extreme liberality," and prejudice
23  to the opposing party is the touchstone of the inquiry); *DCD Programs, Ltd. v.*
24  *Leighton,* 833 F.2d 183, 186-87 (9th Cir. 1987) (noting that Rule 15's policy
25  "should be applied with extreme liberality" and that granting leave "is not
26  dependent on whether the amendment will add causes of action or parties," but
27  rather on whether the amendment "cause[s] the opposing party undue prejudice").
28

In determining whether to grant leave to amend, courts consider five factors (known as the "*Foman* factors"): (1) prejudice to the opposing party; (2) the presence of bad faith; (3) undue delay; (4) whether the plaintiff has previously amended the complaint; and (5) the futility of amendment. See *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995-95 (9th Cir. 2011) (citing *Foman*, 371 U.S. at 182). While the  determination of whether to grant leave to amend is committed to the sound discretion of the district court, courts may decline to grant leave to amend "only if there is strong evidence" of one or more of the *Foman* factors. *Sonoma County Ass'n of Retired  Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see M.H. v.  County of Alameda*, 2012 WL 5835732, *3 (N.D. Cal. Nov. 16, 2012) (granting leave  to amend to add new allegations and observing that "[c]ourts routinely allow parties to  amend their pleadings"). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV.   <u>ARGUMENT</u>

### A.   There is no Prejudice to Defendants

There must be "strong evidence" of prejudice before a district court can deny leave to amend.  *Sonoma County Ass'n of Retired Employees*, 708 F.3d at 1117.  Absent such a showing, "there exists a presumption . . . in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.  "Bald assertions of prejudice" are insufficient.  *Hurn*, 648 F.2d at 1254 quoting *Conley v. Gibson*, 335 U.S. 41, 48 (1957).  Instead, the opposing party must establish that the amendment "unfairly disadvantage[s] or deprive[s] [it] of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Heyl & Patterson Int'l. Inc. v. F.D. Rich Housing of Virgin Islands, Inc*., 663 F.2d 419, 426 (3rd Cir. 1981).  And, "[a]ny prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment." *Bell v.

1   *Allstate Life Ins. Co.,* 160 F3d 452, 454 (8th Cir. 1998). "[T]o justify denial of

2   leave to amend, the prejudice must be substantial." *Luma Pictures, Inc. v. Betuel*,

3   No. CV 16-2625-GW(PLAX), 2016 WL 11519331, at *3 (C.D. Cal. Sept. 29,

4   2016).  "There should be some showing of an inability to respond to the proposed

5   amendment." *Id.* ("The need for additional discovery, expenses, or delay is

6   insufficient by itself to serve as the substantial prejudice necessary to deny a

7   proposed amended pleading.").

8          There is no prejudice to Defendants for multiple reasons. First, Moog does

9   not seek to add any factual allegations which are unknown to Defendants or which

10  would change the direction of discovery in this case. All of Moog's proposed

11  amendments merely seek to conform its pleading to the evidence and discovery

12  adduced in this case. All of the proposed amendments relate to the same nucleus of

13  facts—the theft and misappropriation of Moog's data by Skyryse personnel, and

14  the unlawful hiring of Moog employees by Skyryse. All these amendments relate

15  to the same causes of action in the original Complaint of which Skyryse did not

16  pursue any motion to dismiss (Dkts. 49, 79).  Moog is not injecting any entirely

17  new fact patterns. The facts that Moog seeks to add have been litigated throughout

18  this case, or were otherwise obtained through discovery in this case. Certain of the

19  amendments also directly intersect with and relate to the claims and allegations in

20  Skyryse's Counterclaims (Dkt. 348), so Skyryse is clearly on notice of those facts

21  and events.

22         Where, as here, an amendment to include an additional claim merely adds or

23  clarifies the party's legal theories of recovery, there can be no prejudice.  Such an

24  amendment does not change the factual direction of the case, thereby creating a

25  need for additional discovery, and therefore does not disrupt the course or schedule

26  of the litigation.  *Foman*, 371 U.S. at 182 (overturning denial of leave to amend

27  because "the amendment would have done no more than state an alternative theory

28  for recovery"); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975

(9th Cir. 2011) cert. denied, 132 S. Ct. 1566, 182 L. Ed. 2d 168 (U.S. 2012) (affirming the granting of leave to amend because the amendment "created no meaningful case management issues and did not infringe on the efficient adjudication of the litigation because" the amendment presented only a new theory "based on the factual record already developed"); *Hurn*, 648 F.2d at 1254-1255 (overturning denial of leave to amend to add a claim where the new claim was based on the same factual record and the opposing party pointed to no additional discovery that it needed in order to litigate the claims); *Knudsen v. City and County of San Francisco*, 2013 WL 6235507, at *2 (N.D. Cal. 2013) (granting leave to amend to add defenses even though the defendants were aware of the availability of the defenses months prior because the additional defenses required no new evidence gathering on the part of the plaintiff); *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) (overturning denial of leave to amend to add a cause of action where the new cause of action was based on the same facts, but presented just a slightly different legal theory); *Teamsters Pension Trust Fund of Philadelphia and Vicinity v. CBS Records, a Div. of CBS, Inc.*, 103 F.R.D. 83, 85 (E.D. Pa. 1984) (permitting amendment to add unpled statute of limitations defense because "[t]he facts underlying [defendant's] proposed [statute of limitations] affirmative defense are subsumed within the facts relevant to [defendant's] affirmative defense that plaintiffs' claim is barred by the doctrines of laches, estoppel, and waiver").

Second, the deadline to complete fact discovery is almost one year away, April 12, 2024. Even to the extent Moog's proposed amendments require new or additional discovery, Defendants have more than ample time to conduct any necessary discovery. Indeed, prejudice has been found where "[t]he parties have engaged in voluminous and protracted discovery" and where "[e]xpense, delay, and wear and tear on individuals and companies" is shown. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).  In contrast, here, the parties are still in the early stages of the case. No fact-depositions have been taken to date. The

Rule 26 Scheduling Conference took place approximately just one month ago. The

Parties have only recently propounded their initial sets of written discovery beyond

the initial round of expedited discovery served early in the case. While almost all

the discovery related to Moog's amendments has already occurred or is subsumed

in Skyryse's pre-existing discovery requests, Skyryse has ample time to conduct

any additional discovery it needs. There is no prejudice.

### B.    There is No Bad Faith

"A court may deny leave to amend if it determines the amendment is sought

solely for delay, or to defeat the court's jurisdiction." *Luma Pictures, Inc.*, 2016

WL 11519331, at *3.

There is no bad faith whatsoever. Moog merely seeks to conform its

pleading to the voluminous and critical evidence adduced since the Complaint was

filed. Moog is not adding any parties to defeat the Court's jurisdiction. Moog is not

adding entirely new fact patterns unknown to Defendants. No delay will be caused

by the proposed amendments, given that the fact discovery cut-off is almost one

year away.

### C.    There is No Undue Delay

There is no undue delay in Moog seeking amendment now. First, Moog was

prevented from discovering critical evidence related to Defendants' theft and

misappropriation of Moog data. As described above, Moog had to file several

motions to obtain compliance with discovery obligations and compliance with the

TRO. Throughout this case, Moog has obtained at various points additional and

new evidence regarding Defendants' wrongful conduct. To promote judicial

economy and to avoid serial amendments, Moog wanted to wait until it had

received additional evidence it was entitled to before seeking an omnibus

amendment, rather than seeking amendment each time it learned to additional theft

and misappropriation by Defendants. Much of the evidence incorporated into

1   Moog's Proposed Amended Complaint was not received by Moog until the last
2   few months. Moog has promptly sought amendment.

3       Second, Moog seeks amendment in conjunction with the Court's ruling the
4   Individual Defendants' Motion to Dismiss (Dkt. 439.) The Court granted Moog
5   leave to amend two of its causes of action. Again, to promote judicial economy,
6   Moog wanted to wait until the Court ruled on the Individual Defendants' Motion to
7   Dismiss before seeking any amendment so that there would just be one amended
8   pleading. Moog would have had to seek leave if it wished to amend its pleading
9   before the Court ruled on the Individual Defendants' Motion to Dismiss. Because
10  Moog has to amend its Complaint anyway in response to the Court's MTD Order,
11  it makes sense for Moog to amend the rest of its pleading once, at the same time.
12  Indeed, the Parties stipulated that in lieu of solely amending its Complaint in
13  response to the Court's MTD order, Moog could file a Motion for Leave to Amend
14  to substantially amend its Complaint. (Dkt. 461.)

15      Finally, as set forth above, Moog is seeking amendment almost one year
16  before the fact discovery cut-off, and more than 15 months before the trial date.
17  Moog is not seeking a last-minute amendment. Moog has been diligent in pursuing
18  its claims, and has sought amendment after obtaining key, additional evidence
19  (including from third parties) within the past few months.

20      Even if the Court did find that Moog unduly delayed bringing this Motion, a
21  finding of delay would not by itself be grounds for denying Plaintiffs' leave to
22  amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (undue delay
23  factor "by itself . . . is insufficient to justify denying a motion to amend").

24      Further, far longer delays than any which apply here have been found not to
25  constitute an "undue delay" justifying denial of leave to amend. *See Morongo*
26  *Band of Mission Indians v. Rose*, 893 F.2d at 1079 (delay of nearly two years after
27  filing original complaint  before seeking leave to file amended complaint was "not
28  alone enough to support  denial" of motion for leave to amend); *Scott v. Family*

1    *Dollar Stores, Inc.*, 733 F.3d 105, 119 (4th Cir. 2013) (defendant not unduly

2    prejudiced by amendment even though plaintiff had waited three years to seek

3    leave to amend, where discovery was still open and case was "many steps

4    removed from trial"); *Dixon v. Magna-RX, Inc.*, 2016 WL1397584 (C.D. Cal.,

5    Mar. 31, 2016) (granting motion for leave to file second amended complaint more

6    than a year and a half after filing of initial complaint and five months before trial

7    upon finding that defendant was not unduly prejudiced, because while the amended

8    complaint added new parties, it did not add any new causes of action against

9    existing defendants and did not "alter the nature of the litigation"); *Miramontes v.*

10   *Mills*, 2015 WL13609449 (C.D. Cal. May, 18, 2015) (granting leave to amend to

11   add two new causes of action and finding defendant not unduly prejudiced because

12   fact discovery cut-off date was still nearly three months away and claims plaintiff

13   sought to add were "based on the factual allegations that underlie the fraud claims

14   asserted in the original complaint").

15         **D.    The Proposed Amendments are Not Futile**

16         "An amendment is futile when 'no set of facts can be proved under the

17   amendment to the pleadings that would constitute a valid and sufficient claim or

18   defense.'" *Missouri ex rel. Koster v. Harris*, 2017 WL 361934, at *6 (9th Cir. Jan.

19   17, 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.

20   1988)). Absent clear futilities, challenges to the legal sufficiency of a proposed

21   amendment should be "raised in a motion to dismiss rather than in an opposition to

22   a motion for leave to amend." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp.

23   2d 1081, 1086 (S.D. Cal. 2002). Thus, Courts generally defer consideration of

24   challenges to the merits of a proposed amended pleading until after it is filed. *See*

25   *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538– 39 (N.D. Cal. 2003)

26   ("[d]enial of leave to amend on this ground is rare."). Futility "includes the

27   inevitability of a claim's defeat on summary judgment." *California ex rel.*

28

*California Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

Moog's proposed amendments are not futile. Moog is seeking to add two causes of action which are related to the facts underlying Moog's other, pre-existing causes of action (including for trade secret misappropriation and breach of contract), all of which advanced beyond the pleading stage without challenge from Defendants. Moog is not adding entirely new fact patterns or legal theories. It is merely supplementing its pre-existing claims and theories. Kim and Pilkington's theft of Moog data is undisputed. There is substantial evidence before the Court that Skyryse has possessed, used, and disclosed Moog's trade secrets and other non-public information. Moog's proposed amendments merely seek to conform its pleadings to the facts and evidenced adduced in the case. There can be no colorable argument that there are "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."

### E.    This is Moog's First Proposed Amendment

This is Moog's first proposed amendment, which it has timed in conjunction to respond to the Court's MTD Order. Moog does not intend to seek any further amendment at this time, while reserving the right to do so upon a showing of good cause. This favors granting the Motion.

## V.    **CONCLUSION**

For the foregoing reasons, Moog respectfully requests the Court grant the Motion and enter the Proposed Amended Complaint attached as Exhibit 1 to the concurrently filed Naqvi Declaration.

Dated: May 22, 2023          SHEPPARD MULLIN RICHTER & HAMPTON LLP

By    _____
                */s/ Rena Andoh*
                Rena Andoh

Attorney for Plaintiff and Counterdefendant
MOOG INC.

1

## **CERTIFICATE OF COMPLIANCE**

2

3
The undersigned, counsel of record for Moog Inc., certifies that this brief contains 5,336 words, which:

4

5
 _X_  complies with the word limit of L.R. 11-6.1.

6
 ___ complies with the word limit set by Court order dated _____.

7

8
Dated:  May 22, 2023          SHEPPARD MULLIN RICHTER & HAMPTON LLP

9
                              By    _____
                                         */s/ Rena Andoh*
10
                                        Rena Andoh

11
                                Attorney for Plaintiff and Counterdefendant
                                           MOOG INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28