# EXHIBIT C

1        UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3

4   MOOG INC.,                          )
                                        )
5          Plaintiff,                   )
                                        )
6      vs.                              )   No. 2:22-cv-09094-
                                        )   GW-MAR
7   SKYRYSE, INC., ROBERT ALIN          )
    PILKINGTON, MISOOK KIM, AND DOES    )
8   NOS. 1-50,                          )
                                        )
9          Defendants.                  )
    _____)

10

11

12        VIDEOTAPED DEPOSITION OF STEPHEN KOO, taken on

13   behalf of the plaintiff and counter-defendant Moog Inc.,

14   at Sheppard Mullin, 1901 Avenue of the Stars, Suite

15   1600, Los Angeles, commencing at 1:06 p.m., Wednesday,

16   May 3, 2023, before Diana L. Porter, Certified Shorthand

17   Reporter No. 12729.

18

19

20

21

22

23

24

25



```
 1   APPEARANCES:

 2   FOR PLAINTIFF AND COUNTER-DEFENDANT MOOG INC.:

 3            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
              BY:  KAZIM A. NAQVI, ESQ.
 4            1901 Avenue of the Stars
              Suite 1600
 5            Los Angeles, California 90067
              (310)228-3700
 6            knaqvi@sheppardmullin.com

 7   FOR DEFENDANT AND COUNTER-CLAIMANT SKYRYSE, INC.:

 8            LATHAM & WATKINS
              BY:  GABRIEL S. GROSS, ESQ.
 9            140 Scott Drive
              Menlo Park, California 94025
10            (650)328-4600
              gabe.gross@lw.com

11

12   ALSO PRESENT:

13            JACOB SHOBER, VIDEOGRAPHER

14

15

16

17

18

19

20

21

22

23

24

25
```



 1    BY MR. NAQVI:                                      13:35

 2        Q    Let me ask it a different way.

 3             Your Paragraph 7 discusses Skyryse's

 4    cloud-based working platform.  Can you tell me what

 5    that entails?                                      13:36

 6        A    As I mentioned previously, we use -- again,

 7    I don't know the sort of marketing name for but,

 8    what I refer to as Google suite, which is

 9    Google-based products, email.  You know, when you

10    want to share files, there's a Google Drive.  There 13:36

11    is -- we use their sort of word processing platforms

12    that also cloud-based, that's attached to the Google

13    suite, their spreadsheet equivalent, sort of Excel

14    product that they have, the calendar, you know,

15    most -- it is our -- from my perspective, again,     13:36

16    most of what, you know, I interact with on a daily

17    basis is through the Google platform that we use.

18        Q    Are Skyryse's source code repositories

19    included within the cloud-based workspace platform

20    that you're referring to in Paragraph 7?            13:37

21             MR. GROSS:  Lacks foundation.  Beyond the

22    scope of the parties' agreement.

23             THE DEPONENT:  Sorry.  You're asking about

24    the software that -- repeat the question.

25    ///



```
 1   BY MR. NAQVI:                                    13:37

 2       Q    I'm asking are Skyryse's source code

 3   repositories included in the cloud-based working

 4   platform that you reference in Paragraph 7?

 5            MR. GROSS:  Same objections.           13:37

 6            THE DEPONENT:  I don't know if they're

 7   storing them within Google Drive or using something

 8   else to do that.

 9   BY MR. NAQVI:

10       Q    At the outset of this case, were any    13:37

11   preservation efforts put in place with regard to

12   Skyryse-issued electronic devices?

13            MR. GROSS:  Just a second.

14            Vague.  Foundation.

15            You may answer.                         13:38

16            THE DEPONENT:  Can you clarify what you

17   mean by preservation measures.

18   BY MR. NAQVI:

19       Q    Yeah.

20            So here in Paragraph 7, you're talking  13:38

21   about technological measures in place for Skyryse's

22   cloud-based workspace platform.

23       A    Yes.

24       Q    Right now, I'm asking specifically were any

25   technological measures put in place with regard to   13:38
```



1   Skyryse-issued electronic devices?                          13:38

2           MR. GROSS:  Same objections.

3           THE DEPONENT:  Beyond -- beyond, again,

4   sort of the existing platform that we have I'm not

5   aware of any.                                               13:38

6   BY MR. NAQVI:

7      Q    And were any technological measures put in

8   place with regard to any Skyryse-issued devices to

9   contractors?

10          MR. GROSS:  Same objections.                        13:38

11          THE DEPONENT:  Again, I don't -- I don't

12   recall any additional measures being -- taking

13   place, because I believe what we had existing

14   covered the measures that we needed.  There was -- I

15   can recall there was nothing additional done.             13:39

16   BY MR. NAQVI:

17      Q    Were any technological measures put in

18   place to preserve data on Skyryse's employees'

19   personal devices?

20          MR. GROSS:  Objection.  Foundation.  Beyond          13:39

21   the scope of the agreed-on topics for this

22   declaration.  Let me object to the extent it

23   mischaracterizes the declaration as well.

24          You may answer.

25          THE DEPONENT:  I don't know of anything              13:39



```
 1   BY MR. NAQVI:                                      13:44

 2        Q    Did FTI collect or image the personal

 3   devices of any Skyryse contractors in connection

 4   with this case?

 5             MR. GROSS:  Same objections.  Lacks      13:44

 6   foundation.  Calls for speculation.  Object to the

 7   extent it calls for attorney-client privileged

 8   communications.  You may -- object to it going

 9   beyond the scope of the parties' agreement.

10             You may answer with a "yes," "no," or "I  13:45

11   don't know."

12             THE DEPONENT:  I'm not sure.

13   BY MR. NAQVI:

14        Q    Did Skyryse collect -- I'm sorry.  Strike

15   that.                                              13:45

16             Did FTI collect or image any Skyryse-issued

17   electronic devices for any Skyryse contractors?

18             MR. GROSS:  Is that a different question?

19             MR. NAQVI:  No.

20             MR. GROSS:  Asked and answered.  Same      13:45

21   objections as before.

22             You may answer with "yes," "no," or "I

23   don't know."

24             MR. NAQVI:  Sorry.  It is a different

25   question.                                          13:45
```



| | | |
|---|---|---|
| 1 | THE DEPONENT:  Yeah.  Can you repeat the | 13:45 |
| 2 | question?  Sorry. | |
| 3 | BY MR. NAQVI: | |
| 4 | Q    Yeah.  So the question before was about -- | |
| 5 | question before was about personal devices. | 13:45 |
| 6 | A    Mm-hmm. | |
| 7 | Q    So now I'm asking about company-issued | |
| 8 | devices.  So did FTI collect or image any | |
| 9 | Skyryse-issued electronic devices for any Skyryse | |
| 10 | contractors? | 13:45 |
| 11 | MR. GROSS:  Objection.  Lacks foundation. | |
| 12 | Calls for speculation.  It's beyond the scope of the | |
| 13 | parties' agreement, and I object to the extent it | |
| 14 | calls for privileged communications. | |
| 15 | You may answer with a "yes," "no," or "I | 13:46 |
| 16 | don't know." | |
| 17 | THE DEPONENT:  I don't know. | |
| 18 | BY MR. NAQVI: | |
| 19 | Q    In Paragraph 8, you say, it states, quote, | |
| 20 | "This has been a significant undertaking," end | 13:46 |
| 21 | quote.  What do you mean by that? | |
| 22 | A    Well, that's mostly in reference to the | |
| 23 | fact that there -- I am aware of the fact that they | |
| 24 | have preserved employee-issued laptops and, in some | |
| 25 | cases, they've asked for preservation of laptops for | 13:46 |



```
 1            MR. GROSS:  Objection.  Lacks foundation.      13:48
 2   Object to the extent it mischaracterizes the
 3   declaration.  Object that it's outside the scope of
 4   the parties' agreement.
 5            You may answer.                                13:48
 6            THE DEPONENT:  Sorry.  Repeat the question
 7   of whether it was the litigation hold -- yeah, can
 8   you just repeat the question?
 9   BY MR. NAQVI:
10       Q    Yeah.                                          13:48
11            So in Paragraph 9, it talks about -- it
12   says, quote, on April 21, 2022, Skyryse issued a
13   litigation hold to all remaining Skyryse employees,"
14   end quote.  I want to know in that applied to
15   Skyryse contractors as well.                           13:48
16            MR. GROSS:  Object to the extent the
17   question mischaracterizes and misrepresents the
18   declaration.  Lacks foundation.  It's beyond the
19   scope.
20            You may answer with a "yes," "no," or "I      13:48
21   don't know."  Don't reveal any privileged
22   communications in the process.
23            THE DEPONENT:  I don't know.
24   BY MR. NAQVI:
25       Q    Are you aware of whether Lori Bird received    13:49
```



STEPHEN KOO                                    May 03, 2023
MOOG INC. vs SKYRYSE                                      42

1   a litigation hold on April 21, 2022?                    13:49

2            MR. GROSS:  Lacks foundation.  Calls for

3   speculation.  Beyond the scope of the parties'

4   agreement.

5            You may answer with a "yes," "no," or "I        13:49

6   don't know," and without revealing privileged

7   communications with counsel.

8            THE DEPONENT:  I'm not sure.  I don't know.

9   BY MR. NAQVI:

10      Q    How did you verify the statements in           13:49

11   Paragraph 9 of your declaration?

12            MR. GROSS:  Again, answer with facts and

13   without revealing privileged communications you may

14   have had.

15            THE DEPONENT:  Sure.                            13:49

16            Yeah.  No.  I mean, similar to paragraph --

17   I just want to make sure I've got the right

18   paragraph.  Similar to Paragraph 6, you know, I

19   confirmed that through discussions with counsel and,

20   again, internal Skyryse record-keeping.                 13:49

21   BY MR. NAQVI:

22      Q    Let's go to Paragraph 10.  So is it correct

23   that a meeting took place between Gibson Dunn and

24   Mr. Wang on or about April 6th, 2022?

25      A    Well, it says April 5th here, but, yes, I       13:50



```
 1              THE DEPONENT:  One more time, please.       14:09
 2    Before August 2022 -- sorry.  Go ahead.
 3    BY MR. NAQVI:
 4        Q    Yeah.  So the question is, before August
 5    2022, Skyryse was not aware that Lori Bird had any    14:10
 6    involvement in this case; correct?
 7              MR. GROSS:  Objection.  Vague.  Also
 8    foundation.
 9              THE DEPONENT:  Yes.  I believe that's
10    correct.                                               14:10
11    BY MR. NAQVI:
12        Q    And so before August 2022, Skyryse had not
13    made any efforts to preserve any Skyryse-issued
14    electronic devices to Lori Bird; correct?
15              MR. GROSS:  Foundation.  Go ahead.           14:10
16              THE DEPONENT:  I don't believe so, no.
17    BY MR. NAQVI:
18        Q    And before August 2022, Skyryse had not
19    taken any efforts to preserve any of Lori Bird's
20    personal electronic devices; correct?                 14:11
21              MR. GROSS:  Foundation.
22              You may answer.
23              THE DEPONENT:  I would -- excuse me.  I
24    would assume not, but I can't confirm for sure.
25    ///
```



1    BY MR. NAQVI:                                          14:11

2       Q    Did Skyryse ever issue a litigation hold to

3    Lori Bird?

4           MR. GROSS:  Foundation.  Object to the

5    extent it may call for privileged communication.      14:11

6           You may answer with a "yes," "no," or I

7    don't know."

8           THE DEPONENT:  Repeat the question again.

9    Sorry.

10   BY MR. NAQVI:                                          14:11

11      Q    Did Skyryse ever issue a litigation hold

12   notice to Lori Bird?

13      A    I do not know if Skyryse issued a

14   litigation hold notice to Lori Bird.

15      Q    Before August 2022, Skyryse had not taken     14:11

16   any efforts to preserve Lori Bird's Skyryse email

17   account; correct?

18           MR. GROSS:  Lacks foundation.  Object to

19   the extent it mischaracterizes the document.  Object

20   because it's beyond the scope of the parties'          14:12

21   agreement as to the topics of the deposition.

22           You may answer.

23           THE DEPONENT:  Sorry.  Can I ask you to

24   repeat the question again?

25   ///



 1    BY MR. NAQVI:                                    14:12

 2        Q    Yeah.

 3            Before August 2022, Skyryse had not taken

 4    any efforts to preserve Lori Bird's Skyryse email

 5    account; correct?                                    14:12

 6            MR. GROSS:  Same objections.

 7            THE DEPONENT:  No.  If you mean by efforts

 8    anything beyond, again, if she's using a Skyryse

 9    email account, I will assume she's using it on a

10    Google platform, which, again, as I stated earlier,    14:12

11    I believe, is being backed up.

12    BY MR. NAQVI:

13        Q    Other than Deniz Karakas who you identified

14    earlier in the deposition, is there any other

15    Skyryse contractor that you can recall who received    14:13

16    a litigation hold notice?

17            MR. GROSS:  Objection.  Lacks foundation.

18    Calls for speculation.  Beyond the scope of the

19    parties' agreement as to the topics of the

20    deposition.                                    14:13

21            Go ahead.

22            THE DEPONENT:  I haven't specifically

23    thought about this, so I don't -- I don't know.

24    BY MR. NAQVI:

25        Q    Did Skyryse ever send Hummingbird Aero a    14:13



1   about system, I'm -- my assumption is, when I refer                    14:23

2   to system, anything that Skyryse has or touches.

3   I'm not a IT or a software engineer, so, you know,

4   my direction to them was clear.  Just, you know,

5   remove it from our systems.                                            14:23

6       Q    Your Paragraph 15 only discusses removing

7   from the source code repository.  So do you have any

8   basis to state under oath that SDTE was removed from

9   any location other than Skyryse's source code

10  repository?                                                            14:24

11          MR. GROSS:  Foundation.

12          You may answer.

13          THE DEPONENT:  Again, I can't -- I can't

14  confirm that.

15  BY MR. NAQVI:                                                          14:24

16      Q    You also can't confirm whether or not

17  Skyryse took any efforts to remove SDTE code that

18  may be saved on an employee's personal electronic

19  device; right?

20          MR. GROSS:  It's an incomplete                                 14:24

21  hypothetical.  Lacks foundation.

22          THE DEPONENT:  Ask the question again.

23  Sorry.

24  BY MR. NAQVI:

25      Q    You also cannot confirm whether or not                       14:24



1   Skyryse took any efforts to remove SDTE code that          14:24

2   may be saved on an employee's personal electronic

3   device; right?

4            MR. GROSS:   Same objections.

5            THE DEPONENT:   I do not know.                      14:24

6   BY MR. NAQVI:

7       Q    You also can't confirm whether Skyryse took

8   any efforts to remove SDTE code -- strike that.

9            So before July 6, 2022, Skyryse personnel

10  had access to SDTE code on Skyryse's source code             14:25

11  repository; is that right?

12           MR. GROSS:   Foundation.

13           THE DEPONENT:   I don't know if they did or

14  didn't.

15  BY MR. NAQVI:                                                14:25

16      Q    It states here in Paragraph 15, quote, "by

17  no later than July 6th, 2022," and then it talks

18  about the removal efforts.

19      A    Yeah.

20      Q    So you have no basis to dis-butte that              14:25

21  before July 6, 2022, Skyryse personnel had access to

22  SDTE code; right?

23           MR. GROSS:   Lacks foundation.  Beyond the

24  scope of the parties' agreement on the topics of the

25  deposition.                                                  14:25



1    Q    Starting on page 4, line 19.  Quote, "as      14:29

2  part of its ongoing investigation and related

3  efforts by no later than July 6th, 2022, out of an

4  abundance of caution, Skyryse had taken steps at the

5  direction of management to examine the directories    14:29

6  and files of source code for SRTOS, and to remove

7  from its source code repository any files that

8  arguably constitute Moog's proprietary,

9  confidential, or nonpublic information, and that

10  Skyryse was unable to confirm were based only on     14:30

11  internal Skyryse information or information

12  generally known in the industry," end quote.

13          Do you see that?

14    A    Yes.

15    Q    So, again, this statement discusses          14:30

16  removing files of source code for SRTOS from its

17  source code repository.  So I'm going to ask you a

18  similar series of questions that I asked before.

19          You're not aware of any efforts that

20  Skyryse took to remove SRTOS files from any          14:30

21  employee's company-issued devices; is that right?

22          MR. GROSS:  Lacks foundation.  Incomplete

23  hypothetical.

24          You may answer.

25          THE DEPONENT:  No, I'm not aware.            14:31



STEPHEN KOO                                    May 03, 2023
MOOG INC. vs SKYRYSE                                      66

1   BY MR. NAQVI:                                        14:31

2      Q    You're not aware of any efforts that

3   Skyryse took to remove SRTOS from any employee's

4   personal electronic device; right?

5           MR. GROSS:  Same objections.  Lacks          14:31

6   foundation.

7           THE DEPONENT:  Yeah.  I'm not aware of

8   that.

9   BY MR. NAQVI:

10     Q    And you're not aware of any efforts that     14:31

11  Skyryse took to remove SRTOS files that may have

12  been saved on employees' email accounts; right?

13          MR. GROSS:  Lacks foundation.

14          THE DEPONENT:  Yeah.  No.  I'm not aware of

15  that.                                                14:31

16  BY MR. NAQVI:

17     Q    And when was the process completed of

18  removing SRTOS file -- strike that.

19          When was the process completed of removing

20  certain portions of SRTOS from Skyryse's source code 14:31

21  repository?

22     A    I can't recall the exact date, but it

23  was -- I believe it was done in conjunction with the

24  effort that was made on Paragraph 15.  So if I had

25  to guess, it was, you know, July time period.        14:32



STEPHEN KOO                                          May 03, 2023
MOOG INC. vs SKYRYSE                                           71

1          And when you answer, I want to make sure          14:37

2     you don't reveal any substantive communications the

3     company may have had with its counsel, if you can.

4          THE DEPONENT:  Yeah.  Other than

5     discussions with counsel and, again, our discussions    14:37

6     with counsel, I guess I shouldn't go beyond that.

7     BY MR. NAQVI:

8      Q    On what directories or repositories were

9     Skyryse's software checklists replaced in or around

10    October 2022?                                            14:37

11         MR. GROSS:  Lacks foundation.  Beyond the

12    scope of the parties' agreement as to the topics of

13    this deposition.

14         THE DEPONENT:  Again, I don't have direct

15    knowledge of the actual directories.                     14:37

16    BY MR. NAQVI:

17     Q    You're not aware of whether Skyryse took

18    any efforts to remove preexisting software

19    checklists used before October 2022 from any

20    employee's company-issued electronic devices; right?    14:38

21         MR. GROSS:  Lacks foundation.

22         THE DEPONENT:  Repeat the question.  I'm

23    not aware of Skyryse's efforts to?

24    BY MR. NAQVI:

25     Q    You're not aware of whether Skyryse took         14:38



1  any efforts to remove preexisting software                        14:38

2  checklists from before October 2022 from any

3  employee's company-issued electronic devices;

4  correct?

5          MR. GROSS:  Foundation.  Beyond the scope               14:38

6  of the parties' agreement.

7          You may answer.

8          THE DEPONENT:  Yeah.  I don't know other

9  than I do know we've directed them to use the

10 ConsuNova checklist.                                              14:38

11 BY MR. NAQVI:

12    Q    You're not aware of whether Skyryse made

13 any efforts to remove preexisting checklists from

14 before October 2022 from any employee's personal

15 electronic devices; right?                                        14:39

16         MR. GROSS:  Lacks foundation.  Beyond the

17 scope of the parties' agreement.

18         THE DEPONENT:  Yeah.  I don't know.

19 BY MR. NAQVI:

20    Q    You're not aware of whether Skyryse took                 14:39

21 any efforts to remove preexisting software

22 checklists from before October 2022 that may have

23 been saved on employees' email accounts; right?

24         MR. GROSS:  Same objections.  And I object

25 to the extent it mischaracterizes the declaration.               14:39



```
 1            THE DEPONENT:  I do not know.              14:39

 2   BY MR. NAQVI:

 3       Q    How did you verify the information in

 4   Paragraph 17 of your declaration?

 5            MR. GROSS:  Again, you may answer if you   14:39

 6   can do so without revealing any privileged

 7   communications with counsel.

 8            THE DEPONENT:  Similar to the software

 9   effort.  They're -- they're sort of managers within

10   Skyryse that are responsible for checklists, and    14:39

11   they were tasked with replacing the checklist with

12   the ConsuNova checklist.

13   BY MR. NAQVI:

14       Q    And were you part of the management team

15   here that provided this direction?                  14:40

16       A    Yes.

17       Q    And were you involved in the decision to

18   obtain software checklists from ConsuNova?

19       A    We directed the team to acquire third-party

20   checklists.  And I wasn't specific about whether it  14:40

21   needed to be from ConsuNova or not, just third

22   party.

23       Q    Have you ever been deposed before?

24       A    No, I have not.

25            MR. NAQVI:  I'm done.                       14:40
```



```
 1               DEPOSITION OFFICER'S CERTIFICATE

 2

 3   STATE OF CALIFORNIA        )
                                )   ss.
 4   COUNTY OF SAN BERNARDINO   )

 5

 6           I, Diana L. Porter, hereby certify:

 7           I am a duly qualified Certified Shorthand

 8   Reporter in the State of California, holder of

 9   Certificate Number CSR 12729 issued by the Court

10   Reporters Board of California and which is in full force

11   and effect.  (Fed. R. Civ. P. 28(a)).

12           I am authorized to administer oaths or

13   affirmations pursuant to California Code of Civil

14   Procedure, Section 2093(b) and prior to being examined,

15   the witness was first duly sworn by me.  (Fed. R. Civ.

16   P. 28(a), 30(f)(1)).

17           I am not a relative or employee or attorney or

18   counsel of any of the parties, nor am I a relative or

19   employee of such attorney or counsel, nor am I

20   financially interested in this action.  (Fed. R. Civ. P.

21   28).

22           I am the deposition officer that

23   stenographically recorded the testimony in the foregoing

24   deposition and the foregoing transcript is a true record

25   of the testimony given by the witness.  (Fed. R. Civ. P.
```



STEPHEN KOO                                                 May 03, 2023
MOOG INC. vs SKYRYSE                                              76

1    30(f)(1)).

2         Before completion of the deposition, review of

3    the transcript [  ] was [xx] was not requested.  If

4    requested, any changes made by the deponent (and

5    provided to the reporter) during the period allowed, are

6    appended hereto.  (Fed. R. Civ. P. 30(e)).

7

8    Dated: May 25, 2023

9

10   _____

11        DIANA L. PORTER, CSR NO. 12729

12

13

14

15

16

17

18

19

20

21

22

23

24

25

