# Exhibit B

| | |
|---|---|
| **From:** | Valerie Velasco |
| **To:** | Kelley.Storey@lw.com |
| **Cc:** | Rena Andoh; Travis Anderson; Lai Yip; Kazim Naqvi; RFluskey@hodgsonruss.com; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; Ben.Heller@zfzlaw.com; catherine.thompson@halpernmay.com; grant.gelberg@halpernmay.com |
| **Subject:** | FW: Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR |
| **Date:** | Tuesday, March 28, 2023 4:08:14 PM |
| **Attachments:** | image002.png |

Good afternoon,

Per the Court:

After a thorough review of the docket, it appears that the Court cannot rule on the outstanding Motions to Compel, Dkts. 176 and 179, until Plaintiff Moog Inc. has complied with the transferor court's order to identify trade secrets, Dkt. 205.  The parties appear to dispute whether Plaintiff has complied with this order, and the Court is unable to determine whether Plaintiff has complied based on the limited information before it.

Therefore, if Defendants still contend Plaintiff has failed to comply with the prior court's order, Defendants may file an appropriate Motion without a telephonic conference, but only after both parties have replied to this email acknowledging they have read and understood the following:

Though a pre-motion telephonic conference is not required, parties must still comply with all the requirements of Local Rule 37 and Fed. R. of Civ. P. 37 in filing their motion.  The parties are encouraged to promptly agree to some type of resolution of the dispute before filing motions.  Note that, going forward, if any dispute between the parties proceeds to motion practice, the Court will be required to consider the application of the fee-shifting provisions of Federal Rule of Civil Procedure 37(a)(5).  That rule generally requires the Court to assess fees against a losing party in a discovery motion unless that side's conduct was substantially justified or circumstances would make a fee-shift unjust.  The fees can be imposed against the losing party's attorney, the party itself, or both. Also, moving forward, all hearings will be in-person; requests for zoom or telephonic appearances must be made at least five days in

advance of the hearing, and will only be granted upon a showing of good cause.

If the parties have since reached an agreement that the court's prior order has been complied with, both parties must confirm this agreement in an email; the Court will then respond with next steps on how to proceed with the pending Motions to Compel.

Please confirm receipt of this email.  Thank you.



**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Monday, March 27, 2023 3:08 PM
**To:** Erica Bustos <erica_bustos@cacd.uscourts.gov>
**Cc:** RAndoh@sheppardmullin.com; TAnderson@sheppardmullin.com; LYip@sheppardmullin.com; KNaqvi@sheppardmullin.com; RFluskey@hodgsonruss.com; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; Ben.Heller@zfzlaw.com; catherine.thompson@halpernmay.com; grant.gelberg@halpernmay.com
**Subject:** Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR

**CAUTION - EXTERNAL:**

Dear Ms. Bustos,

We represent Defendant and Counterclaimant Skyryse, Inc. in the above-captioned matter and write pursuant to Judge Rocconi's discovery procedures to seek a telephone conference with the Court to discuss the below discovery issues for which the parties are at an impasse. As described in Skyryse's March 8th email to the Court, Skyryse contends that "all discovery demands and motions except those related to Skyryse's interrogatory 1" are, by order, deferred until Moog sufficiently identifies its trade secrets but in compliance with Judge Rocconi's rules we are submitting the four disputes below for a telephone conference with the Court.

The parties have agreed upon the following three proposed times for a telephone conference: April 5 from 11 am-3 pm, April 6 from 9-11 am and after 1:30 pm, and April 7 from 10 am-12 pm.

The issues Skyryse intends to discuss during the conference are:

Exhibit B, Page 62

1. **Whether the Court should grant Skyryse's motion to compel at Dkt. No. 179 regarding Requests for Production Nos. 5, 11, and 15.** The parties are at impasse: Skyryse contends that Moog has failed to produce documents responsive to these requests. Moog claims that it has already produced documents responsive to these requests and/or that producing documents would be overly burdensome.

2. **Whether the Court should order Moog to comply with the Transferor Court's source code order.** (Nov. 10, 2022 Hrg. Tr. at 64:16-65:21, adopting the Source Code Order on file at Dkt. No. 284-6). The parties are at impasse: Skyryse contends that Moog is in ongoing violation of this order and should be ordered to make its source code available for inspection following the protocol adopted by the Court. Moog contends that the Source Code Order (Dkt. No. 284-6) does not apply to it because all relevant source code is contained on the Individual Defendants' Moog devices produced to third-party neutral iDS.

3. **Whether the Court should compel Moog to produce documents responsive to Skyryse's Request for Production No. 9, which requests "[a]ll Communications and Documents relating to any investigation undertaken into any allegedly misappropriated Trade Secrets."** The parties are at impasse: Skyryse contends that Moog should have produced all communications with the FBI or U.S. Attorney's Office related to this case, and that Moog has withheld these responsive communications. Moog disagrees and asserts that any additional communications or productions between Moog and the FBI, other than what has been produced to date, are not responsive to Skyryse's RFP No. 9, despite previously confirming that it would produce all communications between Moog and the FBI.

4. **Whether Moog has improperly designated certain discovery documents as confidential under the stipulated protective order to keep them out of the public record.** The parties are at impasse: Skyryse asserts that Moog has maintained many improper confidentiality designations over materials that do not qualify for confidential treatment under the stipulated protective order (Dkt. No. 89, addendum at 96-2) and do not merit being kept out of the public record in court filings. Moog asserts that its confidentiality designations are appropriate.

Best,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or

forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.