This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Rena Andoh (admitted *pro hac vice*)
 randoh@sheppardmullin.com.com
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

Lai L. Yip (SBN 258029)
 lyip@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Travis J. Anderson (SBN 265540)
 tanderson@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Kazim A. Naqvi (SBN 300438)
 knaqvi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

*Attorneys for Plaintiff and Counterclaim-Defendant Moog Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC., | CASE NO. 2:22-cv-09094-GW-MAR |
| Plaintiff, | |
| v. | **DECLARATION OF KEITH PIERONI IN SUPPORT OF MOOG'S OBJECTION TO VINCENT SOCCI** |
| SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, | |
| Defendants. | |
| SKYRYSE, INC., | |

SMRH:4880-3061-8215.2                    -1-

This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772

|   |   |
|---|---|
| Counterclaimant,<br>v<br>MOOG INC.,<br>Counterclaim-Defendant. | Discovery Cut-Off: April 12, 2024<br>Pre-Trial Conference: August 12, 2024; 8:30 a.m.<br>Trial: August 27, 2024<br><br>Hearing:  June 28, 2023<br>Time:      8:30 a.m.<br>Judge:     Hon. Margo A. Rocconi<br>Location: Courtroom 790, 7th Floor |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772

I, Keith Pieroni, hereby declare and state as follows:

1. I am more than 18 years old and a citizen of the United States, currently residing in New York.

2. I am the Chief Engineer of Electronics of the Moog Aircraft Group at Moog, Inc. I have been employed by Moog for over 35 years.

3. I have personal knowledge of the facts and opinions set forth herein.

4. Moog is a designer and manufacturer of electric, electro-hydraulic and hydraulic motion, controls and systems for applications in aerospace, defense, industrial and medical devices. Moog has developed and supplies the flight control systems for some of the most common commercial aircrafts used today, and Moog frequently works on sensitive government research projects in addition to its commercial projects.

5. From 2005 to 2009, I was the Chief Engineer of Aerospace Electronics. As the Chief Engineer of Aerospace Electronics, my responsibilities included managing electrical design function (including digital, analog, power electronics, firmware, and electronics packaging) for the Aircraft Group and the Space and Defense Group.

6. As the Chief Engineer of Aerospace Electronics, I was in charge of managing 60-180 engineers, including Moog employees and contractors.

7. On December 21, 2005, Moog hired Vince Socci as a contractor to work on Moog confidential projects. I understand Mr. Socci was hired through the company he founded and runs, On Target Development ("On Target").[1] Mr. Socci's employee number was ▓▓▓▓▓▓

8. All engineering employees at Moog are subject to strict confidentiality obligations given the government and military business at Moog. This includes engineering contractors, such as Mr. Socci and On Target, who are

---

[1] I understand Mr. Socci has used multiple names for his business over time, including On Target Motion and On Target Technology Development.

-3-

This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772

obligated as much as employees are to adhere to government statutes and regulations and specific contractual requirements imposed by customers (commercial and governmental) for the projects to which they are assigned. Mr. Socci had a confidential relationship with Moog and Moog's customers based on his contractor employment at Moog.

9. From 2006 through approximately 2007, Mr. Socci worked as an electrical engineer at Moog in the Aircraft Group on a sensitive government program called ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10. As part of his work for Moog, Mr. Socci was involved in, and was given, Moog confidential and proprietary information. Exhibit A to my declaration is a true and correct copy of excerpts of a meeting agenda when Mr. Socci was at Moog. Exhibit A shows that Mr. Socci was at one time presenting on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Exhibit A. Exhibit A is marked "Moog Proprietary and/or Confidential Data," and Moog considers the information presented at the meeting referenced by Exhibit A to also be proprietary and confidential. *Id.*

11. While working on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████

12. While working on firmware aspects of the ████ program, Mr. Socci would have necessarily needed detailed knowledge of ████████ ████████████████████████████████████████ ██████████████████████████████ and Mr. Socci had intimate knowledge of the system's architecture. Mr. Socci also would have worked with Moog's software engineers as ██████ ██ ████████████████ ████████████████████████████████████████ ████████████

13. Attached as Exhibit B to my declaration is a true and correct copy of an Excel spreadsheet detailing Mr. Socci's hours worked on two projects, including the ██████ program, while at Moog between 2006 to 2007. Exhibit B shows that Mr. Socci worked approximately ████████████████████ while at Moog. *See* Ex. B (totaling column G (actual labor hours) for all ████ ██████ (column L)). Mr. Socci's work on the ██████ project was substantial.

14. Moog used the ██████ program to build out other projects, such as the █████████████████████████ programs. For example, █████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████

15. Mr. Socci also worked on the ████████████████████████ program during 2006 to 2007. Ex. A. ████ was also a Moog confidential and

This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772

proprietary program. I also understand Mr. Socci worked on ▮▮▮▮ for Moog's confidential and proprietary ▮▮▮▮ program. Exhibit C to my declaration is a true and correct copy of excerpts of a Moog presentation regarding the ▮▮▮▮ program. Page 3 of Exhibit C shows that Mr. Socci was the design engineer for ▮▮▮▮ Exhibit C includes Moog's Intellectual & Proprietary Information legend. Moog considers the information in Exhibit C to be confidential.

16. I understand that Moog has identified the ▮▮▮▮ ▮▮▮▮ as part of the trade secrets at issue in this case. Through his work at Moog, Mr. Socci therefore has personal knowledge related to issues relevant to this case, including how Moog uses its trade secret and confidential information (and therefore the value of Moog's proprietary information) and how Moog operated to protect its trade secrets and confidential information.

17. Through his work at Moog, Mr. Socci also has personal knowledge of Moog's confidential and proprietary information relating to ▮▮▮▮ ▮▮▮▮ that I understand were not stolen from Moog. Moreover, Mr. Socci also has personal knowledge of Moog's confidential and proprietary information relating to programs not at issue in this case, such as ▮▮▮▮ ▮▮▮▮.

18. To my knowledge, subject matter experts in the aviation industry would not have access to Moog's confidential information regarding the ▮▮▮▮ ▮▮▮▮ programs unless they were employed by or contracting with Moog.

19. I understand from his declaration that Mr. Socci has worked for many aviation companies including Saab, Sensis, Northrop Grumman, Thales, Surescan, AAM, Crane Aerospace, Kearfott, and likely others that I do not have knowledge of. These companies include Moog's customers, competitors, and vendors. Moog

would be severely prejudiced if its confidential information was purposely or accidentally transmitted outside of Moog.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 2, 2023 in East Aurora, New York.

_____
Keith Pieroni