# Exhibit A

| | |
|---|---|
| **From:** | Storey, Kelley (DC) |
| **Sent:** | Thursday, March 30, 2023 5:58 PM |
| **To:** | Michael Heins |
| **Cc:** | RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; Rena Andoh; Tyler Baker; Travis Anderson; Lai Yip; Kazim Naqvi; #C-M SKYRYSE - MOOG - LW TEAM |
| **Subject:** | RE: Moog v. Skyryse: Identification of Experts |

Mike,

The burden is not on Skyryse to prove that Mr. Socci does not have existing confidentiality obligations to Moog. The burden is Moog's to prove "that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs [Skyryse's] need to disclose the Protected Material to the expert." P.O. at § 6.6. Moog has not articulated any risk of harm to Moog by Skyryse disclosing material to Mr. Socci under the protective order. We understand Moog's position to be that Mr. Socci should be disqualified as an expert, a position with which we disagree, but, as we have stated several times, is different from the issue of disclosure under the protective order.

Mr. Socci takes any obligations regarding classified information seriously, but Moog has failed to show that Mr. Socci would breach those obligations simply by having confidential information disclosed to him in this case or by serving as an expert. Nor has Moog identified any confidentiality obligations Mr. Socci owes to Moog, and Moog has still not provided a copy of any agreement that Moog asserts governs any confidentiality obligations Mr. Socci may purportedly owe Moog. We understand the parties are at impasse and intend to raise the protective order issue with the court immediately. As the question of disqualification is not a discovery issue, if Moog persists in its position that Mr. Socci should be disqualified, it will need to raise that issue with Judge Wu.

Best,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Wednesday, March 29, 2023 6:32 PM
**To:** Storey, Kelley (DC) <Kelley.Storey@lw.com>
**Cc:** RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; Rena Andoh <RAndoh@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Kelley,

There has been no delay.  Moog has stated its objections to Mr. Socci working as an expert for Skyryse in this litigation multiple times over the last three weeks.  Mr. Socci worked on sensitive government programs that prevented Moog and its employees from disclosing information outside of Moog.  The very nature of those sensitive government programs precludes Mr. Socci from working for Skyryse given that those projects are at issue in this case.  Moog maintains its objections to Mr. Socci working as an expert for Moog, and as a non-expert, Mr. Socci is not allowed to have access to protective order material.

We have asked you multiple times to confirm whether Mr. Socci is asserting that he did not have confidentiality obligations to Moog despite working on sensitive government projects for Moog.  Your email of this morning still does not answer that simple question.  Your email also does not otherwise demonstrate that Skyryse has undertaken any independent investigation into Mr. Socci's confidentiality obligations with Moog based on the information Moog has already provided to Skyryse.  We ask again, please advise whether Mr. Socci is asserting that he did not believe he was required to keep sensitive government secrets confidential while working at Moog.  Your demands also imply that Mr. Socci has not retained a copy of any confidentiality agreements from his time with Moog.  Please either provide any materials Mr. Socci has retained or confirm that he has none.

Regards,
Mike

**Michael K. Heins** | Associate
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

---

**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Wednesday, March 29, 2023 8:06 AM
**To:** Michael Heins <MHeins@sheppardmullin.com>
**Cc:** RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; Rena Andoh <RAndoh@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Mike,

It has been a week since we sent the below email, and nearly three weeks since the deadline for Moog to raise objections to Mr. Socci under the Protective Order passed, and we have not heard a response from you or received any additional information regarding the purported confidentiality obligations you claim form the basis for your objection.  Moog's delay tactics are unacceptable. Please immediately confirm that Moog has withdrawn its objection to the disclosure of designated information to Mr. Socci under the protective order, or immediately provide us with the confidentiality agreement you believe restricts his ability to participate in this case.  If we don't hear back from you tomorrow Skyryse will raise this issue with the Court.

Best,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

**From:** Storey, Kelley (DC) <Kelley.Storey@lw.com>
**Sent:** Wednesday, March 22, 2023 12:58 PM
**To:** Michael Heins <MHeins@sheppardmullin.com>
**Cc:** RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; Rena Andoh <RAndoh@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Mike,

As we discussed on the meet and confer last week, the protective order places the burden on the party objecting to an expert disclosed under the protective order—here Moog—to prove "that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert." Protective Order, § 6.6(c). Moog has still not articulated any risk of harm from disclosure to Mr. Socci at all, let alone a risk of harm that outweighs Skyryse's need to disclose the material to Mr. Socci. Skyryse asked to meet and confer with Moog regarding this issue, which the parties did on March 14, 2023, in the hopes that Moog would provide a basis—even if not in writing as required by the protective order—for its objection. But that did not happen. The only "basis" for Moog's objection is that Mr. Socci's resume did not explicitly identify that Mr. Socci worked on a project involving Moog while he was employed by On Target Motion approximately 15 years ago.

But not only is there no obligation under the protective order for a disclosure of that nature (which Mr. Socci had publicly disclosed in his LinkedIn profile), Moog was aware of Mr. Socci's work regardless. Thus, there is no basis to object based on any alleged lack of disclosure, especially since Skyryse has allowed Moog ample additional time to identify any risk of harm from disclosure to Mr. Socci. But even under the most generous reading of the protective order, the time for objection has passed. Accordingly, please confirm that Moog will withdraw its purported objection to the disclosure of designated information to Mr. Socci under the protective order; absent withdrawal, the parties are at an impasse and Skyryse will need to raise this issue with the Court.

Separate from the protective order issue, we understand that Moog is objecting to Mr. Socci as an expert for Skyryse based on his prior Moog-related work. But the very case you cited during our meeting and conferring confirms that such as objection is unfounded. In *Space Systems/Loral v. Martin Marietta Corp.*, the Court specifically distinguished between an expert that had "access to confidential attitude control technology until quite recently" from an expert whose "meaningful involvement with Martin Marietta ended . . . over 15 years ago." Civ. No. 95-20122 SW, 1995 WL 686369, at *2-3 (N.D. Cal. Nov. 15, 1995). Here, Moog admits that any involvement Mr. Socci had with Moog ended in 2009, almost 15 years ago.

Furthermore, other than asserting, without support, that Mr. Socci's work involved projects that Moog asserts relate to its alleged trade secrets, Moog has not identified any information Mr. Socci may have obtained from that time that is actually relevant to any issues in this case. That Mr. Socci may have worked on certain projects approximately 15 ago does not establish that anything he did back then somehow could disqualify him from working on this case today.

Additionally, Moog has still not provided Skyryse with a copy of any confidentiality agreement between Moog and Mr. Socci that imposes a current obligation on him. Having said this, Skyryse has no desire to rely on an expert's knowledge of information subject to confidentiality provisions with Moog, and would expect him to honor any contractual commitments. Accordingly, as we discussed on the meet and confer call, Skyryse seeks additional information in Moog's possession regarding the nature of the information that Moog contends Mr. Socci may have obtained from Moog and the terms of any confidential agreement Mr. Socci may be subject to. We understood from the meet and confer call that Moog would update us no later than yesterday, but Moog failed to provide any further information about the terms of any confidential agreement. However, as this is a separate issue from the question of disclosure under the protective order, that Skyryse is giving Moog an opportunity to provide additional information on this issue does not mean that

Moog can continue to block disclosure under the protective order and, as discussed above, Skyryse will need to proceed accordingly.

Best,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Wednesday, March 22, 2023 12:08 AM
**To:** Storey, Kelley (DC) <Kelley.Storey@lw.com>
**Cc:** RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; Rena Andoh <RAndoh@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Counsel,

We have also learned that, in addition to Mr. Socci working on CUI Program Trade Secret 5, Mr. Socci's work at Moog also related to Trade Secrets 17 and 18. We are continuing our investigation. Please advise whether Mr. Socci is asserting that he did not have confidentiality obligations to Moog despite working on sensitive government projects.

Regards,
Mike

**Michael K. Heins** | Associate
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

---

**From:** Michael Heins
**Sent:** Friday, March 17, 2023 7:02 PM
**To:** 'Kelley.Storey@lw.com' <Kelley.Storey@lw.com>
**Cc:** RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; Rena Andoh <RAndoh@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Kelley,

I write to provide you with the update we agreed to provide on Tuesday. Moog is continuing to look into the vast amount of work Mr. Socci did at Moog over a four-year time period and will provide another update on Tuesday, March 21. With respect to your email yesterday, as we indicated on the meet and confer, we identified for you the name of at least one sensitive government program Mr. Socci worked on that obligated Mr. Socci to not reveal sensitive data outside of Moog. That sensitive government program is directly at issue in this case.

I note that your email below does not identify why you disagree with Moog's provided case law or give any legal justification for trying to use Mr. Socci as an expert in this case. Your email also does not indicate that you have conducted any independent investigation with Mr. Socci about his specific work at Moog and any legal obligations he has based on his employment at Moog.

Regards,
Mike

**Michael K. Heins** | Associate
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Thursday, March 16, 2023 8:29 AM
**To:** Michael Heins <MHeins@sheppardmullin.com>
**Cc:** RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; Rena Andoh <RAndoh@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Mike,

Following up on our meet and confer Tuesday, and as we mentioned during the call, we believe Moog's objection to the disclosure to Mr. Socci of highly confidential materials under the protective order in this case is improper. Further, we have reviewed the caselaw you provided as the basis for your objection, and we disagree that it supports Moog's position. We look forward to hearing from you by Friday regarding the terms of any confidentiality agreement Mr. Socci signed during his work with Moog. As we requested during the meet and confer, please provide us with a copy of any such agreement, and the specifics of what, if any, of the information Moog is asserting as trade secret Moog contends Mr. Socci had access to.

Best,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Friday, March 10, 2023 7:49 PM
**To:** Storey, Kelley (DC) <Kelley.Storey@lw.com>
**Cc:** RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; Rena Andoh <RAndoh@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>;

#C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Kelley,

Moog's objection yesterday to Skyryse disclosing Mr. Socci as an expert clearly set forth the basis of Moog's objection. Moog objects to Mr. Socci serving as an expert for Skyryse because Mr. Socci worked for Moog as a contractor from approximately 2005-2009. Moog also objects to the manner in which Mr. Socci was disclosed, wherein Mr. Socci and/or Skyryse left off his Moog work history from the resume provided to us in this litigation, despite that experience for Moog being displayed elsewhere.

To the extent Skyryse intends to continue seeking to use Mr. Socci, a former Moog contractor, as an expert witness against Moog in this litigation, we are available for a meet and confer on Tuesday, March 14th at 3:30pm Pacific or Wednesday, March 15th, after 10am Pacific.

Regards,
Mike

**Michael K. Heins** | Associate
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Friday, March 10, 2023 7:28 AM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; RFluskey@hodgsonruss.com; scott.tenley@zfzlaw.com; Rachel.Fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; grant.gelberg@halpernmay.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Rena,

Your email does not clearly identify Moog's actual basis for objecting to Mr. Socci.

If Moog's concern is that Mr. Socci's resume fails to disclose that he worked for a company that previously did work for Moog, that objection does not appear to be well-founded. Skyryse has fully complied with the Protective Order's disclosure requirements, which only require that a party provide a written request to the other party that:

> (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has offered expert Case testimony, including

Exhibit A, Page 9

through a declaration, report, or testimony at a deposition or trial, during the preceding five years. (Protective Order § 6.6(a).)

To the extent Moog is suggesting that Skyryse failed to provide Mr. Socci's current resume, that is simply not correct.  Skyryse provided Mr. Socci's resume exactly as it was provided to us.  Mr. Socci's resume does not contain a gap between 2001-2010 as you claim.  Instead, the very first entry on his list of professional engagements identifies Mr. Socci's work for On Target Motion as encompassing that very period.

That Mr. Socci's resume does not include every one of On Target Motion's customers, of which Moog is but one of many, is not surprising, as that is not information that would typically be included on a resume.  Nor is there any requirement under the Protective Order for an expert to disclose the customers of their employer, even if one of those customers was Moog.  Regardless, details regarding Mr. Socci's work at On Target Motion during the period you identify, including for Moog among many of its other aviation customers, have been publicly disclosed by Mr. Socci on his publicly accessible LinkedIn page, as you note.  There is accordingly no basis to suggest that he or Skyryse "intentionally obscured" or withheld this information from Moog.

We assume this resolves the issue and ask that Moog withdraw its objection to Mr. Socci.  If it does not, then please "set forth in detail the grounds on which it is based," as required by the Protective Order.  Please note that yesterday was the last day for Moog to identify any such objections.  (*See* Protective Order § 6.6(b).)  If Moog is maintaining this objection, in addition to giving us the detailed grounds, please also let us know your availability to meet and confer regarding Moog's objection. We are available any time today, and also on Monday or Tuesday before 1 or after 3:30.

Best,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

---

**From:** Rena Andoh <RAndoh@sheppardmullin.com>
**Sent:** Wednesday, March 8, 2023 7:36 PM
**To:** Storey, Kelley (DC) <Kelley.Storey@lw.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; RFluskey@hodgsonruss.com; Scott Tenley <scott.tenley@zfzlaw.com>; Rachel Fiset <Rachel.Fiset@zfzlaw.com>; Ben Heller <Ben.Heller@zfzlaw.com>; Grant Gelberg <grant.gelberg@halpernmay.com>; Catherine Thompson <catherine.thompson@halpernmay.com>; Alyssa Titche <alyssa.titche@halpernmay.com>
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Subject:** RE: Moog v. Skyryse: Identification of Experts

Kelley,

We object to Vincent Socci accessing any non-public materials associated with this case.  Our records show that Mr. Socci worked for Moog as a contractor at least from 2005-2009.  It is highly concerning that this information was omitted from the version of Mr. Socci's CV that you provided to us.

Mr. Socci's CV otherwise shows his professional experience in great detail dating back to 1990, and yet there is a gap in his CV for the years 2001-2010.  Looking at his LinkedIn profile, the missing decade appears to be his time as Chief Engineer for On Target Technology from October 2001-January 2010, in which he specifically lists Moog as one of the

companies he was contracted to for design companies.  This highly relevant experience is completely missing from the CV you provided us.  Instead, there is a consolidated entry listing "8/2000-Present" for On Target Technology – that entry merges what were at least three separate entries in his LinkedIn biography spanning several pages of text down to a few lines of vague description.  This raises serious questions as to whether this information was intentionally obscured, knowing that Moog would find it objectionable, in the hopes that Moog would not find it within the seven days available for Moog to review Mr. Socci.

This lapse further calls into question all of Skyryse's other disclosures of experts.  We are now going back through Skyryse's other experts to confirm whether any of them have similarly obscured prior work with or for Moog.  We would hope, given the circumstances, that Skyryse will immediately voluntarily provide additional information regarding any other contacts their other experts have had with Moog.  Either way, all rights are expressly reserved.

Please also note that I have replaced the email addresses on this chain for prior counsel to Kim and Pilkington with those individuals who have been identified to us as their new counsel.

Regards,
Rena


**Rena Andoh**
+1 212-634-3092 | direct
RAndoh@sheppardmullin.com | Bio

**SheppardMullin**
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Thursday, March 2, 2023 8:15 PM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; truitt.a@wssllp.com; green.a@wssllp.com; mireles.a@wssllp.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** Moog v. Skyryse: Identification of Experts

Counsel,

Pursuant to Paragraph 6.6 of the Protective Order entered in this matter (Dkt. No. 89) and the addendum thereto (Dkt. No. 96-2), Skyryse hereby requests to disclose highly confidential material to expert Vincent P. Socci.  The information that Skyryse seeks permission to disclose to Mr. Socci consists of the following general categories of information: information designated Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Outside Counsel and Experts' Eyes Only, including information turned over to iDS, technical information, accounting and financial records, business agreements, and other business records.

Attached is Mr. Socci's signed Exhibit A to the Protective Order.  Also attached is Mr. Socci's current CV.  Below is the remaining information required by Paragraph 6.6.  Absent any objections, Skyryse will disclose the subject Protected Material to Mr. Socci after seven days from this request, pursuant to the Protective Order.

Thank you,
Kelley

- Primary Residence: Rockledge, Florida
- Current Employer:

- o   Blue Origin
- Entities from whom Mr. Socci has received compensation or for whom Mr. Socci has provided services in the preceding 5 years:
    - o   Blue Origin
    - o   On Target Motion
    - o   National Instruments
    - o   IMS Consulting & Expert Services
    - o   Rubin Anders
    - o   Magna International Inc.
    - o   CardioNet, LLC, Braemar Manufacturing LLC
- Litigations in which Mr. Socci has offered expert testimony in the preceding 5 years:
    - o   *Cardionet, LLC v. InfoBionic, Inc.*, 1:17-cv-0445-IT, D. Mass., 3/16/2017
    - o   *Panasonic Corp. v. Magna International, Inc.*, 6:21-cv-00319-ADA, W.D. Tex., 3/31/2021 (case ongoing, no testimony offered to date)

Best,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.
Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.