# Exhibit B

| | |
|---|---|
| **From:** | Kazim Naqvi <KNaqvi@sheppardmullin.com> |
| **Sent:** | Wednesday, April 19, 2023 5:56 PM |
| **To:** | Storey, Kelley (DC); MAR_Chambers@cacd.uscourts.gov |
| **Cc:** | Rena Andoh; Travis Anderson; Lai Yip; Michael Heins; RFluskey@hodgsonruss.com; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; Ben.Heller@zfzlaw.com; catherine.thompson@halpernmay.com; grant.gelberg@halpernmay.com; alyssa.titche@halpernmay.com; kevin.scott@halpernmay.com; #C-M SKYRYSE - MOOG - LW TEAM |
| **Subject:** | RE: Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR |

Dear Ms. Velasco:

We are counsel for Plaintiff and Counterdefendant Moog Inc. Thank you for your e-mail. We confirm receipt and also acknowledge that we have read and understood the Court's directives regarding Local Rule 37 and Federal Rule 37. We confirm that the Parties remain at an impasse on this issue.

Respectfully Submitted,

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Wednesday, April 19, 2023 1:18 PM
**To:** MAR_Chambers@cacd.uscourts.gov
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>; RFluskey@hodgsonruss.com; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; Ben.Heller@zfzlaw.com; catherine.thompson@halpernmay.com; grant.gelberg@halpernmay.com; alyssa.titche@halpernmay.com; kevin.scott@halpernmay.com; SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** RE: Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR

Dear Ms. Velasco:

We are counsel for Defendant Counterclaimant Skyryse, Inc. Thank you for your e-mail. We confirm receipt and also acknowledge that we have read and understood the Court's directives regarding Local Rule 37 and Federal Rule 37. We also write to confirm that the parties remain at an impasse regarding whether Skyryse should be prohibited, as Moog contends, from disclosing to Skyryse's proposed expert, Mr. Vincent Socci, information designated as requiring confidential treatment by Moog under the protective order. Skyryse will comply with the relevant rules in filing its motion.

Best,
Kelley

**Kelley Storey**

1

Pronouns: she/her/hers

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

---

**From:** MARChambers <MAR_Chambers@cacd.uscourts.gov>
**Sent:** Tuesday, April 18, 2023 11:31 AM
**To:** Storey, Kelley (DC) <Kelley.Storey@lw.com>
**Cc:** RAndoh@sheppardmullin.com; TAnderson@sheppardmullin.com; LYip@sheppardmullin.com; KNaqvi@sheppardmullin.com; MHeins@sheppardmullin.com; RFluskey@hodgsonruss.com; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; Ben.Heller@zfzlaw.com; catherine.thompson@halpernmay.com; grant.gelberg@halpernmay.com; alyssa.titche@halpernmay.com; kevin.scott@halpernmay.com; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Subject:** RE: Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR

Good morning,

Per the Court: The parties have leave to file a motion without a telephonic conference, but only after both parties have replied to this email acknowledging they have read and understood the following:
Though a pre-motion telephonic conference is not required, parties must still comply with all the requirements of Local Rule 37 and Fed. R. of Civ. P. 37 in filing their motion. The parties are encouraged to promptly agree to some type of resolution of the dispute before filing motions. Note that, going forward, if any dispute between the parties proceeds to motion practice, the Court will be required to consider the application of the fee-shifting provisions of Federal Rule of Civil Procedure 37(a)(5). That rule generally requires the Court to assess fees against a losing party in a discovery motion unless that side's conduct was substantially justified or circumstances would make a fee-shift unjust. The fees can be imposed against the losing party's attorney, the party itself, or both. Also, moving forward, all hearings will be in-person; requests for zoom or telephonic appearances must be made at least five days in advance of the hearing, and will only be granted upon a showing of good cause.

In any discovery motion, the parties should include a statement explaining why this discovery dispute should or should not also be subject to Judge McCarthy's order staying discovery until the trade secret identification has been satisfied. If the trade secret identification has been satisfied, the parties should notify the Court.

Thank you.



VALERIE VELASCO
COURTROOM DEPUTY TO THE HONORABLE MARGO A. ROCCONI
UNITED STATES DISTRICT COURT
CALIFORNIA CENTRAL DISTRICT COURT
255 East Temple Street
Los Angeles, CA 90012
Office: (213) 894-3589
Email: valerie_velasco@cacd.uscourts.gov

---

**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Friday, April 7, 2023 9:25 AM
**To:** MARChambers <MAR_Chambers@cacd.uscourts.gov>
**Cc:** RAndoh@sheppardmullin.com; TAnderson@sheppardmullin.com; LYip@sheppardmullin.com; KNaqvi@sheppardmullin.com; MHeins@sheppardmullin.com; RFluskey@hodgsonruss.com; Rachel.Fiset@zfzlaw.com; scott.tenley@zfzlaw.com; Ben.Heller@zfzlaw.com; catherine.thompson@halpernmay.com; grant.gelberg@halpernmay.com; alyssa.titche@halpernmay.com; kevin.scott@halpernmay.com; SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** RE: Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR

**CAUTION - EXTERNAL:**

Dear Ms. Velasco,

We represent Defendant and Counterclaimant Skyryse, Inc. in the above-captioned matter and write to inquire about scheduling a telephonic conference regarding the below dispute related to the protective order, for which the parties are at an impasse. As noted below, this issue affects Skyryse's ability to respond to currently-pending motions in the case, and Skyryse believes that this issue is ripe and should not be deferred until Moog sufficiently identifies its trade secrets.

Thank you,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

---

**From:** Storey, Kelley (DC)
**Sent:** Thursday, March 30, 2023 7:59 PM
**To:** 'mar_chambers@cacd.uscourts.gov' <mar_chambers@cacd.uscourts.gov>
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; 'Kazim Naqvi' <KNaqvi@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>; RFluskey@hodgsonruss.com; Rachel Fiset <Rachel.Fiset@zfzlaw.com>; Scott Tenley <scott.tenley@zfzlaw.com>; Ben Heller <Ben.Heller@zfzlaw.com>; Catherine Thompson <catherine.thompson@halpernmay.com>; Grant Gelberg <grant.gelberg@halpernmay.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Subject:** Moog Inc. v. Skyryse, Inc. et al.; Case No. 2:22-cv-09094-GW-MAR

Dear Ms. Velasco,

We represent Defendant and Counterclaimant Skyryse, Inc. in the above-captioned matter and write pursuant to Judge Rocconi's discovery procedures to seek a telephone conference with the Court to discuss the below discovery issue for which the parties are at an impasse. Because the below dispute relates to the already-ordered protective order in the case and to Skyryse's ability to respond to currently-pending motions in the case, Skyryse believes that this issue is ripe and should not be deferred until Moog sufficiently identifies its trade secrets.

Consistent with our prior emails to the court, the parties have agreed upon the following three proposed times for a telephone conference: April 5 from 11 am-3 pm, April 6 from 9-11 am and after 1:30 pm, and April 7 from 10 am-12 pm.

The issue Skyryse intends to discuss during the conference is:

Whether Skyryse should be permitted to disclose to Skyryse's proposed expert, Mr. Vincent Socci, information designated by Moog under the protective order. Moog has purported to object to this disclosure on the basis that Mr. Socci did contract work for Moog nearly 15 years ago through his employment with On Target Motion, on programs that Moog claims are at issue in this case. Skyryse maintains that disclosure of confidential material to Mr. Socci is proper under the protective order, and that Moog has not born its burden "of proving that the risk of harm the disclosure

would entail (under the safeguards proposed) outweighs [Skyryse's] need to disclose the Protected Material to the expert." Dkt. 89 at § 6.6.

Best,
Kelley

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.