# EXHIBIT A



Exhibit A

4



> Moog "must identify its trade secrets with a reasonable degree of precision and specificity that is particular enough as to separate the trade secret from matters of general knowledge". Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co., 1 F. Supp.3d 224, 258 (S.D.N.Y. 2014), aff'd, 610 F. App'x 69 (2d Cir. 2015) "It is insufficient to describe the trade secrets by generic category. Rather, the plaintiff must identify the specific characteristics of each

> satisfy that obligation. "Plaintiff is the only one who can know what it believes its trade secrets are." Sit-Up Ltd. v. AC/InterActiveCorp., 2008 WL 463884, *7 (S.D.N.Y. 2008). "Even if a

> party" "Courts should not allow trade secret plaintiffs to point to documents in which trade secrets are said to reside as a substitute for a detailed identification." Graves & Range at 92.

(Dkt. 205 at 3-4.)

3

> Case 1:22-cv-00187-LJV-JJM Document 205 Filed 07/22/22 Page 1 of 6
>
> UNITED STATES DISTRICT COURT
> WESTERN DISTRICT OF NEW YORK
>
> MOOG INC.,
>    Plaintiff,
>
> v.                                          DECISION AND ORDER
>                                             1:22-CV-187-LJV-JJM
> SKYRYSE, INC., ROBERT ALIN
> PILKINGTON, MISOOK KIM, and
> DOES NOS. 1–50,
>    Defendants.
>
> Before the court is defendant Skyryse, Inc.'s motion to compel trade secret identification and supplementation of interrogatory responses [146].[1] Having reviewed the parties' submissions ([166, 180, 194], supplemented by several e-mails) and heard oral argument on July 15, 2022 [204], the motion is granted in part and denied in part, without prejudice to later renewal.
>
> DISCUSSION
>
> Familiarity with the relevant facts is presumed. "[T]he trade secret information at issue is Moog's source code for Platform software and related project-specific applications and programs, and the SEPG [Software Engineering Process Group] checklists and documents to ensure the software will meet certification requirements of aviation authorities around the world." Moog's Memorandum of Law [4-1] at 21. According to Moog, "we're talking about over one million [trade secrets] . . . . This is not a run of the mill case". [204] at 42.
>
> ---
> [1] Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

---

Therefore, Moog must "sufficiently identif[y] its source code secrets". *Proofpoint, Inc. v. Vade Secure, Inc.*, 2020 WL 836724, *2 (N.D. Cal. 2020). "Where the plaintiff alleges misappropriation of source code, it should identify the specific lines of code or programs claimed to be secret by, for example, printing out the code on paper with numbered lines and identifying the allegedly misappropriated lines by page and line number, by highlighting, or by color-coding." Graves & Range at 95.

---

(S.D.N.Y. 2016); 6 Moore's Federal Practice, §26.60[6] (3d ed. 2022). Therefore, I will exercise that discretion by requiring Moog to "answer in full Skyryse's Interrogatory No. 1 calling for Moog to identify with particularity every alleged trade secret it intends to assert in this action including through a narrative response and not solely by invoking Rule 33(d)" ([166], ¶1),[3] and deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory 1. *See* Graves & Range 71, 76 ("[c]ourts should first separate

(Dkt. 205 at 4, 6.)

Exhibit A

7

4

## Moog's Approach

Categorical, open-ended descriptions

No specific lines of source code

Points to documents with no elaboration

No disclosure of what alleged secrets within them it intends to assert

5

## Moog's Approach

Categorical descriptions followed by:



(Dkt. 485-1 at 14, *passim*.)

No explanation of what is and isn't a trade secret in any file.

6

Exhibit A

9

## Moog's Approach

- "CUI Program Trade Secret 1": reflected in ~29,000 files
- "CUI Program Trade Secret 2": reflected in ~740 files
- "CUI Program Trade Secret 3": reflected in ~52,000 files
- "CUI Program Trade Secret 4": reflected in ~1,700 files
- "CUI Program Trade Secret 5": reflected in ~4,700 files
- "CUI Program Trade Secret 6": reflected in ~77,000 files
- Non-CUI "Trade Secret 1": reflected in ~350 files
- Non-CUI "Trade Secret 2": reflected in ~11,000 files
- Non-CUI "Trade Secret 3": reflected in ~2,400 files …….

7

Exhibit A

10

## Moog's Approach

- "Kim Download": ~77,000 files
- "Reid Raithel": ~13,000 files
- No explanation of the contents of a single file

8

## The Court in July:

"Moog must 'identify its trade secrets with a reasonable degree of <u>precision and specificity</u>'"
    and
"'identify with particularity <u>every trade secret it intends to assert</u> in this action.'"

(Dkt. 205 at 3, 6 (citations omitted).)

## Moog today:

"Moog cannot be forced to pick and choose among its trade secrets to protect at this early juncture …."

(Dkt. 485 at 4.)

9

### The Court in July:

"Moreover, early identification of the trade secrets at issue <u>will enable this court and the parties 'to set the proper bounds and scope of discovery</u>,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'"

(Dkt. 205 at 5.)

### Moog today:

"How Moog will go about presenting its case as it goes forward is for Moog to determine as discovery, expert discovery, and depositions go forward."

(Dkt. 485 at 31-32.)

10

Exhibit A

13

### The Court in July:

"Therefore, Moog must sufficiently identify its source code secrets. 'Where the plaintiff alleges misappropriation of source code, it should <u>identify the specific lines of code or programs</u> claimed to be secret by, for example, printing out the code on paper with numbered lines and <u>identifying the allegedly misappropriated lines</u> by page and line number ....'"

(Dkt. 205 at 4 (internal citations omitted).)

### Moog today:

"… Moog does not read the Court's order to require an identification of source code by lines."

(Dkt. 485 at 6.)

"… Moog does not agree that the Order of the Transferor Court imposed such an impractical and legally unsupported bright-line rule upon Moog's trade secret identification in this case."

(Dkt. 485 at 33.)

11

Exhibit A

14

## The Court in July:

"Moog invoked Rule 33(d) …. That too is an insufficient response."

"'Courts should not allow trade secret plaintiffs to point to documents in which trade secrets are said to reside as a substitute for a detailed identification.'"

(Dkt. 205 at 4 (citation omitted).)

## Moog today:

"… Moog identified 291,095 files for which it seeks trade secret protection at this juncture of the case."

(Dkt. 485 at 27.)

12

Exhibit A
15



13

Exhibit A

16