**LATHAM & WATKINS LLP**
Douglas E. Lumish (SBN 183863)
  doug.lumish@lw.com
Gabriel S. Gross (SBN 254672)
  gabe.gross@lw.com
Arman Zahoory (SBN 306421)
  arman.zahoory@lw.com
Rachel S. Horn (SBN 335737)
  rachel.horn@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

*Attorneys for Defendant and Counterclaimant Skyryse, Inc.*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC.,<br><br>   Plaintiff,<br><br>v<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>   Defendants. | CASE NO. 2:22-cv-09094-GW-MAR<br><br>**DEFENDANT AND COUNTERCLAIMANT SKYRYSE, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO OVERRULE MOOG'S OBJECTION TO SKYRYSE'S DISCLOSURE OF CONFIDENTIAL INFORMATION TO VINCENT SOCCI** |

| | |
|---|---|
| 1  SKYRYSE, INC.,<br>2         Counterclaimant,<br>3             v<br>4  MOOG INC.,<br>5         Counterclaim-Defendant. | Discovery Cut-Off: April 12, 2024<br>Pre-Trial Conference: August 12, 2024; 8:30 a.m.<br>Trial: August 27, 2024<br><br>Hearing:  June 28, 2023<br>Time:     11:00 a.m.<br>Judge:    Hon. Margo A. Rocconi<br><br>Location: Courtroom 790, 7th Floor |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

SKYRYSE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO OVERRULE MOOG'S OBJ. TO SKYRYSE'S DISCLOSURE OF CONF INFO TO VINCENT SOCCI

## I. INTRODUCTION

Skyryse has moved to overrule Moog's objection to Skyryse sharing confidential information with expert witness Vincent Socci. But in its opposition, Moog does not even attempt to make the factual showing required by the protective order and by the law to sustain its objection. Namely, Moog does not identify any risk of harm it would suffer if Mr. Socci were to receive such information, much less one that outweighs Skyryse's need to work with its expert. Moog also fails to show Mr. Socci is involved in competitive decision-making, for he is not a competitor or employed by one. He runs his own firm, which is engaged by other companies for contract engineering projects. Since Moog has failed to meet its burden, its objection cannot be sustained and must be overruled.

Moog's opposition shows it has not been forthcoming. First, Moog waited until after it received Skyryse's motion to surprise Skyryse with details about contract work Mr. Socci did for Moog nearly twenty years ago—after concealing those facts when counsel met and conferred. Moog then provides a declaration from one of its employees baselessly purporting to know what Mr. Socci has in his own mind. Next, Moog asks the Court to disqualify Mr. Socci from participating in this action at all, as if there were a bright-line rule barring him from ever working adversely to Moog. This is not the law, and the Court should not permit Moog to leverage an opposition brief to such obtain drastic relief it has not moved for.

The facts remain that (1) Moog failed to address or meet its legal burden; (2) it has not come forward with any contract imposing on Mr. Socci any confidentiality or other obligations to Moog; (3) Mr. Socci does not have or remember any of Moog's confidential information; (4) he has sworn he will base his work in this case only on information he receives through this action; and (5) he also has sworn to abide by the safeguards and restrictions of the stipulated protective order. Respectfully, the Court should overrule Moog's objection and deny Moog's defective request for disqualification.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

SKYRYSE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO OVERRULE MOOG'S OBJ. TO SKYRYSE'S DISCLOSURE OF CONF INFO TO VINCENT SOCCI

## II. MOOG FAILS TO ADDRESS OR MEET ITS BURDEN.

The parties stipulated to a protective order governing the treatment of confidential information (Dkt. 89.) It requires a party that intends to disclose confidential information to an expert first to make a written request to the Designating Party. If the Designating Party objects, the party seeking to make the disclosure may file a motion with the Court. (*Id.* § 6.6(c).) "[T]he Party *opposing disclosure* to the Expert *shall bear the burden* of proving that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert."[1] (*Id.*)

Moog never engages with the standard imposed by the Protective Order. Instead, it argues that Mr. Socci should be disqualified from working for Skyryse, without showing any risk of harm or weighing it against Skyryse's need to work with him. Moog's position that "Skyryse asks this Court to undertake an extensive and irrelevant balancing analysis" misses the mark. The Protective Order requires that very analysis. Nor is this dispute regarding disclosures under the Protective Order the proper vehicle for Moog to seek to disqualify an expert. The primary question before the Court is whether Moog has met its burden to demonstrate a risk of harm so great that it outweighs Skyryse's need to work with Mr. Socci and let him access Moog's designated materials.[2] Moog has not met that burden.

## III. MOOG FAILS TO SHOW ANY RISK OF HARM ARISING FROM MR. SOCCI'S CONTRACTING WORK MANY YEARS AGO.

Moog fails to rebut that (1) Mr. Socci does not have any Moog information, confidential or otherwise, that he might have once accessed during his work for

---

[1] All emphasis in quotes has been added unless otherwise indicated.

[2] Per the Court's order on Skyryse's motion regarding the insufficiency of Moog's trade secret identification, if Moog's amended trade secret identification continues to be deficient, the Court will require expert testimony to explain this. (Dkt. 534 at 10.) Skyryse anticipates needing to consult with Mr. Socci on the issue, which necessarily would require him to access material designated under the protective order.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

SKYRYSE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO OVERRULE MOOG'S OBJ. TO SKYRYSE'S
DISCLOSURE OF CONF INFO TO VINCENT SOCCI

Moog many years ago; (2) he was never an employee of Moog, but provided contracted services through On Target Motion which does not compete with Moog; (3) he is not engaged in competitive decision-making for a competitor; (4) he has agreed to keep any confidential information he may have obtained through prior work for Moog confidential and not share it with Skyryse, if he recalls or encounters any such information; and (5) he has sworn to abide by his obligations under the Protective Order. (Socci Decl. at ¶¶ 8-15.)

Additionally, Moog's newly disclosed assertion (in a declaration by engineer Keith Pieroni) that Mr. Socci worked on certain projects for Moog fails to show how that work may relate to any specific trade secrets at issue in this case, which Moog alleges were misappropriated 15 to 18 years later.[3] For example, Moog claims Mr. Socci worked on specific programs it asserts are at issue but provides no information about how or whether that work is tied to any trade secrets to be litigated in this case. But more importantly, even if Mr. Socci nearly twenty years ago worked on trade secrets that are now at issue in this action, Moog fails to make any showing that this prior work creates some untenable risk of harm to Moog today if Mr. Socci were shown confidential information during his work on this case. To the contrary, if Moog entrusted Mr. Socci with confidential information before, there is no reason to suspect he cannot be trusted with it or to abide by his obligations under the Protective Order today.

Moog also contends that Mr. Socci has information about programs that are *not* at issue in this case but fails to show how this presents any risk of harm. Nor

---

[3] Mr. Pieroni's declaration includes baseless speculation about Mr. Socci's state of mind. For example, Mr. Pieroni purports to know what topics "Mr. Socci had intimate knowledge of" years ago, and claims to know facts Mr. Socci "has personal knowledge related to" as of today. (Pieroni Decl. at ¶ 12, 16.) Mr. Pieroni purports to have "personal knowledge" of information in Mr. Socci's mind and possession (*id.*, ¶ 3), but nowhere states that he ever actually worked or communicated with Mr. Socci. Mr. Pieroni cannot speak to what Mr. Socci knew then, let alone what he can recall now–which, as Mr. Socci has stated in his declaration, is nothing. (Socci Decl. at ¶¶ 12, 14.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

SKYRYSE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO OVERRULE MOOG'S OBJ. TO SKYRYSE'S DISCLOSURE OF CONF INFO TO VINCENT SOCCI

could it, for Skyryse has no intention of having Mr. Socci opine on topics not relevant to this matter. And while Mr. Socci does not remember the details of the Moog programs he worked on, he has agreed not to use any information he obtained from Moog if he comes across or recalls it in the future.[4] (Socci Decl. at ¶¶ 12, 15.)

Moog has not come forward with any contract imposing confidentiality obligations Mr. Socci owed to Moog during their contractor relationship or afterward, or any reason to think he would violate them if they exist. Moog instead suggests that Mr. Socci and Moog had a prior "confidential *relationship*." This misses the point.[5] Moog cannot meet its burden to show some undue risk of Mr. Socci violating confidentiality obligations when it has provided no evidence of (1) what those alleged obligations were or are still are, or (2) any legitimate reason to think Mr. Socci would violate them.

### IV. MOOG HAS NOT BEEN FORTHCOMING.

Finally, Moog's opposition makes arguments it held back in meet and confer. For weeks, Skyryse asked Moog to explain the basis for its objection. In response, Moog offered only vague statements that Mr. Socci worked on certain trade secret programs at Moog, failing to provide specifics or explain what risks Mr. Socci's involvement could create, despite Skyryse's inquiries. (*See* Storey Ex. A.). Moog waited until after it had received Skyryse's motion, at the deadline for Moog to provide its portion of the joint stipulation, to divulge the facts about the contract work that Mr. Socci did for Moog many years ago, revealing them for the first time in Mr. Pieroni's declaration. Moog's tactical decision to conceal these facts impeded

---

[4] Even after reviewing Mr. Pieroni's declaration, Mr. Socci has confirmed he does not recall any confidential technical information from his work at Moog.

[5] The cases on which Moog relies identify the basis for any confidentiality obligations owed to the Designating Party, which Moog has failed to do. *See e.g.*, *Eastman Kodak Co. v. Agfa-Gevaert N.V.*, No. 02-CV-6564, 2003 WL 23101783, at *1 (W.D.N.Y. Dec. 4, 2003) ("even today Hailstone is obligated to abide by the terms of an employment agreement he entered into with Kodak . . . ."); *Pellerin v. Honeywell Int'l Inc.*, No. 11CV1278-BEN CAB, 2012 WL 112539, at *2 (S.D. Cal. Jan. 12, 2012) ("[I]t is undisputed that Mr. Fleming was a former employee of the defendants and in relation to his employment entered into confidentiality agreements . . . .").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

SKYRYSE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO OVERRULE MOOG'S OBJ. TO SKYRYSE'S
DISCLOSURE OF CONF INFO TO VINCENT SOCCI

Skyryse's ability to try to resolve, or at least narrow, this dispute and prevented Skyryse from knowing the full basis of Moog's objection until after it had finalized its initial submission to the Court and could not respond. This is not a good faith approach to the meet-and-confer process.

Further, Moog makes a "non-motion motion" of sorts, asking the Court in its opposition brief to disqualify Mr. Socci as an expert altogether, knowing Skyryse would be limited to just this five-page supplemental submission in response. Rather than taking on its burden to show that there is a risk of harm from disclosure that outweighs Skyryse's need to disclose the confidential material to Mr. Socci, Moog argues Mr. Socci should be disqualified in the first instance. This is not just procedurally improper but substantively wrong. Moog would have the Court adopt a bright-line rule that no one who ever worked for Moog could later work as an expert for one of Moog's adversaries, even many years later. As even the case Moog relies upon makes clear, this is not the rule. *See Space Sys./Loral v. Martin Marietta Corp.*, No. CIV. 95-20122 SW, 1995 WL 686369, at *4 (N.D. Cal. Nov. 15, 1995) (denying motion to disqualify where expert had worked with confidential information of the designating party during past employment). The Court should reject Moog's attempt to turn this dispute over disclosures under the Protective Order into a motion to disqualify and find that Moog has failed to establish any grounds on which to preclude Mr. Socci from participating in this action.

## V.   CONCLUSION

Skyryse respectfully requests that the Court grant this motion and overrule Moog's objection.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

SKYRYSE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO OVERRULE MOOG'S OBJ. TO SKYRYSE'S DISCLOSURE OF CONF INFO TO VINCENT SOCCI

| | |
|---|---|
| Dated: June 14, 2023 | Respectfully submitted, |
| | LATHAM & WATKINS LLP |
| | By: <u>*Gabriel S. Gross*</u> |
| | Douglas E. Lumish (SBN 183863)<br>Gabriel S. Gross (SBN 254672)<br>Arman Zahoory (SBN 306421)<br>Rachel S. Horn (SBN 335737)<br>Menlo Park, California 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br>Email: doug.lumish@lw.com<br>gabe.gross@lw.com<br>arman.zahoory@lw.com<br>rachel.horn@lw.com |
| | Joseph H. Lee (SBN 248046)<br>Ryan Banks (SBN 318171)<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, California 92626<br>Telephone: (714) 540-1235<br>Facsimile: (714) 755-8290<br>Email: joseph.lee@lw.com<br>ryan.banks@lw.com |
| | Julianne C. Osborne (SBN 342870)<br>Alexa Solimano (SBN 335740)<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>Email: julianne.osborne@lw.com<br>alexa.solimano@lw.com |
| | Kelley M. Storey (Admitted *Pro Hac Vice*)<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: (202) 637-2200<br>Facsimile: (202) 637-2201<br>Email: kelley.storey@lw.com |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

SKYRYSE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO OVERRULE MOOG'S OBJ. TO SKYRYSE'S
DISCLOSURE OF CONF INFO TO VINCENT SOCCI

| | |
|---|---|
| 1 | |
| 2 | Cassandra M. Baloga (Admitted *Pro Hac Vice*) |
| 3 | 1271 Avenue of the Americas |
| 4 | New York, New York 10020 |
| 5 | Telephone: (212) 906-1200 |
| 6 | Facsimile: (212) 751-4864 |
| | Email: cassandra.baloga@lw.com |
| 7 | Russell Mangas (Admitted *Pro Hac Vice*) |
| 8 | 330 North Wabash Avenue, Suite 2800 |
| 9 | Chicago, Illinois 60611 |
| 10 | Telephone: (312) 876-7700 |
| | Facsimile: (312) 993-9767 |
| 11 | Email: russell.mangas@lw.com |
| 12 | *Attorneys for Defendant and Counterclaimant, Skyryse, Inc.* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

SKYRYSE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO OVERRULE MOOG'S OBJ. TO SKYRYSE'S DISCLOSURE OF CONF INFO TO VINCENT SOCCI