# EXHIBIT B

# EXHIBIT B

**From:** Kazim Naqvi
**Sent:** Friday, August 11, 2023 2:56 PM
**To:** 'julianne.osborne@lw.com' <julianne.osborne@lw.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel:

I advised on August 8 that I had a commitment this afternoon and 3 PM is the latest I could do for the exchange. Skyryse agreed to that deadline on August 9, and again on our call yesterday.

Now, 24 minutes before the agreed upon exchange deadline, Skyryse is asking to push it back by 3 hours. This not only impacts my schedule and family commitments, but also secretarial staff to assist with the filing. This repeated practice by Skyryse in connection with joint filings (which also includes blowing agreed-upon exchange deadlines, altering submissions after the exchange, and exceeding agreed-upon page limits) is unprofessional and unacceptable.

We cannot do 6 PM but will agree to an exchange time of 5 PM. Please confirm.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Friday, August 11, 2023 2:36 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

We need to push our exchange time to 6 PM.  Please confirm that works for Moog.

1

EXHIBIT B
Page 34

Thank you,
Juli

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, August 11, 2023 1:51 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Hi Juli:

Thank you for the updated hit counts. We disagree that the represented new total volume based on Moog's revised search terms (approximately 113,000 documents) is unreasonably burdensome for Skyryse to review given the facts and circumstances of this case and the underlying order.

We look forward to receiving Skyryse's portions of the joint statement at 3 PM today.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Friday, August 11, 2023 1:06 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

EXHIBIT B
Page 35

Below, we provide hit counts on Moog's term set with the modifications you proposed to the terms "Git," "Jira," and "Platform."  While the unique hit counts for these three modified terms are low in Google Drive, as you can see, given the overlapping hits on Moog's 400+ other terms, the total number of documents hitting on Moog's entire term set in Google Drive did not decline significantly.  With these modifications, the total number of documents and code files that hit on any of Moog's terms is approximately 113k.  While this is an improvement, it is still an extremely large volume of documents that would be unreasonably burdensome for Skyryse to review.  Please let us know if Moog agrees to these modifications.

| Modified Search Term | Total Git Files with Hits in the Git Repositories | Total Google Drive Hits | Google Drive Hits + Family | Unique Hits in Google Drive in Software Term Set | Unique Hits in Google Drive in Full Term Set |
|---|---|---|---|---|---|
| "Git" AND "guide" | 117 | 433 | 534 | 32 | 11 |
| "Jira" AND "guide" | 7 | 646 | 747 | 126 | 11 |
| Platform (case sensitive in Google Drive; removed in Git) | [Removed] | 7,139 | 8,547 | 4 | 4 |
| All terms, with the three modifications above | 50,579 | 56,370 | 62,479 | - | - |

Thanks,
Juli


**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Thursday, August 10, 2023 3:15 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

After investigating further with FTI, we write to respond to the questions and points in your email at 4 pm on Tuesday regarding the search of Google Drive.

- **Processing Tool** – FTI used Google Vault, which is the standard tool for identification, preservation, and collection of Google data for discovery.  Our understanding is that Takeout is not a suitable alternative because it is an export function with limited culling abilities, whereas

Vault allows FTI to apply search terms and deduplication. FTI informs us that Takeout is only
used where Vault is not an option. FTI also reports that while JSON files are available with
metadata in Takeout, that doesn't fully resolve the issue here because FTI would still need to
create a custom system to parse and index those files to make that data meaningful and useful.

Please explain why you believe Takeout is "a more suitable method here" and we are happy to
take that back for consideration.

- **Log Files** – We are still looking into log files with FTI and will follow up when we have more
  information.

- **Access Capabilities** – Skyryse has preserved access information for former employees to the
  extent such information exists.

- **Google Drive Volume** – Skyryse's Google Drive contains a total of 9.48 TB of data.

- **ECA** – Your description of Early Case Assessment mischaracterizes the functions and purposes of
  that model. Under the ECA model, FTI can ingest data into a staging database to which only FTI
  has access, but there are still significant processing and hosting fees. FTI informs us that the
  cost to process and host the entire Google Drive using the ECA Model would be the same as the
  cost to process and host that data on a review database.

We are happy to discuss these issues with you further on this afternoon's call.

Thanks,
Juli


**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Wednesday, August 9, 2023 5:34 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Zahoory, Arman (Bay Area)
<Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE -
MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com;
alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh
<RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip
<LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Juli:

I am available to further confer tomorrow at 4 PM. I will circulate an invite. I address the outstanding
issues in your e-mail below.

**Google Drive:**

We continue to reject Skyryse's proposal that does not allow the searching of metadata in Google Drive.
Skyryse represented to the Court that it could adequately run search terms on Google Drive, including

on metadata, in lieu of making its entire repository available for a controlled inspection as Moog requested. After the Court agreed with Skyryse's proposal, Skyryse thereafter advised for the first time that metadata is not searchable within Google Drive and will not agree to a process whereby metadata can be searched. We understand we are at an impasse on this issue and will raise it in Friday's joint submission.

Regarding Moog's potential solutions and workarounds proposed yesterday, Skyryse has it backwards. It is not, and never has been, Moog's obligation to teach Skyryse how to do the data searching and processing. Moog is not responsible for advising Skyryse on how FTI should do its job. The fact that FTI has apparently not explored the use of Google Takeout, or the use of its ECA platform, is concerning, given these are fairly standard tools that should be well within the knowledge and capabilities of FTI. While we will consider Skyryse and FTI's responses to the points we raised, we will not wait any longer on the joint submission given that we have already extended the deadline twice. If the Parties reach agreement on any outstanding issues after the joint submission is filed, we can advise the Court accordingly.

**Search Terms:**

While we appreciate receiving the information regarding the aggregate number of unique documents that require review, we maintain that for individual search terms, unique hit counts are still highly relevant and help inform the meet and confer process.

Thank you for agreeing to run the two modifications we proposed (("Jira" AND "guide") and ("Git" AND "guide")).  To clarify, these revised search terms are to be run across both Google Drive and Git, so that we can assess the hit counts. We will agree to drop "platform" from Git, but will require "Platform" to remain a search term for Google Drive.

Before our call tomorrow, please provide updated search term reports reflecting:

1. Total hit counts and unique hit counts for ("Jira" AND "guide") and ("Git" AND "guide"), respectively, in Google Drive.
2. Total unique hit counts for "Platform" in Google Drive (Skyryse still has not provided this).
3. Total hit counts for ("Jira" AND "guide") and ("Git" AND "guide"), respectively, in old Git.
4. Total hit counts for ("Jira" AND "guide") and ("Git" AND "guide"), respectively, in new Git.
5. A revised number of total, aggregate hit counts across all of Moog's proposed search terms given Moog's additional modifications to "Jira," "Git," and "platform."

Thanks,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main

EXHIBIT B
Page 38

www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Wednesday, August 9, 2023 12:26 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com;
SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com;
alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh
<RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip
<LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

We agree that unfortunately it seems that we will need to seek the Court's assistance in resolving the
remaining disputes.  We are not available at the times you proposed this afternoon, but are available
tomorrow between 3-5, and we agree to an exchange at 3 pm on Friday.  We address the substantive
points in your email in turn below.

*Google Drive:* First, your statement that "Skyryse appears unwilling to arrive at [] a solution" to limit the
Google Drive data that is processed could not be further from the truth.  Skyryse has spent the past
month working daily with FTI to test various approaches for searching the Google Drive, all of which
were either rejected by Moog or proved overly time-consuming and burdensome.  The most reasonable
solution available is Skyryse's proposal to run all of Moog's 437 search terms over all of the content and
file names of all documents in the entire Google Drive, and then load that data set to Relativity, where
the metadata could then be searched.  You have rejected that proposal because you insist that Moog's
search terms must be run across any metadata fields "in the first sweep" to capture any documents that
hit on Moog's search terms in the metadata but not the documents themselves.  Given the breadth of
Moog's proposed search terms, we find it unlikely that many such documents exist.  If you have any
examples of relevant documents that contain one of Moog's search terms in the metadata but not in the
file name or body of the document, please let us know and we will consider other search terms that
could be used to target similar documents.  But the expense and burden of processing the entire Google
Drive or large swaths of it is not reasonable or proportional given the very small chance that any
relevant documents wouldn't already be captured by searches through the documents' file names and
content.

Second, we appreciate that Moog has proposed several potential searching tools that would enable a
less burdensome search through Google Drive, although it is frustrating that these proposals come now,
days before a joint status report is due to the Court, when we have urged you for the past month to
work with us to find a solution for searching the Google Drive in a reasonable and targeted way.  That
said, we have sent your inquiries on to our vendor and will report back with responses as soon as we
have them, but your questions concern complex forensic issues that will take time for our vendor to
investigate, and the parties will not have time to fully meet and confer on these issues before our status
report is due on Friday.

*Search Terms:* We have already provided unique hit counts for Moog's original set of software search
terms when run across Google Drive, and as we explained in our last email and on our call on Friday,
unique hit counts are not available for Git.  Joe mentioned on our call that he would investigate whether

6

there is a manual workaround to identify unique hit counts in Git, but after further investigation, given
the extremely large number of search terms, FTI informs us that there is no feasible way to calculate
unique hits in Git manually.  Additionally, we must stress that unique hit counts are not the most useful
metric for determining the burden on Skyryse, particularly given the number of search terms Moog has
asked to run.  With 437 terms at play, all related to similar subject matters, it is inevitable that few
documents will uniquely hit on any single search term and no others, and there are far more documents
that hit on some combination of search terms.  Given that, the more useful metric is the total number of
documents and code files that hit on any of Moog's terms, which reflects the total number of
documents that Skyryse would need to load to Relativity and review if Moog's search terms were run as-
is.  Those total document counts are provided below.

As you can see, Moog's 438 search terms all together have hit on 161,102 different documents or code
files.  This is an enormous number of documents, yet Moog has yet to provide any significant
modifications to its proposed search terms.  We will run the two modifications you propose below
(("Jira" AND "guide") and ("Git" AND "guide")).  Please clarify if this proposed modification to "Git" is
only for the Google Drive, or if Moog has retracted its previous proposal that the term "Git" be removed
altogether from the searches of the Git repositories.  And we disagree with your statements regarding
"Platform," in particular given that case-sensitive searching is not available in Git and the term
"platform" is pulling in over 50k code files in the Git repositories.

| Repository | Total documents / code files with hits | Documents with Hits + Family |
|---|---|---|
| Old and New Git Repositories | 97,172 | Not a meaningful metric within Git |
| Google Drive | 63,930 | 69,871 |

***Polarion:***
While we disagree that your request for these additional SKY-DOCs is within the bounds of what Judge
Wu ordered, in an effort to reach agreement, we agree to search for the SKY-DOCs you cited within
Polarion and produce any we identify.

Thanks,
Juli

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Tuesday, August 8, 2023 4:09 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Zahoory, Arman (Bay Area)
<Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE -
MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com;
alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh
<RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip
<LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel:

Given how far apart the parties still are, it seems that a joint submission on Friday will likely be required. We respond to each of the issues below in turn. So that we can adequately prepare our portions of the joint submission without any last minute changes, we would like to set up one final meet and confer tomorrow so that we can crystallize what remains in dispute. I am available between 2-3 PM and 3:30-5 PM. Please let me know if there is a window that works.

**Google Drive:**

Skyryse's proposal remains unacceptable for the same reasons we have previously identified. Metadata is critical to this case, and Moog has already identified dozens of documents in Skyryse's possession where the metadata reflects they are Moog files. Skyryse's proposal does not allow for searching of Moog's proposed search terms across any metadata fields in the first sweep. Searching metadata after the first sweep undermines the entire purpose. If, for example, a document contains "Moog" in the metadata but not in the file name or contents of the document itself, it would not be picked up in the first sweep. This is problematic for obvious reasons, and contrary to what the Parties discussed with the Court when Skyryse was advocating for a search term approach.

We have tried to work with you on ways to limit what is processed out of Google Drive, but Skyryse appears unwilling to arrive at such a solution. As we have mentioned many times, it is difficult for us to propose solutions given that we have no insight as to how Skyryse's Google Drive repository is structured or its contents. We have discussed Google Drive issues with our experts and have some follow up questions and/or points:

- Please identify what processing tool FTI is using to pull down data from Google Drive. Our understanding is that Google provides at least two tools – Google Takeout and Google Vault. Based on Skyryse's correspondence to date, it appears that FTI is using Google Vault. Our understanding is that Google Takeout is a more suitable method here and will also provide JSON files for each document, containing key metadata such as creator, permissions, access, and creation date. We request that FTI use Google Takeout to process and search data from Google Drive, as this may solve the metadata issue.
- We further understand that Google drive creates log files for each individual user, demonstrating what each user had access to, created, etc. To the extent that Parties are unable to agree on searching methodology that would allow searching of metadata, we request that Skyryse produce log files for each of the individuals at issue.
- We understand that if a Google user is deactivated, then data is generally lost regarding a user's access capabilities unless it is expressly saved/preserved. Several of the individuals at issue (such as Pilkington and Kim) no longer work at Skyryse. We therefore ask Skyryse to: 1) identify what copy of Google Drive is being processed, including its date; and 2) confirm that access information for all of the individuals at issue is available and has been preserved.
- Finally, despite several requests from Moog, Skyryse still has not identified the total volume of files or data size on its Google Drive. We cannot gauge Skyryse's claims of burden and processing/hosting costs until we receive this precise information. Please provide it immediately. Further, we understand that FTI provides a service called ECA (early case assessment) whereby it can ingest entire repositories, run search terms, and promote only the search term hits to Relativity without hosting all the data. Our understanding is that ECA would allow full searching of metadata, and then resulting hits can be processed in the normal course. The ECA functionality contradicts Skyryse's position that it would need to host the entirety of its

Google Drive in order to search for metadata. We request that Skyryse confirm that FTI will use ECA, as that would resolve Skyryse's purported concerns based on burden and expense.

Please get back to us on the foregoing issues before our call tomorrow.

**Search Terms:**

We still have not received complete search term information from Skyryse, namely the unique hit counts for each repository on the search terms that Skyryse objects to. Without this information, Moog is unable to meaningfully evaluate any alleged burden/scope concerns. Based on the limited information we have received to date, and in an effort to reach agreement on search terms for Google Drive and Git, Moog will agree to the following:

- Replace "Jira" with ("Jira" AND "guide")
- Replace "Git" with ("Git" AND "guide")

Moog is not prepared to make any other changes to its proposed search terms at this time.

With respect to "Platform," as you know, this is the formal name of one of Moog's trade secrets (*see* TSID TS #4), is a prominent feature of Moog's original and amended complaints, and is one of Moog's key technologies (*see, e.g.,* Am. Cmplt. paras. 34–37).  Platform covers many different technical subject matter areas (e.g., software, firmware, electronic hardware design, etc.) and so attempting to limit the hits by joining "Platform" with (numerous) other technical terms may not significantly narrow the hit results.

Defendants took over 4,500 unique files relating to Platform (*see* TSID, Ex. 2, "Platform" tab), as well as versions of these files (*see, e.g.,* Am. Cmplt. paras. 46, 54), which likely number in the hundreds or thousands.  That defendants may need to review several thousand files that hit on "Platform" is proportional, given the scale of defendants' theft of Platform.  It is also fair, given it was defendants' theft of Platform that necessitates the search for that term to begin with.  Moreover, defendants have *still* not provided us with unique hit counts for "Platform," so we do not even know whether Skyryse would even have to review 7,139 documents that hit on "Platform."  The number, once duplicates are removed, could be far less.

You say that "many" of the hits are "completely unrelated to Moog – for example, documents in which 'Platform' is capitalized just because it appears in the title."  But we have no idea what "many" means.  It could be 5,000 or it could be 5.  Importantly, it could very well be that the volume is 7,139 documents not because there are mostly false hits, but because of the scale of the theft, use, and misappropriation of Platform by defendants.  We cannot tell based on the information you provided.  The number of hits is not an accurate predictor of overbreadth here, given that defendants stole over 4,500 unique Platform files (and many more versions) to begin with.

**Polarion:**

We disagree with your characterizations of the SKY-DOC terms we are requesting.  To be clear, we are asking that you add the terms "SKY-DOC-102," "SKY-DOC-1000," etc. to the search terms list for Polarion.  We would expect such a search to hit on SKY-DOC documents, versions thereof, and other documents that may reference these SKY-DOC documents.  We have ample reason to add these search

9

terms because your hit result of 79 hits for Polarion seems unreasonably low, given our understanding of the types and breadth of material stored in this repository.  There is nothing that precludes us from adding these search terms because the whole point of this meet and confer process is to evaluate potential search terms and then arrive at a set of final search terms that the parties can agree on.  We can drop search terms, add search terms, modify search terms, etc. as part of the meet and confer process and based on the feedback provided by Skyryse; that is all standard and expected.  We have also explained already why "SKY-DOC" search terms are relevant, as the SKY-DOC documents themselves are relevant, and the Court has also noted their relevance.

Skyryse has apparently not even run the search on the "SKY-DOC" search terms to let us know what the hit results would be, let alone identify any undue burden or disproportionality from these terms. The quote from the Court's order about Moog not receiving "full access to all of [Polarion's] contents, without any limitations as to scope or relevance" directly supports Moog's position. We are not seeking full access to Polarion. Just the opposite, we are adding a set of search terms that are specifically targeted to return documents that are relevant.

We ask that Skyryse reconsider its refusal to run the "SKY-DOC" search terms.

For Friday's joint submission, we propose the Parties exchange their portions (with no page limit) at 3 PM PT. I will then compile and circulate the final document before filing. I have a commitment on late Friday afternoon so 3 PM is the latest I can do. Please confirm.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Monday, August 7, 2023 10:21 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

We write in response to your email below.

10

**Google Drive** – While we are still investigating, given the number of individuals Moog has put at issue in its motion, it does not appear that limiting the collection of Google Drive to only those shared drives to which the named people had access will meaningfully reduce the burden or cost of processing and searching the drive.  Skyryse is a small company, and Moog has identified over 40 individuals it claims are relevant; "limiting" the Google Drive search to only shared drives accessible by these people therefore does not significantly limit the associated cost and burden.  While it may enable Skyryse to exclude certain IT or HR related shared drives, for example, our analysis so far suggests that these folders contain much less data than the other drives Skyryse would need to search, so processing and searching the remaining Google Drive data would still be extremely expensive and take weeks for our vendor to complete.  Again, the proposal we made several weeks ago—to run search terms over the file names and contents of all documents on the Google Drive, process that data, and then work with Moog to narrow that data set by running search terms through the metadata as well—is the most efficient way to target relevant information in the Google Drive without incurring huge processing and hosting fees.

**Search Terms** – Your proposal to drop the overbroad search term "Git" as applied to the two Git repositories but not as applied to Google Drive is a good start, but is not sufficient.  The term "Git" refers to a commonly used repository and is not targeted in any way to any Moog confidential information.  When run across Skyryse's Google Drive, "Git" brings back 4,596 documents (5,942 documents including family), including 2,265 unique hits.  As for your proposed modification to the term "Platform" to only include hits with a capital "P," we have run the modified term across Google Drive, and it brought back 7,139 hits (8,547 total documents, including family), including many documents that are completely unrelated to Moog – for example, documents in which "Platform" is capitalized just because it appears in the title.  Additionally, we are unable to make your proposed modification as applied to the Git repositories, as our vendor informs us that Git does not support case sensitive searches.

For these reasons, your proposals for limiting Moog's very broad search terms do not do nearly enough to tailor those terms to "enable Skyryse to conduct a search for *relevant* material," as Judge Wu Ordered. (Dkt. 564 at 6).  Please let us know if you have any other proposed modifications, and we will consider them.   For example, a modified term like ("Jira" AND "Moog") rather than "Jira" by itself would help to target Moog-specific documents instead of thousands of irrelevant documents regarding a commonly-used project tracking system.

**Git** – We are still working with our vendor to determine if there is a workaround that would allow us to determine the number of unique hits on each search term across each Git repository and hope to have an answer for you soon.

**Polarion** – As we discussed on our call, you have not explained why the 52 Sky-Docs you demand be produced from Polarion are relevant.  Your general statements on our call and in your email below that "Moog's experts have analyzed *several* SKY-DOC documents which are stored in Polarion" and determined that they "contain relevant information" does not provide sufficient basis to demand *52* separate Sky-Docs (as well as all variations of each) containing Skyryse's proprietary information.  As Judge Wu held, "Just because Skyryse uses the Polarion Repository to store its software process documents and plans, does not entitle Moog to full access to all of its contents, without any limitations as to scope or relevance."  (Dkt. 564 at 6).  We again ask you to please explain how each of these

11

documents is relevant to the claims and defenses in this case, and once you do, we will consider the
scope—if any—of an appropriate search and production.

We will follow up shortly with counts for the total documents that hit on your proposed search terms in
each repository, as well as our vendor's findings regarding the feasibility of determining unique hit
counts in Git.

Best,
Juli

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, August 4, 2023 4:12 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Zahoory, Arman (Bay Area)
<Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE -
MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com;
alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh
<RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip
<LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel:

Thank you for conferring this afternoon. This e-mail summarizes our discussion and next steps.

Regarding Google Drive, and as indicated in the e-mail below, Skyryse has noted that "targeting
particular shared drives is feasible as a technical matter." You agreed to let us know by Monday the
particular burdens involved in targeting particular shared drives accessed by the individuals at issue
(Hummingbird personnel, former Moog employees, and other Skyryse personnel identified in Moog's
Motion to Enforce).

Regarding search terms, as we advised, the information Skyryse has provided to date is incomplete
because it does not provide unique hit counts for all of the search terms objected to. The only unique hit
counts provided are for Google Drive. After discussing, you understood that it may be feasible to get
unique hit counts in Git for the search terms objected to, and will let us know those unique hit counts
(or if that information is not available) by Monday. We also requested that Skyryse identify for us the
unique hit counts for all search terms and for all repositories in aggregate, so that we can understand
the total number of documents that Skyryse has to review to fully understand any burden concerns. If
Skyryse can provide this information, then we can evaluate whether eliminating search terms purely
based on a certain number aggregate unique hit counts is a better approach.

As we discussed, based on the limited information provided by Skyryse to date, the only search terms
we are willing to re-visit are "Platform" and "Git." For "Platform," we have already requested that
Skyryse amend its searches to only including "Platform" with a capital P and to let us know the unique
hit results. You have stated you are working on that. We expect that updated information to be
provided by Monday. For "Git," we are willing to drop that search term as it applies to old Git and new
Git, but that search term would remain for Google Drive. Please let us know by Monday if this proposal
is acceptable.

Regarding the 52 specific SKY-DOC documents we identified, we explained why these documents are relevant and within the scope of the Court's order. As I mentioned, Moog's experts have analyzed several SKY-DOC documents which are stored in Polarion and contain relevant information, and have demonstrated in their expert declarations how these documents incorporate Moog data or were based off Moog documents. The Court noted certain of these documents in its order on Moog's Motion to Enforce. We have identified specific documents that we want production of. We consider the specific documents as additional search terms we are proposing to be run through Polarion. Practically speaking, however, we are confident the Court will appreciate that we are identifying a small number of specific documents that are relevant and we are seeking production of, rather than proposing broader search terms such as "SKY-DOC." Please let us know by Monday if Skyryse will agree to produce the documents we have identified (and all versions thereof).

Thank you for agreeing to continue Monday's deadline to next Friday. We look forward to reviewing the stipulation and order.

Thank you,
Kazim


**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Friday, August 4, 2023 3:55 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel,

Thank you for the call this afternoon. We have discussed with our team and can agree to an extension of Monday's deadline. We will follow with a stipulation and proposed order for your review.

Best,
Juli

**From:** Osborne, Juli (Bay Area)
**Sent:** Friday, August 4, 2023 1:46 PM
**To:** 'Kazim Naqvi' <KNaqvi@sheppardmullin.com>; Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

First, with respect to access restrictions within Skyryse's Google Drive, your claim that "Skyryse only looked into these issues now" is incorrect.  At considerable expense, Skyryse has spent the past month working with our vendor to determine the feasibility of limiting the portions of the Google Drive that we process and search.  That effort has focused on determining whether we can target particular *folders* within Skyryse's Google Drive, for good reason: Judge Wu's Order required the parties to "limit[] the search to Google Drive *folders* that were accessed by Hummingbird personnel, former Moog employees, or certain Skyryse personnel."  Dkt. 564 at 7 (emphasis added).  As we explained, based on weeks of work by our vendor, it is not possible to determine which *folders* have been accessed by the individuals named in Moog's motion.  Your question regarding other access restrictions within Google Drive came up for the first time only two days ago, and we promptly took it back to Skyryse's IT Department.

Your complaint that Skyryse "continually wait[s] until our telephone calls to provide important information" is unfounded, particularly given that Moog did not provide any written update on the Google Drive issues it agreed to follow up on yesterday, and instead promised "to have a further update for you on our call tomorrow."  As we stated in our email last night, we understand that targeting particular shared drives is feasible as a technical matter and are happy to discuss that with you further on today's call, but we do not yet have the information to know if it addresses our concern regarding the burden and cost of processing large portions of the Google Drive.  We have followed up with the Head of Skyryse's IT Department, who is working to gather that information and expects to have it to us by Monday.

As for the hit counts we provided, we disagree with your claim that "unique hits for search terms are what is actually necessary for us to evaluate any burden on Skyryse."  The total hit count on all of Moog's terms, across all three repositories, is the most helpful data point to consider in assessing the burden on Skyrsye, which is why we provided combined hit counts.  Nevertheless, in an effort to move this process along, we provide below separate hit counts for each repository.  You have also demanded that we provide unique hit counts for each of Moog's proposed search terms on both Git repositories and across all of the repositories combined.  Our vendor informs us that this is not possible; due to the nature of the search tools in the Git Repository, and because source code does not exist in discrete "documents," unique hit counts are not available for Git.  We are able to determine unique hit counts for each term as run across Google Drive, however, and have provided those figures below.  Please note that our vendor is still working to run the terms with the modification you proposed to "Platform" for the first time last night, and so the numbers below do not reflect that modification.

Finally, you have sprung on us—on the eve of the continued deadline—a list of 52 additional documents that you demand be produced from Polarion in all available versions.  You have not explained why Skyryse should be required to produce documents beyond those that hit upon Moog's proposed search terms, which is all that the Court ordered in connection with Moog's sanctions motion.  While Skyryse is willing to consider production of these additional documents in the course of normal discovery (although Moog has not pointed to a request for production to which they would be responsive and, of course, discovery is currently stayed until Moog provides an adequate identification of its trade secrets), Moog has not explained why that is required now, in the context of Moog's sanctions motion and the Court's order that the parties target relevant information using search terms.

We look forward to discussing these issues with you further on our 2 pm call.

Thanks,
Juli

| | Google Drive Hits | Google Drive Hits + Fam | Google Drive Unique Hits | Old Git Hits | Old Git Hits + Fam | New Git Hits | New Git Hits + Fam | Total Hits | Total Hits + Fam |
|---|---|---|---|---|---|---|---|---|---|
| AIN | 849 | 1190 | 168 | 165 | 306 | 287 | 287 | **1301** | **1783** |
| AMP | 2725 | 3880 | 1094 | 516 | 521 | 761 | 767 | **4002** | **5168** |
| Bird | 5181 | 7693 | 882 | 0 | 0 | 0 | 0 | **5181** | **7693** |
| CCDL | 3549 | 6331 | 1381 | 16 | 16 | 133 | 133 | **3698** | **6480** |
| Chung | 1544 | 1655 | 263 | 0 | 0 | 0 | 0 | **1544** | **1655** |
| Din | 1257 | 1816 | 327 | 181 | 181 | 316 | 318 | **1754** | **2135** |
| Git | 4596 | 5942 | 2265 | 17502 | 17645 | 27458 | 27460 | **49556** | **51047** |
| Jira | 6635 | 8138 | 1897 | 115 | 115 | 132 | 132 | **6882** | **8385** |
| Platform | 17732 | 20366 | 11638 | 52794 | 52956 | 88074 | 88092 | **158600** | **161414** |
| PSAC | 2495 | 4210 | 236 | 11 | 11 | 121 | 122 | **2627** | **4343** |
| SCMP | 1381 | 2367 | 20 | 23 | 23 | 96 | 97 | **1500** | **2487** |
| SDD | 1926 | 3709 | 396 | 215 | 356 | 407 | 408 | **2548** | **4473** |
| SDP | 1952 | 4162 | 100 | 216 | 216 | 332 | 333 | **2500** | **4711** |
| SQAP | 1302 | 2256 | 5 | 11 | 11 | 84 | 85 | **1397** | **2352** |
| SVN | 1314 | 2235 | 378 | 582 | 582 | 1082 | 1082 | **2978** | **3899** |

15

| IO_ | 20 | 24 | 5 | 10739 | 10885 | 16272 | 16278 | **2703 1** | **27187** |
| API _ | 8 | 12 | 2 | 8467 | 8615 | 13025 | 13044 | **2150 0** | **21671** |
| TS_ | 10 | 10 | 6 | 3387 | 3387 | 4170 | 4172 | **7567** | **7569** |
| ETC | - | - | - | 2608 | 2749 | 3317 | 3319 | **5925** | **6068** |
| SS_ | 28 | 28 | 20 | 2038 | 2038 | 2931 | 2931 | **4997** | **4997** |
| TD_ | 0 | 0 | 0 | 1839 | 1980 | 2176 | 2178 | **4015** | **4158** |
| Tot al | **54504** | **76024** | **21083** | **10142 5** | **102593** | **16117 4** | **161238** | | |

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, August 4, 2023 10:17 AM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Juli,

Thanks for your e-mail. Regarding Google Drive, as we suspected, Skyryse is able to narrow portions of its Google Drive based on what portions certain employees had access to. We are surprised Skyryse only looked into these issues now and after we specifically raised the issue, on the eve of the continued deadline. Your e-mail below states that you are looking into these issues and intend to discuss on our call this afternoon. Continually waiting until our telephone calls to provide important information, rather than providing such information in writing before our calls, is improper and only causes further delay. Please provide us with Skyryse's updates and positions by 1 PM PT today so that we can sufficiently evaluate before our call and have a more informed discussion.

Regarding the search terms, we are frustrated that we are only receiving purportedly  accurate search term hit counts on the eve of the continued deadline. In any event, the charts in your e-mail below are incomplete and do not actually go to the heart of the issue. We see that Skyryse omitted the "unique hit" columns from its charts. The unique hits for search terms are what is actually necessary for us to evaluate any burden on Skyryse to review documents associated with a particular search term. Also, the search term hits are not segregated by repository, as we requested. The information provided by Skyryse does not actually allow us to assess any burden. By 1 PM PT today, please provide three separate charts (one each for Google Drive, new Git, and old Git), reflecting documents with hits, documents with hits including family, and total number of unique documents for each repository. We also request that Skyryse identify the total number of unique documents for each search term across all three repositories combined. As previously requested, please also revise Skyryse's searches for "Platform" such that it has a capital P.

16

Finally, regarding Polarion, as previewed in my earlier e-mail, below is a list of the SKY-DOC documents
that we specifically request production of (as well as all available versions). Please confirm that Skyryse
will produce these documents in addition to the 79 search term hits.

We look forward to receiving the additional, necessary information in advance of our call and discussing
with you this afternoon.

Thank you,
Kazim


SKY-DOC-102
SKY-DOC-1000
SKY-DOC-1001
SKY-DOC-1002
SKY-DOC-1003
SKY-DOC-1015
SKY-DOC-1016
SKY-DOC-1017
SKY-DOC-1018
SKY-DOC-1019
SKY-DOC-1020
SKY-DOC-1023
SKY-DOC-1024
SKY-DOC-1025
SKY-DOC-1026
SKY-DOC-1028
SKY-DOC-1029
SKY-DOC-1033
SKY-DOC-1034
SKY-DOC-1035
SKY-DOC-1037
SKY-DOC-1038
SKY-DOC-1039
SKY-DOC-1040
SKY-DOC-1041
SKY-DOC-1042
SKY-DOC-1043
SKY-DOC-1044
SKY-DOC-1049
SKY-DOC-1052
SKY-DOC-1058
SKY-DOC-1060
SKY-DOC-1061
SKY-DOC-1062
SKY-DOC-1065
SKY-DOC-1078
SKY-DOC-1079

17

SKY-DOC-1080
SKY-DOC-1181
SKY-DOC-1084
SKY-DOC-1085
SKY-DOC-1089
SKY-DOC-1103
SKY-DOC-1104
SKY-DOC-1161
SKY-DOC-1179
SKY-DOC-1180
SKY-DOC-1203
SKY-DOC-1221
SKY-DOC-1239
SKY-DOC-1247
SKY-DOC-2000

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Thursday, August 3, 2023 10:27 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

We write to provide an update on the two issues we agreed to take back to our team to consider following yesterday's call.

First, with respect to Skyryse's Google Drive, we discussed Rena's question regarding access controls with the head of Skyryse's IT department.  He informed us that he is able to determine which shared drives on the Google Drive each employee currently has permission to access.  We are looking into the feasibility, cost, and burden of using this information to target particular shared drives that were accessed by the individuals identified in Moog's motion and will discuss this with you further on tomorrow's meet-and-confer call.

Second, we have run Moog's two sets of proposed search terms over Skyryse's old Git repository. In the course of putting together the problematic hit counts for the old Git repository, we realized that the data we provided on Tuesday was incomplete. Below are corrected numbers for Google Drive and the new Git repository, as well as the total hits across both Git repositories and the Google Drive. Although the majority of Moog's proposed terms are generic and overbroad, in an effort to reach a compromise, Skyryse is willing to compromise on the other terms if Moog drops or narrows the terms listed in the tables below.

We can discuss these issues with you further on tomorrow's meet-and-confer call and are hopeful that the parties can continue to work together to resolve the remaining issues regarding the Google Drive and Git searches.

Corrected Hit Counts – across Google Drive + new Git repository

| Term | Documents with hits | Documents with hits, including Family |
|------|--------------------:|--------------------------------------:|
| AIN | 1,136 | 1,477 |
| AMP | 3,486 | 4,647 |
| Bird | 5,181 | 7,693 |
| CCDL | 3,682 | 6,464 |
| Chung | 1,544 | 1,655 |
| Din | 1,573 | 2,134 |
| Git | 32,054 | 33,402 |
| Jira | 6,767 | 8,270 |
| Platform | 105,806 | 108,458 |
| PSAC | 2,616 | 4,332 |
| SCMP | 1,477 | 2,464 |
| SDD | 2,333 | 4,117 |
| SDP | 2,284 | 4,495 |
| SQAP | 1,386 | 2,341 |
| SVN | 2,396 | 3,317 |
| IO_ | 16,292 | 16,302 |
| API_ | 13,033 | 13,056 |
| TS_ | 4,180 | 4,182 |
| ETC | 3,317 | 3,319 |

19

| | | |
|---|---|---|
| SS_ | 2,959 | 2,959 |
| TD_ | 2,176 | 2,178 |

Hit Counts – across Google Drive + both Git repositories

| Term | Documents with hits | Documents with hits, including Family |
|---|---|---|
| AIN | 1,301 | 1,783 |
| AMP | 4,002 | 5,168 |
| Bird | 5,181 | 7,693 |
| CCDL | 3,698 | 6,480 |
| Chung | 1,544 | 1,655 |
| Din | 1,754 | 2,135 |
| Git | 49,556 | 51,047 |
| Jira | 6,882 | 8,385 |
| Platform | 158,600 | 161,414 |
| PSAC | 2,627 | 4,343 |
| SCMP | 1,500 | 2,487 |
| SDD | 2,548 | 4,473 |
| SDP | 2,500 | 4,711 |
| SQAP | 1,397 | 2,352 |
| SVN | 2,978 | 3,899 |
| IO_ | 27,031 | 27,187 |
| API_ | 21,500 | 21,671 |
| TS_ | 7,567 | 7,569 |
| ETC | 5,925 | 6,068 |
| SS_ | 4,997 | 4,997 |
| TD_ | 4,015 | 4,158 |

Thank you,
Juli

20

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Thursday, August 3, 2023 9:41 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Hi Juli:

Thanks for your e-mail. I sent an invite for 2 PM tomorrow.

For Polarion, we are surprised there are only 79 hits on Moog's hundreds of search terms. This does not appear to align with what our experts have reviewed in the iDS environment. Regardless, because our experts have identified certain "SKY-DOC" documents that are relevant and stored in Skyryse's Polarion repository (some of which are discussed in the Crozier and Pixley declarations in support of Moog's Motion to Enforce), we intend to specifically identify these documents to you. We will request production of these documents and all versions thereof, in addition to the 79 search term hits Skyryse has already identified. We do not expect the number of additional documents to be a high volume and aim to provide you with those specific documents tomorrow.

For Google Drive, we are still discussing these issues with our experts and intend to have a further update for you on our call tomorrow. However, we still have not received feedback from you regarding access restrictions on documents in the Google Drive, which you stated would be provided today. Please provide that information promptly, and at least sufficiently in advance of our meet and confer tomorrow

For the search terms, we see that the table below provides search term hits for both Google Drive and new Git. This makes it unclear whether all or most of the hits are on one repository instead of the other. We request that for all search terms that Skyryse objects to, it identify the search term hits separately for Google Drive, old Git, and new Git. That way we can have a more informed discussion as to search term hit counts for particular repositories.

Regardless, based on what Skyryse has sent thus far, we do not believe that any of the search terms identified in the table below present an undue burden given the size of this case and the circumstances of the instant issues. The only search term we would consider re-evaluating is "Platform." We understand that our initial instructions were that search terms would not be case sensitive. However, in an effort to reduce the burden and remove potentially irrelevant documents, we request that Skyryse run searches for "Platform" using a capital P, and then let us know the resulting hits separately for Google Drive, old Git, and new Git. Once we review those updated search term hits, we can discuss if any further actions are needed.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Thursday, August 3, 2023 1:06 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

Thank you for the productive call yesterday. We are looking into your questions regarding access restrictions on documents in the Google Drive and will get back to you later today. We will also follow up with an identification of the search terms that are overbroad as applied to the Git repository. We understand from our discussions and your email below that you will let us know today which, if any, of the search terms identified in our email on Tuesday you will consider dropping or modifying, as well as your thoughts on the approaches for searching Google Drive that we have discussed.

We are available at 2 PM tomorrow for another call.

Thanks,
Juli

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Wednesday, August 2, 2023 9:59 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Arman and Juli:

Thank you for conferring earlier today. This e-mail summarizes our call and next steps.

Regarding Polarion, the Parties are in agreement as to the searching protocols and Moog's proposed search terms as applied to Polarion.

Regarding Git, Skyryse has agreed to search both its old and new Git repositories. With that, the Parties are in agreement as to the searching protocols for Git.

Regarding Google Drive, we will get back to you on our initial positions tomorrow. During our call, we requested more information on how access is restricted to documents within Google, including whether there is an administrator that controls or has access to that information. This may provide a solution to isolating portions of Skyryse's Google Drive that were accessed by the individuals at issue. You agreed to look into this and get back to us tomorrow.

Regarding the search terms, we will get back to you on which of the search terms identified below we will agree to remove, if any. Now that Skyryse agreed to search its old Git repository, you agreed to identify any additional search terms that Skyryse objects to based on hit counts on the old Git repository, and agreed to provide that information tomorrow.

We are hopeful that the Parties are making progress. As discussed, please let me know your availability for a phone call on Friday.

Thanks,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Tuesday, August 1, 2023 10:48 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

We write in response to your email below and to follow up on our email yesterday to provide additional information from our vendor, including hit counts on Moog's proposed search terms.

First, we reject your mischaracterization of the relevant timeline.  As you know, the Court issued its order instructing the parties to meet and confer regarding search terms on June 30.  It was not until eleven days later that Moog first proposed any search terms, and it was not until July 20 that Moog proposed its second set of search terms.  It is unreasonable for Moog to wait three weeks to propose search terms and then demand that Skyryse process, analyze, and search terabytes of data over multiple repositories in a fraction of that time.  Skyryse has worked hard to identify the relevant universe of data that can be searched while providing Moog substantial information regarding the search capabilities and limitations applying to the repositories that must be searched.

Moreover, your claim that Skyryse has not provided Moog with any of the information you have requested for several weeks is false.  Skyryse has provided information in response to Moog's requests during our following meetings and correspondence, including the size of the Google drive, the amount of time and money that would be required to process the data contained in it, and other information regarding Skyryse's Git and Polarion repositories.  We are also confused by your statement below that you "disagree with Skyryse's conclusion that Judge Wu's order only limited Skyryse's searching obligations to portions of the Google Drive that were shared with Hummingbird."  Our email yesterday contained no such conclusion and correctly recounts the Court's order, which states that "that limiting the search to Google Drive folders that were accessed by Hummingbird personnel, former Moog employees, or certain Skyryse personnel is a reasonable accommodation." (Dkt. 564 at 7).

Notwithstanding the above, Skyryse remains hopeful that the parties can find a reasonable resolution to these issues without Court intervention, as described below:

**Polarion** – Moog's proposed search terms resulted in 79 hits across the Polarion repository, 19 of which were documents that have already been produced in discovery.  We will review the 60 remaining hits, which have been exported from the Polarion environment, processed, and loaded onto Relativity.

**Google Drive** – As we have repeatedly explained, Skyryse's ability to search metadata in the native Google environment is limited.  This means Skyryse cannot search the metadata fields identified by Moog in the first instance without significant additional financial and operational costs, and Moog's continued insistence on increasing the burden on Skyryse by demanding that we incur the cost of processing significant amounts of entirely irrelevant data before searching its metadata is unreasonable.  That said, we have been working with our vendor to determine the feasibility of Moog's proposal that portions of the Google Drive be excluded in order to reduce the massive cost and burden associated with processing the entire Google Drive.  While FTI has informed us that it is not possible to determine which *folders* have been *accessed* by Hummingbird personnel, former Moog employees, and other individuals identified in Moog's motion, FTI may be able to identify the *documents* each of these individuals had *permission* to access.  While we expect that process to invariably capture a categorically larger set of irrelevant documents, and even though this is a time-consuming and expensive process requiring our vendor to create a custom application to perform the search, we are working on testing that process and hope to have results on Thursday or Friday.

**Git** – to respond your questions regarding the Git repository, the volumes of data in Skyryse's Git repository are 25.19 GB in the old repository and 39.04 GB in the new repository, and attached is a list of standard Git search operators and fields.  Our understanding is that FTI should be able to search these fields, but we won't know for sure what metadata is available until FTI actually runs the searches. We disagree, however, that Moog has identified any legitimate basis to increase the burden on Skyryse by forcing it to search a Git repository that is no longer in use, and your email below does not respond at all to the relevant portion of the Court's order quoted in our email.

24

**Search Term Hit Counts –** Moog's proposed search terms hit on 44,846 total documents (49,025 including family) when run over Skyryse's Google Drive and new Git repository, and that number would increase exponentially if Skyryse ran the terms over its old Git repository and the entirety of its Google Drive, as Moog is demanding.  While the majority of Moog's proposed search terms are unreasonably overbroad (and Skyryse reserves the right to object to other terms as our meet-and-confer process continues), in particular, Skyryse objects to the search terms contained in the table below, which includes next to each term the combined hit count across Skyryse's Google Drive and new Git repository.  Many of these terms (for example, "AMP," "AIN," "SDD" and "SDP") are generic terms commonly used in the industry and are consequently pulling in documents that have no relation to Moog.  The same is true of Moog's proposed terms "JIRA," a commonly used project tracking system, and "Git," a commonly used repository.  These terms are plainly unreasonable unless Moog can propose modifications that would help target Moog information.  We are open to any suggestions you have on ways to limit these terms.

| Term | Documents with hits | Documents with hits, including Family | Unique hits |
|------|--------------------:|--------------------------------------:|------------:|
| AIN | 849 | 1,190 | 168 |
| AMP | 2,725 | 3,880 | 1,094 |
| Bird | 5,181 | 7,693 | 882 |
| CCDL | 3,552 | 6,334 | 1,381 |
| Chung | 1,544 | 1,655 | 263 |
| Din | 1,257 | 1,816 | 327 |
| Git | 4,624 | 5,970 | 2,285 |
| Jira | 6,635 | 8,138 | 1,897 |
| Platform | 17,741 | 20,375 | 11,638 |
| PSAC | 2,496 | 4,211 | 236 |
| SCMP | 1,382 | 2,368 | 20 |
| SDD | 1,926 | 3,709 | 396 |
| SDP | 1,953 | 4,163 | 100 |
| SQAP | 1,303 | 2,257 | 5 |
| SVN | 1,314 | 2,235 | 378 |

We look forward to discussing these issues further with you tomorrow.

Thanks,
Juli

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Tuesday, August 1, 2023 9:30 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel:

Your lengthy e-mail below actually provides very little substantive information to help move the meet and confer process forward, including by failing to provide essentially all the information Moog has requested over the past several weeks. We disagree with the characterizations below, and it is evident that we will have to burden the Court with the many outstanding issues due to Skyryse's delay and lack of meeting and conferring in good faith.

Regarding search terms, Moog has proposed hundreds of search terms beginning on July 11. Your e-mail below identifies just four search terms that Skyryse objects to (without providing any supporting hit count information or other specific information). Skyryse has not identified any other search terms, even though we are less than a week from the continued deadline. Even if Skyryse provides the promised search term hit reports and specific objections to search terms (which are long overdue), Skyryse's delay does not allow Moog a sufficient amount of time to evaluate these issues. We will provide a timeline to the Court demonstrating Skyryse's delay.

Regarding Google Drive, Skyryse still has not provided any of the information requested by Moog for several weeks. This includes the basic information that Skyryse's counsel agreed to provide during our July 14 meet and confer (such as the file types stored on Google Drive). While you state below that "[w]e are working with our vendor to determine whether Moog's proposed process is feasible and expect to be in a position to discuss it with you further shortly," we are less than a week from the continued deadline to agree on search terms and protocol. Skyryse should have provided this basic information long ago, and it is apparent that Skyryse's delay will likely prevent any agreement by August 7. We also disagree with Skyryse's conclusion that Judge Wu's order only limited Skyryse's searching obligations to portions of the Google Drive that were shared with Hummingbird. The underlying order contains no such limitation. We intend to address these issues with the Court.

Regarding Polarion, Skyryse still has not provided any of the information requested by Moog for several weeks. We intend to address these issues with the Court.

Regarding Git, Skyryse still has not provided any of the information requested by Moog for several weeks. We are also surprised by Skyryse's refusal to search its old Git repository. Your statement below that "Moog has identified no reason Skyryse should search its old Git repository in connection with Moog's sanctions motion and Skyryse therefore declines to do so" is patently false. While there are several reasons why Skyryse's refusal to search its old Git repository is improper, during our July 14 meet and confer (which you were not present for), I provided a specific example to Skyryse's counsel for

why materials on the old Git repository are relevant to Judge Wu's order and the stipulated TRO. If the old Git repository contains Moog non-public information which is not contained on the new Git repository, then it was required to be produced pursuant to the terms of the TRO. If such data exists on the old Git repository, Moog is entitled to it and to determine if it should have been produced earlier in the case. We understand we are at an impasse on this issue and will address it in the joint submission.

I have circulated an invite for tomorrow at 4 PM to further meet and confer.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Monday, July 31, 2023 9:03 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

We write in response to your email below.  Skyryse has been working diligently with its e-discovery vendor to collect relevant information on the issues raised in your email, and as we have articulated to you a number of times, any delays in providing that information are a result of the processing time necessary for our vendor to prepare it, given the massive amount of data and files Skyryse has preserved.

To begin, your assertion that you "consider any objections to Moog's proposed search terms to be waived" is unfounded.  The parties have already met and conferred several times precisely *because* Skyryse objected to, and cannot accept as-is, Moog's proposed search terms.  And even if Skyryse had not yet objected, there was no basis for Moog to unilaterally impose a deadline to do so since the only deadline set by the Court with respect to search terms is to have a finalized set of search terms by July 31, 2023 (which the parties have agreed to extend to August 7th). Regardless, to avoid any doubt, this email serves as confirmation that Skyryse objects to Moog's search terms, which are patently overbroad and will invariably hit on documents that have nothing to do with the claims or defenses in this case.  This includes, for example, generic terms such as "API_", "Platform," "AMP," and "SCHD," each of which has returned many thousands of hits in Skyryse's Google drive repository, and the term "Git,"

which Moog has unreasonably demanded that Skyryse run across multiple Git repositories.  It would be extremely burdensome for Skyryse to process and review the incredible amount of information that would hit on such search terms, and Moog's demands go against the Court's clear directive that "Moog is not entitled to full, unfettered access" to Skyryse's electronic systems and its rejection of Moog's demand to search for "information that may be unrelated to the claims and defenses in this action." (Dkt. 564 at 5.)  That said, Skyryse remains hopeful that the parties can work together to identify a reasonable set of search terms without seeking Court intervention and is committed to doing so.

**Google Drive -** We reject your inaccurate characterization of Mr. Gross's statements at the June 29 hearing.  Mr. Gross was clear that "one of the reasons search terms work" is because "they **may** include the metadata."  Skyryse's positions during meet and confer are entirely consistent with Mr. Gross's statements, including as you note below, his representation to the Court that an inspection of the entire Google drive would be overbroad and that identifying portions of the Google Drive that are not relevant would be overly burdensome.

Setting this issue aside, the Court asked the parties to agree on a set of search terms to run against the Google drive folders accessed by a certain subset of individuals, including, specifically, Hummingbird personnel, former Moog employees, and other individuals identified in Moog's motion.  Unfortunately, as we explained to you on our last two calls, it is not possible to conduct such a search on Google.  Given that, Skyryse offered to conduct a far broader search covering the entire Google drive to ensure no aspects of the repository are missed.  Moog rejected this offer because it would not incorporate a search of certain metadata fields in the first instance.  But as we explained to you, many of the metadata fields identified by Moog are simply unavailable for searching in the Google environment.  For this reason, Skyryse offered to conduct an initial key term search of the file names and contents of the documents maintained in the entire Google drive, process that data, and then work with Moog to narrow the search results by running searches through the additional metadata that will become available after the data is processed.

Moog rejected that offer and proposes that the parties first work together to narrow down the set of data to be processed before any search terms are run.  While we are looking into Moog's proposal, it is not clear that it is technically feasible, or that it will provide a more comprehensive set of data for review compared to Skyryse's more thorough approach.  That said, we appreciate Moog's willingness to work with Skyryse to identify ways to narrow the overall search.  We are working with our vendor to determine whether Moog's proposed process is feasible and expect to be in a position to discuss it with you further shortly.  In response to the other questions in your email, and as we explained to you during our meeting, Skyryse's Google repository contains multiple terabytes of data consisting of a myriad of file types and formats, complicating the search process.

**Polarion** – We disagree with your claim that Mr. Gross's statements at the hearing were inconsistent with our explanation to you during our meet and confer call that the Polarion system has limited search functionality.  That said, we appreciate Moog confirming that it is amenable to Skyryse's approach for searching Polarion.  We expect to have for you tomorrow a list of Moog's proposed search terms that Skyryse believes are overbroad or unreasonable.

**Git** – Skyryse does not agree that the Court's order requires Skyryse to search the old Git repository, which is no longer in use or accessible by company employees and has been maintained for litigation preservation purposes only.  In fact, the Court rejected Moog's demand to review "Skyryse's source code repository so that it can 'vet' Skyryse's claim that Moog data has been removed from its source

code repository" (Dkt. 564 at 9) and held that the TRO Stipulation *does not* "entitle Moog to the entirety of Skyryse's source code so that it can 'vet' Skyryse's claim that Moog data has been removed from its source code repositories." (Dkt. 564 at 8). Moog has identified no reason Skyryse should search its old Git repository in connection with Moog's sanctions motion and Skyryse therefore declines to do so.

We are hopeful that we can continue to work together and reach an agreement consistent with Judge Wu's order. To that end, please let us know if you are available for a follow-up call on Wednesday at 4 pm Pacific.

Thanks,
Juli

**Julianne Osborne**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8160

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Monday, July 31, 2023 2:16 PM
**To:** Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel:

It is now Monday afternoon and we still have not received any substantive response to my e-mail below. Skyryse also did not respond to our request to set up a follow up meet and confer for this afternoon. Several of Moog's requests for information have been outstanding for multiple weeks.

We agreed to a one week extension of Judge Wu's deadline in good faith, and with the understanding that the purpose of the extension was for Skyryse to promptly provide us with various items of information that we need in order to reach any type of agreement regarding search methodology and terms. For example, however, we still have not received an objection to any of the search terms we have proposed, or any proposals on how to limit which materials Skyryse processes from its Google Drive, other than Skyryse's unilateral decisions to proceed in a manner inconsistent with Judge Wu's order. As noted in my e-mail below, given the delay, we consider any objections to Moog's proposed search terms to be waived.

It is patently unfair for Skyryse to ask for an extension of time and then sit on its hands. It has been a week since our last meet and confer on July 24 and we still have not received any of the information that we requested during that call, or even the information we requested on the prior call – which took place all the way back on July 5. Given these delays and lack of responsiveness, we appear to have no

29

choice but to start preparing our portions of the joint report due on Monday, August 7. All rights are expressly reserved.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Kazim Naqvi
**Sent:** Wednesday, July 26, 2023 11:33 AM
**To:** 'Arman.Zahoory@lw.com' <Arman.Zahoory@lw.com>; 'Cassandra.Baloga@lw.com' <Cassandra.Baloga@lw.com>; 'SKYRYSEMOOG.LWTEAM@lw.com' <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** 'Grant.Gelberg@halpernmay.com' <Grant.Gelberg@halpernmay.com>; 'scott.tenley@zfzlaw.com' <scott.tenley@zfzlaw.com>; 'catherine.thompson@halpernmay.com' <catherine.thompson@halpernmay.com>; 'alyssa.titche@halpernmay.com' <alyssa.titche@halpernmay.com>; 'rachel.fiset@zfzlaw.com' <rachel.fiset@zfzlaw.com>; 'Ben.Heller@zfzlaw.com' <Ben.Heller@zfzlaw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Arman, Joe, and Ryan:

Thank you for meeting and conferring on Monday. This e-mail summarizes our call and provides Moog's positions on each of the repositories at issue, as well as next steps.

**<u>Google Drive:</u>**

I advised that searching metadata within Google Drive documents is important, necessary, and is contemplated by Judge Wu's order granting in part Moog's Motion to Enforce. The searching of metadata was expressly discussed by counsel and the Court during the June 29 hearing. In fact, in advocating for why search terms should be used instead of production of entire repositories, Skyryse's counsel stated: "But to go back to the point here, one of the reasons search terms work, ***and they may include the metadata, which is the information about the files as opposed to their contents too*** . . ." (6/29/23 Hrg. Tr. at 19:25-20:2, emphasis added).

During our call, Skyryse advised that its vendor FTI has collected the entirety of the Google Drive, but has not processed the entire drive. Rather, Skyryse advised that FTI has been searching within the Google Drive to find documents based on the search terms provided by Moog, and is prioritizing the processing of those documents. Skyryse advised that Moog's search terms have hit on approximately 200,000 documents to date. To be clear, the Parties have not yet agreed on any searching protocol or

30

set of search terms, and **Moog has not asked Skyryse to incur any expenses to process any data before the Parties reach such an agreement**. We understand that, on its own accord and without request from Moog, Skyryse intends to provide search term hit reports for Google Drive before the end of the week, and to identify search terms that it contends are overbroad.

Because Moog requires the searching of metadata on all potentially relevant files in Skyryse's Google Drive account (consistent with Skyryse's representation and Judge Wu's orders), we proposed that Skyryse process its entire Google Drive account so that metadata can be searchable. Skyryse objected to this proposal based on burden, including cost for processing and hosting such data. Skyryse estimated these costs to be approximately $136,000 to process the entire Google drive and approximately $100,000 in hosting fees. While we understand that there are costs associated with processing large volumes of data, we are troubled by the fact that when advocating for a search term approach to the Court, Skyryse argued that permitting an inspection of the entire drive would be overbroad and that identifying portions of the Google Drive which are not relevant would be unduly burdensome. And, now, Skyryse is claiming that the very process it advocated for, and Judge Wu ordered in response, is too burdensome.

Regardless, in an effort to reach a compromise and mutually agreeable solution, we discussed Skyryse excluding portions of its Google Drive that would be processed by FTI, thereby reducing the burden and costs associated. We are open to this approach. But, as I explained, we are in the dark and are unable to propose to Skyryse how to limit what is processed. We need Skyryse to identify portions of its Google Drive that it contends are not relevant and should not be processed. Notably, we made this request in connection with the underlying briefing and supplemental briefing in connection with the Motion to Enforce, but Skyryse argued that its entire business relates to "flight control" and it was not prepared to make any limitations in producing its Google Drive account. Alternatively, we need Skyryse to provide us information about the contents and structure of its Google Drive so that we can propose certain items that can be withheld from processing. Skyryse agreed to get back to us with proposals on how to limit what is processed by FTI. We believe that if the Parties can reach agreement on what is excluded from processing, then the agreed-upon search terms can be run and metadata can be searched as required.

To move this forward, by close of business Friday, please provide:

- Proposals on how to limit what is processed by FTI concerning Skyryse's Google Drive account;
- The total volume and size of Skyryse's Google Drive account (we made this request on July 19);
- The types of files located on Skyryse's Google Drive account (we made this request on July 19);
- Search term hit reports for Google Drive, as well as any of Moog's proposed search terms for Google Drive that Skyryse objects to (we made this request on July 19).

**Polarion:**

Skyryse represented that Polarion is a database that contains fragments of information, and that it does not contain a repository of files in the ordinary sense. Skyryse further advised that metadata is not ordinarily searchable through Polarion, which stores its engineering requirements. This contradicts Skyryse's representations to the Court as to how Skyryse's data could be searched using search terms. Skyryse further advised that data exists within Polarion, which can then be compiled and exported into documents. Skyryse further advised that processing Polarion by FTI will not impact search functionality. Skyryse's proposal is that it run Moog's proposed search terms within Polarion, and then export the resulting files with hits into Relativity.

31

EXHIBIT B
Page 64

We are looking into these issues with our experts. For now, based on Skyryse's representations, and without waiving our rights or objections, we are amenable to Skyryse's approach for searching in Polarion. We will let you know if our position changes.

To move this forward, by close of business Friday, please provide:

- The total volume and size of Skyryse's Polarion repository (we made this request on July 19);
- Identification of any of Moog's proposed search terms for Polarion that Skyryse objects to (we made this request on July 19).

**Git:**

Skyryse represented that FTI has processed its Git repository and is searchable. We discussed whether metadata would be searchable, as our understanding is that at least certain metadata should be available (such as creation date, author, etc.). Skyryse agreed to look into these issues and get back to us on what metadata is searchable in Git. Skyryse also indicated that, on its own accord, it was preparing search term hit reports based on Moog's proposed search terms.

I also advised that Moog will require that its search terms be run across Skyryse's old and new Git repositories.

To move this forward, by close of business Friday, please provide:

- Confirmation that Skyryse will agree to search its old and new Git repositories;
- Identification of the types of metadata searchable through Git;
- The total volume and size of Skyryse's Git repository (we made this request on July 19);
- Search term hit reports for Git, as well as any of Moog's proposed search terms for Git that Skyryse objects to (we made this request on July 19).

**Next Steps:**

Because of the foregoing issues, and to allow the meet and confer process to continue, we are prepared to agree to a **one-week extension** of Judge Wu's July 31 deadline for the Parties to agree on search terms. At this time, we cannot agree to a further extension. The threshold issues we have discussed above (especially related to Google Drive) are not predicated on Skyryse and FTI taking the time to process all the data. We first need to reach agreement on what will be processed and searched, and the search terms that will apply.  Please prepare a stipulation for the one-week extension for our review. Further, Moog's position is that for any outstanding issues that are not agreed upon by August 7, the Parties will submit a joint statement (with no page limit) providing their respective positions on all such outstanding issues.

Please provide all the information requested above by the end of the week so that we can evaluate and discuss with our experts. Notably, we still have not received any objection to Moog's proposed search terms. If we do not receive such objections by close of business Friday, we will deem them waived.

We propose a follow up call on Monday between 1-3 PM PT. Please confirm you are available and I can send a Zoom link.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Kazim Naqvi
**Sent:** Monday, July 24, 2023 1:05 PM
**To:** 'Arman.Zahoory@lw.com' <Arman.Zahoory@lw.com>; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel:

It has been 10 days since our last meet and confer and we still have not received any of the information Skyryse agreed to provide, including as discussed in my July 19 e-mail below. We also still have not received any feedback from Skyryse regarding our proposed search terms. It is difficult to move this meet and confer process forward without receiving necessary information from Skyryse. While we hope and expect that Skyryse will be able to provide the requested information during our call in a few hours, as we advised, these are issues we need to discuss with our experts to have a more productive conversation.

We look forward to conferring shortly.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main

EXHIBIT B
Page 66

www.sheppardmullin.com | LinkedIn | Twitter

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Sunday, July 23, 2023 4:33 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Hi Kazim – let's do 3-4 tomorrow, if you can please circulate an invite.

**Arman Zahoory**

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Sunday, July 23, 2023 11:49 AM
**To:** Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Hi Arman:

I am not available on Tuesday at 11:30 AM. I can do tomorrow between 1-2 PM and 3-4 PM, and Tuesday between 10-11 AM or 2-6 PM. Please let me know if any of those alternate windows works.

Thanks,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Sunday, July 23, 2023 11:07 AM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Cassandra.Baloga@lw.com;

SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Hi Kazim – we are available for a call at 11:30 on Tuesday if that works for you.

Best,
Arman


**Arman Zahoory**

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, July 21, 2023 8:12 AM
**To:** Baloga, Cassandra (NY) <Cassandra.Baloga@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** Re: Moog/Skyryse - Proposed Search Terms

Counsel:

Following up here. I will cancel the calendar invite for the 10 AM call today. Please let me know if the proposed window on Monday works.

Thank you,
Kazim


On Jul 20, 2023, at 11:47 AM, Kazim Naqvi <KNaqvi@sheppardmullin.com> wrote:


Counsel:

My 1 PM hearing tomorrow in another matter was just advanced by the Court to 11:15 AM. I will not be able to meet and confer at 10 AM PT tomorrow as scheduled. We are available on Monday between 9:30 AM and Noon PT. Please confirm if that window works and I can revise the Zoom invite.

Thank you,

35

Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Kazim Naqvi
**Sent:** Thursday, July 20, 2023 11:10 AM
**To:** 'Cassandra.Baloga@lw.com' <Cassandra.Baloga@lw.com>; 'SKYRYSEMOOG.LWTEAM@lw.com'
<SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** 'grant.gelberg@halpernmay.com' <grant.gelberg@halpernmay.com>; 'scott.tenley@zfzlaw.com'
<scott.tenley@zfzlaw.com>; 'catherine.thompson@halpernmay.com'
<catherine.thompson@halpernmay.com>; 'alyssa.titche@halpernmay.com'
<alyssa.titche@halpernmay.com>; 'rachel.fiset@zfzlaw.com' <rachel.fiset@zfzlaw.com>;
'ben.heller@zfzlaw.com' <ben.heller@zfzlaw.com>; Rena Andoh <RAndoh@sheppardmullin.com>;
Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael
Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel:

On July 11, Moog proposed search terms focused on software-related files. As referenced in my July 11
e-mail, please find attached a spreadsheet with additional search terms targeted towards other types of
files and data like those related to hardware and electronics. These search terms are designated as HC-
AEO under the Protective Order. Moog's proposed searching criteria would remain the same for these
additional search terms.

Moog reserves the right to propose additional search terms. We look forward to conferring further
tomorrow morning.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Kazim Naqvi
**Sent:** Wednesday, July 19, 2023 2:04 PM

**To:** 'Cassandra.Baloga@lw.com' <Cassandra.Baloga@lw.com>; 'SKYRYSEMOOG.LWTEAM@lw.com' <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** 'grant.gelberg@halpernmay.com' <grant.gelberg@halpernmay.com>; 'scott.tenley@zfzlaw.com' <scott.tenley@zfzlaw.com>; 'catherine.thompson@halpernmay.com' <catherine.thompson@halpernmay.com>; 'alyssa.titche@halpernmay.com' <alyssa.titche@halpernmay.com>; 'rachel.fiset@zfzlaw.com' <rachel.fiset@zfzlaw.com>; 'ben.heller@zfzlaw.com' <ben.heller@zfzlaw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Counsel:

We write to follow up from our meet and confer last Friday, and in advance of our second meet and confer scheduled for this Friday.

As we discussed last week, Skyryse would get back to us on the following items:

1. The types of documents stored on its Polarion Repository (including by file format);
2. The types of document stored on its Google Drive (including by file format);
3. Whether Skyryse objects to any of Moog's proposed software-related search terms.

Skyryse represented it would provide this information, and we have not yet received it. If Skyryse could get back to us on these items sufficiently in advance before Friday's call, that would help facilitate a more productive discussion. We need this information far enough ahead of our Friday call so that we can discuss with our experts.

We also request that sufficiently in advance of Friday's call, Skyryse identify:

1. The total size/volume of its Polarion, Git, and Google Drive repositories;
2. The date when Skyryse sequestered its "old" Git repository and created the "new" Git repository that it currently uses.

We look forward to speaking with you on Friday.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

EXHIBIT B
Page 70

**From:** Kazim Naqvi
**Sent:** Wednesday, July 12, 2023 8:43 PM
**To:** 'Cassandra.Baloga@lw.com' <Cassandra.Baloga@lw.com>; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** grant.gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; ben.heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Hi Cassie:

We disagree with your characterizations below. Moog's proposed search terms and criteria comply with Judge Wu's directives. Nonetheless, we look forward to conferring with you on Friday at 3 PM. I will circulate a Zoom invite.

Best,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Cassandra.Baloga@lw.com <Cassandra.Baloga@lw.com>
**Sent:** Wednesday, July 12, 2023 5:33 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** grant.gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; ben.heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

We write to confirm receipt of the search terms below and that we are available for an initial meet and confer at 3:00 PM on Friday.  It will be important to discuss during that meeting the overbreadth of Moog's proposed search terms, which go far beyond the scope of the search described by Judge Wu, includes demands to run terms over metadata fields that do not exist for the data being reviewed, and contain search terms that likely will not be compatible with the platforms being searched.  Nonetheless, we are hopeful the parties can find agreement consistent with Judge Wu's order, which requires the parties to finalize a set of search terms after meeting and conferring and "does not entitle Moog to 'full, unfettered access'" to Skyryse's entire Polarion, Git, and Google Drive repositories.

Best,

EXHIBIT B
Page 71

Cassie

**Cassandra Marie Baloga**
*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4592

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Tuesday, July 11, 2023 6:53 PM
**To:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Cc:** grant.gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; ben.heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** Moog/Skyryse - Proposed Search Terms

Counsel:

Pursuant to the Court's final order on Moog's Motion to Enforce (Dkt. 564), we write to begin the meet and confer process and to propose search terms for Skyryse to run across its Polarion, Git, and Google Drive repositories. We have included below an initial set of proposed search terms largely targeted towards software-related files and data, and to be run across all three repositories. We intend to follow up this week or early next week with additional search terms targeted towards other types of files and data like those related to hardware and electronics. We have also included proposed searching criteria for all three repositories.

As requested a few times, please provide your availability on Friday for an initial meet and confer conference on the below search terms. We can schedule an additional meet and confer conference next week for the second set of search terms when we send them.

Thank you,
Kazim

**Searching Criteria:**

1. All search terms to be run across file names and file content.
2. All search terms also to be run across the following metadata fields:
    1. CUSTODIAN
    2. ALLCUSTODIAN
    3. RECORDTYPE or DOCTYPE
    4. FROM
    5. TO
    6. CC
    7. BCC
    8. SUBJECT

39

9.   FILEEXT
10.  AUTHOR
11.  FILENAME
12.  MD5HASH or HASH
13.  TEXTPATH or TEXTLINK
14.  FILEPATH
15.  NATIVELINK
16.  FILEPATHALL
17.  CHANNEL NAME
18.  PARTICIPANTS
19.  COMPANY
20.  LASTEDITEDBY
21.  DOCTITLE

3.  All search terms are not case sensitive.
4.  Before running search terms, Skyryse is required to OCR all PDF files, as well as any digital images (such as tiff, jpg, and png files), drawings, schematics, Visio files, or object files.

**Search Terms (Software-focused):**

#include "AIO.h"
#include "DIO.h"
#include "eRTOS.h"
AIN
Ain
AMP
APPL_SCHD
BSP_AIO
BSP_DIO
Bullseye Coverage
CCDL
CCM
Dakota
Din
eRTOS
FRM
Moog
MDTE
MITC
MRE
NEO
PeekPoke
Platform
Raven
SCHD
TBool
TBSP
TFloat32
Tint32

40

TUInt16
TUInt32
TUInt64
V280

M D T E [spaces between letters intentional]
SDTE
CT_
SS_
TS_
TD_
TT_
SD_
IO_
DPA
sRTOS
APPL_
API_
BSP_
EHR_
EHLR
INTM
SW_*.xlsx
*.chm
SDP
SQAP
PSAC
SCMP
JIRA
SVN
git
CCCM
CCCV
DCCM
DCCV
RNGM
SDD
IOE
SRTE
RBT Names
ReviewChecklist.xlsx
Checklist.xlsx

**Search Terms to Run Only Across Metadata Fields:**

Salt Lake Operations
Moog
Moog Inc

41

EXHIBIT B
Page 74

Eric Chung
Chung
Chung,Eric [lack of space after comma is intentional]
Lori Bird
Bird
Bird,Lori [lack of space after comma is intentional]
Reid Raithel
Raithel
Raithel, Reid
Robert Alin Pilkington
Pilkington
Pilkington,Robert A [lack of space after comma is intentional]

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

42

EXHIBIT B