# EXHIBIT 1

# EXHIBIT 1

EXHIBIT 1
Page 84

| | |
|---|---|
| **From:** | Kazim Naqvi <KNaqvi@sheppardmullin.com> |
| **Sent:** | Wednesday, August 9, 2023 5:34 PM |
| **To:** | Osborne, Juli (Bay Area); Zahoory, Arman (Bay Area); Baloga, Cassandra (NY); #C-M SKYRYSE - MOOG - LW TEAM |
| **Cc:** | Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh; Travis Anderson; Lai Yip; Michael Heins |
| **Subject:** | RE: Moog/Skyryse - Proposed Search Terms |

Juli:

I am available to further confer tomorrow at 4 PM. I will circulate an invite. I address the outstanding issues in your e-mail below.

**Google Drive:**

We continue to reject Skyryse's proposal that does not allow the searching of metadata in Google Drive. Skyryse represented to the Court that it could adequately run search terms on Google Drive, including on metadata, in lieu of making its entire repository available for a controlled inspection as Moog requested. After the Court agreed with Skyryse's proposal, Skyryse thereafter advised for the first time that metadata is not searchable within Google Drive and will not agree to a process whereby metadata can be searched. We understand we are at an impasse on this issue and will raise it in Friday's joint submission.

Regarding Moog's potential solutions and workarounds proposed yesterday, Skyryse has it backwards. It is not, and never has been, Moog's obligation to teach Skyryse how to do the data searching and processing. Moog is not responsible for advising Skyryse on how FTI should do its job. The fact that FTI has apparently not explored the use of Google Takeout, or the use of its ECA platform, is concerning, given these are fairly standard tools that should be well within the knowledge and capabilities of FTI. While we will consider Skyryse and FTI's responses to the points we raised, we will not wait any longer on the joint submission given that we have already extended the deadline twice. If the Parties reach agreement on any outstanding issues after the joint submission is filed, we can advise the Court accordingly.

**Search Terms:**

While we appreciate receiving the information regarding the aggregate number of unique documents that require review, we maintain that for individual search terms, unique hit counts are still highly relevant and help inform the meet and confer process.

Thank you for agreeing to run the two modifications we proposed (("Jira" AND "guide") and ("Git" AND "guide")). To clarify, these revised search terms are to be run across both Google Drive and Git, so that we can assess the hit counts. We will agree to drop "platform" from Git, but will require "Platform" to remain a search term for Google Drive.

Before our call tomorrow, please provide updated search term reports reflecting:

1. Total hit counts and unique hit counts for ("Jira" AND "guide") and ("Git" AND "guide"), respectively, in Google Drive.
2. Total unique hit counts for "Platform" in Google Drive (Skyryse still has not provided this).

1

EXHIBIT 1
Page 85

3. Total hit counts for ("Jira" AND "guide") and ("Git" AND "guide"), respectively, in old Git.
4. Total hit counts for ("Jira" AND "guide") and ("Git" AND "guide"), respectively, in new Git.
5. A revised number of total, aggregate hit counts across all of Moog's proposed search terms given Moog's additional modifications to "Jira," "Git," and "platform."

Thanks,
Kazim


**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Wednesday, August 9, 2023 12:26 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; Cassandra.Baloga@lw.com; SKYRYSEMOOG.LWTEAM@lw.com
**Cc:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>
**Subject:** RE: Moog/Skyryse - Proposed Search Terms

Kazim,

We agree that unfortunately it seems that we will need to seek the Court's assistance in resolving the remaining disputes. We are not available at the times you proposed this afternoon, but are available tomorrow between 3-5, and we agree to an exchange at 3 pm on Friday. We address the substantive points in your email in turn below.

***Google Drive:*** First, your statement that "Skyryse appears unwilling to arrive at [] a solution" to limit the Google Drive data that is processed could not be further from the truth. Skyryse has spent the past month working daily with FTI to test various approaches for searching the Google Drive, all of which were either rejected by Moog or proved overly time-consuming and burdensome. The most reasonable solution available is Skyryse's proposal to run all of Moog's 437 search terms over all of the content and file names of all documents in the entire Google Drive, and then load that data set to Relativity, where the metadata could then be searched. You have rejected that proposal because you insist that Moog's search terms must be run across any metadata fields "in the first sweep" to capture any documents that hit on Moog's search terms in the metadata but not the documents themselves. Given the breadth of Moog's proposed search terms, we find it unlikely that many such documents exist. If you have any examples of relevant documents that contain one of Moog's search terms in the metadata but not in the file name or body of the document, please let us know and we will consider other search terms that could be used to target similar documents. But the expense and burden of processing the entire Google Drive or large swaths of it is not reasonable or proportional given the very small chance that any relevant documents wouldn't already be captured by searches through the documents' file names and content.

Second, we appreciate that Moog has proposed several potential searching tools that would enable a less burdensome search through Google Drive, although it is frustrating that these proposals come now, days before a joint status report is due to the Court, when we have urged you for the past month to work with us to find a solution for searching the Google Drive in a reasonable and targeted way. That said, we have sent your inquiries on to our vendor and will report back with responses as soon as we have them, but your questions concern complex forensic issues that will take time for