# EXHIBIT 1

# EXHIBIT 1

EXHIBIT 1
Page 6

| | |
|---|---|
| **From:** | julianne.osborne@lw.com |
| **To:** | Michael Heins; Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh; Travis Anderson; Lai Yip; Kazim Naqvi |
| **Cc:** | SKYRYSEMOOG.LWTEAM@lw.com |
| **Subject:** | RE: Moog v. Skyryse - Email on Reid Raithel Laptop Image |
| **Date:** | Friday, August 18, 2023 12:09:42 PM |

Hi Mike,

We write in response to your email on Wednesday evening. First, as you likely saw, last night, we requested leave to file a supplemental statement to correct and complete the record regarding Mr. Raithel's email files. For the reasons enumerated in that statement, and as we've discussed with you, we disagree that either Moog's August 7 email or our subsequent discussion on Mr. Raithel's laptop via videoconference was "wide-ranging in scope" and that it included any mention of purportedly missing emails.

Second, your statement "that Mr. Raithel may have *sometimes* used a web browser" but still have locally saved emails on his laptop is incorrect. There is no basis for your insistence that Mr. Raithel's laptop may contain locally stored emails and that "the email collection from Mr. Raithel's laptop is incomplete" after we explained to you that Mr. Raithel accessed his Skyryse Gmail account via a web browser rather than a third party application, like Apple Mail, that would save the emails locally. We understand that the forensic data on the image of Mr. Raithel's laptop made available to Moog shows both that Mr. Raithel regularly used a web browser to access his Skyryse emails and that he did not use the Apple Mail application to access Skyryse email on a regular basis.

We are continuing to investigate the other, new issues that you raised earlier this week and remain willing to meet and confer with you on these topics on Monday. We also remain open to suggestions from Moog regarding alternative ways to image Mr. Raithel's laptop that would not be subject to the same technical limitations as the industry standard tools used by Skyryse's vendor.

Thanks,
Juli


**Julianne Osborne**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8160

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Wednesday, August 16, 2023 5:43 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>

EXHIBIT 1
Page 7

**Subject:** RE: Moog v. Skyryse - Email on Reid Raithel Laptop Image

Hi Juli,

I received your voicemail this afternoon, but I am unable to join a call this evening.

With respect to your most recent email, as an initial matter, Moog disagrees that its pre-meet and confer correspondence regarding Mr. Raithel's laptop somehow excluded emails from the scope of the parties' actual meet and confer discussions regarding Mr. Raithel's computer, which was wide-ranging in scope.

In any case, my email today explained in detail why we believe the email collection from Mr. Raithel's laptop is incomplete.  Based on your email below, Skyryse's counsel appears to represent that it has complete knowledge as to the fact that there are no missing emails at all from Mr. Raithel's laptop.  That seems highly unlikely given that there is no dispute that Skyryse failed to provide a complete image of Mr. Raithel's laptop to Moog as ordered by the Court, unless Skyryse is now admitting it possesses a more complete image of Mr. Raithel's laptop than it has previously given to Moog.  To be clear, are you representing that when Skyryse finally complies with the Court's order and produces a complete image of Mr. Raithel's laptop, there will be no more emails produced to Moog, including no .pst file?  If you are representing this, please advise why Skyryse has this information but has not produced a complete image of Mr. Raithel's laptop to Moog.  If Skyryse is not willing to make any such representation, please explain how Skyryse purportedly knows there are absolutely no missing emails despite not being in possession of a complete copy of Mr. Raithel's laptop as of April 2022.

As explained in my email this morning, the laptop image provided to Moog consisted of a mere 14 GBs, missed parallel Windows operating system files, and contained a Library folder system (that contains a mail folder) consisting of a mere 11 subfolders (compared to Lori Bird's 83 subfolders), among many other missing files.  The fact that Mr. Raithel may have sometimes used a web browser for his email does not account for all of these deficiencies or prove that there are not missing emails.

Moog still objects to Skyryse's filing of a supplemental joint statement, and we intend to communicate our analysis with Judge Wu if Skyryse makes a supplemental submission over Moog's objections.  To the extent you believe the parties need to meet and confer regarding these issues before supplemental briefs are filed, we have stated our availability to meet and confer based on attorney travel schedules.

Regards,
Mike

**Michael K. Heins** | Associate
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

---

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Wednesday, August 16, 2023 4:17 PM

EXHIBIT 1
Page 8

**To:** Michael Heins <MHeins@sheppardmullin.com>; Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** RE: Moog v. Skyryse - Email on Reid Raithel Laptop Image

Mike,

Thank you for getting back to us.  I tried you by phone earlier this afternoon and missed you, so please give me a call back if you'd like to discuss any of this further.  You don't dispute below that in all our recent meeting and conferring, you never had raised with us Moog's contention that the image of Mr. Raithel's laptop is purportedly "missing" email files, as you've now stated to the Court.

In fact, as you acknowledge, Moog's August 7th email regarding Mr. Raithel's laptop mentioned other types of files that were purportedly missing, not email files. Since Moog chose not to notify Skyryse of this issue before the Joint Report was filed last Friday, Skyryse did not have a fair opportunity to address it in Skyryse's portion of the Joint Report, and we intend to file a supplemental statement with the Court to correct the record and address it. As we've explained in my email below, there are very few locally stored emails on the Mr. Raithel's laptop because he accessed his email accounts primarily via a web browser rather than a third party email application that saves emails locally. They are not missing. Your email below does not respond to this point.

As for the other, new issues raised in your email, we are happy to meet and confer with you on Monday at 3 p.m. as you suggest, but we need to correct the record about Mr. Raithel's email sooner than that, and cannot wait until then to file a supplemental statement on the point, to which we understand Moog objects. To be clear, you only presented your "additional analysis" of other topics below for the first time by email this morning, and we have not had the opportunity to investigate the new information you raise, consult with our client or its forensic vendor, or meet and confer with you about it.

Thanks,
Juli

---

**From:** Michael Heins <MHeins@sheppardmullin.com>
**Sent:** Wednesday, August 16, 2023 9:01 AM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>
**Subject:** RE: Moog v. Skyryse - Email on Reid Raithel Laptop Image

Juli,

EXHIBIT 1
Page 9

As mentioned yesterday, Moog objects to the contents of your email on a factual basis, in addition to the impropriety of sending us an email at 6:18pm PT and demanding a response before 9am PT the next day.

To be clear, we repeatedly told you, both in writing and during our meet and confer, that the image was "highly incomplete – among other things, it is missing relevant files from [various examples]." We were not required to enumerate every single thing that was missing from the Raithel image during the meet and confer process, and indeed it would have been impractical to do so given the extreme deficiency of the image. Our forensic expert has done some more investigation and determined that the targeted collection of Mr. Raithel's data only took 10 minutes and amounted to approx. 14 GB of data. In comparison, Lori's image was about 131 GB of data. Indeed, it should have been obvious to any examiner that the collection was not complete back in April of 2022.

Moreover, our expert has confirmed that the examiner could have easily previewed the content that s/he had collected and identified the problem (even if the size was not already a red flag). Finally, if the examiner were having an issue with Digital Collector, the examiner could have used another collection tool like Recon to image it or use another method called Target Disk Mode. This is where you use another Mac to image a Mac computer. You have not indicated that either of these processes was attempted. We assume that these alternatives are what you are now telling us that you are "investigating" – nearly a year and a half after the failure to adequately preserve Mr. Raithel's laptop.

The fundamental problem with all of your platitudes regarding investigations into certain alternatives is that they will not fully resolve Skyryse's preservation problem. As you told us during the meet and confer process, Mr. Raithel used his computer for a year after it was imaged. Therefore, there is no complete preservation of the computer as it existed in April of 2022. This is highly concerning because it means that certain critical information is likely now permanently gone. Again, as before, Moog is not obligated to provide you with a complete list of missing information, but provides the following by way of additional example only.

As an additional example of many, the Mac Unified Logs are missing. They typically only store 30 days of events and they track system activity including plugging in USB drives – this issue is of particular relevance due to Mr. Raithel having stolen Moog materials by copying them onto a USB hard drive. In other words, this log would have been the best opportunity for Moog to see what Mr. Raithel was doing with the USB drive right around the time that Moog served the instant action (on March 8, 2022). As we understand it, fragments of information remain that demonstrate that an initial effort was made to collect this Unified Log information, which has not been produced by Skyryse. The fragments indicate that a user used Mr. Raithel's Mac on 3/28/22 and created a folder on his desktop called "FTI." That user ran a Python script that is designed to collect data. One of the options the user creating this "FTI" file chose was "unifiedlogs." Then the user ran the log command to export USB entries for to a text file called RRaithel_USB.txt and save it to the \Desktop\FTI folder. That "FTI" folder was then deleted. It is unclear from the fragments of metadata that remain whether the "FTI" folder or the RRaithel_USB.txt file contained within it was collected before being deleted.

EXHIBIT 1
Page 10

As another additional example of many, was the Windows 11 operating system running on the Mac computer through the use of Parallels virtual software. None of the virtual computer files, including the virtual hard drive, were collected. This Windows operating system would track user activity, including the connection of external storage devices, and contain user data.  This is all critically relevant on its face.

In sum, there is a wealth of additional information that is missing, and based on your representations regarding the timing of the imaging and use of Mr. Raithel's computer, at least some of that information is likely irretrievably gone despite that reasonable measures could have and should have been taken in the past to preserve such evidence.

Turning to your complaints regarding the information provided by Moog to the Court regarding Mr. Raithel's email, they are not well taken.  The Mail folder was woefully incomplete.  The Mail folder, which contains MacMail, is a subfolder located in the user's Library folder. The Library folder should contain items like user data, email, user settings, program settings, iPhone backups, and evidence of recent file activity. The Library folder in Raithel's data collection was notable for having a significant number of missing folders.  For means of comparison, Lori Bird's Library folder contained 83 subfolders (direct subfolders of Library). Raithel's Library folder only contained 11 subfolders (direct subfolders of Library), which as we understand it is not normal.  Mr. Raithel's Mail folder did contain a few email messages and folders like Drafts and Outbox, but was fundamentally incomplete.  Indeed, Skyryse did not even follow its prior practice of producing email separately in a PST file – a PST file was not included with Mr. Raithel's data in IDS.

We intend to communicate this additional analysis with Judge Wu – if Skyryse chooses to make a supplemental submission over Moog's objections, Moog will respond accordingly.  Moog also reserves the right to raise all of this orally at hearing.  Conversely, if you are sincere in your desire to meet and confer further regarding this issue, we can be available on Monday, August 21 at 3pm PT.

Regards,
Mike

**Michael K. Heins** | Associate
+1 858-720-7413 | direct
MHeins@sheppardmullin.com | Bio

---

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Tuesday, August 15, 2023 6:18 PM
**To:** Grant.Gelberg@halpernmay.com; scott.tenley@zfzlaw.com; catherine.thompson@halpernmay.com; alyssa.titche@halpernmay.com; rachel.fiset@zfzlaw.com; Ben.Heller@zfzlaw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Michael Heins <MHeins@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com
**Subject:** Moog v. Skyryse - Email on Reid Raithel Laptop Image

EXHIBIT 1
Page 11

Counsel,

We were surprised to see in Moog's portion of the Joint Status Report filed on Friday a new and groundless complaint you never raised with us, despite our extensive meeting and conferring. Namely, you represented to the Court that the image of Reid Raithel's laptop provided by Skyryse was purportedly missing his email files. While you informed us on August 7th that you believed the image of Mr. Raithel's laptop was missing certain logs and files maintained by the operating system, you did not mention any missing email files, nor did you raise that issue with us on our subsequent meet-and-confer call last Thursday.

If you had raised this issue with us, we would have informed you that Mr. Raithel, like most Skyrsye employees, accessed his email accounts primarily via a web browser rather than a third party email application that saves emails locally. We understand this is typical of Google Workspace users who use Gmail, which is accessible over the internet through a web browser. For that reason, Mr. Raithel's laptop has very few locally stored emails, such as 32 Apple Mail draft emails from his first month at Skyryse, which our e-discovery vendor tells us were included on the image that was produced to you. In contrast, we understand that Lori Bird *did* routinely use a third party email application (MacMail), which is why the image of her laptop includes locally stored copies of emails. Skyryse has not withheld any email files from Mr. Raithel's laptop, contrary to Moog's representations to the Court. Rather than raising this with us in advance, you made surprise allegations in a court filing, claiming "Mr. Raithel's e-mail files are missing" from his laptop, which is not true, and falsely stating you had "raised these issues with Skyryse."

We intend to correct the record by submitting a supplemental statement informing the Court of the facts above, so the Court is not left with the incorrect impression that Skyryse withheld any email from Mr. Raithel's laptop as you falsely stated in your submission, much less after having discussed the issue with you, which did not happen. Please let us know by 9 am PT tomorrow if you intend to object to or oppose Skyryse filing that supplemental submission.

Separately, we have also asked our e-discovery vendor to investigate whether there is another way to capture the forensic data on Mr. Raithel's laptop that is not subject to the limitations of the Cellebrite Digital Collector tool we've already discussed with you. Our vendor has informed us that there is an alternative tool that can be used to capture a forensic image of the laptop, but that it would be subject to the same technical limitations as the Cellebrite tool. Skyryse has produced as complete an image as could be captured by a reputable third party vendor using industry standard tools, and we are not aware of a way around these technical limitations, but are continuing to look into potential solutions with our vendor. If you know of any, please let us know.

Best,
Juli

**Julianne Osborne**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000

EXHIBIT 1
Page 12

San Francisco, CA 94111-6538  
Direct Dial: +1.415.395.8160  
Email: julianne.osborne@lw.com  
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

EXHIBIT 1  
Page 13