UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9094-GW-MARx | Date | August 24, 2023 |
|---|---|---|---|
| Title | *Moog, Inc. v. Skyryse, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Miriam Baird | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kazim A. Naqvi | Gabriel S. Gross |
| Lai L. Yip | Rachel S. Horn |

**PROCEEDINGS:** DEFENDANT AND COUNTERCLAIMANT SKYRYSE, INC.'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER (DKT. 534) [555]

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. The Court adopts the Tentative Ruling as its Final Ruling. The Court DENIES the Motion.

Court and counsel confer re sealing of the tentative ruling. The parties agree that redactions are not required and the Court's ruling may be placed on the docket for public viewing.

|  | : | 15 |
|---|---|---|
|  | Initials of Preparer | JG |

*Moog Inc. v. Skyryse, Inc. et al*; Case No. 2:22-cv-09094-GW-(MARx)
Tentative Ruling on Motion for Review of Magistrate Judge's Non-Dispositive Order (sealed)[1]

I.  **Background**

Before the Court is Defendant and Counterclaimant Skyryse, Inc.'s ("Skyryse") motion for Rule 72(a) reconsideration of Magistrate Judge Margo A. Rocconi's June 14, 2023 order. *See* Motion for Review of Magistrate Judge's Non-Dispositive Order (Dkt. No. 534) ("Motion" or "Mot."), Docket No. 555. Plaintiff and Counterdefendant Moog Inc. ("Moog") filed an opposition, *see* Opposition to Skyryse's Motion Objecting to Judge Rocconi's June 14, 2023 Order at Dkt. 534 ("Opp."), Docket No. 592, and Skyryse filed a reply, *see* Reply in Support of Objections to and Motion for Review of Magistrate Judge's Non-Dispositive Order (Dkt. No. 534) ("Reply"), Docket No. 600.

**A. Factual Background**

Because the Court has extensively discussed the factual background of this matter in its previous orders, *see* Docket Nos. 439, 532 & 553, it will briefly summarize the background facts below.

This action arises from a purported "coordinated scheme" between Skyryse and individual Defendants Robert Alin Pilkington and Misook Kim (collectively, "Defendants") to "misappropriate valuable confidential, proprietary, and trade secret information by way of stealing it, and further recruit swaths of Moog's valuable employees to use that misappropriated information to improperly shortcut Skyryse's own research and development costs and timeline to give Skyryse a competitive advantage, and undercut, steal, and/or interfere with Moog's business." *See* First Amended Complaint, Docket No. 579 at ¶ 7. Moog alleges that Defendants stole and misappropriated over 1.4 million files from Moog's internal servers. *See id.* ¶ 1. As such, Moog now brings causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, misappropriation of trade secrets pursuant to the federal Defend Trade Secrets Act, conversion, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conspiracy, unjust enrichment, and violation of California's unfair competition law arising out of Defendants'

---

[1] This Tentative Ruling is initially lodged under seal as it references materials previously filed by the parties under seal which were designated as "confidential." The parties shall advise the Court whether they request that any portion of this Tentative Ruling remain sealed in the final version of the order. If so, within two days of the hearing, the parties shall submit proposed redactions via email to the Courtroom Deputy Clerk.

1

purported "egregious and ongoing acts of contractual violations, intellectual property misappropriation and theft, and corporate raiding." *Id.* ¶ 6.

### B. Procedural Background

#### 1. Magistrate Judge McCarthy's July 22, 2022 Order

On March 23, 2022, Skyryse served its first set of interrogatories on Moog, including Interrogatory No. 1: "Identify, for each Defendant, each alleged Trade Secret that You contend that Defendant misappropriated." *See* Docket No. 166-2 at 3.  On April 13, 2022, Moog responded to Interrogatory No. 1 by stating, "Pursuant to Federal Rule of Civil Procedure 33(d), Moog will make its trade secrets at issue in this case available for inspection by Defendant." *Id.*[2]  Thereafter, Skyryse filed a Motion to Compel Trade Secret Identification to compel a response to Skyryse's Interrogatory No. 1.  *See* Docket No. 166.

On July 22, 2022, then-Magistrate Judge McCarthy granted-in-part and denied-in-part Skyryse's motion to compel, requiring Moog to "answer in full Skyryse's Interrogatory No. 1 calling for Moog to identify with particularity every alleged trade secret it intends to assert in this action including through a narrative response and not solely by invoking Rule 33(d)" (the "July 22 Order").  Docket No. 205 at 6.  Magistrate Judge McCarthy allowed Moog to conduct limited discovery to search the files that were allegedly stolen by Defendants to identify its trade secrets, but stayed all other pending discovery motions until the trade secrets were identified.  *See id.* at 6 n.3.  The July 22 Order did not provide a deadline for Moog to make its trade secrets disclosure. *See generally id.*

#### 2. Moog's Trade Secret Identification

On January 23, 2023, after the transfer of this case to this District, this Court ordered Moog to serve its trade secret identification ("TSID") by February 20, 2023.  *See* Docket Nos. 343 & 346.  On February 21, 2023,[3] Moog served its TSID, identifying thirty trade secrets.  *See* Docket No. 475 at 4.  Moog searched through the approximately 1.4 million stolen files and identified 311,581 files that purportedly contain its trade secrets. *Id.* at 4, 16.

Claiming that Moog's TSID was deficient, Skyryse filed a Motion to Enforce Order

---

[2] Federal Rule of Civil Procedure 33(d) permits a responding party to make business records available in response to an interrogatory "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d).

[3] Because February 20, 2023 was a federal holiday, Moog's deadline rolled over to February 21.

2

Compelling Trade Secret Identification on May 9, 2023. *See* Docket No. 474. The motion was heard on June 7, 2023, *see* Docket No. 520, and Magistrate Judge Rocconi issued an order on June 14, 2023, *see* Docket No. 534.

### 3. Magistrate Judge Rocconi's June 14, 2023 Order

Of the thirty trade secrets asserted in Moog's TSID, Magistrate Judge Rocconi found that nine had been "identified with sufficient particularity to put Defendants on notice of the alleged trade secrets." *See id.* at 7. As to the remaining twenty-one alleged trade secrets, Magistrate Judge Rocconi found that these trade secrets had not been identified with reasonable particularity and ordered Moog to amend its TSID within thirty days. *See id.* at 10. The court also "encouraged" Moog to provide additional detail for the nine trade secrets that the court found were sufficiently identified, and "invited" Moog to file an expert declaration to explain why its forthcoming amended TSID is sufficiently particular. *Id.*

Magistrate Judge Rocconi's order also addressed the "effect of Judge McCarthy's order" because the parties disagreed (and continue to disagree) "over what exactly Judge McCarthy ordered Moog to do, with respect to identifying [its] trade secrets with particularity." *Id.* at 4. Specifically, the parties dispute the meaning of the following language in the July 22 Order:

> Moog must "sufficiently identif[y] its source code secrets[."] Proofpoint, Inc. v. Vade Secure, Inc., 2020 WL 836724, *2 (N.D. Cal. 2020). "Where the plaintiff alleges misappropriation of source code, it should identify the specific lines of code or programs claimed to be secret by, for example, printing out the code on paper with numbered lines and identifying the allegedly misappropriated lines by page and line number, by highlighting, or by color-coding." Graves & Range at 95.

July 22 Order at 4. As Magistrate Judge Rocconi noted, "Skyryse argues that this portion of the order required Moog to print out any source code identified as trade secrets on numbered paper and identify the misappropriated lines," while "Moog argues that the order did not require this procedure explicitly, but was merely describing how Moog might go about sufficiently identifying its secrets." Docket No. 534 at 4. After considering these competing arguments, Magistrate Judge Rocconi's order determined, in pertinent part:

> The Court interprets Judge McCarthy's order to require Moog to identify their trade secrets in compliance with the applicable legal guidance. Reading the order in full supports this as the most reasonable interpretation. As Moog noted at the hearing, the original purpose of the order was to resolve the discovery dispute

concerning Moog's allegedly inadequate response to Skyryse's interrogatory seeking identification of the trade secrets. Judge McCarthy found that limited discovery was necessary to allow Moog to identify its trade secrets, which was in turn necessary to permit a motion for a preliminary injunction to proceed and for the case to proceed to discovery efficiently. He therefore ordered discovery stayed except for what was necessary to allow Moog to identify their trade secrets, and then generously included ample legal guidance to allow Moog to provide a sufficient identification. It does not appear that the purpose of the order was to outline any specific requirements for Moog's trade secret identifications.

It follows that, with respect to the specific dispute cited above, Judge McCarthy was not requiring Moog to identify any source code secrets line-by-line. The fact that the quoted language uses the term "for example" strongly supports this interpretation. Indeed, the Ninth Circuit does not require line-by-line identification in all cases. See WeRide Corp. v. Kun Huang, 379 F. Supp. 3d 834 (N.D. Cal. 2019) (citing Integral Dev. Corp. v. Tolat, 675 F. App'x 700, 703 (9th Cir. 2017)), modified in part, No. 5:18-CV-07233-EJD, 2019 WL 5722620 (N.D. Cal. Nov. 5, 2019).

As such, the Court does not find Moog violated the order simply by failing to identify any source code secrets line-by-line. The order merely appeared to require Moog to identify its trade secrets with sufficient particularity, as the law typically requires. Because the case has been transferred to this district, the appropriate standards to apply are those of the Ninth Circuit.

*Id.* at 4-5.

## II.  Legal Standard

Federal Rule of Civil Procedure 72(a) provides that when a magistrate judge decides a pretrial matter not dispositive of a party's claim or defense, the district judge assigned to the case "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This standard is deferential, and a district court "may not simply substitute its judgment" for that of the magistrate judge as it would on de novo review. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).

Under the applicable local rules, the party challenging the magistrate judge's ruling must "designat[e] the specific portions of the ruling objected to and stat[e] the grounds for the objection." *See* C.D. Cal. L.R. 72-2.1. A district court must affirm the magistrate judge's ruling unless "it is left with the definite and firm conviction that a mistake has been committed." *Atmel Corp. v. Authentec, Inc.*, No. 4:06-cv-02138-CW, 2008 WL 746349, at *1 (N.D. Cal. Mar. 18, 2008) (quoting *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992)); *see also United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). Indeed, the magistrate judge's decisions with respect to nondispositive orders are "entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001); 12 Wright et al., *Fed. Prac. & Proc. Civ.* § 3069 (2d ed.) ("[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

### III. Discussion

Skyryse takes issue with Magistrate Judge Rocconi's order finding that Moog was not required to identify specific lines of source code. Mot. at 7. Skyryse argues that Magistrate Judge Rocconi's order "relies on a plainly incorrect reading of the transferor court's order" and is an "effective reversal of the transferor court's order" – contrary to law. *Id.* at 7-12. Moog responds that Magistrate Judge Rocconi correctly interpreted the July 22 Order in the context of the record, the entire order, and the circumstances of the case. *See* Opp. at 10-14. In addition, Moog argues that Magistrate Judge Rocconi's order is not contrary to law as the Ninth Circuit does not require a line-by-line identification of source code. *Id.* at 16-19. For the reasons discussed below, the Court would agree with Moog.

First, Skyryse contends that "[u]nder any literal interpretation of [the July 22 Order], Moog is required to identify the specific 'source code' that it asserts is a trade secret by line." Mot. at 9. Because Magistrate Judge Rocconi held otherwise, Skyryse argues that Magistrate Judge Rocconi's order "is a misreading of [the July 22 Order] and is contrary to law." *Id.* Contrary to Skyryse's interpretation, the July 22 Order did not mandate line-by-line identification of its source code secrets. Indeed, examining the exact language of the July 22 Order, Magistrate Judge McCarthy specifically "requir[ed] Moog to 'answer in full Skyryse's Interrogatory No. 1 calling for Moog to *identify with particularity* every alleged trade secret it intends to assert in this action

*including through a narrative response* and *not solely by invoking Rule 33(d)*.'" July 22 Order at 6 (emphases added).

      As Magistrate Judge Rocconi correctly found, "[t]he order merely appeared to require Moog to identify its trade secrets with *sufficient particularity*." Docket No. 534 at 5. And Moog could do so through a "narrative response" or by referencing documents. *See* July 22 Order at 6. Identifying trade secrets by reference to documents, however, could not be Moog's "sole[]" method of identification. *See id.* Notably, there is no mention of or reference to line-by-line identification – let alone, a mandate requiring this procedure.

      Instead, Skyryse's argument is premised on a single quotation plucked from an earlier portion of the July 22 Order, which states: "Where the plaintiff alleges misappropriation of source code, it should identify the specific lines of code or programs claimed to be secret by, for example, printing out the code on paper with numbered lines and identifying the allegedly misappropriated lines by page and line number, by highlighting, or by color-coding." *Id.* at 4 (citing Graves & Range at 95) (quotations omitted). Relying on this single quotation, Skyryse avers that this is a "clear directive," requiring Moog to identify the trade secrets in its source code by line. Reply at 2-4.

      Yet, the quoted language is far from a "clear directive." Indeed, the quoted language is replete with discretionary terminology, such as "should" and "for example." *See* Docket No. 205 at 4. In fact, the quotation is devoid of any mandatory language conveying any sort of mandatory action, such as "shall," "must," or "required to." Thus, the Court would conclude that the quoted language provides a suggestive set of guidelines for identifying trade secrets in source code – not a mandate.

      Moreover, as noted by Magistrate Judge Rocconi, and as acknowledged by both parties, the Ninth Circuit does not require a line-by-line identification of source code in *all* cases. For example, in *WeRide Corp. v. Kun Huang*, a case Magistrate Judge Rocconi cited, the court rejected the defendant's argument that "the plaintiff must identify the specific code," finding that "this argument is wrong on the law." 379 F. Supp. 3d 834, 846 (N.D. Cal. 2019). Specifically, the *WeRide* court relied on *Integral Dev. Corp. v. Tolat*, 675 F. App'x 700, 703 (9th Cir. 2017), and *Social Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *4 (N.D. Cal. June 14, 2012).

      In *Integral*, the Ninth Circuit reversed a grant of summary judgment to the defendant, holding that the district court erred in finding the plaintiff's trade secret identification, which had

6

identified specific file names, insufficient as a matter of law.  675 F. App'x at 703.  Because the plaintiff had "identified specific key aspects of its source code," the Ninth Circuit found that the plaintiff had "sufficiently identified the information it alleges is a trade secret."  *Id.*  In *Social Apps*, the court ruled that "identifying specific lines of code *or* file names [was] sufficiently detailed to identify" the alleged trade secret.  2012 WL 2203063, at *4 (emphasis added).

In its reply brief, Skyryse concedes that *WeRide* stands for the proposition that "a plaintiff alleging misappropriation of source code [is] not *always* required, as a matter of law, to 'identify the specific code.'"  Reply at 9 (emphasis in original).  Indeed, Skyryse recognizes that "a court should consider the sufficiency of a trade secret identification on a case-by-case basis."  *Id.*[4]  Applying this case law, Magistrate Judge Rocconi properly noted that whether "a plaintiff has sufficiently disclosed its trade secrets is a fact-specific question to be decided on a case-by-case basis," Docket No. 534 at 6, and concluded that Moog did not violate Magistrate Judge McCarthy's "order simply by failing to identify any source code secrets line-by-line," *id.* at 5.

As highlighted above, in order to prevail on this Motion, Skyryse must demonstrate that Magistrate Judge Rocconi's ruling was "clearly erroneous or … contrary to law."  Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *see also Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (noting that the Rule 72(a) clear error standard "allows the court to overturn a magistrate's factual determinations only if the court reaches a definite and firm conviction that a mistake has been committed").  Here, however, the Court would agree with Magistrate Judge Rocconi's determination that the July 22 Order does not require Moog to identify the trade secrets in its source code line-by-line, and that this conclusion is buttressed by Ninth Circuit law, as demonstrated above.  As such, this Court cannot disagree with the Magistrate Judge – let alone "reach[] a definite and firm conviction that a mistake has been committed."  For these reasons, the Court would find that Magistrate Judge Rocconi's order is not "clearly erroneous or contrary to law."  *Crispin v. Christina Audigier, Inc.*, 717 F. Supp. 2d 965, 970 (C.D. Cal. 2010).

Although the Court will not disturb Magistrate Judge Rocconi's order, Skyryse is not precluded from requesting line-by-line identification of Moog's source code trade secrets,

---

[4] Further, citing *Microvention, Inc. v. Balt USA, LLC*, Skyryse acknowledges that the "unique factual circumstances" of a particular case "can be considered by the court in determining whether Plaintiff has identified trade secrets with 'reasonable particularity' by referencing documents."  No. 8:20-cv-02400-JLS-(KES), 2021 WL 4840786, at *4 n.3 (C.D. Cal. Sept. 8, 2021).

assuming the source code files are capable of line-by-line identification.[5]  Skyryse should identify which trade secrets in Moog's source code it purports have not been identified with sufficient particularity.  The parties shall meet and confer to discuss whether such trade secrets can be further identified either through additional identification of specific lines of code and/or file names.  If the parties are unable to reach a resolution, Skyryse may seek appropriate relief before Magistrate Judge Rocconi.

### IV. Conclusion

Based on the foregoing discussion, the Court would **DENY** the Motion.

---

[5] In its opposition, Moog raises that its TSID includes approximately 2,766 Simulink files, which have no lines because Simulink source code is constructed using a graphical interface.  Opp. at 21-22.  As such, Moog argues that these source code files are incapable of line-by-line identification. *Id.* at 22.