## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-9094-GW-MARx | Date | August 24, 2023 |
|---|---|---|---|
| Title | *Moog, Inc. v. Skyryse, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Miriam Baird | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kazim A. Naqvi | Gabriel S. Gross |
| Lai L. Yip | Rachel S. Horn |

**PROCEEDINGS:** STATUS CONFERENCE

The Court's Thoughts on Joint Report Regarding Meet and Confer on Search Terms and Other Issues Set Forth in the Court's Order at Dkt. 564 (Docket No. 601) is circulated and attached hereto. Certain issues are resolved on the record. The parties are to meet and confer, and attempt to resolve the computer and search term issues.

The Court sets a status conference for September 18, 2023 at 8:30 a.m., with a joint status report to be filed by noon on September 14, 2023.

|   | : | 20 |
|---|---|---|
| Initials of Preparer | JG | |

***Moog Inc. v. Skyryse, Inc. et al***; Case No. 2:22-cv-09094-GW-(MARx)
Court's Thoughts on Joint Report Regarding Meet and Confer on Search Terms and Other Issues Set Forth in the Court's Order at Dkt. 564 (Docket No. 601)

## I.      **Background**

On June 30, 2023, the Court issued its Final Ruling on Plaintiff and Counterdefendant Moog Inc.'s ("Moog") Motion to Enforce Compliance with the March 11, 2022 Stipulated TRO (Dkt. 25), and for Monetary and Adverse Inference Sanctions for Contempt and Spoliation. *See* Final Ruling on Plaintiff's Motion to Enforce Compliance (the "Order"), Docket No. 564. Among other things, the Court ordered Defendant/Counterclaimant Skyryse, Inc. ("Skyryse") to produce complete forensic images of Lori Bird and Reid Raithel's Skyryse-issued laptops. *See id.* at 11. In addition, the Court ordered Moog and Skyryse to meet and confer regarding search terms to run across Skyryse's Polarion Repository, Git Repository, and Google Drive Account folders. *See id.*

While the parties have been able to resolve many disputes in response to the Order, three issues remain outstanding per the parties' joint report. *See* Joint Report Regarding Meet and Confer on Search Terms and Other Issues Set Forth in the Court's Order at Dkt. 564 ("Joint Report"), Docket No. 601. *First*, Moog contends that the forensic image of Mr. Raithel's laptop is "far from complete." *Id.* at 2.[1] *Second*, the metadata in Skyryse's Google Drive Account is not searchable. *Id.* at 3. *Third*, Moog prepared a list of 437 proposed search terms to run across the repositories noted above and Skyryse objects to 21 of those terms. *Id.* at 3-4.

Finally, Moog requests that the Court schedule a hearing on these outstanding issues. *Id.* at 4. Because the parties currently have a hearing scheduled on August 24, 2023 for Skyryse's motion for Rule 72(a) reconsideration of Magistrate Judge Margo A. Rocconi's June 14, 2023 order, *see* Docket No. 555, Moog requests an August 24 hearing. *See* Joint Report at 4. Additionally, on August 17, 2023, Skyryse filed an *ex parte* application for leave to file a supplemental statement in support of its portion of the Joint Report. *See* Docket No. 606. Moog filed an opposition on August 18, 2023, *see* Docket No. 607, and this Court denied Skyryse's request on August 21, 2023, *see* Docket No. 608.

---

[1] Moog does not challenge the forensic image of Ms. Bird's laptop. *See generally id.*

## II.  Discussion

As a preliminary matter, the parties' request for court intervention appears premature. For example, with respect to Mr. Raithel's laptop, Skyryse states that it is still "in the process of determining whether any additional responsive, non-privileged information resides on Mr. Raithel's laptop that can be collected, including any that post-dates the image, and will produce any such information as appropriate." Joint Report at 26. Additionally, with respect to the Google Drive Account, "four days ago," Moog "proposed multiple methods in which metadata can be searchable through Google Drive without having to process the entire repository." *Id.* at 12, 22. Skyryse, however, is "still investigating these proposed tools." *Id.* at 22.

Nevertheless, the Court will briefly address the three outstanding issues below.

### A.  Reid Raithel's Laptop

Pursuant to the Court's Order, Skyryse produced an image of Mr. Raithel's laptop to iDS on July 28, 2023. *Id.* at 25. Moog, however, contends that Skyryse did not produce a complete forensic image of Mr. Raithel's Skyryse-issued laptop. *Id.* at 5. According to Skyryse, the images provided to iDS were made by Skyryse's e-discovery vendor, FTI, using Cellebrite Digital Collector ("DC"). *Id.* at 25. Skyryse avers that "DC is limited to collecting an image at a logical level when used to image certain Apple computers, specifically Apple computers such as Mr. Raithel's running the 12.0 version of macOS." *Id.* at 25-26. Nevertheless, Skyryse contends that "the logical level image from DC still collected all of the user-created data on Mr. Raithel's computer." *Id.* at 26. Moog also has concerns about the date the image was created. *Id.* at 5.

Notwithstanding the above, "Skyryse has [purportedly] represented to Moog that Mr. Raithel's actual laptop has been collected and therefore could be re-imaged as a complete forensic image per the Court's June 29 Order." *Id.* at 7. Further, as noted above, Skyryse states that it "is in the process of determining whether any additional responsive, non-privileged information resides on Mr. Raithel's laptop that can be collected, including any that post-dates the image, and will produce any such information as appropriate." *Id.* at 26.

In addition, after submitting the Joint Report, Skyryse filed an *ex parte* application to "correct" two statements in Moog's portion of the Joint Report. *See* Docket No. 606 at 2. Skyryse disputes: (1) that Mr. Raithel's laptop is missing email files and (2) that Moog raised this issue in the course of the parties' meeting and conferring. *Id.*

Regardless of the validity of these contentions, Skyryse has already asserted in its proposed

supplemental statement that it would "work with its forensic vendor to investigate Moog's new complaints, and will meet and confer again as necessary to attempt to reach resolution with Moog." *Id.*, Ex. A at 2.  At this point, assuming Skyryse is in possession of Mr. Raithel's actual laptop, the Court would order Skyryse to re-image the laptop and produce it to iDS within 14 days of this Order.  If the laptop cannot be re-imaged, then Skyryse should continue its review of Mr. Raithel's laptop, including working with its forensic vendor to investigate Moog's complaints of missing data, and produce any responsive, non-privileged information to Moog.

      **B.**    **Search Terms**

Next, Moog proposed a total of 437 search terms to run across Skyryse's Polarion Repository, Git Repository, and Google Drive Account folders.  *Id.* at 14.  However, the parties remain at an impasse regarding some of Moog's 437 proposed search terms to run across Skyryse's Git Repository and Google Drive Account.  *Id.* at 13-14.[2]  Specifically, Skyryse objects to 21 of those terms "based on alleged overbreadth and burden."  *Id.* at 14.  In response, Skyryse has offered to apply all but 15 of Moog's search terms.  *Id.* at 19.

As such, only 15 (as opposed to 21) of Moog's 437 proposed search terms remain at issue.  Moog should come prepared to discuss whether it is amenable to this compromise (*i.e.* to run 422 of Moog's search terms across Skyryse's Git Repository and Google Drive Account).

      **C.**    **Google Drive Account**

Finally, in lieu of producing Skyryse's entire Google Drive Account, the Court ordered the parties to meet and confer regarding a set of search terms, including search terms to locate schematics and other images/drawings, to run across the Google Drive Account folders that were accessed by Hummingbird personnel, former Moog employees, or other identified Skyryse personnel.  *See* Order at 8.  The Court ordered this, in part, because of Skyryse's counsel's representations at the June 29, 2023 hearing that "[s]earch terms work."  *See* Docket No. 570 at 15:15-18.

Now, however, it is clear that metadata is not searchable, at least currently, within the Google Drive Account.  *See* Joint Report at 10, 21.  To apply the search terms to the Google Drive metadata, Skyryse asserts that "all of the 9.48 *terabytes* of files from that drive would need to be

---

[2] According to the Joint Report, the parties "have reached an agreement on the searching methodology and search terms to be run across Skyryse's Polarion repository." *Id.* at 14.

3

loaded into a new e-discovery database, regardless of their relevance to this case, and then they would need to be processed for privilege and relevance." *Id.* at 21 (emphasis in original). According to Skyryse's vendor, "the additional cost just to process and host the Google Drive files on a review database to permit keyword searching of their metadata would be roughly $250,000." *Id.*

As a workaround to this problem, Skyryse proposes running the final set of search terms against *all* of the contents and file names of the files in the Google Drive Account. *Id.* at 21-22. This approach would no longer limit the search to folders accessed by Hummingbird personnel, former Moog employees, or other identified Skyryse personnel, as originally ordered. Order at 8. In addition, as noted above, Moog proposed several other tools that might be used to search metadata within the Google Drive Account. Joint Report at 22. Although Skyryse is still investigating these options, it indicated that none appear to be workable. *Id.*

Moog responds that Skyryse should be ordered to apply the search terms to all available metadata for documents stored in the Google Drive Account. *Id.* at 13. Alternatively, Moog requests "Skyryse to produce log files for each of the individuals at issue (Hummingbird personnel, former Moog personnel, and other identified Skyryse personnel) so that Moog can review and request production of particular files." *Id.*

At this point, the Court would order Skyryse to continue investigating the tools that may enable it to search metadata through the Google Drive Account without having to process the entire repository. *See id.* at 12. Assuming these methods are unworkable (as Skyryse suggests), the Court would order Skyryse to: (1) run the final set of search terms against *all* of the contents and file names of the files in the Google Drive Account *and* (2) produce log files for each of the individuals at issue (Hummingbird personnel, former Moog personnel, and other identified Skyryse personnel) so that Moog can review and request production of particular files.

### III. Conclusion

Based on the foregoing discussion, the parties should come prepared to discuss these issues and proposed solutions at the August 24, 2023 hearing.