# Exhibit B

This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772



## PROPRIETARY INFORMATION AND NONDISCLOSURE AGREEMENT

Moog Inc. a New York corporation, acting for and on behalf of its subsidiaries and affiliates having its principle office at Seneca St. and Jamison Rd., East Aurora, New York 14052-0018,

and Skyryse, Inc. having its principle office at 3914 West 120th Ave, Hawthorne, California 90250, duly represented by its Authorized Signatory Mark Groden, CEO hereinafter being referred to "Skyryse",

and the undersigned, each individually hereinafter referred to as a "Party" or together as the "Parties**,**" recognize that in order to support their activity related to: Exchange of business and technical information in various forms and forums.

Limited to the use of (describe): Discussion of integration of Moog's flight control systems /subsystems / components and associated autonomous control technologies with Skyryse's aircraft platforms and associated autonomous control technologies.

Whereas, it may be mutually beneficial to exchange certain information that the disclosing Party considers to be **Proprietary Information.**

The Parties, therefore, agree as follows**:**

1. **Proprietary Information** shall mean any information of any form or characteristic designated by the disclosing Party, verbally or by writing, to be proprietary and/or confidential, or is otherwise known to the receiving Party as **Proprietary Information** at the time of its disclosure. **Proprietary Information** shall include, but is not limited to, specifications, designs, process information, technical data, marketing and business plans, customers' names, product road maps, pricing, prototypes, toolkits, software, and/or intellectual property that the disclosing Party considers to be protected by applicable laws. **Proprietary Information** shall include analyses, notes, abstracts, summaries or other documents prepared by the receiving Party using the **Proprietary Information** of the disclosing Party. The disclosing Party shall reduce to writing as soon as practicable any **Proprietary Information** that is disclosed verbally and notify the receiving Party in writing of the verbal disclosure.

2. Neither Party shall disclose, in whole or in part, by any means whatsoever, any **Proprietary Information** provided by the disclosing Party to any third party without the express prior written consent of the disclosing Party**.** The receiving Party shall not alter, modify, decompile, disassemble, reverse engineer, translate or create derivative works from the disclosing Party's **Proprietary Information.** The receiving Party shall use **Proprietary Information** of the disclosing Party only for the limited purpose described above and not for any other purpose.

3. Each Party shall utilize the same degree of care to preserve and protect the other Party's **Proprietary Information** from disclosure, and otherwise limit access, as it uses to protect its own **Proprietary Information**, which degree of care will not be less than reasonable care. The non-disclosure obligations provided for herein shall not apply to the extent that the written record demonstrates such information was:

    (a) In the public domain,

    (b) Known to the receiving Party prior to disclosure from the disclosing Party,

    (c) Disclosed by the receiving Party with the prior written consent of the disclosing Party,

    (d) Independently developed by the receiving Party without reliance on the disclosing Party's **Proprietary Information**, or

    (e) Is disclosed pursuant to the requirement of a Governmental Agency or disclosure is otherwise required by operation of law.

    Notwithstanding the forgoing, the receiving Party shall have the burden of proving the applicability of any subparagraph 3(a) through 3(e).

_____
Page 1 of 3
BMDL-12-660 Version 6.1

©Moog Inc. 2014  Exhibit B, page 007

DocuSign Envelope ID: 5614C2EC-2479-4331-B6CD-3F876FEF174A

This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772

# MOOG

## PROPRIETARY INFORMATION AND NONDISCLOSURE AGREEMENT

4. **Proprietary Information** disclosed under this Agreement shall be and remain the property of the disclosing Party. Any disclosure of **Proprietary Information** under this Agreement shall not constitute prior publication or public use regarding Patent eligibility. Nothing in this Agreement shall be deemed, either expressly or by limitation, to convey any right or license, or be construed as creating any kind of partnership or agency between the Parties nor may either Party assign or delegate any obligation under this Agreement without the prior written consent of the other Party. Neither Party is obligated to disclose **Proprietary Information** by reason of this Agreement. No warranty is made regarding the accuracy of **Proprietary Information** provided to the other Party.

5. This Agreement shall be effective for a period of ten(10) year(s) after the date of execution below. Either Party may terminate this Agreement thirty (30) days after written notice to the other Party. However, obligations of the Parties shall survive termination of this Agreement. Upon termination or expiration, all **Proprietary Information** shall be returned to the disclosing Party or destroyed to the satisfaction of the requesting Party to the extent that the Proprietary Information cannot be placed back into use.

6. In the event **Proprietary Information** is orally disclosed or disclosed without restrictive marking hereunder, the disclosing Party thereof agrees to notify the receiving Party of such disclosure, and reduce same to writing or other tangible media referencing the place and date thereof, and the names of the receiving Party's employees to whom such disclosure was made. The disclosing Party shall promptly thereafter resubmit such **Proprietary Information** to the receiving Party with appropriate marking. The receiving Party, at the disclosing Party's request, shall either return or destroy all unmarked copies of such **Proprietary Information** to the satisfaction of the requesting Party the extent that the Proprietary Information cannot be placed back into use.

7. In the event that the receiving Party is required to disclose **Proprietary Information** by any legal order, the receiving Party shall provide the disclosing Party with immediate written notice of same so that the disclosing Party may have the opportunity to seek an appropriate protective order. If disclosing Party does not obtain a protective order, receiving Party shall disclose only such part of the **Proprietary Information** as is lawfully required.

8. A breach of any of the terms of this Agreement will result in irreparable and continuing damage for which there may be no adequate remedy at law and the non-breaching Party shall be entitled to seek injunctive relief, without the necessity of posting a bond, and such other relief, including monetary damages, if appropriate, against the breaching Party and/or any other person or entity liable for the unauthorized or wrongful use or disclosure of **Proprietary Information** received hereunder.

9. The Parties will comply with the applicable laws and regulations relating to the use and disclosure of technical information including, but not limited to, United States Export Administration Regulations and International Traffic in Arms Regulations.

10. This Agreement shall be construed in accordance with the laws of the State of New York.

11. If any part of this Agreement is found invalid or unenforceable, that part will be amended to achieve as nearly as possible the same economic effect as the original provision and the remainder of this Agreement will remain in full force.

12. This Agreement, including any other documents attached hereto or referred herein, which form a part hereof, embodies the entire agreement and understanding of the Parties hereof. This Agreement may not be amended except in writing signed by a duly authorized representative of the respective Parties.

---

DocuSign Envelope ID: 5614C2EC-2479-4331-B6CD-3F876FEF174A

This document does not contain Technical Data or Technology as defined in the ITAR Part 120.10 or EAR Part 772

# MOOG

## PROPRIETARY INFORMATION AND NONDISCLOSURE AGREEMENT

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as of, __3/15/2019__, by duly authorized representatives.

**Moog Inc.**  
By : ___*signature*___  
    64841A5B0F70460...

Name: David Norman  
Title: Group Dir. , Innovation & Technology  
Date: 3/15/2019

**Skyryse Inc.**  
By : ___Mark Groden___  
    EF5F0A8BF8DC441...

Name: Mark Groden  
Title: CEO  
Date: 3/15/2019  
Vendor No.:N/A    Expiration Date:

___

Page 3 of 3

BMDL-12-660 Version 6.1

©Moog Inc. 2014                  Exhibit B, page 009