Douglas E. Lumish (SBN 183863)
 doug.lumish@lw.com
Gabriel S. Gross (SBN 254672)
 gabe.gross@lw.com
Arman Zahoory (SBN 306421)
 arman.zahoory@lw.com
Ryan T. Banks (SBN 318171)
 ryan.banks@lw.com
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Russell Mangas (*admitted pro hac vice*)
 russell.mangas@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700

Attorneys for Defendant and Counterclaimant Skyryse, Inc.

Rena Andoh (*admitted pro hac vice*)
 randoh@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

Lai L. Yip (SBN 258029)
 lyip@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Travis J. Anderson (SBN 265540)
 tanderson@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Kazim A. Naqvi (SBN 300438)
 knaqvi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

Attorneys for Plaintiff and Counterdefendant Moog Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS.1-50,<br><br>　　　　Defendants. | Civil Action No. 2:22-cv-09094-GW-MAR<br><br>**JOINT REPORT REGARDING MEET AND CONFER ON SEARCH TERMS AND REID RAITHEL'S LAPTOP SET FORTH IN THE COURT'S ORDER AT DKT. 611** |

Pursuant to the Court's final ruling regarding Moog's Motion to Enforce dated June 30, 2023 (Dkt. 564) (the "Order"), the Parties' joint stipulations filed on July 28, 2023 and August 4, 2023 (Dkts. 588, 589, 596, 598) (the "Stipulations"), the Parties prior joint report (Dkt. 601), and the Court's August 24, 2023 minute order (Dkt. 611), Plaintiff and Counterdefendant Moog, Inc. ("Moog") and Defendant and Counterclaimant Skyryse, Inc. ("Skyryse") (collectively, the "Parties") hereby respectfully submit this joint report regarding their meet and confer efforts to "resolve the [Reid Raithel] computer and search term issues." This joint report provides Moog's and Skyryse's respective positions regarding all outstanding issues that have not been agreed upon by the Parties.

## MOOG' STATEMENT

I.     **Search Terms and Protocols for Skyryse's Google Drive**

    A.     **Background and Meet and Confer Summary**

Regarding searching on Google Drive, the Court's prior directives issued on August 23, 2023 (the Courts "Directives") stated that it would "order Skyryse to continue investigating the tools that may enable it to search metadata through the Google Drive Account without having to process the entire repository," and "[a]ssuming these methods are unworkable (as Skyryse suggests), the Court would order Skyryse to: (1) run the final set of search terms against *all* of the contents and file names of the files in the Google Drive Account *and* (2) produce log files for each of the individuals at issue (Hummingbird personnel, former Moog personnel, and other identified Skyryse personnel) so that Moog can review and request production of particular files." (Ex. A at 4, emphasis in original.) Regarding Moog's proposed search terms, the Parties discussed on the record during the August 24 conference the handful of search terms that Skyryse maintained objections to.

On August 24, 2023, consistent with the Court's Directives, Moog requested that Skyryse: 1) advise by September 1 if it was "able to find a solution such that it

can search metadata through Google Drive without having to process the entire repository" 2) assuming Skyryse could not find a solution, then Skyryse produced by September 15 the "file logs for each of the individuals at issue (Hummingbird personnel, former Moog personnel, and other identified Skyryse personnel) so that Moog can review and request production of particular files"; and 3) "Skyryse will run the final set of search terms against all of the contents and file names of the files in the Google Drive Account," and begin "producing responsive documents on a rolling basis on September 8, with the production to be completed by October 27." (Ex. B at 12-13.) Regarding the search terms, on August 24, 2023, Moog advised that: 1) it had "already agreed to withdraw 'Platform' as a search term from the Git and Polarion repositories, "resulting in only 8,547 in Google Drive, with only 8 unique documents"; 2) regarding "Git," Moog had "already agreed to narrow this term to ('Git' and 'guide') across all repositories" resulting in "only 651 total hits, and only 43 unique hits in Google Drive"; 3) regarding "Jira," Moog had "already agreed to narrow this term to ('Jira' and 'guide') across all repositories" resulting in "only 754 total hits, and only 137 unique hits in Google Drive"; and 4) Moog would drop the search terms "IO_" and "API_" from all repositories. (*Id*.)

On August 30, 2023, Skyryse advised that FTI had arrived at a solution whereby it could "export all documents from Google Drive identified on the log files as having been accessed by the Custodians," whereby the "metadata of these documents will be searchable." (*Id*. at 8-10.) Skyryse then agreed to "run the agreed list of search terms across all these documents and their metadata and, assuming the resulting number of hits is reasonable, will perform a relevance and privilege review of the hits." (*Id*.)

The Parties conferred on September 1, 2023, and agreed in principle to Skyryse's proposed process. (*Id*. at 5-6.) Skyryse advised that "FTI cannot generate updated search term hit counts until it exports and processes all the files

reflected in the File Logs for the Custodians." (*Id*.) The Parties agreed to further confer upon receipt of the updated search term hit counts, to see if any outstanding issues remained. (*Id*.)

After multiple follow ups by Moog regarding the status of FTI processing the data and providing updated search term hit counts, on September 13, 2023, Skyryse advised that it expects to take until September 15, 2023 "at the earliest before that data is fully processed and able to be searched." (*Id*. at 1.) Therefore, as of the date of the filing of this joint report, Moog has still not received any further updated search term hits from Skyryse to see if the Parties can reach agreement on search terms and the volume of resulting documents.

**B.     Requested Relief**

It has been several weeks since the prior August 24, 2023 conference, and the Parties have still not reached any agreement because Skyryse has not processed the underlying data and provided updated search term hit counts. Moog has been seeking access to relevant materials on Skyryse's Google Drive for several months.

Given the delay, Moog respectfully requests that the Court order that: 1) Skyryse provide an updated list of search term hits to Moog for any search terms that remain in dispute by September 20, 2023; 2) the Parties confer about those search term hit counts; and 3) if there remain outstanding issues on certain search terms, the Parties submit a final joint report on September 25, 2023 setting forth their positions upon which the Court will make a final ruling without further hearing.

**II.    Reid Raithel's Skyryse Laptop**

The Parties have reached agreement on this issue. The Parties have agreed that Skyryse will deliver Mr. Raithel's Skyryse laptop to iDS by September 15, 2023 for iDS to provide a complete, forensic image. If iDS is unable to provide a complete forensic image, then iDS will extract all of the logical files and folders from the laptop to a forensic image format and ensure that the extraction is

complete. The image would be subject to a privilege review to be completed within 7 days, or as soon as possible thereafter, from when the image is available.

Moog reserves the right to seek additional relief after reviewing the available data from Mr. Raithel's laptop.

## SKYRYSE'S STATEMENT

Pursuant to the Court's Order, the Parties have continued to meet and confer and have successfully resolved most of the remaining issues.[1] Specifically, the Parties have agreed on the set of SKY-DOC documents that Skyryse will export from its Polarion repository. The Parties also have agreed on a procedure to resolve their dispute regarding Reid Raithel's Apple laptop. In particular, Skyryse will provide the physical laptop to iDS for the limited purpose of having iDS create either a complete forensic image (if it is able to do so) or extract all of the logical files and folders from the laptop to a forensic image format, to the extent it is able to do so. Skyryse will also provide the credentials for an Administrator account. The image or data iDS extracts would be subject to a privilege review.

The parties also have made significant progress on the last remaining issue, the search terms to be applied to Skyryse's Google Drive and Git repositories. Pursuant to the Court's order, Skyryse continued to investigate "the tools that may enable it to search metadata through the Google Drive Account without having to process the entire repository." (Dkt. 611 at 4.) Although it is not possible to search metadata within Google Drive, Skyryse worked diligently with its e-discovery and forensics experts at FTI to come up with an alternative solution.

---

[1] The parties discussed the following issues: (1) the documents to be exported from the Polarion repository, (2) the (now resolved) dispute regarding Mr. Raithel's Apple laptop, (3) the set of documents to be searched from Google Drive, and (4) the set of search terms to be used, as further described herein. Moog declined to exchange drafts of the Parties' positions for this Joint Status Report before filing, which given past practice Skyryse believes is essential to an orderly process. While Moog agreed that it would not raise any issues that the Parties have not conferred about, to the extent that Moog raises new issues in this report, Skyryse was not aware of them in advance and has not had a chance to consider or attempt to resolve them.

Specifically, FTI has collected log files[2] that identify documents in Google Drive that have been created, modified, viewed, or accessed by individuals with Google Drive accounts. The Parties have agreed that Skyryse will collect the documents identified in the logs for an agreed-upon list of individuals to allow for those documents, including their metadata, to be searched.

This agreement leaves only a dispute regarding which search terms Skyryse will use to search the Google Drive documents exported to Relativity, a document review platform, and the Git repositories. Following the last status conference, the Court instructed Moog that it should come prepared to the September 18 status conference to discuss whether it is amenable to Skyryse's proposal that Moog drop 15 of its 437 proposed search terms and that Skyryse run the remaining 422. (Dkt. 611 at 3.) Moog has largely maintained is position and has only agreed to drop two of its terms.[3] Based on Skyryse's search of its entire Google Drive, Moog's remaining terms still returned an unreasonably burdensome more than 84,000 documents across Google Drive and Git.

To attempt to avoid unnecessary back and forth, however, Skyryse proposed to table the search terms dispute until the documents identified in the Google Drive log files could be exported into Relativity and searched. Because that subset of documents is smaller than the number of documents in the entire Google Drive, it is possible that the same set of search terms will yield fewer documents that need to be reviewed in Relativity.[4] Therefore, Skyryse proposed that once FTI completed exporting these documents into Relativity it would re-run both Moog's and Skyryse's proposed sets of search terms against those documents and the

---

[2] This includes both currently available logs as well as logs FTI collected in April 2022.

[3] Moog had previously agreed to certain modifications of three other terms.

[4] It is, however, also possible that the number of documents may be the same or even greater, as the metadata is now also being searched.

documents in the Git repositories and provide updated hit counts that both sides could evaluate.

As soon as Moog confirmed the list of custodians for which it wanted Skyryse to collect documents from the Google Drive log files, Skyryse instructed FTI to begin collecting and processing those materials. That is a large project involving enormous amounts of data that takes days to collect and process. As Skyryse has previously explained, its Google Drive contains approximately 9.48 TB of data. (Dkt. 601 at 21.) Moreover, the documents identified on the log files constitute approximately 1 TB of data. The pace at which that data is collected is limited by the speed of Google's collection tools. FTI completed that collection on September 11 and began exporting and processing the data to Relativity. Skyryse notified Moog that the collection was complete but that processing would take some additional time. That process takes time because of the large volume of data that must be exported and processed into Relativity (1 TB) and because many of those files are zip files that expand during the processing. At present, Skyryse understands that the processing will not be complete until September 15 at the earliest, and then FTI can run the search terms across that data. As soon as Skyryse receives updated hit counts, it will provide them to Moog. Skyryse proposes that the parties should meet and confer once those hit counts are available and attempt to reach a negotiated resolution to this last remaining issue.

For these reasons, the Court should order no further relief at this time.

Dated: September 14, 2023

**SHEPPARD, MULLIN, RICHTER &HAMPTON LLP**

By: */s/ Kazim A. Naqvi*
Counsel for Plaintiff and Counterdefendant Moog Inc.

**LATHAM & WATKINS LLP**

By: */s/ Gabriel S. Gross*
Counsel for Defendant and Counterclaimant Skyryse, Inc.

# **ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4, I, Kazim A. Naqvi, attest that concurrence in the filing of this document has been obtained by all its signatories.

Dated: September 14, 2023                                                                    */s/ Kazim A. Naqvi*