**LATHAM & WATKINS LLP**
Douglas E. Lumish (SBN 183863)
  doug.lumish@lw.com
Gabriel S. Gross (SBN 254672)
  gabe.gross@lw.com
Arman Zahoory (SBN 306421)
  arman.zahoory@lw.com
Rachel S. Horn (SBN 335737)
  rachel.horn@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

*Attorneys for Defendant and Counterclaimant*
*Skyryse, Inc.*

*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOG INC.,<br><br>Plaintiff,<br><br>v<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>Defendants. | CASE NO. 2:22-cv-09094-GW-MAR<br><br>**REPLY IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT SKYRYSE, INC.'S MOTION TO DISMISS PLAINTIFF MOOG INC.'S AMENDED COMPLAINT** |
| SKYRYSE, INC.,<br><br>Counterclaimant,<br><br>v<br><br>MOOG INC.,<br><br>Counterclaim-Defendant. | Discovery Cut-Off: April 12, 2024<br>Trial: August 27, 2024<br><br>Hearing:  October 5, 2023<br>Time:       8:30 a.m.<br>Judge:     Hon. George H. Wu<br>Location: Ctrm. 9-D |

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND .................................... 2

III.  SKYRYSE'S MOTION TO DISMISS SHOULD BE
      GRANTED. ......................................................................................... 3

      A.   Nothing precluded Skyryse from moving to dismiss any
           of the counts in Moog's Amended Complaint. .......................... 3

           1.   Skyryse did not have an earlier opportunity to
                move to dismiss the claims in Moog's Amended
                Complaint under Rule 12(b)(6). .................................. 4

           2.   Even if some of Skyryse's Rule 12(b)(6)
                arguments could have been raised earlier, Skyryse
                did not waive any such arguments and the Court
                should consider them on their merits. ........................... 6

           3.   The Court's order on Moog's motion to amend did
                not limit the causes of action which Skyryse could
                move to dismiss. ......................................................... 8

      B.   Moog has failed to state legally viable claims in Counts
           II, V, VI, and IX–XI of the Amended Complaint. ...................... 9

           1.   Moog's conversion claim should be dismissed. ............... 9

           2.   Moog's breach of implied covenant claim should
                be dismissed. ............................................................ 13

           3.   Moog's express breach of contract claim should be
                dismissed. ................................................................. 15

           4.   Moog's conspiracy, unjust enrichment, and
                constructive trust claims should be dismissed. .............. 17

           5.   Moog's UCL claim should be dismissed. ...................... 19

IV.   CONCLUSION .................................................................................. 21

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

i

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Apple iPhone Antitrust Litig.*,
846 F.3d 313 (9th Cir. 2017) .......................................................................... 6, 7

*Arizona v. California*,
460 U.S. 605 (1983) ........................................................................................ 11

*Artec Grp., Inc. v. Klimov*,
No. 15-cv-03449-EMC, 2016 WL 8223346 (N.D. Cal. Dec. 22,
2016) ................................................................................................................ 19

*Arthur J. Gallagher & Co. v. Tarantino*,
No. 20-cv-05505-EMC, 2022 WL 4092673 (N.D. Cal. July 27,
2022) ................................................................................................................ 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................... 16, 20

*Banko v. Apple, Inc.*,
No. 13–02977-RS, 2013 WL 6623913 (N.D. Cal. Dec. 16, 2013) ..................... 7

*Byton North America Corp. v. Breitfeld*,
No. 19-cv-10563-DMG, 2020 WL 3802700 (C.D. Cal. Apr. 28,
2020) ................................................................................................................ 10

*Casas v. Victoria's Secret Stores, LLC*,
No. 14-cv-6412-GW(VBKx), 2015 U.S. Dist. LEXIS 192469
(C.D. Cal. Feb. 5, 2015) ................................................................................... 6

*Copart, Inc. v. Sparta Consulting, Inc.*,
277 F. Supp. 3d 1127 (E.D. Cal. 2017) ........................................................... 18

*Cuviello v. City of Vallejo*,
No. 16-cv-02584-KJM-KJN, 2020 WL 6728796 (E.D. Cal. Nov.
16, 2020) ............................................................................................................ 7

*Doe v. White*,
No. 08-1287, 2010 WL 323510 (C.D. Ill. Jan. 20, 2010) ................................. 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

ii

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

*Dorset Indus., Inc. v. Unified Grocers, Inc.*,
   893 F. Supp. 2d 395 (E.D.N.Y. 2012) ................................................................ 14

*Emergy Inc. v. The Better Meat Co.*,
   No. 21-cv-02417-KJM-CKD, 2022 WL 7101973 (E.D. Cal. Oct.
   12, 2022) ............................................................................................................. 18

*Farmers Insurance Exchange v. Steele Insurance Agency, Inc.*,
   No. 13-cv-00784-MCE-DAD, 2014 WL 466274 (E.D. Cal. Feb. 5,
   2014) ................................................................................................................... 17

*Henessey Food Consulting LLC v. Prinova Sols. LLC*,
   No. 20-cv-806(FJS/TWD), 2022 WL 160272 (N.D.N.Y. Jan. 18,
   2022) ................................................................................................................... 15

*Hooked Media Grp., Inc. v. Apple Inc.*,
   55 Cal. App. 5th 323 (Cal. Ct. App. 2020) ......................................................... 20

*Lodging Solutions, LLC v. Miller*,
   No. 19-cv-10806-AJN, 2020 WL 6875255 ......................................................... 14

*M/A-COM Sec. Corp. v. Galesi*,
   904 F.2d 134 (2d Cir. 1990) ............................................................................... 14

*Mattel, Inc. v. MGA Ent., Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2011) ................................................................ 13

*Milgard Tempering, Inc. v. Selas Corp. of Am.*,
   902 F.2d 703 (9th Cir. 1990) .............................................................................. 11

*Negrete v. Citibank N.A.*,
   187 F. Supp. 3d 454 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d
   Cir. 2019) ............................................................................................................ 15

*Nelson Bros. Pro. Real Estate LLC v. Jaussi*,
   No. 17-cv-0158-DOC(JCGx), 2017 WL 8220703 (C.D. Cal. Mar.
   23, 2017) ............................................................................................................. 18

*P&G Auditors & Consultants, LLC v. Mega Int'l Com. Bank Co.*,
   No. 18-cv-9232-JPO, 2019 WL 4805862 (S.D.N.Y. Sept. 30,
   2019) ................................................................................................................... 15

*PostX Corp. v. Secure Data in Motion, Inc.*,
   No. 02-cv-04483-SI, 2004 WL 2663518 (N.D. Cal. Nov. 20, 2004) ............... 20

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iii

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

*PQ Labs Inc. v. Yang Qi*,
No. 12-cv-0450-CW, 2012 WL 2061527 (N.D. Cal. June 7, 2012) ................. 10

*Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula
Horticulture, Inc.*,
No. 17-cv-07076-VKD, 2018 WL 6268878 (N.D. Cal. Nov. 29,
2018) ......................................................................................................... 7, 8

*Serv. Emps. Int'l Union v. Roselli*,
No. 09-cv-00404-WHA, 2009 WL 3013501 (N.D. Cal. Sept. 17,
2009) .............................................................................................................. 12

*Silvaco Data Systems v. Intel Corp.*,
184 Cal. App. 4th 210 (Cal. Ct. App. 2010) ................................................ 9, 10

*SunPower Corp. v. SolarCity Corp.*,
No. 12-cv-00694-LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11,
2012) .................................................................................................. 10, 12, 13

*Swanson v. ALZA Corp.*,
No. 12-cv-4579-PJH, 2013 WL 968275 (N.D. Cal. Mar. 12, 2013) ................ 19

*Think Village-Kiwi LLC v. Adobe Sys. Inc.*,
No. 08-cv-04166-SI, 2009 WL 902337 (N.D. Cal. Apr. 1, 2009) .................... 12

*TMX Funding, Inc. v. Impero Techs., Inc.*,
No. 10-cv-00202-JF(PVT), 2010 WL 2509979 (N.D. Cal. June 17,
2010) .............................................................................................................. 12

*VBS Distrib., Inc. v. Nutrivita Lab'ys.*,
No. 16-cv-01553-CJC(DFMx), 2020 WL 6259999 (C.D. Cal. Sept.
28, 2020) ........................................................................................................ 18

*XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc.*,
No. 21-cv-00105-BEN-KSC, 2022 WL 801743 (S.D. Cal. Mar. 15,
2022) .............................................................................................................. 20

**STATUTES**

California Uniform Trade Secrets Act .......................................................... *passim*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iv

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

# **RULES**

Fed. R. Civ. P.

7(a) ........................................................................................ 6
8 ........................................................................................... 15
12 ............................................................................... 2, 4, 6
12(b)(2) .............................................................................. 2
12(b)(3) .............................................................................. 2
12(b)(6) ..................................................................... *passim*
12(c) ............................................................................ 6, 7, 8
12(g) .................................................................................... 4
12(h) .................................................................................... 6
12(h)(2) ................................................................... 3, 4, 6, 7

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SILICON VALLEY

# I.    INTRODUCTION

Likely recognizing the substantive deficiencies in its First Amended Complaint ("FAC"), Moog opposes Skyryse's Motion to Dismiss largely on procedural grounds. Although the claims in Moog's FAC are either new or have been substantially transformed since filing its original Complaint, Moog complains that Skyryse should not be allowed to move to dismiss them. According to Moog, the Court should only permit Skyryse to seek dismissal of the two causes of action Skyryse argued would be futile when it opposed Moog's request for leave to amend in May. And even as to those two counts—conversion and breach of the implied covenant of good faith and fair dealing—Moog claims this Court already blessed its pleading as "law of the case," even though the Court specifically permitted Skyryse to move to dismiss those claims once Moog filed its amended pleading. Moog's procedural objections are unavailing. The Court never prescribed any limitations on the scope of this Motion, Skyryse waived none of its defenses or objections, and judicial economy favors dealing with all of Skyryse's Rule 12(b)(6) arguments at once.

As explained in Skyryse's Motion, each of Moog's causes of action against Skyryse, other than its federal trade secret misappropriation claim, fails to state a legally viable claim and should be dismissed. Moog's claim that Skyryse allegedly converted certain "non-trade secret" information is legally invalid because California's trade secret statute supersedes such state-law claims for the taking of confidential information, *whether or not* that information qualifies for trade secret protection. Moog's conspiracy, unjust enrichment, constructive trust, and UCL claims in the FAC fail for similar reasons. And Moog's contractual claims based on the parties' 2018 and 2019 non-disclosure agreements are also insufficiently pleaded: Moog's express breach of contract claim, now amended to cover only the alleged misuse of information obtained while the NDAs were in effect, is conclusory and speculative, while Moog's claim that Skyryse breached some duty implicit in the NDAs is not

1   supported by either the factual allegations in the FAC or the terms of the agreements

2   themselves.

3       Skyryse does not move to dismiss Moog's trade secret misappropriation

4   claim, which Moog is free to try to prove up through the course of this litigation.

5   And if Moog cannot establish the existence of trade secrets in the materials it claims

6   were taken from it, or their alleged misappropriation, Moog still has ample re-

7   course—for instance, it can try to enforce its former employees' confidentiality ob-

8   ligations through contract claims against those individuals. Skyryse simply seeks to

9   limit Moog's claims to those that are legally valid and plausibly supported by well-

10  pleaded facts, rather than mere conclusions and speculation. Moog has failed to es-

11  tablish that any of the state-law claims it asserts against Skyryse in the FAC meet

12  that standard. Accordingly, they should be dismissed.

13  ## II.    FACTUAL AND PROCEDURAL BACKGROUND

14      Moog's initial Complaint asserted ten causes of action, including federal and

15  common-law trade secret misappropriation and breach of the parties' 2018 and 2019

16  NDAs. (Dkt. 1 ¶¶ 160-179, 223-230.) Moog's original Complaint did not include

17  claims for conversion, breach of the implied covenant of good faith and fair dealing,

18  or violation of California's unfair competition statute ("UCL").

19      Skyryse moved to dismiss the Complaint on several Rule 12 grounds, includ-

20  ing lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule

21  12(b)(3), and moved in the alternative to transfer the case (originally filed in New

22  York) to this District. (Dkt. 48.) Skyryse additionally filed a Rule 12(b)(6) motion

23  to dismiss the Complaint for failure to state a claim as to trade secret misappropria-

24  tion, unfair competition, conspiracy, tortious interference with prospective economic

25  advantage, and unjust enrichment. (Dkt. 49.) On April 25, 2022, Skyryse withdrew

26  the Rule 12(b)(6) motion. (Dkt. 79.) Skyryse did not withdraw its motion on Rule

27  12(b)(2) and Rule 12(b)(3) grounds, which was granted months later in the form of

28  a venue transfer. (Dkt. 297.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

On May 22, 2023, several months after the case had been transferred to this Court, and after Skyryse had obtained new counsel, Moog moved for leave to file an amended complaint. Moog's proposed amended pleading included new claims for "Conversion" (Count II), "Breach of the Implied Covenant of Good Faith and Fair Dealing" (Count IX), and "Violation of California's Unfair Competition Law (Bus. & Prof. Code §§ 17200, *et seq.*") (Count XII). (Dkt. 490.) The proposed pleading also removed the common-law causes of action for trade secret misappropriation, unfair competition, and tortious interference with prospective economic advantage, and substantially modified the factual allegations supporting all of Moog's asserted causes of action.

While Skyryse disputed much of the substance of Moog's proposed amended complaint, Skyryse opposed Moog's motion for leave on relatively narrow grounds. Specifically, Skyryse explained in its Opposition (Dkt. 509) that at least the new claims for conversion and breach of implied covenant would be futile as pleaded. The Court agreed, finding Moog had not pleaded a conversion claim that was sufficiently factually distinct from its trade secret misappropriation claim to avoid being superseded by the California Uniform Trade Secrets Act ("CUTSA"). (Dkt. 553 at 8, 11.) Additionally, the Court determined that Moog's implied covenant claim overlapped impermissibly with its express breach of contract claim. (*Id.* at 16-17.) Still, the Court permitted Moog to try to remedy those deficiencies with a new complaint, and granted leave to amend. (*Id.* at 11, 17.) The Court also made clear that Skyryse was not precluded from including the same arguments it had raised in opposition to Moog's motion to amend in any subsequent motion to dismiss. (Dkt. 572.)

## III.   SKYRYSE'S MOTION TO DISMISS SHOULD BE GRANTED.

### A.   Nothing precluded Skyryse from moving to dismiss any of the counts in Moog's Amended Complaint.

The Federal Rules of Civil Procedure provide that, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

3

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1  another motion under this rule raising a defense or objection that was available to

2  the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). Moog argues

3  that this rule precluded Skyryse from filing the instant Motion because Skyryse

4  moved to dismiss the *original* Complaint on several Rule 12 grounds, and withdrew

5  its Rule 12(b)(6) motion before it could be adjudicated. According to Moog, that

6  means Skyryse waived its right to move to dismiss Moog's new FAC, a different

7  pleading, for failure to state a claim on all causes of action besides conversion and

8  breach of the implied covenant of good faith and fair dealing. But Moog's argument

9  ignores two key aspects of Rule 12(g). First, the Rule 12(b)(6) arguments Skyryse

10 now raises were not "available to" Skyryse at the time of its earlier Rule 12 motions.

11 Second, Rule 12(g) is expressly limited by Rule 12(h)(2), which provides that waiver

12 does not apply to the defense of failure to state a claim. Fed. R. Civ. P. 12(h)(2).

13 Skyryse's Motion to Dismiss is procedurally proper, and the Court should consider

14 it on its merits.

15           1.   <u>Skyryse did not have an earlier opportunity to move to dismiss</u>
16           <u>the claims in Moog's Amended Complaint under Rule 12(b)(6).</u>

17       Moog is incorrect that the defenses and objections asserted in Skyryse's Mo-

18 tion were "available to" Skyryse at the time of its initial Rule 12 motion in March

19 2022. Skyryse's Motion to Dismiss addresses new causes of action that Moog as-

20 serted for the first time in the FAC, as well as causes of action that Moog has signif-

21 icantly modified, in scope and through different factual allegations, in the FAC.

22 There was no earlier opportunity for Skyryse to move to dismiss these claims in the

23 form in which they now appear, so Skyryse's current Motion is timely.

24       In the first place, several of the claims that Skyryse now moves to dismiss

25 were not asserted at all in Moog's original complaint. Moog's FAC added, for the

26 first time, causes of action for conversion (Count II), breach of the implied covenant

27 of good faith and fair dealing (Count IX), and violation of the UCL (Count XII).

28 There was no earlier time at which Skyryse could have raised its Rule 12(b)(6)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

objections to those causes of action. Moog does not argue that Skyryse waived its ability to challenge the conversion and implied covenant claims under Rule 12(b)(6), and implicitly concedes that Skyryse also did not have an opportunity to answer the UCL claim. (*See* Opp. at 1 ("Skyryse now moves to dismiss seven claims even though Skyryse previously answered *four* of them."[1]).)

Even as to the causes of action that *were* asserted in some form in the original Complaint, the FAC changed the substance and scope of those claims. For example, Moog's FAC narrows its breach of contract claim in a way that raises new Rule 12(b)(6) objections not previously available to Skyryse. As amended, the breach of contract claim is expressly limited to Skyryse's alleged misuse of confidential information obtained only during the term of the 2018 and 2019 NDAs. (*See* Mot. at 17.) As Skyryse explained in its opening Motion, these modifications to Moog's breach of contract claim render it inadequately pleaded such that it now fails to state a claim. (*Id. at* 17-19.) It is immaterial that Skyryse did not move to dismiss the breach of contract claim alleged in Moog's original Complaint, as that was a different claim with broader scope and was premised on a different set of factual allegations.

Moog's conspiracy and unjust enrichment claims have been modified from the original Complaint as well, to expressly include allegations concerning both "Trade Secret" and so-called "Non-Trade Secret Data." (*See, e.g.*, FAC ¶¶ 295-296, 330.) As discussed in Skyryse's Motion, to the extent Moog's claims are premised on the alleged theft of "Non-Trade Secret Data," they fail to state a claim under California law, which does not recognize a property right in non-trade secret confidential information. (Mot. at 6-14.) Because CUTSA provides the exclusive state-law remedy for the misappropriation of confidential information, Moog's new allegations with respect to the "Non-Trade Secret Data" cannot support Moog's

---

[1] All emphasis in quotes has been added unless otherwise indicated.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

conspiracy and unjust enrichment claims. (*Id.* at 12-14.)[2] Skyryse had no earlier opportunity to move to dismiss the current iterations of these causes of action, and Skyryse's current Motion is timely.

For these reasons, Moog's citation to *Casas v. Victoria's Secret Stores, LLC* is inapposite. In that case, this Court found that the defendant's Rule 12(b)(6) arguments "could – and should – have been raised earlier, as they attack aspects of the [amended complaint] *that are unchanged from prior pleadings*." No. 14-cv-6412-GW(VBKx), 2015 U.S. Dist. LEXIS 192469, at *18 (C.D. Cal. Feb. 5, 2015). By contrast, the causes of action Skyryse challenges in this Motion under Rule 12(b)(6) *are* changed from the prior pleading—either because they did not exist in the original Complaint at all, or because Moog materially modified them in its FAC.

> 2.   Even if some of Skyryse's Rule 12(b)(6) arguments could have been raised earlier, Skyryse did not waive any such arguments and the Court should consider them on their merits.

Even if the Court finds that Skyryse could have raised certain of the arguments in its Motion at an earlier stage in the case, Moog is wrong that Skyryse "waived" those arguments. Waiver does not apply to the defense of failure to state a claim. Fed. R. Civ. P. 12(h). As a result, "a defendant who omits a defense under Rule 12(b)(6)—failure to state a claim upon which relief can be granted—does not waive that defense." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317-18 (9th Cir. 2017). Rule 12(h)(2) provides three ways in which a failure-to-state-a-claim defense may be raised at a later time ("in any pleading allowed or ordered under Rule 7(a), "by a motion under Rule 12(c)," or "at trial") and does not mention successive Rule 12(b)(6) motions. However, courts in the Ninth Circuit frequently permit defendants to raise failure-to-state-a-claim arguments by moving under Rule 12(b)(6), even if those arguments were not included in an initial Rule 12 motion. Accordingly, if the

---

[2] As Skyryse has already pointed out, and Moog does not deny, CUTSA plainly supersedes these claims to the extent they are premised on the theft of trade secret information. (Mot. at 12-13.)

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

6

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1   Court agrees with Moog that some part of Skyryse's Rule 12(b)(6) motion is un-

2   timely, the Court should follow that flexible approach here.

3       The Ninth Circuit precedent cited by Moog allows courts to consider motions

4   to dismiss an amended complaint under Rule 12(b)(6), even when the defendant

5   omitted certain failure-to-state-a-claim arguments from a previous motion to dismiss

6   an earlier complaint. *See In re Apple*, 846 F.3d at 317-18. Indeed, Ninth Circuit

7   courts are counseled to be lenient and flexible in considering "late-filed Rule

8   12(b)(6) motion[s]" where they have not been filed for the purpose of delay. *Id.* at

9   318-19 (holding that "relegating defendants to the three procedural avenues speci-

10  fied in Rule 12(h)(2) can produce unnecessary and costly delays").

11      Courts in this Circuit have followed that direction. For example, in *Cuviello*

12  *v. City of Vallejo*, the plaintiff argued, similarly to Moog, that his amended complaint

13  added only "a minor bit of new matter not included in his original complaint" and

14  that the defendants waived their Rule 12(b)(6) objections by not asserting them in

15  response to the original complaint. No. 16-cv-02584-KJM-KJN, 2020 WL 6728796,

16  at *4 (E.D. Cal. Nov. 16, 2020). The court observed that "defendants did not waive"

17  their Rule 12(b)(6) defense and drew on the "practical wisdom" and "forgiving

18  stance" of the Ninth Circuit in deciding to "reach the merits of defendants' motion,

19  rather than leave the questions it raises for resolution at a later date." *Id.* at *5. Other

20  district courts in this Circuit and outside it have proceeded similarly. *See, e.g.*, *Sa-*

21  *linas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*, No.

22  17-cv-07076-VKD, 2018 WL 6268878, at *4-5 (N.D. Cal. Nov. 29, 2018) ("[E]ven

23  if the Court were to decline to address defendants' arguments now, it would do noth-

24  ing to promote judicial efficiency, since defendants likely would raise the defenses

25  again in their answer, a Rule 12(c) motion to dismiss, or at trial"); *Banko v. Apple,*

26  *Inc.*, No. 13–02977-RS, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013)

27  ("[C]ourts faced with a successive [Rule 12(b)(6)] motion often exercise their dis-

28  cretion to consider the new arguments in the interests of judicial economy.")

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

(internal quotes omitted); *see also Doe v. White*, No. 08-1287, 2010 WL 323510, at *2 (C.D. Ill. Jan. 20, 2010) (citing the "substantial amount of case law which provides that successive Rule 12(b)(6) motions may be considered where they have not been filed for the purpose of delay, where entertaining the motion would expedite the case, and where the motion would narrow the issues involved").

Here, Skyryse does not raise this Motion for the purpose of delay. To the contrary, Skyryse seeks to promote efficiency and streamline the issues in the case by consolidating all of its current arguments about the legal sufficiency of Moog's pleadings in a single motion, rather than raising some now and others at a later date. Judicial economy would not be served by asking the Court to consider the legal sufficiency of Moog's conversion and implied covenant claims in a Rule 12(b)(6) motion to dismiss and the others in (for example) a later-filed Rule 12(c) motion for judgment on the pleadings. *Cf. Salinas Valley Mem'l*, 2018 WL 6268878, at *5. Because Skyryse's Motion promotes efficiency and is not filed for the purpose of delay, the Court should consider it on its merits and in its entirety.

3.   The Court's order on Moog's motion to amend did not limit the causes of action which Skyryse could move to dismiss.

In ruling on Moog's motion to file its amended complaint, this Court stated that Skyryse would not be "precluded from raising its same objections" concerning Moog's conversion and implied covenant claims "in a motion to dismiss Plaintiff's forthcoming amended complaint." (Dkt. 572.) Moog claims that statement limited the grounds on which Skyryse could attack Moog's amended complaint, and argues that Skyryse's Motion "unambiguously exceeds the scope of the Court's Order" by challenging claims other than conversion and implied covenant.[3] (Opp. at 9.) But nothing in the Court's order suggests that was its intent, and Skyryse does not read

---

[3] Moog separately argues that Skyryse's Opposition to Moog's Motion for Leave to Amend, which argued futility only as to the conversion and implied covenant claims, "functionally served as a Rule 12(b)(6) motion to dismiss." (Opp. at 8-9.) Moog cites no authority for that position and Skyryse is aware of none.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

the Court's statement to be so limiting. Rather, the Court noted that Skyryse would file "a motion to dismiss" Moog's amended complaint, and ordered that Skyryse was free to include the same arguments concerning the conversion and implied covenant claims in said motion (whatever else that motion might include). Skyryse's Motion does not exceed the scope of the Court's order.

**B.    Moog has failed to state legally viable claims in Counts II, V, VI, and IX–XI of the Amended Complaint.**

For the reasons explained in Skyryse's opening Motion, Moog's claims against Skyryse for conversion, conspiracy, unjust enrichment, constructive trust, UCL violation, breach of contract, and breach of implied covenant fail to state legally viable claims under Rule 12(b)(6). None of Moog's arguments to the contrary pass muster.

1.    Moog's conversion claim should be dismissed.

Moog's conversion claim is premised on Skyryse's alleged theft of certain "Non-Trade Secret Data," that is, some information that Moog claims is confidential and proprietary but that does not rise to the level of a trade secret. The Court expressly invited Skyryse to move to dismiss this conversion claim on the same grounds as Skyryse articulated in its opposition to Moog's Motion for Leave to Amend. Moog's attempt to replead its conversion claim remains legally insufficient, including because Moog fails to recognize that there is no claim for conversion of non-trade secret confidential information under California law. A well-established line of cases beginning with *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 239 (Cal. Ct. App. 2010), stands for the propositions that "information cannot be stolen unless it constitutes property" and no property right exists in information that is confidential, but does not meet the standard for trade secret protection. CUTSA provides the sole state-law remedy for the theft of confidential information, and claims based on the alleged conversion of such confidential information are superseded.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

Moog cites two cases in support of its argument that the Court should never-theless recognize a conversion claim in non-trade secret data. But *PQ Labs Inc. v. Yang Qi* failed to consider *Silvaco*, and relied upon a pre-*Silvaco* case for the point Moog cites. No. 12-cv-0450-CW, 2012 WL 2061527, at *5 (N.D. Cal. June 7, 2012); *cf. SunPower Corp. v. SolarCity Corp.*, No. 12-cv-00694-LHK, 2012 WL 6160472, at *7 (N.D. Cal. Dec. 11, 2012) (declining to follow *PQ Labs* because it ignored *Silvaco*). As Skyryse has explained (Mot. at 8-9), every state and federal court in California to consider *Silvaco* has followed it—with one known exception. But as discussed in Skyryse's opening brief, that exception, *Byton North America Corp. v. Breitfeld*, was wrongly decided. No. 19-cv-10563-DMG, 2020 WL 3802700 (C.D. Cal. Apr. 28, 2020). The court in *Byton* cited *Silvaco* for the proposition that a claim that did "not depend on the existence of a trade secret" was not superseded by CUTSA, *id.* at *8, but failed to recognize that the UCL claim that was the subject of that line in *Silvaco* had nothing to do with the misappropriation of information at all (and so would not be superseded in any event). At the same time, the *Byton* court ignored *Silvaco*'s "emphatic[] reject[ion]" of the notion that CUTSA might *not* "preempt common law conversion claims based on the taking of information that, *though not a trade secret*, was nonetheless of value to the claimant." *Silvaco*, 184 Cal. App. 4th at 239 n.22. Due to its misreading of *Silvaco* and its progeny, *Byton* is contrary to California law, and this Court should not follow it.

Faced with the reality of California law, Moog falls back on the argument that this Court "has already ordered" that Moog can state a claim for conversion of non-trade secret information. (Opp. at 9.) Not so. The Court permitted Moog to amend its complaint to attempt to plead a conversion claim, but did not prejudge whether the claims would be sufficiently pleaded as a legal matter, especially if it made only some superficial distinction between trade secret and "non-trade secret" information.

For similar reasons, Moog's claim that its "ability to plead a conversion claim for stolen, non-trade secret data" is somehow "law of the case" (Opp. at 10) is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1    misguided. The law of the case doctrine refers to legal issues that were previously

2    "decided explicitly" on the merits; "dicta have no preclusive effect." *Milgard Tem-*

3    *pering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990). It does not

4    apply here, where the Court held that the conversion claim as pleaded in Moog's

5    proposed amended complaint was futile, but offered guidance as to how Moog might

6    attempt to re-plead that claim so it would not be. In any event, as Moog has recog-

7    nized in other contexts (*see, e.g.*, Dkt. 592 at 20), law of the case is a self-imposed

8    limitation that "does not limit the tribunal's power." *Arizona v. California*, 460 U.S.

9    605, 618 (1983). It does not take away the Court's jurisdiction to reevaluate an issue,

10   particularly one that was not essential to the Court's prior holding.

11       Even if California law *did* recognize a claim for conversion as to non-trade

12   secret data—and it does not—Moog has not adequately distinguished its alleged

13   trade secrets from the alleged "Non-Trade Secret Data." Moog identifies entire pro-

14   grams and categories of information as containing both trade secret and non-trade

15   secret data, then essentially claims that within those categories, the trade secret data

16   includes whichever (unspecified) files are trade secrets and the non-trade secret data

17   encompasses whichever (unspecified) files are not trade secrets. (*See, e.g.*, FAC ¶

18   54 ("Files from each of the Programs discussed above [in section "Trade Secret

19   Commercial and Military Programs"] are included in this group of non-trade secret

20   data.").) That circular logic cannot establish a meaningful distinction between the

21   two categories of allegedly misappropriated information.

22       Moreover, the same alleged conduct by Skyryse underlies both Moog's trade

23   secret claim and the conversion claim. *See, e.g.*, FAC ¶ 220 (describing Skyryse's

24   alleged "unauthorized possession, use and disclosure of the Stolen Trade Secrets and

25   Stolen Non-Trade Secret Data" without any distinction between the two). Moog's

26   lumping together of its allegations regarding Skyryse's purported possession and use

27   of the alleged trade secret and non-trade secret information confirms that the con-

28   version claim relies on the same "nucleus of fact" as its trade secret misappropriation

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

claim, and thus is superseded by CUTSA. *SunPower Corp.*, 2012 WL 6160472, at *12-13 (finding plaintiff failed to allege sufficient facts to avoid supersession where "SunPower's Non Trade Secret Claims incorporate the same factual allegations regarding Defendants' unauthorized access and use of SunPower's information as SunPower's Trade Secret Claim.").

Moog's final argument appears to be that Skyryse should not be allowed to argue Moog's claim for conversion of "non-trade secret data" is superseded by CUTSA while simultaneously challenging the sufficiency of Moog's trade secret identification. Again, this argument ignores that, regardless of the overlap between Moog's alleged trade secrets and non-trade secret data, there can be *no* claim under California law based on the misappropriation of non-trade secret confidential information. Two of the three cases Moog cites here were decided before *Silvaco*, and none of them considered *Silvaco*'s holding that there can be no claim under California law based on the misappropriation of non-trade secret confidential information. *See Think Village-Kiwi LLC v. Adobe Sys. Inc.*, No. 08-cv-04166-SI, 2009 WL 902337, at *2 (N.D. Cal. Apr. 1, 2009); *Serv. Emps. Int'l Union v. Roselli*, No. 09-cv-00404-WHA, 2009 WL 3013501, at *8 (N.D. Cal. Sept. 17, 2009); *TMX Funding, Inc. v. Impero Techs., Inc.*, No. 10-cv-00202-JF(PVT), 2010 WL 2509979, at *4–5 (N.D. Cal. June 17, 2010) (relying on a pre-*Silvaco* federal case); *cf. SunPower Corp.*, 2012 WL 6160472, at *7 (declining to follow *TMX Funding* because it ignored *Silvaco*). In any event, there is no contradiction here—at least, not on Skyryse's part. Skyryse is not contending that Moog's trade secret misappropriation claim is inadequately *pleaded*, as the defendants in *TMX Funding* and *Roselli* did, but instead that Moog has failed to sufficiently identify its trade secrets with particularity in discovery. *TMX Funding*, 2010 WL 2509979, at *3–4; *Roselli*, 2009 WL 3013501, at *8. Moog is welcome to try to prove that the information it alleges was misappropriated is legally protectable as its trade secrets. But Moog cannot have it

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1  both ways by asserting a legally invalid conversion claim as a backstop if it fails to

2  meet that burden of proof.

3      Finally, Moog's attempts to distinguish Skyryse's cases are unpersuasive and

4  unavailing. For instance, contrary to Moog's characterization (Opp. at 12), the hold-

5  ing in *SunPower* did not depend on the court's finding that the plaintiff had made no

6  effort to distinguish between trade secret and non-trade secret information. Although

7  Skyryse does not agree that Moog has adequately drawn a distinction between its

8  alleged trade secret and non-trade secret data, that is beside the point: Judge Koh

9  explained in detail in *SunPower* why a claim based on the misappropriation of con-

10  fidential information is *generally* superseded by CUTSA regardless of overlap with

11  any asserted trade secrets. 2012 WL 6160472, at *3-9. Moog likewise misses the

12  point of *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911 (C.D. Cal. 2011). In that

13  case, Judge Carter found that CUTSA superseded a conversion counterclaim "to the

14  extent it is based upon the misappropriation of Mattel's confidential information,

15  *whether or not that information rises to the level of a trade secret.*" *Id.* at 996. There

16  is no reason to believe that clear finding would have been any different if the basis

17  of Mattel's conversion claim had been limited to information that did not "rise[] to

18  the level of a trade secret." *Id.*

19      2.  <u>Moog's breach of implied covenant claim should be dismissed.</u>

20      With respect to its claim for breach of the implied covenant of good faith and

21  fair dealing, Moog again acts as if this Court has already prejudged and blessed its

22  amended pleading. To state the obvious, the Court has not yet considered the FAC

23  or determined that the implied covenant claim (as amended following the Court's

24  ruling on Moog's Motion for Leave to Amend) is adequately pleaded. For the rea-

25  sons articulated in Skyryse's opening brief, it is not.

26      To the extent Moog's breach of implied covenant claim concerns Skyryse's

27  hiring of former at-will employees of Moog, the FAC does not sufficiently allege

28  that a no-hire obligation was implicit in the non-disclosure agreements the parties

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SILICON VALLEY

13

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

executed in 2018 and 2019. Contrary to Moog's arguments, Skyryse does not contend that a breach of the duty of good faith and fair dealing must "be tied to a specific contractual provision." (Opp. at 14 (citing *Dorset Indus., Inc. v. Unified Grocers, Inc.*, 893 F. Supp. 2d 395, 407 (E.D.N.Y. 2012).) Rather, as Moog's authority makes clear, the implied covenant of good faith arises from "the parties' intent and *reasonable expectations* in entering the contract," and "a court may not construe the covenant to 'undermine a party's general right to act on its own interests in a way that may incidentally lessen the other party's anticipated fruits from the contract.'" *Dorset Indus.*, 893 F. Supp. 2d at 406 (quoting *M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990)). Moog could not have reasonably expected that Skyryse would abstain from hiring former Moog employees simply because it entered into NDAs, particularly given that Moog is one of the largest employers in the industry in which Skyryse operates. Such an obligation would seriously "undermine" Skyryse's "right to act on its own interests," even if an incidental consequence would be a marginally greater risk of Moog's confidential information being misused by its former employees after they joined Skyryse. *M/A-COM Sec. Corp.*, 904 F.2d at 136. Put simply, the NDAs (which say nothing about hiring) do not fairly imply a no-hire duty, and Moog has not adequately alleged that the parties intended such an obligation.[4]

Moog's implied covenant claim concerning confidential information allegedly obtained from Moog after the terms of the NDAs fares no better. As the Court can see from the NDAs themselves, which are part of the pleadings, those agreements pertained to the specific "business and technical information" exchanged for a "limited" purpose, to assist the parties in evaluating their potential collaboration,

---

[4] Moog's attempts to distinguish Skyryse's authority on this point are unavailing. In particular, Moog ignores that in *Lodging Solutions, LLC v. Miller*, just like here, there *was* a valid, enforceable non-disclosure agreement. No. 19-cv-10806-AJN, 2020 WL 6875255, at *9. It was only the express no-hire provision that the court in *Lodging Solutions* invalidated; the remaining, enforceable provisions of the NDA did not fairly imply a duty not to hire former employees. (*See generally* Mot. at 20.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

and not to any other information. (FAC Ex. C at 173; Ex. E at 188.) Moog's cited

cases are unhelpful because they involve breaches concerning the *same* information

obtained under NDA. *See P&G Auditors & Consultants, LLC v. Mega Int'l Com.*

*Bank Co.*, No. 18-cv-9232-JPO, 2019 WL 4805862, at *6 (S.D.N.Y. Sept. 30, 2019)

(denying motion to dismiss implied covenant claim based on defendant's "obtaining

P&G's most sensitive items under false pretenses and then secretly sharing

*[the]same* with P&G's competitor"); *Henessey Food Consulting LLC v. Prinova*

*Sols. LLC*, No. 20-cv-806(FJS/TWD), 2022 WL 160272, at *8 (N.D.N.Y. Jan. 18,

2022) (permitting breach of implied covenant claim concerning defendants' misuse

of plaintiff's "product formula" disclosed under NDA). Here, Moog does not allege

that the same information was taken in the 2018-2020 period and the 2021-2022

period. Moog's implied covenant claim should be dismissed on this basis as well.

### 3.    Moog's express breach of contract claim should be dismissed.

While Moog apparently attempted to follow the Court's instructions (Dkt. 553

at 16-17) in an effort to save its implied covenant claim, it did so at the expense of

its breach of contract claim. Although the FAC is replete with allegations that

Skyryse wrongfully obtained Moog's non-public files and information (which

Skyryse denies), it does not contain sufficient factual allegations that Skyryse mis-

used information that was disclosed to it *in 2018-2020*. Moog assumes, incorrectly,

that this Court has already decided its breach of contract claim is adequately pleaded.

(Opp. at 17.) Again, the FAC was not before the Court when it ruled on Moog's

Motion for Leave to Amend.

Moog cites three statements in the FAC that it contends meet Rule 8's plausi-

bility standard, and points out that only one of them contains the words "upon infor-

mation and belief." (Opp. at 17.) To be sure, alleging something "upon information

and belief" without pointing to "facts upon which the belief is founded" does not

suffice under Rule 8, *Negrete v. Citibank N.A.*, 187 F. Supp. 3d 454, 461 (S.D.N.Y.

2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019), and Moog does not seriously contest

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1   this well-settled legal proposition. But even if a pleading's allegations are not ex-

2   pressly based "upon information and belief," they must still provide a sufficient,

3   non-speculative basis for a court to "infer more than the mere possibility of miscon-

4   duct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moog's allegations supporting

5   its breach of contract claim do not meet this standard. First, Moog conclusorily al-

6   leges under Count VI that "Skyryse used information gained from Moog regarding

7   its flight control software between 2018-2020 … for purposes beyond the scope of

8   the limited purpose of the Parties' business engagement … including to [] develop

9   its own flight control systems" and that this was "in breach of the 2018 and 2019

10  NDA." (FAC ¶ 308.) But the factual allegations in the more than 300 preceding

11  paragraphs focus on Skyryse's alleged misuse of files purportedly obtained from

12  former Moog personnel in 2021 and onward; they never mention any reverse-engi-

13  neering of Moog's flight control software based on information obtained prior to

14  2021. Since Moog has supplied no well-pleaded factual allegations that would per-

15  mit the Court to infer "more than the mere possibility" of such conduct, *Iqbal*, 556

16  U.S. at 679, the Court should discount it as mere speculation.

17       As for Moog's speculation that "Skyryse used confidential information pro-

18  vided by Moog under the 2018 and 2019 NDAs regarding Moog's software engi-

19  neering staff and technology to engage in targeted hiring and data theft practices a

20  few years later" (FAC ¶ 308), again, Moog provides no factual allegations support-

21  ing this conclusion. Moog points to its allegations about "certain key Skyryse per-

22  sonnel" who were "extremely familiar with and knowledgeable regarding" Moog's

23  engineering personnel. (Opp. at 18 (quoting FAC ¶ 144).) But the FAC expressly

24  alleges that those "key Skyryse personnel" were former Moog employees. (*See* FAC

25  ¶ 144 (referring to Gonzalo Rey, Sathyanarayana Achar, and Alin Pilkington); *id.* ¶

26  143 (stating Rey, Achar, and Pilkington were former Moog employees).) There

27  would be no reason for the Court to infer from Moog's pleading that those individ-

28  uals' background knowledge about their former colleagues was "confidential

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SILICON VALLEY

16

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

information provided by Moog under the 2018 and 2019 NDAs," particularly given that the FAC alleges that Messrs. Achar and Pilkington did not join Skyryse until 2021 or later. (*Id.* ¶ 143.)

Taken as a whole, Moog's FAC does not contain adequate factual allegations to support a plausible claim that Skyryse breached the 2018 and 2019 NDAs. Moog's express breach of contract claim against Skyryse should be dismissed.

4. <u>Moog's conspiracy, unjust enrichment, and constructive trust claims should be dismissed.</u>

In defense of its conspiracy, unjust enrichment, and constructive trust claims, Moog argues that these causes of action are "not solely predicated on the same facts underlying its DTSA claim" but are also based on other factual allegations, including those underlying its claim for conversion of non-trade secret data. (Opp. at 18-21.) Moog concedes (by not contesting) that CUTSA supersedes these causes of action to the extent they are premised on Skyryse's alleged misappropriation of trade secrets. And, insofar as the conspiracy, unjust enrichment, and constructive trust claims are predicated on the alleged taking and use of non-trade secret confidential information, they are superseded for the same reasons as Moog's conversion claim. (*See generally* Mot. at 6-15; *supra* § II.B.1.)

With respect to the conspiracy claim, Moog argues that claim is predicated on additional facts, including "Skyryse's targeted solicitation of Moog's software engineers." (Opp. at 18.) But as pleaded in the FAC, the only alleged "underlying tort[s]" for Moog's conspiracy claim are "misappropriation and theft of the Stolen Trade Secrets, as well as conversion of the Stolen Non-Trade Secret Data." (FAC ¶ 295.) Moog relies on *Farmers Insurance Exchange v. Steele Insurance Agency, Inc.*, No. 13-cv-00784-MCE-DAD, 2014 WL 466274 (E.D. Cal. Feb. 5, 2014), to argue that Moog's allegation of a "separate agreement to form the conspiracy" is enough to save its claim from preemption. (Opp. at 18-19.) But more recent cases have rejected the "narrow approach" adopted in *Farmers Insurance*, including because "the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

17

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1   nucleus of facts test utilized by the California courts is a broad concept." *Arthur J.*

2   *Gallagher & Co. v. Tarantino*, No. 20-cv-05505-EMC, 2022 WL 4092673, at *15

3   (N.D. Cal. July 27, 2022) (granting defendants summary judgment on plaintiff's

4   conspiracy claim due to CUTSA preemption); *see also VBS Distrib., Inc. v. Nutrivita*

5   *Lab'ys.*, No. 16-cv-01553-CJC(DFMx), 2020 WL 6259999, at *5 (C.D. Cal. Sept.

6   28, 2020) (similar); *Nelson Bros. Pro. Real Estate LLC v. Jaussi*, No. 17-cv-0158-

7   DOC(JCGx), 2017 WL 8220703, at *8 (C.D. Cal. Mar. 23, 2017) (dismissing civil

8   conspiracy claim that alleged formation of conspiracy as "not materially different

9   from Plaintiff's misappropriation of trade secrets claim" and "preempted by

10  CUTSA").

11      Moog argues that its unjust enrichment claim is additionally premised on

12  "Skyryse's unlawful benefit from 'Moog's effort and investment in a host of em-

13  ployees raided by Defendants.'" (Opp. at 19 (citing FAC ¶ 330).) Moog cites no

14  authority explaining why this narrow allegation, standing on its own, would be suf-

15  ficient to support a cause of action for unjust enrichment.[5] Indeed, Moog's own

16  pleading confirms that its allegations about Skyryse's alleged "raid" of employees

17  are part of the same nucleus of facts as its trade secret and conversion claims. (*See,*

18  *e.g.*, FAC ¶ 349 (alleging "Skyryse has raided these employees as part of its scheme

19  to gain access to confidential, proprietary trade secret information").) CUTSA there-

20  fore preempts Moog's unjust enrichment claim. *See Emergy Inc. v. The Better Meat*

21  *Co.*, No. 21-cv-02417-KJM-CKD, 2022 WL 7101973, at *10 (E.D. Cal. Oct. 12,

22  2022) (dismissing unjust enrichment claim where "sole unjust enrichment allegation

23

24

25

26
_____

27  [5] The only case Moog cites on this point is *Copart, Inc. v. Sparta Consulting, Inc.*,
    277 F. Supp. 3d 1127, 1160 (E.D. Cal. 2017), where the allegations underlying the

28  plaintiff's unjust enrichment claims were much broader than Moog's, including that
    the defendant violated the UCL through fraudulent business practices and false rep-
    resentations.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

18

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1  outside scope of misappropriation claims [was] that defendants '[took] the benefit

2  of Emergy's innovations all for their own.'"[6]), *cited in* Dkt. 439 at 16 n.12.

3      Finally, Moog does not dispute that "imposition of a constructive trust" is not

4  an independent cause of action under California law. *Swanson v. ALZA Corp.*, No.

5  12-cv-4579-PJH, 2013 WL 968275, at *13 (N.D. Cal. Mar. 12, 2013). For that rea-

6  son alone, the Court should dismiss Moog's constructive trust claim. Even if this

7  were a valid cause of action, however, Moog has failed to state a viable claim here.

8  The only "property or some interest in property" (Opp. at 20) that Moog identifies

9  are its alleged trade secrets and non-trade secret data. As Skyryse has discussed at

10  length, to the extent Moog's claim is premised on the wrongful acquisition of confi-

11  dential information (whether or not it rises to the level of a trade secret), it is super-

12  seded by CUTSA. *See, e.g.*, *Artec Grp., Inc. v. Klimov*, No. 15-cv-03449-EMC, 2016

13  WL 8223346, at *6-7 (N.D. Cal. Dec. 22, 2016), *cited in* Dkt. 439 at 16 n.12. Moog's

14  constructive trust claim should be dismissed.

15          5.    Moog's UCL claim should be dismissed.

16      While Moog offers three separate grounds for its UCL claim against Skyryse,

17  the claim is insufficiently pleaded under each theory. Nothing in Moog's Opposition

18  establishes otherwise.

19      First, insofar as the UCL claim is based on Skyryse purportedly inducing Ms.

20  Kim and Mr. Pilkington's alleged misconduct, the FAC does not include sufficient

21  factual allegations to plausibly establish that claim. The allegations that Moog calls

22  out (Opp. at 21) actually prove Skyryse's point. Merely pointing out that Mr. Pilk-

23  ington was "employed by Skyryse" at the time he engaged in the alleged misconduct

24  does not plausibly support a claim that Skyryse "induced" his conduct. (Opp. at 21.)

25  And, as Skyryse has explained, the FAC's conclusory allegations that Skyryse

26

27  ---

[6] Moog attempts to distinguish *Emergy* by pointing to this same quotation, not rec-
28  ognizing that Moog, too, lacks distinct unjust enrichment allegations beyond the
scope of its trade secret misappropriation claim (and its superseded conversion
claim). (Opp. at 20.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

19

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

supposedly worked "in concert with" Ms. Kim (FAC ¶ 192), with no facts to sub-stantiate that belief, do not "permit the court to infer more than the mere possibility" that Skyryse induced Ms. Kim's conduct, *Iqbal*, 556 U.S. at 679 (citations omitted), particularly given Moog's separate allegation that Mr. Pilkington and Ms. Kim, not Skyryse, "orchestrated" the alleged plan. (FAC ¶ 337.)

Second, as discussed at length, Moog's UCL claim is superseded by CUTSA to the extent it is premised on the alleged misappropriation of trade secret or non-trade secret information. The cases Moog cites in response are unhelpful. In *XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc.*, No. 21-cv-00105-BEN-KSC, 2022 WL 801743, at *18 (S.D. Cal. Mar. 15, 2022), plaintiffs' UCL claim survived preemption because it rested in part on alleged misrepresentations defendants made while negotiating an agreement—a circumstance Moog does not allege was present here. And *PostX Corp. v. Secure Data in Motion, Inc.*, No. 02-cv-04483-SI, 2004 WL 2663518 (N.D. Cal. Nov. 20, 2004), predated and did not consider *Silvaco*'s holding that CUTSA supersedes claims based on the misappropriation of infor-mation whether or not it ultimately satisfies the definition of a trade secret. Moog's UCL claim fails insofar as it is based on the same conduct underlying Moog's trade secret misappropriation and conversion claims.

Third, Moog cannot premise its UCL claim on Skyryse's hiring of Moog's former employees. Hiring a competitor's employees, without more, is not an unfair business practice under the UCL. (Mot. at 16 (citing *Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 416-17 (Cal. Ct. App. 2020).) In attempting to show "more," Moog confirms that its allegations about Skyryse's alleged "raid" of employees are part of the same nucleus of facts as its trade secret claim. (Opp. at 22 ("Moog alleges that Skyryse … specifically target[ed] and raid[ed] over 20 Moog engineers *with intimate knowledge of Moog's trade secrets*."); *see also, e.g.*, FAC ¶ 349 (alleging "Skyryse has raided these employees as part of its scheme to gain ac-cess to confidential, proprietary trade secret information").) As a result, even if the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

20

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1   Court accepts Moog's argument that it has alleged more than Skyryse's hiring of
2   former at-will Moog employees, then the UCL claim is still duplicative of Moog's
3   trade secret claim and is superseded by CUTSA.

4   **IV.   CONCLUSION**

5       For the foregoing reasons, Skyryse respectfully requests that Counts II, V, VI,
6   and IX–XII of Moog's Amended Complaint be dismissed.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

21

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1    Dated:  September 18, 2023          Respectfully submitted,

2                                        LATHAM & WATKINS LLP

3                                        By:  */s/ Gabriel S. Gross*

4                                              Douglas E. Lumish (SBN 183863)
5                                              Gabriel S. Gross (SBN 254672)
                                               Arman Zahoory (SBN 306421)
6                                              Rachel S. Horn (SBN 335737)
7                                              Menlo Park, California 94025
                                               Telephone: (650) 328-4600
8                                              Facsimile: (650) 463-2600
9                                              Email: doug.lumish@lw.com
                                               gabe.gross@lw.com
10                                             arman.zahoory@lw.com
11                                             rachel.horn@lw.com

12                                             Joseph H. Lee (SBN 248046)
13                                             Ryan Banks (SBN 318171)
                                               650 Town Center Drive, 20th Floor
14                                             Costa Mesa, California 92626
15                                             Telephone: (714) 540-1235
                                               Facsimile: (714) 755-8290
16                                             Email: joseph.lee@lw.com
17                                             ryan.banks@lw.com

18                                             Russell Mangas (Admitted *Pro Hac
19                                             Vice*)
                                               330 North Wabash Avenue, Suite 2800
20                                             Chicago, Illinois 60611
21                                             Telephone: (312) 876-7700
                                               Facsimile: (312) 993-9767
22                                             Email: russell.mangas@lw.com

23

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SILICON VALLEY

22

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1

2  Julianne C. Osborne (SBN 342870)
   Alexa L. Solimano (SBN 335740)
3  505 Montgomery Street, Suite 2000
   San Francisco, California 94111
4  Telephone: (415) 391-0600
   Facsimile: (415) 395-8095
5  Email: julianne.osborne@lw.com
   alexa.solimano@lw.com
6
7
8  Kelley M. Storey (Admitted *Pro Hac
   Vice*)
9  555 Eleventh Street NW, Suite 1000
   Washington, D.C. 20004
10 Telephone: (202) 637-2200
   Facsimile: (202) 637-2201
11 Email: kelley.storey@lw.com
12
13 Cassandra M. Baloga (Admitted *Pro
   Hac Vice)*
14 1271 Avenue of the Americas
   New York, New York 10020
15 Telephone: (212) 906-1200
   Facsimile: (212) 751-4864
16 Email: cassandra.baloga@lw.com
17
18 *Attorneys for Defendant and Counter-
   claimant, Skyryse, Inc.*
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

23

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR

1

## **CERTIFICATE OF COMPLIANCE**

2    The   undersigned,   counsel   of   record   for   Defendant-Counterclaimant

3 Skyryse, Inc., certifies that this brief contains **6,952** words, which:

4    X complies with the word limit of L.R. 11-6.1.

5    __ complies with the word limit set by court order.

6

7 Dated: September 18, 2023

8                                                    LATHAM & WATKINS LLP

9

10                                                   By /s/ Gabriel S. Gross

11                                                   Gabriel S. Gross
                                                     *Attorney for Defendant and Counterclaimant*
12                                                   *Skyryse, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

24

SKYRYSE'S REPLY ISO MOT. TO DISMISS
MOOG'S AMENDED COMPLAINT
CASE NO. 2:22-cv-09094-GW-MAR